MICHAEL W. WEBB S.B.N. 133414
City Attorney for the
City of Redondo Beach
415 Diamond Street
Redondo Beach, CA 90277-0639

Phone:  (310) 318-0655
Fax:    (310) 372-3886

Attorney for Redondo Beach Defendants

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES NICHOLS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10,<br><br>　　　Defendants. | **CASE NO:** 2:11-cv-09916-SJO-SS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br>**(Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))**<br><br>Date:      March 6, 2012<br>Time:      10:00 a.m.<br>Location:  Courtroom 23 3rd Floor<br>Judge:     Hon. Suzanne H. Segal<br>Date Action Filed: November 20, 2011 |

Defendants City of Redondo Beach, Redondo Beach Police Department, and Redondo Beach Police Chief Joseph Leonardi (collectively "Redondo Beach Defendants" or "the City") hereby submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff Charles Nichols filed this pro se action challenging certain provisions of state law and naming Governor Edmund Brown and Attorney General Kamala Harris as defendants. Nichols also names as defendants the City of Redondo Beach, its Police Department, and its Chief of Police. Nichols' complaint ("Complaint") against the Redondo Beach Defendants is substantively and procedurally deficient because it does not set forth the bases as to why the City is a real-party-in-interest to this litigation.

While it is customary to afford some leeway to pro se plaintiffs, Nichols nonetheless is required to explain with *some* degree of particularity why he has sued the Redondo Beach Defendants. He has not done so. Nichols does not allege any nexus between himself and the City of Redondo Beach; nor does he explain what official City policies or practices caused his alleged injuries, nor what actions the City might take to redress the grievances he raises in this lawsuit.

So City need not address whether Nichols has an actionable injury because, even if he does, he lacks standing to seek redress from the City. Moreover, because Nichols challenges general state law provisions but does not allege that the City has any particular official policy or custom for enforcing those specific provisions that caused him injury, he has failed to state a claim upon which relief may be granted against Redondo Beach Defendants.

Accordingly, Plaintiff's Complaint should be dismissed as to the City.

**STATEMENT OF FACTS**

Pro se Plaintiff Nichols filed the Complaint in this action on November 30, 2011. Redondo Beach Defendants were served on January 9, 2012.

In his Complaint, Nichols challenges the validity of subsections (a) and (e) of California Penal Code section 12031.[1] He challenges Penal Code section 12031(a) both facially and as applied under the Second Amendment of the United States Constitution, and facially only under Article I, Section 1 of the California Constitution. Nichols also challenges Penal Code section 12031(e) both facially and as applied under the Fourth Amendment of the United States Constitution, and facially only under Article I, Section 13 of the California Constitution.

Nichols also asserts Due Process and Equal Protection challenges under the Fourteenth Amendment of the U.S. Constitution to California Penal Code section 12031.

Redondo Beach Defendants are mentioned in the Complaint in four of the fifty-nine paragraphs preceding the Claims for Relief (and never expressly mentioned thereafter). In paragraphs seven and eight, Nichols states Defendant City of Redondo Beach is a municipality located in Los Angeles County that has a police department, and that Defendant Redondo Beach Police Department ("RBPD") is that police department. (*See* Complaint ¶¶ 7-8.) In paragraph nine, Nichols says that Defendant Leonardi is the Chief of RBPD and that he runs the

---

[1] Pursuant to the California Legislature's enactment of Assembly Concurrent Resolution 73 (McCarthy) 2006, which authorized a Non-Substantive Reorganization of California's Deadly Weapons Statutes, various California Penal Code sections were renumbered, effective January 1, 2012. Former subsection (a) of California Penal Code section 12301 is now section 25850 (except subsection (b) thereof), and former subsection (e) of California Penal Code section 12301 is now section 25850(b).

For convenience and ease of reference for the court, however, Redondo Beach Defendants use the former Penal Code section numbers, since Nichols used them in his Complaint.

RBPD. (*See* Compl. ¶ 9.)

The only substantive allegation Nichols makes as to some action by Redondo Beach Defendants is raised in paragraph 48, alleging that "Defendant CITY OF REDONDO BEACH imposes a minor fine for illegally hunting or discharging a bullet '. . . in, over, across, along, or upon any public street, sidewalk, lane, alley, or public place in the City.' [citation]." (Compl. ¶ 48.)[2]

The Complaint does not contain an allegation that Redondo Beach Defendants have any official policies or customs concerning the specific state law provisions Nichols challenges in this action. Nichols does not describe any action by the City that caused his alleged injuries or what the City might do differently to provide him relief.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF CANNOT ESTABLISH ARTICLE III STANDING

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

In order to meet the standing requirements of Article III, a plaintiff must

---

[2] That general public safety ordinance, entitled "Places to play ball and hunt restricted," actually provides in full:

> It shall be unlawful for any person to play ball or any game of sport with a ball or football or to throw, cast, shoot, or discharge any stone, pellet, bullet, arrow, or other missile in, over, across, along, or upon any public street, sidewalk, lane, alley, or public place in the City. Persons may play ball or any game of sport with a ball or football in any area in any public park or playground designated or set apart for such purpose by the Council by resolution.

