FILED

2012 FEB -8  PM 2: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1   Charles Nichols
    PO Box 1302
2   Redondo Beach, CA  90278
    Voice: (424) 634-7381
3   E-Mail: CharlesNichols@Pykrete.info
    In Pro Per
4

5

6

7

8              United States District Court

9              Central District of California

10

11  Charles Nichols,                    )  Case No.:
                                         )
12         Plaintiff,                    )  CV-11-9916 SJO (SS)
                                         )
13     vs.                               )
                                         )  **REQUEST FOR JUDICIAL**
14  EDMUND G. BROWN, Jr., in his         )  **NOTICE IN OPPOSITION TO**
                                         )  **MOTION TO DISMISS BY**
15  official capacity as Governor of     )  **REDONDO BEACH DEFENDANTS**
                                         )  **AND MOTION TO DISMISS BY**
16  California, KAMALA D. HARRIS,        )  **DEFENDANT KAMALA D.**
                                         )  **HARRIS, ATTORNEY GENERAL,**
17  Attorney General, in her official    )  **IN HER OFFICIAL CAPACITY AS**
                                         )  **ATTORNEY GENERAL OF**
18  capacity as Attorney General of      )  **CALIFORNIA**
                                         )
19  California, CITY OF REDONDO          )
                                         )  Date: March 6, 2012
20  BEACH, CITY OF REDONDO              )  Time: 10:00 A.M.
                                         )  Ctrm: 23-3rd Flr.
21  BEACH POLICE DEPARTMENT,            )  Trial Date:  Not Yet Set
                                         )  Action Filed:  Nov. 30, 2011
22  CITY OF REDONDO BEACH               )
                                         )
23  POLICE CHIEF JOSEPH LEONARDI        )
                                         )
24  and DOES 1 to 10,                    )
                                         )
25         Defendants.                   )
                                         )
26                                       )

27

28

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  1

# REQUEST FOR JUDICIAL NOTICE

Plaintiff CHARLES NICHOLS ("NICHOLS") hereby requests that the Court take judicial notice of the following documents attached as Exhibits A through E, inclusive.  This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. This request is made in connection with the hearing of the Motions to Dismiss the Complaint for Declaratory and Injunctive Relief ("Motions") of defendants CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI (collectively "Redondo Beach Defendants") and KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California (collectively "Defendants").

# BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)).  Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed.R.Evid. 201(d); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003).  Courts can take judicial notice of such matters when considering a motion to dismiss. Wietschner, 294 F. Supp. 2d at 1109; MGIC Indem. Corp. v. Weisman, 803 F. 2d 500, 504 (9th Cir. 1986).  Further, Courts "may take judicial notice of facts of 'common knowledge' in ruling on a motion to dismiss." Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977).

As explained further below, the Court may take judicial notice of Exhibits A through E, inclusive.

| Exhibit | Description |
|---|---|
| A | 9th Circuit Court of Appeals en banc hearing scheduled for the week of March 19, 2012 in San Francisco, California in the case of Nordyke v. King, 07-15763 Three-Judge Panel Opinion: 644 F.3d 776 (9th Cir. 2011)<br><br>Order Taking Case En Banc: 2011 WL 5928130 (9th Cir. November 28, 2011)<br><br>Date of Order Taking Case En Banc: November 28, 2011<br><br>Status: To be calendared the week of March 19, 2012, in San Francisco, California<br><br>Members of En Banc Court: Not yet available<br><br>Subject Matter: Following remand by this court, appeal by gun show sponsors of the district court's summary judgment in 42 U.S.C. § 1983 action challenging Alameda County ordinance banning possession of firearms on County property.<br><br>Holding: Not yet decided<br>No. 07 – 15763 [DC# CV 99-4389-MJJ]<br>http://www.ca9.uscourts.gov/enbanc/ |
| B | Peterson v. LaCabe et al (Case No. 11-1149) |

