FILED

FEB 13 2012

K.L.

2012 FEB 10 PM 12: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Charles Nichols
   PO Box 1302
2  Redondo Beach, CA  90278
   Voice: (424) 634-7381
3  E-Mail: CharlesNichols@Pykrete.info
   In Pro Per
4

5

6

7

8                 United States District Court

9                 Central District of California

10

11  Charles Nichols,                    )  Case No.:
                                        )
12            Plaintiff,                 )  CV-11-9916 SJO (SS)
                                        )
13       vs.                            )
                                        )  **REQUEST FOR JUDICIAL
14  EDMUND G. BROWN, Jr., in his        )  NOTICE OF RECENTLY
                                        )  DECIDED 9TH CIRCUIT OPINION
15  official capacity as Governor of    )  IN SUPPORT OF PLAINTIFF'S
                                        )  OPPOSITION TO MOTIONS TO
16  California, KAMALA D. HARRIS,       )  DISMISS BY REDONDO BEACH
                                        )  DEFENDANTS AND MOTION TO
17  Attorney General, in her official   )  DISMISS BY DEFENDANT
                                        )  KAMALA D. HARRIS, ATTORNEY
18  capacity as Attorney General of     )  GENERAL, IN HER OFFICIAL
                                        )  CAPACITY AS ATTORNEY
19  California, CITY OF REDONDO         )  GENERAL OF CALIFORNIA
                                        )
20  BEACH, CITY OF REDONDO             )
                                        )  Date: Vacated
21  BEACH POLICE DEPARTMENT,           )  Time: Vacated
                                        )  Ctrm: Vacated
22  CITY OF REDONDO BEACH              )  Trial Date:  Not Yet Set
                                        )  Action Filed:  Nov. 30, 2011
23  POLICE CHIEF JOSEPH LEONARDI       )
                                        )
24  and DOES 1 to 10,                   )
                                        )
25            Defendants.               )
                                        )
26  _____ )

27

28

Nichols v. Edmund G Brown Jr et al — REQUEST FOR JUDICIAL NOTICE OF RECENTLY
DECIDED 9TH CIRCUIT OPINION  IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY
REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS,
ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA      1



## REQUEST FOR JUDICIAL NOTICE

Plaintiff CHARLES NICHOLS ("NICHOLS") hereby requests that the Court take judicial notice of the recent Opinion by the Court of Appeals for the 9th Circuit – Perry v. Brown (Case No. 10-16696/No. 11-16577; D.C. No. 3:09-cv-02292-VRW).

This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. This request is made in opposition to the Motions to Dismiss the Complaint for Declaratory and Injunctive Relief ("Motions") of defendants CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI (collectively "Redondo Beach Defendants") and KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California (collectively "Defendants").

## BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(d); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003). Courts can take judicial notice of such matters when considering a motion to dismiss. Wietschner, 294 F. Supp. 2d at 1109; MGIC

Nichols v. Edmund G Brown Jr et al – **REQUEST FOR JUDICIAL NOTICE OF RECENTLY DECIDED 9TH CIRCUIT OPINION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA**     2

1  Indem. Corp. v. Weisman, 803 F. 2d 500, 504 (9th Cir. 1986).  Further, Courts

2  "may take judicial notice of facts of 'common knowledge' in ruling on a motion to

3  dismiss." Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977).

4  As explained further below, the Court may take judicial notice of of the recent

5  Opinion by the Court of Appeals for the 9th Circuit – Perry v. Brown (Case No.

6  10-16696; D.C. No. 3:09-cv-02292-VRW) which was filed on February 7th, 2012

7  and is a document on file at the official website of the UNITED STATES

8  COURTS FOR THE 9TH CIRCUIT -

9  http://www.ca9.uscourts.gov/datastore/general/2012/02/07/1016696com.pdf

10

11                              No. 10-16696

12                Argued and Submitted December 6, 2010

13                        San Francisco, California

14                  Submission Withdrawn January 4, 2011

15                    Resubmitted February 7, 2012

16

17                              No. 11-16577:

18                Argued and Submitted December 8, 2011

19                        San Francisco, California

20                      Filed February 7, 2012

21

22          This Opinion strikes down as unconstitutional Article I, Section 7.5 of the

23  California Constitution because it violates the Fourteenth Amendment to the

24  United States Constitution.

25

26          Unlike the separate Motions to Dismiss Plaintiff's case, which rely on

27  convoluted logic and incorrect interpretations of the Eleventh Amendment to the

28  United States Constitution to support why Plaintiff's case should be dismissed

Nichols v. Edmund G Brown Jr et al – **REQUEST FOR JUDICIAL NOTICE OF RECENTLY
DECIDED 9TH CIRCUIT OPINION  IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY
REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS,
ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA**          3

1  pursuant to F.R.Civ.P. 12(b)(1) in the Motion to Dismiss by Defendant Harris and

2  pursuant to both F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6) by the Redondo

3  Beach Defendants; The Court in Perry v. Brown found no Eleventh Amendment

4  bar nor should this court.

5

6  　　　Beginning at page 8 of the Opinion "I – A" and throughout, the decision

7  relied heavily on its reading of the California Constitution.

