1  MICHAEL W. WEBB S.B.N. 133414
   City Attorney
2  City of Redondo Beach
   415 Diamond Street
3  Redondo Beach, CA 90277-0639

4  Phone:   (310) 318-0655
   Fax:     (310) 372-3886
5

6  Attorney for Redondo Beach Defendants

7

8              IN THE UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| CHARLES NICHOLS, | CASE NO: 2:11-cv-09916-SJO-SS |
| Plaintiff, | |
| v. | **REDONDO BEACH DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TWO REQUESTS FOR JUDICIAL NOTICE; REQUEST FOR HEARING (Fed. R. Evid. 201(e))** |
| EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10, | Date:     March 20, 2012<br>Time:     10:00 a.m.<br>Location: Courtroom 23 3rd Floor<br>Judge:    Hon. Suzanne H. Segal<br>Date Action Filed: November 20, 2011 |
| Defendants. | |

21      Defendants City of Redondo Beach, Redondo Beach Police Department, and
22  Redondo Beach Police Chief Joseph Leonardi (collectively "Redondo Beach
23  Defendants" or "the City") hereby object to and request a hearing on plaintiff's two
24  separate Requests for Judicial Notice in support of his Opposition to Redondo
25  Beach Defendants' Motion to Dismiss pursuant to Federal Rule of Evidence
26  201(e).
27  ///
28  ///

## I. INTRODUCTION

Plaintiff Charles Nichols filed this case on November 20, 2011, alleging various claims under 42 U.S.C. § 1983. Redondo Beach Defendants filed a Motion to Dismiss the Complaint on January 30, 2012. Plaintiff then filed, among other things, his Opposition thereto, a Notice of Lodging, a Request for Judicial Notice on February 8, 2012, and a Second Request for Judicial Notice on February 10, 2012.

The two separate Requests for Judicial Notice (Docket Entry Nos. 17 & 24) are the subject of these objections.

## II. OBJECTIONS TO PLAINTIFF'S FEBRUARY 8, 2012 REQUEST FOR JUDICIAL NOTICE

"[T]he consequences of taking judicial notice are significant. Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Judicial notice also precludes either party from introducing evidence to disprove that fact. *The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy.*" *Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (internal citations and quotation marks omitted) (discussing Fed. R. Evid. 201(g) and *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir.2005)) (emphasis added).

Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As to all of the documents for which plaintiff seeks judicial notice, neither of

the reasons for judicially noticing them have been shown.

Further, within the requests plaintiff has impermissibly advanced additional substantive arguments. The documents requested to be noticed should not be and the request itself should be stricken as improper argument regarding the merits of the underlying Motion to Dismiss.

### A.   Objections to Exhibits A & B.

Redondo Beach Defendants hereby object to plaintiff's February 8 Request for Judicial Notice of Exhibits A and B on the following grounds:

**1. Relevance.** The order granting rehearing en banc in *Nordyke v. King*, No. 07-15763 (9th Cir., Nov. 28, 2011) and the orders/calendar notice(s) regarding the setting of oral arguments in *Peterson v. Garcia (LaCabe)*, No. 11-1149 (10th Cir., *appeal docketed*, Apr. 11, 2011), are irrelevant to the issues at hand in this case, i.e., whether plaintiff's Complaint makes allegations "sufficient to state a federal civil rights claim against defendant[s]."[1] *See* Fed. R. Evid. 401.

The procedural status of the *Nordyke* and *Peterson* cases have no relevance to the sufficiency of plaintiff's pleading, and plaintiff does not set forth a legally-cognizable basis to establish the relevance of the procedural status of either unrelated matter.

**2. Improper Legal Argument.** Despite being *pro se*, plaintiff is nonetheless required to be familiar with the Federal Rules of Civil Procedure and Central District of California Local Rules. Although given some leniency, *pro se* litigants are still subject to the rules of civil procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). And, like the *pro se* defendants in *United States v. Molen*, No. 10-cv-02591, 2011 WL 1810449, *6-*7 (E.D. Cal. May 9, 2011), who

---

[1] *Curry v. County of Los Angeles*, No. 07-cv-07802, 2009 WL 1684578, *6-*8 (C.D. Cal. June 16, 2009); *see also Clarke v. Okafor*, No. 10-cv-02915, 2011 WL 665354 (C.D. Cal. Jan. 19, 2011), *1, report and recommendation adopted, No.10-cv-02915, 2011 WL 662706 (C.D. Cal. Jan. 31, 2011).

filed various motions styled as requests for judicial notice, plaintiff's "Request for Judicial Notice" is not really a request for judicial notice at all, but rather an attempt to circumvent the rules of governing length and requirements for moving papers. *See* Fed. R. Evid. 201(c)(2) (party requesting judicial notice must supply *necessary information* to guide court's determination of whether facts are subject to judicial notice). As such, plaintiff's request should be treated as an improper "supplemental legal argument in opposition to the motion to dismiss," and should therefore be dismissed. *Flores v. Avenal State Prison, Warden*, No. 07-cv-01620, 2009 WL 302297, *1 (E.D. Cal. Feb. 6, 2009), report and recommendation adopted, No. 07-cv-01620, 2009 WL 605375 (E.D. Cal. Mar. 9, 2009); *see also King v. Sisto*, No. 07-cv-00846, 2010 WL 444888, *1 (E.D. Cal. Feb. 2, 2010) (noting that, "With his opposition, plaintiff filed a document styled as a motion for judicial notice. The motion contains legal argument and case citations, which are not properly the subject of judicial notice. Plaintiff's motion will be denied.").

