1  MICHAEL W. WEBB (S.B.N. 133414)
   City Attorney
2  City of Redondo Beach
   415 Diamond Street
3  Redondo Beach, CA 90277-0639

4  Phone:   (310) 318-0655
   Fax:     (310) 372-3886
5

6  Attorney for Redondo Beach Defendants

7  **IN THE UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES NICHOLS, | CASE NO: 2:11-cv-09916-SJO-SS |
| Plaintiff, | **OBJECTIONS TO PLAINTIFF'S NOTICE OF LODGING** |
| v. | **(Fed. R. Evid. 103)** |
| EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10, | Date:    March 20, 2012<br>Time:    10:00 a.m.<br>Location: Courtroom 23 3rd Floor<br>Judge:   Hon. Suzanne H. Segal<br>Date Action Filed: November 20, 2011 |
| Defendants. | |

Defendants City of Redondo Beach, Redondo Beach Police Department, and Redondo Beach Police Chief Joseph Leonardi (collectively "Redondo Beach Defendants" or "the City"), pursuant to Federal Rule of Evidence 103, hereby object to Plaintiff's Notice of Lodging of Computer Disc Containing Videos Referenced as Exhibit 1-1 to 1-4 in support of Plaintiff's Opposition to the Motion to Dismiss by Redondo Beach Defendants. (Docket Entry No. 20) (hereafter, "Plaintiff's Notice of Lodging").

## I. INTRODUCTION

Plaintiff Charles Nichols filed the instant action on November 20, 2011, alleging various claims under 42 U.S.C. § 1983. Redondo Beach Defendants filed a Motion to Dismiss the Complaint on January 30, 2012. Plaintiff filed, among other things, his Opposition thereto, a Notice of Lodging, a Request for Judicial Notice in support of his Opposition in response on February 8, 2012, and a Second Request for Judicial Notice on February 10, 2012. The Notice of Lodging is the subject of these objections.

## II. REASONS WHY LODGING IS OBJECTIONABLE

It is understood that "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6).

There are, however, two exceptions to the rule that the court's consideration of extrinsic evidence converts a 12(b)(6) motion to a Rule 56 summary judgment motion: "First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.*(internal citation and quotation marks omitted). And, "[s]econd, [that] under Fed.R.Evid. 201, a court may take judicial notice of matters of public record." *Id*. at 688-689(internal citation and quotation marks omitted). Neither is the case here.

Plaintiff submitted two Requests for Judicial Notice. With this attempted lodging, Plaintiff seeks to have the court review lodged Exhibits 1-1 to 1-4 instead of requesting judicial notice of those items or attaching them as exhibits to

1 | Plaintiff's Declaration (Docket Entry No. 21).
2 |     Converting the current Motion to Dismiss (or Plaintiff's Opposition thereto)
3 | into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure
4 | 56 is not warranted. Plaintiff's Notice of Lodging should be stricken and/or the
5 | documents not relied upon by the Court in accordance with Federal Rule of
6 | Evidence 103.

### III.  CONCLUSION

    For all the foregoing reasons, Plaintiff's Notice of Lodging should be stricken and/or the documents not relied upon by the Court in accordance with Federal Rule of Evidence 103.

Date: February 14, 2012            **REDONDO BEACH CITY ATTORNEY'S OFFICE**

                                          / s /Michael W. Webb
                                          Michael W. Webb
                                          Counsel for Redondo Beach Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10,<br><br>    Defendants. | **CASE NO:** 2:11-cv-09916-SJO-SS<br><br>**PROOF OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 415 Diamond Street, Redondo Beach, California 90277-0639.

    I am not a party to the above-entitled action. I have caused service of:
**OBJECTIONS TO PLAINTIFF'S NOTICE OF LODGING
(Fed. R. Evid. 103)**
on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. Electronically filed documents have also been served conventionally by the filer to:

Charles Nichols,
P.O. Box 1302
Redondo Beach, CA 90278
Plaintiff In Pro Per

Edmund G. Brown, Governor
Office of the Governor
300 South Spring Street
Los Angeles, CA 90013
Defendant

Kamala D. Harris, Attorney General
Office of the Attorney General
Jonathan M. Eisenberg
300 South Spring Street, 1702
Los Angeles, CA 90013

Defendant

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2012.

                                                           /s/ Jennifer Espinoza