| | |
|---|---|
| 1 | MICHAEL W. WEBB S.B.N. 133414 |
| | City Attorney for the |
| 2 | City of Redondo Beach |
| | 415 Diamond Street |
| 3 | Redondo Beach, CA 90277-0639 |
| 4 | Phone:   (310) 318-0655 |
| | Fax:     (310) 372-3886 |
| 5 | |
| 6 | Attorney for Redondo Beach Defendants |

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHARLES NICHOLS, | ) | **CASE NO:** 2:11-cv-09916-SJO-SS |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' REPLY TO** |
| v. | ) | **PLAINTIFFS' OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTION TO** |
| EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10, | ) | **DISMISS** |
| | ) | **(Fed. R. Civ. P. 12(b)(1) and 12(b)(6))** |
| | ) | |
| | ) | Date:       March 6, 2012 |
| | ) | Time:      10:00 a.m. |
| | ) | Location:  Courtroom 23 3rd Floor |
| | ) | Judge:     Hon. Suzanne H. Segal |
| | ) | Date Action Filed:  November 20, 2011 |
| | ) | |
| Defendants. | ) | |

Defendants City of Redondo Beach, Redondo Beach Police Department, and Redondo Beach Police Chief Joseph Leonardi (collectively "Redondo Beach Defendants" or "the City") hereby submit this Reply to Plaintiff's Opposition to the City's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

1 **ARGUMENT**

It is unclear exactly what Plaintiff wants to do, how the City is allegedly preventing him from doing it, why the law compels them to, and why he wants them to be a party to this action. So Defendants find it trying to respond to Plaintiff's Opposition. But, in any event plaintiff has no case or controversy with the Redondo Beach Defendants. Their Motion to Dismiss his complaint should be granted.

Whether Plaintiff's claims about the unconstitutionality of California's statutes are accurate or not is not a concern of the City. That is a matter for Plaintiff to resolve *with the state.* The City should not be made to answer for the state's adoption of the statutes that Plaintiff contends cause his alleged injury The City cannot invalidate a state law. So the City is powerless to provide a remedy even if one was appropriate.

### I.   Plaintiff Fails to Demonstrate Standing

As Defendants point out in their Motion, Plaintiff lacks standing to sue Defendants. His Complaint fails to demonstrate a link between an official policy or practice of Defendants and his alleged injuries; and even if it did, the relief he seeks against Defendants would not redress the grievances asserted in this lawsuit. Plaintiff's Opposition actually bolsters the City's case, offering his alleged experiences to demonstrate why the injunctive relief Plaintiff seeks against the City would not prevent his prosecution for the activities he wishes to engage in. Moreover, Plaintiff's Opposition shows that his alleged injury is speculative as the City.

#### A)   Plaintiff Alleges No Injury In Fact Caused by Defendants

To have standing Plaintiff must show that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (internal quotation marks and citations omitted).

Plaintiff's Opposition reveals that the injury he alleges against the City is hypothetical.  The injury Plaintiff asserts is the prohibition on his ability to carry a loaded firearm openly in public and being subject to searches of his firearm when doing so. But as Plaintiff admits in his Opposition, it is *state* law that subjects him to those restrictions. There is no official policy or practice of Defendants beyond the  mere enforcement of state law.

Plaintiff argues *his* interpretation of state law in conjecturing that Defendants will prosecute him or search him for carrying firearms on his private property, or for carrying an unloaded shotgun in public places where state law allows, and then asks this Court to prevent Defendants from doing so.

But this is a baseless hypothetical of a *future* injury, not one Plaintiff has or is currently suffering. As such, it is foreclosed by the U.S. Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), which held that a plaintiff, even though he had been subjected to choke-holds by officers in the past, did not have standing to sue for injunctive relief to stop future choke-holds because his injury was hypothetical. *See id*. at 109.

### B)   Plaintiff Cannot Show How Defendants Cause His Alleged Injury

Contrary to Plaintiff's assertion, Defendants do not contend that a plaintiff must necessarily wait until being arrested to have standing to challenge a law. Plaintiff correctly notes the general proposition that one need only face a "credible threat of prosecution" of a law to have standing to challenge that law. (Pl.'s Opp'n. to Redondo Beach Defs.' Mot. to Dismiss 13). But Plaintiff must point to an *official* policy or practice *of Defendants* which causes that threat of prosecution to provide him standing against a municipal entity like the City. (*Id*. at 6., relying on *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115 (1992)).

