KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
 300 South Spring St., Ste. 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-6505
 Fax: (213) 897-1071
 E-mail: jonathan.eisenberg@doj.ca.gov

*Attorneys for Defendant California Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES NICHOLS,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, Jr., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,<br><br>Defendants. | CV-11-09916 SJO (SS)<br><br>**DEFENDANT KAMALA D. HARRIS'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF PLAINTIFF CHARLES NICHOLS**<br><br>Date:        N/A<br>Time:       N/A<br>Crtrm.:     23 – 3rd Flr.<br>Judge:      Hon. Suzanne H. Segal<br>Trial Date:  Not Yet Set<br>Action Filed: Nov. 30, 2011 |

Defendant Kamala D. Harris, Attorney General of the State of California (the "Attorney General"), submits the following reply in support of her motion to dismiss the instant action filed by *Pro Se* Plaintiff Charles Nichols ("Nichols").

1

# INTRODUCTION AND SUMMARY

The Attorney General's motion to dismiss the instant action showed that a plaintiff, such as Nichols, cannot mount a legitimate federal-court challenge to a state statute simply based on a purported *desire* to engage in conduct prohibited by the statute. A plaintiff must have standing and an action must be ripe. These rules are well-established and ensure that federal courts have jurisdiction under the "case or controversy" requirement of Article III of the U.S. Constitution, and also that federal courts do not issue advisory opinions, but rather adjudicate only concrete, live controversies. In opposing the motion to dismiss, Nichols has addressed neither those rules nor the authorities cited in the Attorney General's opening brief, instead spending most of his opposition positing various activities that he believes may violate California's ban on the open carrying of loaded handguns in public places (such as carrying a gun on his front porch), and then arguing that hypothetical law enforcement relating to those activities would be unconstitutional. Neither these arguments, nor the actual allegations of Nichols complaint, come close to showing the ripeness and standing required to bring a legitimate federal civil action under these circumstances.

Nor has Nichols shown that the allegations of his complaint overcome the Attorney General's immunity under the U.S. Constitution's Eleventh Amendment ("Eleventh Amendment"). The law in the U.S. Court of Appeals for the Ninth Circuit is clear that the Attorney General is not a proper "*Ex Parte Young*" defendant where her only alleged connection with an action is her general supervisory power over state law enforcement.

Finally, with respect to Nichols's seventh claim under the California Constitution, Nichols has not overcome the problem that the complaint further violates the Eleventh Amendment by improperly seeking to have a federal court enjoin enforcement of a California state law on California *state-law* grounds.

**ARGUMENT**

The Ninth Circuit has recently reiterated the requirements for case-or-controversy standing that the Attorney General cited in her moving papers:

> To have standing under Article III, a plaintiff must establish that (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Pac. Rivers Council v. U.S. Forest Serv.*, ___ F.3d ___, ___, No. 08-17565, 2012 WL336133 at *7 (Feb. 3, 2012). The Attorney General showed in her opening-brief arguments that, under these factors, Nichols has not shown any injury in fact; Nichols's claim exists in his head only at this time, and thus Nichols lacks standing presently to pursue this matter. (Motion to Dismiss at 7:1-8:17.)

Nichols makes a series of counter-arguments, but they are unavailing.

*First*, Nichols falsely accuses the Attorney General of "deliberately misstat[ing] the nature of this case," citing an admittedly erroneous passage in the Attorney General's opening brief. (Opp. to AG's MTD at 2:12-2:19.) Regarding this passage, the Attorney General filed and served a notice of errata on February 1, 2012, nearly a week before Nichols filed his opposition brief making this false accusation. The passage in question, as corrected, discusses how Nichols has *not* alleged that he has applied for a license to carry a *concealed* firearm in Los Angeles County, where he resides. The point is that Nichols has not taken this step or *any other* measure to protect his safety, but rather insists that he can defend himself only by openly carrying a loaded handgun in public, and that the mere existence of California Penal Code section 25850 ("Section 25850") has dissuaded him from doing so. Although Nichols has submitted voluminous new material in opposition to the present dismissal motion, most of which material does not appear in

