KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-6505
 Fax: (213) 897-1071
 E-mail: Jonathan.Eisenberg@doj.ca.gov

*Attorneys for Defendant California Governor
Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **CHARLES NICHOLS,** | CV-11-09916 SJO (SS) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOV. EDMUND G. BROWN JR.'S MOTION TO DISMISS ACTION UNDER FED. R. CIV. P. 12(B)(1)** |
| **v.** | |
| **EDMUND G. BROWN, Jr., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,** | Date:          April 10, 2012<br>Time:          10:00 a.m.<br>Crtrm.:        23 – 3rd Flr.<br>Judge:         Hon. Suzanne H. Segal<br>Trial Date:    Not Yet Set<br>Action Filed:  Nov. 30, 2011 |
| Defendants. | |

1

# TABLE OF CONTENTS

2

**Page**

3   Introduction and Summary of Motion.............................................................1

4   Background Facts ............................................................................................2

    Pertinent Law ..................................................................................................5

5   Standards for FRCP 12(b)(1) Motions ...........................................................5

6        I.    Eleventh Amendment Immunity .................................................5

7        II.   Article III Standing .....................................................................6

         III.  The Ripeness Doctrine .................................................................6

8   Argument.........................................................................................................6

9        I.    The Eleventh Amendment Bars all of Nichols's Claims
               Against the Governor ...................................................................7

10       A.   The Governor Lacks A Sufficient Connection to

11           Enforcement of the Statute in Question....................................7

12       B.   The Governor Has Not Attempted to Enforce the Statute
             in Question Against Nichols ........................................................9

13       II.   The Court Should Dismiss this Case for Lack of Article
              III Standing .............................................................................10

14       III.  The Court Should Dismiss this Case as Unripe.......................12

15       IV.  The Eleventh Amendment Bars Nichols's Claim Based on
              the California Constitution ......................................................14

16  Conclusion.................................................................................................14

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abbott Labs. v. Gardner*
387 U.S. 136 (1967) ................................................................................. 12

*Alaska Right to Life Political Action Comm. v. Feldman*
504 F.3d 840 (9th Cir. 2007) .............................................................. 6, 11

*Artichoke Joe's v. Norton*
216 F. Supp. 2d 1084 (E.D. Cal. 2002) ................................................... 5

*Cal. Pro-Life Council, Inc. v. Getman*
328 F.3d 1088 (9th Cir. 2003) ............................................................... 12

*Califano v. Sanders*
430 U.S. 99 (1977) ................................................................................. 12

*Cardenas v. Anzai*
311 F.3d 929 (9th Cir. 1999) ................................................................... 5

*Confederated Tribes & Bands of Yakama Indian Nation v. Locke*
176 F.3d 467 (9th Cir. 1999) ................................................................... 8

*Dittman v. California*
191 F.3d 1020 (9th Cir. 1999) ................................................................. 7

*Doe v. Lawrence Livermore Nat'l Lab.*
131 F.3d 836 (9th Cir. 1997) ................................................................... 7

*Ex Parte Young*
209 U.S. 123 (1908) ................................................................................. 6

*Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*
528 U.S. 167 (2000) ............................................................................... 10

*Gemtel Corp. v. Cmty. Redevelopment Agency*
23 F.3d 1542 (9th Cir. 1994) ................................................................... 6

*Ibrahim v. Dep't of Homeland Security*
__ F.3d __, No. 10–15873, 2012 WL 390126 (9th Cir. 2012) .............. 10

*Indus. Tectonics, Inc. v. Aero Alloy*
912 F.2d 1090 (9th Cir. 1990) ................................................................. 5

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

*Kokkoen v. Guardian Life Ins. Co. of Amer.*
4    511 U.S. 375 (1994) ............................................................................ 5

5

*Long v. Van de Kamp*
6    961 F.2d 151 (9th Cir. 1992) ............................................................... 7

*Los Angeles Cty. Bar Assn. v. Eu*
7    979 F.2d 697 (9th Cir. 1992) ............................................................ 7-8

