ORIGINAL

1   Charles Nichols
    PO Box 1302
2   Redondo Beach, CA 90278
    Voice: (424) 634-7381
3   E-Mail: CharlesNichols@Pykrete.info
    In Pro Per
4

5

6

7

8               United States District Court

9               Central District of California

10

11  Charles Nichols,                    )   Case No.:
                                        )
12         PLAINTIFF,                    )   CV-11-9916 SJO (SS)
                                        )
13         vs.                          )
                                        )
14  KAMALA D. HARRIS, Attorney          )   **FIRST AMENDED COMPLAINT**
                                        )
15  General, in her official capacity as )  DEMAND FOR JURY TRIAL
                                        )
16  Attorney General of California, CITY )  42 U.S.C. §§ 1983, 1988
                                        )
17  OF REDONDO BEACH, CITY OF           )   SECOND AMENDMENT
                                        )
18  REDONDO BEACH POLICE CHIEF          )   FOURTH AMENDMENT
                                        )
19  JOSEPH LEONARDI, OFFICER            )   FOURTEENTH AMENDMENT
                                        )
20  TODD HEYWOOD and DOES 1 to 10,      )
                                        )
21         Defendants.                   )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )

26

27

28

First Amended Complaint          Charles Nichols v. Edmund G Brown Jr et al

Comes now PLAINTIFF, in Pro Per, and hereby files this First Amended Complaint in this action against the above named defendants, their employees, agents, and successors in office (collectively "DEFENDANTS") for declaratory, injunctive and other relief and hereby alleges and avers as follows:

### JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.  This Court has personal jurisdiction over each of the DEFENDANTS because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the State of California and/or within the geographic confines of the State of California. This Court has supplemental jurisdiction over any state law causes of action arising from the same operative facts under 28 U.S.C. § 1367. This action arises under the Constitution of the laws of the United States.

### VENUE

2.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and/or the Civil Local Rules for bringing an action in this district.

### CONDITIONS PRECEDENT

3.      All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

### PARTIES

4.      PLAINTIFF CHARLES NICHOLS is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Los Angeles County.  Except for an approximately 12 year period between

---

First Amended Complaint              1      Charles Nichols v. Edmund G Brown Jr et al

February of 1994 and February of 2006, he has resided in the State of California.
The 12 year period of time is not material to this case.

5.     Defendant KAMALA HARRIS is the Attorney General of the State of
California and she is obligated to supervise her agency and comply with all
statutory duties under California Law. She is charged with enforcing and
interpreting California Statutes including, but not limited to, California Penal Code
Section 25850. California Attorney General KAMALA HARRIS has concurrent
prosecutorial jurisdiction with the state's 58 District Attorneys, and she is bound
by a duty to seek substantial justice and avoid the filing of criminal charges in
which she knows (or should know) are not supported by probable cause. HARRIS
also has an independent duty to disclose information beneficial to the accused and
by extension she has a duty to prevent wrongful arrests in the first place when she
has the power to do so. When she deems it advisable or necessary in the public
interest, or when directed to do so by the Governor, she shall assist any district
attorney in the discharge of his duties, and may, where she deems it necessary, take
full charge of any investigation or prosecution of violations of law of which the
superior court has jurisdiction. In this respect she has all the powers of a district
attorney, including the power to issue or cause to be issued subpoenas or other
process. See Article 5, Section 13 of the California Constitution and Cal. Gov't
Code §§ 12510, 12511 & 12550. She is being sued solely in her official capacity
and solely for Declarative and/or prospective injunctive relief.

6.     Defendant CITY OF REDONDO BEACH POLICE CHIEF JOSEPH
LEONARDI (LEONARDI) is the Chief of Police for the CITY OF REDONDO
BEACH. He is employed by the CITY OF REDONDO BEACH for all relevant
time periods for this complaint. The Chief of Police is the chief executive officer of
the department and the final departmental authority in all matters of policy,

operation and discipline. Through LEONARDI, the department is responsible for the enforcement of all laws and ordinances coming within its legal jurisdiction. The Chief of Police is responsible for the entire department's operations.

7.    Defendant OFFICER TODD HEYWOOD was a peace officer employed by the CITY OF REDONDO BEACH for all relevant time periods for this complaint.

8.    PLAINTIFF is uncertain of the exact identity of any additional individual defendants who participated in the violation of his constitutionally protected rights. PLAINTIFF therefore names these individuals as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the DEFENDANTS named herein, PLAINTIFF reserves the right to amend this complaint to add those persons and/or entities as Defendants.  Defendants CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and OFFICER TODD HEYWOOD are collectively referred to as the "Redondo Beach Defendants."

## INTRODUCTION

9.    This case involves an important constitutional principle, that neither the state nor local governments may prohibit PLAINTIFF or The People from carrying a fully functional loaded firearm for the purpose of self-defense in public places. Places which are not sensitive places where the carrying of loaded firearms can be prohibited; such as in schools and government buildings and where there exists a State or Federal law which constitutionally prohibits the carrying of a loaded firearm in those sensitive places.  The constitutionally protected manner of carry in

non-sensitive public places is Open Carry.  The constitutionally protected manner of carry while one is travelling is Open Carry or Concealed Carry.

10.    This case involves a second important constitutional principle that neither the state nor its local governments can deny a license to openly carry a loaded firearm in non-sensitive public places based on the population of the county in which a person who is not prohibited from possessing a firearm resides or because he resides in a city or county within the state in which state law does not provide for the issuance of a license to openly carry a loaded firearm in non-sensitive public places. See California Penal Code Section 26155.

11.    This case involves a third important constitutional principle that neither PLAINTIFF nor the People must give up his Fourth Amendment Right in order to exercise his Second Amendment Right.

12.    This case involves a fourth important constitutional principle that there is no qualified immunity for enforcing laws which one knows, or reasonably should have known, are unconstitutional regardless of whether that law is a state statute or local ordinance.

13.    Vindication of these principles requires enjoinment of DEFENDANTS' current implementation of its laws which criminalize PLAINTIFF'S constitutionally protected rights and activities.

## **FACTS**

14.    California Penal Code Section 25850 was enforced on PLAINTIFF when Defendant HEYWOOD enforced subsection (b) of that statute on PLAINTIFF by taking PLAINTIFF'S firearm over PLAINTIFF'S clearly communicated refusal to

comply with the subsection of the statute. Defendant HEYWOOD then inspected the firearm to determine whether or not it was loaded pursuant to subsection (b) of the statute which he referred to as a "Chamber Check". See Exhibit 1-1

15.    Redondo Beach City ordinances 4-35.01 and 4-35.20 were enforced on PLAINTIFF when Defendant HEYWOOD seized PLAINTIFF'S firearm and a DOE Defendant Officer informed PLAINTIFF that his firearm was being seized for violating the city ordinances. PLAINTIFF was then informed by this DOE defendant that PLAINTIFF'S violation of the city ordinances has been referred to the City Attorney and City Prosecutor for criminal prosecution.

16.    California statutes and the CITY OF REDONDO BEACH ordinances prohibit PLAINTIFF and The People from openly carrying a loaded firearm in non-sensitive public places which is a violation of the United States Constitution and the fundamental right to openly carry a loaded firearm for the purpose of self-defense and for other lawful purposes. California statutes require that PLAINTIFF and The People voluntarily submit to an unconstitutional search of his property or person in order to exercise a fundamental constitutional right to openly carry a firearm in non-sensitive public places. DEFENDANTS ordinances and statutes unconstitutionally prohibit the carrying of firearms in non-sensitive open spaces.

