**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 11-9916-SJO-(SS)                            Date: June 27, 2012

Title:       Charles Nichols v. Kamala D. Harris, et al

========================================================================
DOCKET ENTRY:   ORDER CLARIFYING DEADLINE FOR RESPONSE TO FIRST
                AMENDED COMPLAINT
========================================================================

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Jacob Yerke | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:            ATTORNEYS PRESENT FOR
                                             RESPONDENT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS)**

On May 30, 2012, Plaintiff filed a First Amended Complaint ("FAC"). The FAC attached a copy of the summons to be served on Defendants which by its terms required Defendants to respond to the FAC within 21 days after service of the summons. (FAC, Attachment A at 1). The FAC did not include a proof of service; therefore, the Court assumes that Defendants were not served contemporaneously with the filing of the FAC.

On June 19, 2012, Plaintiff filed four proofs of service indicating that "substitute service" pursuant to Federal Rule of Civil Procedure Rule 4 was completed on June 11, 2012 via mail on all four Defendants named in the FAC, i.e., Attorney General Kamala Harris, City of Redondo Beach, and City of Redondo Beach Police Chief Joseph Leonardi, all three of whom had been served with the original Complaint and had previously appeared, (Dkt. Nos. 49-51), and newly-named Defendant Officer Todd Heywood, who had not previously been served and has not yet appeared. (Dkt. No. 48).

Because Plaintiff's summons and manner of service may cause the parties some confusion regarding the deadline for responding to the FAC, the Court sua sponte provides the following clarification.

  First, Plaintiff was not required to follow the procedures under Federal Rule of Civil Procedure 4 when serving Defendants Harris, City of Redondo Beach, and Leonardi, all of whom had already appeared when they filed a Motion to Dismiss the original Complaint. (See Dkt. Nos. 12-13). Rule 4 "governs the commencement of an action and the service of process" and provides that "service [of the summons and complaint] may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected, . . . ; or (2) by delivering a copy of the summons and of the complaint to the individual personally . . . ." Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 999 (9th Cir. 2007) (quoting Fed. R. Civ. P. 4(e) (emphasis added)). Rule 5, however, "governs service of 'every pleading subsequent to the original complaint . . . .'" Id. (quoting Fed. R. Civ. P. 5(a)). Where the court has exercised personal jurisdiction over a defendant who has already appeared, Rule 5 provides that an amended complaint "can be served by various means," including by "[m]ailing a copy to the last known address of the person served . . . ." Id. (quoting Fed. R. Civ. P. 5(b)). Therefore, had Plaintiff simply mailed a copy of the FAC to Defendants Harris, Leonardi and City of Redondo Beach when he filed the FAC, service would have been complete on that date. See id. ("[S]ervice of the amended complaint was complete when plaintiffs sent it via first class mail.").

  Second, Rule 15(a)(3) governs the time in which a previously-served defendant must respond to an amended complaint. It provides: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Because Harris, Leonardi and City of Redondo Beach filed their Motion to Dismiss with fewer that 14 days remaining to respond to the original Complaint, they are entitled to the 14-day default period provided under Rule 15(a)(3) to respond to the FAC. Furthermore, because service of the FAC was effectuated by mail, these Defendants are entitled to an additional three days pursuant to Rule 6(d). Consequently, because Plaintiff's proof of service indicates that he placed copies of the FAC in the United States mail on June 11, 2012, Harris, Leonardi and City of Redondo Beach would normally be required to file a response on or before June 28, 2012. However, to account for any confusion caused by the unnecessary summons attached to the FAC, the Court extends the deadline by one day and ORDERS Harris, Leonardi and City of Redondo Beach to file a response to the First Amended Complaint by **Friday, June 29, 2012**.

  Because Defendant Heywood had not previously been served and has not yet appeared, however, service of the FAC under Rule 4 was appropriate as to him. Accordingly, the Court anticipates that Heywood will file a response within the 21-day period provided under Rule 12(a)(1)(A)(i).

_____ : _____

MINUTES FORM 90
CIVIL-GEN                                       Initials of Deputy Clerk _____jy