T. PETER PIERCE (Bar No. 160408)
ppierce@rwglaw.com
LISA BOND (Bar No. 172342)
lbond@rwglaw.com
AARON C. O'DELL (Bar No. 281851)
Ao'dell@rwglaw.com
RICHARDS, WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone: 213.626.8484
Facsimile: 213.626.0078

Attorneys for Defendants
CITY OF REDONDO BEACH, JOSEPH LEONARDI and TODD HEYWOOD

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHARLES NICHOLS,

Plaintiff,

vs.

KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, OFFICER TODD HEYWOOD and DOES 1 to 10,

Defendants.

Case No. CV-11-9916 SJO (SS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**(Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(e))**

**[NOTICE OF MOTION, DECLARATION OF LISA BOND AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**

Date: July 31, 2012
Time: 10:00 a.m.
Ctrm: 23

Action Filed: November 30, 2011

Magistrate: Hon. Suzanne H. Segal

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1

II. STATEMENT OF FACTS ... 3

III. ARGUMENT ... 4

A. Pursuant to *Younger*, This Court Should Abstain from Exercising Jurisdiction Over the Subject Matter Presented in This Action ... 4

1. Standards for a Motion to Dismiss Pursuant to *Younger* ... 4

a. Ongoing State Judicial Proceedings ... 5

b. Important State Interests ... 5

c. Opportunity to Raise Federal Question in State Proceeding ... 6

2. There Are Ongoing State Judicial Proceedings Against Plaintiff Involving the Same Subject Matter as This Action ... 6

3. The State Proceeding Against Plaintiff Implicates the Important State Interest of Criminal Justice Administration ... 7

4. The State Proceedings Provide Plaintiff Adequate Opportunity to Raise His Constitutional Challenges ... 7

5. *Younger*'s Application Requires Dismissal of Plaintiff's Claim for Declaratory and Injunctive Relief and a Stay on His Claim for Damages ... 8

B. Chief Leonardi, Heywood and Officer Doe Have Qualified Immunity ... 8

C. Plaintiff Lacks Standing to Bring This Lawsuit ... 10

D. Plaintiff Has Failed to Allege Facts Sufficient to State a Claim for Relief ... 10

E. The First Amended Complaint Fails to Comply with Federal Rule of Civil Procedure 10(b), Making It Subject to a Motion for More Definite Statement ... 13

F. Compliance with Local Rule 7-3 ... 13

IV. CONCLUSION ... 14

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987)....................9

*Anderson v. District Bd. of Trustees of Central Florida Comm. College*, 77 F. 3d 364 (11th Cir. 1996)....................13

*Ashcroft v. al-Kidd*, 2011 U.S. LEXIS 4021, 131 S. Ct. 2074 (2011)....................9

*Attorney General v. Irish People, Inc.*, 684 F.2d 928 (D.C.Cir. 1982)....................12

*Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983)....................5

*Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613 (9th Cir. 2003)....................6

*Beltran v. State of California*, 871 F.2d 777 (9th Cir. 1988)....................2, 5

*District of Columbia v. Heller*, 554 U.S. 570 (2008)....................9, 10, 11

*Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218 (9th Cir. 1994)....................4

*Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir. 1995)....................12

*Gibson v. Berry Hill*, 411 U.S. 564 (1973)....................5, 8

*Gilbertson v. Albright*, 381 F. 3d 965 (9th Cir. 2004)....................5, 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)....................8

*Hicks v. Miranda*, 422 U.S. 332 (1975)....................5, 7

*Juidice v. Vail*, 430 U.S. 327 (1977)....................6

*Les Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504 (9th Cir. 1989)....................8

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-ii-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
R6900-0001\1470748v4.doc

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Mandel v. Bradley*,
432 U.S. 173 (1977)....................5

*McDonald v. City of Chicago*,
210 U.S. LEXIS 5523, 130 S. Ct. 3020 (2010)....................9, 10

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982)....................4, 6

