FILED
2012 JUL -2 AM 10:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

1 Charles Nichols
  PO Box 1302
2 Redondo Beach, CA 90278
  Voice: (424) 634-7381
3 E-Mail: CharlesNichols@Pykrete.info
  In Pro Per

United States District Court

Central District of California

| Charles Nichols, | Case No.: |
|---|---|
| PLAINTIFF, | CV-11-9916 SJO (SS) |
| vs. | |
| KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, OFFICER TODD HEYWOOD and DOES 1 to 10, Defendants. | **PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY**<br><br>District Judge: Hon. S. James Otero<br>Magistrate: Hon. Suzanne H. Segal |

1

PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY    CV-11-9916 SJO (SS)

Plaintiff Charles Nichols, In Pro Per, hereby respectfully objects to substitution of Lisa Bond/Richards, Watson & Gershon as attorney of record for Michael W. Webb, City Attorney for City of Redondo Beach who is the attorney of record for DEFENDANT CITY OF REDONDO BEACH and DEFENDANT CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI pursuant to F.R.Civ.P. 1 and local rules L.R. L.R. 83-2.9, L.R. 83-2.9.2.4

"An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83-2.9.2.1. The trial court has discretion in determining whether to grant counsel's motion for withdrawal. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). If a withdrawal would result in a delay in prosecution, a showing of good cause and that the ends of justice would be served by this substitution of counsel are required. Local R. 83-2.9.2.4; see Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999). However, the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal. Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs., 851 F. Supp. 775, 786-87 (E.D. Va. 1994)." AUSTIN INVESTMENT FUND, LLC v. US, Dist. Court, CD California 2011 Case No. SACV 11-750 DOC (ANx). United States District Court, C.D. California. October 17, 2011. CIVIL MINUTES — GENERAL

"Pursuant to Local Rule 83-2.9.2.1, "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1. The decision to grant or

1  deny a motion to withdraw as counsel for a party is within the Court's discretion.
2  See, e.g., Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc., 2009 WL
3  2337863 at *1 (C.D. Cal., June 28, 2009). In determining whether to grant a
4  motion to withdraw as counsel, courts often weigh the following four factors: "(1)
5  the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to
6  other litigants; (3) the harm withdrawal might cause to the administration of
7  justice, and (4) the degree to which withdrawal will delay the resolution of the
8  case." Id. (quoting Irwin v. Mascott, 2008 WL 410694 at *4 (N.D. Cal. Dec. 1,
9  2004); Nedbank Int'l, Ltd, v. Xero Mobile, Inc., 2008 WL 4814706 at *1 (C.D.
10 Cal., Oct. 30, 2008))." KAZOVSKY v. METROCITIES MORTGAGE LLC, Dist.
11 Court, CD California 2012 No. 2:11-cv-06079-ODW (FMOx). United States
12 District Court, C.D. California. June 4, 2012. ORDER DENYING MOTION TO
13 WITHDRAW AS COUNSEL OF RECORD hereinafter referred to as Kazovsky.

15 On Saturday, June 30th 2012 Plaintiff received an envelope containing copies of
16 "REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY" and a
17 copy of "ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF
18 ATTORNEY" with proofs of service dated June 28th 2012. It did not address any
19 of the four factors listed in Kazovsky. Plaintiff has not received a copy of the
20 motion to withdraw.

### "(1) the reasons why withdrawal is sought"

23     No reasons have been communicated to Plaintiff as to why the withdrawal is
24 sought. Presumably this Court will inquire as to the reasons why just as his
25 Honorable Federal District Court Judge Percy Anderson of the Central District of
26 California did in the case of Christopher Hacopian et al v. Upland Police
27 Department et al Case Number: 2:2011cv06155 Filed: July 26, 2011 where he
28 denied the request for substitution of council which was made after the Honorable

Judge Anderson denied defendants motion to dismiss finding that "Plaintiffs have properly alleged a Second Amendment violation" in connection with enforcement of California Penal Code 12031(e) [since renumbered PC 25850(b)]. Plaintiff seeks to overturn PC 25850 in its entirety, which has been enforced on Plaintiff by the Redondo Beach defendants. In Plaintiff's case his firearm was illegally seized and has not been returned despite his obtaining a Law Enforcement Gun Release (LEGR) approval letter from the California Department of Justice Bureau of Firearms and Plaintiff's demand that his firearm be returned.

The request for substitution of attorney was denied and defendants subsequently settled out of court, awarding Plaintiffs $37,500.

Of particular interest to this court should be why the request for substitution was filed a day after Plaintiff was criminally charged by DEFENDANT CITY OF REDONDO BEACH for openly carrying a firearm in a manner and in a place lawful under both state and Federal law but in violation of a city ordinance given that this court has already concluded that DEFENDANT'S local ordinances regulating the carrying of firearms are preempted by state law?

