1  Michael F. Sisson, State Bar #108855
   Law Office of Michael F. Sisson
2  3655 Torrance Blvd., 3rd Floor
   Torrance, California 90503
3  (310) 318-0970
   Fax (310) 318-0948
4
5  Attorney for plaintiff, Charles Nichols
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11 CHARLES NICHOLS,                     )  CASE NO. CV-11-9916 SJO (SS)
                                        )
12         Plaintiff,                   )  (Honorable S. James Otero)
                                        )
13     vs.                              )  **PLAINTIFF'S OPPOSITION TO MOTION TO
                                        )  DISMISS FIRST AMENDED COMPLAINT
14 COUNTY OF LOS ANGELES; et al.,       )  OR, IN THE ALTERNATIVE, MOTION FOR
                                        )  MORE DEFINITE STATEMENT FILED BY
15         Defendants.                  )  DEFENDANTS CITY OF REDONDO BEACH,
                                        )  ETC.; MEMORANDUM OF POINTS AND
16                                      )  AUTHORITIES; DECLARATION OF
                                        )  CHARLES NICHOLS**
17 ─────────────────────────────────────
18                                         DATE:    July 31, 2011
                                           TIME:    10:00 a.m.
19                                         CTRM:    23
20                                         Action Filed: November 30, 2011
21                                         Magistrate: Hon. Suzanne H. Segal
22
23         Plaintiff, Charles Nichols, hereby submits his written opposition to the Motion to Dismiss
24 First Amended Complaint (or the alternative Motion for More Definite Statement) filed by
25 defendants, City of Redondo Beach, Joseph Leonardi and Todd Heywood.
26 ////
27 ////
28 ////

                                              1

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . 1

   1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   **2**. THE COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION PURSUANT TO *YOUNGER* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A. *Younger* Abstention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B. *Younger* Abstention Does Not Apply If the Federal Action Has Already Proceeded Past the "Embryonic" Stage and Where Substantive Rulings or Findings Have Already Been Made . . . . . . . . . . . . . . . . . 1

      C. The Third Prong of the *Younger* Test Has Not Been Satisfied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      D. The Ordinance Is Flagrantly and Patently Violative Of Constitutional Prohibitions . . . . . . . . . . . . . . . . . . . . . . . 3

   3. THE INDIVIDUAL DEFENDANTS SHOULD NOT BE AFFORDED QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   4. PLAINTIFF DOES NOT LACK STANDING TO SUE . . . . . . . . . . . . . . . . . . . 6

   5. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A. The Defendants' Plea to the Court To Not Extend the *Heller* and *McDonald* Opinions Beyond The Home Setting Should Be Rejected . . . . . . . . . . 7

      B. Plaintiff's Fourth Amendment Rights . . . . . . . . . . . . . . . . . . . . . 8

   6. THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   7. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

DECLARATION OF CHARLES NICHOLS . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

# TABLE OF AUTHORITIES

**PAGE(S)**

**Statutes, Rules, Etc.**

Federal Rules of Civil Procedure, Rule 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure, Rule 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Redondo Beach Municipal Code § 4-35.20 . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 8

Redondo Beach Municipal Code § 4-35.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

California Penal Code § 25850 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Penal Code § 26155 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States Constitution, Second Amendment . . . . . . . . . . . . . . . . . . . . 3, 4, 7, 8, 9

United States Constitution, Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

California Penal Code § 12031 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

California Penal Code § 26350 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Declaration of Independence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Cases**

*Younger v. Harris*, 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 10

*Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 1

*Gilbertson v. Albright*, 381 F.3d 965, 969 n. 2 (9th Cir.2004) . . . . . . . . . . . . . . . . . . . 1

*Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229 (1984) . . . . . . . . . . . . . . . . . . . . . 1, 2

*Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348 (9th Cir.1985) . . . . . . . . . . . . . 2

*Hicks v. Miranda*, 422 U.S. 332 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mandel v. Bradley*, 432 U.S. 173 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

# TABLE OF AUTHORITIES

**PAGE(S)**

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*,
457 U.S. 423 (1982) .................................................. 2

