Michael F. Sisson, State Bar #108855
Law Office of Michael F. Sisson
3655 Torrance Blvd., 3rd Floor
Torrance, California 90503
(310) 318-0970
Fax (310) 318-0948

Attorney for plaintiff, Charles Nichols

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES; et al.,<br><br>　　　　Defendants. | CASE NO. CV-11-9916 SJO (SS)<br><br>(Honorable S. James Otero)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ACTION FILED BY KAMALA D. HARRIS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:　July 31, 2011<br>TIME:　10:00 a.m.<br>CTRM:　23<br><br>Action Filed: November 30, 2011<br><br>Magistrate: Hon. Suzanne H. Segal |

　　　　Plaintiff, Charles Nichols, hereby submits his written opposition to the Motion to Dismiss Action filed by defendant, Kamala D. Harris, Attorney General.

////
////
////
////
////

### MEMORANDUM OF POINTS AND AUTHORITIES

1

**1. INTRODUCTION.**

The defendant, Kamala D. Harris, Attorney General of the State of California, has filed a motion to dismiss the instant action. The plaintiff, Charles Nichols, opposes that motion.

**2. SUMMARY OF ARGUMENTS.**

The defendant's arguments are essentially threefold.

The defendant's first and second arguments are that plaintiff lacks standing and that plaintiff's claim is not "ripe." Both arguments are essentially based on the same contention, that plaintiff has not suffered an injury-in-fact. These arguments, however, should fail because the injury suffered by plaintiff is immediate and concrete, and it would be unreasonable to require plaintiff to undergo an "incident" (arrest) before judicial review of the viability of the challenged statutes is required.

The defendant's third argument is that the Attorney General should be granted Eleventh Amendment immunity. This argument should fail because plaintiff has alleged a concrete plan in the First Amended Complaint to violate the law, and the threat of enforcement by the Attorney General against plaintiff is credible and likely.

**2. PLAINTIFF HAS STANDING TO SUE AND HIS CLAIM IS RIPE.**

In support of defendant's argument that plaintiff lacks standing to sue and that his claim is not ripe, defendant essentially argues that plaintiff must first be arrested for a violation of Penal Code § 25850 (a statute prohibiting open carrying of a loaded firearm in public places).

A similar argument was made by the defendants in *Jackson v. City and County of San Francisco*, WL 7338342, __F.Supp.2d__ (2011). In *Jackson*, gun owners brought suit against the City and County challenging three provisions of the San Francisco Police Code. The first provision, "The Safe Storage Law," purported to require gun owners to apply trigger locks or to store handguns in locked containers when the guns are not under direct personal control of the owners. The second provision, "Prohibiting Sale of Particularly Dangerous Ammunition," purported to ban the sale of certain types of ammunition, such as fragmenting bullets, that the plaintiffs in that case contended were particularly suitable for self defense purposes as such

i

1  ammunition was less likely to cause collateral damage to others by preventing ricochet and
2  over-penetration. The third provision, "the discharge ban," purported to ban the discharge of
3  any firearm within city limits but contained no exception for self defense.

4        Like the defendant here, the defendants in *Jackson* argued that the plaintiffs lacked
5  standing and that their claims were unripe.

6        As acknowledged by the *Jackson* court, and the defendant here, to show standing a
7  plaintiff must:

8        (1) prove that he or she suffered an "injury in fact," i.e. an invasion of a legally
9        protected interest which is (a) concrete and particularized, and (b) actual or
10       imminent, not conjectural or hypothetical; (2) establish a causal connection by
11       proving that the injury is fairly traceable to the challenged conduct of the
12       defendant; and (3) show that the injury will likely be redressed by a favorable
13       decision. (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561).

14       On the issue of ripeness, the central concern is "whether the case involves uncertain or
15 contingent future events that may not occur as anticipated, or indeed may not occur at all."
16 *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) (quotations
17 omitted).

18       The defendants in *Jackson* took the position that "it simply is not enough for plaintiffs to
19 alleged that they 'wish and intend' to engage in conduct prohibited by the law in dispute; rather,
20 they must also allege facts showing when and how they will violate the law, and a specific
21 threat that they will be prosecuted if they do. Defendants contend plaintiffs have not shown that
22 any law enforcement official has specifically threatened any of them, much less all of them, with
23 arrest and prosecution under any of the challenged ordinances." (*Jackson*, *supra*, West Note
24 9. See Plaintiff's Exhibit 3, p. 4). The defendants in *Jackson* thus made the same argument that
25 the defendant here is making.

26       In rejecting the defendants' arguments, the *Jackson* court quoted the opinion in
27 *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-129, which is particularly appropriate
28 here:

      "Our analysis must begin with the recognition that, where threatened action by

*government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat – for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction."

Inasmuch as the *Jackson* defendants' contentions that the plaintiffs lacked standing and that their claims were unripe were based on the same arguments, neither contention provided the defendants with a separate basis for dismissal. *Jackson, supra*; Plaintiff's Exhibit 3, p. 5, quoting *MedImmune, supra*, 549 U.S. at 128 n. 8: "standing and ripeness boil down to the same question in this case."

The Court in *Jackson* denied the defendants' motion to dismiss - plaintiff contends the Court here should do likewise.

