1  T. PETER PIERCE (Bar No. 160408)
   ppierce@rwglaw.com
2  LISA BOND (Bar No. 172342)
   lbond@rwglaw.com
3  AARON C. O'DELL (Bar No. 281851)
   ao'dell@rwglaw.com
4  RICHARDS, WATSON & GERSHON
     A Professional Corporation
5  355 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3101
6  Telephone:  213.626.8484
   Facsimile:  213.626.0078
7
   Attorneys for Defendants
8  CITY OF REDONDO BEACH, JOSEPH
   LEONARDI and TODD HEYWOOD
9

10              **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  CHARLES NICHOLS, | Case No. CV-11-9916 SJO (SS) |
| 14              Plaintiff, | **REDONDO BEACH DEFENDANTS'** |
|          vs. | **REPLY IN SUPPORT OF MOTION** |
| 15 | **TO DISMISS FIRST AMENDED** |
| 16  KAMALA D. HARRIS, Attorney | **COMPLAINT OR, IN THE** |
|      General, in her official capacity as | **ALTERNATIVE, MOTION FOR** |
| 17  Attorney General of California, CITY | **MORE DEFINITE STATEMENT** |
|      OF REDONDO BEACH, CITY OF | |
|      REDONDO BEACH POLICE CHIEF | **[EVIDENTIARY OBJECTIONS** |
| 18  JOSEPH LEONARDI, OFFICER TODD | **FILED CONCURRENTLY** |
|      HEYWOOD and DOES 1 to 10, | **HEREWITH]** |
| 19 | |
|              Defendants. | Magistrate:    Hon. Suzanne H. Segal |
| 20 | |
| 21 | Date:          NA |
| | Time:          NA |
| 22 | Ctrm:          23 |
| 23 | Action Filed:  November 30, 2011 |

24      Defendants City of Redondo Beach, City of Redondo Beach Police Chief

25  Joseph Leonardi, and Todd Heywood (collectively "Redondo Beach Defendants")

26  hereby submit this reply in support of their motion to dismiss pursuant to Federal

27  Rule of Civil Procedure 12(b)(1) and (6), or, alternatively, motion for a more definite

28  statement pursuant to Federal Rule of Civil Procedure 12(e).

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   ARGUMENT ................................................................................... 1

   A.   This Court Should Abstain from Exercising Jurisdiction
        Over this Matter Pursuant to *Younger* .................................... 1

        1.   *Younger* Abstention is Mandatory When the Test is
             Met.................................................................................... 2

        2.   This Action Is in the Embryonic Stage and *Younger*
             Abstention Applies............................................................ 4

        3.   The Third Prong of the *Younger* Abstention Test Has
             Been Satisfied................................................................... 6

        4.   The Narrow Exception to *Younger* Abstention Cited
             by Plaintiff Does Not Apply Here.................................... 8

   B.   Chief Leonardi, Heywood and Officer Doe Are Entitled to
        Qualified Immunity Despite the Contentions in the
        Opposition ................................................................................ 11

   C.   Plaintiff Lacks Standing to Bring This Lawsuit...................... 12

   D.   Plaintiff Has Failed to Allege Facts Sufficient to State a
        Claim for Relief........................................................................ 12

   E.   The First Amended Complaint Fails to Comply with
        Federal Rule of Civil Procedure 10(b), Making It Subject to
        a Motion for More Definite Statement ..................................... 13

III.  CONCLUSION.............................................................................. 14

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## Cases

4
*Adultworld Bookstore v. City of Fresno,*
    758 F.2d 1348 (9th Cir. 1985) ..........................................................5, 6

5

*Anderson v. District Bd. of Trustees of Central Florida Comm. College,*
6
    77 F. 3d 364 (11th Cir. 1996) .......................................................13

7
*Ashcroft v. al-Kidd,*
    2011 U.S. LEXIS 4021, 131 S. Ct. 2074 (2011) ...........................11

8

*Bell Atl. Corp. v. Twombly,*
9
    550 U.S. 544 (2007) ........................................................................5

10
*Canatella v. State of California,*
    404 F.3d 1106 (9th Cir. 2005) ........................................................2

11

*Coleman v. Ahlin,*
12
    2012 U.S. Dist. LEXIS 44052, *5 (N.D. Cal. 2012) .....................2

