KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
  300 South Spring St., Ste. 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-6505
  Fax: (213) 897-1071
  E-mail: jonathan.eisenberg@doj.ca.gov
*Attorneys for Defendant California Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES NICHOLS,<br><br>                      Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,<br><br>                      Defendants. | CV-11-09916 SJO (SS)<br><br>**DEFENDANT KAMALA D. HARRIS'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OF PLAINTIFF CHARLES NICHOLS (FED. R. CIV. P. 12(B)(1))**<br><br>Date:         N/A<br>Time:        N/A<br>Crtrm.:       23 – 3rd Flr.<br>Judge:       Hon. Suzanne H. Segal<br>Trial Date:   Not Set<br>Action Filed: Nov. 30, 2011 |

    Under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), Defendant Kamala D. Harris, Attorney General of the State of California (the "Attorney General"), submits the following reply in support of her June 29, 2012 motion to dismiss  Plaintiff Charles Nichols's ("Nichols") May 30, 2012 first amended

1

complaint (the "FAC") herein. Nichols opposed the motion in a filing dated July 16, 2012.

## INTRODUCTION AND SUMMARY

The Attorney General's present motion to dismiss the instant civil action has attacked Nichols's ability to pursue (against the Attorney General) litigation challenges to the enforcement of two separate California statutes, Penal Code sections 25850 ("Section 25850") and 26155 ("Section 26155"). The Attorney General's memorandum of points and authorities in support of the June 29, 2012 motion, and Nichols's July 16, 2012 opposition briefing, set forth separate substantive discussions for Section 25850 and for Section 26155. This reply brief shall likewise address Nichols's claims regarding those two statutes in separate sections.

Regarding Section 25850, subdivision (a), the Attorney General's motion has followed the pertinent law as given in this Court's prior order (*Nichols v. Brown*, ___ F. Supp. 2d ___, 2012 WL 1604852 (C.D. Cal. May 7, 2012)), applied to the effect that Nichols cannot mount a legitimate federal-court challenge to the statute without having engaged in conduct that implicates the statute or demonstrating a genuine threat of imminent Attorney General enforcement of the statute against Nichols.

In opposing the motion to dismiss as regards Section 25850, Nichols has made two counter-arguments. First, Nichols flatly asserts that, in his FAC, he has articulated a sufficiently concrete plan to carry openly a firearm in a public place, and thus to violate the statute, such that standing is established and the claim is ripe. Second, Nichols, in effect, contends that the Court erred in its May 7, 2012 order in stating the pertinent law; the supposedly correct law is that a plaintiff's mere "intent and desire" to violate a law suffices for standing and ripeness purposes for a litigation challenge to the law.

Nichols's two counter-arguments are unpersuasive. First, regarding Section 25850(a)'s prohibition on carrying loaded firearms in public places, Nichols's allegations about past incidents and future plans that supposedly violate that ban are no more concrete than Nichols's prior assertions, in the original complaint (filed on November 30, 2011) and Nichols's declaration (filed on February 7, 2012), which this Court deemed insufficient in its May 7, 2012 order. The new allegations therefore fail the standing and ripeness analysis, as well. Second, Nichols is simply wrong that the pertinent law of standing and ripeness is now more favorable to Nichols's position (compared with the legal authorities relied upon in that order).

Regarding Section 26155, the Attorney General's motion demonstrated the lack of *any* Attorney General involvement in a local law-enforcement official's refusal to grant Nichols's request for a permit to carry a firearm openly in public spaces in Redondo Beach, meaning that the Attorney General is not a proper defendant in litigation challenging the constitutionality of the law. The Attorney General's role in that process is limited (a) to helping to create the standard application form and, in supervising the California Department of Justice ("DOJ"), (b) to providing to local law-enforcement authorities information on the criminal records of applicants. Nichols has no allegations in the FAC relating to these roles of the Attorney Genera, and cannot reasonably argue that these roles make the Attorney General a proper defendant in the attack on the statute. Nichols's opposing arguments instead rely on incredible, unpleaded speculation -- that Nichols's failure to obtain a license must have been based on a (false) criminal-history report that the Attorney General sent to Redondo Beach authorities -- to try to connect the Attorney General to Section 26155. Nichols cannot truthfully make such a connection, and thus has failed to show that the Attorney General is a proper defendant here.

