1  Charles Nichols
2  PO Box 1302
   Redondo Beach, CA 90278
3  Voice: (424) 634-7381
   E-Mail: CharlesNichols@Pykrete.info
4  In Pro Per

5

6

7

8                      United States District Court

9                      Central District of California

10

11  Charles Nichols,                    )  Case No.:
                                        )
12          PLAINTIFF,                   )  CV-11-9916 SJO (SS)
                                        )
13      vs.                             )
                                        )  **PLAINTIFF'S RESPONSE TO**
14  KAMALA D. HARRIS, Attorney          )  **DEFENDANT KAMALA D.**
                                        )  **HARRIS'S OBJECTIONS TO**
15  General, in her official capacity as )  **NOVEMBER 20, 2012 REPORT**
                                        )  **AND RECOMMENDATION OF**
16  Attorney General of California, CITY )  **UNITED STATES MAGISTRATE**
                                        )  **JUDGE**
17  OF REDONDO BEACH, CITY OF           )
                                        )  Date: N/A
18  REDONDO BEACH POLICE CHIEF          )  Time: N/A
                                        )  Courtroom: 23 – 3rd Flr.
19  JOSEPH LEONARDI, OFFICER            )  Judge: Hon. Suzanne H. Segal
                                        )  Trial Date: Not Set
20  TODD HEYWOOD and DOES 1 to 10,      )  Action Filed: Nov. 30, 2011
                                        )
21          Defendants.                 )

22

23

24

25

26

27

28

Nichols v. Edmund G Brown Jr et al            1            CV-11-9916 SJO (SS)

Comes now PLAINTIFF, in Pro Per, and hereby files this PLAINTIFF'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S OBJECTIONS TO NOVEMBER 20, 2012 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE.  This response is filed pro se pursuant to L.R. 83-2.9.2.2 - "When an attorney of record **for any reason** ceases to act for a party, such party shall appear pro se..."  Plaintiff's retained counsel failed to file Plaintiff's objections to some of the conclusions of law and fact in the NOVEMBER 20, 2012 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE as Plaintiff instructed him to do.  Particularly, the conflation of case law concerning the carrying of loaded, concealed handguns or a loaded handgun disguised as a toy in a Tennessee state park with Openly Carrying an unloaded long gun in a place legal under state and Federal law, and even exempt under various City of Redondo Beach Municipal ordinances. Even if there were no Second Amendment, Plaintiff's First and Fourth Amendment rights were clearly violated and qualified immunity does not apply.  Plaintiff instructed his counsel of record to file a Substitution of Attorney (Form G-01) and Order (Form G-02) substituting Plaintiff as attorney (pro se) of record instead of Michael F. Sisson.

Although Plaintiff does not object to filing an Amended Complaint he asks that his case be stayed for 120 days against all defendants and he be granted leave to file an objection to the NOVEMBER 20, 2012 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE and an Amended Complaint against all parties.  This Court can issue a stay without a motion by any party:

A court has discretion in determining whether a stay is proper in light of proceedings in another case. See Yong v. INS, 208 F.3d 1116, 1119 (9th Cir.

Nichols v. Edmund G Brown Jr et al           2           CV-11-9916 SJO (SS)

2000). In assessing the propriety of a stay, a court must "balance the length of the stay against the strength of the justification given for it." See id. More specifically,

[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Lockyer v. State of Cal., 398 F.3d 1098, 1110 (9th Cir. 2005). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Id. (internal quotation marks omitted); see also Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (noting that, "[g]enerally, stays should not be indefinite in nature").

Plaintiff's review of post-Heller decisions by the 9th Circuit Court of Appeals Second Amendment cases indicate that the 9th Circuit typically issues such decisions within 90 days of the case being taken under submission:

US v. Henry, 688 F. 3d 637 - Court of Appeals, 9th Circuit 2012 - Argued and Submitted June 26, 2012 - Filed August 9, 2012

Nordyke v. King, 681 F. 3d 1041 - Court of Appeals, 9th Circuit 2012 - Argued En Banc March 19, 2012 - Submitted May 24, 2012 - Filed June 1, 2012.

US v. Dugan, 657 F. 3d 998 – Court of Appeals, 9th Circuit 2011 - Argued and Submitted August 8, 2011 - Filed September 20, 2011

Nichols v. Edmund G Brown Jr et al      3      CV-11-9916 SJO (SS)

1   US v. Potter, 630 F. 3d 1260 -  Court of Appeals, 9th Circuit 2011 -
2   Submitted January 10, 2011 - Filed January 26, 2011
3   US v. Vongxay, 594 F. 3d 1111 – Court of Appeals, 9th Circuit 2010 - No.
4   09-10072.  Argued and Submitted January 12, 2010.  Filed February 9, 2010.

