1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CHARLES NICHOLS,                    )   NO. CV 11-09916 SJO (SS)
                                        )
12              Plaintiff,              )
                                        )   **ORDER ACCEPTING FINDINGS,**
13         v.                           )
                                        )   **CONCLUSIONS AND RECOMMENDATIONS**
14  EDMUND G. BROWN, et al.,            )
                                        )   **OF UNITED STATES MAGISTRATE JUDGE**
15              Defendants.             )
    _____)

16

17       Pursuant to 28 U.S.C. § 636, the Court has reviewed the First

18  Amended Complaint, all the records and files herein, the Report and

19  Recommendation of the United States Magistrate Judge, Defendant Kamala

20  D. Harris's Objections to the Report and Recommendation, Plaintiff's

21  Response to Harris's Objections, and Plaintiff's "Supplemental

22  Authorities".  After having made a <u>de novo</u> determination of the portions

23  of the Report and Recommendation to which Harris's Objections and

24  Plaintiff's Response were directed, the Court accepts and adopts the

25  findings, conclusions and recommendations of the Magistrate Judge, with

26  the following correction:  the date on line 23, page 1 of the Report and

27  Recommendation is amended to reflect the filing date of the First

28  Amended Complaint, i.e., May 30, 2012.  In addition, the Court will

address below certain arguments raised by the Parties in their Objections and Response to the Report and Recommendation.

    Harris's primary objection is that Plaintiff lacks standing to challenge California's general ban on carrying a loaded weapon in public because Plaintiff has failed to allege an injury-in-fact. (Obj. at 3-11). Harris contends that Plaintiff's alleged injuries are not sufficiently particularized because Plaintiff "has admittedly never before been arrested or prosecuted under Section 25850 . . . ." (Obj. at 6). According to Harris, the Court must disregard any allegations that Plaintiff has in the past unlawfully carried a loaded firearm because Plaintiff earlier submitted "a sworn declaration in this action avowing that he has <u>never</u> violated Section 25850 (out of fear of being arrested and prosecuted for violating the law)." (<u>Id.</u> at 4) (emphasis and parentheses in original). Harris further contends that Plaintiff's intention to carry firearms openly in the future fails to establish a concrete plan because his "vows to carry a firearm -- not necessarily loaded -- on the 7th day of each coming month . . . will <u>not</u> necessarily implicate Section 25850." (<u>Id.</u> at 7). Harris also argues that the threat of prosecution is not imminent because the Attorney General has not communicated to Plaintiff "a specific warning or threat to initiate proceedings" under section 25850. (<u>Id.</u> at 8).

    The gravamen of Harris's injury-in-fact arguments appears to be that in order to challenge section 25850, Plaintiff must actually violate the law. (<u>See</u> Obj. at 6 ("[Plaintiff] has admittedly never before been arrested or prosecuted under Section 25850."); <u>id.</u> at 6-7 ("Plaintiff admittedly carried an <u>un</u>loaded firearm [when he was

arrested] and thus did <u>not</u> implicate the possession ban of Section 25850, subdivision (a), which concerns loaded firearms only."); <u>id.</u> at 7 ("[T]here is only speculation that [Plaintiff] will openly carry a loaded, as opposed to unloaded firearm, in Redondo Beach, especially given that [Plaintiff's] only other open-carry incident in Redondo Beach was with an unloaded gun."); <u>id.</u> ("It should also be noted that there is no evidence (of which the Attorney General is aware) that [Plaintiff], on the 7th day of any month since May 2012, has openly carried a firearm in Redondo Beach.")).   However, the Supreme Court and the Ninth Circuit have clearly stated that a plaintiff is not required to actually violate a criminal law to challenge its constitutionality.   <u>See</u> <u>Babbitt v. United Farm Workers</u>, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) (plaintiff challenging the constitutionality of a criminal law "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.") (internal quotation marks omitted); <u>McCormack v. Hiedeman</u>, 694 F.3d 1004, 1021 (9th Cir. 2012) (same).   To hold the opposite would put the court in the untenable position of encouraging would-be litigants to break criminal laws in order to gain standing.

