Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

BY:
CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
2013 MAR 29 AM 10: 12
FILED

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>    PLAINTIFF,<br><br>    vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH and DOES 1 to 10,<br><br>    Defendants. | Case No.:<br><br>CV-11-9916 SJO (SS)<br><br>**SECOND AMENDED COMPLAINT**<br><br>**COMPLAINT FOR DECLARATORY AND/OR PROSPECTIVE INJUNCTIVE RELIEF**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>42 U.S.C. §§ 1983, 1985, 1986, 1988<br><br>FIRST AMENDMENT<br><br>SECOND AMENDMENT<br><br>FOURTH AMENDMENT<br><br>FOURTEENTH AMENDMENT |

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1985, 1986, 1988.

2.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.    PLAINTIFF CHARLES NICHOLS is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Los Angeles County.

4.    At all relevant times, DEFENDANT KAMALA HARRIS (KAMALA HARRIS, HARRIS) was, and currently is, the Attorney General of the State of California and she is obligated to supervise her agency and comply with all statutory duties under California Law. She is charged with enforcing and interpreting California Statutes including, but not limited to, California Penal Code Sections 25850, 26350, 26400, 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, and 26215. KAMALA HARRIS has concurrent prosecutorial jurisdiction with the state's 58 District Attorneys, and she is bound by a duty to seek substantial justice and avoid the filing of criminal charges in which she knows (or should know) are not supported by probable cause. HARRIS also has an independent duty to disclose information beneficial to the accused and by extension she has a duty to prevent wrongful arrests in the first place when she has the power to do so. When she deems it advisable or necessary in the public interest, or when directed to do so by the Governor, she shall assist any district attorney in the discharge of his duties, and may, where she deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction. In this respect she has all the powers of a district

attorney, including the power to issue or cause to be issued subpoenas or other

process. See Article 5, Section 13 of the California Constitution and Cal. Gov't

Code §§ 12510, 12511 & 12550. She is being sued solely in her official capacity

and solely for Declaratory and/or prospective injunctive relief.

5.     At all relevant times, DEFENDANT CITY OF REDONDO BEACH

("CITY") is and was a duly organized public entity, form unknown, existing under

the laws of the State of California. At all relevant times, CITY was the employer

of the police officers, prosecutors and DOE defendants who injured PLAINTIFF.

6.     PLAINTIFF is uncertain of the exact identity of any additional individual

defendants who participated in the violation of his constitutionally protected rights.

PLAINTIFF therefore names these individuals as DOE Defendants and reserves

the right to amend this complaint when their true names are ascertained.

Furthermore, if/when additional persons and entities are discovered to have

assisted and/or lent support to the wrongful conduct of the DEFENDANTS named

herein, PLAINTIFF reserves the right to amend this complaint to add those persons

and/or entities as Defendants.

## BACKGROUND ALLEGATIONS

7.     The United States Supreme Court in its landmark decision on the Second

Amendment, *District of Columbia v. Heller*, 128 S. Ct. 2783, 2809 (2008),

broadly confirmed the rights of Americans to keep and bear arms. While the

opinion recognizes some limits to this right (i.e., prohibitions on concealed

weapons in public, prohibitions on dangerous and unusual weapons, limitations on

the possession of firearms by felons and the mentally ill, and laws forbidding

carrying firearms in sensitive locations like schools and public buildings), the right

itself is broad and occupies an important place in our constitutional history. The

right to keep and bear arms is implicit in our understanding of ordered liberty and is deeply rooted in the traditions of our country.  The Second Amendment right is not the only provision in the Bill of Rights that has controversial public safety implications.  The provisions of the Bill of Rights have governed law enforcement practices, the prosecution of cases including criminal cases and the punishment of offenders.  All of these have disputed public safety implications.  Despite this, self-defense is the central component of the Second Amendment right and is enshrined in Article I, Section 1 our own State Constitution.  The core lawful purpose of self-defense does not disappear the moment a private citizen steps outside his home.  *Heller* has provided for a number of presumptively lawful regulatory measures noted above such as prohibitions on the carrying of concealed firearms in public, but neither the state nor local governments can prohibit private citizens from carrying firearms openly, except in sensitive places.  *Heller* tells us "This [Open Carry] is the right guaranteed by the Constitution of the United States…"

8.     This case involves an important constitutional principle, that neither the state nor local governments may prohibit PLAINTIFF or similarly situated individuals from openly carrying a fully functional firearm (loaded and unloaded) for the purpose of self-defense (or for other lawful purposes) in non-sensitive public places such as public streets, sidewalks, parking lots, open public spaces, his residential property, within his motor vehicle including any attached camper or trailer regardless of whether or not the motor vehicle or attached camper or trailer is used as a primary or temporary residence or no residence at all.  Places which are not sensitive places where the carrying of loaded firearms can be prohibited; such as in schools and government buildings and where there exists a State or Federal law which constitutionally prohibits the carrying of a loaded firearm in those sensitive places are not at issue.  PLAINTIFF similarly does not challenge any state or Federal prohibition on the carrying of weapons concealed or in the

1  licensing of the carrying of a weapon concealed in a public place or any of the

2  other presumptively lawful prohibitions stated in the *Heller* decision.

3

4  9.     California law has expanded its ban on carrying a firearm in public to such a

5  great extent that PLAINTIFF, and tens of millions of similarly situated persons in

6  California, violate the ban by merely stepping outside the door of his home onto

7  his own residential property.  In particular, California courts have construed the

8  ban on carrying firearms in a public place to include private residential property.

9  California courts have also construed that a loaded handgun, inside of a chest of

10  drawers, inside of a trailer towed behind a motor vehicle is a public place even

11  though the trailer was being used as a primary residence by the defendant.  The

12  California legislature has enacted two recent bans on the open carry of unloaded

13  firearms in public.  Assembly Bill 144 made it a crime to openly carry an unloaded

14  handgun in a public place and Assembly Bill 1527 made it a crime to openly carry

15  an unloaded firearm in a public place which is not a handgun (e.g., rifle shotgun) in

16  an incorporated city or city and county.  Neither bill provides for a self-defense

17  exception.  Both bills prohibit transport of an unloaded firearm except for directly

18  between two places where it is legal to possess a firearm.  Prior to the enactment of

19  these two bills it was possible to openly carry an unloaded firearm in public places

20  with ammunition at the ready and to load the firearm should one find himself in

21  "grave, immediate danger," with an exception within 1,000 feet of a K-12 public or

22  private school, where handguns had to be carried unloaded in a fully enclosed,

23  locked container unless one had permission from the school (see Penal Code

24  section 626.9).  This prohibition did not apply to the Open Carry of unloaded long

25  guns.  However, the California courts are split on what constitutes a "loaded"

26  firearm.  One appellate court held (correctly) that a firearm is not loaded unless

27  there is a live round in the firing chamber while another held that an unloaded

28

1    firearm is "loaded" if it simply has a magazine or clip containing ammunition

2    attached to the firearm and there is no ammunition in the firing chamber.

3

4    10.    The theoretical ability to secure a license to openly carry a loaded firearm is

5    meaningless in light of Penal Code sections 26150 and 26155 which prevent

6    anyone living in a county with 200,000 or more people from securing a license to

7    openly carry a loaded gun. Virtually everyone in the state of California lives in a

8    place where state law prohibits the issuance of a license to openly carry a loaded

9    firearm (i.e., anyone who lives in a county with 200,000 people or more people)

10   including PLAINTIFF who lives in the County of Los Angeles.

