ORIGINAL

FILED

2013 APR 10  PM 2: 43

1   Charles Nichols
    PO Box 1302
2   Redondo Beach, CA  90278
    Voice: (424) 634-7381
3   E-Mail: CharlesNichols@Pykrete.info
    In Pro Per
4

5

6

7

8                    **United States District Court**

9                    **Central District of California**

10

11  Charles Nichols,                          )   Case No.: **CV-11-9916 SJO (SS)**
                                              )
12          PLAINTIFF,                        )   **MEMORANDUM OF POINTS AND
                                              )   AUTHORITIES IN SUPPORT OF
13      vs.                                   )   PLAINTIFF'S MOTION FOR A
                                              )   PRELIMINARY INJUNCTION**
14  KAMALA D. HARRIS, Attorney                )
                                              )   **[Fed. R. Civ. P. 65]**
15  General, in her official capacity as      )
                                              )
16  Attorney General of California, CITY      )
                                              )
17  OF REDONDO BEACH and DOES 1               )
                                              )
18  to 10,                                    )
                                              )
19          Defendants.                       )
                                              )
20                                            )   Date: May 20, 2013
                                              )   Time: 10:00 a.m.
21                                            )   Location: United States Courthouse
                                              )             312 North Spring Street
22                                            )             Los Angeles, CA 90012-4701
                                              )   Courtroom: 1 - 2nd Floor
23                                            )   Judge: Samuel James Otero
                                              )   Date Action Filed: November 30, 2011
24                                            )
                                              )
25                                            )
26

27

28

                    **MOTION FOR PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION..............................................................................1

PROCEDURAL AND FACTUAL BACKGROUND..................................2

    Penal Code Section 25850(a) Bans The Open Carry Of Loaded Firearms....3

    Penal Code Section 25850(b) Makes Refusal To Consent To A Search

    "Probable Cause" For An Arrest...............................................3

    Penal Code Section 26350 Makes It A Crime To Openly Carry An Unloaded

    Handgun In Public.............................................................3

    Penal Code Section 26400 Makes It A Crime To Openly Carry An Unloaded

    Firearm That Is Not A Handgun...............................................4

A PRELIMINARY INJUNCTION IS PROPER – ARGUMENT....................4

    I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS..............5

        A. Plaintiff is likely to succeed in his claim that PC 25850(a) violates

        the Second and Fourteenth Amendments of the U.S. Constitution and

        is unconstitutionally vague...............................................5

        B. Plaintiff is likely to succeed in his claim that PC 25850(b) violates

        the Fourth Amendment of the U.S. Constitution.......................16

        C. Plaintiff Is Likely To Succeed In His Claim That PC 26350 & PC

        26400 Violate the Second & Fourteenth Amendments of the U.S.

        Constitution ..........................................................17

    II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IF

    INJUNCTIVE RELIEF IS DENIED...........................................17

    III. THE BALANCE OF THE EQUITIES TIPS SHARPLY

    IN FAVOR OF GRANTING A PRELIMINARY INJUNCTION AND AN

    INJUNCTION IS IN THE PUBLIC INTEREST...............................18

CONCLUSION...............................................................................20

**MOTION FOR PRELIMINARY INJUNCTION**

i

# TABLE OF AUTHORITIES

**PAGE(S)**

## FEDERAL CASES

*Alliance for the Wild Rockies*, 632 F.3d 1127 (2011)..........................................4

*Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810 (2003)...........4

*District of Columbia v. Heller*, 128 S. Ct. 2783 (2008)...........................*passim*

*Elrod v. Burns*, 427 U.S. 347 (1976)..................................................17

*Ezell v. City of Chicago*, 651 F.3d 684 (2011).......................................5

*Guzman v. Shewry*, 552 F.3d 941 (2008)................................................5

*Haynes v. Office of the Attorney General Phill Kline*, 298 F. Supp. 2d 1154 (D. Kan. Oct. 26, 2004)......................................................20

*Hightower v. City of Boston*, 693 F. 3d 61 (2012)...................................5

*Kachalsky v. County of Westchester*, 701 F. 3d 81 (2012)............................5

*Klein v. City of San Clemente*, 584 F.3d 1196 (2009)................................20

*McDonald v. City of Chicago, Ill.*, 130 S. Ct. 3020 (2010)....................*passim*

*Moore v. Madigan*, 702 F. 3d 933 (2012)....................................5, 7, 8, 13

*Peterson v. Martinez*, Court of Appeals, 10th Circuit 2013 (No. 11-1149)........5, 8

*Pimentel v. Dreyfus*, 670 F. 3d 1096 (2012).........................................5

*US v. Fuentes*, 105 F. 3d 487 (1997)............................................5, 16

*US v. Henry*, 688 F. 3d 637 (2012).................................................9

*US v. Masciandaro*, 638 F. 3d 458 (2011)...........................................5

*US v. Potter*, 630 F. 3d 1260 (2011)...............................................6

*US v. Vongxay*, 594 F. 3d 1111 (2010)..............................................5

*United States ex rel. Turner v. Williams*, 194 US 279 (1904)......................18

