ORIGINAL

FILED
2013 APR 10 PM 2:44

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

# United States District Court
## Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>    PLAINTIFF,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH and DOES 1 to 10,<br><br>    Defendants. | Case No.: CV-11-9916 SJO (SS)<br><br>**DECLARATION OF CHARLES NICHOLS IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date: May 20, 2013<br>Time: 10:00 a.m.<br>Location: United States Courthouse<br>    312 North Spring Street<br>    Los Angeles, CA 90012-4701<br>Courtroom: 1 - 2nd Floor<br>Judge: Samuel James Otero<br>Date Action Filed: November 30, 2011 |

1

# DECLARATION OF CHARLES NICHOLS

I, Charles Nichols, submit this declaration in support of Plaintiff's Motion for a Preliminary Injunction. I make this declaration of my own personal knowledge and if called as a witness I could and would testify competently to the truth of the matters set forth herein.

1. I am a resident of Los Angeles County and a natural born citizen of the United States and I am fifty-three years of age.

2. I am not prohibited under Federal or California law from receiving or possessing firearms.

3. I have violated the laws at issue in the past and have articulated a concrete plan to violate them in the future.

4. I am presently being prosecuted for openly carrying a firearm in violation of a City of Redondo Beach municipal ordinance even though I was openly carrying the firearm in the beach zone of the city which is exempt from the ordinance (all coastal parklands are exempt by the city's own municipal ordinances) and despite the findings of Magistrate Judge Suzanne Segal and Federal District Court Judge Samuel James Otero that the State of California had preempted local regulations concerning the carrying of firearms. According to the City Attorney whose City Prosecutor reports to him, the city's ban applies to all weapons in all public places of the city.

5. On October 24, 2012 California Superior Court judge David Sotelo denied my demurrer to the criminal charge stating "Given the uniqueness of the

City of Redondo Beach as (sic) beach community immediately west of cities such as Los Angeles, Compton and Carson, its' (sic) parks on the Pacific Ocean shoreline draw visitors not just (sic) these cities but every county, city and neighborhood."

6.   The black population of the City of Redondo Beach is 2.8%. Only 25.9% of Compton is white. Only 23.8% of Carson is white. The portions of the City of Los Angeles immediate east of Redondo Beach are similarly predominantly minority. The Cities of Torrance and Lomita which were not mentioned by judge Sotelo are also immediately to the east of the City of Redondo Beach. Torrance has a black population of 2.7%. Lomita has a black population of 5.3%. These figures were obtained from the U.S. Census website reflecting the 2010 Census.

7.   On May 21, 2011 I was stopped against my will by Redondo Beach police officers who took my long gun against my clear and vocal refusal to consent to the search. Redondo Beach Police Officer Todd Heywood performed a "chamber check" to see if the firearm was unloaded pursuant to California Penal Code section 25850 and then subsequently confiscated my firearm, carrying case, padlock and key thereby depriving me of my only means of self-defense even though the City of Redondo Beach has been aware since at least December 6, 2011 that I have a documented death threat against me. The unloaded firearm was also seized during the course of a peaceful protest. The protest was coordinated with the Redondo Beach City Attorney and Police Chief in advance.

8.   I sustained a severe back injury in a riding accident in August of 2002 leaving me partially disabled. I am not physically able to defend myself other than with a firearm. Current California law prevents me from openly carrying a firearm

3

in case of confrontation for the purpose of self-defense. This includes self-defense with a less-lethal Taser which California defines as a "firearm."

9. This leaves under California law the only means of self-defense; a knife openly carried. However, some California cities such as the City of Redondo Beach and the City of Los Angeles have made it a crime to openly carry a knife which leaves me completely defenseless in those communities even if I were physically able to defend myself with a knife.

10. California law prohibits the issuance of licenses to openly carry a handgun to counties with a population of fewer than 200,000 people. These licenses are only theoretically available to residents of those counties and are only valid within the county within which they are issued.

11. I asked for an application and license to openly carry a loaded handgun from the Redondo Beach police chief who denied my request citing California Penal Code section 26155 through his then attorney, the City Attorney for Redondo Beach.

12. My public defender has stated in open court that he cannot provide me with a competent defense. The presiding judge, "Chet" Taylor did not replace my public defender.

13. The only motion to dismiss the criminal case against me filed by my public defender referenced but a single sentence from Assembly Bill 1527, a 15 page bill which made it a crime to openly carry an unloaded long gun in incorporated cities. The motion is based on state preemption.

4

14. The sections of the California Penal code alone regulating the possession, use and carrying of weapons is over 200 pages long. Given that the municipal ordinance I am being charged with violating bans all weapons, a proper preemption motion would have been significantly longer.

15. My public defender has thus far refused to file a motion based on the First and Second Amendments to the US Constitution saying that he and his office (the Los Angeles County Public Defenders Office) does not believe that the Second Amendment is a fundamental right despite the U.S. Supreme Court, Federal Courts and California's own state courts saying that the Second Amendment is a fundamental right. And despite the fact that prior to the Heller decision, the California Supreme court had recognized the carrying of firearms as a fundamental right, albeit one subject to rational review, since 1924.

16. My own personal experience has proven that California police, prosecutors and judges do not obey their own laws. I cannot receive a fair trial. My only recourse is through the Federal courts.

17. To the best of my knowledge, the exhibits are true and correct.

Executed in the United States on April 8, 2013,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info

///

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DECLARATION OF CHARLES NICHOLS IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** was served via United States Mail, postage prepaid, on this 9 , day of April, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

*[signature]*

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)