1 | T. PETER PIERCE (Bar No. 160408)
ppierce@rwglaw.com
2 | LISA BOND (Bar No. 172342)
lbond@rwglaw.com
3 | RICHARDS, WATSON & GERSHON
  A Professional Corporation
4 | 355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
5 | Telephone: 213.626.8484
Facsimile: 213.626.0078
6
7 | Attorneys for Defendant
CITY OF REDONDO BEACH

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | CHARLES NICHOLS,

12 |          Plaintiff,
          vs.

13 | KAMALA D. HARRIS, Attorney
14 | General, in her official capacity as
Attorney General of California, CITY
15 | OF REDONDO BEACH and DOES 1 to
10,
16
          Defendants.
17

Case No. CV-11-9916 SJO (SS)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT CITY OF REDONDO
BEACH'S MOTION TO DISMISS
THE SECOND AND THIRD CLAIMS
IN THE SECOND AMENDED
COMPLAINT, OR, IN THE
ALTERNATIVE, IN SUPPORT OF
MOTION FOR MORE DEFINITE
STATEMENT**

(Filed under Fed. R. Civ. P. 12(b)(1),
12(b)(6), and 12(e))

Magistrate Judge: Hon. Suzanne H. Segal

Date:  May 21, 2013
Time:  10:00 a.m.
Ctrm:  23

Action Filed:  November 30, 2011

18
19
20
21
22
23
24
25
26
27
28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT, OR, IN THE ALTERNATIVE, IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

R6900-1031\1545670v1.doc

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................. 1

II. STATEMENT OF FACTS ALLEGED ................................... 3

III. PLAINTIFF LACKS STANDING TO BRING THE SECOND AND THIRD CLAIMS AGAINST REDONDO BEACH ...................... 3

IV. THE SECOND AND THIRD CLAIMS IN THE SECOND AMENDED COMPLAINT FAIL TO STATE CLAIMS FOR RELIEF ........................................................................... 4

    A. Plaintiff Fails To State A Claim That Redondo Beach Violated Any Right Protected By The Second Amendment ............... 5

        1. No Court Has Recognized A Second Amendment Right To Carry Openly A Firearm In Public ............... 7

        2. No Court Has Recognized A Second Amendment Right To Carry A Firearm On Government-Owned Property ................................................................ 8

        3. No Court Has Recognized A Second Amendment Right To Carry A Firearm For Purposes Of Political Protest ................................................................. 9

    B. Plaintiff Fails To State A Claim That The City Violated The Fourth Amendment ..................................................... 12

    C. Plaintiff Fails To State A Claim That The City Violated The Equal Protection Clause Of The Fourteenth Amendment ................................................................... 13

    D. Plaintiff Fails To State A Claim That The City Violated the First Amendment ............................................................ 14

V. EVEN IF PLAINTIFF HAS STANDING AND HAS ADEQUATELY STATED ANY CONSTITUTIONAL CLAIM, THE *YOUNGER* ABSTENTION DOCTRINE FORECLOSES PLAINTIFF'S SECOND AND THIRD CLAIMS ........................ 19

    A. The Court Should Abstain From Hearing Plaintiff's Second Claim For Damages Until The State Criminal Proceedings Have Concluded .......................................................... 19

    B. Under *Younger*, The Court Should Dismiss Plaintiff's Third Claim Without Leave To Amend ............................... 21

///

///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS (cont.)

**Page**

VI.   THE SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH RULE 10(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................................................................. 22

VII.   CONCLUSION ............................................................................. 23

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT
R6900-1031\1545670v1.doc

1

# <u>TABLE OF AUTHORITIES</u>

2
<u>Page(s)</u>

3
## <u>Cases</u>

4
*Anderson v. District Bd. of Trustees of Central Florida Comm. College,*
  77 F. 3d 364 (11th Cir. 1996) ........................................................................22

5
*Attorney General v. Irish People, Inc.,*

6
  684 F.2d 928 (D.C.Cir. 1982) ........................................................................13

7
*District of Columbia v. Heller,*
  554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)....5, 6, 7, 8, 9, 10, 11

8

9
*Dubinka v. Judges of Superior Court etc.,*
  23 F.3d 218 (9th Cir. 1994) ............................................................................20

10
*Freeman v. City of Santa Ana,*
  68 F.3d 1180 (9th Cir. 1995) ..........................................................................13

11

12
*Gilbertson v. Albright,*
  381 F.3d 965 (9th Cir. 2004) ..........................................................................21

13
*Kachalsky v. Cacace*

14
  (April 15, 2013, U.S. Supreme Court Docket No. 12-845)............................11

15
*Kachalsky v. County of Westchester,*
  701 F.3d 81 (2d Cir. 2012),
  *cert. denied sub nom* ......................................................................................11

16

17
*Lujan v. Defenders of Wildlife,*
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)..............................4

18
*McDonald v. City of Chicago,*

19
  561 U.S. __, 130 S. Ct. 3020, 177 L. Ed. 2d. 894 (2010)...5, 7, 8, 9, 10, 11, 15

20
*Monell v. Dep't of Soc. Servs.,*
  436 U.S. 658, 98 S. Ct. 2018,

21
  56 L. Ed. 2d 611 (1978)..................................................................................20

22
*Moore v. Madigan,*
  702 F.3d 933 (7th Cir. 2012) ......................................................................6, 7

23
*Nat'l Rifle Ass's of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms*

24
  *& Explosives,*
  700 F.3d 185 (5th Cir. 2012) ...........................................................................6

25
*Nordyke v. King,*

26
  319 F.3d 1185 (9th Cir. 2003) ...............................................15, 16, 17, 18, 19

27
*San Jose Silicon Valley Chamber of Commerce Political Action Comm*
  *v. City of San Jose,*
  546 F.3d 1087 (9th Cir. 2008) ........................................................................20

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# **TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Spence v. Washington,*
418 U.S. 405,  94 S. Ct. 2727, 41 L. Ed. 2d 842 (1974)................................15

*Texas v. Johnson,*
491 U.S. 397, 404, 109 S. Ct. 2533,
105 L. Ed. 2d 342 (1989).........................................................................14, 15

*United States v. Masciandaro,*
638 F.3d 458 (4th Cir. 2011) ...............................................................5, 6, 9

*United States v. O'Brien,*
391 U.S. 367, 88 S. Ct. 1673,
20 L. Ed. 2d 672 (1968).....................................................................17, 18, 19

*United States v. Salerno,*
481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)........................12

*United States v. Vongxay,*
594 F.3d 1111 (9th Cir. 2010) ...............................................................9

*Williams v. State of Maryland,*
10 A.3d 1167, 417 Md. 479 (Md. 2011)...........................................6