(Redondo Beach, Cal., Mun. Code 4-25.01 (2011).

show that the plaintiff: "(1) has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable *to the challenged action of the defendant*; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (internal quotation marks and citations omitted) (emphasis added). Failure to meet *any* one of the above criteria constitutes a "lack of Article III standing [that] requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Id.*

### A.  None of Plaintiff's Alleged Injuries Are Traceable to Redondo Beach Defendants

Setting aside whether Nichols can show that he has suffered an injury in fact, Nichols has not and cannot show that any of his alleged injuries are traceable to the actions of Redondo Beach Defendants. In fact, to have standing, Nichols must show his injuries are traceable to "the challenged action of the defendant[s]," *id.*, yet none of Nichols' four mentions of the Redondo Beach Defendants in his Complaint reasonably describes an action by them that he is challenging.

Except for Nichols' Third and Fourth Claims for Relief, all his others attack provisions of general state law *facially*. (*See* Compl. ¶¶ 60-67, 75-89.) In other words, Nichols is attacking the mere existence of state laws, regardless of whether or how the Redondo Beach Defendants are enforcing them. But this is not enough to establish standing here. Nichols must provide some allegation establishing a link between his injury and the actions of the Redondo Beach Defendants. (*Simon v. Ky. Welfare Rights Org.*, 426 U.S. 26, 42, 96 S. Ct. 1917 (1976).)

Plaintiff Nichols' Third and Fourth Claims for Relief challenging provisions of general state law *as applied* (*see* Compl. ¶¶ 68-74), do not even make an allegation that the Redondo Beach Defendants are applying the challenged provisions at all, let alone how their application is unconstitutional or causes him

injury.[3] As such, Plaintiff Nichols fails to establish standing necessary to confer jurisdiction on this Court to hear his claims against the Redondo Beach Defendants. Moreover, even if the City had an official custom or policy for enforcing the challenged state law provisions in an unconstitutional manner (which it does not), Nichols would still lack standing to bring these claims because he does not allege that he is subject to the City's unlawful enforcement.

### B. Plaintiff's Alleged Injuries Will Not Be Redressed by the Remedy He Seeks Against Redondo Beach Defendants

Even assuming *arguendo* that the Redondo Beach Defendants had an official policy or custom that violates Nichols' constitutional rights as he alleges, his injuries would not be redressed by a favorable decision against Redondo Beach Defendants in this action. Were the City's assumed policies or customs to be enjoined by this Court, the general state law provisions that Nichols alleges cause his supposed injuries would remain in effect, thereby leaving him in essentially the same position as he is now. In other words, enjoining the Redondo Beach Defendants does not provide Nichols the relief he seeks in his Complaint.

For the foregoing reasons, Nichols has failed to make the basic showing necessary to demonstrate Article III standing as to each of his claims against Redondo Beach Defendants in this matter. His Complaint must therefore be dismissed.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST REDONDO BEACH DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED

A proper analysis of a section 1983 claim asserted against a municipality requires the court to determine: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that

---

[3] Nichols states that he is a "resident of California *residing in the City of Lawndale*. . ." not in the City of Redondo Beach. (*See* Compl. ¶ 3 (emphasis added).)

violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed. 261 (1992) (citations omitted). The proper initial inquiry is whether the municipality is responsible for the alleged constitutional violation, and it is clear that "municipalities may not be held liable 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.' " *Id.* at 121 (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (the "first inquiry in any case alleging municipal liability under [42 U.S.C.] § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").)

### A. Plaintiff's Allegations Do Not Link His Alleged Injuries, Directly or Indirectly, to Any Official Policy or Custom of Redondo Beach Defendants

Plaintiff Nichols does not allege that the Redondo Beach Defendants even have a policy or custom concerning *any* of the general law provisions he challenges as unconstitutional, let alone that any such official policy or custom of theirs *caused* his alleged injuries.[4] A city's "liability under [42 U.S.C.] § 1983 attaches *where – and only where –* a deliberate choice to follow a course of action is made from among various alternatives by city policymakers." *Id*. at 389 (internal quotation marks and citations omitted) (emphasis added). Since Nichols has not alleged that the Redondo Beach Defendants have any official policy choice or custom concerning the general law provisions he challenges, he cannot

---

[4] As discussed *supra*, the only true allegation Nichols makes against Redondo Beach Defendants is that the City of Redondo Beach has a particular ordinance relating to, among many activities, the discharge of firearms. (Compl. ¶ 48.) But that ordinance is seemingly unrelated to Nichols' claims as he does not challenge its validity, nor does he allege that its existence impacts his rights in any way.

demonstrate that they have made any such choice.[5]

The U.S. Supreme Court has explained that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1940-41, 173 L. Ed. 2d 868 (2009), and that "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement," *id.* at 1949 (internal quotation marks, brackets, and citation omitted). Under this standard, Nichols' Complaint is legally deficient as to the Redondo Beach Defendants.