| | | |
|---|---|---|
| | | Monday, March 19, 2012 |
| | | Denver, CO |
| | | Courtroom III |
| | | |
| | | 2:00 P.M. |
| | | 11-1149 CO Peterson, Appellant v. Garcia, et al.; |
| | | Brady Center to Prevent Gun Violence, et al., Amici Curiae |
| | | |
| | | http://www.ca10.uscourts.gov/downloadcalendar.php?fileid=109 |
| C | | "Gun owners backing 'open carry' law run into dilemma in Redondo Beach" |
| | | |
| | | News article by the Los Angeles Times dated August 08, 2010 by Mike Anton, reporter for the Los Angeles Times. |
| | | |
| | | http://articles.latimes.com/print/2010/aug/08/local/la-me-open-carry-20100808 |
| D | | "Pro-Gun Activists Plan to Walk the Pier Despite Possible Arrest" |
| | | |
| | | An online new article by the Redondo Beach edition of Patch.com dated July 28th, 2010 |
| | | |
| | | http://redondobeach.patch.com/articles/pro-gun-activists-plan-to-walk-the-pier-despite-warning-from-the-city |
| E | | "City Attorney: Pier is a Park-- So No Guns Allowed" |
| | | An online new article by the Redondo Beach edition of Patch.com dated August 6, 2010 |

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  4

http://redondobeach.patch.com/articles/city-attorney-pier-is-a-park-so-no-guns-allowed

**Exhibit A** is a document on file at the official website of the UNITED STATES COURTS FOR THE 9TH CIRCUIT - http://www.ca9.uscourts.gov/enbanc/

Plaintiff – Appellants in Nordyke v. King seek to overturn an Alameda County, California ordinance banning the possession of firearms during gun shows at the Alameda County Fairgrounds, specifically within government buildings owned by the County of Alameda County California located on the Fairgrounds.

On February 9th, 2010 the Court of Appeals for the 9th Circuit filed an opinion US v. Vongxay, 594 F. 3d 1111 - Court of Appeals, 9th Circuit 2010 in which the Court found at 1115 "Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.... Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill, *or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.*

Heller, 128 S.Ct. at 2816-2817 (emphasis added) (internal citation omitted). The Court further noted that "[w]e identify these presumptively lawful regulatory

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  5

measures only as examples; our list does not purport to be exhaustive." Heller, 128 S.Ct. at 2817, n. 26 (emphasis added). Thus, felons are categorically different from the individuals who have a fundamental right to bear arms,[1] and Vongxay's reliance on Heller is misplaced.

Vongxay nevertheless contends that the Court's language about certain long-standing restrictions on gun possession is dicta, and therefore not binding. We disagree. Courts often limit the scope of their holdings, and such limitations are integral to those holdings. Indeed, "[l]egal rulings in a prior opinion are applicable to future cases only to the degree one can ascertain from the opinion itself the reach of the ruling." Penuliar v. Mukasey, 528 F.3d 603, 614 (9th Cir.2008); see also Black's Law Dictionary 1100 (7th ed.1999) (defining dictum as a statement in an opinion that is "unnecessary to the decision in the case and therefore not precedential")." Emphasis and italics added.

As this decision to be issued by the en banc Court in this case will very likely define the scope of Plaintiff NICHOLS Second and Fourteenth Amendment rights to openly carry a firearm in public places, granting either or both of the Motions would deny to Plaintiff NICHOLS a just, speedy, and inexpensive determination of his lawsuit.

Defendants have a virtual "blank cheque" to defend the statute at issue. Plaintiff NICHOLS does not. A clear an unequivocal decision in Nordyke v. King will have no more impact of the enforcement of the statute at issue than has the unequivocal decision in District of Columbia v. Heller, 128 S. Ct. 2783 - Supreme Court 2008 at 2809 "In Nunn v. State, 1 Ga. 243, 251 (1846), the Georgia Supreme Court construed the Second Amendment as protecting the "natural right of self-defence" and therefore struck down a ban on carrying pistols openly. Its opinion

perfectly captured the way in which the operative clause of the Second Amendment furthers the purpose announced in the prefatory clause, in continuity with the English right:

"The right of the whole people, old and young, men, women and boys, and not militia only, to keep and bear arms of every description, and not such merely as are used by the militia, shall not be infringed, curtailed, or broken in upon, in the smallest degree; and all this for the important end to be attained: the rearing up and qualifying a well-regulated militia, so vitally necessary to the security of a free State. Our opinion is, that any law, State or Federal, is repugnant to the Constitution, and void, which contravenes this right, originally belonging to our forefathers, trampled under foot by Charles I. and his two wicked sons and successors, re-established by the revolution of 1688, conveyed to this land of liberty by the colonists, and finally incorporated conspicuously in our own Magna Charta!"

Likewise, in State v. Chandler, 5 La. Ann. 489, 490 (1850) hereinafter referred to as Chandler, the Louisiana Supreme Court held that citizens had a right to carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations.""