8

9  　　　Unlike Same Sex Marriage, which was inconceivable to the people who

10  drafted both the California and United States Constitutions, self-defense is

11  enumerated in Article I, Section 1 of the California Constitution which this state

12  has always recognized as self-defense while armed.  California courts have found

13  that even convicted felons have the right to defend themselves with loaded

14  handguns provided that they did not possess the handgun prior to finding

15  themselves in danger and relinquish possession of the handgun once the threat has

16  passed (see People v. King, 582 P. 2d 1000 - Cal: Supreme Court 1978).  The

17  original version of the statute at issue in this case had a much broader exemption

18  for self-defense than it does today.  The legislative record will show that

19  constitutionality of the statute at issue was a concern of the legislature which,

20  incorrectly, determined that the ability to carry a loaded firearm when one

21  reasonably believed he  was in danger satisfied the constitutional constraints.  The

22  self-defense exception to the statute at issue in this case was subsequently amended

23  to prohibit Loaded Open Carry of firearms until one is in grave, immediate danger;

24  a point at which it is very likely too late.

25

26  　　　Effective January 1st of this year, for the first time in its history, California

27  has enacted a statute which makes it a crime to openly carry an unloaded handgun

28  which, in conjunction with the statute at issue, makes it impossible for even a

Nichols v. Edmund G Brown Jr et al – **REQUEST FOR JUDICIAL NOTICE OF RECENTLY DECIDED 9TH CIRCUIT OPINION  IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA**      4

person in grave, immediate danger to defend himself with a handgun. That statute also makes it impossible for persons who lack the upper body strength to wield a rifle or shotgun to defend themselves with a firearm at all. That statute, combined with the statute at issue in this case, denies physical disabled persons their right to self-defense.

Even for persons not physically disabled, California's recently enacted ban on openly carried handguns does not apply to unincorporated county territory where the discharge of firearms is not prohibited. Los Angeles County, where Plaintiff resides, prohibits the discharge of firearms (with limited exceptions) throughout the County. San Bernardino County (in the venue of this Court) has no such restrictions. A person in unincorporated territory of San Bernardino County can openly carry a LOADED handgun, rifle or shotgun. Other counties in this venue have ordinances both prohibiting the discharge of firearms in unincorporated county territory and permitting the discharge of firearms for the purpose of self-defense (Los Angeles County has no self-defense exception).

Given that it is illegal to openly carry a handgun (loaded or unloaded) up until one finds himself in grave, immediate danger; these self-defense exceptions are meaningless as one is prevented from openly carrying even an unloaded handgun to begin with.

The author of the recently enacted bill which bans the open carry of unloaded handguns in all incorporated cities and in unincorporated county territory where the discharge of firearms is prohibited testified in California legislative committee hearings and in the floor debates the reasons for enacting a ban on Openly Carried handguns. The reasons he gave were:

Nichols v. Edmund G Brown Jr et al – **REQUEST FOR JUDICIAL NOTICE OF RECENTLY DECIDED 9TH CIRCUIT OPINION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA** 5

1.   One doesn't need a handgun to buy a cheeseburger.

2.   There are people who are offended at the sight.

3.   It wastes police resources to inspect handguns to see if they are loaded.

4.   Persons who openly carry holstered handguns are at danger of being shot by police.

The proponents of the bill were asked by legislators both in committee in the floor debates to cite even a single instance of a person who was openly carrying a holstered handgun committing a crime.  The proponents of the handgun ban could not.

If the Court in Perry v. Brown can look to other sections of the California Constitution to strike down a section of the California Constitution despite the Eleventh Amendment then this Court has precedent by which to strike down a statute enacted by the legislature because approximately 30 armed members of the Black Panther Party for Self-Defense marched into the state Capitol nearly 45 years ago in an impromptu publicity stunt.  Racial minorities with guns have been a recurrent theme in California's gun control laws.

Unlike the Court in Perry v. Brown which extrapolated a right to marriage between a man and a woman to a right to same sex marriage, this Court need not make any extrapolation.  Armed self-defense, including self-defense with a loaded handgun has always been an individual right in California.  Even if this Court were to conclude that the Second Amendment right to self-defense ends behind one's front door, this Court has precedent to find that the statute at issue is a violation of the Fourteenth Amendment to the United States Constitution and/or the Second Amendment to the United States Constitution and/or the Fourth Amendment to the United States Constitution.

Nichols v. Edmund G Brown Jr et al – REQUEST FOR JUDICIAL NOTICE OF RECENTLY DECIDED 9TH CIRCUIT OPINION  IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA     6

1        For the foregoing reasons, the Court may properly consider the exhibits in

2   ruling on the Motions.

3

4

5        Dated:  February 8, 2012

6

7

8

9                                            Charles Nichols

10                                           Plaintiff, In Pro Per

11

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Nichols v. Edmund G Brown Jr et al – REQUEST FOR JUDICIAL NOTICE OF RECENTLY
DECIDED 9TH CIRCUIT OPINION  IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY
REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS,
ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA      7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **REQUEST FOR JUDICIAL NOTICE OF RECENTLY DECIDED 9TH CIRCUIT OPINION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY REDONDO BEACH DEFENDANTS AND MOTION TO DISMISS BY DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA**

was served via United States Mail, postage prepaid, on this 9 , day of <u>February</u>, 2012;

on the following:

Kamala D. Harris
Attorney General of California
Peter K. Southworth
Supervising Deputy Attorney General
Jonathan M. Eisenberg
Deputy Attorney General
300 South Spring Street, Ste. 1702
Los Angeles, CA 90013

Attorneys for Defendants:
EDMUND G. BROWN, Jr., in his official capacity as Governor of California,
KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General
of California

AND

Michael W. Webb
City Attorney for the City of Redondo Beach
415 Diamond Street
Redondo Beach, CA 90277-0639
Attorney for Defendants:
CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE
DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH
LEONARDI and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per