  **B. Objections to Exhibits C, D, & E.**

  Redondo Beach Defendants objects to plaintiff's Request for Judicial Notice of Exhibits C, D, and E on the following grounds:

  **1. Exhibits C, D, & E Are Not Generally Known Facts.**

  The facts that plaintiff seeks to notice in Exhibits C-E are not "generally known within the trial court's territorial jurisdiction," nor can they "be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" as is required under Federal Rule of Evidence 201(b). Like the *New York Times* report that the court denied judicial notice of in *Alabama Aircraft Indus., Inc.-Birmingham v. United States,* No. 08-470C, 2008 WL 2973952, 82 Fed.Cl. 757, 765 (Fed. Cl. July 31, 2008), none of the articles set forth in Exhibits C-E are "necessarily 'indisputable,' nor would [they] state facts 'whose accuracy cannot be questioned.'" Defamation cases are routinely filled with claims of quotes taken out of context, etc., so these articles cannot be "indisputable," and their

accuracy, as they relate to an individual who is not even a party to this action, can most certainly "be questioned."

Even if the Court were inclined to take judicial notice of Exhibits C, D, or E, such notice should be limited.

> "[C]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, *not whether the contents of those articles were in fact true*." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (emphasis added). "[T]he Court can only take judicial notice of the fact that the pages were published; *the Court cannot take judicial notice of the contents of the article*. As such, the Court will take judicial notice only of the fact that the pages that were submitted to the Court were published." *Lack v. Rustick*, No. 06-cv-02204, 2008 WL 268712, *4 (D. Ariz. Jan. 28, 2008) (emphasis added).

**2.  Hearsay.** Plaintiff's Request for Judicial Notice improperly attempts to submit statements by Defendants' *counsel*, Redondo Beach City Attorney Michael Webb - who is not a party to this matter - for the truth of the matter asserted. Plaintiff appears to be seeking judicial notice Exhibits C-E to get around hearsay rules which prohibit the introduction of out-of-court statements offered for the truth of the matter asserted.  *See* Fed. R. Evid. 801(c).

**3.  Improper Legal Argument.** As noted above with regard to Defendants' Objections to Exhibits A & B, despite being *pro se*, plaintiff is still required to be familiar with the Federal Rules of Civil Procedure and Central District of California Local Rules. Plaintiff's "Request for Judicial Notice" is not really a request for judicial notice at all, but an attempt to circumvent the rules of governing length and requirements for moving papers.  *See* Fed. R. Evid. 201(c)(2) Therefore, it should be treated as an improper supplemental legal argument in opposition to the motion to dismiss and should therefore be denied.

### III. OBJECTIONS TO PLAINTIFF'S FEBRUARY 10, 2012 REQUEST FOR JUDICIAL NOTICE

**1. Improper Legal Argument.** As noted above under section II A 2 and I B 3, plaintiff's February 10 "Request for Judicial Notice" is similarly not really a request for judicial notice at all, but an attempt to circumvent the rules governing length and requirements for moving and opposition papers. *See* Fed. R. Evid. 201(c)(2) It should be treated as an improper supplemental legal argument in opposition to the motion to dismiss and therefore denied.

Even if this court were inclined to grant judicial notice of the *Perry* opinion, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal citation and quotation marks omitted).

### IV. CONCLUSION

For the reasons set forth above, this Court should either deny plaintiffs' Request For Judicial Notice in its entirety, or pursuant to Federal Rule of Evidence 201(a), allow Redondo Beach Defendants' objections to the request, as set forth above, to be heard at or before the hearing set on this matter.

Date: February 14, 2012        **REDONDO BEACH CITY ATTORNEY'S OFFICE**

/ s /Michael W. Webb
Michael W. Webb
Counsel for Redondo Beach Defendants

|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **CENTRAL DISTRICT OF CALIFORNIA** | |

| | | |
|---|---|---|
| CHARLES NICHOLS, | ) | **CASE NO:** 2:11-cv-09916-SJO-SS |
| Plaintiff, | ) | **PROOF OF SERVICE** |
| v. | ) | |
| EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10, | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 415 Diamond Street, Redondo Beach, California 90277-0639.

    I am not a party to the above-entitled action. I have caused service of:

**REDONDO BEACH DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TWO REQUESTS FOR JUDICIAL NOTICE; REQUEST FOR HEARING (Fed. R. Evid. 201(e))**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. Electronically filed documents have also been served conventionally by the filer to:

| | |
|---|---|
| Charles Nichols, <br> P.O. Box 1302 <br> Redondo Beach, CA 90278 <br> Plaintiff In Pro Per | Edmund G. Brown, Governor <br> Office of the Governor <br> 300 South Spring Street <br> Los Angeles, CA 90013 <br> Defendant |
| Kamala D. Harris, Attorney General <br> Office of the Attorney General <br> Jonathan M. Eisenberg <br> 300 South Spring Street, 1702 <br> Los Angeles, CA 90013 | Defendant |

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2012.

                                                   /s/ Jennifer Espinoza