Plaintiff's alleging mere enforcement of general law *state* statutes, the existence of which Defendants have no control over, without more is insufficient. Equally insufficient  are Plaintiff's newly mentioned incidents from the year 2010

allegedly involving individual Redondo Beach officers performing searches of *other* peoples' firearms. Moreover the City Attorney's alleged statements that Defendants ban the public open carry of unloaded firearms in the City is irrelevant, because *state law* already prohibits that activity.  (Cal. Penal Code § 26350)

      **C)    Plaintiff Verifies that His Alleged Injury Cannot Be Redressed by Granting the Relief He Seeks Against Defendants**

Plaintiff does not explain how injunctive relief against the City would redress his alleged injury. And in fact his own statements suggest it will not. Plaintiff explains that he desires to carry a firearm in public, including on his own property, without being subjected to prosecution or search, but that he is impeded from doing so not only by Defendants, but also by the Torrance Police Department, and by the Los Angeles Police Department,  who he states drive by his property. (Opp'n 13). He is also subject to the Los Angeles County Sheriff's enforcement of the challenged statutes. (last visited Feb. 14, 2012)

So, even if he were to obtain an injunction against the City from enforcing the state law, he would still face a prosecution by other law enforcement agencies for violating those same state laws.

**II.    Plaintiff Fails to State a Claim**

Notwithstanding his *pro se* status, Plaintiff is nonetheless required to explain with *some* degree of particularity why Redondo Beach is being singled out from other California cities in this lawsuit challenging provisions of *state* laws.

The case Plaintiff relies on for the proposition that pro se plaintiffs are entitled to special treatment in pleading standards, *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010), (Opp', 10-11), is not helpful to Plaintiff beyond that general maxim – the validity of which Defendants concede. In *Hebbe*, the plaintiff mentioned specific activity by the prison-defendants that violated his rights. He specifically he alleged they "forced him to choose between his constitutional right to [physical] exercise and his constitutional of access to the courts" by denying him legal library access unless he gave up time outside of his cell. *Hebber*, 611 f.3d at

1203. Plaintiff Nichols here makes no such specific allegations against Defendants that are relevant.

Plaintiff gives much weight to the *Hacopian* case. Defendants agree that case is instructive here. As Plaintiff himself points out in the Conclusion of his Opposition, the plaintiffs in *Hacopian* adequately alleged a Fourth Amendment claim "by alleging facts to support that Defendants conducted an unreasonable search and seizure." (Opp'n 19).

Here, Plaintiff does not and cannot point to specific acts or policies of Defendants as were present in the *Hacopian* case.

It is also worth noting that, beyond suing specific officers for specific acts, though the plaintiffs in that case sued the police department, they did *not* sue the municipality.

## CONCLUSION

For the reasons set forth above, this Court should grant Redondo Beach Defendants' Motion to Dismiss.

Date: February 14, 2012

**REDONDO BEACH CITY ATTORNEY'S OFFICE**

/ s /Michael W. Webb
Michael W. Webb
Counsel for Redondo Beach Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES NICHOLS,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, and DOES 1 to 10,<br><br>    Defendants. | CASE NO: 2:11-cv-09916-SJO-SS<br><br>**PROOF OF SERVICE**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 415 Diamond Street, Redondo Beach, California 90277-0639.

I am not a party to the above-entitled action. I have caused service of:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))**
on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. Electronically filed documents have also been served conventionally by the filer to:

Charles Nichols,
P.O. Box 1302
Redondo Beach, CA 90278
Plaintiff In Pro Per

Edmun G. Brown, Governor
Office of the Governor
300 South Spring Street
Los Angeles, CA 90013
Defendant

Kamala D. Harris, Attorney General
Office of the Attorney General
300 South Spring Street
Los Angeles, CA 90013
Defendant

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2012.

/s/ Jennifer Espinoza