3

1  Nichols's complaint, Nichols continues to insist – this time under oath – that he has
2  no plans to and will not openly carry a loaded handgun in a public place in
3  California. (Decl. of Nichols, ¶¶ 11-12.) At the same time, Nichols contradicts
4  himself, making a conspicuously *un*sworn (and conclusory) assertion that he "will
5  violate this statute to defend himself and will not wait until he is in '…immediate,
6  grave danger…'" (Opp. to AG's MTD at 7:13-7:14.) As can be seen, Nichols's
7  attempt to exercise his alleged rights remains imaginary and the harm from the
8  existence of Section 25850 is in Nichols's mind only.

9  Thus, this case is distinguishable from *Dearth v. Holder*, 641 F.3d 499 (D.C.
10 Cir. 2011), a case on which Nichols relies. In *Dearth*, the plaintiff was found to
11 have Article III standing to challenge federal restrictions that prevented him from
12 purchasing a firearm because he, a U.S. citizen, resided out of the country, in
13 Canada. (*Id.* at 501.) The plaintiff had twice attempted to make such a purchase,
14 but was unable to complete the purchase by providing his U.S. state of residence on
15 the required federal form. (*Id.*) The plaintiff alleged that he would purchase a
16 firearm if he could, and leave it with relatives in Ohio. (*Id.*) Since the federal law
17 squarely barred the plaintiff's underground purchase of firearms and the plaintiff
18 had attempted to comply with related federal requirements, he had standing to
19 challenge the restrictions. (*Id.* at 502-04.) Here, in contrast, Nichols has made no
20 attempt even to plan to engage in any activities barred by California law; it is not
21 clear that Section 25850 even would apply to the particular activities that Nichols
22 apparently proposes (self-defense; carrying a handgun on Nichols's lawn); and
23 Nichols has not been threatened with any enforcement of Section 25850.

24 As recently reiterated by the Ninth Circuit, a plaintiff does not have standing
25 to challenge enforcement of a law based on "hypothetical some day intentions" to
26 take actions that might run afoul of a law. *Ibrahim v. Dep't of Homeland Security*,
27 __ F.3d __, ___, No. 10–15873, 2012 WL 390126 at *8 (9th Cir. Feb. 8, 2012)
28 (citation and internal punctuation omitted). Nichols's hypothetical some day

4

intention openly to carry a loaded firearm in a public place in California does not suffice as an injury for Article III purposes.

*Second*, Nichols again falls short in failing to allege that any public official has threatened, or taken any steps, to enforce Section 25850 against Nichols. A "credible" threat of enforcement is necessary for Nichols to have standing. *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). Nichols's response is to claim to "fear that I would be prosecuted by the City of Redondo Beach or by Attorney General Harris, or their subordinates…" (Decl. of Nichols, ¶14.) But Nichols's fear of the Attorney General is not substantiated by anything in Nichols's complaint or lengthy opposition papers. Nichols draws only a tenuous connection between himself and the Attorney General, namely that the Attorney General is often counsel of record in criminal prosecutions. Neither that fact nor the Attorney General's general law-enforcement powers satisfy the requirement that enforcement be threatened, so as to establish both standing and an *Ex Parte Young* exception to the Eleventh Amendment. (Motion to Dismiss at 7, 10.)

*Third*, although Nichols acknowledges the existence of the statutory self-defense exception to Section 25850 contained in Section 26045 (as the Attorney General cited in her opening brief), Nichols still claims to fear prosecution under Section 25850 for engaging in self-defense (in some undefined way at some unknown time). The apparent harm is that Nichols believes that state or local law enforcement authorities and state courts, amazingly, would just ignore that defense. As can be seen, Nichols has not alleged conduct that sets up a concrete challenge to the propriety of enforcement of the law, either generally or against Nichols, and so Nichols's claim is unripe.

*Fourth*, Nichols misconstrues a California *state* court rule, California Rule of Court 8.29(c), in trying to show that the Attorney General is a non-immune defendant in this case. (Opp. to AG's MTD at 9:22-9:25.) This rule requires a party in a state appellate court case to "serve its brief or petition on the Attorney

General," for notice purposes, when challenging the constitutionality of a statute. The rule does not purport to make the Attorney General a *party* to any case, and cannot achieve that function in the present federal trial-court case.