8

*Nat'l Audubon Soc'y, Inc. v. Davis*
9    307 F.3d 835 (9th Cir. 2002) ............................................................... 8

10

*Oil Co., Inc. v. Noel*
   608 F.2d 208 (1st Cir. 1979) ............................................................... 8

11

*Okpalabi v. Foster*
12    244 F.3d 405 (5th Cir. 2001) (*en banc*) ............................................. 8

13

*Pac. Legal Found. v. State Energy Resources Conservation & Dev. Comm'n*
14    659 F.2d 903 (9th Cir. 1982) ............................................................... 6

15

*Pac. Rivers Council v. U.S. Forest Serv.*
   ___ F.3d ___, No. 08-17565, 2012 WL336133 (9th Cir. 2012) ........................................... 10

16

*Pennhurst State Schs. & Hosp. v. Halderman*
17    465 U.S. 89 (1984) ........................................................................... 14

18

*Poe v. Ullman*
19    367 U.S. 497 (1961) ........................................................................... 6

20

*Potman v. Cty. of Santa Clara*
   995 F.2d 898 (9th Cir. 1993) ............................................................... 6

21

*Renne v. Geary*
22    501 U.S. 312 (1991) ......................................................................... 11

23

*Rhoades v. Avon Prods., Inc.*
24    504 F.3d 1151 (9th Cir. 2007) ............................................................. 6

*Safe Air for Everyone v. Meyer*
25    373 F.3d 1035 (9th Cir. 2004) ............................................................. 5

26

*Snoeck v. Brussa*
27    153 F.3d 984 (9th Cir. 1998) ........................................................... 7, 9

28

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Sofamor Danek Group, Inc. v. Brown*
  124 F.3d 1179 (9th Cir. 1997)............................................................... 5

*St. Clair v. City of Chico*
  880 F.2d 199 (9th Cir. 1989)................................................................. 6

*Thomas v. Anchorage Equal Rights Comm'n*
  220 F.3d 1134 (9th Cir. 2000) (*en banc*) ................................... passim

*Waste Mgmt. Holdings v. Gilmore*
  252 F.3d 316 (4th Cir. 2001)................................................................ 8

STATUTES

42 U.S.C. § 1983 ........................................................................... 3, 7, 8

Cal. Pen. Code § 25850........................................................... passim

Cal. Pen. Code § 26045........................................................... 2, 13

Cal. Pen. Code, § 26150(b)(2) ............................................................ 4

CONSTITUTIONAL PROVISIONS

U.S. Const. Art. III Sect. 2 ................................................................... 5

U.S. Const. Amend. I ................................................................. 11, 13

U.S. Const. Amend. II ................................................................... 3, 4

U.S. Const. Amend. IV ......................................................................... 3

U.S. Const. Amend. XI ...................................................... passim

COURT RULES

Fed. R. Civ. P. 12(b)(1)................................................................. 5, 6

iv

1

**INTRODUCTION AND SUMMARY OF MOTION**

2   Defendant Edmund G. Brown Jr., Governor of the State of California (the

3   "Governor"), files this motion to dismiss the complaint of *Pro Se* Plaintiff Charles

4   Nichols ("Nichols") in this matter.  Nichols challenges the constitutionality of

5   California Penal Code section 25850 ("Section 25850"), which generally bans

6   people from openly carrying loaded firearms in public places in California, subject

7   to certain express exceptions.

8   Defendant General Kamala D. Harris, Attorney General of the State of

9   California, already has filed a motion to dismiss the case, and that motion is under

10  submission.  The present motion by the Governor makes similar arguments, except

11  that the first argument, on immunity under the U.S. Constitution's Eleventh

12  Amendment ("Eleventh Amendment"; at pp. 6-8, *infra*), is tailored to the

13  Governor's circumstances.  Nichols has erroneously named the Governor as a co-

14  defendant solely because the Governor is the chief executive officer of California.

15  The Governor does not enforce Section 25850.  Given the Governor's lack of

16  sufficient connection to the enforcement of Section 25850, as well as the

17  consequent lack of threats by the Governor to enforce the statute against Nichols,

18  the Governor is immune from this suit under the Eleventh Amendment.