17.    Redondo Beach City ordinances prohibit PLAINTIFF and The People from openly carrying a firearm; loaded or unloaded, openly or concealed and even unloaded within a fully enclosed locked container. Unloaded and in a fully enclosed locked container is the lawful manner of transporting a firearm through areas, such as school zones, where openly carrying a firearm is prohibited.

18.     The Second Amendment to the United States Constitution states:

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

United States Constitution. Amendment II.

19.     The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. ___, 130 S. Ct. 3020, 177 L. Ed. 2d 894, 2010 U.S. LEXIS 5523 (2010).

20.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," District of Columbia v. Heller, 554 U.S. 570, 592 (2008), 128 S. Ct. 2783;171 L. Ed. 2d 637, 2008 U.S. LEXIS 5268

21.     The Fourth Amendment to the United States Constitution guarantees:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

United States Constitution. Amendment IV.

22.     The Fourth Amendment was applied to the states in Mapp v. Ohio, 367 U.S. 643 (1961), 81 S. Ct. 1684;6 L. Ed. 2d 1081, 1961 U.S. LEXIS 812

23.     California Penal Code Section 25850 states in part:

  (a) A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any

1  public street in an incorporated city or in any public place or on any public street in

2  a prohibited area of unincorporated territory.

3     (b) In order to determine whether or not a firearm is loaded for the purpose of

4  enforcing this section, peace officers are authorized to examine any firearm carried

5  by anyone on the person or in a vehicle while in any public place or on any public

6  street in an incorporated city or prohibited area of an unincorporated territory.

7  Refusal to allow a peace officer to inspect a firearm pursuant to this section

8  constitutes probable cause for arrest for violation of this section.

9     (2) The court shall apply the three-month minimum sentence except in unusual

10  cases where the interests of justice would best be served by granting probation or

11  suspending the imposition or execution of sentence without the minimum

12  imprisonment required in this section or by granting probation or suspending the

13  imposition or execution of sentence with conditions other than those set forth in

14  this section, in which case, the court shall specify on the record and shall enter on

15  the minutes the circumstances indicating that the interests of justice would best be

16  served by that disposition.

17     (g) Notwithstanding paragraphs (2) and (3) of subdivision (a) of Section 836, a

18  peace officer may make an arrest without a warrant:

19     (1) When the person arrested has violated this section, although not in the

20  officer's presence.

21     (2) Whenever the officer has reasonable cause to believe that the person to be

22  arrested has violated this section, whether or not this section has, in fact, been

23  violated.

24     (h) A peace officer may arrest a person for a violation of paragraph (6) of

25  subdivision (c), if the peace officer has probable cause to believe that the person is

26  carrying a handgun in violation of this section and that person is not listed with the

27  Department of Justice pursuant to paragraph (1) of subdivision (c) of Section

28  11106 as the registered owner of that handgun.

First Amended Complaint              7      Charles Nichols v. Edmund G Brown Jr et al

24.    A publication by the State of California's Office of Attorney General titled "CONCEALABLE FIREARMS CHARGES IN CALIFORNIA 2000-2003" on page 14 in Table N-17 indicates that there were 7,775 charged offenses for violation of California Penal Code Section 12031 during that time period. This number does not reflect arrests which were not charged or searches conducted pursuant to the statute. Effective January 1, 2012 California Penal Code Section 12031 was renumbered. Former Penal Code Section 12031(a)(1) is now Penal Code Section 25850(a) and former section 12031(e) is now 25850(b). The text of these two subsections was left unchanged.

25.    The Office of the Attorney General has a database containing arrests made for violations of California Penal Code Section 25850 (formerly PC12031) and other weapons offenses from 1979 to the present.

26.    The state statues and city ordinances at issue are presently being enforced.

27.    Pursuant to California Penal Code Section 25850 the State of California has clearly and unequivocally set forth an unconstitutional policy of prohibiting loaded firearms from being openly carried in non-sensitive public places for the purpose of self-defense and other lawful purposes in all incorporated cities and unincorporated county territory where the discharge of firearms is prohibited.

28.    Pursuant to California Penal Code Sections 26350 and 26155 the State of California has clearly and unequivocally set forth an unconstitutional policy of rationing licenses to openly carry a loaded or unloaded handgun for the purpose of self-defense and for other lawful purposes.

29.    TITLE 4 - DIVISION 5.  CARRYING FIREARMS of the California Penal Code does not contain a severability clause. The state statues and city ordinances at issue in this suit do not contain a severability clause.

30.    The intent of the California Legislature when it enacted California Penal Code Section 12031 in July of 1967 was that it applies to openly carried firearms. The Legislature did not intend for it to apply to the concealed carry of firearms.

31.    California Penal Code Section 26155 states:

"26155.  (a) When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county may issue a license to that person upon proof of all of the following:

(1) The applicant is of good moral character.

(2) Good cause exists for issuance of the license.

(3) The applicant is a resident of that city.

(4) The applicant has completed a course of training as described in Section 26165.

(b) The chief or other head of a municipal police department may issue a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) Nothing in this chapter shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the

county in which the city is located for the sheriff to process all applications for
licenses, renewals of licenses, and amendments to licenses, pursuant to this
chapter."

## Facts – **PLAINTIFF NICHOLS**

32.    California Penal Code Section 25850 was enforced on PLAINTIFF when
Defendant OFFICER TODD HEYWOOD took PLAINTIFF'S firearm on May 21,
2012 and inspected the firearm to see if it was unloaded.  PLAINTIFF clearly
stated his refusal to allow Defendant OFFICER TODD HEYWOOD to inspect his
firearm which in and of itself constitutes a violation by PLAINTIFF of the state
statute.  Enforcement of the state statute on PLAINTIFF by Defendant
HEYWOOD and subsequent seizure of PLAINTIFF'S firearm and other property
constitutes an injury in fact eliminating any concerns that PLAINTIFF'S fear of
enforcement is purely speculative. PLAINTIFF has no adequate remedy at law.
Damages are indeterminate or unascertainable and, in any event, would not fully
redress any harm suffered by PLAINTIFF.  PLAINTIFF has suffered and will
continue to suffer irreparable harm due to all DEFENDANTS challenged actions,
customs, policies, and practices averred to in this complaint.

33.    Redondo Beach City ordinances 4-35.20 and 4-35.01 were enforced against
PLAINTIFF on May 21, 2012 when his firearm was seized by defendant
OFFICER TODD HEYWOOD and was informed by a JOHN DOE defendant
police officer at the time that his firearm was being seized for violating the city
ordinances prohibiting the carrying of firearms in open spaces.  PLAINTIFF was
carrying a firearm in an open place within the city limits of Redondo Beach.  In
addition to seizing PLAINTIFF'S firearm, his carrying case, padlock and key to
the carrying case were also seized.  The criminal case number given to
PLAINTIFF'S through the attorney for the REDONDO BEACH Defendants is DR

1    #12-3245.  Enforcement of the city ordinances on PLAINTIFF by Defendant

2    HEYWOOD and others constitutes an injury in fact eliminating any concerns that

3    PLAINTIFF'S fear of enforcement is purely speculative.

4

5    34.    PLAINTIFF asked CITY OF REDONDO BEACH POLICE CHIEF

6    JOSEPH LEONARDI through his attorney and through Redondo Beach Captain

7    Jeff Hink for an application and a license to openly carry a loaded handgun on May

8    17, 2012.  Captain Jeff Hink referred PLAINTIFF'S request for an application and

9    a license to openly carry a loaded firearm to the City Attorney and informed

10   PLAINTIFF of this via email.

11

12   35.    On May 21, 2012 after both California Penal Code Section 25850 and the

13   Redondo Beach city ordinances 4-35.20 and 4-35.01 had been enforced on

14   PLAINTIFF and his firearm seized, the City Attorney denied PLAINTIFF both an

15   application and a license to openly carry a loaded firearm citing California Penal

16   Code section 26155(b)(2) prohibiting the issuance of licenses in counties with a

17   population of greater than 200,000 people and California Penal Code section

18   26155(a)(3) limiting the issuance of licenses only to residents of the city.