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989)....................8

*Moore v. Sims*,
442 U.S. 415 (1979)....................7

*Pearson v. Callahan*,
555 U.S. 223 (2009)....................8

*Pennzoil Co. v. Texaco, Inc.*
481 U.S. 1 (1987)....................6, 7

*Polykoff v. Collins*,
816 F.2d 1326 (9th Cir. 1987)....................5

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996)....................8

*United States v. Masciandaro*,
638 F.3d 458 (4th Cir. 2011)....................11

*Williams v. State of Maryland*,
10 A.3d 1167, 417 Md. 479 (Md. 2011)....................11

*Woodfeathers, Inc. v. Washington County, Oregon*,
180 F.3d 1017 (9th Cir. 1999)....................4

*Younger v. Harris*,
401 U.S. 37 (1971)....................2, 4, 5, 6, 7, 8, 14

**Statutes**

Federal Rule of Civil Procedure 12(e)....................1

Federal Rule of Civil Procedure 12(b)(6)....................1, 3

Federal Rule of Civil Procedure 12(b)(1)....................1, 3

Federal Rule of Civil Procedure 10(b)....................13

Central District Local Rule 7-3....................13

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

R6900-0001\1470748v4.doc

RW SG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

28 U.S.C. Section 1367(c)(3) ........ 8

Municipal Code section 4-25.01 ........ 3

Municipal Code section 4-35.01 ........ 1

Municipal Code section 4-35.20 ........ 1

Municipal Code section 35.01 ........ 1

Penal Code Section 26350 ........ 10

## Other Authorities

5A Wright & Miller, Federal Practice and Procedure § 1393 (2nd Ed. 1990) ........ 5

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

Defendants City of Redondo Beach, City of Redondo Beach Police Chief Joseph Leonardi, and Todd Heywood (collectively "Redondo Beach Defendants") hereby submit this memorandum of points and authorities in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), or, alternatively, motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Since the time this Court granted the City's motion to dismiss the original complaint filed in this action, *pro se* Plaintiff Charles Nichols ("Plaintiff" or "Mr. Nichols") entered a Redondo Beach public park carrying an unloaded rifle with ammunition taped to it and other related items, in an apparent attempt to perfect his standing to keep the Redondo Beach Defendants as parties to this lawsuit.

Redondo Beach police officers stopped Mr. Nichols and seized his rifle and related property, believing him to be in violation of the City's Municipal Code section 4-35.20, which prohibits possession of firearms in its public parks (the "Ordinance"). Shortly thereafter, Plaintiff filed a First Amended Complaint, alleging that the Ordinance is unconstitutional on various grounds, that its enforcement against him violated his rights, and that he is therefore entitled to damages associated with the seizure of his rifle and related items.[1]

[1] In his First Amended Complaint, Plaintiff also appears to challenge Redondo Beach City Municipal Code section "35.01," but no such section exists. Assuming Plaintiff is referring to section 4-35.01 of the Municipal Code, that section merely provides definitions and does not restrict any activity. Since Plaintiff has failed to explain how the mere existence of definitions violate the rights he asserts in his first claim for relief, any claim to be construed against Redondo Beach City Municipal Code section 4-35.01 should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

The City is currently charging Mr. Nichols with criminal violation of the Ordinance for the same incident of carrying the rifle into its public park. With this lawsuit, Mr. Nichols is therefore necessarily asking this Court to interfere with the ongoing state court criminal prosecution of him by the City, captioned *People v. Nichols* (Los Angeles Superior Court) and set for arraignment on July 25, 2012. In light of this, the Court should dismiss Plaintiff's challenge to the City's ordinance pursuant to the doctrine of *Younger* abstention. *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention embodies a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. [Citation.]" *Beltran v. State of California*, 871 F.2d 777, 781 (9th Cir. 1988) (internal quotation omitted).

Moreover, jurisdiction by this Court over Plaintiff's second claim for relief for damages depends on resolution of his state criminal proceeding. Before this Court can assert jurisdiction, the state court system must first determine whether the City's ordinance is lawful under the United State Constitution and, if so, whether it is lawful under California law (to the extent Plaintiff is asserting a state preemption claim here). Until then, it is not proper for this Court to address Plaintiff's claim for damages, and those claims should be stayed.