### "(2) the prejudice withdrawal may result to other litigants"

Unless the Honorable S. James Otero decides **Sua Sponte** to issue a Declaration and Prospective Injunctive relief striking down the DEFENDANT CITY OF REDONDO BEACH ordinance 4-35.20 criminalizing the carrying of firearms, an ordinance which is unconstitutional under both state and Federal law and which this court has already concluded is an area preempted under state law; PLAINTIFF will be arraigned on July 25th, 2012 in the Superior Court of California on a misdemeanor charge of violating a municipal ordinance which was filed nearly nine months to the day after PLAINTIFF filed his lawsuit seeking a

4

PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY            CV-11-9916 SJO (SS)

1  Declaration and Prospective Injunctive Relief against the city ordinance. If
2  convicted, **Plaintiff faces six months in jail and a $1000 fine for obeying state**
3  **and Federal law.**
4
5       PLAINTIFF has no expectation that DEFENDANT HARRIS will "…take
6  full charge of any investigation or prosecution…of which the Superior Court has
7  jurisdiction" and make a motion to have the Superior Court dismiss the criminal
8  case against PLAINTIFF with prejudice.
9
10      In the Report and Recommendation by the Honorable Suzanne H. Segal
11 dated April 5, 2012 regarding Plaintiff's initial Complaint her Honor mistook
12 Plaintiff's description of Redondo Beach Municipal Ordinance "4-35.20 Weapons
13 and explosives in parks" making it unlawful to "use, carry, fire or discharge any
14 firearm" in "land designated by the City as parkland or open space (Redondo
15 Beach Municipal Ordinance 4-35.01 Definitions) with Redondo Beach Municipal
16 Ordinance 4-25.01 "Places to play ball and hunt restricted." Her Honor said "It
17 says nothing about openly carrying a loaded firearm in public for self-defense and
18 could not because that area of gun regulation has been pre-empted by the state."
19
20      Nonetheless, her Honor correctly found that state preemption prohibits cities
21 from enacting ordinances regulating the carrying of firearms and granted Plaintiff
22 leave to file an Amended Complaint against DEFENDANTS CITY OF
23 REDONDO BEACH and LEONARDI which Plaintiff did on May 30th, 2012.
24
25      DEFENDANTS CITY OF REDONDO BEACH and LEONARDI did not
26 file objections to the Report and Recommendation.
27
28

Neither attorney of record Michael W. Webb nor Lisa Bond who requests to be substituted as counsel for DEFENDANTS CITY OF REDONDO BEACH and LEONARDI ever requested to meet and confer with PLAINTIFF regarding the motion to dismiss in the time frame required by "L.R. 7-3 Conference of Counsel Prior to Filing of Motions" which clearly states that **"...conference shall take place at least five (5) days prior to the last day for filing the motion..."** (emphasis added). His Honorable S. James Otero's Initial Standing Order unequivocally states:

"18. Motions and Motion Cut-Off Date:
a. Meet and Confer Requirement: For all cases not exempt under L.R. 16-12, and except in connection with discovery motions, applications for temporary restraining orders or preliminary injunctions, counsel contemplating filing of any motion, shall first contact opposing counsel to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." **L.R. 7-3. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation.** The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that under L.R. 7-3, discussions of the substance of contemplated motions are to take place, if at all possible, in person. Only in exceptional cases will a telephonic conference be allowed. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. **Filings not in compliance with L.R. 7-3 will be denied.**" (emphasis added).

Incredibly, Lisa Bond filed three documents with the court proving that she did not comply with L.R. 7-3 (56-1, 56-2 and 56-3) and her attempts to induce

Plaintiff to violate L.R. 7-3 because she failed to meet the deadline to meet and confer.

Withdrawal of Michal W. Webb as attorney of record could substantially prejudice negotiations PLAINTIFF has been conducting with the attorney for DEFENDANT HARRIS.

The attorney for DEFENDANT HARRIS is currently considering a joint motion with PLAINTIFF for a partial stay for claims against Defendant HARRIS given recent activity in the 9th Circuit Court of Appeals which are likely to issue dispositive decisions. Plaintiff challenges the constitutionality of PC 26155 (license to carry a loaded handgun, openly or concealed). The stay has been lifted by the 9th Circuit Court of Appeals in the cases of Adam Richards, et al v. Ed Prieto, et al Case Number: 11-16255 and Edward Peruta, et al v. County of San Diego, et al. Case Number: 12-16258 both challenging PC 26155. A third case out of Hawaii is now before the 9th Circuit Court of Appeals challenging a similar statute (licenses to carry openly or concealed) Christopher Baker v. Louis Kealoha, et al Case Number:12-16258. Although not binding, the 1st Circuit Court of Appeals has recently heard oral arguments in another licensing case from Massachusetts which does not entail concealed carry. The Appellant in that case seeks to openly carry a loaded handgun in public. That case is Hightower v. City of Boston, et al Case Number: 11-2281. There is also a case which was heard earlier this year in the 10th Circuit Court of Appeals, Peterson v. LaCabe, et al Case Number: 11-1149 which is particularly relevant to Plaintiff's case as to the constitutionally protected manner of carry under the Heller decision when one is not travelling (Open Carry).