*Moore v. Sims*, 442 U.S. 415 (1979) ................................. 2, 3

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) ........................ 3

*World Famous Drinking Emporium, Inc. v. City of Tempe*,
820 F.2d 1079 (9th Cir. 1987) ........................................ 3

*District of Columbia v. Heller*, 554 U.S. 570 (2008) .............. 4, 7, 8

*McDonald v. Chicago*, 561 U.S. 3025 (2010) .......................... 7, 8

*Pearson v. Callahan*, 555 U.S. 223 (2009) ............................ 5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................... 5

*Williams v. State of Maryland*, 10 A.3d 1167 ......................... 7

*Rahman v. Johanns*, 501 F. Supp. 2d 8 (2007) ......................... 9

*United States ex rel. Brown v. Aramark Corp.*,
591 F. Supp. 2d 68 (2008) ............................................ 9

*Hilska v. Jones*, 217 F.R.D. 16 (2003) ............................... 9

*Towers Tenant Ass'n v. Towers Ltd. Partnership*
563 F. Supp. 566 (1983) .............................................. 9

*Potts v. Howard Univ.*, 269 F.R.D. 40, 44 (2010) ..................... 9

*Wilson v. Gov't of the Dist. of Columbia*, 269 F.R.D. 8 (D.D.C. 2010) ... 9

*SEC v. Digital Lightwave*, 196 F.R.D. 698 (2000) .................... 10

iii

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST
AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION.**

The defendants, City of Redondo Beach, Joseph Leonardi and Todd Heywood (collectively "the Defendants") have filed a motion to dismiss the first amended complaint on file herein. In the alternative, the Defendants are making a Motion for a More Definite Statement. The plaintiff, Charles Nichols, opposes those motions.

**2. THE COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION PURSUANT TO *YOUNGER*.**

**A. *Younger* Abstention.**

*Younger* abstention (*Younger v. Harris*, 401 U.S. 37 (1971)) involves a three prong test. It applies where (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise the federal question. *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).

But the circumstances in which federal courts should decline to exercise their jurisdiction "are carefully defined and remain the exception, not the rule." *Gilbertson v. Albright*, 381 F.3d 965, 969 n. 2 (9th Cir.2004) (en banc) (quotation omitted).

**B. *Younger* Abstention Does Not Apply If the Federal Action Has Already Proceeded Past the "Embryonic" Stage and Where Substantive Rulings or Findings Have Already Been Made.**

It has been said that so long as "the federal litigation was in an embryonic stage and no contested matter had been decided," the district court <u>may</u> abstain under *Younger*. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975). *Younger* abstention is thus not mandatory even where there are "ongoing state judicial proceedings."

Here, by the time plaintiff had his long gun improperly seized by law enforcement personnel on May 21, 2012 (See First Amended Complaint, ¶¶ 33, 35, 58, 78-79, 84 and 86), the instant matter had progressed beyond an embryonic stage, so that "considerations of economy, equity, and federalism counsel against *Younger* abstention." *Hawaii Housing Auth.*

1

1  *v. Midkiff*, 467 U.S. 229, 238 (1984); *Doran, supra*, 422 U.S., p. 929 (concluding that "a federal court action in which a preliminary injunction is granted has proceeded well beyond the 'embryonic stage' "); *Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350–51 (9th Cir.1985) (holding that *Younger* abstention was not required when state criminal proceedings began after the district court had conducted an "extended evidentiary hearing on the question of a preliminary injunction" but had not issued the injunction).

The Court's choice to not abstain because the instant matter has proceeded beyond the embryonic stage is related to the first prong of the *Younger* test. Satisfaction of the first prong, i.e. ongoing state judicial proceedings, only applies if the state court proceedings are initiated "before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975), overruled on other grounds in *Mandel v. Bradley*, 432 U.S. 173 (1977).