### 3. THE INJURY RESULTING FROM PLAINTIFF BEING REFUSED A PERMIT TO CARRY A FIREARM IS FAIRLY TRACED TO THE ATTORNEY GENERAL.

The defendant attempts to distance herself from the firearm permitting process of Penal Code § 26155. She argues that she should be dismissed from plaintiff's challenge to Section 26155 because, essentially, she has nothing to do with the process.

As acknowledged by the defendant, however, she is involved in the process in a very big way. She acknowledges that the Attorney General office is charged with "preparing a uniform application form to be used throughout the state." (citing to Penal Code § 26175). She further states that "upon receipt of an applicant's fingerprints from a licensing authority, the California Department of Justice, <u>which is under the supervision of the Attorney General</u> (Cal. Gov't Code § 12510), provides to the licensing authority a report <u>as to whether the applicant is prohibited by state or federal law from possessing a firearm</u>. (Cal. Penal Code §§ 11105, 26185.)" (Defendant's Memorandum of Points and Authorities, p. 12, lines 1-7).

The obvious inference here, considering plaintiff actually did not receive a permit, is that the Attorney General's office reported to the Redondo Beach chief of police that plaintiff "is prohibited by state or federal law from possessing a firearm."

1  This goes to crux of this issue. The defendant speaks out of both sides of her mouth by
2  saying she has nothing to do with permitting while she acknowledges she "only" directs the
3  licensing body as to whether a person is prohibited from having same. The Attorney General,
4  by law, issues an edict as to whether having a permit to carry a firearm is illegal under federal
5  law.

6  In *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008), the Court acknowledged that
7  the Second Amendment of the United States Constitution "guarantee[s] the individual right to
8  possess and carry weapons in case of confrontation." In *McDonald v. Chicago*, 561 U.S. 3025
9  (2010), the Court found that the Second Amendment limits state and local governments to the
10 same extent that it limits the federal government. In relation to *Heller*, the Attorney General has
11 come out publicly with her opinion that it was wrongly decided. In relation to *McDonald*, the
12 Attorney General in her former capacity filed an Amicus Curiae brief opposed to the opinion
13 rendered in that case. It is not difficult to see the Attorney General viewing the issuance of gun
14 permits as being against federal law when she does not agree the right to bear arms is a
15 fundamental individual right.

17 **4. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFF'S CLAIMS AGAINST**
18 **THE ATTORNEY GENERAL.**

19 The defendant argues that plaintiff cannot meet two of three prongs necessary to defeat
20 the Eleventh Amendment bar against prosecuting an official's oversight of state law. Defendant
21 avers that, " 'In evaluating the genuineness of a claimed threat of prosecution, [a court should]
22 look to [1] whether the plaintiff ha[s] articulated a 'concrete plan' to violate the law in question,
23 [2] whether the prosecuting authorities have communicated a specific warning or threat to
24 initiate proceedings, and [3] the history of past prosecution or enforcement under the
25 challenged statute.' " (Defendant's Memorandum of Points and Authorities, p. 15, lines 7-12,
26 quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139).

27 Defendant concedes the third prong; that is, she acknowledges that the Attorney
28 General's office has enforced Penal Code §§ 25850 and 26155. However, defendant contends
   that plaintiff cannot prove the first two prongs, a "concrete plan" to violate the law, and a threat

iv

by the Attorney General's office to initiate proceedings.

The only way to adopt the defendant's contentions is to ignore the allegations of the First Amended Complaint. But this is impermissible to do when ruling on a Motion to Dismiss.

It is well settled that a plaintiff's complaint survives a motion to dismiss where it states sufficient factual matters "accepted as true" that "'state a claim to relief that is plausible on its face'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Twombly*, at 556).

With the above in mind, the following facts are alleged in the first amended complaint.

1. Plaintiff has alleged an intent or plan to violate Penal Code § 25850 and Redondo Beach Municipal Code § 4-35.20 "every month" far into the future "as long as he is physically able to carry a loaded or unload firearm. See First Amended Complaint, ¶¶ 36, and 44-46.

2. Kamala Harris, despite being notified of prosecutions for violations of Penal Code § 25850 that are unconstitutional, refuses to exercise her discretion to end same and to stop future unconstitutional prosecutions. See First Amended Complaint, ¶ 37.

3. Kamala Harris has failed to instruct the City of Redondo Beach that its ordinance, Redondo Beach Municipal Code § 4-35.20, is preempted by state law and is unconstitutional under federal law. (See First Amended Complaint, ¶ 37).

4. There has been a history of "zealous prosecutions" numbering in the tens of thousands for carrying of firearms in non-sensitive public places and future prosecutions are "a certainty." (See First Amended Complaint, ¶ 37).

The plain language of the First Amended Complaint, which must be taken as true, satisfies all of the factors necessary to defeat the Eleventh Amendment bar against prosecuting the California Attorney General.

**5. CONCLUSION.**

Based on all of the foregoing, plaintiff respectfully requests that Defendants' Motion to Dismiss be denied in its entirety.

Dated: July 16, 2012

                                            Michael F. Sisson, Attorney for plaintiff, Charles Nichols