13
*Colony Cove Properties, LLC v. City of Carson,*
    640 F.3d 948 (9th Cir. 2011) ..........................................................5

14

*District of Columbia v. Heller,*
15
    554 U.S. 570 (2008) ......................................................................11

16
*Doran v. Salem Inn, Inc.,*
    422 U.S. 922 [1975]...............................................................passim

17

*Freeman v. City of Santa Ana,*
18
    68 F.3d 1180 (9th Cir. 1995) ........................................................12

19
*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ......................................................................11

20

*Huffman v. Pursue, Ltd.,*
21
    420 U.S. 592 (1975).....................................................................8, 9

22
*Maya v. Centex Corp.,*
    658 F.3d 1060 (9th Cir. 2011) ...................................................7, 12

23

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,*
24
    457 U.S. 423 (1982)......................................................................6, 7

25
*Moore v. Sims,*
    442 U.S. 415 (1979) .....................................................................7, 8

26

*Nommensen v. Lundquist,*
27
    630 F.Supp.2d 994 (2009) ...............................................................2

28

-ii-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,*
477 U.S. 619 (1986)............................................................................8

*Parent v. New York,*
2012 U.S. App. LEXIS 12267, *5 - *6 (2nd Cir. 2012)..................2

*Pearson v. Callahan,*
555 U.S. 223 (2009)..........................................................................11

*Spring Communications Co., L.P. v. APCC Servs., Inc.,*
554 U.S. 269 (2008)............................................................................7

*State ex rel. Ewing v. A Motion Picture Film Entitled "Without a Stitch,"*
37 Ohio St.2d 95 (1974) ....................................................................9

*Trainor v. Hernandez,*
431 U.S. 434 (1977)............................................................................8

*Walck v. Edmondson,*
472 F.3d 1227 (10th Cir. 2007) ........................................................2

*World Famous Drinking Emporium, Inc. v. City of Tempe,*
820 F.2d 1079 (9th Cir. 1987) .....................................................8, 10

*Younger v. Harris,*
401 U.S. 37 (1971)......................................................................passim

*Zalman v. Armstrong,*
802 F.2d 199 (6th Cir. 1986) ........................................................8, 9

**Statutes**

42 United States Code Section 1983 ...............................................2, 13

42 United States Code Section 1988 ....................................................13

California Penal Code Section 25850 .....................................................7

California Penal Code Section 26155 .....................................................7

City of Redondo Beach Municipal Code Section 4-35.20....................8, 10

Federal Rule of Civil Procedure 10(b)..................................................13

Federal Rule of Civil Procedure 12(b)(6) ..............................................6

United States Constitution, Article III, Section 2 ...................................7

-iii-

REDONDO BEACH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
R6900-1031\1474211v3.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

2                                                                    **Page(s)**

3  **<u>Other Authorities</u>**

4  C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*
       Section 4255 (1978 & Supp. 1986) ...................................................8
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDONDO BEACH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

R6900-1031\1474211v3.doc

## REPLY IN SUPPORT OF MOTION TO DISMISS

## I.

## INTRODUCTION

The opposition blatantly misrepresents the law as it pertains to *Younger* abstention. This case represents a classic case for mandatory *Younger* abstention so as to avoid federal court interference with the ongoing state court criminal prosecution of Charles Nichols ("Plaintiff") by the City of Redondo Beach ("City"). Accordingly, the proper course of action would be to (1) dismiss Plaintiff's first claim for declaratory and injunctive relief; (2) stay the second claim for relief for damages as to the City pending resolution of the state court criminal proceedings; and (3) dismiss the second claim for relief for damages as to the individual police officers because they enjoy qualified immunity.

Plaintiff's opposition does not refute the Redondo Beach Defendants' argument that Plaintiff lacks standing as to the first and second claims for relief, the only claims asserted against the Redondo Beach Defendants.

Plaintiff's opposition further fails to demonstrate that Plaintiff has alleged sufficient facts to state claims for relief as to the Redondo Beach Defendants.