# ARGUMENT

## I. THE COURT SHOULD DISMISS NICHOLS'S CALIFORNIA PENAL CODE SECTION 25850 CLAIMS AGAINST THE ATTORNEY GENERAL

Opposing the present motion as regards Section 25850(a),[1] Nichols asserts that he has now alleged sufficiently concrete plans to violate the ban on openly carrying loaded firearms in most public places, so as to have standing to pursue the instant lawsuit. On the contrary, Nichols's plans are still just general statements of intention about openly carrying loaded firearms in public places, which statements doomed Nichols's original complaint. For example, in the FAC, Nichols alleges, "PLAINTIFF... will continue to violate…Section 25850…on the 7th day of every month in the City of Redondo Beach California by carrying a firearm (a holstered handgun, rifle or shotgun of a type in common use by the public) in a public place"; "PLAINTIFF will openly carry a loaded holstered handgun, loaded rifle and loaded shotgun of a type in common use by the public." (FAC, ¶36.)

Apparently trying to infuse some more details into these vague plans, Nichols (in the FAC, but not the original complaint) refers to his supposed past open-carry experiences that he apparently will try to re-enact. But the past incidents do not amount to Section 25850(a) violations, so even if re-enacted the incidents would not support standing. In the August 2010 incident cited in the FAC, Nichols never carried any firearm, loaded or unloaded. (FAC, ¶¶65, 72.) Consequently, Nichols was never threatened with or faced any prosecution for that incident. In the May 2012 incident cited in the FAC, Nichols carried an *un*loaded long gun, with cartridges usable in only *another type* of firearm literally taped to the butt of the long gun. (FAC, Exh. 1-1 at 2:38-2:48.) While, for this incident, Redondo Beach officials (but not the Attorney General) charged Nichols with violating city

---

[1] Nichols offers *no response whatsoever* to the Attorney General's arguments for the dismissal of Nichols's claims based on Section 25850, sub-section *(b)*, as against the Attorney General.

4

ordinances, nobody has charged Nichols with violating any part of Section 25850. (Exh. 1 to Jul. 16, 2012 Plf.'s Req. for Jud. Notice Filed in Opp. to Defs.' Mtns. to Dismiss, on file herein.)  In sum, Nichols has not set forth sufficiently concrete plans to violate Section 25850(a), so as to have standing to pursue the instant lawsuit.[2]

Moreover, the critical connection to the Attorney General remains non-existent.  Again, neither the Attorney General nor her predecessors took any action in response to the August 2010 "unloaded open-carry" event.  Nichols avers that, in the May 2012 incident, Redondo Beach officials stopped and searched Nichols, and seized his long gun.  Nichols truthfully omits any mention of the Attorney General's involvement in these alleged events.  Nichols further shows that Redondo Beach's city prosecutor is prosecuting Nichols for violating city ordinances.  Again, Nichols truthfully omits any mention that the Attorney General is prosecuting Nichols for anything.  The continuing inaction of the Attorney General (and her predecessors) in ever enforcing, or even threatening to enforce, Section 25850 against Nichols underscores that the Attorney General is not a proper defendant in the present lawsuit -- under standing/ripeness analysis and Eleventh Amendment "*Ex Parte Young*" immunity.

Additionally, Nichols makes an incorrect argument that the non-binding U.S. District Court, Northern District of California, opinion in *Jackson v. City and Cty. of San Francisco*, 829 F. Supp. 2d 867 (2011), interpreting the U.S. Supreme Court's 2007 decision in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, has changed the law of standing such that a plaintiff's mere "intent and desire" to

---

[2] In opposing the present motion, Nichols erroneously claims that the Attorney General has taken the position that Nichols must expose himself to criminal sanctions under Section 25850, to have Article III standing and ripeness for a constitution-based lawsuit against Section 25850. The Attorney General has not taken such a position. But Nichols has carefully avoided exposing himself to prosecution under Section 25850(a), in any event.

violate a law creates standing for a constitutional challenge against that law. *There has been no such change in the law. MedImmune* concerned a narrow question, wholly unrelated to the instant case, of whether a patent licensee wishing to challenge the validity of the licensed patent (and thus to be able to terminate the license agreement without financial consequences) has to stop paying licensing fees and royalties to the patent licensor before launching the litigation challenge to the patent's validity, or else lack a live case or controversy conferring standing for the case. 549 U.S. at 119-20. The U.S. District Judge in *Jackson*, at 829 F. Supp. 2d at 871, erroneously interpreted some dicta from *MedImmune*, about disputes involving government actors, 549 U.S. at 128-29, as instigating a sweeping reform of Article III standing jurisprudence (in constitutional cases) and permitting standing based on a plaintiff's mere intent and desire to violate a law. But *Jackson* erred because *MedImmune* was discussing about a situation in which there was an express, genuine government threat of law enforcement. 549 U.S. at 129. *MedImmune* is obviously limited to that situation; *Jackson*'s reading of *MedImmune* is idiosyncratic. And, as noted above, that situation is not present in the instant case. The Attorney General has never threatened any enforcement of Section 25850 against Nichols.