5
6   On December 6, 2012 the 9th Circuit Court of Appeals heard oral arguments
7   and took under submission Adam Richards, et al v. Ed Prieto et al Case Number:
8   11-16255, and Edward Peruta, et al v. County of San Diego, et al Case Number:
9   10-56971.  On December 10, 2012 the 9th Circuit Court of Appeals heard oral
10  arguments and took under submission David Mehl, et al v. Lou Blanas, et al Case
11  Number: 08-15773.  Richards and Mehl are constitutional challenges to PC 26150
12  (substantially identical to PC 26155 except for whom sends the application to the
13  Attorney General and her DOJ for approval; Sheriff under PC 26150 and Police
14  Chief under PC 26155).  Peruta is a challenge to the "good cause" requirement of
15  PC 26150.  All three cases have filed a Notice of Supplemental Authority, pursuant
16  to Fed. R. App. P. 28(j) of the recent Seventh Circuit Court of Appeals decision
17  which struck down Illinois' prohibition on the carrying of loaded firearms in public
18  for the purpose of self-defense. Moore v. Madigan, Nos. 12-1269, 12-1788, 2012
19  U.S. App. LEXIS 25264 (7 Cir. Dec. 11, 2012).  A decision which also struck
20  down an Illinois law identical to PC 25850(a) (see Count 3 of Plaintiff's FAC).
21  Recognizing that Judge Posner in Moore said that Illinois was free to prohibit the
22  carrying of concealed weapons in public pursuant to Heller; Amicus CRPA (a
23  Plaintiff in Peruta) filed this closing statement in its 28(j) letter in Mehl:

24
25  "If this Panel reaches the merits, it should likewise find that requiring
26  lawabiding, competent adults to prove a need beyond self-defense to obtain the
27  license required to publicly carry arms, whether **a license to carry openly** or
28

Nichols v. Edmund G Brown Jr et al          4          CV-11-9916 SJO (SS)

concealed, as California provides for either (Penal Code section 26150(b)), violates the Second Amendment." (Emphasis added)

Also noticed (28(j)) separately was the recent California State Appellate decision in People v. Mitchell, 208 Cal.App.4th 1213 (2012) which recognized the Second Amendment right to openly carry a weapon (a knife) in pubic pursuant to Heller and applying intermediate scrutiny for concealed carry in public.

In short, the decisions by the 9th Circuit Court of Appeals in Richards, Peruta and Mehl are very likely to be dispositive as to the state statutes and Municipal ordinances at issue in this case.  This court had already published a substantive finding that the City of Redondo Beach Municipal ordinance is preempted by the California Constitution.  Since Plaintiff filed his FAC, the State of California has banned the Open Carry of unloaded Long Guns (AB 1527) in addition to the existing ban on the Open Carry of unloaded handguns (AB 144) as well as PC 25850 (the ban on carrying loaded firearms) and over 200 pages of Penal Code sections regulating the use, possession and carrying of weapons; Plaintiff requests that this court stand by its earlier finding of preemption of the Redondo Beach Municipal ordinances.

Plaintiff's First Amended Complaint and Declarations were submitted pro se and it is well established that pro se filings are required to be liberally construed in Plaintiff's favor and a complaint can only be dismissed with prejudice if it is frivolous or incapable of amendment.

Defendant Harris is an indispensible party to this suit.  None of the Redondo Beach defendants can stand in stead of the Attorney General when the constitutionality of a state statute is challenged and it would be futile for Plaintiff

to apply for a license to openly carry a loaded handgun from any police chief or county sheriff in the state as all are precluded by the population and residency restrictions of PC 26155 from issuing a license to Plaintiff which the statute clearly states.

Plaintiff's disputes all objections, allegations, conclusions and points of law made by Defendant Harris in her objection in this response including, but not limited to:

DEFENDANT KAMALA D. HARRIS'S OBJECTIONS TO NOVEMBER 20, 2012 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE hereinafter referred to as RTO.