Short of requiring Plaintiff to actually violate section 25850, the Court must determine what facts Plaintiff must allege to show a particularized injury and an imminent threat of prosecution.   In the original Complaint, Plaintiff stated that he would like to openly carry a loaded firearm, but does not because he fears arrest. (Dkt. No. 1 at 6).   The Court concluded that this was too indefinite to establish a particularized injury. (Dkt. No. 40 at 14).   In contrast, in the First Amended Complaint, Plaintiff states that he has openly carried a loaded

3

weapon in the past and will openly carry a loaded firearm on the seventh
day of each month in the City of Redondo Beach.  (FAC at 12).  Plaintiff
further states that he is being prosecuted by the City of Redondo Beach
for openly carrying a firearm in public.  (FAC at 10-11).  There can be
no serious doubt that Plaintiff is a committed gun enthusiast who has
exercised and intends to continue to exercise what he believes is his
right to openly carry firearms, both loaded and unloaded, within this
state.  It is unclear what more the Court could require Plaintiff to
allege without demanding that he specifically violate section 25850 in
contravention of the holdings of the Supreme Court and Ninth Circuit.

    The Court finds that Harris misreads Plaintiff's prior declaration
in which Plaintiff stated that he has openly carried loaded and unloaded
weapons in California in the past where and when it was legal and that
he now "refrain[s] from openly carry[ing] a loaded handgun or long gun
in non-sensitive public places because [he] would in all certainty be
arrested, prosecuted, fined and imprisoned for doing so." (See Nichols
Decl., Dkt. No. 37 at 3-4).  Plaintiff did not affirmatively state under
oath that he has never illegally carried a loaded or unloaded weapon in
the past.  Courts must "construe pro se complaints liberally." Silva v.
Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011). The declaration's
affirmative statements do not preclude the possibility, as Plaintiff now
alleges, that in the past he also carried loaded firearms in this state
where and when it was illegal.  Consequently, because Plaintiff's prior
sworn statements do not necessarily contradict Plaintiff's current
allegations, the Court must consider Plaintiff's current allegations as
true in assessing whether Plaintiff has sufficiently alleged a

4

particularized injury.  (See R&R at 34); cf. Data Disc., Inc. v. Systems
Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977).

Plaintiff's seventh-day-of-the-month plan is also easily
distinguishable from the cases Harris relies on in which the Ninth
Circuit found the "concrete plan" insufficient.  Unlike the landlords in
Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1140 (9th Cir.
2000), who stated that if an unmarried couple ever wanted to rent from
them, they would refuse due to their religious convictions, Plaintiff's
plan is not contingent on the actions of third parties but is entirely
under his control.  (See Obj. at 5).  Unlike the environmentalist in
Wilderness Society, Inc. v. Rey, 622 F.3d 1251, 1256 (9th Cir. 2010),
who expressed a general intention to visit the national forests but who
did not identify concrete plans to hike in the specific park affected by
the challenged regulations, Plaintiff need only walk outside his home
carrying a loaded firearm to effectuate his plan.

As to the threat of imminent prosecution, Harris argues that even
though it is "theoretically possible that the Attorney General" could
prosecute Plaintiff under section 25850, Plaintiff cannot establish a
"genuine threat of imminent Attorney General prosecution under Section
25850."  (Obj. at 9).  The Court disagrees.  Once again, Harris's
arguments appear predicated on the contention that because Plaintiff has
not been prosecuted for violating section 25850 specifically, he cannot
establish the threat of imminent prosecution.  However, as noted above,
Plaintiff has been prosecuted for openly carrying a firearm in public.
It is simply implausible to contend that had the firearm been loaded,
prosecution would be less likely.  The Court will not insist that

Plaintiff escalate his alleged criminal activity merely to gain standing in this suit.   Moreover, absent a promise by Harris not to prosecute, Plaintiff has shown the possibility of prosecution and "even the remotest threat of prosecution" has been deemed sufficient.   Peachlum v. City of York, Penn., 333 F.3d 429, 435 (3rd Cir. 2003).