11

12   11.    Aside from the population limitation, an individual seeking a license to carry

13   a loaded and exposed weapon or a concealed weapon is required to apply for a

14   license from either the head of a municipal police department or county sheriff.

15   PLAINTIFF'S city of residence does not have a police chief and the custom and

16   policy of the Sheriff of Los Angeles County is to not issue permits absent showing

17   of an extraordinary need which as a practical matter means almost no one can carry

18   a loaded gun in Los Angeles County.

19

20   12.    Indeed DEFENDANT HARRIS has instructed all issuing authorities in

21   California not to issue a license to openly carry a handgun to PLAINTIFF and

22   similarly situated individuals on page 1 of her "STANDARD APPLICATION

23   FOR LICENSE TO CARRY A CONCEALED WEAPON (CCW)" prepared by

24   the Attorney General pursuant to California Penal Code section 26175 which also

25   provides for her to revise the application form. DEFENDANT HARRIS has

26   refused to either create or revise the application form to accommodate

27   PLAINTIFF'S and similarly situated individuals Second Amendment right to

28   openly carry a loaded firearm in public for the purpose of self-defense and other

1  lawful purposes.  Given the above, the constitutional right to bear arms as
2  enshrined in the Second Amendment and as recently interpreted by the Supreme
3  Court is being violated on a daily basis in California.

4

5  13.    This case involves a second important constitutional principle that neither
6  the state nor its local governments can deny a license to PLAINTIFF or similarly
7  situated persons to openly carry a loaded firearm in non-sensitive public places
8  based on the population of the county in which a person who is not prohibited from
9  possessing a firearm resides or because he resides in a city or county within the
10  state in which state law does not provide for the issuance of a license to openly
11  carry a loaded firearm in non-sensitive public places.

12

13              **STATE LAWS AND CITY ORDINANCES**

14  14.    All of the above paragraphs are re-alleged and incorporated herein by
15  reference with the same force and effect as if fully set forth herein.

16

17  15.    Section 25850 states in pertinent part:
18        25850.  (a) A person is guilty of carrying a loaded firearm when the person
19  carries a loaded firearm on the person or in a vehicle while in any public place or
20  on any public street in an incorporated city or in any public place or on any public
21  street in a prohibited area of unincorporated territory.
22     (b) In order to determine whether or not a firearm is loaded for the purpose of
23  enforcing this section, peace officers are authorized to examine any firearm carried
24  by anyone on the person or in a vehicle while in any public place or on any public
25  street in an incorporated city or prohibited area of an unincorporated territory.
26  Refusal to allow a peace officer to inspect a firearm pursuant to this section
27  constitutes probable cause for arrest for violation of this section. (Note that
28

1  California Penal Code **section 25850** does not contain a self-defense exception as
2  did prior section 12031.)

3

4  16.    California Penal Code **section 26350** states in pertinent part:

5      26350.  (a) (1) A person is guilty of openly carrying an unloaded handgun
6  when that person carries upon his or her person an exposed and unloaded handgun
7  outside a vehicle while in or on any of the following:

8   (A) A public place or public street in an incorporated city or city and county.

9   (B) A public street in a prohibited area of an unincorporated area of a county or
10  city and county.

11   (C) A public place in a prohibited area of a county or city and county.

12   (2) A person is guilty of openly carrying an unloaded handgun when that person
13  carries an exposed and unloaded handgun inside or on a vehicle, whether or not on
14  his or her person, while in or on any of the following:

15   (A) A public place or public street in an incorporated city or city and county.

16   (B) A public street in a prohibited area of an unincorporated area of a county or
17  city and county.

18   (C) A public place in a prohibited area of a county or city and county.

19

20  17.    California Penal Code **section 26400** states in pertinent part:

21      26400.  (a) A person is guilty of carrying an unloaded firearm that is not a
22  handgun in an incorporated city or city and county when that person carries upon
23  his or her person an unloaded firearm that is not a handgun outside a vehicle while
24  in the incorporated city or city and county.

25

26  18.    California Penal Code **section 26150** states in pertinent part:

27

28

26150. (a) When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:

(1) The applicant is of good moral character.

(2) Good cause exists for issuance of the license.

(3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.

(4) The applicant has completed a course of training as described in Section 26165.

(b) The sheriff may issue a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

19.    California Penal Code **section 26155** is substantially identical to section
       26150 except that "the chief or other head of a municipal police department
       of any city or city and county" is substituted for "the sheriff of a county"
       and:

(c) Nothing in this chapter shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for

licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

20. California Penal Code **section 26160** states in pertinent part:

26160. Each licensing authority shall publish and make available a written policy summarizing the provisions of Section 26150 and subdivisions (a) and (b) of Section 26155.

21. California Penal Code **section 26165** requires a course of training of up to 24 hours before a license may be issued.

22. California Penal Code **section 26175** states in pertinent part:

26175. (a) (1) Applications for licenses, applications for amendments to licenses, amendments to licenses, and licenses under this article shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.

(2) The Attorney General shall convene a committee composed of one representative of the California State Sheriffs' Association, one representative of the California Police Chiefs Association, and one representative of the Department of Justice to review, and as deemed appropriate, revise the standard application form for licenses. The committee shall meet for this purpose if two of the committee's members deem that necessary.

(c) The standard application form for licenses described in subdivision (a) shall require information from the applicant, including, but not limited to, the name, occupation, residence, and business address of the applicant, the applicant's age, height, weight, color of eyes and hair, and reason for desiring a license to carry the weapon.

(i) Any license issued upon the application shall set forth the licensee's name, occupation, residence and business address, the licensee's age, height, weight, color

of eyes and hair, and the reason for desiring a license to carry the weapon, and shall, in addition, contain a description of the weapon or weapons authorized to be carried, giving the name of the manufacturer, the serial number, and the caliber.

23. California Penal Code **section 26180** states in pertinent part:

26180. (a) Any person who files an application required by Section 26175 knowing that any statement contained therein is false is guilty of a misdemeanor.

24. California Penal Code **section 26185** states in pertinent part:

26185. (a) (1) The fingerprints of each applicant shall be taken and two copies on forms prescribed by the Department of Justice shall be forwarded to the department.

(2) Upon receipt of the fingerprints and the fee as prescribed in Section 26190, the department shall promptly furnish the forwarding licensing authority a report of all data and information pertaining to any applicant of which there is a record in its office, including information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(3) No license shall be issued by any licensing authority until after receipt of the report from the department.

(b) Notwithstanding subdivision (a), if the license applicant has previously applied to the same licensing authority for a license to carry firearms pursuant to this article and the applicant's fingerprints and fee have been previously forwarded to the Department of Justice, as provided by this section, the licensing authority shall note the previous identification numbers and other data that would provide positive identification in the files of the Department of Justice on the copy of any subsequent license submitted to the department in conformance with Section 26225 and no additional application form or fingerprints shall be required.

(c) If the license applicant has a license issued pursuant to this article and the applicant's fingerprints have been previously forwarded to the Department of Justice, as provided in this section, the licensing authority shall note the previous identification numbers and other data that would provide positive identification in the files of the Department of Justice on the copy of any subsequent license submitted to the department in conformance with Section 26225 and no additional fingerprints shall be required.