*United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990)...........................18

*WOOLLARD v. Gallagher*, Court of Appeals, 4th Circuit 2013 (No. 12-1437)......5

*Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365 (2008)..........4

*Zadvydas v. Davis*, 553 U.S. 678 (2001)...........................................18

**MOTION FOR PRELIMINARY INJUNCTION**

ii

1

# TABLE OF AUTHORITIES (CONT.)

2

**PAGE(S)**

3

## FEDERAL CASES (CONT.)

4

*Zepeda v. U.S. Immig. & Naturaliz. Serv.,* 753 F.2d 719 (1983)......................20

5

6

## STATE CASES

7

*Bliss v. Commonwealth,* 12 Ky. (2 Litt.) 90, 13 Am. Dec. 251 (1822)..............13

8

*In Re Rameriz* 193 Cal. 633 (1924)....................................................14

9

*Nunn v. State,* 1 Ga. 243, 251 (1846).........................................6, 12, 14

10

*People v. Clark,* 45 Cal. App. 4th 1147 (1996).......................................12

11

*People v. Harrison* 1 Cal.App.3d 115 (1969).........................................15

12

*People v. Jones* 54 Cal. 4th 350 (2012)...........................................5, 15

13

*People v. Mitchell,* Cal. App. 4th Dist., Oct. 11, 2012 - D059254A...............5, 14

14

*People v. Strider,* 177 Cal. App. 4th 1393 (2009)....................................11

15

*Rupf v. Yan,* 102 Cal. Rptr. 2d 157 (2000)..........................................12

16

*Simpson v. State,* 13 Tenn. (5 Yer.) 356 (1833).....................................13

17

*State v. Chandler,* 5 La. Ann. 489, 490 (1850)........................................6

18

*State v. Reid,* 1 Ala. 612, 35 Am. Dec. 44 (1840)....................................16

19

20

## STATUTES, RULES & OTHER AUTHORITY

21

California Penal Code § 626.9.........................................................11

22

California Penal Code § 654........................................................14, 15

23

California Penal Code § 12031......................................................*passim*

24

California Penal Code § 12031(a)....................................................14

25

California Penal Code § 12031(a)(1)................................................14

26

California Penal Code § 12031(e)...................................................16

27

California Penal Code § 16530......................................................10

28

## MOTION FOR PRELIMINARY INJUNCTION

iii

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

## STATUTES, RULES & OTHER AUTHORITY (CONT.)

California Penal Code § 17030……………………………………..…3, 4, 9

California Penal Code § 25850…………………………………………*passim*

California Penal Code § 25850(a)………………………………..……*passim*

California Penal Code § 25850(b)………………………………1, 3, 16, 20

California Penal Code § 26045………………………………………………10

California Penal Code § 26150………………………………………………10

California Penal Code § 26155………………………………………………10

California Penal Code § 26350……………………………………..……*passim*

California Penal Code § 26400……………………………..……………..……*passim*

Federal Rule of Civil Procedure 65………………………………………..…1

"Guns in the Dock" – Dave Kopel – ……………………………………12

**MOTION FOR PRELIMINARY INJUNCTION**

iv

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 65, PLAINTIFF moves for a preliminary injunction barring the enforcement of California Penal Code sections 25850(a), 25850(b), 26350 and 26400 to the extent they prohibit, or infringe on the right of PLAINTIFF and similarly situated individuals, who are not prohibited from possessing firearms, from openly carrying firearms; in non-sensitive public places, on private residential property and inside or on a motor vehicle for the purpose of self-defense and for other lawful purposes.  Penal Code section 25850(a) violates the U.S. Constitution by prohibiting the Open Carry of loaded firearms; in non-sensitive public places, on residential property and inside or on a motor vehicle for the purpose of self-defense and for other lawful purposes.  Penal Code section 26350 violates the U.S. Constitution by prohibiting the Open Carry of an unloaded handgun; in non-sensitive public places, on residential property and inside or on a motor vehicle for the purpose of self-defense and for other lawful purposes.  Penal Code section 26400 violates the U.S. Constitution by prohibiting the Open Carry of unloaded firearms that are not handguns; in non-sensitive public places, and on residential property, for the purpose of self-defense and for other lawful purposes.  Private citizens who violate these statutes face arrest, prosecution fine and imprisonment.  PLAINTIFF is likely to succeed on the merits of his constitutional challenge to Penal Code sections 25850, 26350 and 26400.  Unless the Court grants a preliminary injunction, PLAINTIFF and similarly situated individuals will suffer immediate and irreparable injury because they will be subject to unlawful searches and seizures at the hands of California police officers, unlawful prosecutions, fines and imprisonment and will be unable to exercise their Second Amendment right to openly carry firearms in case of confrontation in California. The public interest will also be harmed if a preliminary injunction is not granted because it will result in systemic violations of constitutional rights

## MOTION FOR PRELIMINARY INJUNCTION

1

throughout the state of California.  Additionally, PC 26350 and PC 26400 should be preliminarily enjoined to preserve the status quo which had existed for over 160 years while the Court adjudicates their constitutionality. The State's laws, if not preliminarily enjoined, also poses an immediate threat to public safety, as California residents have been and continue to be wrongfully denied the right and the full ability to defend their persons from criminal attack on their own residential property, in their motor vehicles and in non-sensitive public places.  California has no valid interest in completely banning PLAINTIFF and similarly situated individuals from openly carrying firearms for the purpose of self-defense and for other lawful purposes. Therefore, the balance of interests falls heavily on PLAINTIFF'S side, and preliminary injunctive relief is warranted and appropriate.