*Woollard v . Gallahger,*
2013 U.S. App. Lexis 5617 (4th Cir. March 21, 2013) ..............................5, 6

*Younger v. Harris,*
401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)............2, 3, 20, 21, 22, 23

## **Statutes**

Federal Rules of Civil Procedure Rule 10(b)...........................................22

California Constitution Article XI, section 7 .............................................18

Penal Code Section 25850.....................................................................4, 12

Penal Code Section 26350.........................................................................4

Penal Code Section 26400.........................................................................4

Redondo Beach Municipal Code Section 4-35.01 ...............................3, 21

Redondo Beach Municipal Code Section 4-35.20 .............................3, 4, 12, 17, 21

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Second and Third Claims in the Second Amended Complaint, asserted against the City of Redondo Beach ("City" or "Redondo Beach"), should be dismissed without leave to amend, and with prejudice, on the following grounds:

■ The Second and Third Claims arise from the City's ban on carrying firearms on City-owned or City-leased property used by the public for recreation.  Plaintiff has no standing to challenge the City's ban because a favorable judgment would not redress his injury.  For reasons different than those surrounding the City's ban, California law also prohibits plaintiff from carrying firearms on the same property.  Plaintiff challenges that California law.  If the State law is upheld, a judgment invalidating the City's ban would provide no relief to plaintiff because he still would be prohibited from carrying firearms as he desires.

■ The Second and Third Claims fail to state a claim upon which relief can be granted because the Second Amendment does not protect any right (1) openly to carry a firearm (2) on government-owned property (3) for the purpose of political protest.  No court of which the City is aware has recognized a federal constitutional right to carry a firearm openly.  No court of which the City is aware has recognized a federal constitutional right to carry a firearm on government-owned property.  No court of which the City is aware has recognized a federal constitutional right to carry a firearm for the purpose of political protest.

■ The Second and Third Claims fail to state a claim upon which relief can be

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

granted because in the absence of the Second Amendment right plaintiff seeks to establish, there is no Fourth Amendment violation occasioned by seizing his firearms.

■ The Second and Third Claims fail to state a claim upon which relief can be granted because plaintiff has not alleged the requisite elements of an Equal Protection claim under the Fourteenth Amendment.

■ The Second and Third Claims fail to state a claim upon which relief can be granted because the City's ban on firearms on specific types of public property does not interfere with expressive conduct in violation of the First Amendment.

Alternatively, if the Court finds that plaintiff possesses standing, and has stated a claim upon which relief can be granted, the Court should nevertheless dismiss the Third Claim without leave to amend, and with prejudice, under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The Third Claim seeks to enjoin enforcement of the City's ban on the various constitutional grounds outlined above. A state court criminal action pending against plaintiff arises from his violation of that ban. Plaintiff has the full opportunity to present his constitutional challenges in defending against the criminal action, and therefore this Court should dismiss those challenges.

The Court also should abstain under *Younger* from hearing plaintiff's Second Claim. The Second Claim seeks damages arising from the City's enforcement of the ban on carrying firearms on certain public property. That claim should be stayed until the criminal action has proceeded to final judgment.

The analysis below frequently references the analysis in the Report and Recommendation of the United States Magistrate Judge (Magistrate Judge's Report) (Doc. 71), as accepted by the Court (Doc. 82), following the City's earlier motion to

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-2-

1  dismiss plaintiff's First Amended Complaint. The Magistrate Judge's analysis,

2  particularly with respect to standing and *Younger* abstention, governs resolution of

3  those issues in the instant motion.

4

5  **II.   STATEMENT OF FACTS ALLEGED**

6      In Section 4-35.20 of its Municipal Code, Redondo Beach prohibits the

7  carrying of firearms in any "park." (Second Amended Complaint [SAC] at p. 15,

8  lines 10-14). The term "park" is defined in Section 4-35.01, and means "any

9  publicly owned or leased property established, designated, maintained, or otherwise

10 provided by the City for recreational use or enjoyment." (SAC at p. 14, lines 20-22).

11 The definition provides an extensive but non-exhaustive list of public spaces that fall

12 within its scope. (SAC at p. 14, lines 23-27).

13     Plaintiff alleges that on August 7, 2010 he was threatened with prosecution for

14 openly carrying a firearm in violation of Section 4-35.20, and that he in fact was

15 arrested and prosecuted for the same violation arising from the same conduct on May

16 21, 2012. (SAC at ¶ 45). Plaintiff alleges that his firearms were illegally seized

17 during a protest of State and local firearms regulation. (SAC at ¶¶ 45, 71, 81).

18 Plaintiff alleges that he intends to continue every month openly carrying loaded

19 handguns, rifles, and shotguns in violation of Section 4-35.20. (SAC at ¶ 49).

20 Additional allegations related to these events will be discussed below as they become

21 germane to the analysis.

22     The City filed misdemeanor criminal charges against plaintiff in state court

23 arising from his violation of Section 4-35.20. The criminal case is still pending.

24 (*See* SAC at p. 16, lines 25-26; p. 20, lines 27-28; p. 24, lines 5-7).

25

26 **III.  PLAINTIFF LACKS STANDING TO BRING THE SECOND AND**

27      **THIRD CLAIMS AGAINST REDONDO BEACH.**

28     The "irreducible constitutional minimum of standing" requires, among other

-3-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   factors, that it is likely that the injury claimed will be redressed by a favorable

2   decision.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119

3   L. Ed. 2d 351 (1992).  The Magistrate Judge's Report concluded that plaintiff lacked

4   standing to assert claims for damages and equitable relief arising from Redondo

5   Beach's enforcement of Section 4-35.20.  See Report at p. 30.  The earlier First

6   Amended Complaint (FAC) alleged that neither the State nor local governments may

7   prohibit plaintiff from carrying a loaded firearm in public.  Thus, a judgment

8   invalidating Section 4-35.20 would not redress plaintiff's injury if the California

9   statutes challenged by plaintiff were found valid, because plaintiff still would be

10  prohibited from carrying a loaded firearm in Redondo Beach's parks.  See Magistrate

11  Judge's Report at pp. 30-31.

12      Similarly, the SAC alleges that "neither the state nor local governments may

13  prohibit PLAINTIFF or similarly situated individuals from openly carrying a fully

14  functional firearm (loaded and unloaded) . . . in [public]."  (SAC, p. 3, lines 16-19).