And, although "allegations of a *pro se* complaint, 'however inartfully pleaded,' should be held 'to less stringent standards than formal pleadings drafted by lawyers. . .'[,]" when bringing a section 1983 action, the plaintiff must still "'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Here, Nichols does not allege a single particular of the Redondo Beach Defendants' acts in enforcing the challenged provisions at all.

### B. Plaintiff's Seventh Claim for Relief Is Foreclosed by Federal and California Law

Plaintiff Nichols' Seventh Claim for Relief appears to be a facial attack on

---

[5] Additionally, as to Nichols' Fifth and Sixth Claims for Relief alleging violations of the Due Process and Equal Protection Clauses, Nichols not only fails to specify whether they are facial or as applied challenges, but makes no allegation that section 12031 on its face treats, or that Redondo Beach Defendants in enforcing section 12031 treat, Nichols differently than any other similarly situated person; nor does he explain how section 12031 violates his due process rights. "Only by sifting facts and weighing circumstances can we determine whether the reach of the Fourteenth Amendment extends to a particular case." *Evans v. Newton*, 382 U.S. 296, 299-300, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966) (internal quotation marks and citations omitted). Nichols has given this Court nothing to "sift" through in order to make a proper determination on his Fifth and Sixth Claims for Relief.

both subsections (a) and (e) of California Penal Code 12031, alleging the former violates Article I, Section 1 of the California Constitution and the latter violates Article I, Section 13 of the same. Not only are both of these attacks deficient for the same reasons all Nichols' claims are (i.e., failure to allege any facts that Redondo Beach Defendants have an official custom or policy that caused the injury), but additionally, neither of them are proper to bring in a federal court. The attack on subsection (a) is also foreclosed by settled, binding precedent.

### 1. Plaintiff's Seventh Claim for Relief Is Entirely Barred Under the Eleventh Amendment

The Supreme Court has continuously held that "[t]he Eleventh Amendment bars a suit [in federal court] against state officials when 'the state is the real, substantial party in interest.' " *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389 (1945).)[6] Here, California is certainly the "real, substantial party in interest" since Plaintiff's Seventh Claim is a direct challenge to the scope of its *state* constitution.

And although "a suit challenging the constitutionality of a state official's action is not one against the State," *Pennhurst*, 465 U.S. at 102 (discussing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)), where a plaintiff alleges that a state official has violated *state* law, the entire basis for the *Young* doctrine disappears. *Id.* at 106 ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts

---

[6] *Pennhurst* was superseded by statute on other grounds. *See Eugster v. Wash. State Bar Ass'n*, No. 09-357, 2010 WL 2926237 (E.D. Wash. July 23, 2010).

directly with the principles of federalism that underlie the Eleventh Amendment").) Here, not only has Nichols failed to challenge any specific action of the Redondo Beach Defendants, but even if he had, his Seventh Claim for Relief alleges a violation of *state* law. As such, that claim is foreclosed by *Pennhurst* and its progeny.

Plaintiff's Seventh Claim for Relief should therefore be dismissed.

### 2. Plaintiff's Seventh Claim for Relief In Part Seeks Relief Contrary to Settled Law

Plaintiff's attack on subsection (a), in addition to being deficient for the reasons explained above, is frivolous because Article I, Section 1 of the California Constitution has been interpreted by California's Supreme Court as not guaranteeing a right to bear arms. (*See, e.g., Kasler v. Lockyer*, 23 Cal. 4th 472, 481, 2 P.3d 581 (2000) ("If plaintiffs are implying that a right to bear arms is one of the rights recognized in the California Constitution's declaration of rights, they are simply wrong. No mention is made in it of a right to bear arms."). When construing state laws, federal courts are bound by the construction state courts have put upon the law since "[s]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975). Unless *Kasler*'s interpretation of California's Constitution runs afoul of federal law, which is not alleged, this Court is restrained from contradicting it.

Inasmuch as Plaintiff's Seventh Claim for Relief depends on there being a guarantee of a right to bear arms in the California Constitution, it must be dismissed, regardless of whether Nichols is deemed to have pleaded it sufficiently or whether this Court has subject matter jurisdiction over it; neither of which is the case.

/ / /

/ / /

/ / /

# CONCLUSION

For the reasons set forth above, this Court should grant Redondo Beach Defendants' Motion to Dismiss.

Date: January 30, 2012

**REDONDO BEACH CITY ATTORNEY'S OFFICE**

/ s /Michael W. Webb
Michael W. Webb
Counsel for Redondo Beach Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS, <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10, <br><br> Defendants. | CASE NO: 2:11-cv-09916-SJO-SS <br><br> **PROOF OF SERVICE** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 415 Diamond Street, Redondo Beach, California 90277-0639.

I am not a party to the above-entitled action. I have caused service of: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. Electronically filed documents have also been served conventionally by the filer to:

Charles Nichols,  
P.O. Box 1302  
Redondo Beach, CA 90278  
Plaintiff In Pro Per

Edmun G. Brown, Governor  
Office of the Governor  
300 South Spring Street  
Los Angeles, CA 90013  
Defendant

Kamala D. Harris, Attorney General  
Office of the Attorney General  
300 South Spring Street  
Los Angeles, CA 90013  
Defendant

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 30, 2012.

/s/ Jennifer Espinoza