Edward Peruta, et al v. County of San Diego, et al hereinafter referred to as Peruta is currently stayed on appeal (Case No. 10-56971) pending the en banc rehearing of Nordyke v. King. The lead attorney in that case "Chuck" Michel (the very same attorney engaged by the City Attorney for Redondo Beach who is representing the Redondo Beach Defendants in his Opening Appellant Brief argues

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  7

1    to uphold the statute at issue in this case in the Quixotic hope that the 9th Circuit
2    Court of Appeals will conclude that the US Supreme Court in Heller really didn't
3    mean what it said when it cited Chandler and Nunn v. State, 1 Ga. 243, 251 (1846)
4    in deciding on the constitutionally protected manner of carry in public, which is
5    Open Carry.
6
7          The belief that somehow an unconstitutional ban on openly carrying a
8    handgun makes all of sudden constitutional a presumptively lawful requirement
9    that persons must be of good character and show good cause before they are issued
10   a permit to carry a handgun concealed can only be described as something of an
11   "inverse overbreadth" doctrine which, as far as Plaintiff NICHOLS can determine,
12   does not exist.
13
14         The National Rifle Association, which is funding the Peruta case, is not
15   alone in its support of California's ban on Loaded Open Carry.  Richards v. County
16   of Yolo, Dist. Court, ED California 2011 hereinafter referred to as Richards is also
17   stayed on appeal (Case No. 11-16255) pending the en banc hearing of Nordyke v.
18   King.  That case is funded by the Second Amendment Foundation in conjunction
19   with The Calguns Foundation.  Peruta argues that the statute at issue in this case
20   should be upheld on the doctrine of "Constitutional Avoidance."  Richards goes
21   many steps further off the mark saying that states may ban Open Carry.  The
22   attorney for the Plaintiffs in that case said it so often; he forgot to state the nature
23   of his constitutional challenge, if any.  The District Court judge had to infer a facial
24   challenge.  Likewise in Peruta, the Chief Federal Judge asked Mr. Michel point
25   blank if he was bringing ANY constitutional challenge to any statute.  He said he
26   was not.
27
28

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  8

Of course what these self-described "gun-rights" organizations tell the courts and what they tell their memberships, particularly while fund raising, are two entirely different things.

Obviously, other self-described Civil Rights organizations like the ACLU will not challenge the statute at issue, Plaintiff NICHOLS asked them to do so and they declined.

This June marks the Second Anniversary of the decision in McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 and the Fourth Anniversary of the Heller decision. This July marks the Forty-fifth Anniversary of the statute at issue in this case. For the reasons stated above, Plaintiff NICHOLS is very likely the only one who will bring, and certainly is the only one who has brought suit seeking to overturn the statute at issue in this case.

Plaintiff NICHOLS should not be denied his right to challenge the statute at issue in this case and neither should he, not the millions of other law-abiding Californians be denied the instruments of self-defense.

**Exhibit B** is a document on file at the official website of the UNITED STATES COURTS FOR THE 10th CIRCUIT - http://www.ca10.uscourts.gov/downloadcalendar.php?fileid=109

On March 19, 2012, at 2PM at the Byron White US Courthouse in Denver, Colorado. the US Court of Appeals for the Tenth Circuit will rehear the case of Peterson v. LaCabe et al (Case No. 11-1149) which challenges the City and County of Denver Colorado's ban on carrying a handgun in public, openly or concealed without a license. The Plaintiff in the case is an out of state resident. The City and

County of Denver refuses to issue out of state licenses to carry a handgun to a person who does not reside in the state.

Although not binding in the 9th Circuit, this Court might find the outcome of the case to be persuasive.

With two Federal Appellate Court hearings in March, each deciding on the scope of the Second Amendment in public places;  this Court will have guidance if it is unable to determine on its own whether or not the dicta in Heller in regards to Nunn and Chandler was meaningful or orbiter.

**Exhibit C** is a news article on file at the official website of the Los Angeles Times, a paper of record.   http://articles.latimes.com/print/2010/aug/08/local/la-me-open-carry-20100808

"A group of gun owners who gathered Saturday on the Redondo Beach Pier to extol the virtues of the 2nd Amendment found themselves confronting a different hot-button legal issue: Redondo Beach Municipal Code 4-35.20 (a).