*Fifth*, Nichols makes a similar mistake in citing Federal Rule of Civil Procedure 5.1(a)(2), a rule that compels some litigants to serve copies of certain pleadings "on the Attorney General *of the United States*" (emphasis added). ( Opp. to AG's MTD at 10:6-10:9.) The Attorney General in the present case is the Attorney General *of the State of California*, not of the United States. This rule, as well, is inapposite.

*Sixth*, Nichols makes erroneous or irrelevant requests for judicial notice of numerous materials, in connection with the present motion.[1] For example, it is hard to discern the relevance of news reports and footage of the actions of some, largely unidentified, people last year in carrying *un*loaded firearms in the City of Redondo Beach, when Nichols pleas for the alleged right to carry *loaded* firearms in public places in California. For another example, the recent "Prop. 8" ruling from the Ninth Circuit did not concern a challenge to a state law on *state* constitutional grounds – as Nichols's seventh count does – and is thus off-point with respect to the Attorney General's motion to dismiss Nichols's seventh count. Nichols's seventh count remains squarely barred by *Pennhurst State Schs. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

The remainder of Nichols's brief tries to prove that he has a certain open-carry right to bear arms in public places, under the Second Amendment, and that right is being infringed. This discussion puts the proverbial cart before the horse,[2]

---

[1] The Attorney General joins the objections that Defendants City of Redondo Beach, Redondo Beach Police Department, and Redondo Beach Police Chief Joseph Lombardi made to Nichols's two requests that the Court take judicial notice of various materials in connection with ruling on the present motions to dismiss.
[2] Nichols cites to a separate opinion of a *single* judge (Niemeyer, J.) in *United States v. Masciandaro*, 638 F.3d 458, 467-68 (4th Cir. 2011), for the proposition that the Second Amendment right of self-defense extends beyond the home.

and is not proper material for consideration in the instant limited motion, which is concerned with subject matter jurisdiction solely.[3]

## CONCLUSION

Nichols's numerous recent additional submissions to his pleadings in this case do not suffice to make this case a live controversy that the Court should resolve on the merits at this time, or to convert this case from unripe to ripe, or to defeat the Attorney General's invocation of the Eleventh Amendment. The Court should grant the Attorney General's motion to dismiss this action.

Dated: February 14, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant California Attorney General Kamala D. Harris*

---

[3] Counsel for the Attorney General did not promise Nichols "a shiny new nickel" if Nichols prevails on the present motion.

# CERTIFICATE OF SERVICE

Case Name: <u>__Nichols v. Brown__</u>   No. <u>__11-cv-09916-SJO-SS__</u>

I hereby certify that, on <u>February 14, 2012</u>, I caused to be electronically filed with the U.S. District Court, Central District of California, Clerk of the Court, through the CM/ECF system, the document with the following title:

**DEFENDANT KAMALA D. HARRIS'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF PLAINTIFF CHARLES NICHOLS**

I certify that at least some of the participants in the above-entitled case are registered CM/ECF users.

I am employed in Los Angeles, California, in the Office of the Attorney General, Department of Justice, State of California ("OACG"), which is the office of a member of the California State Bar, at which member's direction the following service is made.

I am 18 years of age or older and not a party to this matter. I am familiar with the business practices at the OACG for collection and processing of correspondence for mailing with the U.S. Postal Service. In accordance with those practices, correspondence placed in the internal mail collection system at the OACG is deposited with the U.S. Postal Service, with postage thereon fully prepaid, that same day, in the ordinary course of business.

I further certify that at least some of the participants in the case are not registered CM/ECF users.

On <u>February 14, 2012</u>, I caused to be mailed, in the OACG's internal mail system, by First-Class Mail, postage prepaid, the foregoing document to the following person at the following address:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA  90278

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on <u>February 14, 2012</u>, at Los Angeles, California.

|  |  |
|---|---|
| R. Velasco | /s/ R. Velasco |
| Declarant | Signature |

60719668.doc