19  Assuming *arguendo* that the Court looks beyond the Eleventh Amendment

20  barrier to the case against the Governor, Nichols lacks standing because he does not

21  allege that he has violated or made any plans to violate Section 25850, or that any

22  defendant in this case has threatened or taken any action to enforce this law against

23  Nichols.  Instead, Nichols claims that he has been thwarted from exercising his

24  purported U.S. and California constitutional right openly to carry a loaded handgun

25  in a public place in California, simply by the existence of the statute.  Nichols's

26  claims should be dismissed as unripe under both the constitutional and

27  jurisprudential doctrines requiring that federal courts hear only actual, live

28  controversies.  Moreover, various circumstances could render Section 25850

1

1    inapplicable to Nichols, if and when he ever carries a loaded firearm in a public

2    place in California.  For instance, the statute has an express self-defense exception,

3    California Penal Code section 26045, that might apply to Nichols, should he ever

4    do anything that actually risks prosecution under Section 25850.  Until Nichols acts

5    or makes concrete plans to act such that there is a real fact pattern to evaluate in this

6    case, it is prudent for the Court to defer considering this case.

7        Finally, Nichols's state-law claim against the Governor is also squarely barred

8    by the Eleventh Amendment.

9                        **STATEMENT OF FACTS**

10       Nichols asserts that he resides in the City of Lawndale (Compl. ¶3) and

11   "would openly carry a loaded and fully functional handgun in public for self-

12   defense, but he refrains from doing so because he fears arrest, prosecution, fine, and

13   imprisonment, as he understands it is unlawful to openly carry a handgun in

14   California for the purpose of self-defense." (Compl. ¶¶4, 15.)  Nichols apparently

15   wants to carry openly a loaded handgun primarily or only in the City of *Redondo*

16   *Beach*, and has sued *that* city, its police department, and its chief of police, to be

17   able to do so.  (Compl. ¶¶ 7-9.)  For reasons that are not clear, Nichols has *not* sued

18   his hometown of Lawndale or any of its departments or officials.

19       Nichols names as a defendant the Governor, in his official capacity.  (Compl. ¶

20   5.)  Nichols sues the Governor based solely on his role as the supreme executive

21   authority in California.  (*Id.*)

22       Nichols claims the need to carry openly a loaded firearm both [1] because an

23   unnamed person allegedly sent him a single "veiled" death threat on September 1,

24   2011 (Compl. ¶15), and [2] to prevent generic "vicious attacks at the hands of

25   criminals and other predators."  (Compl. ¶¶51, 61-62, 70, 85.)  Based on these

26   alleged concerns and the purported authority of the U.S. and California

27   Constitutions, Nichols requests that this Court invalidate and enjoin enforcement of

28   Section 25850.  (Compl. ¶¶ 60-89.)

Nichols's first and third claims for relief invoke 42 U.S.C. § 1983 and challenge the Second Amendment constitutionality of Section 25850's subdivision (a), which states:

> A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or any public street in a prohibited area of unincorporated territory.

The statute has various exceptions, including self-defense. (*See* Cal. Penal Code, § 26045). Nichols's fifth and sixth claims for relief, also invoking 42 U.S.C. § 1983, challenge the same subdivision under the Fourteenth Amendment's equal protection and due process clauses.

Finally, the second and fourth claims for relief, likewise based on 42 U.S.C. § 1983, challenge the Fourth Amendment constitutionality of Section 25850's sub-division *(b)*, which states:

> In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

Notably, Nichols has not alleged that he is currently violating any portion of Section 25850, or even plans to do so, or that any public official, much less the Governor, has threatened to enforce this statute against Nichols. Rather, as Nichols expressly alleges, his purported harm is just that he cannot legally openly carry a loaded, functional handgun in public places, because of the existence of Section 25850.

Nichols's complaint also contains a lengthy discussion of the Second Amendment and recent court decisions on the "right to bear arms."  (Compl. ¶¶ 22-47.)  Nichols also makes extensive allegations on other subjects, the relevance of which are not clear.