19   PLAINTIFF resides in a city adjacent to the City of Redondo Beach and receives

20   his mail from a post office box in the City of Redondo Beach.  The City of

21   Redondo Beach is also where he shops, travels through and frequents on a regular

22   basis.  There is no administrative appeal available for PLAINTIFF to appeal the

23   denial of an application for a license to openly carry a loaded handgun in public.

24

25   36.    PLAINTIFF has frequently and countless times violated California Penal

26   Code Section 25850, the Redondo Beach City Ordinances and other California

27   statutes prohibiting firearms from being carried in non-sensitive public places.

28   PLAINTIFF continues to violate California Penal Code Section 25850, the

First Amended Complaint          11     Charles Nichols v. Edmund G Brown Jr et al

Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places and will continue to violate California Penal Code Section 25850, the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places on the 7th day of every month in the City of Redondo Beach California by carrying a firearm (a holstered handgun, rifle or shotgun of a type in common use by the public) in a public place. PLAINTIFF will violate California Penal Code Section 25850, the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places on August 7, 2013 in the same location in the City of Redondo Beach where he was prevented from openly carrying a firearm under threat of arrest on August 7, 2010 and where California Penal Code Section 25850 and the Redondo Beach City Ordinances 4-35.20 and 4-35.01 prohibiting the carrying of firearms in public places were enforced against PLAINTIFF on May 21, 2012. PLAINTIFF will openly carry a loaded holstered handgun, loaded rifle and loaded shotgun of a type in common use by the public. PLAINTIFF will openly carry a holstered handgun, loaded rifle and loaded shotgun of a type in common use by the public while travelling within the state of California. At all times, PLAINTIFF will refuse to consent to the inspection of his firearm to see if it is loaded in violation of California Penal Code Section 25850.

37.     Although both the state statute (California Penal Code Section 25850) and Redondo Beach City Ordinances (4-35.20 and 4-35.01) have already been enforced against PLAINTIFF and others. Each and every year, there are over 1,000 arrests for violating California Penal Code Section 25850 alone and Defendant HARRIS continues to prosecute the upholding of criminal convictions for violation of the statute which are appealed. PLAINTIFF personally knows two persons who are members of his California non-profit association of which he is the President (California Right To Carry – An Open Carry advocacy group) who are currently on

trial for violating California Penal Code Section 25850.  A third member was
arrested for lawfully transporting an unloaded handgun in a fully enclosed locked
container.  Defendant HARRIS has been made aware of the two cases involving
Section 25850 by PLAINTIFF and yet she refuses to exercise her authority under
California law to end those prosecutions and prevent current and future
unconstitutional prosecutions of the statute.  Neither has Defendant Harris
instructed the Redondo Beach Defendants that their city ordinances prohibiting the
carrying of firearms in public places is preempted by state law and is
unconstitutional under Federal law.  Given the history of zealous enforcement of
California's laws prohibiting the carrying of firearms in non-sensitive public places
with arrests, prosecutions and imprisonments numbering in the tens of thousands;
future enforcement of the statute on PLAINTIFF is far more than likely - It is a
certainty. The REDONDO BEACH DEFENDANTS active enforcement against
Plaintiff and enforcement by others on similarly parties constitutes a real threat of
enforcement against PLAINTIFF as both members of PLAINTIFF'S non-profit
were openly carrying a holstered handgun at the time of their arrest which is the
manner PLAINTIFF usually carries a firearm in non-sensitive public places.

38.    This case involves minimal discovery.  California law requires that every
arrest made for violation of California Penal Code Section 25850 (and other
weapons statutes) be reported to Defendant HARRIS.  It is a simple matter for
Defendant HARRIS to provide PLAINTIFF and the Court with an electronic copy
of the database.  PLAINTIFF has videos of both California Penal Code Section
25850 and the Redondo Beach City ordinances being enforced against PLAINTIFF
and others across the state.  There are numerous emails which have been sent to
PLAINTIFF and others threatening enforcement of the city ordinances and video
of the enforcement of the city ordinances prohibiting the carrying of firearms in
public places by the Redondo Beach Defendants as well as their enforcement of PC

25850.  Little, if any, additional discovery will be required from any of the
DEFENDANTS.

39.    PLAINTIFF has a denial in writing from the REDONDO BEACH
DEFENDANTS  of his request for an application and a license to openly carry a
loaded handgun in public.  The City Attorney disputes that his denial is a denial.
He claims that he is prohibited by state law from issuing PLAINTIFF a license
despite his assertion for nearly two years now that he is exempt from state laws
preempting the city from enacting its own laws regulating the carrying of firearms
and despite the fact that the REDONDO BEACH DEFENDANTS continue to
enforce their city ordinances prohibiting the carrying of firearms in open spaces.
The REDONDO BEACH Defendants hide behind state preemption when it comes
to issuing a license to openly carry a loaded handgun but claim they are exempt
from state law regulating the carrying of firearms in order to prohibit PLAINTIFF
and others from lawfully carrying firearms in compliance with state and Federal
law.

40.    Given the extensive written and video evidence.  It is unlikely that
PLAINTIFF will need to require that any of the DEFENDANTS, named or DOES,
be deposed.  This is not a complex case requiring expensive discovery or cost to
DEFENDANTS.

41.    When Defendant OFFICER TODD HEYWOOD enforced California Penal
Code Section 25850 against PLAINTIFF a definite and concrete dispute regarding
the lawfulness of that search and enforcement of that statute came into existence.

42.    When Defendant OFFICER TODD HEYWOOD and DOE Defendants
enforced Redondo Beach City ordinances 4-35.01 and 4-35.20 against PLAINTIFF

and seized PLAINTIFF'S firearm and property, a definite and concrete dispute
regarding the lawfulness of that seizure and enforcement of those city ordinances
came into existence.

43.    In this case, injuries to PLAINTIFF have already occurred, thereby
eliminating any concerns that PLAINTIFF'S fear of enforcement is purely
speculative.

44.    Since the decade of the 1970s to the present day, PLAINTIFF has often
carried a firearm within California in violation of California statutes including, but
not limited to, California Penal Code Section 25850. He has carried firearms
loaded and unloaded.  He plans on carrying a firearm in violation of California
Penal Code Section 25850 and Redondo Beach City Ordinances 1-2.01, 4-35.01
and 4-35.20 every month in the incorporated city of Redondo Beach and other
places in California well into the future.  PLAINTIFF will continue to violate both
the state statues and city ordinances at issue for as long as he is physically able to
carry a loaded and/or unloaded firearm in violation of California statutes and city
ordinances which prohibit the carrying of firearms.

45.    PLAINTIFF will carry a firearm, in violation of the statutes at locations
wherever he happens to be in the state of California at the time, with the exception
of "sensitive places" (schools and government buildings) PLAINTIFF plans on
carrying a firearm in violation of the state statutes and city ordinances at issue.