In any event, Plaintiff's claim for damages against the individual Redondo Beach police officers he names as defendants must be dismissed. Even if those individuals are found to have violated Plaintiff's constitutional rights by seizing his rifle (which they do not concede), they are entitled to qualified immunity for doing so. Whether the Ordinance violates the Second Amendment is by no means clearly established under the law, such that a reasonable officer would know so.

Additional grounds for granting the motion to dismiss include (1) Plaintiff lacks standing; and (2) Plaintiff has failed to allege facts sufficient to state claims for relief.

RW SG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## II.

## STATEMENT OF FACTS

Plaintiff Charles Nichols filed his original complaint *pro se* in this action on November 30, 2011, challenging both state laws and City of Redondo Beach Municipal Code section 4-25.01. Upon motion by the City pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), this Court dismissed that complaint without prejudice as to defendants the City of Redondo Beach and Redondo Beach Chief of Police Joseph Leonardi, and with prejudice as to the Redondo Beach Police Department, for lack of standing and failure to state a claim upon which relief can be granted. (See Order Accepting Findings, Conclusions and Recommendations of U.S. Magistrate Judge, 2-3, May 7, 2012.)

Mr. Nichols notified the City of his intent to carry an unloaded "long-gun" in public within the City of Redondo Beach at some time between May 21 and May 24, 2012. Per his notification, on May 21, 2012, Mr. Nichols appeared in public within the City's limits carrying an unloaded rifle. Peace officers for the City of Redondo Beach, including named defendant Todd Heywood, observed Mr. Nichols and followed him as he walked through public areas.

Upon Mr. Nichols entering a City of Redondo Beach public park, police officers approached him and informed him that he was violating City law. The officers seized Mr. Nichols' rifle and related property, and they informed him that they would be filing a report with the Redondo Beach City Prosecutor's Office for determination of whether criminal charges should be filed.

Thereafter, on May 30, 2012, Mr. Nichols filed a First Amended Complaint in this action. The First Amended Complaint adds a challenge to the City's Ordinance against carrying firearms in a public park (and its ordinance defining certain terms, including "park"). Mr. Nichols' amended claims seem to be mostly based on the seizure of his rifle by the City's police officers in a public park, but include a facial challenge to the City's Ordinance on various constitutional grounds. Mr. Nichols

RWG RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

also added as a defendant the City's police officer who seized his rifle. He additionally seeks monetary damages from them and the City for the seizure of his rifle and related items.

Shortly thereafter, prosecutors for the City filed misdemeanor charges against Mr. Nichols for violation of the City's Ordinance challenged in this lawsuit, based on his actions on May 21, 2012, when he entered a public park carrying an unloaded rifle.

## III.

## ARGUMENT

### A. Pursuant to *Younger*, This Court Should Abstain from Exercising Jurisdiction Over the Subject Matter Presented in This Action

Under the doctrine of *Younger* abstention, this Court should refrain from exercising jurisdiction as to Plaintiff's claims for relief asserted against the Redondo Beach Defendants here because there is a state court criminal proceeding currently pending against Plaintiff for his actions that form the basis of those claims. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Based on the notion of comity, *Younger* and its progeny "'espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Woodfeathers, Inc. v. Washington County, Oregon*, 180 F.3d 1017, 1020 (9th Cir. 1999) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

#### 1. Standards for a Motion to Dismiss Pursuant to *Younger*

The Ninth Circuit has held that *Younger* abstention is generally required where (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise the federal questions. *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). Where a claim meets the criteria for a *Younger* abstention,

RWG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

jurisdiction over the subject matter cannot be retained absent extraordinary circumstances (*Beltran v. State of California*, 871 F.2d 777, 781 (9th Cir. 1988)), or where the state proceeding is in bad faith or for harassment (*Younger*, 401 U.S. at 54).