7

PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY    CV-11-9916 SJO (SS)

Plaintiff also challenges the constitutionality of California Penal Code 25850 Although not binding, the 7th Circuit Court of Appeals has recently concluded oral arguments in two cases challenging the constitutionality of a series of Illinois statues including statutes prohibiting the carrying of firearms in public (openly or concealed, loaded or unloaded). Those two cases are Michael Moore, et al v. Lisa Madigan, et al Case Number: 12-1269 and Mary Shepard, et al v. Lisa Madigan, et al Case Number: 12-1788.

There is also a related case to Plaintiff's challenge of PC 25850 in United States District Court, Northern District of California; Haynie et al v. City of Pleasanton et al where DEFENDANT HARRIS is the defendant in the case and DEFENDANT HARRIS has already stipulated "...that the Court has subject matter jurisdiction over the plaintiffs's claims and there are no issues regarding personal jurisdiction or venue." Stipulation 3(f) asks "Finally, is California Penal Code § 12031(e) [25850(b)] unconstitutional on its face? Does this statute provide police officers with probable cause to search a vehicle without a warrant? Was the constitutionality of this provision clearly established at the time of the search?"

PLAINTIFF NICHOLS lawsuit seeks to strike down 25850 in its entirety including 25850(a) and 25850(b).

**"(3) the harm withdrawal might cause to the administration of justice."**

Lisa Bond seeks to have Plaintiff's Declaratory and Prospective Injunctive claims dismissed with prejudice because DEFENDANT CITY OF REDONDO BEACH has chosen to commit an unlawful act by criminally prosecuting Plaintiff for engaging in conduct which is clearly protected by both state and Federal law. Plaintiff is being criminally charged with violating a municipal ordinance prohibiting the carrying of firearms in any lawful manner under both state and

Federal law in all open spaces within the city boundaries of Redondo Beach except the beach which Plaintiff believes is owned by the County of Los Angeles.

Lisa Bond's Motion to Dismiss interferes with and causes substantial harm to the procedural functioning of the court. It attempts to usurp this court's ability to do its job - Issuing a declaration and injunction against a municipal ordinance regulating the carrying of firearms, which this court has already concluded is an area preempted by state law, and ruling on whether or not the municipal ordinances are also in violation of the Federal Constitution.

### "(4) the degree to which withdrawal will delay the resolution of the case."

Lisa Bond's strategy is to delay the resolution of the case for years if need be. Assuming, arguendo, that this court is persuaded to dismiss Plaintiff's Declarative and Injunctive claims for relief with prejudice. Plaintiff would have to pursue both an appeal of the dismissal at the same time he is defending himself in state court on the criminal charge of violating the city ordinance. Eventually, the California Court of Appeals will come to the same conclusion that it did in Fiscal v. City and County of San Francisco, 158 Cal. App. 4th 895, 905, 909, 70 Cal. Rptr. 3d 324 (2008) (hereinafter referred to as Fiscal) which the magistrate judge cited in her Report and Recommendation in support of her finding that the state of California has preempted local ordinances regulating the carrying of firearms.

Having decided the case based on its prior precedence of state preemption in Fiscal, the California Court of Appeals will find it unnecessary to decide the Second, Fourth and Fourteenth Amendment questions and Plaintiff will be right back in this court asking the court to decide the same Federal questions.

PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY    CV-11-9916 SJO (SS)

Albeit with additionally named defendants and additional causes of action as plaintiff's injuries will have greatly increased in both number and severity.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that the Court deny DEFENDANTS CITY OF REDONDO BEACH and LEONARDI attorney's request to withdraw; and grant such further relief, at law or in equity to which Plaintiff may justly be entitled.

Dated: July 2, 2012

Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA  90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S OBJECTION TO SUBSTITUTION OF ATTORNEY** was served on parties of interest named below via United States Mail, first class postage prepaid, on July 2, 2012, to:

Michael W. Webb
City Attorney for the City of Redondo Beach
415 Diamond Street
Redondo Beach, CA 90277-0639
Attorney for Defendants:
CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI, OFFICER TODD HEYWOOD

T.PETER PIERCE
LISA BÖND
AARON C. O'DELL
RICHARDS, WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101

Charles Nichols
Plaintiff, In Pro Per