The instant action was filed in November of 2011. The Defendants thereafter filed a motion to dismiss the initial complaint, as did the Attorney General and Governor of the State of California. By April 5, 2012, the Magistrate, the Honorable Suzanne H. Segal, had already made recommendations regarding substantive areas of law which were later adopted by the Court on May 7, 2012, when it granted all of the defendants' motions to dismiss. Very little discovery is necessary in this case and it is, essentially, ready to go to trial. In contrast, plaintiff has not even been arraigned in the state criminal action. The instant case is well beyond the embryonic stage while the criminal case was just conceived; and substantive rulings or findings have already been made in the instant action. The Court should not abstain pursuant to *Younger*.

### C. The Third Prong of the *Younger* Test Has Not Been Satisfied.

The inquiry under the third prong of the *Younger* test is whether the criminal action against plaintiff provides a sufficient forum for raising his federal constitutional challenges. "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' '[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims....' " *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982) (quoting *Moore*

2

1  *v. Sims*, 442 U.S. 415, 426 (1979)).

2      The Defendants conclude, without much analysis, that plaintiff will be able to make all his Constitutional challenges or claims when defending against the State criminal action against him. This is just not so.

    Plaintiff is being charged with violating Redondo Beach Municipal Code § 4-35.20. (See Exhibit 1). Plaintiff's First Amended Complaint is an attack on the Constitutionality of Redondo Beach Municipal Code §§ 4-35.01 and 4-35.20, and California Penal Code §§ 25850 and 26155. (See First Amended Complaint, p. 39, lines 20-25). There is absolutely no way the criminal court is going to allow plaintiff to present a defense to a violation of Redondo Beach Municipal Code § 4-35.20 by attacking the Constitutionality of Penal Code §§ 25850 and 26155. In short, if this Court were to dismiss plaintiff's equitable claims with prejudice, plaintiff would lose his ability to raise his Constitutional claims regarding Penal Code §§ 25850 and 26155 forever. Likewise, if the pending State criminal matter were dismissed for reasons unrelated to the Constitutionality of the ordinance after plaintiff's equitable claims were dismissed with prejudice, plaintiff would lose his claims forever without having his day in court. The pending State proceeding <u>do not</u> afford plaintiff an adequate opportunity to raise his Constitutional claims. The third prong of the *Younger* test has not been met.

**D. The Ordinance Is Flagrantly and Patently Violative Of Constitutional Prohibitions.**

    Assuming arguendo, that the Defendants could show that all of the *Younger* requirements were met, abstention is inappropriate if bad faith prosecution or harassment is present, or where a statute is flagrantly and patently violative of constitutional prohibitions. See *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987).

    If one takes the emotionalism and politics out of the arena of gun rights and gun control, a fair and plain reading and comparison of Redondo Beach Municipal Code § 4-35.20 against the Second Amendment to the United States Constitution shows a total disconnect - a diametrically opposed position of, on the one hand, a fundamental right to bear arms, and on

3

1  the other hand, a prohibition against the right to bear arms.

2        For example, the Second Amendment to the United States Constitution states:

3      "A well regulated Militia, being necessary to the security of a free State, the right

4      of the people to keep and bear Arms, shall not be infringed."

5        The Second Amendment "guarantee[s] the individual right to possess and carry

6  weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

7  The Second Amendment limits state and local governments to the same extent that it limits the

8  federal government. *See generally McDonald v. Chicago*, 561 U.S. 3025 (2010).

9        Directly opposed to the Second Amendment is Redondo Beach Municipal Code § 4-

10 35.20 which states in pertinent part:

11     "(a) It shall be unlawful for any person to use, carry, fire or discharge any firearm,

12     air gun, paint gun, BB gun, slingshot, archery device of any kind, or any other

13     form of weapon across, in or into a park. This subsection shall not apply to law

14     enforcement officers."

15 Redondo Beach Municipal Code § 4-35.01 defines "Park" as:

16     . . . <u>any</u> publicly owned or leased property established, designated, maintained,

17     or otherwise provided by the City for recreational use or enjoyment, including, but

18     not limited to, <u>any public areas located within or directly adjacent to such property</u>

19     such as picnic areas, playgrounds, sports fields, athletic fields, sports courts,

20     trails, <u>walkways, pathways, gardens, parking lots</u>, parkettes, aquatic centers,

21     skateboard parks, community centers, senior centers, land designated by the City

22     as parkland or open space, <u>landscaped or planted areas</u>, and other buildings or

23     structures. (Emphasis added).