## II.

## ARGUMENT

**A.    This Court Should Abstain from Exercising Jurisdiction Over this Matter Pursuant to *Younger***

Plaintiff advances four arguments for the notion that the *Younger* abstention doctrine, as stated by the United States Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), should not apply in this case. Plaintiff incorrectly posits that (1) *Younger* abstention is not mandatory; (2) this action is beyond the "embryonic stage" outlined in *Doran v. Salem Inn, Inc.*; (3) the third prong of the *Younger* abstention test has not been satisfied; and (4) this case represents an exception to the *Younger* abstention test. These allegations will be addressed in order.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW — A PROFESSIONAL CORPORATION

**1.     *Younger* Abstention is Mandatory When the Test is Met**

Plaintiff asserts that the *Younger* abstention doctrine is not mandatory.  The Ninth Circuit, among many other Circuit courts, disagrees.  *See Canatella v. State of California*, 404 F.3d 1106, 1113 (9th Cir. 2005) ("We recognize that we generally regard both *Younger* abstention and intervention as of right as <u>mandatory</u> doctrines.  District courts applying *Younger* 'must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise.  [Citation.]'") (emphasis added); *Parent v. New York*, 2012 U.S. App. LEXIS 12267, *5 - *6 (2nd Cir. 2012); *Walck v. Edmondson*, 472 F.3d 1227, 1223 (10th Cir. 2007); *Nommensen v. Lundquist*, 630 F.Supp.2d 994, 999 (2009); *Coleman v. Ahlin*, 2012 U.S. Dist. LEXIS 44052, *5 (N.D. Cal. 2012).

Plaintiff cites *Doran v. Salem Inn, Inc.* in support of his notion that *Younger* abstention is not mandatory, even where there are ongoing state judicial proceedings.  Plaintiff's Opposition to Motion to Dismiss First Amended Complaint ("Opp."),  1:22-25 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975)).  This is an incorrect characterization of the law as stated by the Court in *Doran*.

The Court in *Doran* heard a case in which three corporate appellees brought an action under 42 U.S.C. § 1983 challenging a Nassau County, New York ordinance making it unlawful for waitresses, barmaids, and entertainers to appear in their establishments with breasts uncovered.  *Doran*, 422 U.S. at 924.  The appellees argued that the ordinance violated their rights under the First and Fourteenth Amendments to the United States Constitution.  *Id.*  One of the appellees, M & L Restaurant ("M&L"), resumed its presentation of topless dancing the day <u>after</u> the appellees' federal complaint was filed and after their application for a temporary restraining order and preliminary injunction was denied.  *Id*. at 925.  On that day, M&L was served with criminal summonses in state court based on the violation of ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

R6900-1031\1474211v3.doc

1   the Nassau County ordinance. *Id.* The other two appellees did not resume the

2   presentation of topless entertainment and were not issued criminal summonses. *Id.*

3      Justice Rehnquist, writing for the 9-0 majority, stated, "[w]e do not agree with

4   the Court of Appeals, therefore, that all three plaintiffs should automatically be

5   thrown into the same hopper for *Younger* purposes, and should thereby each be

6   entitled to injunctive relief." *Doran*, 422 U.S. at 928. Rather, the Court decided that

7   each of the respondents should be placed in the position as if that respondent stood

8   alone. *Id.* at 929. Upon making this determination, the Court then stated that

9   "[w]hen the criminal summonses issued against M&L on the days immediately

10  following the filing of the federal complaint, the federal litigation was in an

11  embryonic stage and no contested matter had been decided. In this posture, M&L's

12  prayer for injunction is squarely governed by *Younger*." *Id.* Accordingly, because

13  M&L violated the ordinance and was issued criminal summonses in state court,

14  *Younger* abstention applied. The Court continued, "absent a showing of *Younger*'s

15  special circumstances, even though the state prosecution was commenced the day

16  following the filing of the federal complaint" M&L was subject to *Younger*

17  abstention. *Id.* "Having violated the ordinance, rather than awaiting the normal

18  development of its federal lawsuit, M&L cannot now be heard to complain that its

19  constitutional contentions are being resolved in a state court." *Id.* Therefore, the

20  Court singled out the M&L appellee for *Younger* abstention because it violated the

21  Nassau County ordinance and state court proceedings were commenced. This is the

22  exact opposite proposition for which Plaintiff cites the *Doran* decision.