    The valid, binding U.S. Supreme Court and Ninth Circuit cases cited in this Court's first dismissal order continue to apply and mandate dismissal of the FAC. The Attorney General already has cited very recent Ninth Circuit authority (*Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 994 (9th Cir. 2012)), reiterating that "hypothetical, some day" intentions to violate a law do not create standing for a constitutional challenge against that law. This Court should continue to follow this well-established standing and ripeness law in the present case, and should dismiss the Section 25850 claim against the Attorney General.

## II. THE COURT SHOULD DISMISS NICHOLS'S CALIFORNIA PENAL CODE SECTION 26155 CLAIMS AGAINST THE ATTORNEY GENERAL

Opposing the present motion, Nichols presents wild speculation (not even mentioned in his FAC) to try to link the Attorney General to Nichols's failure to obtain a Section 26155 license to carry openly a loaded firearm in public places in Redondo Beach. Nichols seems to have forced himself to engage in such speculation, because his original complaint and FAC set forth (accurate) allegations plainly showing that the Attorney General had no connection whatsoever to Nichols's permit-application experience. Indeed, in the FAC (the only pleading discussing Nichols's attempt to obtain a Section 26155 license), Nichols describes the process as involving Redondo Beach officials only, omitting any mention of the Attorney General. (FAC, ¶¶34-35, 39, 80-82.) Still, Nichols, in his opposition brief, tries to make something from nothing as regards the Attorney General -- but of course cannot do so.

Nichols's FAC alleges that Nichols did not have time to obtain the application for a license. (FAC, ¶35.) This allegation renders irrelevant Nichols's opposition argument about the significance of the Attorney General's statutory responsibility for preparing the application form (that is used statewide). Because Nichols admittedly never saw or used the form, it makes no difference that the Attorney General may have had a role in preparing the form.

It also follows that because Nichols never completed or submitted an application form, there is no chance that, as Nichols argues, DOJ– much less the Attorney General – received or reviewed Nichols's non-existent application or transmitted to Redondo Beach officials any information about Nichols's qualifications for a firearms license.[3]

---

[3] DOJ's role in providing information to local police chiefs or sheriffs in connection with the carry-permit process is limited. Upon receipt of an applicant's fingerprints from a licensing authority, DOJ (which is under the supervision of the Attorney General) provides to the licensing authority information on the applicant,
(continued…)

Given further the allegation in paragraphs 3, 33 and 34 of Nichols's original complaint (never disowned by Nichols), that Nichols would have been qualified for a Section 26155 license (because Nichols allegedly is not a felon or a person otherwise prohibited by law from having such a license), the Court should not give any credence to Nichols's opposition speculation that DOJ or the Attorney General must have lied and told Redondo Beach officials that Nichols was not qualified for such a license, causing the Redondo Beach officials to deny Nichols the license.

Nichols's FAC (¶81) reveals that Redondo Beach officials gave two facially dispositive reasons that Nichols could not have a Section 26155 license to carry openly a loaded firearm in public places in Redondo Beach: first, Nichols does not live in Redondo Beach, as is required of any person seeking such a permit; and, second, there is no Section 26155 "open-carry" license available to anyone in Redondo Beach. Nichols would have to rewrite his complaint – and likely violate Federal Rule of Civil Procedure 11 – to add the other guessed-at reasons that Nichols concocted for his opposition brief. Moreover, Nichols would have to rewrite his complaint to make the Attorney General in any way involved in this matter. Nichols cannot plausibly do so, and this Court should not indulge Nichols with a third chance to do so.

## CONCLUSION

Nichols's new pleadings and related new submissions in this case do not suffice to set up a live controversy that the Court should resolve on the merits at this time, or to convert this case from unripe to ripe, or to defeat the Attorney

//

//

---

(…continued)
including whether the applicant is prohibited by state or federal law from possessing a firearm. (Cal. Pen. Code §§ 11105, 26185 (establishing that DOJ is repository of criminal-history information).) Those prohibitions involve simply reviewing the criminal history for certain specified convictions. (See *id.*, § 29800.)

General's invocation of the Eleventh Amendment. The Court should grant the Attorney General's motion to dismiss this action, with prejudice.

Dated: July 23, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant California Attorney General Kamala D. Harris*