RTO at 1:2-7.  Plaintiff is being prosecuted for mere possession of a firearm and not for "for openly carrying an unloaded shotgun in a Redondo Beach park." Plaintiff's protest was conduced in an area of the city excluded from the RBMC he is charged with violating.  The Redondo Beach Municipal Code explicitly excludes all coastal parkland and streets within parks open to the public from its ban on the "use and carrying" of weapons in parks which the Redondo Beach Defendants maintain (contrary to their own municipal ordinances) apply to ALL public, open spaces of the city including those explicitly exempt in their own municipal code. "The act of firearm possession, by itself, is innocent." People v. Jones, 278 P. 3d 821, *356 - Cal: Supreme Court 2012.

An unloaded firearm is defined as "loaded" pursuant to California Penal Code PC 16840(1) which applies specifically to PC 25850 and was formerly a subsection of PC 12031 now renumbered to PC 25850 et al: "A firearm shall be deemed to be "loaded" when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any

1   manner to, the firearm, including, but not limited to, in the firing chamber,

2   magazine, or clip thereof attached to the firearm." See Rupf v. Yan 85 Cal. App.

3   4th 411 upholding this definition of a "loaded" firearm.

4       RTO at 1:8-18. Plaintiff claims he has the constitutional right to openly carry

5   a loaded firearm in non-sensitive public places throughout the state of California,

6   not just Los Angeles County.

7       RTO at 1:19-27 and at 2:1-2. It is disputed that Defendant Harris is a non-

8   participant. Plaintiff's original complaint and first amended complaint (FAC)

9   allege and ongoing violation of Plaintiff's constitutional rights.

10      RTO at 2:11-16. Plaintiff has agreed to file an Amended Complaint.

11  However, Defendant Harris has filed lengthy briefs demonstrating that she clearly

12  understands the factual allegations against her.

13      RTO at 3:4-8. Plaintiff has clearly established Article III standing to a

14  degree not required by any plaintiff in the 9th Circuit, or the Nation, alleging a

15  violation of his Second Amendment right.

16      RTO at 3:9-25. Plaintiff has never "sworn" that he has never violated PC

17  25850 (formerly PC 12031) and has never sworn he has never carried a gun. That

18  is a fantasy Defendant Harris has asserted since her first motion to dismiss which

19  Plaintiff has vehemently and repeatedly denied. Plaintiff does not have to be

20  arrested or prosecuted to challenge the constitutionality of a law. Plaintiff has

21  submitted a video with his FAC showing PC 25850 being enforced against him

22  when Defendant Officer Heywood informed Plaintiff that he was doing a "chamber

23  check" pursuant to subsection (b) of PC 25850. Plaintiff verbally and vocally

24  asserted his Constitutional right to refuse to voluntarily consent to a search or

25  seizure of his person or property; a refusal to which is a violation of the statute (PC

26  25850(b)) which requires that Plaintiff voluntarily give his consent to the search.

27  Defendant Officer Heywood completed his "chamber check" (PC 25850(b)) and

28  subsequently he and Officer Doe seized Plaintiff's firearm, carrying case, padlock

Nichols v. Edmund G Brown Jr et al          7          CV-11-9916 SJO (SS)

and key. Plaintiff welcomes Defendant Harris' implication that the definition of a "loaded" firearm for PC 25850 is unconstitutionally vague. A person of reasonable intelligence would conclude as Defendant Harris did, that a firearm which does not have a cartridge in the firing chamber is unloaded. The court in Rupf did not. Absent a narrowing construction by a court, which Rupf did not provide by accepting the plain text definition of "loaded" for PC 25850(a) (formerly PC12031(a)(1)); PC 25850(a) is facially unconstitutional for vagueness reasons alone, never mind the Second Amendment.

Plaintiff has articulated a concrete plan to violate PC 25850(a) which is unprecedented for any suit alleging an ongoing violation of a Second Amendment right. Plaintiff has averred an exact location, date and place where he plans to violate PC 25850 in the future as well as the manner in which he intends to violate the statute.

RTO at 4:1-11. Plaintiff alleges an ongoing deprivation of his constitutional rights. Defendant's Harris' musings regarding "Past-Acts" and citation of "Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 833-34, 836 (9th Cir. 2012)" contradicts her position. Oklevueha figured prominently in the prior Report & Recommendation [docket item 40] and Order Accepting the Findings of the Magistrate Judge [docket item 46]. As the court in Oklevueha plainly states at 3807 "Plaintiffs need not allege a threat of future prosecution because the statute has already been enforced against them." PC 25850 was enforced against Plaintiff the moment Defendant Officer Heywood took Plaintiff's firearm and performed his "chamber check" pursuant to the statute. An undisputed fact and to which video proof was included with Plaintiff's FAC.