In his Response to Harris's Objections, Plaintiff appears to argue that his firearm should be deemed to have been "loaded" in the May 21, 2012 incident because he taped a cartridge to the barrel of the gun. (Resp. at 6-7; FAC Exh. 1).   Although Plaintiff's Opposition conceded that Plaintiff's long gun was unloaded in that incident, (RBD Opp. at 7), Plaintiff now relies on California Penal Code section 16840, which provides that "a firearm shall be deemed to be 'loaded' when there is an unexpended cartridge or shell . . . in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm."   Cal. Penal Code § 16840(b)(1).   However, California courts have made clear that "a firearm is 'loaded' when a shell or cartridge has been placed into a position from which it can be fired; the shotgun is not 'loaded' if the shell or cartridge is stored elsewhere and not yet placed in a firing position."   People v. Clark, 45 Cal. App. 4th 1147, 1153, 53 Cal. Rptr. 2d 99 (1996) (construing former California Penal Code § 12031) (firearm is not "loaded" where ammunition is stored in a compartment in the gun's stock because it could not be fired).   Nonetheless, even though Plaintiff did not carry a "loaded" firearm, it is not necessary for Plaintiff to violate Section 25850 in order to challenge the statute.

Plaintiff seeks a stay of 120 days pending the outcome of three cases taken under submission by the Ninth Circuit in December 2012: Richards v. Prieto, Case No. 11-16255 (hearing December 6, 2012); Peruta v. County of San Diego, Case No. 10-56971 (hearing December 6, 2012); and Mehl v. Blanas, Case No. 08-15773 (hearing December 10, 2012). According to Plaintiff, these cases challenge California's licensing scheme under section 26150, which is "substantially similar" to section 26155 challenged here, except that it applies to firearm permits issued by county sheriffs as opposed to municipal police chiefs. (Resp. at 4). However, a stay is inappropriate because it is unclear that these cases will control the outcome here. Therefore, Plaintiff's request for a stay is DENIED. (Resp. at 2-3).

Finally, Plaintiff's request for permission to file additional Objections to the Report and Recommendation is also DENIED. (Resp. at 15). Plaintiff had an opportunity to articulate all of his Objections. See GoPets Ltd. v. Hise, 657 F.3d 1024, 1029 (9th Cir. 2011) (no abuse of discretion where district court refused to consider late-filed supplemental materials in opposition to motion for summary judgment). Even though Plaintiff is proceeding pro se, he is required to follow the same rules of procedure as other litigants. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

\\
\\
\\
\\

7

Accordingly, IT IS ORDERED THAT:

1.  The Motion to Dismiss the First Amended Complaint filed by the Redondo Beach Defendants is GRANTED.  Specifically,

A.  Claim One of the First Amended Complaint, challenging the constitutionality of City of Redondo Beach Municipal Code sections 4-35.01 and 4-35.20 and including any purported pendent state law claims, is DISMISSED without leave to amend but without prejudice, on <u>Younger</u> abstention grounds.

B.  Claim Two of the First Amended Complaint, challenging the application of City of Redondo Beach Municipal Code sections 4-35.01 and 4-35.20, is DISMISSED without leave to amend and with prejudice as to the claims against the individual Redondo Beach Defendants Chief Leonardi, Officer Heywood, and Does 1-10, as they are entitled to qualified immunity, and with leave to amend as to the <u>Monell</u> claims against the City of Redondo Beach.

2.  The Motion to Dismiss the First Amended Complaint filed by Attorney General Kamala D. Harris is DENIED.

\\
\\
\\
\\
\\

8

3.    The First Amended Complaint is DISMISSED with leave
      to amend.  If Plaintiff desires to proceed with his
      claims against Attorney General Harris and City of
      Redondo  Beach,  Plaintiff  shall  file  a  Second
      Amended Complaint within thirty (30) days of the
      date of this Order.


     The Clerk shall serve copies of this Order by United States mail on
Plaintiff and on counsel for Defendants.

DATED: March 3, 2013.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

9