25.     California Penal Code **section 26190** requires fees and provides for additional testing costing applicant up to $150 in addition to the required fees.

26.     California Penal Code **section 26200** states in pertinent part:

26200.  (a) A license issued pursuant to this article may include any reasonable restrictions or conditions that the issuing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which the licensee may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

27.     California Penal Code **section 26202** states in pertinent part:

26202.  Upon making the determination of good cause pursuant to Section 26150 or 26155, the licensing authority shall give written notice to the applicant of the licensing authority's determination. If the licensing authority determines that good cause exists, the notice shall inform the applicants to proceed with the training requirements specified in Section 26165. If the licensing authority determines that good cause does not exist, the notice shall inform the applicant that the request for a license has been denied and shall state the reason from the department's published policy, described in Section 26160, as to why the determination was made.

28.    California Penal Code **section 26205** states in pertinent part:

26205.  The licensing authority shall give written notice to the applicant indicating if the license under this article is approved or denied. The licensing authority shall give this notice within 90 days of the initial application for a new license or a license renewal, or 30 days after receipt of the applicant's criminal background check from the Department of Justice, whichever is later. If the license is denied, the notice shall state which requirement was not satisfied.

29.    California Penal Code **section 26210** states in pertinent part:

(d) Notwithstanding subdivision (c), if a licensee's place of residence was the basis for issuance of a license, any license issued pursuant to Section 26150 or 26155 shall expire 90 days after the licensee moves from the county of issuance.

(e) If the license is one to carry loaded and exposed a pistol, revolver, or other firearm capable of being concealed upon the person, the license shall be revoked immediately upon a change of the licensee's place of residence to another county.

30.    California Penal Code **section 26215** states in pertinent part:

26215.  (a) A person issued a license pursuant to this article may apply to the licensing authority for an amendment to the license to do one or more of the following:

(1) Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(3) If the population of the county is less than 200,000 persons according to the most recent federal decennial census, authorize the licensee to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

Second Amended Complaint                12        Charles Nichols v. Edmund G Brown Jr et al

1    (4) Change any restrictions or conditions on the license, including restrictions as

2  to the time, place, manner, and circumstances under which the person may carry a

3  pistol, revolver, or other firearm capable of being concealed upon the person.

4

5  31.    California Penal Code **section 26220** states in pertinent part:

6         26220.  (a) Except as otherwise provided in this section and in subdivision

7  (c) of Section 26210, a license issued pursuant to Section 26150 or 26155 is valid

8  for any period of time not to exceed two years from the date of the license.

9    (b) If the licensee's place of employment or business was the basis for issuance of

10  a license pursuant to Section 26150, the license is valid for any period of time not

11  to exceed 90 days from the date of the license. The license shall be valid only in

12  the county in which the license was originally issued. The licensee shall give a

13  copy of this license to the licensing authority of the city, county, or city and county

14  in which the licensee resides. The licensing authority that originally issued the

15  license shall inform the licensee verbally and in writing in at least 16-point type of

16  this obligation to give a copy of the license to the licensing authority of the city,

17  county, or city and county of residence. Any application to renew or extend the

18  validity of, or reissue, the license may be granted only upon the concurrence of the

19  licensing authority that originally issued the license and the licensing authority of

20  the city, county, or city and county in which the licensee resides.

21    (c) A license issued pursuant to Section 26150 or 26155 is valid for any period of

22  time not to exceed three years from the date of the license if the license is issued to

23  any of the following individuals:

24    (1) A judge of a California court of record.

25    (2) A full-time court commissioner of a California court of record.

26    (3) A judge of a federal court.

27    (4) A magistrate of a federal court.

28    (d) A license issued pursuant to Section 26150 or 26155 is valid

Second Amended Complaint            13      Charles Nichols v. Edmund G Brown Jr et al

1  for any period of time not to exceed four years from the date of the license if the

2  license is issued to a custodial officer who is an employee of the sheriff as

3  provided in Section 831.5, except that the license shall be invalid upon the

4  conclusion of the person's employment pursuant to Section 831.5 if the four-year

5  period has not otherwise expired or any other condition imposed pursuant to this

6  article does not limit the validity of the license to a shorter time period.

7  (e) A license issued pursuant to Section 26170 to a peace officer appointed

8  pursuant to Section 830.6 is valid for any period of time not to exceed four years

9  from the date of the license, except that the license shall be invalid upon the

10  conclusion of the person's appointment pursuant to Section 830.6 if the four-year

11  period has not otherwise expired or any other condition imposed pursuant to this

12  article does not limit the validity of the license to a shorter time period.

13

14  32.    California Penal Code **section 17030** states in full:

15        17030.  As used in this part, "prohibited area" means any place where it is

16  unlawful to discharge a weapon.

17

18  33.    Defendant CITY OF REDONDO BEACH broadly defines "Park" to include

19  all "open space." The Redondo Beach City ordinances state in pertinent part:

20  **4-35.01** Definitions.

21  "Park" shall mean any publicly owned or leased property established, designated,

22  maintained, or otherwise provided by the City for recreational use or enjoyment,

23  including, but not limited to, any public areas located within or directly adjacent to

24  such property such as picnic areas, playgrounds, sports fields, athletic fields, sports

25  courts, trails, walkways, pathways, gardens, parking lots, parkettes, aquatic centers,

26  skateboard parks, community centers, senior centers, land designated by the City

27  as parkland or open space, landscaped or planted areas, and other buildings or

28

structures. **The term "park" shall not include the beach as defined in Section 5-8.01(a)(1) of this Code."** Emphasis added.

**4-35.06** Vehicles in parks.

No person shall drive any motorized vehicle within any portion of any park, excluding park parking lots. This section shall not apply to service vehicles used to maintain or operate the park, or to police or emergency vehicles. (§ 1, Ord. 3051 c.s., eff. June 18, 2010)

**4-35.20** Weapons and explosives in parks.

(a)    It shall be unlawful for any person to use, carry, fire or discharge any firearm, air gun, paint gun, BB gun, slingshot, archery device of any kind, or any other form of weapon across, in or into a park. This subsection shall not apply to law enforcement officers.

34.    Redondo Beach municipal ordinance **5-8.01(a)(1)** states:

"Beach" means the public beach or shoreline area bordering the Pacific Ocean, owned, managed or controlled by the State of California, County of Los Angeles or the City of Redondo Beach or that is open to the general public and located within the City of Redondo Beach. For the purposes of this section, the beach shall include all indoor and outdoor areas of the land in the City that extends 1,000 feet seaward from the low mean tide line and landward to the following described lines: to the top of the seaward face of the coastal bluffs west of the Esplanade from the City's southerly border to the southerly edge of the first residential private property on the west side of the Esplanade and to the westerly edge of the private properties on the west side of the Esplanade from Avenue A to Ainsworth Court at George Freeth Way; to the westerly edge of the public sidewalk from Ainsworth Court to the extended line of the southerly edge of the Redondo Beach Pier; to the westerly

foundation under the Pier from the southerly edge of the Pier to the southerly edge of the Harbor entrance break wall; from the westerly edge of the road, parking lot or buildings bordering the sandy area from the northerly edge of the Galveston Wall to the City's northern border.

## FACTS

35.    All of the above paragraphs are re-alleged and incorporated herein by reference with the same force and effect as if fully set forth herein.