## PROCEDURAL AND FACTUAL BACKGROUND

Effective January 1, 2012, California Penal Code section 12031 was repealed and section 25850, which similarly prohibits carrying a loaded firearm in public, became operative.  Effective January 1, 2012, California Penal Code section 26350 which prohibits carrying an unloaded handgun in public became operative.  Effective January 1, 2013, California Penal Code section 26400 which prohibits carrying an unloaded firearm that is not a handgun in public became operative.

PLAINTIFF'S action was filed on November 30, 2011.  On January 17, 2012 PLAINTIFF filed an Ex Parte Application to Submit a Document Under Seal [Docket #10] which was an Incident Report filed with the Los Angeles County Sheriff's Department regarding a death threat against PLAINTIFF in support of his Complaint [Docket #1].  The application was denied on January 19, 2012 [Docket #11].  On May 7, 2012 the motions to dismiss [Docket #12 &13] were granted.  On May 30, 2012 PLAINTIFF filed his First Amended Complaint [Docket #47].  On

June 29, 2012 DEFENDANT HARRIS filed a motion to dismiss the FAC [Docket #58]. On March 3, 2013 her motion to dismiss was denied [Docket #82]. PLAINTIFF filed his Second Amended Complaint on March 29, 2013.

**Penal Code Section 25850(a) Bans The Open Carry Of Loaded Firearms.**

PC 25850(a) makes it a crime for PLAINTIFF to openly carry a loaded firearm: on his own residential property if it is not fully enclosed by a fence sufficiently tall to prevent access by the public, in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. PC 25850 does not contain a self-defense exception. PC 17030 defines "prohibited area" as "…any place where it is unlawful to discharge a weapon."

**Penal Code Section 25850(b) Makes Refusal To Consent To A Search "Probable Cause" For An Arrest.**

PC 25850(b) states "Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section."

**Penal Code Section 26350 Makes It A Crime To Openly Carry An Unloaded Handgun In Public.**

PC 26350 makes it a crime to openly carry an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following: A public place or public street in an incorporated city or city and county, a public street in a prohibited area of an unincorporated area of a county or city and county, a public place in a prohibited area of a county or city and county, when a person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while

**MOTION FOR PRELIMINARY INJUNCTION**

3

in or on any of the following: a public place or public street in an incorporated city
or city and county, a public street in a prohibited area of an unincorporated area
of a county or city and county, a public place in a prohibited area of a county or
city and county.  PC 17030 defines "prohibited area" as "…any place where it is
unlawful to discharge a weapon."  PC 26350 does not contain a self-defense
exception.

**Penal Code Section 26400 Makes It A Crime To Openly Carry An Unloaded
Firearm That Is Not A Handgun.**

PC 26400 makes it a crime to openly carry an unloaded firearm that is not a
handgun in an incorporated city or city and county when that person carries upon
his or her person an unloaded firearm that is not a handgun outside a vehicle while
in an incorporated city or city and county.

## A PRELIMINARY INJUNCTION IS PROPER – ARGUMENT

"A plaintiff seeking a preliminary injunction must establish that he is likely
to succeed on the merits, that he is likely to suffer irreparable harm in the absence
of preliminary relief, that the balance of equities tips in his favor, and that an
injunction is in the public interest." *Winter v. Natural Resources Defense Council,
Inc.,* 129 S. Ct. 365 - Supreme Court 2008 at 374. 555 U.S. 7, 20, 129 S.Ct. 365,
172 L.Ed.2d 249 (2008).  All four factors are established here.

"Under the "sliding scale" approach to preliminary injunctions observed in
this circuit, "the elements of the preliminary injunction test are balanced, so that a
stronger showing of one element may offset a weaker showing of another."
Alliance for the Wild Rockies, 632 F.3d at 1131 (citing Clear Channel Outdoor,
Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir.2003)). "[A]t an irreducible