15  The SAC challenges Section 4-35.20 (*see* SAC at ¶ 36).  It also challenges Penal

16  Code Sections 25850, 26350, and 26400 (*see* SAC at ¶¶ 57, 62, and 63), which

17  collectively prohibit the carrying of loaded and unloaded firearms in public.  A

18  judgment invalidating Section 4-35.20 would not redress plaintiff's injury if the

19  challenged Penal Code Sections are upheld.  Thus, absent a judgment invalidating

20  those State statutes, plaintiff does not have standing to bring his Second and Third

21  Claims challenging Section 4-35.20.

22      The Second and Third Claims in the SAC should be dismissed without leave

23  to amend, and with prejudice.

24

25  **IV.   THE SECOND AND THIRD CLAIMS IN THE SECOND AMENDED**

26  **COMPLAINT FAIL TO STATE CLAIMS FOR RELIEF.**

27      The Second and Third Claims in the SAC fail to allege facts sufficient to state

28  claims upon which relief may be granted.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT, OR, IN THE ALTERNATIVE, IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT
R6900-1031\1545670v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**A.**   <u>**Plaintiff Fails To State A Claim That Redondo Beach Violated Any**</u>
<u>**Right Protected By The Second Amendment.**</u>

The Second Amendment is the centerpiece of plaintiff's Second and Third Claims.  The Second Amendment, as construed by the Supreme Court thus far, protects the possession of handguns for self-defense only within the home.  In *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) (*Heller*), the Supreme Court held that possession in the home for self-defense is the core right protected by the Second Amendment.  554 U.S. at 627-28, 636.  That right constrains not only the Federal government, but also the States and their municipalities.  *McDonald v. City of Chicago*, 561 U.S. __, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) (*McDonald*).  *McDonald* reaffirmed that individual self-defense is the "central component" of the Second Amendment right.  130 S. Ct. at 3036.  The Supreme Court has not foreclosed the possibility that the Second Amendment protects conduct outside of the home, but the Ninth Circuit has not opined on whether the right to possess a handgun for self-defense extends beyond the home.

Several appellate courts expressly have declined to opine on that question, preferring instead to await Supreme Court direction.  Most recently, in *Woollard v . Gallahger,* 2013 U.S. App. Lexis 5617 (4th Cir. March 21, 2013) (*Woollard*), the Fourth Circuit criticized the District Court for "needlessly demarcating the reach of the Second Amendment" as extending beyond the home.  *Id.* at 5.  Relying upon *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011) (*Masciandaro*), from the same circuit, the *Woollard* court stated:  "We hew to a judicious course today, refraining from any assessment of whether Maryland's [requirement] for obtaining a handgun permit implicates Second Amendment protections."  *Woollard*, 2013 U.S. App. Lexis 5617 at 27-28.  The *Masciandaro* court also refused to opine whether the Second Amendment applies outside of the home.  "This case underscores the dilemma faced by lower courts in the post-*Heller* world:  how far to push *Heller* beyond its undisputed core holding.  On the question of *Heller's* applicability outside

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   the home environment, we think it prudent to await direction from the Court itself."

2   *Masciandaro*, 638 F.3d at 475.  Both *Woollard* and *Masciandaro* simply assumed

3   application beyond the home, and proceeded to evaluate and uphold regulations

4   under applicable means/ends scrutiny.  *Woollard*, 2013 U.S. App. Lexis 5617 at 47;

5   *Masciandaro*, 638 F.3d at 473-75.

6         Like *Woollard* and *Masciandaro*, other courts have refused expressly to decide

7   the question of the Second Amendment's reach.  The State of Maryland's highest

8   court flatly refused even to recognize that the right extends beyond the home: "If the

9   Supreme Court . . . meant its holding to extend beyond home possession, it will need

10  to say so more plainly."  *Williams v. State of Maryland*, 10 A.3d 1167, 1177, 417

11  Md. 479 (Md. 2011).  The Fifth Circuit adopted a more measured approach in *Nat'l*

12  *Rifle Ass's of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700

13  F.3d 185, 204 (5th Cir. 2012) (although court was inclined to uphold challenged laws

14  on ground that Second Amendment right not implicated at all, court proceeded to

15  evaluate and uphold laws under means/ends scrutiny).

16        Only one federal appellate court has expressly found that the Second

17  Amendment right to possess a handgun for self-defense applies outside of the home.

18  In *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (*Moore*), the Seventh Circuit

19  reviewed an Illinois law that forbids a person (with exceptions) to carry a loaded,

20  immediately accessible gun, or an unloaded, uncased, immediately accessible gun in

21  "public" (defined by Illinois law as all places except a person's private residential or

22  commercial property, owned or leased, or the property of another with permission).

23  *Id.* at 934.  The Court concluded under *Heller* that "the constitutional right of armed

24  self-defense is broader than the right to have a gun in one's home."  *Id.* at 935.  The

25  Court expressly did "not speculate on the limits that Illinois may in the interest of

26  public safety constitutionally impose on the carrying of guns in public."  *Id.* at 942.

27  Instead, the Court simply held that the law goes too far in adopting a "uniquely

28  sweeping ban."  *Id.* at 942.  The Court stayed its mandate for 180 days "to allow the

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  Illinois legislature to craft a new gun law that will impose reasonable limitations . . .
2  on the carrying of guns in public." *Id.* at 942.

3       Redondo Beach's ordinance does not go nearly as far as the Illinois law.
4  Redondo Beach prohibits firearms only on property it owns or possesses for purposes
5  of providing recreational space to the public.  Accordingly, this Court should
6  exercise its discretion not to extend the Second Amendment beyond the home setting
7  until either the Supreme Court or the Ninth Circuit expressly does so.  The Second
8  Amendment claim should be dismissed without leave to amend.

9       If this Court nevertheless finds that the Second Amendment extends beyond
10 the home, or instead follows the more cautious approach of other courts and simply
11 assumes for the sake of argument that the right extends beyond the home, plaintiff
12 still has not stated a claim for a Second Amendment violation.  As explained below,
13 plaintiff alleges a Second Amendment right (1) to openly carry a firearm (2) on
14 publicly-owned property (3) for purposes of conducting a protest.  No court has
15 recognized any such right, and to do so would radically expand *Heller*, *McDonald*,
16 and their progeny.

17

18       **1.    No Court Has Recognized A Second Amendment Right To**
19             **Carry Openly A Firearm In Public.**

20       Throughout the SAC, plaintiff repeatedly emphasizes that he challenges
21 California and Redondo Beach law only to the extent they prohibit the *open* carrying
22 of firearms in public, as opposed to regulating the carrying of concealed firearms:

23

24  ■  "PLAINTIFF similarly does not challenge any state or Federal prohibition
25      on the carrying of weapons concealed or in the licensing of the carrying of
26      a weapon concealed in a public place . . ."  (SAC at p. 3 line 27 to p. 4, line
27      2).