Passed by the City Council in May, the ordinance prohibits guns in public parks. *The city attorney says the pier is a park.* Members of South Bay Open Carry, an organization that promotes a California law that allows people to openly carry unloaded weapons, say the pier is a commercial district."  Emphasis and italics added.

**Exhibit D** is a news article on file at the official website of the City of Redondo Beach edition of the Patch.com, an online newspaper -

1  http://redondobeach.patch.com/articles/pro-gun-activists-plan-to-walk-the-pier-
2  despite-warning-from-the-city

3

4      "Webb said that if Green and others gather on the pier with non-concealed
5  firearms they may, depending on where they go, be in violation of the law and
6  subject to a misdemeanor infraction." "Webb" being the City Attorney for the City
7  of Redondo Beach and counsel for the Redondo Beach Defendants.

8

9      It took a great deal of effort but Plaintiff NICHOLS was able to persuade
10  certain members of the South Bay Open Carry Movement NOT to exercise their
11  constitutional rights to openly carry handguns, albeit unloaded, in or around the
12  Redondo Beach Pier Shopping Center.

13

14      **Exhibit E** is a news article on file at the official website of the City of
15  Redondo Beach edition of the Patch.com, an online newspaper -

16

17  http://redondobeach.patch.com/articles/city-attorney-pier-is-a-park-so-no-guns-
18  allowed

19

20      "On Thursday Webb said he came to the determination that the pier is
21  considered a park based on the designation on page 3-117 in a city document
22  called The Recreation and Parks Element for the City from 2004 to 2014.

23

24      "It's a **misdemeanor** to carry a firearm onto the pier other than the parking
25  spaces or the commercial spaces," Webb said, "but I don't think you can get to the
26  commercial spaces without going through the park so essentially it's just the
27  parking spaces." Emphasis added.

28

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  11

"Officers tomorrow will have a choice to **arrest** anyone with handguns on the pier, or to write them a citation, Leonardi said. Officers will also have the option to write a report and send it to the city prosecutor's office by way of complaint and allow the city prosecutor to choose whether or not to **prosecute**." Emphasis added.

[Defendant] "Leonardi said all options for officers will be on the table for tomorrow's event, but added, **"Each case is different, but we would handle it in a way to where it could go to the city prosecutor.""** Emphasis added.

In paragraph 1, page 5 of Redondo Beach Defendants Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) hereinafter known as Redondo Beach Plaintiffs Memorandum, cites Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) By the criteria stated by opposing counsel, Plaintiff NICHOLS pleadings clearly should establish 12(b)(1) standing to his satisfaction.

Immediately following paragraph 1, page 5 is "A.  None of Plaintiff's Alleged Injuries are Traceable to Redondo Beach Defendants." The evidence and other pleadings submitted thus far, and there is more evidence should this Court desire; clearly establishes that Plaintiff's ongoing deprivation of his Second, Fourth and Fourteenth Amendment Rights are directly traceable to Redondo Beach Defendants.

Redondo Beach Plaintiffs Memorandum on page 6, line 21 states "II.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST REDONDO BEACH DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED."

Nichols v. Edmund G Brown Jr et al – Request for Judicial Notice  12

To the contrary, the evidence and pleadings submitted thus far prove why it is essential for this Court to grant the relief Plaintiff NICHOLS requests. Redondo Beach Defendants do not respect their own state's court decisions, let alone Plaintiff NICHOLS rights under the US Constitution. If this Court does not grant relief, who will?

## Federal Rules of Civil Procedure – Rule 11

F.R.Civ.P. 11(b) - Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

1   The Defendants frivolous Motions have clearly violated Rule 11(b).

2

3        F.R.Civ.P. 11(c)(3) - On the Court's Initiative. On its own, the court may

4   order an attorney, law firm, or party to show cause why conduct specifically

5   described in the order has not violated Rule 11(b).

6

7

8        For the foregoing reasons, the Court may properly consider the exhibits in

9   ruling on the Motion.