- According to Nichols, California's ban on people carrying loaded firearms in public places originated in the 1960s because of certain alleged activities of the Black Panthers, but that ban is being applied today more broadly than the California Legislature ever intended.  (Compl. ¶¶ 19-21.)

- Nichols mentions a statutory exception to Section 25850 for people carrying loaded guns while hunting, and further mentions that the City of Redondo Beach imposes "a minor fine" for illegally hunting.  (Compl. ¶¶ 16, 48.)

- Nichols alleges that he is unable to apply for a *permit* to carry openly a firearm in a public place in Los Angeles County, because such permits supposedly are available (and can be lawfully used) in only those counties with populations of under 200,000 people; this rule excludes the much more populous Los Angeles County, where Nichols lives.  (Compl. ¶ 13; Cal. Pen. Code, § 26150(b)(2).)

- Nichols disavows any attack on the restrictions on the carrying of *concealed* firearms.  (Compl. ¶ 37.)

- Finally, Nichols alleges that his injury has been compounded because, as of 2012, California has also restricted the open carrying of *unloaded* firearms in public places. (Compl. ¶¶ 54-56.)

Despite mentioning other California Penal Code sections in the complaint, Nichols clearly attacks the constitutionality of Section 25850 only.

4

## STANDARDS FOR FRCP 12(B)(1) MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) (hereinafter, "Rule 12(b)(1)") permits dismissal of a complaint for lack of subject-matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion may be a facial attack asserting "that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Even though a Rule 12(b)(1) motion is brought by a litigant seeking dismissal of an adverse complaint for lack of subject-matter jurisdiction, "[t]he [opposing] party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the court presumes lack of jurisdiction until the party invoking the court's jurisdiction proves otherwise. *Kokkoen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994).

A 12(b)(1) motion is appropriately used to resolve at least three kinds of subject-matter jurisdiction issues, based on (1) immunity under the Eleventh Amendment; (2) "Article III standing"; and (3) the related issue of "ripeness."

### I.   ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment generally bars lawsuits in federal courts against officials of U.S. states, without the officials' consent. *See Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 1999); *Artichoke Joe's v. Norton*, 216 F. Supp. 2d 1084, 1110-11 (E.D. Cal. 2002). Eleventh Amendment immunity is properly determined on a 12(b)(1) motion. *See Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1183 n.2 (9th Cir. 1997).

### II.   ARTICLE III STANDING

The U.S. Constitution grants federal courts power to adjudicate only live "cases" and "controversies." U.S. Const., art. III, sec. 2 (hereinafter, "Article III"); *Alaska Right to Life Political Action Comm. v. Feldman,* 504 F.3d 840, 848 (9th Cir. 2007). Federal courts should not issue advisory opinions or declare rights in

hypothetical cases. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (*en banc*).  A Rule 12(b)(1) motion is a proper means to obtain the dismissal of a lawsuit that is not a case or controversy under Article III. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 n.3 (9th Cir. 2007).

### III.  RIPENESS

"The doctrines of standing and ripeness are closely related." *Pac. Legal Found. v. State Energy Resources Conservation & Dev. Comm'n*, 659 F.2d 903, 915 (9th Cir. 1982).  A claim not only must present a live case or controversy but also must be ripe for adjudication in federal court. *See Potman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993).  The ripeness doctrine precludes a federal court from exercising jurisdiction over an action that is filed before a concrete dispute exists between the adverse parties. *Poe v. Ullman,* 367 U.S. 497, 507 (1961).  Ripeness is properly addressed in a Rule 12(b)(1) motion to dismiss because it concerns subject matter jurisdiction. *See Gemtel Corp. v. Cmty. Redevelopment Agency*, 23 F.3d 1542, 1544 (9th Cir. 1994); *accord, St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989).