46.    Sensitive places are schools and government buildings where the carrying of
firearms is prohibited by law. In other than these two sensitive places, PLAINTIFF
plans on carrying a firearm for the purpose of self-defense and other lawful
purposes within and throughout the State of California in violation of California

Penal Code Section 25850 and other California statutes which prohibit the carrying

of firearms in public places.  Although PLAINTIFF will not physically resist, he

will continue to refuse "...to allow a peace officer to inspect a firearm pursuant to

California Penal Code Section 25850.

## FACTS – Defendant CITY OF REDONDO BEACH

47.    Defendant CITY OF REDONDO BEACH has an ordinance prohibiting the

carrying of firearms in "parks" which, according to its City Attorney, includes all

Open spaces in the City.  Defendant claims that it is not bound by state law

preempting local governments from regulating the carrying of firearms.  The

Redondo Beach City ordinance reads in full:

"4-35.20 Weapons and explosives in parks.

(a)  It shall be unlawful for any person to use, carry, fire or discharge any

firearm, air gun, paint gun, BB gun, slingshot, archery device of any kind, or any

other form of weapon across, in or into a park. This subsection shall not apply to

law enforcement officers.

(b)  It shall be unlawful for any person to carry, ignite or discharge any

fireworks or explosives of any kind across, in or into any park. This subsection

shall not apply to law enforcement officers. (§ 1, Ord. 3051 c.s., eff. June 18,

2010)"

48.    Defendant CITY OF REDONDO BEACH broadly defines "Park" to include

any "open space." The Redondo Beach City ordinance reads in full:

"4-35.01 Definitions.

"Park" shall mean any publicly owned or leased property established, designated,

maintained, or otherwise provided by the City for recreational use or enjoyment,

including, but not limited to, any public areas located within or directly adjacent to

such property such as picnic areas, playgrounds, sports fields, athletic fields, sports

courts, trails, walkways, pathways, gardens, parking lots, parkettes, aquatic centers, skateboard parks, community centers, senior centers, land designated by the City as parkland or open space, landscaped or planted areas, and other buildings or structures. The term "park" shall not include the beach as defined in Section 5-8.01(a)(1) of this Code."

49.   The City Attorney for Redondo Beach has stated that the ban on weapons in parks applies to all open space in the city.  See attached Exhibit 1-2 beginning at 3:53 into the video.

50.   A violation of the ordinance is punishable as a misdemeanor.  The Redondo Beach City ordinance reads in part:

"1-2.01 General penalties: Continuing violations.

(a)   A violation of any provision, or the failure to comply with any of the provisions of this Code or of any code adopted by this Code by reference shall be a misdemeanor unless otherwise made an infraction pursuant to subsection (b) of this section or Section 1-2.03. Each person violating any provision, or failing to comply with any of the provisions of this Code or of any code adopted by this Code by reference shall be guilty of a separate offense. Each day or portion thereof during which any violation of any provision of this Code, or of any code adopted by this Code by reference is committed or permitted shall constitute a separate offense.

(b)   A violation of any of the following provisions of this Code, may be charged by the City Attorney as either a misdemeanor or an infraction:

    ...

    4-35.20(a) Weapons and Explosives in Parks,

    ..."

51.    On Mon, Jul 12, 2010 at 4:17 pm, PLAINTIFF sent an email to the City
Attorney for Defendant City of Redondo Beach which stated in part:
"Mr Webb,
Have you reviewed the United States Supreme Court Heller and McDonald
opinions and communicated to the Redondo Beach Chief of Police those California
Penal Code statutes which are now unenforceable in light of those decisions?
I am requesting a list of those unenforceable statutes and a copy of the
communication."

52.    The City Attorney replied in an email dated Mon, Jul 12, 2010 4:32 pm:
"Mr. Nichols,

I am reviewing the recent Supreme Court decisions and their application to current
laws in California.  However, I must deny your request to receive any legal
memorandums that I have or will send to the Chief of Police that convey my legal
opinions as they are covered by the Attorney/Client privilege.
Mike Webb"

53.    PLAINTIFF replied in an email dated Mon, Jul 12, 2010 4:50 pm which
stated in part:
"If not the actual memorandum, will you be communicating to the public which
statutes the City now considers to be unenforceable?"

54.    The City Attorney retained an attorney from the National Rifle Association,
Carl Dawson Michel – California Bar #144258 to discuss PLAINTIFF'S planned
event for a gathering of Open Carry activists at the Redondo Beach Pier Shopping
Center where PLAINTIFF and others would openly carry firearms.  See Exhibit 1-
2 beginning at 3:53 into the video.

First Amended Complaint           18     Charles Nichols v. Edmund G Brown Jr et al

55.    PLAINTIFF was contacted my Mr. Michel and spoke with Mr. Michel on the phone on Tuesday, July 20, 2010.  The telephone conversation lasted for 24 minutes and 16 seconds.  The call ended at 5:19pm.

56.    Mr. Michel, who was retained by the City Attorney for Defendant CITY OF REDONDO BEACH (See Exhibit 1-2 beginning at 3:53 into the video), affirmed that there was no law which would prevent PLAINTIFF or others from openly carrying unloaded firearms at the Redondo Beach Pier Shopping Center.  Mr. Michel suggested that PLAINTIFF and open carry activists not bring "Black Rifles" as it would generate negative publicity.  PLAINTIFF agreed.  Mr. Michel also suggested that those who attend the event dress in cowboy attire and make it a Western themed event.  PLAINTIFF indicated that he wanted participants to wear everyday street clothing and to go about the Pier Shopping Center as if it were an everyday event.  The event was then scheduled for August 7, 2010 with the concurrence of Mr. Michel on July 20, 2010.

57.    On Wednesday, January 25, 2012, PLAINTIFF spoke with the City Attorney for Redondo Beach on the telephone in a conversation that lasted for thirty minutes and nineteen seconds.  The call ended at 4:14pm.  The City Attorney affirmed that the city ordinance is still being enforced and maintained his position that his city is not preempted by state law from enforcing the city ordinances at issue.

58.    On or about the afternoon of May 21, 2012 the two Redondo Beach City ordinances prohibiting the carrying of firearms in open places was enforced against PLAINTIFF in an open place of the city (a public street) when PLAINTIFF'S firearm, his carrying case for his firearm, padlock and key to his carrying case were seized from PLAINTIFF by Defendant HEYWOOD.  PLAINTIFF was then told by a uniformed DOE DEFENDANT Police Officer that his firearm was being

First Amended Complaint            19      Charles Nichols v. Edmund G Brown Jr et al

seized for violating the Defendant CITY OF REDONDO BEACH ordinances prohibiting the carrying of firearms in open spaces. It is the policy and custom of Defendant CITY OF REDONDO BEACH to violate PLAINTIFF'S Second, Fourth and Fourteenth Amendment Rights guaranteed to him by the United States Constitution.

## FACTS – Defendant REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI

59.    The spokesman for the South Bay Open Carry movement, Harley Green, became embroiled in a dispute over the date scheduled for PLAINTIFF'S Open Carry event to be held at the Redondo Beach Pier Shopping Center. Redondo Beach Police Captain Hink wanted to attend the event but would be on vacation. Captain Hink was assigned by Defendant LEONARDI to handle all issues concerning PLAINTIFF'S planned Open Carry event at the Redondo Beach Pier Shopping Center. Captain Hink wanted to postpone the event to a date when the spokesperson for the South Bay Open Carry Movement, Harley Green, was on vacation. Neither Mr. Hink nor Mr. Green would compromise on the date of PLAINTIFF'S planned event.