If a court lacks subject matter jurisdiction over a claim, the claim must be dismissed. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction"); 5A Wright & Miller, Federal Practice and Procedure § 1393 (2nd Ed. 1990). So, once it has been determined that the *Younger* abstention doctrine applies, a federal court is required to dismiss any claim for declaratory or injunctive relief (*Gibson v. Berry Hill*, 411 U.S. 564, 577 (1973)) and to stay any claim for damages pending resolution of the state court proceeding (*Gilbertson v. Albright*, 381 F. 3d 965 (9th Cir. 2004)).

**a. Ongoing State Judicial Proceedings**

Under the first prong of the *Younger* abstention test, "[w]hether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings." *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987). Rather, this prong is satisfied as long as the state court proceedings are initiated "before any proceedings of substance on the merits have taken place in the federal court," even where the state proceedings are initiated *after* the filing of a federal complaint. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975), overruled on other grounds in *Mandel v. Bradley,* 432 U.S. 173 (1977).

**b. Important State Interests**

*Younger* abstention is required when the state proceeding "implicates important state interests." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004). "The importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's

RWG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003). "Whether the state proceedings are 'judicial in nature' . . . also plays a role in assessing the significance of the state interest." *Id.* at 618. Proceedings "which are judicial in nature are the type of proceeding that does implicate an important state interest." *Gilbertson*, 381 F.3d at 977 (citations omitted).

**c. Opportunity to Raise Federal Question in State Proceeding**

All that is required to satisfy the third prong of *Younger* is that an opportunity to raise the federal questions be available at some point in the state proceedings. *Juidice v. Vail*, 430 U.S. 327, 337 (1977). "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of constitutional claims.' [Citation.]" *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal citations omitted). The burden is on the plaintiff seeking to avoid abstention to show that state procedural law bars presentation of the plaintiff's federal claims in the state proceeding. *Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 15 (1987). Moreover, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 15.

**2. There Are Ongoing State Judicial Proceedings Against Plaintiff Involving the Same Subject Matter as This Action**

Though Plaintiff filed his First Amended Complaint shortly before the City formally charged him in state court for violation of the Ordinance, this Court has not yet considered the substantive merits of Plaintiff's claims.

Because state court criminal proceedings are currently proceeding against Mr. Nichols for violations of the Ordinance that he challenges in his federal action before this Court, and because no proceedings of substance on the merits of his action had taken place prior to Redondo Beach Defendants filing those criminal

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-6-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
R6900-0001\1470748v4.doc

charges against him (and still have not), prong one of *Younger* abstention is satisfied. *Hicks v. Miranda*, 422 U.S. at 349-50.

**3. The State Proceeding Against Plaintiff Implicates the Important State Interest of Criminal Justice Administration**

The United States Supreme Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief. *Younger*, 401 U.S. at 44-45. The Ordinance that Plaintiff challenges here is the basis for the criminal proceedings against him in state court. Since this Court's assertion of jurisdiction over Plaintiff's claims against the Redondo Beach Defendants would generally interfere with the City's administration of its criminal justice system by preventing it from enforcing its lawfully adopted ordinance in a state judicial proceeding, prong two of *Younger* abstention is also satisfied.

**4. The State Proceedings Provide Plaintiff Adequate Opportunity to Raise His Constitutional Challenges**

The third *Younger* prong is also met here. In defending the criminal charges against him, the California Constitution and state law provide Plaintiff with the ability to assert in the state trial court and on appeal that his Second, Fourth, and Fourteenth Amendment rights were violated. *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").