24       Oddly enough, the only exception in Municipal Code § 4-35.01 to the definition of the

25 term "park" is "the beach." But there is no way to travel to the beach without walking across

26 "public areas or areas directly adjacent to "walkways, pathways, gardens" and "parking lots."

27 Indeed, there is nowhere in the City of Redondo Beach that one can walk without being

28

adjacent to "a park" thereby meaning that one cannot "carry" a firearm anywhere in the City.[1] One can argue that law enforcement personnel and government officials would not seek to enforce the ordinance and the definition of "park" in an unreasonable manner - but the fact that strict compliance with the ordinance's provision *can* result in a ban on being able to "use" or "carry" a firearm anywhere in the City is what makes the ordinance flagrantly and patently violative of constitutional prohibitions. *Younger* abstention is inappropriate here.

### 3. THE INDIVIDUAL DEFENDANTS SHOULD NOT BE AFFORDED QUALIFIED IMMUNITY.

The Defendants are attempting to argue that Chief Leonardi and Officer Heywood were reasonably ignorant of citizens' rights to bear arms, or that the right to bear arms was/is not "clearly established," in order to shield them from liability pursuant to the qualified immunity doctrine. That doctrine protects police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

However, at the time plaintiff's long gun was seized, the right of the people to bear arms was a clearly established constitutional rights which a reasonable person would have known existed - the Second Amendment to the United States Constitution was adopted on December 15, 1791, along with the rest of the Bill of Rights, and had been in existence for well over two hundred years.

Moreover, since the incorporation of the State of California, with very few and narrow exceptions, the citizenry was allowed to carry loaded handguns, rifles and shotguns in public. It was not until 1967, when members of the Black Panther organization entered the State Assembly Chambers armed with "pistols, rifles and at least one sawed-off shotgun," all to the great alarm of the members of the Assembly, that the legislature enacted Penal Code § 12031

---

[1] One's own house, to the extent it is in the City of Redondo Beach, is "adjacent" to walkways and is thus "a park" according to the City's definition thereof.

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

on an emergency basis making it illegal to carry a loaded firearm in public places. (See Exhibit 2, 51 Ops. Cal. Atty. Gen. 197, pp. 2-3). But even after the enactment of Penal Code § 12031, it remained perfectly legal in California to openly carry an *unloaded* firearm in public places.

Finally, in 2012, Penal Code § 26350 went into effect which made it illegal to carry unloaded *handguns* in public places (this statute purposely does not apply to long guns and it remains legal to openly carry long guns in public).

Thus, from the time of California's admission into the union in 1850 to the present, a span of about 162 years, it has been perfectly legal for a person to carry an unloaded long gun in public. For the Defendants to feign their conduct towards plaintiff did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known" is disingenuous indeed.

### 4. PLAINTIFF DOES NOT LACK STANDING TO SUE.

The Defendants next argue that plaintiff lacks standing to sue. The Defendants and their counsel are being extremely misleading here.

The Defendants state:

> "As explained in the City's previous motion to dismiss Plaintiff's original complaint and as accepted by this Court in granting that motion, even if the City's ordinance were enjoined, Plaintiff would still be prohibited from openly carrying a loaded firearm under state law. (Report and Recommendation of U.S. Magistrate Judge, 26, April 5, 2012; *see also* Cal. Penal Code § 26350)." (See Defendants' Memorandum of Points and Authorities, p. 10, lines 8-13).

There should be no mistake here. Neither the Court nor the Magistrate Judge, concluded that "Plaintiff would still be prohibited from openly carrying a loaded firearm under state law." Nowhere in the Magistrate Judge's Report and Recommendation does she make that statement. Moreover, the Defendants' reference to Penal Code § 26350 is intentionally misleading. As noted earlier, Penal Code § 26350 made it illegal to carry unloaded *handguns* in public places - the Defendants and their counsel used the word "firearm" in place of "handgun" to give the false impression that Penal Code § 26350 applies to long guns. The

6

1  Defendants' slick choice of wording is tantamount to misquoting a statute.

2  Finally, the Defendants' premise is faulty. Plaintiff is facing criminal charges and his long gun was seized as a result of plaintiff carrying an *unloaded* long gun in public - not a loaded firearm. Enjoining the City Ordinance at issue would simply require the Defendants to comply with the Second Amendment to the United States Constitution and the laws of the State of California as they have existed for approximately 220 and 162 years, respectively.