23      Here, Plaintiff is situated almost exactly as M&L was situated in the *Doran*

24  case. Plaintiff filed his original federal complaint in this action on November 30,

25  2011. This Court dismissed said complaint without prejudice as to the Redondo

26  Beach Defendants and with prejudice as to the Redondo Beach Police Department on

27  May 7, 2012. (Order Accepting Findings, Conclusions and Recommendations of

28  United States Magistrate Judge, 2:14-22, May 7, 2012.) On May 21, 2012, Plaintiff

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-3-

1    appeared in public within the Redondo Beach city limits carrying an unloaded

2    firearm.  Upon Plaintiff entering a City of Redondo Beach public park, police

3    officers seized Plaintiff's firearm and informed him that he was violating City law.

4    On May 30, 2012, Plaintiff filed a First Amended Complaint in this action.  Shortly

5    thereafter, prosecutors for the City filed misdemeanor charges against Plaintiff for

6    violation of the City's Ordinance challenged in this lawsuit, based on his action on

7    May 21, 2012.  Accordingly, the state court criminal proceeding against Plaintiff

8    began shortly after the filing of the First Amended Complaint.  Like the M&L

9    appellee in *Doran*, Plaintiff should not be permitted to avail himself of the

10   jurisdiction of the federal court by violating the very laws of which he complains.

11   Also like the M&L appellee in *Doran*, the *Younger* abstention doctrine should be

12   applied in this case.

> **2.    This Action Is in the Embryonic Stage and *Younger* Abstention**
> **Applies**

15   Plaintiff next contends that *Younger* abstention does not apply if the federal

16   action has proceeded past the "embryonic stage" and where substantive rulings or

17   findings have been made.  (Opp. 1:19-21.)  The present action has not proceeded

18   beyond the "embryonic stage" and, as such, *Younger* abstention applies here.

19   Plaintiff again cites *Doran v. Salem Inn, Inc.* as "concluding that 'a federal

20   court action in which a preliminary injunction is granted has proceeded well beyond

21   the 'embryonic stage.'"  (Opp. 2:1-3 [citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922,

22   929 (1975)].)  This assertion is, once again, a misrepresentation of the law as stated

23   in *Doran*.  First, the Court in *Doran* was not convinced that the ruling on the

24   preliminary injunction was a decision on the merits of the case therein.  "We also are

25   less than completely certain that the Court of Appeals did in fact hold [the Nassau

26   County ordinance] to be unconstitutional, since it considered the merits only for the

27   purpose of ruling on the propriety of the preliminary injunctive relief."  *Doran*, 422

28   U.S. at 927.  The Supreme Court did not resolve this issue because it had been

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   neither briefed nor argued.  *Id.*  Therefore, despite a ruling on the preliminary

2   injunction by the district court, the Supreme Court was uncertain that a decision on

3   the merits had actually been reached.

4        The *Doran* decision goes even further.  The Court stated "[w]hen the criminal

5   summonses issued against M&L on the days immediately following the filing of the

6   federal complaint, the federal litigation was in an embryonic stage and <u>no contested</u>

7   <u>matter had been decided</u>."  *Id*. at 929 (emphasis added).  The criminal summonses in

8   the *Doran* case were issued <u>after</u> the filing of the federal complaint and, more

9   importantly, <u>after</u> their application for a temporary restraining order and preliminary

10  injunction was denied by the district court.  Accordingly, the Court explicitly held

11  that the federal litigation was in the "embryonic stage" and "no contested matter had

12  been decided" <u>after</u> the district court decided the preliminary injunction issue.

13  Therefore, by implication, a district court's decision regarding a preliminary

14  injunction does not bring federal litigation beyond the embryonic stage.

15       A motion to dismiss is less a "decision on the merits" than a decision

16  regarding a preliminary injunction.  For example, "[w]hen ruling on a motion to

17  dismiss, [a court] may generally consider only allegations contained in the pleadings,

18  exhibits attached to the complaint, and matters properly subject to judicial notice."

19  *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011)

20  (internal quotation marks omitted).  There is no evidentiary hearing or decision on

21  the merits of the claims for relief in the complaint beyond facial plausibility.  Beyond

22  this, the court must accept all factual allegations as true even if doubtful.  See *Bell*

23  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Accordingly, a court ruling on

24  a 12(b)(6) motion to dismiss does not even address, much less issue a ruling,

25  regarding the merits of the causes of action beyond facial plausibility.