RTO at 4:12-28 and 5:1-13 Defendant Harris continues with her fantasy alleging that Plaintiff avowed he has never violated PC 25850 but points to nowhere in any pleading or declaration made by Plaintiff where this occurred. Given that Plaintiff reported the death threat made against him (paragraph 15 of

Nichols v. Edmund G Brown Jr et al      8      CV-11-9916 SJO (SS)

1  original complaint) to Defendant Harris more than two months prior to filing his

2  original complaint which posited the question "Does being an Open Carry

3  advocate mean I am not entitled to file a complaint for someone making terrorist

4  threats against me?" her fanciful conclusions of Plaintiff's past activities ring

5  particularly hollow. Plaintiff's role in California's Open Carry movement (he is the

6  President of California Right to Carry, a California non-profit organization) has

7  been known to Defendant Harris long before Plaintiff filed his initial complaint.

8      RTO at 5:14-28 and 6:1-16. Defendant Harris continues to ignore the

9  undisputed fact that PC 25850 has already been enforced against Plaintiff.

10  Defendant Harris continues to make bald assertions such as vagueness and logical

11  inconsistencies but fails to point to any page, paragraph, or line of either

12  complaint, or any pleading, or any declaration made by Plaintiff to substantiate any

13  of her spurious allegations.  Plaintiff submits that it is remarkable that Defendant

14  Harris understands the facts of the case so clearly that she can roll off page after

15  page in opposition to Plaintiff's suit but claims to be unable to understand the plain

16  and simple factual allegations against her.

17      RTO at 6:26-28 (footnote 1). Defendant Harris cites no case where it is

18  necessary for Plaintiff to be charged with a violation of PC 25850 to have standing

19  to challenge the statute.

20      RTO at 6:17-25 and 7:1-9. Plaintiff did not "admittedly" carry an unloaded

21  firearm.  Early on in his protest he pointed out to the television, radio and print

22  reporters in attendance that under California law a firearm with ammunition

23  "attached in any manner" is a loaded firearm and plaintiff was legally in violation

24  of PC 25850 which, unlike other California Penal Code statutes, does not even

25  require that the ammunition attached to the firearm be matching.  Video of that

26  statement to the press was included with his FAC. Defendant Harris alleges that

27  Plaintiff did not violate the law in question PC 25850(a) & (b).  It is undisputed

28  that the California courts have upheld the plain text definition of an unloaded

firearm as it pertains to PC 25850(a) namely that if ammunition is simply attached to the firearm then the firearm is "loaded." That was an obviously absurd conclusion for the California courts to arrive at but it did.  A firearm without ammunition in the firing chamber is factually unloaded but is "loaded" as far as the California courts are concerned. id Rupf v. Yan

It is undisputed that Plaintiff refused to consent to the "chamber check" of his firearm (PC 25850 (b)) and as the R&R observed, Plaintiff can still be charged for violating PC 25850. Under California criminal procedural law, the criminal charge against Plaintiff can be amended as late as 30 days before trial to include a violation of PC 25850. Although not explicitly charged at this time with a violation of PC 25850, the criminal complaint explicitly mentions Plaintiff violating PC 25850. Although Defendant Harris has the duty under the California Constitution to take over the criminal case and to dismiss the charges, she has not done so and despite her assertions that Plaintiff has not violated PC 25850, based on her past and present actions (or inaction) she cannot be expected to do so should Defendant City of Redondo Beach amend the criminal complaint against Plaintiff to include a violation of PC 25850.

RTO at 7:10-25.  Plaintiff has never stated in briefs or by Declaration that his plans to violate PC 25850 are confined ONLY within the City of Redondo Beach and it remains to be seen if Defendant City of Redondo Beach is going to dig itself into an even deeper hole than it has done so already by amending its criminal complaint against Plaintiff to include a violation of PC 25850. Regardless of the Second Amendment, the Redondo Beach Municipal ordinance Plaintiff is charged with violating is clearly preempted by California law, something which this court had already concluded.  There is no reason to believe that the California Courts will not come to the same conclusion regarding state preemption leaving only PC 25850 available to the Redondo Beach Defendants as a remaining charge.

1   A statute they have shown an all to eagerness to enforce, especially against
2   Plaintiff.

3       RTO at 7:26-28 and 8:1-4.  Plaintiff is not required to provide any evidence
4   at this stage of the pleadings as Defendant Harris is well aware.

5       RTO at 8:5-10.  This court has already found that Defendant Harris is the
6   proper party to defend the constitutionality of PC 25850.