36.    California law and local City Of Redondo Beach ordinances prohibit PLAINTIFF and similarly situated individuals from openly carrying a firearm in non-sensitive public places which is a violation of the United States Constitution and the fundamental right to openly carry a loaded firearm for the purpose of self-defense and for other lawful purposes.  California statutes require that PLAINTIFF and individuals similarly situated "voluntarily" give permission to an unconstitutional search and seizure of his property and person in order to exercise a fundamental constitutional right to openly carry a firearm in non-sensitive public places or risk arrest, prosecution, fine and imprisonment.  Defendant City of Redondo Beach ordinances unconstitutionally prohibit the carrying of all weapons in all open spaces.  Defendant City of Redondo Beach has interpreted its local ordinance, 4-35.20 to apply to all public, open spaces within the city including the costal parklands and public coastal property not zoned as parkland to which the prohibitions in 4-35.20 are statutorily excluded from its own city ordinances: 4-35.01, 4-35.06, and 5-8.01(a)(1).  DEFENDANT HARRIS has taken no steps to correct the unlawful behavior of the CITY or to intervene PLAINTIFF'S behalf in his criminal prosecution.  DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY.

37.     Redondo Beach City ordinances prohibit PLAINTIFF and similarly situated individuals from openly carrying a firearm; loaded and unloaded, openly or concealed and even unloaded within a fully enclosed locked container.  Unloaded and in a fully enclosed locked container is the lawful manner of transporting a handgun through areas, such as school zones, where openly carrying a firearm is prohibited.  DEFENDANT HARRIS has taken no steps to correct the unlawful behavior of the CITY or to intervene on PLAINTIFF'S behalf in his criminal prosecution.

38.     The State of California has preempted local governments from enacting and enforcing local ordinances regulating the carrying of firearms, loaded and unloaded, openly or concealed.  Local governments are prohibited from issuing or denying licenses to openly carry loaded firearms except where provided by state law.  DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY.

39.     A publication by the State of California's Office of Attorney General titled "CONCEALABLE FIREARMS CHARGES IN CALIFORNIA 2000-2003" on page 14 in Table N-17 indicates that there were 7,775 charged offenses for violation of California Penal Code Section 12031 during that time period.  This number does not reflect arrests which were not charged or searches conducted pursuant to the statute.  The most recent publication by DEFENDANT HARRIS titled "Crime In California 2010" indicates that there were 22,216 felony arrests and 5,800 misdemeanor arrests for weapons violations on pages 34 and 43 respectively.  The documents also contain breakdowns of arrests by race which shows that racial minorities are disproportionately arrested.  Effective January 1, 2012 California Penal Code Section 12031 was renumbered.  Former Penal Code Section 12031(a)(1) is now Penal Code Section 25850(a) and former section

12031(e) is now 25850(b).  The text of these two subsections was left unchanged when they were renumbered.

40.     The Office of the Attorney General has one or more databases containing arrests made for violations of California Penal Code Section 25850 (formerly PC12031) and other weapons offenses from 1979 to the present.

41.     Pursuant to California Penal Code Section 25850 et al the State of California has clearly and unequivocally set forth an unconstitutional policy of prohibiting firearms (loaded and unloaded) from being openly carried in non-sensitive public places for the purpose of self-defense and other lawful purposes in all incorporated cities and unincorporated county territory where the discharge of firearms is prohibited.  DEFENDANT HARRIS has participated in its enforcement.

42.     Pursuant to California Penal Code Sections 25850, 26350, 26150, 26155 et al, the State of California has clearly and unequivocally set forth an unconstitutional policy of rationing licenses to openly carry a loaded and unloaded handgun for the purpose of self-defense and for other lawful purposes.  In addition to limiting the exercise of PLAINTIFF'S and similarly situated individuals Second Amendment right, the California licensing and prohibition on openly carrying loaded and unloaded firearms in public places is designed and intended to deny persons of color their Second Amendment right.  DEFENDANT HARRIS has participated in their enforcement, promulgates the prohibitions, prepares the forms, conducts the background checks and a license may not be issued without her approval.

43.     The intent of the California Legislature when it enacted California Penal Code Section 12031 (now PC 25850 in part) in July of 1967 was that it apply to

openly carried firearms, which the legislative history clearly states. The Legislature did not intend for it to apply to the concealed carry of firearms. The legislation was intended to disarm members of the Black Panther Party for Self-Defense while providing for the Open Carry of a loaded firearm when one reasonably believed himself to be in danger or while hunting within the city limits of an incorporated city, town or village. The self-defense threshold was raised to a grave and immediate danger in 1981. Under California case law, convicted felons and other prohibited persons still fall under the pre-1981 "reasonable fear" threshold whereas PLAINTIFF and all others who fall within the scope of the Second Amendment are subject to the much higher "grave, immediate danger" self-defense threshold.

44.     In 1969, the California courts held that the statute (PC 12031 now renumbered in part as 25850(a) & (b)) could be applied as a separate offense to carrying a concealed firearm in public. In 2012, the California Supreme Court held that a person may not be punished for violating more than one law for the same act pursuant to Penal Code section 654. For example, a person may not presently be punished for both unlawfully carrying a concealed handgun and for a violation of PC 25850 for the same act.

45.     California Penal Code Section 25850 and Redondo Beach City ordinances 4-35.01 and 4-35.20 were enforced on PLAINTIFF on May 21, 2012 when Redondo Beach police officer Heywood enforced subsection (b) of PC 25850 on PLAINTIFF by taking PLAINTIFF'S firearm over PLAINTIFF'S clearly communicated refusal to comply with subsection (b) of PC 25850. Officer Heywood then inspected the firearm to determine whether or not it was loaded pursuant to subsection (b) of PC 25850 which he referred to as a "Chamber Check." City of Redondo Beach Police Officer Heywood then seized

1  PLAINTIFF'S openly carried firearm and other property and an unidentified
2  Redondo Beach police officer informed PLAINTIFF that his firearm was being
3  seized for violating the city ordinances. PLAINTIFF was then informed by this
4  police officer that PLAINTIFF'S violation of the city ordinances had been referred
5  to the Redondo Beach City Attorney and City Prosecutor for criminal prosecution.
6  This police officer stated that PLAINTIFF was neither being cited nor arrested and
7  that he did not have a warrant. PLAINTIFF submits that his person and property
8  were unlawfully seized and searched against his will and that PLAINTIFF was
9  unlawfully arrested and/or detained against his will while engaged in peaceful
10 protest and openly carrying an unloaded firearm as part of his protest and as the
11 only means then not prohibited by state law to defend PLAINTIFF with a firearm
12 in public. PLAINTIFF'S protest of May 21, 2012 for which he was arrested and
13 prosecuted was conducted entirely within the "Beach" zone to which the local
14 ordinance he was charged with violating does not apply according to CITY'S own
15 municipal code. At the time of his arrest, PLAINTIFF posed no threat, imminent
16 or otherwise, of death, personal injury (serious or otherwise) to any police officer
17 or to any other person. PLAINTIFF was arrested, searched and his property seized
18 on a street with a posted 5MPH speed limit open to the public and posted as
19 "PRIVATE PROPERTY." PLAINTIFF and fellow Open Carry activists were
20 threatened with prosecution of Redondo Beach City ordinance 4-35.20 on August
21 7, 2010 at an Open Carry event which PLAINTIFF had scheduled in advance of
22 the date with the CITY but was prohibited from taking place by CITY police
23 officers at the direction of the CITY in retaliation for a member of the South Bay
24 Open Carry movement not wanting to postpone the event until the following
25 month. PLAINTIFF was injured and suffers and ongoing injury. PLAINTIFF'S
26 constitutional rights were violated. PLAINTIFF suffered a personal injury as well.
27 PLAINTIFF was prosecuted for his subsequent protest which was held and then
28 broken up by CITY police officers on May 21, 2012. DEFENDANT HARRIS has

not intervened in his prosecution which is her duty to do so. DEFENDANT
HARRIS has done nothing to stop the unlawful conduct of the CITY.