**MOTION FOR PRELIMINARY INJUNCTION**

minimum," though, "the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir.2009)." *Pimentel v. Dreyfus*, 670 F. 3d 1096 - Court of Appeals, 9th Circuit 2012 at 1106.  Given the Seventh Circuit Court of Appeals decision in *Moore v. Madigan*, 702 F. 3d 933 - Court of Appeals, 7th Circuit 2012 (en banc petition denied February 22, 2013), *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) the Tenth Circuit Court of Appeals decision in *Peterson v. Martinez*, Court of Appeals, 10th Circuit 2013 (No. 11-1149), and the losing "concealed carry" of handgun lawsuits such as *Hightower v. City of Boston*, 693 F. 3d 61 - Court of Appeals, 1st Circuit 2012 (en banc denied 9-24-2012), *Kachalsky v. County of Westchester*, 701 F. 3d 81 - Court of Appeals, 2nd Circuit 2012 (Petition for a writ of certiorari filed with U.S. Supreme Court on 1-8-2013), *WOOLLARD v. Gallagher*, Court of Appeals, 4th Circuit 2013 (No. 12-1437), *US v. Masciandaro*, 638 F. 3d 458 - Court of Appeals, 4th Circuit 2011, the Ninth Circuit decisions beginning with *US v. Vongxay*, 594 F. 3d 1111 - Court of Appeals, 9th Circuit 2010 as well as *US v. Fuentes*, 105 F. 3d 487 - Court of Appeals, 9th Circuit 1997 and the recent California State court decisions in *People v. Jones* 54 Cal. 4th 350; 278 P.3d 821; 142 Cal. Rptr. 3d 561; 2012 Cal. LEXIS 5797 and *People v. Mitchell*, Cal. App. 4th Dist., Oct. 11, 2012 - D059254A - PLAINTIFF has far more than a fair chance of success on the merits.

## I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

**A. Plaintiff is likely to succeed in his claim that PC 25850(a) violates the Second and Fourteenth Amendments of the U.S. Constitution and is unconstitutionally vague.**

PC 25850(a), on its face and as applied, penalizes the Second Amendment Right to openly carry a loaded firearm in public.  PLAINTIFF, like all persons who

<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

fall within the scope of the Second Amendment, has the right to openly carry a loaded firearm in non-sensitive public places for the purpose of self-defense and for other lawful purposes. "In Nunn v. State, 1 Ga. 243, 251 (1846), the Georgia Supreme Court construed the Second Amendment as protecting the "natural right of self-defence" and therefore struck down a ban on carrying pistols openly. Its opinion perfectly captured the way in which the operative clause of the Second Amendment furthers the purpose announced in the prefatory clause, in continuity with the English right... Likewise, in State v. Chandler, 5 La. Ann. 489, 490 (1850), the Louisiana Supreme Court held that citizens had a right to carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations."" *District of Columbia v. Heller*, 554 U.S. 570 (2008) at 2809, 128 S. Ct. 2783; 171 L. Ed. 2d 637, 2008 U.S. LEXIS 5268.

The majority opinion in *Heller* does not say "...the right of law-abiding, responsible citizens to use arms in defense of hearth and home." is "...the core of the Second Amendment right..." It is Justice Breyer in his dissent which makes that allusion at 2869 and even then he is referring to Justice Stevens' dissent at 2846. The conclusion of the majority is that "self-defense" is the "central component of the right itself." *Heller* at 2801.

"Not surprisingly, the plurality opinion in the Court's later Second Amendment case described the "central holding in Heller" as "the Second Amendment protects a personal right to keep and bear arms for lawful purposes." *McDonald v. City of Chicago*, ___ U.S. ___, 130 S.Ct. 3020, 3044, 177 L.Ed.2d 894 (2010)" *US v. Potter*, 630 F. 3d 1260 - Court of Appeals, 9th Circuit 2011

**MOTION FOR PRELIMINARY INJUNCTION**

6

"At the time of the founding, as now, to "bear" meant to "carry." See Johnson 161; Webster; T. Sheridan, A Complete Dictionary of the English Language (1796); 2 Oxford English Dictionary 20 (2d ed.1989) (hereinafter Oxford). When used with "arms," however, the term has a meaning that refers to carrying for a particular purpose—confrontation. In Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), in the course of analyzing the meaning of "carries a firearm" in a federal criminal statute, Justice GINSBURG wrote that "[s]urely a most familiar meaning is, as the Constitution's Second Amendment . . . indicate[s]: `wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . **of being armed and ready for offensive or defensive action in a case of conflict with another person.'"** Id., at 143, 118 S.Ct. 1911 (dissenting opinion) (quoting Black's Law Dictionary 214 (6th ed.1998)). We think that Justice GINSBURG accurately captured the natural meaning of "bear arms." Although the phrase implies that the carrying of the weapon is for the purpose of "offensive or defensive action," it in no way connotes participation in a structured military organization." *Heller* at 2793 (emphasis added).

"Both Heller and McDonald do say that "the need for defense of self, family, and property is most acute" in the home, id. at 3036 (emphasis added); 554 U.S. at 628, 128 S.Ct. 2783, but that doesn't mean it is not acute outside the home. Heller repeatedly invokes a broader Second Amendment right than the right to have a gun in one's home, as when it says that the amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592, 128 S.Ct. 2783. Confrontations are not limited to the home." *Moore v. Madigan*, 702 F. 3d 933 - Court of Appeals, 7th Circuit 2012 at 936-937

## MOTION FOR PRELIMINARY INJUNCTION

7

"...the Supreme Court made clear in Heller that it wasn't going to make the right to bear arms depend on casualty counts. 554 U.S. at 636, 128 S.Ct. 2783. If the mere possibility that allowing guns to be carried in public would increase the crime or death rates sufficed to justify a ban, Heller would have been decided the other way, for that possibility was as great in the District of Columbia as it is in Illinois." *Moore* at 939.