28 ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    ■   This case involves the "constitutional principle that neither the state nor its

2        local governments can deny a license to PLAINTIFF or similarly situated

3        persons to openly carry a loaded firearm in non-sensitive public places . . ."

4        (SAC at p. 6, lines 5-7).

5    ■   "California law and local City of Redondo Beach ordinances prohibit

6        PLAINTIFF and similarly situated individuals from openly carrying a

7        firearm in non-sensitive public places which is a violation of the United

8        States Constitution . . ."  (SAC at p. 16, lines 10-12).

9

10       The City has not found any decision, published or unpublished, endorsing the

11   theory that the Second Amendment requires government to allow the open carrying

12   of firearms in public.  That comes as no surprise given the understandable panic that

13   would almost certainly ensue if everyone, like plaintiff, were to openly carry rifles

14   and shotguns in public.  (*See* SAC at p. 22, lines 17-18; p. 23, lines 2-8).  The Second

15   Amendment claim should be dismissed without leave to amend.

16

17       **2.    No Court Has Recognized A Second Amendment Right To**

18       **Carry A Firearm On Government-Owned Property.**

19       Even indulging plaintiff's unsupported assumption that the Second

20   Amendment protects a right to openly carry a firearm in public, no court has found a

21   right to do so on government-owned or government-leased property.  Here, Redondo

22   Beach simply prohibits possession of firearms in a "park," defined as "publicly

23   owned" or "publicly leased" property maintained by the City for recreational use or

24   enjoyment.  (SAC at p. 14, lines 21-23).  The City does not regulate firearms

25   possession on any private property, including residential property.

26       *Heller* and *McDonald* strongly suggest that no right exists to carry a firearm

27   on government property.  *Heller* involved possessing handguns in the home, and the

28   Supreme Court's holding was limited to that scenario:  "In *Heller*, we held that the

-8-

1   Second Amendment protects the right to possess a handgun in the home for the

2   purpose of self-defense." *McDonald*, 130 S. Ct. at 3050. "[T]he right secured by the

3   Second Amendment is not unlimited." *Heller*, 554 U.S. at 626. It is "not a right to

4   keep and carry any weapon whatsoever in any manner whatsoever and for whatever

5   purpose." *Ibid.* Furthermore, many laws prohibiting the carrying of firearms in

6   sensitive public places such as schools and government buildings are presumptively

7   lawful. *Heller*, 554 U.S. at 626-27 & n. 26. The Ninth Circuit has expressly

8   recognized that these limitations on the right are central to the holding in *Heller*. *See*

9   *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (*Heller's* discussion

10  of limitations on the right was not dicta. "Courts often limit the scope of their

11  holdings, and such limitations are integral to those holdings.")

12      The limitations on the Second Amendment right are irreconcilable with

13  plaintiff's theory that the Second Amendment protects a right to openly carry a

14  firearm on government-owned property maintained for recreational use. There is no

15  such right and this Court should decline to be the first in the nation to establish such

16  a right. *See Masciandaro*, 638 F.3d 475 (Fourth Circuit declined to decide whether

17  Second Amendment right extended outside of home to a private car parked in the

18  recreational area of a park managed by the National Park Service). The Second

19  Amendment claim should be dismissed without leave to amend.

20

21          **3.     No Court Has Recognized A Second Amendment Right To**

22                  **Carry A Firearm For Purposes Of Political Protest.**

23      Plaintiff's Second Amendment claim would fail even if this Court decided that

24  the Second Amendment protects a right to openly carry a firearm on government

25  property. The reason: The Second Amendment protects a right to possess a firearm

26  for purposes of <u>self-defense</u>. Plaintiff, however, wishes to possess his firearms in

27  Redondo Beach's parks to protest the City's ban on firearms in the parks:

28  ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

■ "PLAINTIFF submits that his person and property were unlawfully seized and searched against his will and that PLAINTIFF was unlawfully arrested and/or detained against his will while engaged in peaceful protest and openly carrying an unloaded firearm as part of his protest and as the only means then not prohibited by state law to defend PLAINTIFF with a firearm in public."  (SAC at p. 20, lines 7-12).

■ Paragraph 49 of the SAC sets forth all of the public locations plaintiff plans to carry firearms every month to protest State and local regulation of firearms.

■ The City allegedly violated plaintiff's constitutional rights when it "deprived PLAINTIFF of his right to peaceful protest and assembly under the First Amendment, his right to openly carry a firearm under the Second Amendment . . ."  (SAC at p. 31, lines 13-15; p. 35, lines 7-9).

*Heller* and *McDonald* both make clear that the Second Amendment protects a right to possess a firearm (assuming for the sake of argument outside the home) for the purpose of <u>self-defense</u>.  "[T]he inherent right of self-defense has been central to the Second Amendment right."  *Heller*, 554 U.S. at 628.  Thus, *Heller* invalidated an "absolute prohibition of handguns held and used for self-defense in the home."  *Id.* at p. 636.  Two years after *Heller*, the Supreme Court restated its holding:  "In *Heller*, we held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self defense."  *McDonald*, 130 S. Ct. at 3050.  The Second Amendment does not protect a right to possess a firearm "for whatever purpose."  *Heller*, 554 U.S. at 626.

Plaintiff asks this Court to expand radically the scope of the Second Amendment, and to find that it protects openly carrying a firearm on government property, ironically for the purpose of protesting a ban on carrying!  At the very least, ///

R6900-1031\1545670v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  such a ruling would be at tension with *Heller* and *McDonald*, and not to mention far

2  beyond any interpretation of the Second Amendment adopted by a federal court.

3      To be sure, the SAC mentions "self-defense" in passing when it alleges that

4  openly carrying an unloaded firearm is the only lawful means to defend oneself in

5  public (*see* SAC at p. 20, lines 10-12), and that plaintiff will openly carry a firearm in

6  case he is "confronted by aggressors" because "it is impossible to know when such

7  occasions will arise."  (SAC at p. 23, lines 8-10).

8      But these allegations presume a Second Amendment right that does not exist –

9  a right openly to carry a firearm in public because of the *possibility*, without any

10  factual basis, that the firearm *might* be needed.  No court has adopted such an

11  interpretation and, in fact, the Second Circuit recently rejected it in *Kachalsky v.*

12  *County of Westchester*, 701 F.3d 81 (2d Cir. 2012), *cert. denied sub nom. Kachalsky*

13  *v. Cacace* (April 15, 2013, U.S. Supreme Court Docket No. 12-845)[1] (*Kachalsky*).