10

11       Dated: _Feb 7, 2012_

12

13

14

15                                              Charles Nichols

16                                              Plaintiff, In Pro Per

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# EXHIBIT A

EXHIBIT A

. nree-Judge Panel Opinion: 650 F.3d 1276 (9th Cir. 2011)

Order Taking Case En Banc: 2011 WL 6287971 (9th Cir. December 1

Date of Order Taking Case En Banc: December 15, 2011

Status: To be calendared the week of March 19, 2012, in San Francisco

Members of En Banc Court: Not yet available

Subject Matter: Appeal of district court's denial of habeas corpus petitic

Holding: Not yet decided


Nordyke v. King, 07-15763

Three-Judge Panel Opinion: 644 F.3d 776 (9th Cir. 2011)

Order Taking Case En Banc: 2011 WL 5928130 (9th Cir. November 2

Date of Order Taking Case En Banc: November 28, 2011

Status: To be calendared the week of March 19, 2012, in San Francisco

Members of En Banc Court: Not yet available

Subject Matter: Following remand by this court, appeal by gun show spo
U.S.C. § 1983 action challenging Alameda County ordinance banning po

Holding: Not yet decided


Veterans for Common Sense v. Shinseki, 08-16728

Three-Judge Panel Opinion: 644 F.3d 845 (9th Cir. 2011)

Order Taking Case En Banc: 663 F.3d 1033 (9th Cir. 2011)

Date of Order Taking Case En Banc: November 16, 2011

Status:  Argued and submitted December 13, 2011.

Members of En Banc Court: Kozinski, Schroeder, Thomas, Graber, Mc
N. Smith

Subject Matter: Appeal by veterans organizations of the district court's j
Affairs in the veterans' action challenging the agency's administration of t

Holding: Not yet decided


Lacey v. Maricopa County, 09-15703 / 09-15806

# EXHIBIT B

EXHIBIT B

# MARCH 2012 TERM OF COURT

### Monday, March 19, 2012
**Denver, CO**

**Courtroom III**

**2:00 P.M.**

11-1149    CO    Peterson, Appellant v. Garcia, et al.;
                 Brady Center to Prevent Gun Violence, et al., Amici Curiae

# EXHIBIT C

EXHIBIT C

# Los Angeles Times    ARTICLE COLLECTIONS

← Back to Original Article

# Gun owners backing 'open carry' law run into dilemma i

*A city ordinance prohibits guns in public parks, and the city attorney says the pier is commercial district, but they don't push the issue.*

August 08, 2010 | By Mike Anton, Los Angeles Times

A group of gun owners who gathered Saturday on the Redondo Beach Pier to extol the virtues of the different hot-button legal issue: Redondo Beach Municipal Code 4-35.20 (a).

Passed by the City Council in May, the ordinance prohibits guns in public parks. The city attorney sa an organization that promotes a California law that allows people to openly carry unloaded weapons

What's more, they contend that the city's ordinance oversteps state law by adding parks to the types schools and public buildings. The two sides have been going back and forth on the issue in recent da

At high noon Saturday — actually 10 a.m. — about a dozen gun owners were escorted by about a doz could not go with guns on their hips.

Although the gun owners disagreed with the city's interpretation of the law, they said they weren't g conversation turned to where there was a good place to eat. The police had several suggestions.

"It's stupid to be a martyr if you don't have to," said Charles Nichols, a member of South Bay Open C lawsuit" later.

Lt. Todd Heywood said that in 29 years as a police officer he had never encountered such a situation

"Honestly, we're just trying to keep this as low key as possible," he said. "We don't want any problem within the law, everything will be fine."

It was the second time in recent weeks that the gun-rights group had distributed fliers promoting 2r July, they did so in Hermosa Beach while picking up trash.

"We're trying to raise awareness of the legislation that's pending that would ban people from carryir Green, 24, of Hermosa Beach, who carried an unloaded 9-millimeter handgun.

A bill approved in the state Assembly would all but prohibit civilians from openly carrying handguns needs to be passed by the state Senate.

Saturday's show of support for the current open carry law went off without incident. When Jeff and

— they did so without guns in their holsters.

They packed bananas instead. Jeff had written "Glock" on his.

"It's our little protest," he said. He wore a Mickey Mouse cap and a T-shirt depicting various types of all so ridiculous."

And although his banana wouldn't do much in the way of self-defense, it had other advantages.

"If I get hungry," Cude said, "I'll just eat my gun."

*mike.anton@latimes.com*

---

**Los Angeles Times**  Copyright 2012 Los Angeles Times

# EXHIBIT D

EXHIBIT D

2/7/12    Pro-Gun Activists Plan to Walk the Pier Despite Possible Arre...