### ARGUMENT

### I.  THE ELEVENTH AMENDMENT BARS ALL OF NICHOLS'S CLAIMS AGAINST THE GOVERNOR

Under an exception to the Eleventh Amendment, a state official can sometimes be legitimately subject to a lawsuit in federal court challenging the official's oversight of a state law. S*ee Ex Parte Young* 209 U.S. 123, 155-56, 159-60 (1908).  For this doctrine to apply, however, the official must have a "fairly direct" connection with the enforcement of the law, *and* "there must be a real threat of enforcement…  Absent a real likelihood that the state official will employ his [or her] powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992); *Snoeck v. Brussa*, 153 F.3d 984, 987 (9th Cir. 1998) ("[T]he officers of the state

1  must…threaten or be about to commence civil or criminal proceedings to enforce

2  an unconstitutional act").

3      In the present case, the Governor has an insufficient connection to the

4  enforcement of Section 25850 -- nothing more than being the Governor of

5  California, which has this law -- and, consequently, has not attempted to enforce

6  that statute.  He should be dismissed from this action.

7    **A.   The Governor Lacks A Sufficient Connection to Enforcement of the Statute in Question**

8      "Claims under [42 U.S.C.] § 1983 are limited by the scope of the Eleventh

9  Amendment."  *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.

10  1997).  "In the absence of a waiver by the state or a valid congressional override,

11  '[u]nder the Eleventh Amendment, agencies of the state are immune from private

12  damage actions or suits for injunctive relief brought in federal court.'"  *Dittman v.*

13  *California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The State of California has not

14  waived its Eleventh Amendment immunity with respect to claims brought under §

15  1983 in federal court" and "the Supreme Court has held that § 1983 was not

16  intended to abrogate a State's Eleventh Amendment immunity."  *Id.* at 1025-1026.

17      This immunity extends to a California state official, such as the Governor,

18  sued in his official capacity:  "A suit against a state official in his official capacity

19  is no different from a suit against the State itself."  *Lawrence Livermore*, 131 F.3d

20  at 839.

21      Federal courts have recognized one exception to the general rule treating state

22  officials the same as the State:  "When sued for prospective injunctive relief, a state

23  official in his official capacity is considered a 'person' for § 1983 purposes" and

24  potentially subject to suit.  *Lawrence Livermore*, 131 F.3d at 839.  However, "the

25  state officer sued 'must have some connection with the enforcement of the

26  [allegedly unconstitutional] act.'"  *Los Angeles Cty. Bar Assn. v. Eu*, 979 F.2d 697,

27  704 (9th Cir. 1992) (original brackets).  Indeed, "this connection must be fairly

28

7

direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.; accord, Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002).

Nichols's complaint does not allege any facts that would establish this connection.  The Governor does not have a role in enforcing Section 25850.  Consequently, Nichols alleges nothing more than that the Governor is the chief executive of the State.  If such allegations were sufficient, then the Governor would be a proper defendant in every case in which a plaintiff seeks prospective injunctive relief against California under 42 U.S.C. § 1983.  But numerous federal courts, including the Ninth Circuit on two occasions, have recognized that state governors cannot be legitimately named as defendants on prospective-relief claims on this basis.  *See, e.g., Nat'l Audubon*, 307 F.3d at 847 (California governor dismissed from challenge to proposition banning use of certain traps and poisons against certain wildlife, for lack of enforcement ability); *Confederated Tribes & Bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469-70 (9th Cir. 1999) (Washington governor dismissed from Native American tribes' challenge to state lottery, because governor had no involvement with operation of lottery); *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (Virginia governor, although under a general duty to enforce state laws, dismissed from action where he lacked a specific duty to enforce the challenged landfill-management statutes); *Okpalabi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (*en banc*) ("general charge of the governor...to implement and enforce all of the laws of the state" insufficient to make Louisiana governor proper defendant in lawsuit challenging state tort statute); *Shell Oil Co., Inc. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute").  On the facts and the law, the Governor should be dismissed as a defendant in this case.