60.    PLAINTIFF sent an email to Defendant LEONARDI dated Thu, Jul 29, 2010 7:45 pm which stated:
"Chief Joe Leonardi,

I've bcc'd this inquiry to both Harley Green and his attorney Jason Davis in the hope that each of you will comment so I don't misreport the issue.

It is my understanding that the Redondo Beach Police has taken the position that it is unlawful for persons to openly carry firearms in the

1   Redondo Beach Pier Shopping Center. Is that correct?

2

3   Furthermore, It is my understanding the Redondo Beach Police refuse to identify

4   either the municipal code violation or penal code violation to which those who

5   choose to openly carry firearms at the Pier Shopping Center will be cited/charged

6   with. Is that correct?

7

8   It is also my understanding that Jason Davis has sent a letter to the City to which

9   he has not received a reply.

10  I ask each of you to please clarify the situation.

11

12  regards,

13

14  Charles Nichols"

15

16  61.    Defendant LEONARDI replied in an email dated Thu, Jul 29, 2010 8:00 pm

17  which read in full:

18  "Sir,

19

20  Your points of contact with the City are City Attorney Mike Webb and Captain

21  Jeff Hink.  Your questions and concerns should be directed to the proper authority,

22  City Attorney Mike Webb.

23

24  Joe Leonardi"

25

26  62.    PLAINTIFF replied to Defendant LEONARDI in an email dated Thu, Jul

27  29, 2010 8:07 pm which read:

28

"If you would be so kind as to provide me with the email address of Captain Jeff Hink I would be happy to contact him.

For the record, I had contacted the City Attorney who deferred the matter to Attorney Chuck Michel who has not replied to my last emails and was "out" on the Friday he asked me to call him.

I would also note that unless the City Attorney or his designee intends on making citizens arrests on August 7th, the City's Law enforcement agency is an appropriate contact for the questions I just posed.

regards,

Charles Nichols"

63.    Defendant LEONARDI replied in an email dated Fri, Jul 30, 2010 7:32 am which read in full:

"http://www.redondo.org/depts/city_attorney/default.asp

The City Attorney's Office represents and advises the City Council, City Officials, and employees in all matters of law pertaining to their respective offices and or duties. Further, the City Attorney represents the City in all Civil Litigation. The office also prosecutes all misdemeanors and those felony cases referred back to the City Attorney's Office from the District Attorney.

Mission Statement
To protect the public's interest and uphold the law by providing comprehensive professional cost-efficient legal advice and representation for the City with the

objective of avoiding civil litigation whenever possible. Further, to promote the
public's safety by working diligently with law enforcement to aggressively
prosecute all criminal activity within the City's jurisdiction. The City Attorney's
Office conducts business under the directions of the Charter of the City and the
guidelines of the Professional Rules of Conduct established by the California State
Bar."

64.    In an email dated Thu, 05 Aug 2010 17:02:02 -0700 Lieutenant Paul
Wrightsman, Acting Commander of Operations who is a police officer under the
direct control and supervision of Defendant LEONARDI sent the following email
to Mr. Green and cc'd it via email to every member of the South Bay Open Carry
movement who had subscribed to the email distribution list.  PLAINTIFF was
subscribed to the distribution list:

"Subject:    Open Carry in Redondo Beach - update
Date: Thu, 05 Aug 2010 17:02:02 -0700
From: Paul Wrightsman <Paul.Wrightsman@redondo.org>
To:    <email@southbayopencarry.org>
Hi Mr. Green,

I'm Lieutenant Paul Wrightsman, Acting Commander of Operations this week
while Captain Hink is away.  I have read your correspondence and want to throw
out a couple of things.
First, after some research, we have determined that the Redondo Beach Pier (other
than commercial space and parking space) is, in fact, designated "...Parkland and
Recreation...Acreage."  Therefore, carrying a firearm on the Pier (other than on
commercial space and in parking space) would be a violation of Redondo Beach
Municipal Code Section 4-35.20(a).  Access to the commercial space does not

appear feasible without traversing park space which would put you at risk of a
criminal violation if you attempted to do so.

Second, we would like to offer an open line of communication to you or the
designated point-of-contact for your group.  We believe that it would be in the best
interest of public safety to have some dialogue prior to your event.  We are not
sanctioning your event but we are equally interested in your safety as you traverse
our community bearing arms.

 On Saturday, for any emergency, dial 9-1-2; our dispatchers will be briefed on
your presence.  Your contact for administrative purposes will be Sergeant Saucedo.
Sergeant Saucedo can be reached at (310) 379-2477 Ext. 2340.

If you have any additional questions or wish to contact me prior to Saturday, please
do not hesitate.


Sincerely,


================================

Lieutenant Paul Wrightsman
Redondo Beach Police Department
Division Commander, Patrol "A"
Office (310) 379-2477 Ext. 2334
Fax (310) 372-0167"


65.    PLAINTIFF arrived at the Redondo Beach Pier Shopping Center on or about
the morning of August 7, 2010.  He left his handgun in his motor vehicle which
was parked in the parking structure adjacent to the Redondo Beach Pier Shopping
Center (a violation of the city ordinances) so that he could warn any Open Carry
activists who had not been informed of the threat of arrest made by Defendant

LEONARDI and his subordinate for violating the city ordinances at issue.  The
rendezvous point was inside of the Redondo Beach Pier Shopping Center.

66.    Upon his arrival, PLAINTIFF was met by approximately five uniformed
Redondo Beach Police Officers and two plain clothes detectives who were
identified as such by Defendant HEYWOOD." PLAINTIFF recorded the
encounter on video but is unable to clearly make out the names of the uniformed
police officers and plain clothes detectives Defendant HEYWOOD subsequently
identified other than that of an Officer Martinez (sp?).

67.    Officer Heywood stated that **"You have to understand that a lot of our
direction comes from the City Attorney and Chief of Police...this is the
direction of the City Attorney and the Chief...and we can't get away from any
direction we have been given by the City Attorney and the Chief of Police..."**
"It is what it is." "...whether we agree with uh...parklands or not...it's been
decided, at least for us." See attached Exhibit 1-3.

68.    PLAINTIFF and several other Open Carry activists were then escorted by
Redondo Beach Police Officer Heywood and at least two other officers as they
attempted to identify where one would be in violation of the city ordinances.  In
response to questions posed by PLAINTIFF and others the police officers indicated
that the mere possession of a firearm on the pier was prohibited and therefore
PLAINTIFF was prohibited from transporting an unloaded firearm in a locked
container which is the lawful manner of transport under state law through
prohibited areas such as school zones.  The police officers did not know whether or
not the privately owned marinas adjacent to the pier also fell within the city
ordinance prohibiting the carrying of firearms.  See attached Exhibit 1-4.

First Amended Complaint                  25     Charles Nichols v. Edmund G Brown Jr et al

69.    PLAINTIFF has a nephew who has a sailboat at one of the marinas adjacent to the pier. PLAINTIFF'S nephew has stated that PLAINTIFF may use the sailboat anytime he wishes. The plain text of the city ordinances does not clearly define what a "park" is exactly. Under the plain text of ordinance 4-35.01 which clearly states that its ordinance includes, but is not limited to "…land designated by the City as parkland or open space…" and "public areas located within or directly adjacent to such property…" Inasmuch as the marinas are directly adjacent to the Redondo Beach Pier they would seem to be "parks" under the city ordinances and PLAINTIFF is therefore prohibited from even transporting an unloaded firearm in a fully enclosed locked container to the sailboat in the marina.