Mr. Nichols therefore cannot meet his burden of showing that there is no opportunity in the state criminal proceedings to raise the federal questions at issue in this action. This Court should assume state procedures will afford Mr. Nichols an adequate opportunity to do so absent evidence to the contrary. *Pennzoil Co. v. Texaco, Inc.*, supra, 481 U.S. at 15.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

### 5. *Younger*'s Application Requires Dismissal of Plaintiff's Claim for Declaratory and Injunctive Relief and a Stay on His Claim for Damages

Because the City is not acting in bad faith or engaging in harassment by prosecuting Plaintiff, and because "extraordinary circumstances" do not exist as to why the *Younger* doctrine should not apply to Plaintiff's claims, for the reasons explained above, Plaintiff's claim for declaratory and injunctive relief as to the Redondo Beach Defendants (first claim for relief) should be dismissed with prejudice. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal"). Likewise, Plaintiff's claim for damages (second claim for relief) should be stayed pending resolution of the state court proceedings. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720-1 (1996).

Moreover, the only basis for federal subject matter jurisdiction over this action are the federal questions presented by Plaintiff's constitutional claims– based on the Second, Fourth, and Fourteenth Amendments. Because this Court should abstain from exercising jurisdiction over Plaintiff's federal claims, to the extent Plaintiff asserts any state law claims (though it is unclear, it appears Plaintiff may be asserting a state preemption claim), pendent jurisdiction over any state claims Plaintiff may assert is not appropriate. *Les Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) ; 28 U.S.C. § 1367(c)(3).

## B. Chief Leonardi, Heywood and Officer Doe Have Qualified Immunity

The doctrine of qualified immunity protects police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231(2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

RW RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

A police officer's "conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 2011 U.S. LEXIS 4021, 131 S. Ct. 2074, 2083 (2011) (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* The *al-Kidd* Court emphasized that "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 2085.

Second Amendment jurisprudence remains in its infancy. The first major United States Supreme Court to construe it was in 2008. *District of Columbia v. Heller*, 554 U.S. 570 (2008). At this point, there is less known about the contours of the right protected by the Second Amendment than what is settled. In fact, it appears that only the following are settled with respect to the Second Amendment: It protects a fundamental right of an individual to possess a handgun in the home for self-defense, and the right acts as a constraint on Congress, and State and local governments. *Heller*, 544 U.S. at 592; *McDonald v. City of Chicago*, 210 U.S. LEXIS 5523, 130 S. Ct. 3020, 3047 (2010). Beyond that, court rulings are inconsistent at best. And as with the *al-Kidd* case, at the time Nichols' weapon was taken, there was not and there still is not a single judicial opinion holding that the Second Amendment protects the unlocked, open carrying of an unloaded rifle with ammunition at hand in a public park. *al-Kidd*, 131 S.Ct. at 2083.

Even if Plaintiff's conduct is ultimately found to be protected, as of now it is still an open question. Therefore, to the extent Defendants Leonardi, Heywood and Officer Doe (see allegations in First Amended Complaint ¶ 33) conceivably violated Plaintiff's constitutional rights (which they do not concede), they still enjoy qualified immunity from Plaintiff's claim for damages because there is no existing precedent

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

placing "beyond debate" the question of whether the Ordinance the officers were enforcing violates the Second Amendment (on which Plaintiff's Fourth Amendment claim also relies).[2]

**C. Plaintiff Lacks Standing to Bring This Lawsuit**

Plaintiff still does not have standing to challenge the Ordinance for the same reasons his previous complaint was dismissed. The alleged injury Plaintiff seeks to redress with this lawsuit (i.e., the restriction on him openly carrying a loaded firearm in public) cannot be redressed in this lawsuit. As explained in the City's previous motion to dismiss Plaintiff's original complaint and as accepted by this Court in granting that motion, even if the City's Ordinance were enjoined, Plaintiff would still be prohibited from openly carrying a loaded firearm under state law. (Report and Recommendation of U.S. Magistrate Judge, 26, April 5, 2012; *see also* Cal. Penal Code § 26350.)

**D. Plaintiff Has Failed to Allege Facts Sufficient to State a Claim for Relief**

The first and second claims for relief fail to allege facts sufficient to state claims upon which can be granted.