### 5. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF.

**A. The Defendants' Plea to the Court To Not Extend the *Heller* and *McDonald* Opinions Beyond The Home Setting Should Be Rejected.**

The Defendants request that this Court Not Extend the *Heller* and *McDonald* opinions beyond the home setting should be summarily rejected. Their rationale is that other courts have chosen not to do so and that this Court should follow suit. (See e.g. *Williams v. State of Maryland*, 10 A.3d 1167, 1177, "If the Supreme Court . . . meant its holding to extend beyond home possession, it will need to say so more plainly." Defendants' Memorandum of Points and Authorities, p. 11, lines 13-17).

The problem with the Defendants' rationale is that if Courts choose not to extend *Heller* and *McDonald*, that every complaint challenging a gun control statute or ordinance in a public setting should be viewed as "failing to state facts sufficient to state a claim for relief," the burden will be placed on plaintiffs to take cases up on appeal in the hope of getting his or her case before the Supreme Court so that the high court can "say so more plainly," to use the court's language in *Williams v. State of Maryland*. Why should the burden of appeal be placed on citizens trying to vindicate what the Supreme Court already validated is a basic Constitutional right instead of placing that burden on those attempting to narrow that right? The Defendants "urge this Court to exercise it discretion not to extend the Second Amendment beyond the home setting." (Defendants' Memorandum of Points and Authorities, p. 11, lines 18-19). In like manner, plaintiff urges this Court to reject the Defendants' request.

In any event, the Defendants' premise here is, again, faulty. The Defendants' position is that somehow the opinions in *Heller* and *McDonald* established or created the individual right

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

to bear arms - that prior to those opinions, the right did not exist. This is the only way the Defendants can take the position now that the Court should not "extend" *Heller* and *McDonald*. With all due respect to the Supreme Court and its opinions in the above cases, the individual right being discussed existed before *Heller* and *McDonald* was decided. The Supreme Court merely clarified and recognized a preexisting individual core right, the type of right referred to in the Declaration of Independence where it states:

> "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain <u>unalienable Rights</u> . . ." (Emphasis added).

There is no extension of *Heller* and *McDonal*d needed here in the context of Redondo Beach Municipal Code § 4-35.20. The people of California have enjoyed their natural individual right to carry unloaded long guns in public for 162 years - Redondo Beach's ordinance is a novel attempt to take that individual right away. Enjoining the City's enforcement of that ordinance, while consistent with the opinions in *Heller* and *McDonald*, would not entail "extending" those opinions.

### B. Plaintiff's Fourth Amendment Rights.

The Defendants next argue that any claim by Plaintiff based on his Fourth Amendment rights should be dismissed, that "If Plaintiff has no Second Amendment right to carry a gun on public property . . . it follows that the mere act of seizing his gun could not itself have been unconstitutional." (Defendants' Memorandum of Points and Authorities, p. 11, line 26 through p. 12, line 2). The Defendants' argument makes no sense.

The Fourth Amendment to the United States Constitution states in pertinent part:
> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ."

Nowhere in the Constitution is it stated that the Fourth Amendment rights against unreasonable search and seizure is contingent on first having a Second Amendment right to bear arms. The Defendants' rationale is akin to stating that if there is no freedom of religion, the government can break down the doors of churches and seize pews, statues, candles and

8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

1  such. The Defendants' argument, with all respect, is just ludicrous.

2       The plaintiff's position is clear. A police officer can violate a person's Fourth Amendment
3  rights by seizing a firearm in the absence of a violation of a Second Amendment right - the two
4  are not tied together. The point is that a citizen of the United States should not have to give up
5  one Constitutional right (e.g. right against unreasonable search and seizure), merely to enjoy
6  another (e.g. the right to bear arms).