26       Similarly, *Adultworld Bookstore v. City of Fresno*, relied upon by Plaintiff for

27  the proposition that *Younger* abstention is not required if state criminal proceedings

28  began after the district court had conducted an '<u>extended evidentiary hearing</u> on the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-5-

1  question of a preliminary injunction" is inapplicable to the facts of this case.  (Opp.

2  2:3-6 [citing *Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350-51 (9th

3  Cir. 1985)].)

4      Here, there has been no "extended evidentiary hearing" and the action is still

5  in the "embryonic stage" as defined by the Supreme Court in *Doran*.  As such, a

6  motion to dismiss cannot bring federal litigation beyond the "embryonic stage"

7  quoted by Plaintiff.  Thus, this action remains in the "embryonic stage" and

8  Plaintiff's constitutional challenges are subject to the mandatory provisions of

9  *Younger* abstention.

10      Plaintiff's First Amended Complaint is the operative complaint.  Plaintiff was

11  given leave to file a First Amended Complaint following this Court's granting of the

12  Redondo Beach Defendants' motion to dismiss.  The Redondo Beach Defendants

13  have now moved for dismissal pursuant to the Federal Rules of Civil Procedure

14  12(b)(6) for a second time.  This second motion to dismiss is the subject of Plaintiff's

15  opposition and this reply.  Accordingly, this case is in the "embryonic stage" and this

16  Court should apply the mandatory provisions of the *Younger* abstention doctrine.

17  Further, Plaintiff's statement that this case is "ready to go to trial" (Opp., 2:18) is

18  disingenuous in light of the fact that no party has answered and motions to dismiss

19  are still pending.  Based on the fact that Plaintiff has failed to identify a single

20  substantive ruling made by this Court, *Younger* abstention should apply.

21      **3.      The Third Prong of the *Younger* Abstention Test Has Been Satisfied**

22      Plaintiff's third contention is that the third prong of the *Younger* abstention test

23  has not been satisfied.  The third prong of the *Younger* test is satisfied because

24  Plaintiff will be able to raise his constitutional challenges over which Redondo

25  Beach has any control in the state court criminal proceeding.

26      The Supreme Court stated in *Middlesex County Ethics Commission v. Garden

27  State Bar Association*, "[w]here vital state interests are involved, a federal court

28  should abstain 'unless state law clearly bars the interposition of the constitutional

-6-

1  claims.' *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,

2  432 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 426 [1979]). Moreover, "[the] . . .

3  pertinent inquiry is whether the state proceedings afford an adequate opportunity to

4  raise the constitutional claims. . . ." *Middlesex*, 457 U.S. at 432 (quoting *Moore*, 442

5  U.S. at 430).

6  　　　A plaintiff's ability to bring constitutional claims in *any* forum is contingent

7  on said plaintiff having standing.  Article III, section 2, of the United States

8  Constitution restricts the federal judicial power to the resolution of "cases" and

9  "controversies."  U.S. Const., art. III, § 2.  The case-or-controversy requirement is

10  satisfied only where a plaintiff has standing.  See *Spring Communications Co., L.P.*

11  *v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008).  In order to establish standing under

12  Article III, a plaintiff must show that (1) he "has suffered an 'injury in fact' that is (a)

13  concrete and particularized and (b) actual or imminent, not conjectural or

14  hypothetical; (2) the injury is fairly traceable to the challenged action of the

15  defendant; and (3) it is likely, as opposed to merely speculative, that the injury will

16  be redressed by a favorable decision." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067

17  (9th Cir. 2011).

18  　　　Here, the first and second claims for relief in Plaintiff's First Amended

19  Complaint are the only claims directed against the Redondo Beach Defendants.

20  Plaintiff will have the opportunity in the state court criminal proceeding to advance

21  constitutional challenges to the Redondo Beach Municipal Code under which

22  Plaintiff has been charged.  This is not at issue.  Plaintiff explained, "[i]n short, if this

23  Court were to dismiss [Plaintiff's] equitable claims with prejudice, [Plaintiff] would

24  lose his ability to raise his Constitutional claims regarding California Penal Code §§

25  25850 and 26155 forever." (Opp., 3:11-13.)  Plaintiff has not been charged by the

26  Redondo Beach Defendants with a violation of California Penal Code section 25850

27  or 26155.  (Plaintiff's Request for Judicial Notice in Support of Opp., Ex. 1.)  The

28  state court criminal proceedings therefore adequately establish a forum for Plaintiff

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-7-

1  to bring constitutional challenges to the Redondo Beach Municipal Code.  It is of no

2  consequence that Plaintiff has chosen to include separate claims for relief in the same

3  complaint not directed at the Redondo Beach Defendants.  Therefore, the third prong

4  of the *Younger* abstention test is satisfied and the *Younger* abstention doctrine applies

5  to the claims against the Redondo Beach Defendants.