7       RTO at 8:11-27.  This is substantially the same argument Defendant Harris
8   made in her first motion to dismiss.  This court has already found that Defendant
9   Harris is the proper party to defend the constitutionality of PC 25850.

10      RTO at 9:1-20.  Defendant Harris' reliance on San Diego Cnty. Gun Rights
11  Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) is tenuous at best.  To the
12  extent this pre-Heller decision has any weight, the 9th Circuit contradicts
13  Defendant's Harris position - "We also disagree with the district court's conclusion
14  that to present a case fit for review, Plaintiffs need to frame the scope of the
15  injunctive relief they seek through allegations about Oklevueha's members' use,
16  possession, cultivation, and distribution of marijuana. Such specific pleadings are
17  not required to establish fitness for review, which requires only the existence of a
18  "concrete factual situation." San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d
19  1121, 1132 (9th Cir.1996). The scope of any injunctive relief to which Plaintiffs
20  might ultimately be entitled may be determined at a later phase of the litigation.
21  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119
22  L.Ed.2d 351 (1992) (holding that justiciability must be supported "with the manner
23  and degree of evidence required at the successive stages of the litigation.")."
24  OKLEVUEHA NATIVE AMERICAN CHURCH v. Holder, 676 F. 3d 829, *838.

25      Plaintiff emphatically objects that his enumerated, fundamental, individual
26  right under the Second Amendment to openly carry a loaded firearm for the
27  purpose of self-defense be held to the same, or higher, pleading requirements for a
28  case involving the illegal use of marijuana.

RTO at 9:21-28. The California legislature repealed PC 12031 and PC12050. PC 25850 became law on January 1, 2012. The population and residency restrictions for a license to openly carry a loaded handgun in former Penal Code Section 12050 went into effect on January 1, 2010. The same restrictions are in PC 26150 & PC 26155 which both went into effect on January 1, 2012.

RTO at 10:1-10. The assertion by Defendant Harris that Plaintiff would not be stopped where he to openly carry a firearm in public, have his firearm taken against his will and then inspected to see if it is loaded (PC 25850(b)) is belied by the video proof of this happening to Plaintiff submitted with his FAC. Given the fact that the Los Angeles County Sheriff and the Chief of Police for the City of Los Angeles both endorsed AB 144, it is laughable to postulate that none of their officers, let alone Redondo Beach police officers who have already proven their eagerness to enforce PC 25850, would not do so against plaintiff. That coupled with the thousands of arrests and prosecutions for violations of PC 25850 and former PC 12031 which are occurring throughout the state of California to this very day makes inescapably preposterous Defendant Harris' assertion that Plaintiff "…faces no credible threat of enforcement of Section 25850 (by the Attorney General or otherwise) is inescapable.,"

RTO at 10:24-28. The present case is, of course, a Second Amendment challenge to statutes which prevent Plaintiff from exercising his constitutional right to openly carry a loaded firearm for the purpose of self-defense and for other lawful purposes. Open Carry, as the Heller Court repeatedly pointed out, is the right guaranteed by the Second Amendment of the Constitution of the United States. The California Courts have come to the same conclusion. Id. Mitchell.

RTO at 10:11-23 and 11:1-6. Putting aside the fact that no evidence is required at the pleading stage, the criminal complaint against Plaintiff cites PC 25850 and as the R&R correctly points out. The 9th Circuit has found that the

1   attorney general is the proper party because she can prosecute a violation of a state

2   penal statute regardless of whether or not she has.

3        RTO at 10:1-28 and 11:1-13.  Defendant Harris and her Department of

4   Justice (DOJ) has a far more extensive role administering PC 26155 than alleged in

5   the FAC, which is one of the reasons Plaintiff does not object to filing an amended

6   complaint.

7        RTO at 11:14-28 and 12:1-15.  Section 26155 is not "…operated by local

8   officials only."  The only latitude granted by the statute to local law enforcement,

9   if any, is an interpretation of subsection (a)(1) "good moral character" and

10  subsection (a)(2)"good cause" clauses.  Plaintiff was denied a license to openly

11  carry a loaded handgun pursuant to subsections (a)(3) "residency" and (2)

12  "population" of Los Angeles County exceeding 200,000 persons. The problem is

13  not with Defendant Leonardi's interpretation of the statute (at this point at least).