46.    PLAINTIFF asked CITY OF REDONDO BEACH Police Chief Joseph
Leonardi through his then attorney and through Redondo Beach Captain Jeff Hink
for an application and a license to openly carry a loaded handgun on May 17, 2012.
Captain Jeff Hink referred PLAINTIFF'S request for an application and a license
to openly carry a loaded firearm to the City Attorney and informed PLAINTIFF of
this via email.

47.    On May 21, 2012 after both California Penal Code Section 25850 and the
Redondo Beach city ordinances 4-35.20 and 4-35.01 had been enforced on
PLAINTIFF and his firearm seized, the Redondo Beach Police Chief through his
attorney, the Redondo Beach City Attorney, denied PLAINTIFF both an
application and a license to openly carry a loaded firearm citing California Penal
Code section 26155(b)(2) prohibiting the issuance of licenses in counties with a
population of 200,000 or more people and California Penal Code section
26155(a)(3) limiting the issuance of licenses only to residents of the city.
PLAINTIFF resides in a city adjacent to the City of Redondo Beach and receives
his mail from a post office box in the City of Redondo Beach.  The City of
Redondo Beach is also where PLAINTIFF shops, travels through and frequents on
a regular basis.  There is no administrative appeal available for PLAINTIFF to
appeal the denial of an application for a license to openly carry a loaded handgun
in public.  DEFENDANT HARRIS has told every police chief and county sheriff
in the state that PLAINTIFF and similarly situated individuals may not be issued a
license to openly carry a loaded firearm in the state.  It is futile for PLAINTIFF to
apply for a license to openly carry a loaded handgun from any issuing authority in
the State of California.

48.   PLAINTIFF obtained a Law Enforcement Gun Release Letter from DEFENDANT HARRIS' California Department of Justice and demanded the return of his firearm and other property seized by CITY as required by California law. PLAINTIFF'S property was not returned by CITY. PLAINTIFF has no other appeal or administrative remedy for return of his firearm and other property. DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY.

49.   PLAINTIFF has frequently and countless times violated California Penal Code Section 25850, the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in non-sensitive public places. PLAINTIFF continues to violate California Penal Code Section 25850, the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places and will continue to violate California Penal Code Section 25850, the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places on the 7th day of every month by carrying a firearm (a holstered handgun, rifle or shotgun of a type in common use by the public) in a public place. PLAINTIFF will violate California Penal Code Sections 25850, 26350, 26400 and the Redondo Beach City Ordinances and other California statutes prohibiting firearms from being carried in public places on August 7, 2013 in the same location in the City of Redondo Beach where he was prevented from openly carrying a firearm under threat of arrest on August 7, 2010 and where California Penal Code Section 25850 and the Redondo Beach City Ordinances 4-35.20 and 4-35.01 prohibiting the carrying of firearms in public places were enforced against PLAINTIFF on May 21, 2012. PLAINTIFF will then proceed from the Redondo Beach Pier and environs to the South Bay Shopping Center in the City of Redondo Beach to do some shopping. PLAINTIFF will then travel outside of the City of Redondo Beach to visit relatives in Torrance,

California where he will openly carry firearms along the public streets and on public sidewalks and on his relatives' residential property. PLAINTIFF will openly carry a loaded holstered handgun, loaded rifle and loaded shotgun of a type in common use by the public. PLAINTIFF will openly carry an unloaded holstered handgun, unloaded rifle and unloaded shotgun of a type in common use by the public. PLAINTIFF will openly carry, loaded and unloaded, a holstered handgun, rifle and shotgun of a type in common use by the public while travelling within the state of California within and without a motor vehicle. PLAINTIFF will openly carry a firearm when confronted by aggressors, it is impossible to know when such occasions will arise, if it were, PLAINTIFF would avoid them even though there is no "duty to retreat" in the State of California. At all times, PLAINTIFF will refuse to consent to the inspection of his firearm to see if it is loaded in violation of California Penal Code Section 25850.

50.     Although both the state statutes (California Penal Code Section 25850 & 26155) and Redondo Beach City Ordinances (4-35.20 and 4-35.01) have already been enforced against PLAINTIFF and others. Each and every year, there are over 1,000 arrests for violating California Penal Code Section 25850 alone and Defendant HARRIS continues to prosecute the upholding of criminal convictions for violation of the statute which are appealed. PLAINTIFF personally knows two persons who are members of his California non-profit association of which he is the President (California Right To Carry – An Open Carry advocacy group) who were prosecuted for having a "loaded" handgun in their vehicles even though the handgun was unloaded. Charges in both cases were eventually dismissed after a year of prosecution. A third member was arrested for lawfully transporting an unloaded handgun in a fully enclosed locked container but not prosecuted. DEFENDANT HARRIS had been made aware of the first two cases by PLAINTIFF and yet she refused to exercise her authority under California law to

end those prosecutions and prevent current and future unconstitutional prosecutions of the statute.  Neither has DEFENDANT HARRIS instructed the Redondo Beach Defendants that their city ordinances prohibiting the carrying of firearms in public places are preempted by state law and is unconstitutional under Federal law nor has she intervened on behalf of PLAINTIFF in the criminal prosecution by the DEFENDANT CITY OF REDONDO BEACH or in the two prosecutions mentioned previously despite her duty to do so.  Given the history of zealous enforcement of California's laws prohibiting the carrying of firearms in non-sensitive public places by HARRIS and others including by members of her own Department of Justice, with arrests, prosecutions and imprisonments numbering in the tens of thousands; future enforcement of the statute on PLAINTIFF is far more than likely - It is a certainty. The active enforcement by CITY against PLAINTIFF and enforcement by others on similarly situated parties constitutes a real threat of enforcement against PLAINTIFF as both members of PLAINTIFF'S non-profit were openly carrying an unloaded handgun at the time of their arrest which is the manner PLAINTIFF usually carried a firearm in non-sensitive public places unless he reasonably believed he was in danger; an inadvertent violation of former penal code section 12031(a)(1).  PLAINTIFF was not even aware that the threshold for carrying a loaded firearm had been raised to grave, immediate danger until relatively recently.  There is no knowledge requirement to the statutes.  PLAINTIFF'S ignorance of the change in the law would not have prevented his arrest, prosecution fine and imprisonment. DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY, or of law enforcement officers, prosecutors and judges.

51.     When officer Todd Heywood enforced California Penal Code Section 25850 against PLAINTIFF against his will and seized PLAINTIFF'S firearm and property against his will a definite and concrete dispute regarding the lawfulness of

that search and enforcement of that statute came into existence.  Officer Heywood is an employee of CITY.  DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY and its employees.