"...had Peterson challenged the Denver ordinance, he may have obtained a ruling that allows him to carry a firearm openly while maintaining the state's restrictions on concealed carry. The specific constitutional challenge thus delineates the proper form of relief and clarifies the particular Second Amendment restriction that is before us." *Peterson v. Martinez*, Court of Appeals, 10th Circuit 2013 at pg 20.

"The Second Amendment states in its entirety that "a well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed" (emphasis added). The right to "bear" as distinct from the right to "keep" arms is unlikely to refer to the home. To speak of "bearing" arms within one's home would at all times have been an awkward usage. A right to bear arms thus implies a right to carry a loaded gun outside the home." *Moore* at 936.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Heller, the Supreme Court struck down the District of Columbia's ban on handgun possession, concluding that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in

**MOTION FOR PRELIMINARY INJUNCTION**

8

case of confrontation." *US v. Henry*, 688 F. 3d 637 - Court of Appeals, 9th Circuit 2012 at 639-640.

In *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) Justice Alito delivered the majority opinion for the court in which he stated in the very first line of the decision "Two years ago, in District of Columbia v. Heller, 554 U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), we held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense, **and** we struck down a District of Columbia law that banned the possession of handguns in the home." (Emphasis added).

Justice Scalia's majority opinion in *Heller* is 64 pages long. Justice Alito's majority opinion in *McDonald* is 45 pages long. Justice Scalia's concurrence in *McDonald* is 15 pages long. Justice Thomas' opinion in *McDonald* is 56 pages long. Nowhere, in either decision, does the majority even remotely suggest that the scope of the Second Amendment is limited to the narrow confines of one's home. It was not until Section IV, page 56 of *Heller* that the court finally turned to the D.C., in home handgun possession ban - "We turn finally to the law at issue here." Indeed, had the court intended to limit the scope of the Second Amendment to the narrow confines of one's home it could have done so with very few lines.

The California ban on openly carrying loaded firearms applies to all incorporated cities as well as to prohibited areas of unincorporated county territory which PC 17030 defines as "...any place where it is unlawful to discharge a weapon." Los Angeles County has a countywide ban on the discharge of a weapon. Orange County has a ban on the discharge of a weapon in some unincorporated county territory. San Bernardino County has no ban on the discharge of a weapon in unincorporated county territory. Some counties provide

**MOTION FOR PRELIMINARY INJUNCTION**

9

vague exceptions for self-defense in their ordinances prohibiting the discharge of a firearm while others like Los Angeles County do not have any self-defense exception other than with imitation firearms.

California's lone self-defense exception is Penal Code section 26045 which states in pertinent part: (a) Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property. (c) As used in this section, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance.  Coupled with the bans on openly carrying unloaded firearms (PC 26350 & PC 26400) it is now impossible in most public places to even possess an unloaded firearm, so even the unconstitutionally restrictive threshold on carrying a loaded firearm only when one is in "immediate, grave danger" is unavailable to PLAINTIFF and similarly situated individuals.

The only theoretical means available for private citizens to openly carry a loaded firearm, specifically firearms with a barrel length less than 16 inches (PC 16530), is via a license issued pursuant to Penal Code sections 26150 & 26155 but these can only be issued to residents of counties within counties with a population of fewer than 200,000 people and these licenses are valid only in the county in which they are issued.  Given that 94% of the people in this state reside in counties with a population of 200,000 or more persons, this is tantamount to a de jure ban on openly carried firearms (loaded and unloaded) in incorporated cities, towns and villages and in unincorporated county territory where the discharge of firearms is prohibited.  Even absent the population and residency restrictions, the issuing

**MOTION FOR PRELIMINARY INJUNCTION**

**10**

authorities have an unfettered discretion in the issuance of Open Carry licenses (e.g., attorneys, bill collectors, insurance agents and brokers).

"…it is clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty." *McDonald* at 3042.

This disparate treatment is not limited to similarly situated individuals in incorporated cities, unincorporated county territory, and counties with a population of 200,000 or more people. California Penal Code section 626.9 allows "…the school district superintendent, his or her designee, or equivalent school authority…" to issue written permission slips to openly carry firearms within 1,000 feet of a K-12 public or private school. Similarly, retired peace officers are generally exempt from the bans as are a host of special interest exemptions under the Business and Professions Code.

"The phrase "public place" has not been used throughout the Penal Code with a clear and uniform legislative meaning." *People v. Strider*, 177 Cal. App. 4th 1393 - Cal: Court of Appeal, 2nd Appellate Dist., 3rd Div. 2009 at 1401. In the context of carrying a loaded firearm in a public place, the court in Strider concluded that a sufficiently high fence that encloses residential property and acts as a barrier to public entry makes that residential property not a "public place."