14  The court held that a New York state law requiring an applicant to show "proper

15  cause" to obtain a concealed handgun license does not violate the Second

16  Amendment.  *Id.* at 83-84.  An applicant must demonstrate a special need for self-

17  defense, distinguishable from the need of the general public, to obtain a license.  *Id* at

18  86.  The Court found that the Second Amendment does not require that persons be

19  permitted to carry a handgun because they *desire* to carry one for self-defense, the

20  need for which may arise at any moment.  *Id.* at 99-100.  "[T]here is no right to

21  engage in self-defense with a firearm until the objective circumstances justify the use

22  of deadly force."  *Id.* at 100.

23      Carrying a firearm for purposes of protesting government policies, as plaintiff

24  alleges here, is far different than carrying a firearm because of alleged specific

---

[1] As the U.S. Supreme Court denied certiorari on the day this brief was filed, neither Lexis nor Westlaw had provided a citation to the Supreme Court's Order at the time of filing.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  circumstances justifying the use of deadly force in self-defense.  Without the need to

2  carry a firearm for the purpose of self-defense, the Second Amendment simply is not

3  implicated.[2]

4      For all of the above reasons, plaintiff fails to state an as-applied Second

5  Amendment claim.

6      Plaintiff also fails to state a facial Second Amendment claim.  "A facial

7  challenge to a legislative Act is, of course, the most difficult challenge to mount

8  successfully, since the challenger must establish that no set of circumstances exists

9  under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745,

10  107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987).  There are numerous circumstances under

11  which Redondo Beach could validly apply its prohibition on firearms in a park,

12  including the circumstances alleged in the SAC, or in cases where, for example, a

13  person wishes to carry a dangerous weapon for some purpose other than self-defense.

14  Plaintiff cannot establish that there is no set of circumstances under which the City's

15  regulation would be valid under the Second Amendment.  The facial challenge fails

16  as a matter of law.  Plaintiff's Second Amendment claim should be dismissed

17  without leave to amend, and with prejudice.

18

19  **B.**    **<u>Plaintiff Fails To State A Claim That The City Violated The Fourth</u>**

20      **<u>Amendment</u>**.

21      Plaintiff's Fourth Amendment claim rises and falls with his Second

22  Amendment claim.  He alleges a violation of the Fourth Amendment on the basis that

23  _____

24  [2] Plaintiff's new allegation that he was on the "beach" instead of in a "park" (*see*
SAC at p. 20, lines 12-15) does not change the analysis here.  Although the City's

25  firearms ordinance applies to parks, and the definition of "park" excludes the
"beach," the City also is criminally prosecuting plaintiff under Penal Code Section

26  25850 (*see* SAC ¶¶ 15, 50), which applies to both locations.  Thus, the Second
Amendment analysis is the same whether proceeding against plaintiff under Section

27  25850 for conduct on the "beach" or in a "park," or under Section 4-35.20 of the
City's Municipal Code for conduct in a "park."

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  his gun was unconstitutionally seized because he enjoys a Second Amendment right

2  to carry it on public property. (SAC at ¶ 45). If Plaintiff has no Second Amendment

3  right to openly carry a gun on government property for purposes of a political

4  protest, it follows that the mere act of seizing his gun could not itself have been

5  unconstitutional. The Court therefore should dismiss the Fourth Amendment claim

6  without leave to amend, and with prejudice.

7

8  **C.   Plaintiff Fails To State A Claim That The City Violated The Equal**

9  **Protection Clause Of The Fourteenth Amendment.**

10  Plaintiff drops a single reference to "equal protection" in paragraph 82 of the

11  SAC, but he fails to allege any facts sufficient to support an Equal Protection claim

12  under the Fourteenth Amendment.[3] The first step in an Equal Protection analysis is

13  identifying how the regulation under review classifies groups of people. Plaintiffs

14  must establish at the outset "that the law is applied in a discriminatory manner or

15  imposes different burdens on different classes of people." *Freeman v. City of Santa*

16  *Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (*Freeman*). The classification of groups is

17  not actionable on an Equal Protection theory, however, unless the group to which

18  plaintiffs belong is similarly situated to the group to which plaintiffs compare

19  themselves. "Once the plaintiff establishes governmental classification, it is

20  necessary to identify a 'similarly situated' class against which the plaintiff's class

21  can be compared." *Freeman*, 68 F.3d at 1187, citing *Attorney General v. Irish*

22  *People, Inc.*, 684 F.2d 928, 946 (D.C.Cir. 1982) ("Discrimination cannot exist in a

23  vacuum; it can be found only in the unequal treatment of people in similar

24  circumstances").

25  ———————————

26  [3] Immediately after alleging that the First, Second and Fourth Amendments apply to
the States and to local governments, the SAC refers to the Due Process Clause of the
27  Fourteenth Amendment. *See* SAC at ¶¶ 71, 81. Redondo Beach takes this as an
allegation that those amendments are incorporated as against the States and their
28  local governments through the Due Process Clause.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    Plaintiff fails to allege that Redondo Beach's firearms regulation was applied

2  in a discriminatory manner, or that it imposes different burdens on different classes

3  of people.  Plaintiff has failed to allege any government classification or any

4  similarly situated class that may be compared to the class to which Plaintiff contends

5  he belongs.  Plaintiff has failed to allege he has been treated differently than any

6  similarly situated group.  To the extent Plaintiff attempts to allege an Equal

7  Protection claim, it should be dismissed without leave to amend, and with prejudice.

8

9    **D.    Plaintiff Fails To State A Claim That The City Violated the First**

10        **Amendment.**

11    Plaintiff alleges that the "First Amendment guarantees the right to engage in

12  peaceful protest with an unloaded firearm."  (SAC, p. 35, lines 2-4).  According to

13  plaintiff, the City deprived plaintiff of that right when he "was unlawfully arrested

14  and/or detained against his will while engaged in peaceful protest and openly

15  carrying an unloaded firearm as part of his protest . . ."  (SAC, p. 20, lines 8-10).

16    As a preliminary matter, plaintiff's First Amendment claim does not involve

17  suppression of, or prosecution based upon, the *spoken* word.  Instead, the claim

18  revolves around the *act* of openly carrying an unloaded firearm in protest of the

19  City's prohibition on carrying firearms on government property.

20    Plaintiff appears to be attempting to state a First Amendment claim on the

21  theory that he is engaging in protected expressive conduct by carrying an unloaded

22  firearm during his protest.  As the City now explains, plaintiff has not stated, and

23  cannot state such a claim, whether it is construed as a facial claim or an as applied

24  claim.

25    The Supreme Court has observed that the "First Amendment literally forbids

26  the abridgement only of 'speech,' but we have long recognized that its protection

27  does not end at the spoken or written word."  *Texas v. Johnson*, 491 U.S. 397, 404,

28  109 S. Ct. 2533, 105 L. Ed. 2d 342 (1989).  At the same time, the Court has "rejected

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    'the view that an apparently limitless variety of conduct can be labeled "speech"

2    whenever the person engaging in the conduct intends thereby to express an idea.'