Case 2:11-cv-09916-SJO-SS   Document 17   Filed 02/08/12   Page 23 of 29   Page ID #:156



# 61° F
### HI:60    LO:52



# RedondoBeachPatch

 Editor **Nicole Mooradian**: Heard some news you want us to check out? Let me know:
**nicole.mooradian@patch.com**

**Home**     **News**     **Events**     **Places**     **Traffic & Gas**     **Gallery**     **Valen**

## Government

# Pro-Gun Activists Plan to Walk the Pier Despite Possible Arrest

Harley Green and his South Bay Open Carry organization intend to gather Aug. 7 with their handgun risking a violation of the law.

By **Ed Pilolla**   **Email the author**   July 28, 2010

Recommend   158     **Tweet** ⟨ 0 ⟩

**Email**       **Print**       **7 Comments**

**Related Topics:** **Harley Green**, **Leonardi**, **South**



Harley Green, founder of South Bay Open Carry, has announced that he and other activists will risk while carrying handguns.

Although carrying non-concealed firearms in California is legal, it's illegal to carry them near schools

2/7/12    Pro-Gun Activists Plan to Walk the Pier Despite Possible Arre...

Case 2:11-cv-09916-SJO-SS   Document 17   Filed 02/08/12   Page 24 of 29   Page ID #:157

are considered park space by the city.

Green, 24, asked city officials a couple of weeks ago for maps clarifying which places in the city are
what portions of the pier are considered park space, and why it is considered park space.

But the city hasn't responded, Green said in a news release he issued Wednesday. So he's going a
if he and other do, they might get a citation, or possibly even arrested.

City Attorney Mike Webb said his office is researching in which areas of the city and pier firearms a
detailed information in a couple of weeks, especially because his office is busy with other matters.

"We just can't do it within his self-described timetable," Webb said.

Webb said asking the city to provide this information so quickly amounted to "free legal research."

"They have an attorney. They could certainly research the laws, clearly set forth what is park, etc.,"
right away. And unfortunately, we can't drop everything we are doing to accommodate them."

Webb said that if Green and others gather on the pier with non-concealed firearms they may, deper
subject to a misdemeanor infraction.

It's unclear whether anyone would be arrested if that happened. Police Chief Joe Leonardi said that
had a handgun in what's considered park space. Leonardi said how in misdemeanor violations, an of
person will appear in court, he explained. However, Leonardi said he wants a firm opinion from Web
should one arise Aug. 7.

"He [Green] asked whether or not he could walk on the pier," Leonardi said. "And I'm being absolute
question and can't give it to him. I need the city attorney to tell us what's parkland and what's not pa

Green expects about 20 people to show up for the gathering at the pier's shopping center, maybe n
members. Instead, the South Bay Open Carry is really a movement, Green said.

Green began his organization to educate the public about responsible gun ownership and the rights a
believes law-abiding people have become frustrated with government leaders who they believe cont

Green and his organization recently **cleaned up trash in Hermosa Beach** with guns in tow. For tha
maps of park space and schools detailing where Green and others could go without violating the law

After Green contacted the Redondo police chief on July 16, Leonardi referred him to Capt. Jeff Hink
asked Green to postpone his open carry event on the pier until Aug. 28 because Hink had already s
declined, saying he also has travel plans in August.

Hink then asked Green to postpone the event until September so the city could provide him with ans
space. Otherwise, Green and others run the risk of breaking the law, Hink told Green in an e-mail.

Patch asked Green on Tuesday why he wouldn't postpone the event until September. Green respon
not need permission from police to participate in lawful activity. I communicate with police as a favor
well within our rights to just show up anywhere outside a school zone open carrying and would be fir

"If they [police] make wrongful arrests that is on them and there are lawyers everywhere that would

Michael Schwabe, part of the South Bay Open Carry organization, wrote: "Conducting a peaceful a̶ c̶ permission!"

In his news release, Green said he hopes Leonardi does not envision himself as a modern day "Bull who attacked peaceful protest marchers with fire hoses and dogs during the civil rights movement.

Green said the event Aug. 7 will begin at 10 a.m. and last a couple of hours. He and others plan to ̶ s̶

Email me updates about this story.          *Enter your email address*          **Keep me poste̶**

Recommend   158          **Tweet** ⟨ 0          **Email**          **Print**

Follow comments          **Submit tip**          **7 Comments**

**CNReporter**
7:54 pm on Wednesday, July 28, 2010
I have interviewed both Harley Green and his attorney, Jason Davis.

I, myself, have combed through the city code for any hint that the Redondo Beach Pier Shopping ̶ ( none. The Police Department's own admission that they do not know, after nearly a month of inqui̶ poorly of the police department.