1

2

### B.   The Governor Has Not Attempted to Enforce the Statute in Question Against Nichols

3

4

5

6

7

8

9

10

11

12

As noted above, Nichols has not made any allegations that the Governor has threatened Nichols with a law enforcement action, or made any move to commence civil or criminal proceedings, in connection with Nichols's alleged desire openly to carry a loaded and fully functional handgun in public for self-defense.  As noted above, the *Ex Parte Young* exception to Eleventh Amendment immunity requires *both* that an official have a connection to enforcement of the law *and* that there be a threat of enforcement.  *Long v. Van de Kamp*, 961 F.2d 151, 152.  Just as Nichols does not plead a sufficient connection between the Governor and Section 25805, he also fails to allege a sufficient threat of enforcement to establish an exception to the Governor's Eleventh Amendment immunity.

13

14

15

16

17

18

"In evaluating the genuineness of a claimed threat of prosecution, [a court should] look to [1] whether the plaintiff[] ha[s] articulated a 'concrete plan' to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *Anchorage Equal Rights*, 220 F.3d at 1139.

19

20

21

22

[1]   By a "concrete plan…the Constitution means something more than a hypothetical intent to violate the law." *Id*.  Notably, Nichols admits that he does not even have such a hypothetical intent to violate Section 25850.  (Compl. ¶¶4, 15.)

23

24

25

26

27

28

[2]   "Although [courts] do not require [a] plaintiff[] to await arrest or prosecution before entertaining a challenge to the constitutionality of a statute…the threat of enforcement must at least be credible, not simply imaginary or speculative." *Anchorage Equal Rights*, 220 F.3d at 1140 (citation and internal punctuation omitted); *Snoeck v. Brussa*, 153 F.3d at 987(officers of the state must threaten or be about to commence civil or criminal proceedings to enforce an

unconstitutional act). As noted above, in the present case, the threat of enforcement by the Governor is simply imaginary and speculative at this time.

[3]   Nichols has not alleged a history of enforcement of Section 25850 that could affect him. Of course, the Governor presumes that this part of the California Penal Code (as all parts) is being applied appropriately, fairly, and uniformly, but there is no concrete allegation helpful to Nichols with respect to this factor.

In sum, Nichols cannot bypass the Eleventh Amendment to reach the Governor in this case.

## II.   THE COURT SHOULD DISMISS THIS CASE FOR LACK OF ARTICLE III STANDING

Even if this action was not barred by the Eleventh Amendment, it is not justiciable in federal court because Nichols lacks standing.

> To have standing under Article III, a plaintiff must establish that (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Pac. Rivers Council v. U.S. Forest Serv.*, ___ F.3d ___, ___, No. 08-17565, 2012 WL336133 at *7 (Feb. 3, 2012); *see also Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

A plaintiff has not suffered an injury in fact merely by speculating (as Nichols does here) that he will be the subject of a law enforcement action to which there will be a constitutional defense. *Anchorage Equal Rights*, 220 F.3d at 1139. As recently reiterated by the U.S. Court of Appeals for the Ninth Circuit, a plaintiff does not have standing to challenge enforcement of a law based on "hypothetical some day intentions" to take actions that might run afoul of a law. *Ibrahim v. Dep't of Homeland Security*, __ F.3d __, ___, No. 10–15873, 2012 WL 390126 at *8 (9th

1    Cir. Feb. 8, 2012) (citation and internal punctuation omitted).  Furthermore, a court

2    must consider whether the alleged injury is "more than a generalized grievance"

3    among other factors.  *Alaska Right to Life*, 504 F.3d at 849; *accord*, *Thomas*, 220

4    F.3d at 1139.

5         In the present case, Nichols has only an imaginary injury to claim, and thus

6    fails to satisfy the above-identified first element for Article III standing.  Nichols

7    asserts that he merely *wants to be able* openly to carry a loaded, fully-functional

8    handgun in public in California, to deter a feared physical attack by an unnamed

9    person who allegedly made to Nichols one veiled death threat, a full two months

10   before Nichols filed the present lawsuit.  (Compl. ¶15.)  Nichols has not alleged

11   that he has taken other self-protective actions, but allegedly did report the death

12   threat incident to the local sheriff's office.  (*Id.*)  In any event, the Governor is not

13   in a position to, and has not, threatened to enforce Section 25850 against Nichols,

14   and the Governor's conduct has not injured Nichols in any concrete, particularized,

15   actual, or imminent way.