70.    Redondo Beach Police officers then proceeded to enforce Penal Code Section 25850 against PLAINTIFF'S fellow Open Carry activists who were openly carrying firearms. While these officers were enforcing the statute PLAINTIFF engaged in what began as an amicable conversation with Redondo Beach Police Officer Martinez (sp?). See attached Exhibit 1-5

71.    PLAINTIFF mentioned to Officer Martinez that he had injured his back in a riding accident when he lived in Oregon and spent nearly five years virtually bedridden as a result. PLAINTIFF then proceeded to explain why their city ordinances and their enforcement of the city ordinances and their enforcement of Penal Code Section 25850 are unconstitutional. PLAINTIFF also stated to Officer Martinez(sp?) that it is unconstitutional to search a firearm for a serial number pursuant to Arizona v. Hicks, 480 U.S. 321 (1987). Officer Martinez then told PLAINTIFF in words to the effect that "If I saw someone openly carrying a firearm that I didn't know, like you, I would force him to the ground, handcuff him, put my knee in his back, take his wallet, run a check on him and then only after I

was satisfied that the firearm was registered and there were no warrants for his arrest would I let him go."

72.     Officer Martinez, having threatened enforcement of Penal Code Section 25850 against PLAINTIFF in a manner which would very likely result in great bodily harm to PLAINTIFF and which is a manner prohibited by both state and Federal law, PLAINTIFF declined to test Officer Martinez' threat and left his handgun in his motor vehicle in the parking structure adjacent to the Redondo Beach Pier Shopping Center.  A location which is prohibited by the plain text of the city ordinances.

73.     PLAINTIFF has subsequently violated the city ordinances at issue on a number of occasions and continues to do so to this present day.  PLAINTIFF will continue to violate the city ordinances at issue on the 7th day of every month.

74.     Defendant LEONARDI has personally, and through his subordinates under his direct control and supervision, threatened enforcement and/or enforced both the city ordinances at issue as well as California Penal Code Section 25850.  The ordinances and the state statute are all punishable as a criminal misdemeanor. Penal Code Section 25850 is also punishable as a felony.  If PLAINTIFF were convicted of a felony violation of California Penal Code Section 25850 he could be prohibited from purchasing, receiving, owning, or possessing a firearm for life.

75.     On Friday, May 11, 2012 at 7:43 am PLAINTIFF sent an email to Defendant LEONARDI through his attorney which read in full:
"Hi Mike,

First Amended Complaint              27     Charles Nichols v. Edmund G Brown Jr et al

1  Although I'm not an attorney I'm going to proceed on the assumption that I cannot

2  contact Chief Leonardi except through his attorney, which is you. If I am mistaken,

3  please inform me and forward the following to Chief Leonardi.

4  I will be openly carrying a long gun through the Redondo Beach Pier Shopping

5  Center between May 21st and 24th. Assuming that I make it through the shopping

6  center without being arrested, I will then proceed to openly carry a long gun

7  through a place which is actually covered by the plain text of your city ordinance, a

8  park.

9  Inasmuch as I have never consented to a PC12031(e) "e-check" (renumbered to PC

10  25850(b)) I intend to refuse yet again. However, like last time, I will not physically

11  resist.

12  Unlike the departed but unlamented Harley Green, I have no wish to get into a

13  "dick swinging" contest. I would like to proceed in this as peaceably as possible. I

14  have lined up a bail bondsman and would like to coordinate the exact day and time.

15

16  regards,

17

18  Charles Nichols"

19

20  76.    In an email dated Monday, May 14, 2012 at 3:25 pm Defendant

21  LEONARDI's attorney replied via email:

22  "Hello Mr. Nichols,

23  I will discuss with Chief Leonardi and respond before the end of the week given

24  your stated time frame.

25  Mike Webb"

26

27  77.    In an email dated Saturday, May 19, 2012 4:31 pm Defendant LEONARDI's

28  attorney sent the following email to PLAINTIFF which read in full:

"Thank you for the notice.  I have provided the information to the appropriate members of the Redondo Beach Police Department."

78.    On or about the afternoon of May 21, 2012 Redondo Beach Police Officers under the direct control and supervision of Defendant LEONARDI and by his personal order, enforced the two Redondo Beach City ordinances prohibiting the carrying of firearms in open places against PLAINTIFF when PLAINTIFF was in an open place of the city (a public street).  PLAINTIFF'S firearm, his carrying case for his firearm, padlock and key to his carrying case were seized from PLAINTIFF who was then told by a uniformed DOE Defendant Police Officer that his firearm was being seized for violating the Defendant CITY OF REDONDO BEACH ordinances 4-35.01 and 4-35.20.  PLAINTIFF'S firearm, carrying case, padlock and key were in fact seized by Redondo Beach police officers who are under the direct control and supervision of Defendant LEONARDI.  Said enforcement of the city ordinances was a result of Defendant LEONARDI's personal involvement and direction.

79.    On or about the afternoon of May 21, 2012 Redondo Beach Police Officers under the direct control and supervision of Defendant LEONARDI enforced California Penal Code Section 25850 against PLAINTIFF when Defendant HEYWOOD took PLAINTIFF'S firearm and inspected the firearm to see whether or not it was loaded.  PLAINTIFF did not consent to the inspection.  PLAINTIFF clearly stated his refusal to consent to the inspection of his firearm.  Refusal to consent to an inspection of his firearm to see if it was loaded was a violation of California Penal Code Section 25850.

80.    On Thursday, May 17, 2012 at 12:06 pm PLAINTIFF requested an application and a license to openly carry a loaded handgun in public in an email to

First Amended Complaint                29    Charles Nichols v. Edmund G Brown Jr et al

1 Captain Jeff Hink of the Redondo Beach Police Department. On Thursday May
2 17, 2012 at 1:40 pm PLAINTIFF relayed his request to Defendant LEONARDI
3 through his attorney, Michael Webb, the City Attorney for Redondo Beach. On
4 Thursday, May 17, 2012 at 3:42 pm Redondo Beach Police Captain Jeff Hink
5 replied via email to PLAINTIFF'S request for an application and license to openly
6 carry a loaded handgun stating that "The City Attorney will be responding to you
7 regarding your inquiry."

8

9 81.    In an email dated Monday, May 21, 2012 6:37 pm Defendant LEONARDI,
10 through his attorney, sent PLAINTIFF the following email which reads in full:
11 "Mr. Nichols:

12

13 The Police Chief for the City of Redondo Beach is unable to fulfill your May 17,
14 2012 request for "an application and a license to openly carry a loaded handgun in
15 public."
16 The reasons are twofold.
17 First, the City of Redondo Beach is prohibited by California law from issuing a
18 license to carry a handgun openly. California Penal Code section 26155(b)(2)
19 provides, in relevant part, that the chief of police may only issue a license to carry
20 a handgun "loaded and exposed " where "the population of the county in which the
21 city is located is less than 200,000 persons according to the most recent federal
22 census." The City of Redondo Beach is part of Los Angeles County, which has a
23 population well exceeding 200,000 people.
24 Additionally, even if the City of Redondo Beach were legally able to issue licenses
25 to carry a handgun openly, it is still limited to issuing licenses to carry handguns to
26 residents of the City. (See California Penal Code section 26155(a)(3).) It is our
27 understanding, based on the complaint you recently filed against the City of
28 Redondo Beach, that you are a resident of Lawndale, not Redondo Beach. As

First Amended Complaint              30     Charles Nichols v. Edmund G Brown Jr et al

1  such, California law prohibits the City of Redondo Beach from issuing you any

2  license to carry a handgun.