Plaintiff's Second Amendment claim must be dismissed because the Second Amendment, as construed by the Supreme Court thus far, protects the possession of handguns for self-defense only within the home. In *Heller*, 554 U.S. 570, the Supreme Court held that possession in the home for self-defense is the core right protected. *Id.* at 627-28, 636. That right acts as a constraint not only upon the Federal government, but also upon the States and their municipalities. *McDonald*, 130 S.Ct. 3020 (Second Amendment is incorporated through Due Process Clause of

---

[2] Plaintiff's Fourteenth Amendment Equal Protection Clause claim may also depend on application of the Second Amendment here, but is unclear, because Plaintiff pleads no facts explaining how his rights under that clause were violated by the City.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

Fourteenth Amendment). To be sure, the Supreme Court has not foreclosed the possibility that the Second Amendment might protect conduct outside of the home. But lower courts have refused to extend the Second Amendment beyond the home without the Supreme Court expressly stating so. The Redondo Beach Defendants are not aware of any Ninth Circuit authority on the issue of whether the right extends beyond the home. In *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011), the majority refused even to opine whether the Second Amendment applies outside of the home. "This case underscores the dilemma faced by lower courts in the post-*Heller* world: how far to push *Heller* beyond its undisputed core holding. On the question of *Heller's* applicability outside the home environment, we think it prudent to await direction from the Court itself." *Id.* at 475. Judge Niemeyer parted company with the *Masciandaro* majority and concluded that the Second Amendment "right extends to public areas beyond the home." *Id.* at p. 468. Like the *Masciandaro* majority, the State of Maryland's highest court refused to recognize that the right extends beyond the home: "If the Supreme Court . . . meant its holding to extend beyond home possession, it will need to say so more plainly." *Williams v. State of Maryland*, 10 A.3d 1167, 1177, 417 Md. 479 (Md. 2011). The Redondo Beach Defendants urge this Court to exercise its discretion not to extend the Second Amendment beyond the home setting until a higher court squarely does so. Because Plaintiff's Second Amendment claim alleges only that he wishes to possess his gun in a public park setting, he fails to state a claim on which relief may be granted. That claim should be dismissed with prejudice.

Plaintiff's Fourth Amendment claim rises and falls with his Second Amendment claim. He alleges a violation of the Fourth Amendment on the basis that his gun was unconstitutionally seized because he enjoys a Second Amendment right to carry it on public property. If Plaintiff has no Second Amendment right to carry a gun on public property, and he has not articulated any other legal source for such a right, it follows that the mere act of seizing his gun could not itself have been

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

unconstitutional. The Court should therefore dismiss with prejudice the Fourth Amendment claim as well.

The claims also fail to allege facts sufficient to support an Eleventh Amendment Equal Protection claim. The first step in an Equal Protection analysis is to identify how the regulation under review classifies groups of people. The plaintiff must establish at the outset "that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995). The classification of groups is not actionable on an Equal Protection theory, however, unless the group to which plaintiffs belong is similarly situated to the group to which plaintiffs compare themselves. "Once the plaintiff establishes governmental classification, it is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared." *Freeman*, 68 F.3d at 1187, citing *Attorney General v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C.Cir. 1982) ("Discrimination cannot exist in a vacuum; it can be found only in the unequal treatment of people in similar circumstances").

Plaintiff has failed to allege that the law in question was applied in a discriminating manner or imposes different burdens on different classes of people. Plaintiff has failed to allege government classification or any similarly situated class that may be compared to the class to which Plaintiff contends he belongs. Plaintiff has failed to allege he has been treated differently than any similarly situated group. Accordingly, the First Amended Complaint fails to properly allege an Equal Protection claim.

As a result, the first and second claims for relief should be dismissed for failure to state claims upon which relief may be granted.

RW|SG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**E. The First Amended Complaint Fails to Comply with Federal Rule of Civil Procedure 10(b), Making It Subject to a Motion for More Definite Statement**

To the extent the Court does not grant the motion to dismiss without leave to amend, the Court should order a more definite statement as to the jumbled first and second claims for relief.