### 6. THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED.

10       "Given the liberal nature of the federal pleading standards, Rule 12(e) motions are
11 typically disfavored by courts." *Rahman v. Johanns*, 501 F. Supp. 2d 8, 19 (2007) (citation
12 omitted); *United States ex rel. Brown v. Aramark Corp.*, 591 F. Supp. 2d 68, 76 n.5 (2008).
13 Indeed, "Rule 12(e) motions are . . . rarely granted in light of the notice-pleading framework of
14 the federal rules." *Towers Tenant Ass'n v. Towers Ltd. Partnership*, 563 F. Supp. 566, 569
15 (1983) (citations omitted). Rule 12(e) motions are also "disfavored for their dilatory effect on the
16 progress of litigation." *Potts v. Howard Univ.*, 269 F.R.D. 40, 44 (2010).

17      "Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to
18 meet the minimum pleading standard set forth in Rule 8(a) . . . " *Hilska v. Jones*, 217 F.R.D.
19 16, 21 (2003) (citations omitted). But "[a] complaint need only contain a short, plain statement
20 of the claim, indicating that plaintiff is entitled to relief, and giving defendant fair notice of the
21 nature of plaintiff's grievance." *Towers*, 563 F. Supp. at 569 (citations omitted). Accordingly,
22 under Rule 12(e), "[a] party may move for a more definite statement of a pleading . . . which is
23 so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e). But
24 Rule 12(e) motions are denied where "a review of the defendants' submissions establishes that
25 the defendants understand the crux of" a complaint. *Potts*, 269 F.R.D. at 43.

26      "[A] complaint satisfies th[e] criterion [of Rules 8(a) and 12(e)] if it is not 'so vague or
27 ambiguous that a party cannot reasonably be expected to frame a responsive pleading.'"
28 *Wilson v. Gov't of the Dist. of Columbia*, 269 F.R.D. 8, 12 (D.D.C. 2010) (citation omitted). "[A]s long as the defendant is able to respond, even if only with simple denial, in good faith, without

9

1  prejudice, the complaint is deemed sufficient." *SEC v. Digital Lightwave*, 196 F.R.D. 698, 700 (2000) (citation omitted).

Here, the First Amended Complaint gives the Defendant fair notice of the nature of plaintiff's grievance - indeed, the Defendants used its allegations to draft a rather lengthy Motion to Dismiss. The First Amended Complaint is not so vague or unintelligible that the Defendants are prevented from understanding the "crux" of same. The Defendants are able to intelligently respond to the pleading and the First Amended Complaint should be deemed sufficient.

**7. CONCLUSION.**

Based on all of the foregoing, plaintiff respectfully requests that Defendants' Motion to Dismiss and Motion for a More Definite Statement be denied in their entirety.

To the extent the Court is inclined to grant the Defendants' request for *Younger* abstention, plaintiff would request that the Court stay the entire action, without dismissing any claims or ruling on the Motion for a More Definite Statement, while the pending State criminal matter proceeds.

In the event, however, the Court is inclined to dismiss plaintiff's equitable claims and stay the action, plaintiff would request that the Court make such dismissal, without prejudice.

Dated: July 16, 2012

_____
Michael F. Sisson, Attorney for plaintiff,
Charles Nichols

10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS

**DECLARATION OF CHARLES NICHOLS**

I, Charles Nichols, declare:

1. I am the plaintiff in the above-entitled matter. I have personal knowledge of the facts set forth herein and, if called upon to testify thereto, I could and would competently do so.

2. Attached as Exhibit 1 to a separately filed Request for Judicial Notice filed concurrently herewith is a true and correct copy of a Notice Regarding Arraignment Date dated June 27, 2012, that I received on or about June 28, 2012. I have redacted my home address due to death threats I have received in the past, and would like to keep it out of the public record as much as possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2012, at Lawndale, California.

_____
Charles Nichols

11

PLAINTIFF'S OPPOSITION TO DEFENDANTS' (REDONDO BEACH, ET AL.) MOTION TO DISMISS FIRST AMENDED COMPLAINT, ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECL. OF CHARLES NICHOLS