6      **4.**      **The Narrow Exception to *Younger* Abstention Cited by Plaintiff**

7               **Does Not Apply Here**

8        Finally, Plaintiff claims that *Younger* abstention is inappropriate here –

9  regardless of the *Younger* abstention test – because Redondo Beach Municipal Code

10  section 4-35.20 is "flagrantly and patently violative of constitutional prohibitions."

11  (Opp., 3:21-28 [citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *World*

12  *Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.

13  1987)].)

14        Exceptions to the *Younger* abstention doctrine are extremely narrow.  See

15  *Zalman v. Armstrong*, 802 F.2d 199, 205, fn. 8 (6th Cir. 1986) ("According to one

16  commentator: Although later Supreme Court decisions have not shed a great deal of

17  additional light on the exceptions to *Younger*, what the Court has done confirms that

18  the Court is right when it describes them as 'these narrow exceptions.'  [17. C.

19  Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4255 (1978 &

20  Supp. 1986)].")  The Supreme Court reemphasized the rarity of these exceptions,

21  noting that *Younger* applies "'except in the very unusual situation that an injunction

22  is necessary to prevent great and immediate irreparable injury.'"  *Id.* (quoting *Ohio*

23  *Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626

24  [1986])(emphasis added).  The *Younger* exception for statutes that are "flagrantly

25  and patently violative" of express constitutional prohibitions appears to be even

26  narrower than the bad faith or harassment exception.  See *Zalman*, 802 F.2d at 199

27  (citing *Moore v. Sims*, 422 U.S. 415 [1979]; *Trainor v. Hernandez*, 431 U.S. 434

28  [1977]).  In fact, to date as far as we are aware, the Supreme Court has *never* found

1  this exception to be applicable since the Court first announced the exception in

2  *Younger*.  *Id.*  Plaintiff's attempts to invoke this very narrow exception fail.

3        First, Plaintiff cites *Huffman v. Pursue* for the narrow opinion that a federal

4  court may hear and decide federal constitutional questions despite satisfaction of the

5  *Younger* abstention test where a statute is flagrantly and patently violative of

6  constitutional prohibitions.  (Opp., 3:21-28.)  The full quote from the *Huffman*

7  decision reads: "*Younger*, and its civil counterpart which we apply today, do of

8  course allow intervention in those cases where the District Court properly finds that

9  the state proceeding is motivated by a desire to harass or is conducted in bad faith, or

10  where the challenged statute is 'flagrantly and patently violative of express

11  constitutional prohibitions in every clause, sentence and paragraph, and in whatever

12  manner and against whomever an effort might be made to apply to it.'"  *Huffman*,

13  420 U.S. at 611 (internal citations omitted in original).  In *Huffman*, the District

14  Court did not rule on the *Younger* issue and, thus, "apparently has not considered

15  whether its intervention was justified by one of these narrow exceptions."  *Id.*

16        The Supreme Court went even further.  "Even if the District Court's opinion

17  can be interpreted as a *sub silentio* determination that the case fits within the

18  exception for statutes which are 'flagrantly and patently violative of express

19  constitutional prohibitions,' such a characterization of the statute [in question] is <u>not</u>

20  <u>possible</u> after the subsequent decision of the Supreme Court of Ohio in *State ex rel.*

21  *Ewing v. A Motion Picture Film Entitled "Without a Stitch,"* 37 Ohio St.2d 95

22  (1974).  That case narrowly construed the nuisance statute [in question], with a view

23  to avoiding the constitutional difficulties which concerned the District Court."  *Id.* at

24  611-12.  The Court in *Huffman* remanded to the District Court for consideration of

25  whether irreparable injury can be shown of such a nature that the District Court

26  would be permitted to assume jurisdiction under an exception to the *Younger*

27  abstention doctrine.  *Id.* at 612.  Accordingly, even the *Huffman* decision advanced

28  ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  by Plaintiff does not stand for application of the extremely narrow "patently

2  violative" *Younger* exception.

3          Second, Plaintiff cites *World Famous Drinking Emporium, Inc. v. City of*

4  *Tempe* for the same "patently violative" exception to *Younger* abstention. The Ninth

5  Circuit in *World Famous* stated, "World Famous has failed to demonstrate how

6  review of the adverse judgments in the state courts would not have permitted an

7  opportunity to litigate its constitutional claims. That World Famous failed to avail

8  itself of the opportunity to litigate its constitutional claim in the state forum, does not

9  demonstrate that the state forum did not provide an opportunity to litigate that

10  claim." *World Famous*, 820 F.2d at 1083. Further, the court ruled that the record

11  revealed no harassment or bad faith on the part of the city in brining the criminal

12  proceedings which would make abstention improper. *Id.* In fact, nowhere on the

13  page cited by Plaintiff – page 1082 – or anywhere else in the *World Famous*

14  decision, is the notion of the "patently violative" exception ever mentioned.

15  Accordingly, Plaintiff failed to provide a single example of an application of this

16  extremely narrow "patently violative" exception to the *Younger* abstention doctrine.

17          As stated in the previous section, Plaintiff will have the opportunity to address

18  constitutional challenges to the Redondo Beach Municipal Code in the state court

19  criminal proceeding. The California state court is the appropriate forum for said

20  constitutional challenge because the mandatory provisions of the *Younger* abstention

21  doctrine apply here. Finally, Plaintiff has failed to show how Redondo Beach

22  Municipal Code section 4-35.20 is "patently violative" of express constitutional

23  prohibitions in every clause, sentence and paragraph, and in whatever manner and

24  against whomever an effort might be made to apply to it.

25          Therefore, each prong of the *Younger* abstention test has been satisfied in this

26  case. Further, no narrow exception to the application of the *Younger* abstention

27  doctrine has been adequately shown. Accordingly, this Court should apply the

28  *Younger* abstention doctrine to this case.

R6900-1031\1474211v3.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**B.    Chief Leonardi, Heywood and Officer Doe Are Entitled to Qualified Immunity Despite the Contentions in the Opposition**

In his opposition, Plaintiff argues that the individual Redondo Beach police officers should not be afforded qualified immunity because the Second Amendment to the United States Constitution has been in existence for well over two hundred years.  (Opp. 5:17-21.)  Yet, Plaintiff has failed to cite any case whatsoever that would stand for the proposition that the Second Amendment protects the unlocked, open carrying of an unloaded rifle with ammunition at hand in a public park – because no such authority exists.  As stated by the Court in *Heller*, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *District of Columbia v. Heller*, 554 U.S. 570, 626-627 (2008).  "Like most rights, the right secured by the Second Amendment is not unlimited. … commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id. at 627*(citations omitted)*.*  The individual Redondo Beach police officers enjoy qualified immunity from Plaintiff's damages claims because there is no existing precedent placing "beyond debate" the question of whether the ordinance the officers were enforcing violates the Second Amendment. *Ashcroft v. al-Kidd*, 2011 U.S. LEXIS 4021, 131 S. Ct. 2074, 2083 (2011).  Accordingly, the doctrine of qualified immunity protects the officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

///

///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

REDONDO BEACH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT OR. IN THE ALTERNATIVE. MOTION FOR MORE DEFINITE STATEMENT
R6900-1031\1474211v3.doc

1   **C.      Plaintiff Lacks Standing to Bring This Lawsuit**

2         Plaintiff's original complaint was dismissed for lack of standing.  Plaintiff's

3   staged antics causing Redondo Beach police officers to seize his firearm do not

4   confer standing.

5         The Magistrate Judge, in granting the prior motion to dismiss determined

6   "Plaintiff's injury, as currently alleged, would not be redressed by a favorable

7   decision against the [Redondo Beach Defendants].  Even if the Court could construe

8   enforcement of state law by the [Redondo Beach Defendants] as a municipal

9   'policy,' enjoining the [Redondo Beach Defendants] from implementing that 'policy'

10  would not provide any real relief if the provisions of section 25850 remain intact."

11  (Report and Recommendation of the United States Magistrate Judge, 26:17-22, April

12  5, 2012.)

13        Accordingly, Plaintiff still lacks standing because Plaintiff's alleged injury

14  would not be redressed by a favorable decision against the Redondo Beach

15  Defendants.  *Maya*, 658 F.3d at 1067.

16  **D.      Plaintiff Has Failed to Allege Facts Sufficient to State a Claim for Relief**

17        Plaintiff's opposition spends much time disagreeing with the United States

18  Supreme Court's interpretation of the Second Amendment.  (Opp. 7-8.)  Yet,

19  nowhere in the opposition does Plaintiff point to any facts alleged in the First

20  Amended Complaint to address the deficiencies discussed in the moving papers.  For

21  example, as argued in the moving papers, a plaintiff asserting an Equal Protection

22  claim must establish "that the law is applied in a discriminatory manner or imposes

23  different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68

24  F.3d 1180, 1187 (9th Cir. 1995).  "Once the plaintiff establishes governmental

25  classification, it is necessary to identify a 'similarly situated' class against which the

26  plaintiff's class can be compared." *Freeman*, 68 F.3d at 1187.

27        As pointed out in the moving papers, Plaintiff has failed to allege that the law

28  in question was applied in a discriminatory manner or imposes different burdens on

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  different classes of people. Plaintiff has failed to allege government classification or

2  any similarly situated class that may be compared to the class to which Plaintiff

3  contends he belongs. Plaintiff has failed to allege he has been treated differently than

4  any similarly situated group. Accordingly, the First Amended Complaint fails to

5  properly allege an Equal Protection claim.

6      Plaintiff did not respond at all to this argument pertaining to Equal Protection

7  and has thus waived it. As a result, the first and second claims for relief should be

8  dismissed for failure to state claims upon which relief may be granted.

9  **E.     The First Amended Complaint Fails to Comply with Federal Rule of Civil**

10        **Procedure 10(b), Making It Subject to a Motion for More Definite**

11        **Statement**

12     In the opposition, Plaintiff has failed to address the requirements of Federal

13 Rule of Civil Procedure 10(b) or the argument that where several separate claims for

14 relief are jumbled together in a "shotgun pleading" (no pun intended), a motion for

15 more definite statement may be used to require pleading separate counts under Rule

16 10(b). *Anderson v. District Bd. of Trustees of Central Florida Comm. College*, 77 F.

17 3d 364, 366 (11th Cir. 1996). Instead, Plaintiff responds that the First Amended

18 Complaint must be adequate because "the Defendants used its allegations to draft a

19 rather lengthy Motion to Dismiss." (Opp. 10:3-5.)

20     The first and second claims for relief combine multiple claims (Second,

21 Fourth, Fourteenth Amendments, 42 U.S.C. §§1983, 1988) all in a single claim for

22 relief in violation of Rule 10(b). Pleading in this manner will potentially deprive the

23 Redondo Beach Defendants from being able to file a motion for partial summary

24 judgment as to the individual claims bound up within one claim for relief. Therefore,

25 to the extent the Court does not grant the motion to dismiss without leave to amend,

26 or does not abstain from hearing the claims against the Redondo Beach Defendants,

27 the Court should order a more definite statement as to the jumbled first and second

28 ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    claims for relief and require the factual allegations that pertain to each such claim to

2    be set forth under the relevant claim.

3

4                                        **III.**

5                                  **CONCLUSION**

6           For all of the foregoing reasons, the Redondo Beach Defendants' motion to

7    dismiss should be granted.  Alternatively, to the extent the Court does not dismiss the

8    claims without leave to amend, the Court should abstain from hearing the claims

9    against the Redondo Beach Defendants.  Otherwise, the Court should require

10   Plaintiff to make a more definite statement by separating out the combined claims.

11

12   Dated:  July 20, 2012                    RICHARDS, WATSON & GERSHON
                                                A Professional Corporation
13                                           T. PETER PIERCE
                                             LISA BOND
14                                           AARON C. O'DELL

15

16                                           By: _____
                                                LISA BOND
17                                              Attorneys for Defendants
                                                CITY OF REDONDO BEACH, JOSEPH
18                                              LEONARDI and TODD HEYWOOD

19

20

21

22

23

24

25

26

27

28

REDONDO BEACH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

R6900-1031\1474211v3.doc