14  The statute is unconstitutional to the extent it denies Plaintiff the right to Openly

15  Carry a loaded handgun for the purpose of self-defense and putting Defendant

16  Harris' substantial role in that denial aside for the moment, a municipal police

17  chief can not stand in stead of Defendant Harris when defending the

18  constitutionality of a state statute.  It is uncertain as to whether or not County

19  Sheriff's can stand in stead of Defendant Harris in a constitutional challenge to PC

20  26150 even if the Attorney General has been properly noticed pursuant to the

21  F.R.C.P. Or at least it was uncertain to the 9th Circuit three judge panel that heard

22  oral arguments in Peruta and Richards on December 6th, 2012.

23       RTO at 12:16-28 and 13:1-5.  Plaintiff's city of residency does not have a

24  police chief and even if it had, it would be futile for Plaintiff to apply for his

25  license from ANY/ALL police chief(s) or ANY/ALL county sheriff(s) in the state

26  (were he challenging PC 26150) as ALL are prevented by the statute(s) from

27  issuing Plaintiff the license he has a right to be issued.  Edward Peruta is the lead

28  plaintiff in Peruta v. County and Sheriff of San Diego 10-56971 and a citizen of

Nichols v. Edmund G Brown Jr et al     13     CV-11-9916 SJO (SS)

the State of Connecticut. He challenged the "residency" and "good cause" denial of his application for a license to carry a handgun concealed pursuant to Section 26150 (formerly PC 12050) and was found to have standing. As the Honorable Irma Gonzalez the then Chief Federal Judge for the Southern District of California concluded in her denial of the motion to dismiss Peruta's initial complaint by San Diego Sheriff Gore "Seeing as Defendant has failed to either identify an "important governmental interest" or demonstrate the required "fit" between the law and the interest served, the Motion to Dismiss Plaintiff's challenge to the "good cause" and "residency" requirements as applied by Defendants also fails. Cf. Skoien, 587 F.3d at 814-15."" Peruta v. County of San Diego, 758 F. Supp. 2d 1106 - Dist. Court, SD California 2010 docket number 7, page 13, lines 4-8. Neither the lead Plaintiff Peruta, nor any of his fellow Plaintiffs was required to file a Declaration that they would carry a loaded firearm without a permit. The same is true of Richards and Mehl.

RTO at 13:6-28. Plaintiff has far exceeded the Article III case-or-controversy requirements for a suit alleging an ongoing violation of his enumerated, fundamental, individual Second Amendment Right to openly carry a loaded firearm for the purpose of self-defense. From the beginning, Plaintiff has sought only Declaratory and/or Prospective Injunctive Relief from the state officials including Defendant Harris. There is no Eleventh Amendment Bar. The Attorney General is the only proper party to defend the constitutionality of PC 25850 and PC 26155 and is, in fact, an indispensible party to this suit. Justice demands that Plaintiff not be subjected to a pleading standing higher than the many Plaintiffs who have filed suit seeking a license to carry a handgun concealed pursuant to PC 26150 for which an allegation of a violation of their Second Amendment has been sufficient to confer standing. This court has already found that Defendant Harris is the proper party to defend PC 25850. This court should stand by its earlier decision that Plaintiff Harris is the proper party for challenges

Nichols v. Edmund G Brown Jr et al                14                CV-11-9916 SJO (SS)

to the state statutes and that the Redondo Beach Municipal ordinances regulating the carrying of firearm are preempted by state law.

Plaintiff requests this court to; overrule the objections of Defendant Harris, grant Plaintiff leave to amend his claim against all defendants, clearly articulate what it expects Plaintiff's Second Amended Complaint to contain, identify which paragraphs of the FAC are "confusing" to Defendant Harris, say whether or not Plaintiff can file an objection to the Report and Recommendation of the Magistrate Judge and say whether or not this court will grant a stay. If this court does not stand by its earlier finding of preemption then Plaintiff requests that he be granted leave to file an amended complaint against all Redondo Beach Defendants at the conclusion of his criminal case in addition to the above.

Dated: December 17, 2012                     Respectfully submitted,


                                    By: Charles Nichols
                                    PLAINTIFF in Pro Per
                                    PO Box 1302
                                    Redondo Beach, CA 90278
                                    Voice: (424) 634-7381
                                    E-Mail:
                                    CharlesNichols@Pykrete.info

///

Nichols v. Edmund G Brown Jr et al           15           CV-11-9916 SJO (SS)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S RESPONSE TO DEFENDANT KAMALA D. HARRIS'S OBJECTIONS TO NOVEMBER 20, 2012 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was served via United States Mail, postage prepaid, on this 17 , day of December, 2012; on the following:

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND
T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE CHIEF
JOSEPH LEONARDI, OFFICER TODD HEYWOOD and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per