52.   When officer Todd Heywood and others enforced Redondo Beach City ordinances 4-35.01 and 4-35.20 against PLAINTIFF and seized PLAINTIFF'S firearm and property against his will a definite and concrete dispute regarding the lawfulness of that seizure and enforcement of those city ordinances came into existence.  DEFENDANT HARRIS has done nothing to stop the unlawful conduct of the CITY and its employees.

53.   The Federal Bureau of Investigation (FBI) has a National Instant Criminal Background Check System (NICS) which has been operational since 1998.  The NICS Section is accessible via a toll-free telephone number or electronically on the Internet through the NICS E-Check System to request a background check with the descriptive information provided on the ATF Form 4473. NICS is customarily available 17 hours a day, seven days a week, including holidays (except for Christmas).  The NICS can be used to instantly determine whether a prospective buyer is eligible to buy firearms.

54.   In this case, injuries to PLAINTIFF have already occurred and are ongoing, thereby eliminating any concerns that PLAINTIFF'S fear of enforcement is purely speculative. PLAINTIFF'S injury is ongoing.

## FIRST CLAIM FOR RELIEF:
## SECOND AMENDMENT, FOURTH AMENDMENT, FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION
## 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF

## PLAINTIFF vs DEFENDANT KAMALA HARRIS

55.   All of the above paragraphs are re-alleged and incorporated herein by reference with the same force and effect as if fully set forth herein.

56.   The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008) and was applied to all state and local governments in McDonald v. Chicago, 561 U.S. 3025 (2010).

57.   California Penal Code Section 25850 is unconstitutional on its face and as applied to firearms openly carried in non-sensitive public places.  Mere possession or carrying of a loaded firearm, (i.e., exercising a fundamental right) when otherwise lawful under law cannot support the unlawful detention, arrest, prosecution, imprisonment or search of a person and seizure of a firearm when openly carried in non-sensitive public places (25850(a)).  Mere possession of a firearm, (i.e., exercising a fundamental right) when otherwise lawful, cannot support a finding of probable cause to believe a crime has been committed, such that the Fourth Amendment's warrant requirement can be legislatively disregarded (25850(b)).  Openly carrying a loaded firearm in non-sensitive public places such as public streets, sidewalks, shopping centers, parking lots, piers, open spaces; of a type in common use for the purpose of self-defense or for other lawful purposes is a right guaranteed by the Second Amendment of the United States Constitution and is a fundamental right which cannot be denied to PLAINTIFF or the People under the Second and Fourteenth Amendments because PLAINTIFF happens to be in a non-sensitive public place in ALL incorporated cities or in ANY unincorporated county territory where the discharge of a firearm is prohibited.  PC25850 should be construed as a Loaded Open Carry ban, which is what the legislature intended and is clear in the legislative history.

58.    PLAINTIFF requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 against DEFENDANT HARRIS to prevent future violations of his constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution while he is exercising his Second Amendment right to openly carry a loaded firearm in non-sensitive places for the purpose of self-defense and for other lawful purposes.  PLAINTIFF desires to exercise his Second Amendment right. PLAINTIFF desires a judicial declaration of his rights and DEFENDANT'S duties namely, that California Penal Code Section 25850 infringes on PLAINTIFF'S Second, Fourth and Fourteenth Amendment rights to openly carry a loaded firearm in non-sensitive public places and/or prospective injunctive relief under 42 U.S.C. § 1983.

59.    The Second Amendment invalidates California Statutes to the extent they prevent private citizens who are not otherwise barred from exercising their Second Amendment Right (examples of prohibited persons include convicted felons, mentally ill, etc) from openly carrying firearms in non-sensitive public places, loaded and unloaded, for the purpose of self-defense and for other lawful purposes.

60.    California Penal Code Section 25850 is invalid as applied to prohibit, or infringe, a private citizen who is otherwise eligible to possess firearms from openly carrying a loaded and operable firearm in non-sensitive public places for the purpose of self-defense and for other lawful purposes.

61.    California Penal Code Section 25850 is unconstitutionally vague.  A reasonable person would not conclude that either his private residential property or the inside of his motor vehicle is a public place.  Neither would a reasonable person conclude that an unloaded firearm is loaded simply by having a magazine or clip attached to his firearm unless there was also a live round in the firing

chamber of the firearm.  Prior to July of 1967 when former Penal Code section 12031 went into effect a revolver was considered to be unloaded if it did not have a live round in the firing chamber even though it had live rounds in the cylinder. The exceptions and numerous subsections to former Penal Code section 12031, of which PC 25850 is a part, have been scattered throughout the California Penal code to such an extent that PC 25850 is unconstitutionally vague.  It subjects the exercise of the right of bear arms to an unascertainable standard, and unconstitutionally broad because it authorizes the punishment of constitutionally protected conduct.  PC 25850 is also unconstitutionally vague because a reasonable person would have to spend days searching through the California statutes and case law and still be uncertain as to whether or not a particular act, or being in a particular place, is in violation of PC 25850.  Most of the subsections of former Penal Code section 12031 are now to be found in 16750(b), 16840(b), 17030, 25850-26025 (inclusive), 26030(a)-(c), 26035-26055 (inclusive).

62.    California Penal Code Section 26350 is facially invalid and as applied to prohibit, or infringe, PLAINTIFF and private citizens who are otherwise eligible to possess a firearm from openly carrying an unloaded and operable handgun for the purpose of self-defense in non-sensitive public places.  Mere possession of matching ammunition cannot make an unloaded handgun "loaded."

63.    California Penal Code Section 26400 is facially invalid and as applied to prohibit, or infringe, a private citizen who is otherwise eligible to possess an unloaded firearm that is not a handgun from openly carrying an unloaded and operable firearm that is not a handgun for the purpose of self-defense in non-sensitive public places.  Mere possession of matching ammunition cannot make an unloaded firearm "loaded."

64.     California Penal Code Sections 26150, 26155, 26160, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, are facially invalid and as applied to prohibit, or infringe, PLAINTIFF and private citizens who are otherwise eligible to possess a firearm from openly carrying a loaded and operable handgun for the purpose of self-defense in non-sensitive public places.

65.     California Penal Code Sections 26150, 26155, 26160, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220 are unconstitutional on their face and as applied in this case to the extent that they restrict licenses to openly carry a loaded handgun only to persons within counties of a population of fewer than 200,000 persons which is valid only in those counties, to only those residents who reside within those counties and leaves the issuance of such licenses solely to the discretion of the issuing authority and prohibiting the issuing authority from issuing a license to other that a resident of the city, county or city and county thereby prohibiting PLAINTIFF from obtaining a license to openly carry a loaded handgun for the purpose of self-defense in non-sensitive public places afforded to similarly situated persons which is a violation of PLAINTIFF'S rights under the Second and Fourteenth Amendments.

66.     The invalidities of the aforesaid statutes, and Defendants' application of same, infringe PLAINTIFF'S Second, Fourth and Fourteenth Amendments right and damage PLAINTIFF in violation of 42 U.S.C. § 1983.

67.     PLAINTIFF is proceeding pro-se. None of his challenges should be construed as challenging any California statute as it pertains to the carrying of a weapon concealed on one's person in a public place. For example, "good cause," "good moral character," "training," "fingerprinting," "residency," and the requirement for a license itself, etc., are only at issue in this case as they pertain to

1    licenses to carry firearms openly in non-sensitive public places and those places

2    which PLAINTIFF submits are not public places, sensitive or otherwise, such as

3    the curtilage of his home, within his motor vehicle including within any attached

4    campers or trailers regardless of whether or not they are being used as a residence.

5

6    68.     PLAINTIFF'S injuries are irreparable because PLAINTIFF is entitled to

7    enjoy his Constitutional rights in fact.

8

9    69.     PLAINTIFF requests declaratory and/or prospective injunctive relief under

10    42 U.S.C. § 1983 against DEFENDANT HARRIS to prevent future violations of

11    his Second Amendment right to openly carry a loaded firearm in non-sensitive

12    public places for the purpose of self-defense and for other lawful purposes, his

13    Fourth Amendment Right, and his Fourteenth Amendment rights to equal

14    protection under the law and to due process. PLAINTIFF submits that no license

15    is required to openly carry a firearm for the purpose of self-defense but if a license

16    is required then PLAINTIFF and persons not prohibited from possessing a firearm

17    have a liberty and/or property interest in a license and must be issued one. It is

18    futile for PLAINTIFF and similarly situated individuals to apply for a license from

19    any and all police chiefs, county sheriffs or other issuing authorities. ALL of the

20    laws at issue in this case fail to survive even rational review. There is no rational

21    basis to uphold them even absent the Constitution. Similarly, they cannot survive

22    facial, as applied, and vagueness challenges and PLAINTIFF makes these

23    challenges against all laws at issue in this complaint.

24

25    **SECOND CLAIM FOR RELIEF:**

26    **UNREASONABLE SEARCH AND SEIZURE AND DUE PROCESS AND**

27    **FIRST, SECOND, FOURTH. FOURTEENTH AMENDMENT -**

28    **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR**

## POLICY PLAINTIFF vs DEFENDANT CITY OF REDONDO BEACH & DOES 1-8

70.     All of the above paragraphs are re-alleged and incorporated herein by reference with the same force and effect as if fully set forth herein. PLAINTIFF realizes that this court has indicated that this count will likely be dismissed pursuant to the Younger Abstention just as his count against the CITY ordinances were but given that the condition for the Younger Abstention may be lifted, PLAINTIFF is keeping this claim in for now but is not seeking to move it forward until the Abstention is lifted.

71.     DEFENDANT CITY OF REDONDO BEACH ongoing and unjustified violation of PLAINTIFF'S First, Second, Fourth and Fourteenth Amendment rights deprived PLAINTIFF of his right to peaceful protest and assembly under the First Amendment, his right to openly carry a firearm under the Second Amendment, his right against unreasonable search and seizure as guaranteed by the Fourth Amendment, all applied to states, local governments, state actors and agents of the states by the Fourteenth Amendment and his right to due process. The deprivation began on August 7, 2010 and continues to the present date. PLAINTIFF brought his initial suit on November 30, 2011 and amended his suit for damages on May 30, 2012 (within the statute of limitations).  The criminal prosecution of his injuries sustained on May 21, 2012 has tolled the statute of limitations for that part of his damages claim.

72.     As a result of the conduct of the CITY and DOE DEFENDANTS 1-8, PLAINTIFF suffered and is suffering extreme pain and suffering and loss of earning either because they were integral participants or failed to intervene to prevent these violations. They acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of

Second Amended Complaint          31     Charles Nichols v. Edmund G Brown Jr et al

PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom policy and practice of:

    (a)    Employing and retaining as police officers and other personnel who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow Federal law, state law, and CITY's own municipal ordinances and policies.

    (b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel including DEFENDANTS DOES 1-8 who CITY knew or in the exercise of reasonable care should have known had the mentioned propensities and character traits.

    (c)    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS DOES 1-8.

    (d)    By failing to discipline CITY police officers' conduct, including but not limited to unlawful detention, arrest, search and seizure of PLAINTIFF'S person and property.

    (e)    By ratifying the intentional misconduct of police officers of CITY.

    (f)    By having and maintaining an unconstitutional policy, custom, and practice of detaining and/or arresting individuals without probable cause or reasonable suspicion which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of DOES 1-8, were done with a deliberate indifference to individuals' rights.

73.    DEFENDANT CITY and DOES 1-8, together with various other officials whether named or unnamed, had either actual knowledge or constructive knowledge of the deficient policies, practices and customs alleged.  Despite having

knowledge as stated these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of PLAINTIFF and other individuals similarly situated.

74.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 1-8 acted with an intentional, reckless, and callous disregard for the safety, life and Constitutional rights of PLAINTIFF. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

75.  Furthermore, the policies, customs and practices implemented and maintained and still tolerated  by CITY and DOES 1-7, were affirmatively applied to and were a significantly influential force behind the injuries of PLAINTIFF.

76.    By reason of the mentioned acts and omissions of CITY and DOES 1-8, PLAINTIFF was caused to incur legal expenses, loss of earning and health problems.

77.    Accordingly, CITY and DOES 1-8 are each liable for to PLAINTIFF for compensatory damages under 42 U.S.C. 1983.

78.    The conduct of CITY and DOE DEFENDANTS 1-8 was willful, wanton, malicious, oppressive and done with reckless disregard for the rights and safety of PLAINTIFF and thereby warrants the imposition of exemplary and punitive damages as to DEFENDANT CITY OF REDONDO BEACH and DOE DEFENDANTS 1-8.

79.    PLAINTIFF seeks damages against the DEFENDANT CITY OF REDONDO BEACH and DOE DEFENDANTS 1-8 in an amount according to proof for losses incurred as a result of their ongoing violations of PLAINTIFF'S rights since August 7, 2010,  for the warrantless search of PLAINTIFF'S firearm, his detention, seizure, search and the subsequent illegal seizure of his valuable property (firearm, firearm's case, padlock and key) on May 21, 2012 and for expenditures (fees/costs) associated with the defense of criminal charges due to its officially promulgated policy, custom and/or persistent practice and/or deliberately indifferent training.

## THIRD CLAIM FOR RELIEF:
## FIRST AMENDMENT, SECOND AMENDMENT, FOURTH AMENDMENT, FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION
## 42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF
## PLAINTIFF vs DEFENDANT CITY OF REDONDO BEACH

80.    All of the above paragraphs are re-alleged and incorporated herein by reference with the same force and effect as if fully set forth herein.  PLAINTIFF realizes that this count has been temporarily dismissed but given that the condition for the Younger Abstention may be lifted, PLAINTIFF is keeping the claim in for now but is not seeking to move it forward until the Abstention is lifted.

81.    Redondo Beach City ordinances 4-35.01 AND 4-35.20 are unconstitutional on their face, and as applied in this case.  Mere possession or carrying of a firearm, (i.e., exercising a fundamental right) when otherwise lawful cannot support the unlawful detention, search, arrest, prosecution, and seizure of a firearm and other property which is lawfully possessed and carried under both state and Federal law. California law preempts local governments from regulating the possession and

carrying of firearms.  The Second Amendment guarantees the right to carry a firearm for the purpose of self-defense and for other lawful purposes.  The First Amendment guarantees the right to engage in peaceful protest with an unloaded firearm.  The Fourth Amendment guarantees PLAINTIFF the right to be secure from unreasonable searches and seizures.  CITY'S ongoing and unjustified violation of PLAINTIFF'S First, Second, Fourth and Fourteenth Amendment rights deprived PLAINTIFF of his right to peaceful protest and assembly under the First Amendment, his right to openly carry a firearm under the Second Amendment, his right against unreasonable search and seizure as guaranteed by the Fourth Amendment, all applied to states, local governments, state actors and agents of the states by the Fourteenth Amendment and his right to due process. The deprivation began on August 7, 2010 and continues to the present date.

82.     PLAINTIFF requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 that Redondo Beach City ordinances 4-35.01 AND 4-35.20 are unconstitutional on their face and as applied in this case and are a violation of his Second Amendment Right to Openly Carry a firearm for the purpose of self-defense and for other lawful purposes, a violation of Plaintiff's Fourth Amendment rights from unlawful search and seizure and Plaintiff's Fourteenth Amendment right to equal protection due to DEFENDANT'S officially promulgated policy, custom and/or persistent practice and/or deliberately indifferent training..

## SCOPE OF REQUESTED INJUNCTIVE RELIEF

83.     All of the above paragraphs are re-alleged and incorporated herein by reference with the same force and effect as if fully set forth herein.

84.     An injunction against California Penal Code Sections 25850, 26350 and 26400 would enable PLAINTIFF and persons not prohibited from possessing

firearms to openly carry a firearm, loaded and unloaded, in places not otherwise prohibited by state or Federal law. For example, an injunction against 25850 would enable Plaintiff and similarly situated individuals to openly carry a loaded firearm in many places where it is now legal to openly carry a sheath knife with the notable exception of within 1,000 feet of a K-12 public or private school (see Penal Code section 626.9) wherein firearms must be unloaded and handguns unloaded and in a fully enclosed lock container (other than the vehicle's glove compartment). An injunction against 26350 & 26400 would restore the status quo which existed when this action was first filed (Nov. 30, 2011).

85.    An injunction against California Penal Code Sections 26150, 26155, 26160, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220 would enable PLAINTIFF and persons not prohibited from possessing firearms to obtain a license to openly carry a loaded handgun in the same places in which a person with an unrestricted license can carry a loaded handgun concealed. Unlike the numerous and burdensome licensing provisions for licenses to carry a concealed handgun, PLAINTIFF and persons not prohibited from possessing firearms would not have to provide any identifying information beyond that which is required to undergo a background check through the FBI National Instant Criminal Background Check System (NICS). The issuance of a license is PLAINTIFF'S alternate position. PLAINTIFF submits that no license is required for a private citizen to exercise his Second Amendment right to self-defense.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for the following relief:

A.    Declaratory judgment that Penal Code section 25850 is invalid in that and to the extent that it is applied to prohibit private citizens who are otherwise qualified to possess firearms from openly carrying loaded firearms

1   for the purpose of self-defense on their own property, in their vehicles and in

2   non-sensitive public places;

3   B.     Injunctive relief restraining Defendants and their officers, agents,

4   servants, employees, and all persons in concert or participation with them

5   who receive notice of this injunction, from enforcing PC 25850 against

6   private citizens who are otherwise qualified to possess firearms from openly

7   carrying loaded firearms for the purpose of self-defense on their own

8   property, in their vehicles and in non-sensitive public places;

9   C.     Declaratory judgment that Penal Code section 26350 is invalid in that

10  and to the extent that it is applied to prohibit private citizens who are

11  otherwise qualified to possess firearms from openly carrying unloaded

12  handguns for the purpose of self-defense on their own property, in their

13  vehicles and in non-sensitive public places;

14  D.     Injunctive relief restraining Defendants and their officers, agents,

15  servants, employees, and all persons in concert or participation with them

16  who receive notice of this injunction, from enforcing PC 26350 against

17  private citizens who are otherwise qualified to possess firearms from openly

18  carrying unloaded firearms for the purpose of self-defense on their own

19  property, in their vehicles and in non-sensitive public places;

20  E.     Declaratory judgment that Penal Code section 26400 is invalid in that

21  and to the extent that it is applied to prohibit private citizens who are

22  otherwise qualified to possess firearms from openly carrying unloaded

23  firearms that are not handguns for the purpose of self-defense on their own

24  property, in their vehicles and in non-sensitive public places;

25  F.     Injunctive relief restraining Defendants and their officers, agents,

26  servants, employees, and all persons in concert or participation with them

27  who receive notice of this injunction, from enforcing PC 26400 against

28  private citizens who are otherwise qualified to possess firearms from openly

carrying firearms for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places;

G. Declaratory judgment that Penal Code sections 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, and 26220 are invalid in that and to the extent that it is applied to prohibit or infringe private citizens, beyond that which is required to conduct an FBI instant background check, who are otherwise qualified to possess firearms, from being issued a license to openly carry firearms, loaded and unloaded, for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places;

H. Injunctive relief restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing Penal Code sections 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, and 26220 to the extent that it is applied to prohibit or infringe private citizens, beyond that which is required to conduct an FBI instant background check, who are otherwise qualified to possess firearms, from being issued a license to openly carry firearms, loaded and unloaded, for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places;

I. General damages in the amount to be proven at trial (excluding DEFENDANT HARRIS);

J. Special damages according to proof; including medical expenses and loss of earnings (excluding DEFENDANT HARRIS);

K. For punitive damages against the individual defendants (excluding DEFENDANT HARRIS) in an amount to be proven at trial;

L. For interest (excluding DEFENDANT HARRIS);

M. Award costs of this action to PLAINTIFF;

N.     Award reasonable attorney fees and costs to the PLAINTIFF on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Code of Civil Procedure § 1021.5;

O.     Compel the immediate return of PLAINTIFF'S property;

P.     A Declaration that Open Carry is the right guaranteed by the Constitution in non-sensitive public-places;

Q.     A Declaration that firearms openly carried which do not have live ammunition in the firing chamber are unloaded and that possession of matching ammunition with an openly carried unloaded firearm does not make the firearm "loaded" regardless of whether or not the ammunition is attached in any way to the firearm;

R.     A Declaration that no license is required to openly carry a firearm for the purpose of self-defense;

S.     A Declaration that private residential property is not a public place regardless of whether or not it is fully enclosed by a fence or barrier.

T.     A Declaration that a private motor vehicle and any attached campers or trailers are not public places and firearms may be carried therein.

U.     Damages and/or Declaratory relief under 28 USC §§ 2201, 2202;

V.     Declaratory judgment that Redondo Beach Municipal Code section 4-35.20 is invalid in that and to the extent that it is applied to prohibit private citizens who are otherwise qualified to possess weapons from openly carrying weapons for the purpose of self-defense;

W.     Injunctive relief restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing Redondo Beach Municipal Code section 4-35.20 against private citizens who are otherwise qualified to possess weapons for the purpose of self-defense;

X.     Such other and further relief as this Court may deem appropriate.

# DEMAND FOR JURY TRIAL

PLAINTIFF hereby requests a jury trial on all issues raised in this complaint.

Dated: March 12, 2013

Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail:
CharlesNichols@Pykrete.info

///
///
///
///
///
///

Second Amended Complaint        40      Charles Nichols v. Edmund G Brown Jr et al

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **SECOND AMENDED COMPLAINT** was served via United States Mail, postage prepaid, on this  29  , day of March, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)