In short, each time PLAINTIFF so much as steps outside of his door onto his private residential property with a firearm, loaded or unloaded, he is in violation of the statues to which he seeks a preliminary injunction against while his neighbors with a sufficiently tall fence (4.5 to 5 feet tall) fully enclosing their property, or with permission from their local school (PC 626.9) or who are retired peace

**MOTION FOR PRELIMINARY INJUNCTION**

**11**

officers, are who have a handgun carry license are not in violation of PC 25850. This scenario does not even take into account a myriad of other factors such as exemptions to the unloaded open carry bans (PC 26350 & 26400) which may apply to PLAINTIFF'S neighbors who fall within one or more of the Business and Professions Code exemptions but not to PLAINTIFF.

The California Courts cannot even agree on what constitutes a loaded firearm. *People v. Clark*, 45 Cal. App. 4th 1147 - Cal: Court of Appeal, 4th Appellate Dist., 1st Div. 1996 appeared to have restored the definition of a loaded firearm to what it was before former Penal Code section 12031 was enacted. A firearm is not loaded unless there is a live round in the firing chamber. "i.e., a shell placed in a position ready to be fired." id., at 1155. *Rupf v. Yan*, 102 Cal. Rptr. 2d 157 - Cal: Court of Appeal, 1st Appellate Dist., 2nd Div. 2000 on the other hand concluded that an unloaded firearm is "loaded" if a magazine or clip containing ammunition is attached to the firearm even though there is not a live round in the firing chamber.

Let us not forget the reason the California Legislature enacted the ban on openly carrying loaded firearms in public. It's explicitly stated intent was to disarm African-Americans. In particular, African-American members of the Black Panther Party for Self-Defense [Docket #1, Exhibits 2-4].

"While not all court decisions in the 19th century were as supportive of the Second Amendment as was Nunn, no case from that century ruled that the Second Amendment was anything other than an individual right." Dave Kopel, "Guns in the Dock" - http://www.davekopel.com/2A/Mags/Guns-in-the-Dock.htm

**MOTION FOR PRELIMINARY INJUNCTION**

12

"But to be in conflict with the constitution, it is not essential that the act
should contain a prohibition against bearing arms in every possible form; it is the
right to bear arms in defence of the citizens and the state, that is secured by the
constitution, and whatever restrains the full and complete exercise of that right,
though not an entire destruction of it, is forbidden by the explicit language of the
constitution." *Bliss v. Commonwealth*, 12 Ky. (2 Litt.) 90, 13 Am. Dec. 251 (1822)
pg 92.

"Writing for the court in an 1825 libel case, Chief Justice Parker wrote: "The
liberty of the press was to be unrestrained, but he who used it was to be responsible
in cases of its abuse; like the right to keep fire arms, which does not protect him
who uses them for annoyance or destruction." Commonwealth v. Blanding, 20
Mass. 304, 313-314. The analogy makes no sense if firearms could not be used for
any individual purpose at all. See also Kates, Handgun Prohibition and the Original
Meaning of the Second Amendment, 82 Mich. L.Rev. 204, 244 (1983) (19th-
century courts never read "common defence" to limit the use of weapons to militia
service)." *Heller* at 2803

"More importantly, seven years earlier the Tennessee Supreme Court had
treated the state constitutional provision as conferring a right "of all the free
citizens of the State to keep and bear arms for their defence," Simpson, 13 Tenn.
356, 5 Yer., at 360" *Heller* at 2809 citing *Simpson v. State*, 13 Tenn. (5 Yer.) 356
(1833)

Although the Ninth Circuit has yet to articulate a level of scrutiny for the
carrying of concealed weapons, most of its Federal sister circuits and the State of
California have applied intermediate scrutiny to this presumptively lawful
prohibition. Even Judge Posner's decision in *Moore* stated that Illinois can

**MOTION FOR PRELIMINARY INJUNCTION**

13

prohibit concealed carry pursuant to *Heller* if it wants to but did not articulate a
level of scrutiny. This is not a concealed carry case, it is an Open Carry case. But
even the 1924 California State Supreme Court in *In Re Rameriz* 193 Cal. 633; 226
P. 914; 1924 Cal. LEXIS 351; 34 A.L.R. 51 which has been cited directly or
indirectly in upholding convictions for unlicensed concealed carry ever since
quoted *Nunn v. State* (cited as Nunn v. Georgia) the same as *Heller* did and
remarked that an absolute prohibition on the right might be held to infringe a
fundamental right. McDonald has already held that the Second Amendment right
is fundamental and applicable to all state and local governments through the
Fourteenth Amendment. Most recently in *Mitchell*, a concealed carry case, the
California Courts said "Because the statute regulates but does not completely ban
the carrying of a sharp instrument, we subject it to intermediate scrutiny."

Even the municipal ordinance struck down in *Heller* was not a complete ban
as it exempted in-home possession of handguns by some persons and the plaintiff
himself had a license to openly carry a handgun in public. In such cases, such as
existed in the District of Columbia and now exists in California, the Open Carry
bans at issue cannot survive any level of scrutiny. Indeed, given the stated intent
of California's Loaded Open Carry ban to disarm the African-American members
of the Black Panther Party for Self-Defense, the law was unconstitutional the
moment it was passed in July of 1967. The author of the Unloaded Open Carry
bans argued on the Assembly and Senate floors that "You don't need a gun to buy
a cheeseburger." How could this possibly survive even rational review were
rational review even permissible? At a minimum, strict scrutiny is required.

When PC 25850(a) was first enacted as PC 12031(a) in 1967 (subsequently
PC 12031(a)(1)) it was intended to ban openly carried loaded firearms. California
Penal Code section 654 prohibited punishment for more than one crime and

**MOTION FOR PRELIMINARY INJUNCTION**

**14**

California has had statewide regulation of carrying firearms concealed dating back to 1917. In 1969, it was held that PC 12031 (now PC 25850(a) in part) could be applied to any number of other offenses, including concealed carry, see *People v. Harrison* (1969) 1 Cal.App.3d 115 [81 Cal.Rptr. 396]. In 2012, the California Supreme Court held that "Because defendant's convictions were based on a single act, section 654 prohibits multiple punishment. As previously noted, we overrule In re Hayes, supra, 70 Cal.2d 604, and disapprove People v. Harrison, supra, 1 Cal.App.3d 115." *People v. Jones*, 278 P. 3d 821 - Cal: Supreme Court 2012 at 360.

*Jones* greatly simplifies the constitutional analysis of PC 25850(a). Unless the California legislature modifies PC 654, a person may not be punished with multiple violations of the Penal Code (or Penal Code and infractions) for the same act. "Defendant Jarvonne Feredell Jones, a convicted felon, carried a loaded and concealed firearm. We must decide to what extent, if any, he may be punished separately for the crimes of possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. The question requires us to interpret Penal Code section 654... which prohibits multiple punishment for "[a]n act ... that is punishable in different ways by different provisions of law." Because different provisions of law punish in different ways defendant's single act, we conclude that section 654's plain language prohibits punishment for more than one of those crimes." *Jones* at 352 (footnote omitted). PC 25850(a) should be construed as the legislature intended when the language of the statute was first enacted in 1967, as a ban on openly carrying loaded firearms in public. Given that Open Carry is the right guaranteed by the Constitution (*Heller* at 2809 & 2816-2817) and PC 25850(a) can no longer be used as a separate included charge for unlawful concealed carry of a firearm (or for any

**MOTION FOR PRELIMINARY INJUNCTION**

15

other application which lies outside of the scope of the Second Amendment), an injunction should be issued against PC 25850(a).

The California Courts cannot agree on what constitutes a loaded firearm. The definition of a "public place" is similarly unclear to them. Most of the former subsections of PC 12031 are now scattered throughout the penal code. No person of reasonable intelligence can possibly know when he is in violation of the statute and the statute serves no purpose but to prohibit and inhibit the lawful exercise of a fundamental, enumerated right.

"A statute which, under the pretence of regulating, amounts to a destruction of the right, or which requires arms to be so borne as to render them wholly useless for the purpose of defence, would be clearly unconstitutional." *State v. Reid*, 1 Ala. 612, 35 Am. Dec. 44 (1840) pgs 616-617. See also *Heller* at 2818.

**B. Plaintiff is likely to succeed in his claim that PC 25850(b) violates the Fourth Amendment of the U.S. Constitution**

PC 25850(b), on its face and as applied, penalizes the Fourth Amendment right to be free from unreasonable searches and seizures. California Penal Code section 25850(b) (formerly PC 12031(e)) was originally written in 1967. It is will established law that "Mere refusal to consent to a stop or search does not give rise to reasonable suspicion or probable cause. People do not have to voluntarily give up their privacy or freedom of movement, on pain of justifying forcible deprivation of those same liberties if they refuse." *US v. Fuentes*, 105 F. 3d 487 - Court of Appeals, 9th Circuit 1997 at 490.

PC 25850(b) clearly states: "Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of

**MOTION FOR PRELIMINARY INJUNCTION**

this section."

### C. Plaintiff Is Likely To Succeed In His Claim That PC 26350 & PC 26400 Violate the Second & Fourteenth Amendments of the U.S. Constitution.

PC 26350 and PC 26400 on their face and as applied, penalize the Second Amendment Right to openly carry a firearm in public. The argument against PC 25850(a) applies equally to PC 26350 & PC 26400 and is fully incorporated herein by reference. Firearms were often carried unloaded, in the pre-PC 12031 traditional sense of the word (no live round in the firing chamber) for personal safety reasons. Although most firearms manufactured today have modern safeties which prevent the accidental discharge of firearms, there are tens of millions of firearms which do not, including some owned by PLAINTIFF. The Second Amendment guarantees the right to openly carry a firearm, it does not require that a firearm be openly carried in an unsafe manner. PC 26350 and PC 26400 make it a crime to openly carry an unloaded firearm. Additionally, a preliminary injunction issued against PC 26350 & PC 26400 would preserve the status quo which existed in California for over 160 years including when PLAINTIFF'S action was first filed on November 30, 2011.

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IF INJUNCTIVE RELIEF IS DENIED

It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). PLAINTIFF and similarly situated private citizens in the State of California have a fundamental, enumerated Second Amendment right to openly carry fully functional firearms (loaded and unloaded) on his own property, in his motor vehicle and in non-sensitive public places. PLAINTIFF and all persons have a Fourth Amendment right to be free from

**MOTION FOR PRELIMINARY INJUNCTION**

unreasonable searches and seizures as well as a Fourteenth Amendment right to equal protection under the law. The question of whether PLAINTIFF, residing in California, and similarly-situated individuals enjoy Second and Fourteenth Amendment rights is an easy one – the Supreme Court has ruled that they do. ". . . '[T]he people' protected by the . . . Second [Amendment] . . . refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." United States v. Verdugo-Urquidez, 494 U.S. 259, 265 (1990). That includes those who are legally in the country. See United States ex rel. Turner v. Williams, 194 U.S. 279, 292 (1904). Even illegal aliens then-presently in the Country receive protection under the Fourteenth Amendment's Due Process Clause. (See, e.g., Zadvydas v. Davis, 553 U.S. 678, 693 (2001)). PLAINTIFF is prohibited from openly carrying even an unloaded long gun on his private residential property while an illegal alien a few blocks away in unincorporated county territory is not prohibited. He can legally stand in his front yard with an unloaded firearm (regardless of whether or not his property is fully enclosed by a tall fence) whereas PLAINTIFF would be subject to arrest, prosecution, fine and imprisonment for the same act because he resides in an incorporated city.

## III. THE BALANCE OF THE EQUITIES TIPS SHARPLY IN FAVOR OF GRANTING A PRELIMINARY INJUNCTION AND AN INJUNCTION IS IN THE PUBLIC INTEREST

PLAINTIFF is certain to prevail on the merits. Absent relief he and similarly situated individuals will continue to suffer irreparable injury in the loss of his Second, Fourth and Fourteenth Amendment rights, if not actual physical harm. The State has no legitimate interest in the prohibition; and the public interest strongly favors equal protection of the law, and the respecting of fundamental rights, to say nothing of the ability of all qualified California residents to defend themselves on

their own private residential property, in their motor vehicles and in non-sensitive public places. The balance of interests could not more completely tilt in favor of immediate injunctive relief. DEFENDANT HARRIS has argued that it is hypothetical that PLAINTIFF would be arrested and prosecuted for openly carrying a firearm in public and that it is only "theoretically possible" she could prosecute PLAINTIFF under section 25850 while at the same time has not promised she will not prosecute or otherwise enforce or assist in the enforcement of the laws at issue. Indeed, DEFENDANT HARRIS' failure to intervene in PLAINTIFF'S own unlawful arrest and prosecution for lawfully openly carrying an unloaded firearm by the DEFENDANT CITY OF REDONDO BEACH in which she has both the power and duty to intervene and dismiss the case, proves her antipathy to the Second Amendment and the *Heller* decision which she has publicly derided. DEFENDANT HARRIS implies that she does not enforce California's ban on openly carrying firearms in public. DEFENDANT HARRIS cannot be harmed by an order enjoining an action she will not take.

Furthermore, the injunction would be very narrow. It does not enjoin DEFENDANT HARRIS from enforcing any valid state laws prohibiting the carrying of firearms or weapons (openly or concealed, loaded or unloaded); in any sensitive public place such as schools and government buildings, by convicted felons or other prohibited persons, by persons who use illegal drugs, by persons who are mentally ill, by persons who are gang members or any of the presumptively lawful regulatory measures mentioned in *Heller* at 2816-2817. Neither would it enjoin DEFENDANT HARRIS from enforcing any valid state laws regulating the possession of "dangerous and unusual" weapons. Neither would it enjoin DEFENDANT HARRIS from enforcing any valid state laws prohibiting the brandishing of weapons. The California Penal code section regulating the possession, use and carrying of weapons is over 200 pages in length

**MOTION FOR PRELIMINARY INJUNCTION**

and that does not even include the Business and Professions Code, Health and Safety Code, Government Code or twenty-six other California Law Code sections.

The Ninth Circuit has held that when plaintiffs challenge state action that affects the general public seeking to exercise constitutional rights, as PLAINTIFF does here for himself and California residents seeking the right to Openly Carry a firearm for the purpose of self-defense and for other lawful purposes, "the balance of equities and the public interest thus tip sharply in favor of enjoining the ordinance." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). And DEFENDANT HARRIS  "cannot reasonably assert that [she] is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Haynes v. Office of the Attorney General Phill Kline*, 298 F. Supp. 2d 1154, 1160 (D. Kan. Oct. 26, 2004) (citing *Zepeda v. U.S. Immig. & Naturaliz. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)).

## CONCLUSION

PLAINTIFF has met all four factors for the issuance of a preliminary injunction.  Therefore, PLAINTIFF respectfully requests that the Court grant his Motion for a Preliminary Injunction barring the enforcement of California Penal Code sections 25850(a), 25850(b), 26350 and 26400.

Dated: April 8, 2013                                    Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA  90278
Voice: (424) 634-7381
E-Mail:
CharlesNichols@Pykrete.info

///

**MOTION FOR PRELIMINARY INJUNCTION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** was served via United States Mail, postage prepaid, on this _9_, day of <u>April</u>, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)