3    [citation.]" *Ibid.*  Nevertheless, the Court has "acknowledged that conduct may be

4    'sufficiently imbued with elements of communication to fall within the scope of the

5    First and Fourteenth Amendments,' [citation.]" *Ibid.*

6         In evaluating a claim of expressive conduct, this court asks whether "[a]n

7    intent to convey a particularized message [is] present, and [whether] the likelihood

8    [is] great that the message would be understood by those who viewed it." *Spence v.*

9    *Washington*, 418 U.S. 405, 410-11, 94 S. Ct. 2727, 41 L. Ed. 2d 842 (1974).  This

10   question, however, "is best suited to an as applied challenge to the [regulation.]"

11   *Nordyke v. King*, 319 F.3d 1185, 1189 (9th Cir. 2003) (*Nordyke*).

12         In multiple opinions issued in *Nordyke*, the Ninth Circuit rejected both facial

13   and as applied First Amendment claims challenging Alameda County's ordinance

14   banning the possession of firearms on government-owned property. [4]  In rejecting the

15   _____

16   [4] The City provides here a brief explanation of *Nordyke's* complex procedural history
     to assist the Court as it reviews the various Ninth Circuit *Nordyke* decisions cited.
17   The Nordykes originally challenged the **facial** validity of Alameda County's
     ordinance on First Amendment and Second Amendment grounds.  After certifying a
18   question of state law preemption (*see Nordyke v. King*, 229 F.3d 1266, 1267 (9th Cir.
     2000), to the California Supreme Court, which upheld the ordinance under state law
19   (*see* 44 P.3d 133 (Cal. 2002), the Ninth Circuit rejected the facial constitutional
     challenges.  *See Nordyke v. King*, 319 F.3d 1185, 1191-92 (9th Cir. 2003), cited in
20   text above.  On remand, the Nordykes asserted **as applied** First Amendment and
     Second Amendment challenges, among other claims.  A Ninth Circuit panel rejected
21   those claims.  *See Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009).  The panel opinion
     was subsequently vacated by a sua sponte call for en banc review.  *See Nordyke v.*
22   *King*, 575 F.3d 890 (9th Cir. 2009).  After oral argument, the en banc court remanded
     the case to the panel (*see Nordyke v. King*, 611 F.3d 1015 (9th Cir. 2010)) for further
23   consideration in light of *McDonald*.  After re-argument, the panel again rejected the
     as applied First Amendment and Second Amendment claims.  *See Nordyke v. King*,
24   644 F.3d 776 (9th Cir. 2011).  That panel opinion was vacated when the Ninth
     Circuit voted to rehear the case en banc a second time.  *See Nordyke v. King*, 664
25   F.3d 774 (9th Cir. 2011).  In the final ruling from the Ninth Circuit, the en banc court
     ruled in the County's favor and rejected the as applied First Amendment and Second
26   Amendment claims.  *See Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012) (en banc).
     The Nordykes did not seek Supreme Court review of this decision (although they
27   unsuccessfully sought review of a post-judgment Order).  The City here explains
     below why *Nordyke* compels dismissal of plaintiff's First Amendment claim.  With

28                                                                              (Continued...)

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   facial claim, the court concluded "that a gun itself is not speech." *Nordyke*, 319 F.3d

2   at 1189.  "Someone has to do something with the [gun] before it can be speech."

3   *Ibid.*  The County's ordinance applied "broadly to ban the possession of all guns for

4   whatever reason on County property," and did not have the effect "'of singling out

5   those engaged in expressive activity.' [citation.]"  *Nordyke*, 319 F.3d at 1190.  The

6   facial claim "[did] not involve a statute 'directed narrowly and specifically at

7   expression or conduct commonly associate with expression,'" and therefore the facial

8   claim failed.  *Ibid.* (citation omitted).

9       The same analysis applies here.  Redondo Beach bans the use or carrying of

10  any firearm on publicly-owned or publicly-leased property provided for recreational

11  enjoyment.  (*See* SAC at p. 14, lines 20-22; p. 15, lines 10-13 (quoting Municipal

12  Code)).  The City's regulations are not directed toward expression or toward conduct

13  commonly associated with expression.  Nor on their face do they single out persons

14  engaged in expressive activity.  Accordingly, under *Nordyke*, any facial First

15  Amendment claim alleged by plaintiff must fail, and must be dismissed without leave

16  to amend, and with prejudice.

17      To the extent plaintiff attempts to state an as applied First Amendment claim,

18  that claim also fails.  In the final opinion in *Nordyke*, an en banc panel of the Ninth

19  Circuit affirmed the judgment in favor of Alameda County on the Nordykes' as

20  applied First Amendment claim.  *Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir.

21  2012) (en banc).  The en banc court did so "for the reasons given by the three-judge

22  panel."  *Ibid.*

23      The three-judge panel observed that the First Amendment protects expressive

24  conduct, and it assumed, without deciding, that possession of a gun at a gun show is

25

26  (...Continued)

27   respect to the Second Amendment, the *Nordyke* en banc court decided the case on
    very narrow grounds specific to the case.

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

expressive conduct. *Nordyke v. King*, 644 F.3d 776, 791 (9th Cir. 2011), *vacated by grant of rehearing en banc*, 664 F.3d 774 (9th Cir. 2011).[5]  Here, plaintiff's SAC does not even allege that he carries firearms in the City's park for purposes of expressive conduct.  But, if given the opportunity to amend his complaint yet again, the City has no doubt that plaintiff will invent some message that he intends to express by carrying weapons on government property.  To avoid an unnecessary fourth round of motions at the pleading stage, the City will assume, only for purposes of argument here, that plaintiff intends to convey some, unidentified message.  Even under that assumption, as the City now shows, plaintiff cannot state an as applied First Amendment claim based on expressive conduct.

The analytical framework for evaluating an as applied expressive conduct claim "depends upon whether the Ordinance is 'related to the suppression of free expression.' [citation.]" *Nordyke*, 644 F.3d at 792.  If the regulation is not related to the suppression of free expression, the court evaluates it under the somewhat deferential standard announced in *United States v. O'Brien*, 391 U.S. 367, 377, 88 S. Ct. 1673, 20 L. Ed. 2d 672 (1968) (*O'Brien*).  *Nordyke*, 644 F.3d at 791.  The *Nordyke* court found that Alameda County's ordinance banning the possession of firearms on County-owned property was entirely unrelated to the suppression of free expression because nothing in the Ordinance's language even suggested as much; instead, the Ordinance suggested that recent gun violence motivated its adoption.  *Id.* at 792.

Similarly, nothing in section 4-35.20 of the Municipal Code hints at the suppression of free expression.  The regulation is simply a public safety measure.  It

---

[5] Paragraph (3) of the Circuit Advisory Committee Note to Ninth Circuit Rules 35-1 to 35-3 provides that a three-judge panel opinion, vacated by an order granting rehearing en banc, nevertheless may be cited as precedent "to the extent adopted by the en banc court."  As noted above, the *Nordyke* en banc court adopted the three-judge panel's analysis with respect to the First Amendment claim.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   prohibits using, carrying, firing or discharging firearms, or other devices capable of

2   shooting projectiles, in the broad range of public spaces included within the

3   definition of "park."  It also prohibits "any other form of weapon" in those spaces.

4   The City obviously seeks to avoid introducing dangerous devices into places where

5   large numbers of people gather for recreational purposes.  The City's regulation is

6   not related to the suppression of free expression.

7          A regulation unrelated to the suppression of free expression will be upheld

8   under *O'Brien*

9          "[1] if it is within the constitutional power of the Government; [2] if it

10         furthers an important or substantial governmental interest; [3] if the

11         governmental interest is unrelated to the suppression of free expression;

12         and [4] if the incidental restriction on alleged First Amendment

13         freedoms is no greater than is essential to the furtherance of that

14         interest."

15  *O'Brien*, 391 U.S. at 377.  Redondo Beach satisfies each of these four factors.

16         First, banning firearms on government-owned property is within the City's

17  constitutional police power.  Article XI, section 7 of the California Constitution

18  provides:  "A county or city may make and enforce within its limits all local, police,

19  sanitary, and other ordinances and regulations not in conflict with general laws."

20  Cal. Const. Art. XI, § 7.  In *Nordyke v. King*, 44 P.3d 133, 137 (Cal. 2002), the

21  California Supreme Court held that Alameda County's ordinance banning firearms

22  on County-owned property was within the scope of the County's constitutional

23  authority.  The Ninth Circuit panel relied upon this holding to find that the County

24  satisfied the first *O'Brien* factor.  *See Nordyke v. King,* 664 F.3d 776, 793 (9th Cir.

25  2011).  It follows that Redondo Beach's prohibition on carrying firearms in public

26  spaces, within the definition of "park," is a valid exercise of its constitutional police

27  power.

28  ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  Second, Redondo Beach's prohibition furthers the important interest of
2  protecting public safety, just as the Ninth Circuit panel found that Alameda County's
3  ordinance furthered the same interest. *See Nordyke*, 664 F.3d at 793.

4  Third, as explained above, the City's prohibition is unrelated to the
5  suppression of free expression.

6  Fourth, the restriction on free expression is no greater than necessary to further
7  Redondo Beach's interest in public safety. Plaintiff and others are free to visit public
8  spaces throughout the City and say anything they like about firearms and regulations
9  of firearms. What they cannot do is carry a gun into those public spaces specified in
10  the definition of "park." The Ninth Circuit found that Alameda County's prohibition
11  was no greater than necessary to further its interest in public safety because
12  "[b]anning or strictly regulating gun possession on county land is a straightforward
13  response" to the dangers posed by firearms on public property. *Nordyke*, 664 F.3d at
14  794. The same holds true for Redondo Beach's ordinance.

15  The City's ordinance, as applied to plaintiff, satisfies all four factors of the
16  *O'Brien* test. To the extent plaintiff attempts to allege an as applied First
17  Amendment challenge, his claim must be dismissed without leave to amend, and
18  with prejudice.

19

20  **V.  EVEN IF PLAINTIFF HAS STANDING AND HAS ADEQUATELY**
21  **STATED ANY CONSTITUTIONAL CLAIM, THE *YOUNGER***
22  **ABSTENTION DOCTRINE FORECLOSES PLAINTIFF'S SECOND**
23  **AND THIRD CLAIMS.**

24

25  **A.  The Court Should Abstain From Hearing Plaintiff's Second Claim**
26  **For Damages Until The State Criminal Proceedings Have**
27  **Concluded.**

28  The Magistrate Judge's Report explains in detail that the facts and

-19-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  circumstances here satisfy all four factors requiring abstention under *Younger v.*
2  *Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (*Younger*).  See Report
3  at pp. 13-22.  Nothing in the SAC changes that analysis.  First, the state court
4  criminal prosecution of plaintiff continues.  (*See* SAC at p. 16, lines 25-26; p. 20,
5  lines 27-28; p. 24, lines 5-7).  The state proceeding is pending for purposes of
6  *Younger* abstention until plaintiff exhausts his state appellate remedies.  *Dubinka v.*
7  *Judges of Superior Court etc.*, 23 F.3d 218, 223 (9th Cir. 1994).  As also required for
8  *Younger* abstention, and as previously found by the Court (Magistrate Judge's Report
9  at pp. 17-20), the state proceeding still implicates important state interests in
10 enforcing criminal laws; plaintiff may still raise his federal constitutional defenses in
11 the state proceeding; and the relief requested by plaintiff in this Court would have the
12 practical effect of interfering with the ongoing state proceeding.  *See San Jose*
13 *Silicon Valley Chamber of Commerce Political Action Comm v. City of San Jose*, 546
14 F.3d 1087, 1092 (9th Cir. 2008).

15       The Second Claim in the SAC seeks damages against the City just as the
16 Second Claim in the FAC did.  The Court previously found that *Younger* abstention
17 would have applied to plaintiff's damages claim even if plaintiff had stated a claim
18 for damages against the City.  See Magistrate Judge's Report at pp. 21, 32 and n. 5.
19 But because it was not clear whether plaintiff could state a claim for damages against
20 the City, the Court expressly declined to take any action with respect to *Younger*
21 abstention.

22       Plaintiff still has not stated a claim for damages against the City in the SAC
23 because (1) plaintiff lacks standing as explained above; and (2) plaintiff cannot
24 establish liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018,
25 56 L. Ed. 2d 611 (1978) (*Monell*), despite his new allegations of a City policy or
26 custom (see SAC at ¶ 72).  For reasons discussed above, plaintiff fails to state a
27 claim that he suffered any constitutional violation.  Without a constitutional
28 violation, there is no actionable City policy or custom.  *See Monell*, 436 U.S. at 694-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  95 (municipality liable if policy or custom is the "moving force" behind a
2  constitutional violation).

3      Nevertheless, even if the Court finds that plaintiff has stated a damages claim
4  against the City, the time has come to apply *Younger* abstention and stay the Second
5  Claim until the state court criminal proceedings are concluded. *See Gilbertson v.*
6  *Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc) (under *Younger*, a court should
7  stay, not dismiss, a damages claim until completion of state proceedings).

8

9      **B.   Under *Younger*, The Court Should Dismiss Plaintiff's Third Claim**
10         **Without Leave To Amend.**

11     The Third Claim in the SAC seeks the same relief as plaintiff sought in his
12  First Claim in the FAC – invalidation of Sections 4-35.01 and 4-35.20.  The Court
13  dismissed the First Claim in the FAC, without leave to amend, on *Younger* abstention
14  grounds.  (*See* Order Accepting Findings, Conclusions and Recommendations of
15  United States Magistrate Judge, p. 8 [Doc. 82]).

16     The Court should similarly dismiss the Third Claim in the SAC on *Younger*
17  abstention grounds.  *Younger* still applies for the reasons discussed above.  Also, the
18  Third Claim here, like the First Claim in the FAC, is based on alleged violations of
19  the Second and Fourth Amendments to the United States Constitution, as
20  incorporated by the Fourteenth Amendment.  Plaintiff may raise those defenses in the
21  ongoing state criminal proceeding.

22     The Third Claim is different from the First Claim in the FAC, but only in one
23  insignificant respect that has no bearing on the *Younger* analysis.  The Third Claim
24  challenges the City's ordinance also on First Amendment grounds.  But plaintiff is
25  free to raise his First Amendment challenge as a defense to the state criminal charges
26  just as he may raise the alleged Second and Fourth Amendment violations as part of
27  his defense.

28  ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   It is still unclear whether plaintiff is attempting to assert a state law claim with

2  respect to Section 4-35.20.  To the extent he is, and as discussed in the Magistrate

3  Judge's Report (at pp. 21-22), pendent jurisdiction is not appropriate once the Court

4  abstains from exercising jurisdiction over the federal claims against the City.

5   For these reasons, the Third Claim in the SAC, including any purported

6  pending state law claim, should be dismissed without leave to amend on *Younger*

7  abstention grounds.

8   Finally, plaintiff attempts to defeat *Younger* abstention by asserting that when

9  he carried a firearm on May 21, 2012 and was arrested for doing so, he was not in a

10  "park" as defined by the City, but was really on the "beach" instead.  SAC at p. 20,

11  lines 12-15.  The City's definition of "park" excludes the "beach" as defined in the

12  City's Municipal Code.  SAC at p. 15, lines 1-2.  Thus, according to plaintiff, he

13  cannot be prosecuted for violating the City's prohibition on carrying firearms in a

14  park.  This is insufficient to defeat *Younger* abstention because plaintiff has the

15  opportunity to assert this defense in the pending state criminal case.

16

17  **VI.    THE SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH**

18  **RULE 10(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

19   If the Court does not grant this motion without leave to amend, the Court

20  should order a more definite statement as to the conflated Second and Third Claims.

21   Rule 10(b) of the Federal Rules of Civil Procedure requires that each claim

22  founded on a separate transaction or occurrence must be stated in a separate count if

23  doing so would promote clarity. Where several separate causes of action are

24  combined together, a motion for a more definite statement may be filed to seek an

25  amended pleading with separate counts under Rule 10(b), particularly where the

26  failure to do so prevents defendant from preparing an adequate response. *Anderson*

27  *v. District Bd. of Trustees of Central Florida Comm. College*, 77 F. 3d 364, 366

28  (11th Cir. 1996).

-22-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT, OR, IN THE ALTERNATIVE, IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT
R6900-1031\1545670v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    Here, plaintiff lumps multiple claims under a single claim for relief in both the
2  Second and Third Claims.  Redondo Beach requests that the Court require plaintiff to
3  plead distinct claims for relief with proper factual allegations supporting each claim.
4  As currently configured, the Second Amended Complaint prevents Redondo Beach
5  from responding because the claims are thrown together in each of two claims for
6  relief incorporating all preceding allegations.

7

8  **VII.   CONCLUSION**

9    Plaintiff lacks standing to bring the Second and Third Claims in the Second
10  Amended Complaint.  He also fails to state claims for which relief can be granted
11  with respect to his First, Second, Fourth, and Fourteenth Amendment claims.  For
12  each of these reasons, the Court should dismiss the Second and Third Claims without
13  leave to amend, and with prejudice.

14    Alternatively, under *Younger*, the Court should dismiss the Third Claim
15  without leave to amend, and should stay proceedings on the Second Claim until the
16  state criminal proceedings reach final judgment.

17

18  Dated:  April 15, 2013

RICHARDS, WATSON & GERSHON
  A Professional Corporation
T. PETER PIERCE
LISA BOND

By: _____

T. PETER PIERCE
Attorneys for Defendant
CITY OF REDONDO BEACH

_RICHARDS | WATSON | GERSHON_
_ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION_

-23-

1

## PROOF OF SERVICE

2

3          I, Clotilde Bigornia, declare:

4          I am a resident of the state of California and over the age of eighteen years and
not a party to the within action.  My business address is 355 South Grand Avenue,
5    40th Floor, Los Angeles, California 90071-3101.  On April 15, 2013, I served the
within document(s) described as:

6

7    **MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT CITY OF REDONDO BEACH'S
MOTION TO DISMISS THE SECOND AND THIRD CLAIMS IN
8    THE SECOND AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE
9    STATEMENT**

10   on the interested parties in this action as stated below:

11
     Charles Nichols
12   P.O. Box 1302
     Redondo Beach, CA 90278
13   Tel:   (424) 634-7381

14   Jonathan Michael Eisenberg
     Office of the California Attorney General
15   Government Law Section
     300 South Spring Street, Suite 1702
16   Los Angeles, CA 90013
     Tel:   (213) 897-6505
17   Fax:   (213) 897-1071
     Email:      ionathan.eisenberg@doi.ca.gov

18   [ X ]   (BY MAIL)  By placing the document(s) listed above in a sealed envelope
19          with postage thereon fully prepaid, in the United States mail at Los Angeles,
            California, addressed as set forth above.  I am readily familiar with the firm's
20          practice for collection and processing correspondence for mailing with the
            United States Postal Service.  Under that practice, it would be deposited with
21          the U.S. Postal Service on that same day with postage thereon fully prepaid in
            the ordinary course of business.  I am aware that on motion of the party
22          served, service is presumed invalid if postal cancellation date or postage meter
            date is more than one day after date of deposit for mailing contained in this
23          affidavit.

24          I certify that I am employed in the office of a member of the bar of this Court
     at whose direction the service was made.

25
            Executed on April 15, 2013, at Los Angeles, California.
26
            I declare under penalty of perjury that the foregoing is true and correct.
27

28                                          _____
                                                 Clotilde Bigornia

R6900-1031\1549017v1.doc