Surely the City must realize that they are inviting yet another multi-million dollar lawsuit should one openly carrying a firearm.

What can the city be thinking? Is there anyone actually in charge there?

**H Green**
11:31 am on Sunday, August 1, 2010
Openly carrying firearms has been legal in CA and Redondo Beach since the state and cit̶ developed maps as soon as the law banning firearms in school zones was passed, it just shows th̶ available to their officers and the public.
We are not trying to exercise a NEW right.
We are exercising an OLD right in response to politicians attacks on our civil liberties, despite thes̶

# EXHIBIT E

EXHIBIT E

Case 2:11-cv-09916-SJO-SS   Document 17   Filed 02/08/12   Page 27 of 29   Page ID #:160

## 59° F
HI:60    LO:52

# RedondoBeachPatch 

 Editor **Nicole Mooradian**: Heard some news you want us to check out? Let me know:
**nicole.mooradian@patch.com**

**Home**     **News**     **Events**     **Places**     **Traffic & Gas**     **Gallery**     **Valen**

**Police & Fire**

# City Attorney: Pier is a Park-- So No Guns Allowed

The city attorney cites a document defining the pier as parkland as well as a newly enacted city ordinance outlawing guns from parks. Pro gun activists plan to walk the pier tomorrow.

By **Ed Pilolla**   **Email the author**   August 6, 2010

Recommend   13     **Tweet** ⟨ 0

**Email**       **Print**       **9 Comments**

**Related Topics:** **Harley Green**, **Lombardi**, **Oper**



City Attorney Mike Webb said his office has determined that the pier is indeed considered a park, a concealed handguns will be in violation of the law.

Although openly carrying firearms is legal in California, the city recently updated its municipal code t

On Thursday Webb said he came to the determination that the pier is considered a park based on tl

2/7/12     City Attorney: Pier is a Park-- So No Guns Allowed - Redondo...

Case 2:11-cv-09916-SJO-SS   Document 17   Filed 02/08/12   Page 28 of 29   Page ID #:161

**The Recreation and Parks Element for the City from 2004 to 2014.**

"It's a misdemeanor to carry a firearm onto the pier other than the parking spaces or the commercia the commercial spaces without going through the park so essentially it's just the parking spaces."

**Pro gun activists part of the South Bay Open Carry plan to meet and shop at the pier tomorr their waist**. There was a breakdown in communication between city officials and the South Bay Ope asked Green to postpone the demonstration to allow for further planning. But Green refused, saying in public without any planning.

Although Green did not respond to a request to comment for this story, he and others are skeptical they say it's a shopping center.

The city's municipal code was updated to outlaw firearms in parks on May 18. Police Chief Joe Leor ordinance update for two years in response to paintball guns in Veterans Park and elsewhere, most adopted and modeled on other cities' laws, including LA County's.

The private company responsible for publishing the city's municipal code manual has not placed the can found through a **"code alert" link at the top of the web page** for 4-35.01.

Charles Nichols, a reporter with the Los Angeles Examiner and lifelong proponent and activist for Op in the city ordinance itself designating the commercially zoned pier shopping center as a park.

"Nor has the city provided any other example of a commercially zoned shopping center which has be Nichols said.

Webb, however, said **4-35.01(a) states that land designated by the city as parkland or open sp the parks department document**.

Officers tomorrow will have a choice to arrest anyone with handguns on the pier, or to write them a to write a report and send it to the city prosecutor's office by way of complaint and allow the city pro

Leonardi said all options for officers will be on the table for tomorrow's event, but added, "Each cas could go to the city prosecutor."

Email me updates about this story.     *Enter your email address*    **Keep me poste**

Recommend   13     **Tweet** ‹ 0     **Email**     **Print**

Follow comments     **Submit tip**     **9 Comments**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's **REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO MOTION TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA** was served via United States Mail, postage prepaid, on this ___7___, day of February, 2012; on the following:

Kamala D. Harris
Attorney General of California
Peter K. Southworth
Supervising Deputy Attorney General
Jonathan M. Eisenberg
Deputy Attorney General
300 South Spring Street, Ste. 1702
Los Angeles, CA 90013

Attorneys for Defendants:
EDMUND G. BROWN, Jr., in his official capacity as Governor of California,
KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General
of California

Michael W. Webb
City Attorney for the City of Redondo Beach
415 Diamond Street
Redondo Beach, CA 90277-0639
Attorney for Defendants:
CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE
DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH
LEONARDI and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per