16        Nichols is like the plaintiff in *Renne v. Geary*, 501 U.S. 312 (1991); that

17   plaintiff, a committee, unsuccessfully challenged an election law under the First

18   Amendment.  The committee averred (in an affidavit) that it declined to endorse

19   candidates for non-partisan elective offices "solely out of concern that committee

20   members may be criminally or civilly prosecuted for violation of" a pertinent

21   California election statute.  *Id.* at 314, 317-18.  The U.S. Supreme Court held that

22   the committee's inactivity meant that the committee lacked standing to challenge

23   the election law in court; there was just no case or controversy for a court to

24   adjudicate.  *Id.*  Likewise, Nichols's inaction with respect to his handgun cannot

25   constitute an injury to Nichols for Article III purposes.

26        Without an injury, Nichols cannot satisfy the second or third prongs of the

27   Article III standing test, either, because those prongs assume the injury.  A non-

28

11

1  existent injury can be neither traced anywhere nor redressed by a favorable court

2  decision.[1]

3  **III.  THE COURT SHOULD DISMISS THIS CASE AS UNRIPE**

4        Even if Nichols were able to overcome the Eleventh Amendment and standing

5  prohibitions on the present action, it would still not be ripe for adjudication.  The

6  ripeness doctrine is designed to "prevent the courts, through avoidance of

7  premature adjudication, from entangling themselves in abstract disagreements."

8  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967) (abrogated on other grounds by

9  *Califano v. Sanders*, 430 U.S. 99, 105 (1977)).  Ripeness has "both a constitutional

10  and a prudential component."  *Abbott Labs.*, 387 U.S. at 148.  The "constitutional

11  component of ripeness is synonymous with the injury-in-fact prong of the standing

12  inquiry."  *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 n.2 (9th Cir.

13  2003).  For the prudential component of ripeness, courts evaluate "the fitness of the

14  issues for judicial decision and the hardship to the parties of withholding court

15  consideration."  *Abbott Labs.*, 387 U.S. at 149.

16        It already has been shown that Nichols has no injury for Article III standing

17  purposes.  The same analysis and reasoning undermine any notion that the case at

18  bar is ripe in a constitutional sense.

19        Meanwhile, the prudential concerns in this case echo the prudential concerns

20  in *Anchorage Equal Rights* that led to a finding of unripeness.  In *Anchorage Equal*

21  *Rights,* some Alaska landlords*,* out of religious beliefs, vowed never to rent housing

22  to unmarried couples, despite state and local laws banning marital-status

23  discrimination in rental housing; the landlords challenged the laws in court on First

24  Amendment grounds.  220 F.3d at 1137-38.  The *en banc* U.S. Court of Appeals,

25  Ninth Circuit, was dismayed that:

26           [1] Should Nichols, in responding to the present motion, identify in the

27  complaint a viable injury that the Governor presently cannot discern, the Governor
reserves the right to carry out the second and third parts of Article III standing
analysis, based on that injury, in a reply filing on this motion.

28

the landlords ask us to declare Alaska laws unconstitutional, in the absence of any identifiable tenants and with no concrete factual scenario that demonstrates how the laws, as applied, infringe their constitutional rights.  This case is a classic one for invoking the maxim that we do not decide constitutional questions in a vacuum.

*Id*. at 1141 (citations and internal punctuation omitted).  Nichols's case, so far, is just as skeletal factually as *Anchorage Equal Rights*.  Indeed, it might turn out that Nichol's actual conduct, if ever taken, comes under the above-described self-defense exception to Section 25850, such that Nichols is not prosecuted, or prosecuted but not convicted, under Section 25850.[2]  For these reasons, it is prudent for this Court to await the development of a concrete factual record before considering making substantive constitutional rulings about Section 25850.  In the meantime, given Nichols's inability to identify any concrete harm that he is suffering presently, there is no hardship in deferring an improper, premature adjudication of Nichols's desire openly to carry a loaded firearm generally.

---

[2] California Penal Code section 26045 provides, in part, as follows:

(a) Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property.

(b) A violation of Section 25850 is justifiable when a person who possesses a firearm reasonably believes that person is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person who has been found to pose a threat to the life or safety of the person who possesses the firearm. …Upon trial for violating Section 25850, the trier of fact shall determine whether the defendant was acting out of a reasonable belief that the defendant was in grave danger.

(c) As used in this section, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance.

**IV.   THE ELEVENTH AMENDMENT BARS NICHOLS'S CLAIM BASED ON THE CALIFORNIA CONSTITUTION**

Nichols's seventh count, asserting a violation of parts of the California Constitution (Compl. ¶¶83-89), is squarely barred by *Pennhurst State Schs. & Hosp. v. Halderman*, 465 U.S. 89 (1984).  Applying the Eleventh Amendment, *Pennhurst* holds that a federal court may not grant relief against a state official on the basis of *state* law.  *Id.* at 106.  Indeed, *Pennhurst* states that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."  *Id*.  The Court should dismiss Nichols's seventh count for improperly attempting to have a federal court dictate to state officials how to enforce, or to refrain from enforcing, a California statute, Section 25850.

Furthermore, *Pennhurst*'s "constitutional bar applied to pendent claims as well."  465 U.S. at 119.  The Court should not maintain jurisdiction over the claim on state-law-claim pendency grounds, either.

## CONCLUSION

The Governor's lack of a fairly direct connection to the enforcement of Section 25850 precludes Nichols's case against the Governor, under the Eleventh Amendment.  The Governor is also immune because he has not threatened to enforce Section 25850 against Nichols.  Nichols has not suffered any injury cognizable under the case-or-controversy subject-matter jurisdiction requirement in federal courts and therefore lacks standing.  For many of the same reasons, this action is unripe and not justiciable.  Finally, the Eleventh Amendment precludes Nichols's state-law-based attack on Section 25850 from being adjudicated in this Court.  The Governor therefore respectfully requests that, under FRCP 12(b)(1), the

//

//

//

1    Court dismiss this action because Nichols has failed to establish subject-matter

2    jurisdiction.

3    Dated:  March 8, 2012                    Respectfully submitted,

4                                             KAMALA D. HARRIS
                                             Attorney General of California
5                                             PETER K. SOUTHWORTH
                                             Supervising Deputy Attorney General
6

7

8                                             /s/ Jonathan M. Eisenberg
                                             JONATHAN M. EISENBERG
9                                             Deputy Attorney General
                                             Attorneys for Defendant California
10                                            Governor Edmund G. Brown Jr.

     SA2012104470
11   60743938.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF E-FILING AND SERVICE

Case Name:   __Nichols v. Brown__   No.   __U.S.D.C., C.D. Cal., 11-cv-09916-SJO-SS__

I hereby certify that, on March 8, 2012, I caused to be electronically filed with the U.S. District Court, Central District of California, Clerk of the Court, through the CM/ECF system, the document(s) with the following title(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOV. EDMUND G. BROWN JR.'S MOTION TO DISMISS ACTION UNDER FED. R. CIV. P. 12(B)(1)**

I certify that at least some of the participants in the above-entitled case are registered CM/ECF users.

I am employed in Los Angeles, California, in the Office of the Attorney General, Department of Justice, State of California ("OACG"), which is the office of a member of the California State Bar, at which member's direction the following service is made.

I am 18 years of age or older and not a party to this matter.  I am familiar with the business practices at the OACG for collection and processing of correspondence for mailing with the U.S. Postal Service.  In accordance with those practices, correspondence placed in the internal mail collection system at the OACG is deposited with the U.S. Postal Service, with postage thereon fully prepaid, that same day, in the ordinary course of business.

I further certify that at least some of the participants in the case are not registered CM/ECF users.

On March 8, 2012, I caused to be mailed, in the OACG's internal mail system, by First-Class Mail, postage prepaid, the foregoing document(s) to the following person(s) at the following address(es):

Charles Nichols
P.O. Box 1302
Redondo Beach, CA  90278

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 8, 2012, at Los Angeles, California.

| R. Velasco | /s/ R. Velasco |
|---|---|
| Declarant | Signature |

60719744.docx