3

4  Mike Webb"

5

6  82.    Defendant LEONARDI acted under color of law to deprive PLAINTIFF of

7  his Federal Constitutional or statutory rights.  Defendant LEONARDI'S conduct

8  caused a deprivation of PLAINTIFF'S constitutional or statutory rights. Defendant

9  LEONARDI personally participated in the deprivation of PLAINTIFF'S

10  constitutional or statutory rights when Defendant LEONARDI directed police

11  officers under his direct supervision and control to enforce the Defendant CITY

12  OF REDONDO BEACH ordinances 4-35.01 and 4-35.20 against PLAINTIFF and

13  to seize his lawfully carried firearm.  By instructing officers under his direct

14  control and supervision to enforce Defendant CITY OF REDONDO BEACH

15  ordinances 4-35.01 and 4-35.20 against PLAINTIFF and others, Defendant

16  LEONARDI is culpable.

17

18  83.    Defendant LEONARDI'S culpable actions as well as his inaction in the

19  training, supervision, or control of his subordinates, his acquiescence and personal

20  participation in the constitutional deprivations of which the complaint is made, and

21  conduct that showed a reckless or callous indifference to the rights of PLAINTIFF

22  and others makes Defendant LEONARDI a proper defendant to this suit.

23  Defendant LEONARDI exceeded his authority under state and Federal law and

24  deprived PLAINTIFF of his constitutional or statutory rights.  It is the policy and

25  custom of Defendant LEONARDI to violate PLAINTIFF'S Second, Fourth and

26  Fourteenth Amendment Rights guaranteed to him by the United States

27  Constitution.  Defendant LEONARDI acted under color of law.  Defendant

28  LEONARDI acted with malice.

First Amended Complaint                    31       Charles Nichols v. Edmund G Brown Jr et al

## FACTS – Defendant OFFICER TODD HEYWOOD

84.    On or about the afternoon of May 21, 2012 Defendant HEYWOOD seized
PLAINTIFF'S firearm when PLAINTIFF violated Defendant CITY OF
REDONOD BEACH ordinances 4-35.01 and 4-35.20 which prohibit the carrying
of firearms in pubic spaces.  After Defendant HEYWOOD enforced California
Penal Code Section 25850 upon PLAINTIFF, Defendant HEYWOOD seized
PLAINTIFF'S firearm.  Defendant HEYWOOD knew, or reasonably should have
known that PLAINTIFF was exercising his constitutional right to openly carry a
firearm guaranteed by the Second Amendment of the United States Constitution
and that PLAINTIFF had, and has, a Constitutional Right under the Fourth
Amendment of the United States to be free from unreasonable searches and
seizures.  Defendant HEYWOOD knew, or reasonably should have known, that the
state of California had preempted him and his city from enacting its own
ordinances regulating the carrying or possession of firearms.  Defendant
HEYWOOD had from August 7, 2010 when PLAINTIFF personally informed
Defendant HEYWOOD that his actions were unlawful to, on or about, the
afternoon of May 21, 2012, to apprise himself of the law but either did not do so,
or knew that his enforcement of the city ordinances was unlawful but chose instead
to violate the law and to deprive PLAINTIFF of his constitutional or statutory
rights, his property and the means of exercising his Second Amendment rights –
his firearm.  PLAINTIFF had no other firearm in his possession.  Defendant
HEYWOOD acted under color of law.  It is the policy and custom of Defendant
HEYWOOD to violate PLAINTIFF'S Second, Fourth and Fourteenth Amendment
Rights guaranteed to him by the United States Constitution.  Defendant
HEYWOOD acted under color of law.  Defendant HEYWOOD acted with malice.

85.    Defendant HEYWOOD knew, or reasonably should have known that
PLAINTIFF was exercising his constitutional right to openly carry a firearm

guaranteed by the Second Amendment of the United States and that PLAINTIFF had, and has, a Constitutional Right under the Fourth Amendment of the United States to be free from unreasonable searches and seizures and that the United States Supreme Court had applied the Second Amendment of the United States to all state and local governments in June of 2010. PLAINTIFF personally informed Defendant HEYWOOD of this on or about August 7, 2010.

86.    On or about May 21, 2012 Defendant HEYWOOD enforced California Penal Code Section 25850 against PLAINTIFF when he took PLAINTIFF'S firearm from PLAINTIFF to inspect it to see if it was unloaded, an act which is optional under state law and prohibited under the Second and Fourth Amendments of the United States Constitution. Defendant HEYWOOD then seized PLAINTIFF'S firearm which subsection (b) of Penal Code Section 25850 does not allow and which is prohibited by the Second and Fourth Amendments of the United States Constitution. Defendant HEYWOOD exceeded his authority under state and Federal law and deprived PLAINTIFF of his constitutional or statutory rights under Federal law, his property and the means of exercising his Second Amendment rights – his firearm. PLAINTIFF had no other firearm in his possession.

87.    Defendant HEYWOOD's culpable actions or inactions make him a proper party to this suit.

## SCOPE OF REQUESTED INJUNCTIVE RELIEF

88.    This case involves the application of well-developed law. The scope of the requested injunctive relief naturally depends on the relief granted by this court. Relief is not sought against any Federal law regulating the carrying or possession of firearms and so those innumerable laws remain unaffected. An injunction against just the Redondo Beach ordinances leaves over 30,000 lines of state

statutes regulating the carrying, types of, or possession of firearms also unaffected. If PLAINTIFF is granted a license to openly carry a loaded, holstered handgun then he would be able to lawfully carry a loaded, holstered handgun openly everywhere it is now legal to carry a loaded handgun concealed pursuant to the statutes regulating the carrying of a concealable firearm.  An injunction against California Penal Code Section 25850 would not affect any other state statute including California's Gun Free School Zone Act which prohibits the carrying of firearms within 1000 feet of a K-12 public or private school (a textbook case of the overbreadth doctrine).  In urban areas there are very few places which do not fall within a so-called gun free school zone.  Exhibit 2-1 is a map of these gun free school zones for the city of Redondo Beach (city limits outlined in blue) and nearby areas.  The prohibited areas in red do not include all of the other locations where firearms are restricted by state and Federal law such as colleges and government buildings. Neither does it include privately owned residential or commercial property where Plaintiff does not have lawful permission to be. PLAINTIFF would still be prohibited from openly carrying a firearm (loaded or unloaded) without a license in those areas which are otherwise prohibited or restricted by law.  **If an injunction is issued against PC 25850 and no license is issued to Plaintiff.  Plaintiff would merely be able to openly carry a loaded firearm, including a holstered handgun, in the exact places it is now legal for Plaintiff to carry a shotgun or rifle <u>with ammunition readily available under California law</u>.  NO MORE, NO LESS.**  The hardship to PLAINTIFF is potentially his death, certainly his prosecution and imprisonment.  There is no hardship to DEFENDANTS in obeying state and/or Federal law.

## DECLARATIVE AND INJUNCTIVE ALLEGATIONS

89.    If an injunction does not issue enjoining DEFENDANTS from enforcing the challenged statutes, ordinances, customs, policies and practices PLAINTIFF will

be irreparably harmed.  PLAINTIFF has been, is presently, and will continue to be
injured by DEFENDANTS depriving PLAINTIFF of his Second, Fourth and
Fourteenth Amendment rights.  If not enjoined by this Court, DEFENDANTS will
continue to enforce the challenged statutes and/or ordinances as is their customs,
policies and practices in derogation of PLAINTIFF'S Second, Fourth and
Fourteenth Amendment rights.  PLAINTIFF is presently and continuously injured
by the enforcement and/or application of these challenged statutes, ordinances,
customs, policies and practices.  Injunctive relief would eliminate PLAINTIFF'S
irreparable harm and allow PLAINTIFF to possess and carry firearms free from the
unlawful detention, search, arrest, prosecution, imprisonment and seizure of
property in accordance with his rights under the Second, Fourth and Fourteenth
Amendments.  Accordingly, injunctive relief is appropriate.  There is an actual and
present controversy between the parties hereto in that PLAINTIFF contends that
the enforcement and/or application of the challenged statutes, ordinances, customs,
policies and practices against him is unlawful. PLAINTIFF desires a judicial
declaration of his rights and DEFENDANTS' duties; namely, that DEFENDANTS
statutes, ordinances, customs, policies and practices infringes on PLAINTIFF'S
Second, Fourth and Fourteenth Amendment rights and/or prospective injunctive
relief under 42 U.S.C. § 1983.

## FIRST CLAIM FOR RELIEF:
## SECOND AMENDMENT, FOURTH AMENDMENT, FOURTEENTH
## AMENDMENT UNITED STATES CONSTITUTION
## 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
## PLAINTIFF vs DEFENDANT CITY OF REDONDO BEACH

90.    All of the above paragraphs are re-alleged and incorporated herein by
reference.

91.    Redondo Beach City ordinances 35.01 AND 4-35.20 are unconstitutional on their face, and as applied in this case.  Mere possession or carrying of a firearm, (i.e., exercising a fundamental right) when otherwise lawful cannot support the unlawful detention, search, arrest, prosecution, and seizure of a firearm and other property which is lawfully possessed and carried under both state and Federal law. California law preempts local governments from regulating the possession and carrying of firearms.  The Second Amendment guarantees the right to carry a firearm for the purpose of self-defense and for other lawful purposes.

92.    PLAINTIFF requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 that Redondo Beach City ordinances 35.01 AND 4-35.20 are unconstitutional on their face and as applied in this case and are a violation of his Second Amendment Right to Openly Carry a firearm for the purpose of self-defense and for other lawful purposes, a violation of Plaintiff's Fourth Amendment rights from unlawful search and seizure and Plaintiff's Fourteenth Amendment right to equal protection due to DEFENDANT'S officially promulgated policy, custom and/or persistent practice and/or deliberately indifferent training..

## SECOND CLAIM FOR RELIEF:
## SECOND AMENDMENT, FOURTH AMENDMENT, FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION
## 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
## PLAINTIFF vs DEFENDANTS: CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, OFFICER TODD HEYWOOD

93.    All of the above paragraphs are re-alleged and incorporated herein by reference.

94.    PLAINTIFF seeks damages against the Defendants CITY OF REDONDO
BEACH and CITY OF REDONDO BEACH POLICE CHIEF JOSEPH
LEONARDI and Defendant OFFICER TODD HEYWOOD in an amount
according to proof for losses incurred as a result of the warrantless search of
PLAINTIFF'S FIREARM, his detention, search and the subsequent illegal seizure
of his valuable property (firearm, firearm's case, padlock and key); and for
expenditures (fees/costs) associated with the defense of criminal charges due to
their officially promulgated policy, custom and/or persistent practice and/or
deliberately indifferent training.

### THIRD CLAIM FOR RELIEF:
### SECOND AMENDMENT, FOURTH AMENDMENT, FOURTEENTH
### AMENDMENT UNITED STATES CONSTITUTION
### 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
### PLAINTIFF vs DEFENDANT KAMALA D. HARRIS, ATTORNEY
### GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL
### OF CALIFORNIA

95.    All of the above paragraphs are re-alleged and incorporated herein by
reference.

96.    California Penal Code Section 25850 is unconstitutional on its face and as
applied in this case.  Mere possession or carrying of a loaded firearm, (i.e.,
exercising a fundamental right) when otherwise lawful under law cannot support
the unlawful detention, arrest, prosecution, imprisonment or search of a person and
seizure of a firearm when openly carried in non-sensitive public places.  Mere
possession of a firearm, (i.e., exercising a fundamental right) when otherwise
lawful, cannot support a finding of probable cause to believe a crime has been
committed, such that the Fourth Amendment's warrant requirement can be

legislatively disregarded. Openly carrying a loaded firearm in non-sensitive public places of a type in common use for the purpose of self-defense or for other lawful purposes is a right guaranteed by the Second Amendment of the United States Constitution and is a fundamental right which cannot be denied to Plaintiff or the People under the Second and Fourteenth Amendments because PLAINTIFF happens to be in a non-sensitive public place in ALL incorporated cities or in ANY unincorporated county territory where the discharge of a firearm is prohibited.

97.    PLAINTIFF requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 against the Defendant HARRIS to prevent future violations of his constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution while he is exercising his Second Amendment right to openly carry a loaded firearm in non-sensitive places for the purpose of self-defense and for other lawful purposes.    PLAINTIFF desires to exercise his Second Amendment right. PLAINTIFF desires a judicial declaration of his rights and DEFENDANT'S duties; namely, that California Penal Code Section 25850 infringes on PLAINTIFF'S Second, Fourth and Fourteenth Amendment rights and/or prospective injunctive relief under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF:
## SECOND AMENDMENT, FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION
## 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
## PLAINTIFF vs DEFENDANT KAMALA D. HARRIS, ATTORNEY GENERAL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA

98.    All of the above paragraphs are re-alleged and incorporated herein by reference.

99.    California Penal Code Section 26155 is unconstitutional on its face and as
applied in this case to the extent that it restricts licenses to openly carry a loaded
handgun only to persons within counties of a population of fewer than 200,000
persons which is valid only in those counties, to only those residents who reside
within those counties and leaves the issuance of such licenses solely to the
discretion of the issuing authority and prohibiting the issuing authority from
issuing a license to other that a resident of the city, county  or city and county
thereby prohibiting PLAINTIFF from obtaining a license to openly carry a loaded
handgun for the purpose of self-defense afforded to similarly situated persons
which is a violation of PLAINTIFF'S rights under the Second and Fourteenth
Amendments.

100.    PLAINTIFF requests declaratory and/or prospective injunctive relief under
42 U.S.C. § 1983 against the Defendant HARRIS to prevent future violations of
his Second Amendment right to openly carry a loaded, holstered handgun in non-
sensitive public places for the purpose of self-defense and for other lawful
purposes and his Fourteenth Amendment rights to equal protection under the law.

    **WHEREFORE**, the PLAINTIFF requests that this Court:

    A.    Issue a declaratory judgment and/or injunctive relief that Redondo
Beach City ordinances 4-35.01 and 4-35.20 are unconstitutional.

    B.    Issue a declaratory judgment and/or injunctive relief that California
Penal Code § 25850 is unconstitutional.

    C.    Issue a declaratory judgment and/or injunctive relief that California
Penal Code § 26155 is unconstitutional.

    D.    Injunctive relief against ALL DEFENDANTS to prevent future
violations of the Second, Fourth and Fourteenth Amendments.

E.    Damages from CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and OFFICER TODD HEYWOOD in an amount according to proof.

F.    Award costs of this action to PLAINTIFF.

G.    Award reasonable attorney fees and costs to the PLAINTIFF on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Code of Civil Procedure § 1021.5.

H.    Compel the immediate return of Plaintiff's property.

I.    Such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby requests a jury trial on all issues raised in this complaint.

Dated: May 30, 2012                                Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA  90278
Voice: (424) 634-7381
E-Mail:
CharlesNichols@Pykrete.info

First Amended Complaint            40      Charles Nichols v. Edmund G Brown Jr et al