Federal Rule of Civil Procedure 10(b) requires that each claim founded on a separate transaction or occurrence must be stated in a separate count if doing so would promote clarity. Where several separate causes of action are jumbled together in a "shotgun pleading," a motion for more definite statement may be used to require pleading separate counts under Rule 10(b), particularly where the failure to do so prevents defendant from preparing an adequate response. *Anderson v. District Bd. of Trustees of Central Florida Comm. College*, 77 F. 3d 364, 366 (11th Cir. 1996).

Here, Plaintiff has lumped multiple claims under a single claim for relief in both the first and second claims for relief. The Redondo Beach Defendants request that the Court require Plaintiff to separate the jumbled claims into distinct claims for relief with proper factual allegations supporting each claim. The manner of pleading will prevent the Redondo Beach Defendants from preparing an adequate response because the claims are all lumped together in a single claim for relief and incorporate all of the preceding alleged facts.

**F. Compliance with Local Rule 7-3**

Central District Local Rule 7-3 provides that counsel contemplating filing a motion should contact the opposing party to discuss the matter. Counsel for the Redondo Beach Defendants used best efforts to meet and confer with Mr. Nichols, but he refused. Counsel for the Redondo Beach Defendants telephoned Mr. Nichols on July 26, 2012, to meet and confer on this motion. (Bond Decl. ¶ 2.) Mr. Nichols did not answer the phone and counsel left a voicemail indicating the intent to file the motion in question and left her office contact information. (Bond Decl. ¶ 2.)

-13-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
R6900-0001\1470748v4.doc

RWG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

Counsel for the Redondo Beach Defendants also sent an email to Mr. Nichols on July 26, 2012, requesting that Mr. Nichols meet and confer as to the substance of this motion. (Bond Decl. ¶ 3; Ex. 1 to Bond Decl.) Mr. Nichols sent an email back refusing to meet and confer on the motion. (Bond Decl. ¶ 4; Ex 2. to Bond Decl.) Counsel for the Redondo Beach Defendants again sent an email on July 27, 2012, requesting to meet and confer on this motion. (Bond Decl. ¶ 5; Ex. 3 to Bond Decl.) As of the filing of this motion, Mr. Nichols still refused to meet and confer. (Bond Decl. ¶ 6.) Although Mr. Nichols refused to meet and confer as to this motion, we note that Michael Webb, prior counsel for the City of Redondo Beach and Chief Leonardi, conducted a meet and confer with Mr. Nichols on similar issues on January 25, 2012, in connection with the motion to dismiss the original complaint. (Bond Decl. ¶ 7.)

## IV.

## CONCLUSION

Plaintiff's lawsuit presents a textbook scenario of when the *Younger* abstention doctrine applies. As such, Plaintiff's first claim for relief for declaratory and injunctive relief should be dismissed and his second claim for relief for damages should be stayed pending resolution of his state criminal proceedings, but dismissed as to the Redondo Beach police officer defendants because they enjoy qualified immunity here. To the extent Plaintiff's First Amended Complaint asserts any state law claims for declaratory or injunctive relief, this Court should dismiss them as well. Alternate grounds for granting the motion to dismiss are (1) Plaintiff lacks standing to challenge the City's Ordinance because invalidating the Ordinance would not redress his grievance of not being able to openly carry a loaded firearm in public; and (2) Plaintiff has failed to allege sufficient facts to state claims for relief.

RWG RICHARDS | WATSON | GERSHON ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

For these reasons, the Redondo Beach Defendants' motion to dismiss should be granted. Alternatively, to the extent the Court does not dismiss the claims without leave to amend, the Court should require Plaintiff to make a more definite statement by separating out the jumbled claims.

Dated: June 29, 2012

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS, WATSON & GERSHON
A Professional Corporation

By: ______________________
LISA BOND
Attorneys for Defendants
CITY OF REDONDO BEACH, JOSEPH LEONARDI and TODD HEYWOOD

RWG RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**PROOF OF SERVICE**

I, Emily Hayes, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On June 29, 2012, I served the within document(s) described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

on the interested parties in this action as stated below:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 29, 2012, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Emily Hayes
(Type or print name)

(Signature)

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION