# EXHIBIT A

*California*
LEGISLATIVE INFORMATION

AB-144 Firearms. (2011-2012)

Assembly Bill No. 144

CHAPTER 725

**An act to amend Sections 7574.14 and 7582.2 of the Business and Professions Code, and to amend Sections 16520, 16750, 16850, 25595, and 25605 of, to add Sections 626.92, 16950, 17040, 17295, 17512, and 25590 to, and to add Chapter 6 (commencing with Section 26350) to Division 5 of Title 4 of Part 6 of, the Penal Code, relating to firearms.**

[ Approved by Governor  October 09, 2011. Filed Secretary of State  October 09, 2011. ]

LEGISLATIVE COUNSEL'S DIGEST

AB 144, Portantino. Firearms.

Existing law, subject to certain exceptions, makes it an offense to carry a concealed handgun on the person or in a vehicle, as specified. Existing law provides that firearms carried openly in belt holsters are not concealed within the meaning of those provisions.

This bill would establish an exemption to the offense for transportation of a firearm between certain areas where the firearm may be carried concealed, or loaded, or openly carried unloaded, as specified.

Existing law prohibits, with exceptions, a person from possessing a firearm in a place that the person knows or reasonably should know is a school zone, as defined.

This bill would additionally exempt a security guard authorized to openly carry an unloaded handgun and an honorably retired peace officer authorized to openly carry an unloaded handgun from that prohibition.

Existing law, subject to certain exceptions, makes it an offense to carry a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

The bill would, subject to exceptions, make it a misdemeanor to openly carry an unloaded handgun on the person or openly and exposed in a motor vehicle in specified public areas and would make it a misdemeanor with specified penalties to openly carry an exposed handgun in a public place or public street, as specified, if the person at the same time possesses ammunition capable of being discharged from the handgun, and the person is not in lawful possession of the handgun, as specified.

Existing law makes it a misdemeanor for any driver or owner of a motor vehicle to allow a person to bring a loaded firearm into the motor vehicle in a public place, as specified.

This bill would expand the scope of that crime to include allowing a person to bring an open and exposed unloaded handgun into the vehicle, as specified.

By creating a new offense, and expanding the scope of existing crimes, this bill would impose a state-mandated local program.

AG0003

The bill would make conforming and nonsubstantive technical changes.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

Vote: majority   Appropriation: no   Fiscal Committee: yes   Local Program: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 7574.14 of the Business and Professions Code is amended to read:

**7574.14.** This chapter shall not apply to the following:

(a) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(b) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(c) A charitable philanthropic society or association incorporated under the laws of this state that is organized and duly maintained for the public good and not for private profit.

(d) Patrol special police officers appointed by the police commission of any city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(e) An attorney at law in performing his or her duties as an attorney at law.

(f) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(g) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(h) Any bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(i) A person engaged solely in the business of securing information about persons or property from public records.

(j) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt such a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(k) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training

AG0004

requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Sections 25450 to 25475, inclusive, of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(l) A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(m) Any savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(n) Any secured creditor engaged in the repossession of the creditor's collateral and any lessor engaged in the repossession of leased property in which it claims an interest.

(o) A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(p) An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses any deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(q) An armored contract carrier operating armored vehicles pursuant to the authority of the Department of the California Highway Patrol or the Public Utilities Commission, or an armored vehicle guard employed by an armored contract carrier.

SEC. 2. Section 7582.2 of the Business and Professions Code is amended to read:

7582.2. This chapter does not apply to the following:

(a) A person who does not meet the requirements to be a proprietary private security officer, as defined in Section 7574.1, and is employed exclusively and regularly by any employer who does not provide contract security services for other entities or persons, in connection with the affairs of the employer only and where there exists an employer-employee relationship if that person at no time carries or uses any deadly weapon in the performance of his or her duties. For purposes of this subdivision, "deadly weapon" is defined to include any instrument or weapon of the kind commonly known as a blackjack, slingshot, billy, sandclub, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club.

(b) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(c) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

AG0005

(d) A charitable philanthropic society or association duly incorporated under the laws of this state that is organized and maintained for the public good and not for private profit.

(e) Patrol special police officers appointed by the police commission of any city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(f) An attorney at law in performing his or her duties as an attorney at law.

(g) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(h) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(i) Any bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(j) A person engaged solely in the business of securing information about persons or property from public records.

(k) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(l) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6 of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(m) A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(n) Any savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(o) Any secured creditor engaged in the repossession of the creditor's collateral and any lessor engaged in the repossession of leased property in which it claims an interest.

(p) A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(q) An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person

AG0006

at no time carries or uses any deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(r) The changes made to this section by the act adding this subdivision during the 2005–06 Regular Session of the Legislature shall apply as follows:

(1) On and after July 1, 2006, to a person hired as a security officer on and after January 1, 2006.

(2) On and after January 1, 2007, to a person hired as a security officer before January 1, 2006.

**SEC. 3.** Section 626.92 is added to the Penal Code, to read:

**626.92.** Section 626.9 does not apply to or affect any of the following:

(a) A security guard authorized to openly carry an unloaded handgun pursuant to Chapter 6 (commencing with Section 26350) of Division 5 of Title 4 of Part 6.

(b) An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to Section 26361.

**SEC. 4.** Section 16520 of the Penal Code is amended to read:

**16520.** (a) As used in this part, "firearm" means any device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of any explosion or other form of combustion.

(b) As used in the following provisions, "firearm" includes the frame or receiver of the weapon:

(1) Section 16550.

(2) Section 16730.

(3) Section 16960.

(4) Section 16990.

(5) Section 17070.

(6) Section 17310.

(7) Sections 26500 to 26588, inclusive.

(8) Sections 26600 to 27140, inclusive.

(9) Sections 27400 to 28000, inclusive.

(10) Section 28100.

(11) Sections 28400 to 28415, inclusive.

(12) Sections 29010 to 29150, inclusive.

(13) Sections 29610 to 29750, inclusive.

(14) Sections 29800 to 29905, inclusive.

(15) Sections 30150 to 30165, inclusive.

(16) Section 31615.

AG0007

(17) Sections 31705 to 31830, inclusive.

(18) Sections 34355 to 34370, inclusive.

(19) Sections 8100, 8101, and 8103 of the Welfare and Institutions Code.

(c) As used in the following provisions, "firearm" also includes any rocket, rocket propelled projectile launcher, or similar device containing any explosive or incendiary material whether or not the device is designed for emergency or distress signaling purposes:

(1) Section 16750.

(2) Subdivision (b) of Section 16840.

(3) Section 25400.

(4) Sections 25850 to 26025, inclusive.

(5) Subdivisions (a), (b), and (c) of Section 26030.

(6) Sections 26035 to 26055, inclusive.

(d) As used in the following provisions, "firearm" does not include an unloaded antique firearm:

(1) Subdivisions (a) and (c) of Section 16730.

(2) Section 16550.

(3) Section 16960.

(4) Section 17310.

(5) Chapter 6 (commencing with Section 26350) of Division 5 of Title 4.

(6) Sections 26500 to 26588, inclusive.

(7) Sections 26700 to 26915, inclusive.

(8) Section 27510.

(9) Section 27530.

(10) Section 27540.

(11) Section 27545.

(12) Sections 27555 to 27570, inclusive.

(13) Sections 29010 to 29150, inclusive.

(e) As used in Sections 34005 and 34010, "firearm" does not include a destructive device.

(f) As used in Sections 17280 and 24680, "firearm" has the same meaning as in Section 922 of Title 18 of the United States Code.

(g) As used in Sections 29010 to 29150, inclusive, "firearm" includes the unfinished frame or receiver of a weapon that can be readily converted to the functional condition of a finished frame or receiver.

**SEC. 5.** Section 16750 of the Penal Code is amended to read:

16750. (a) As used in Section 25400, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(b) As used in Article 2 (commencing with Section 25850), Article 3 (commencing with Section 25900), and Article 4 (commencing with Section 26000) or Chapter 3 of Division 5 of Title 4, in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

**SEC. 6.** Section 16850 of the Penal Code is amended to read:

16850. As used in Sections 17740, 23925, 25105, 25205, and 25610, in Article 3 (commencing with Section 25505) of Chapter 2 of Division 5 of Title 4, and in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "locked container" means a secure container that is fully enclosed and locked by a padlock, keylock, combination lock, or similar locking device. The term "locked container" does not include the utility or glove compartment of a motor vehicle.

**SEC. 7.** Section 16950 is added to the Penal Code, to read:

16950. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed to be carried openly or exposed if the handgun is not carried concealed within the meaning of Section 25400.

**SEC. 8.** Section 17040 is added to the Penal Code, to read:

17040. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "public place" has the same meaning as in Section 25850.

**SEC. 9.** Section 17295 is added to the Penal Code, to read:

17295. For purposes of Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed "unloaded" if it is not "loaded" within the meaning of subdivision (b) of Section 16840.

**SEC. 10.** Section 17512 is added to the Penal Code, to read:

17512. It is a misdemeanor for a driver of any motor vehicle or the owner of any motor vehicle, whether or not the owner of the vehicle is occupying the vehicle, to knowingly permit any other person to carry into or bring into the vehicle a firearm in violation of Section 26350.

**SEC. 11.** Section 25590 is added to the Penal Code, to read:

25590. Section 25400 does not apply to, or affect, the transportation of a firearm by a person if done directly between any of the places set forth below:

(a) A place where the person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25400.

(b) A place where that person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25850, or a place where the prohibition set forth in subdivision (a) of Section 25850 does not apply.

(c) A place where that person may carry a firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 26350, or a place where the prohibition set forth in subdivision (a) of Section 26350 does not apply.

**SEC. 12.** Section 25595 of the Penal Code is amended to read:

25595. This article does not prohibit or limit the otherwise lawful carrying or transportation of any handgun in accordance with the provisions listed in Section 16580.

**25605.** (a) Section 25400 and Chapter 6 (commencing with Section 26350) shall not apply to or affect any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, who carries, either openly or concealed, anywhere within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident, any handgun.

(b) No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, to purchase, own, possess, keep, or carry, either openly or concealed, a handgun within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

(c) Nothing in this section shall be construed as affecting the application of Sections 25850 to 26055, inclusive.

**SEC. 14.** Chapter 6 (commencing with Section 26350) is added to Division 5 of Title 4 of Part 6 of the Penal Code, to read:

CHAPTER 6. Openly Carrying an Unloaded Handgun
Article 1. Crime of Openly Carrying an Unloaded Handgun

**26350.** (a) (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2) A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A) The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B) The person is not in lawful possession of that handgun.

(c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

AG0010

constitute a distinct and separate offense under this section.

## Article 2. Exemptions

26361. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any peace officer or any honorably retired peace officer if that officer may carry a concealed firearm pursuant to Article 2 (commencing with Section 25450) of Chapter 2, or a loaded firearm pursuant to Article 3 (commencing with Section 25900) of Chapter 3.

26362. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person to the extent that person may openly carry a loaded handgun pursuant to Article 4 (commencing with Section 26000) of Chapter 3.

26363. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, importing, wholesaling, repairing, or dealing in firearms and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while engaged in the lawful course of the business.

26364. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a duly authorized military or civil organization, or the members thereof, while parading or while rehearsing or practicing parading, when at the meeting place of the organization.

26365. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range.

26366. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while engaged in hunting or while transporting that handgun when going to or returning from that hunting expedition.

26367. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier, or by an authorized agent or employee thereof, when transported in conformance with applicable federal law.

26368. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or a nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while on official parade duty or ceremonial occasions of that organization or while rehearsing or practicing for official parade duty or ceremonial occasions.

26369. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6.

26370. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a school zone, as defined in Section 626.9, with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority.

26371. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun when in accordance with the provisions of Section 171b.

26372. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest.

26373. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to loaning, selling, or transferring that handgun in accordance with Article 1 (commencing with Section 27500) of

Chapter 2 of Division 9 has to do with any of the exemptions from Section 27545, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property.

26374. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business that is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

26375. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event.

26376. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice pursuant to Section 23910.

26377. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun at any established target range, whether public or private, while the person is using the handgun upon the target range.

26378. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace, while the person is actually engaged in assisting that officer.

26379. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to any of the following:

(a) Complying with Section 27560 or 27565, as it pertains to that handgun.

(b) Section 28000, as it pertains to that handgun.

(c) Section 27850 or 31725, as it pertains to that handgun.

(d) Complying with Section 27870 or 27875, as it pertains to that handgun.

(e) Complying with Section 27915, 27920, or 27925, as it pertains to that handgun.

26380. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become a sworn peace officer as part of a course of study approved by the Commission on Peace Officer Standards and Training.

26381. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become licensed pursuant to Chapter 4 (commencing with Section 26150) as part of a course of study necessary or authorized by the person authorized to issue the license pursuant to that chapter.

26382. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to and at the request of a sheriff or chief or other head of a municipal police department.

26383. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when done within a place of business, a place of residence, or on private property, if done with the permission of a person who, by virtue of subdivision (a) of Section 25605, may carry openly an unloaded handgun within that place of business, place of residence, or on that private property owned or lawfully possessed by that person.

paragraph (1) of subdivision (a) of Section 26350 does not apply to or affect the open carrying of an unloaded handgun if all of the following conditions are satisfied.

(a) The open carrying occurs at an auction or similar event of a nonprofit public benefit or mutual benefit corporation, at which firearms are auctioned or otherwise sold to fund the activities of that corporation or the local chapters of that corporation.

(b) The unloaded handgun is to be auctioned or otherwise sold for that nonprofit public benefit or mutual benefit corporation.

(c) The unloaded handgun is to be delivered by a person licensed pursuant to, and operating in accordance with, Sections 26700 to 26925, inclusive.

26385. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to paragraph (3) of subdivision (b) of Section 171c.

26386. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to Section 171d.

26387. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to subparagraph (F) of paragraph (1) subdivision (c) of Section 171.7.

26388. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying that handgun is in lawful possession of that handgun.

26389. Section 26350 does not apply to, or affect, the carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

SEC. 15. No reimbursement is required by this act pursuant to Section 6 of Article XIIIB of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIIIB of the California Constitution.

AG0013

*California*
LEGISLATIVE INFORMATION

**AB-144 Firearms.** (2011-2012)

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 09/09/11 | (PASS) | Assembly Floor | 48 | 30 | 2 | AB 144 PORTANTINO Concurrence in Senate Amendments |

**Ayes:** Alejo, Allen, Ammiano, Atkins, Beall, Block, Blumenfield, Bonilla, Bradford, Brownley, Buchanan, Butler, Charles Calderon, Campos, Carter, Cedillo, Chesbro, Davis, Dickinson, Eng, Feuer, Fong, Fuentes, Furutani, Gatto, Gordon, Hall, Hayashi, Roger Hernández, Hill, Hueso, Huffman, Lara, Bonnie Lowenthal, Ma, Mendoza, Mitchell, Monning, Pan, V. Manuel Pérez, Portantino, Skinner, Solorio, Swanson, Wieckowski, Williams, Yamada, John A. Pérez

**Noes:** Achadjian, Bill Berryhill, Conway, Cook, Donnelly, Fletcher, Beth Gaines, Galgiani, Garrick, Grove, Hagman, Halderman, Harkey, Huber, Jeffries, Jones, Knight, Logue, Mansoor, Miller, Morrell, Nestande, Nielsen, Norby, Olsen, Perea, Silva, Smyth, Valadao, Wagner

**No Votes Recorded:** Gorell, Torres

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 09/08/11 | (FAIL) | Senate Floor | 15 | 20 | 5 | Assembly 3rd Reading AB144 Portantino By De León Reconsider |

**Ayes:** Anderson, Berryhill, Blakeslee, Cannella, Dutton, Emmerson, Fuller, Gaines, Harman, Huff, La Malfa, Runner, Strickland, Walters, Wyland

**Noes:** Alquist, Calderon, Corbett, De León, DeSaulnier, Evans, Hancock, Hernandez, Kehoe, Leno, Lieu, Liu, Negrete McLeod, Padilla, Pavley, Price, Steinberg, Vargas, Wolk, Yee

**No Votes Recorded:** Correa, Lowenthal, Rubio, Simitian, Wright

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 09/08/11 | (PASS) | Senate Floor | 21 | 18 | 1 | Assembly 3rd Reading AB144 Portantino By De León |

**Ayes:** Alquist, Calderon, Corbett, De León, DeSaulnier, Evans, Hancock, Hernandez, Kehoe, Leno, Liu, Lowenthal, Negrete McLeod, Padilla, Pavley, Price, Simitian, Steinberg, Vargas, Wolk, Yee

**Noes:** Anderson, Berryhill, Blakeslee, Cannella, Correa, Dutton, Emmerson, Fuller, Gaines, Harman, Huff, La Malfa, Rubio, Runner, Strickland, Walters, Wright, Wyland

**No Votes Recorded:** Lieu

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 06/07/11 | (PASS) | Sen Public Safety | 4 | 2 | 1 | Do pass, but re-refer to the Committee on Appropriations. |

**Ayes:** Hancock, Liu, Price, Steinberg

**Noes:** Anderson, Harman

**No Votes Recorded:** Calderon

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 05/16/11 | (PASS) | Assembly Floor | 46 | 29 | 5 | AB 144 PORTANTINO Assembly Third Reading |

**Ayes:** Alejo, Allen, Ammiano, Atkins, Beall, Block, Blumenfield, Bonilla, Bradford, Brownley, Buchanan, Butler, Charles Calderon, Campos, Carter, Cedillo, Chesbro, Davis, Dickinson, Eng, Feuer, Fong, Fuentes, Furutani, Gatto, Gordon, Hall, Hayashi, Hill, Hueso, Huffman, Lara, Bonnie Lowenthal, Ma, Mitchell, Monning, Pan, V. Manuel Pérez, Portantino, Skinner, Solorio, Swanson, Wieckowski, Williams, Yamada, John A. Pérez

**Noes:** Achadjian, Bill Berryhill, Conway, Cook, Donnelly, Fletcher, Beth Gaines, Garrick, Grove, Hagman, Halderman, Harkey, Roger Hernández, Huber, Jeffries, Jones, Knight, Logue, Mansoor, Miller, Morrell, Nestande, Nielsen, Olsen, Perea, Silva, Smyth, Valadao, Wagner

**No Votes Recorded:** Galgiani, Gorell, Mendoza, Norby, Torres

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 05/04/11 | (PASS) | Asm Appropriations | 12 | 5 | 0 | Do pass. |

**Ayes:** Blumenfield, Bradford, Charles Calderon, Campos, Davis, Fuentes, Gatto, Hall, Hill, Lara, Mitchell, Solorio

**Noes:** Donnelly, Harkey, Nielsen, Norby, Wagner

**No Votes Recorded:**

AG0014

| Date | Result | Location | Ayes | Noes | NVR | Motion |
|------|--------|----------|------|------|-----|--------|
| 04/12/11 | (PASS) | Asm Public Safety | 5 | 2 | 0 | Do pass and be re-referred to the Committee on Appropriations. |
| | | **Ayes:** Ammiano, Cedillo, Hill, Mitchell, Yamada | | | | |
| | | **Noes:** Hagman, Knight | | | | |
| | | **No Votes Recorded:** | | | | |
| | | | | | | |

AG0015

*California*
LEGISLATIVE INFORMATION

**AB-144 Firearms.** (2011-2012)

| Date | Action |
|------|--------|
| 10/09/11 | Chaptered by Secretary of State - Chapter 725, Statutes of 2011. |
| 10/09/11 | Approved by the Governor. |
| 09/21/11 | Enrolled and presented to the Governor at 3:30 p.m. |
| 09/09/11 | Senate amendments concurred in. To Engrossing and Enrolling. (Ayes 48. Noes 30. Page 3208.). |
| 09/09/11 | In Assembly. Concurrence in Senate amendments pending. |
| 09/08/11 | Read third time. Passed. Ordered to the Assembly. (Ayes 21. Noes 18. Page 2398.). |
| 09/06/11 | Read second time. Ordered to third reading. |
| 09/02/11 | Ordered to second reading. |
| 09/02/11 | From inactive file. |
| 08/30/11 | Ordered to inactive file at the request of Senator De León. |
| 06/28/11 | Read second time. Ordered to third reading. |
| 06/27/11 | From committee: Be placed on second reading file pursuant to Senate Rule 28.8. |
| 06/07/11 | From committee: Do pass and re-refer to Com. on APPR. (Ayes 4. Noes 2.) (June 7). Re-referred to Com. on APPR. |
| 06/01/11 | From committee chair, with author's amendments: Amend, and re-refer to committee. Read second time, amended, and re-referred to Com. on PUB. S. |
| 05/26/11 | Referred to Com. on PUB. S. |
| 05/16/11 | In Senate. Read first time. To Com. on RLS. for assignment. |
| 05/16/11 | Read third time. Passed. Ordered to the Senate. (Ayes 46. Noes 29. Page 1389.) |
| 05/09/11 | Read second time. Ordered to third reading. |
| 05/05/11 | From committee: Do pass. (Ayes 12. Noes 5.) (May 4). |
| 05/03/11 | Re-referred to Com. on APPR. |
| 05/02/11 | From committee chair, with author's amendments: Amend, and re-refer to Com. on APPR. Read second time and amended. |
| 04/13/11 | From committee: Do pass and re-refer to Com. on APPR. (Ayes 5. Noes 2.) (April 12). Re-referred to Com. on APPR. |
| 04/05/11 | In committee: Set, first hearing. Hearing canceled at the request of author. |
| 02/03/11 | Referred to Com. on PUB. S. |
| 01/14/11 | From printer. May be heard in committee February 13. |
| 01/13/11 | Read first time. To print. |

AG0016

*California*
LEGISLATIVE INFORMATION

**AB-144 Firearms.** (2011-2012)

| Bill Analysis |
|---|
| 09/09/11 - Assembly Floor Analysis |
| 06/28/11 - Senate Floor Analyses |
| 06/06/11 - Senate Public Safety |
| 05/11/11 - Assembly Floor Analysis |
| 05/03/11 - Assembly Appropriations |
| 04/11/11 - Assembly Public Safety |

CONCURRENCE IN SENATE AMENDMENTS
AB 144 (Portantino and Ammiano)
As Amended June 1, 2011
Majority vote

ASSEMBLY:    46-29   (May 16, 2011)        SENATE:    21-18   (September 8, 2011)

Original Committee Reference:    <u>PUB. S.</u>

<u>SUMMARY</u>:  Makes it a misdemeanor for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county.

<u>The Senate amendments</u> exempt a security guard authorized to openly carry an unloaded handgun and an honorably retired peace officer authorized to openly carry an unloaded handgun from prohibitions against a firearm in a school zone.

<u>AS PASSED BY THE ASSEMBLY</u>, this bill made it a misdemeanor for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county. Specifically, <u>this bill</u>:

1) Made it a misdemeanor punishable by imprisonment in the county jail not to exceed six months, by a fine not to exceed $1,000, or by both a fine and imprisonment for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person, or when that person carries an exposed and unlocked handgun inside or on a vehicle, whether or not is in on his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county.

2) Made the crime of openly carrying an unloaded handgun punishable by imprisonment in the county jail not to exceed one year, or by a fine not to exceed $1,000, or by that fine and imprisonment if the handgun and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not the registered owner of the firearm.

3) Stated that the sentencing provisions of this prohibition shall not preclude prosecution under other specified provisions of law with a penalty that is greater.

4) Provided that the provisions of this prohibition are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

5) Stated that notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a separate and distinct offense.

6) Stated that the open carrying of an unloaded handgun does not apply to the carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in

AG0018

a locked container.

7) Provided that the crime of openly carrying an unloaded handgun does not apply to, or affect, the following:

   a)  The open carrying of an unloaded handgun by any peace officer or by an honorably retired peace officer authorized to carry a handgun;

   b)  The open carrying of an unloaded handgun by any person authorized to carry a loaded handgun;

   c)  The open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, wholesaling, repairing or dealing in firearms and who is licensed to engaged in that business or an authorized representative of that business;

   d)  The open carrying of an unloaded handgun by duly authorized military or civil organizations while parading, or the members thereof when at the meeting places of their respective organizations;

   e)  The open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range;

   f)  The open carrying of an unloaded handgun by a licensed hunter while engaged in lawful hunting;

   g)  The open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier or an authorized agent or employee thereof when transported in conformance with applicable federal law;

   h)  The open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while an official parade duty or ceremonial occasions of that organization;

   i)  The open carrying of an unloaded handgun within a gun show;

   j)  The open carrying of an unloaded handgun within a school zone, as defined, with the written permission of the school district superintendent, his or her designee, or equivalent school authority;

   k)  The open carrying of an unloaded handgun when in accordance with the provisions relating to the possession of a weapon in a public building or State Capitol;

   l)  The open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest;

AG0019

m) The open carrying of an unloaded handgun incident to loaning, selling, or transferring the same, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property;

n) The open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business which is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training;

o) The open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event when the participant lawfully uses the handgun as part of that production or event or while the participant or authorized employee or agent is at that production event;

p) The open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice (DOJ);

q) The open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace while he or she is actually engaged in assisting that officer;

r) The open carrying of an unloaded handgun incident to a private party transfer through a licensed firearms dealer;

s) The open carrying of an unloaded handgun by a person in the scope and course of training by an individual to become a sworn peace officer;

t) The open carrying of an unloaded handgun in the course and scope of training to in order to be licensed to carry a concealed weapon;

u) The open carrying of an unloaded handgun at the request of a sheriff or chief or other head of a municipal police department;

v) The open carrying of an unloaded handgun within a place of business, within a place of residence, or on private property if done with the permission of the owner or lawful possessor of the property; and,

w) The open carrying of an unloaded handgun when all of the following conditions are satisfied:

    i) The open carrying occurs at an auction or similar event of a nonprofit or mutual benefit corporation event where firearms are auctioned or otherwise sold to fund activities;

    ii) The unloaded handgun is to be auctioned or otherwise sold for the nonprofit public benefit mutual benefit corporation;

iii) The unloaded handgun is delivered by a licensed dealer;

iv) The open carrying of an unloaded handgun does not apply to person authorized to carry handguns in the State Capitol or residences of the Governor or other constitutional officers; and,

v) The open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying the handgun is the registered owner of the handgun.

8) Made conforming and non-substantive technical changes.

FISCAL EFFECT: According to the Senate Appropriations Committee, pursuant to Senate Rule 28.8, negligible state costs.

COMMENTS: According to the author, "The absence of a prohibition on 'open carry' has created an increase in problematic instances of guns carried in public, alarming unsuspecting individuals causing issues for law enforcement.

"Open carry creates a potentially dangerous situation. In most cases when a person is openly carrying a firearm, law enforcement is called to the scene with few details other than one or more people are present at a location and are armed.

"In these tense situations, the slightest wrong move by the gun carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation, the practice of 'open carry' creates an unsafe environment for all parties involved: the officer, the gun-carrying individual, and for any other individuals nearby as well.

"Additionally, the increase in "open carry" calls placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways."

Please see the policy committee analysis for a full discussion of this bill.

Analysis Prepared by:    Gregory Pagan / PUB. S. / (916) 319-3744

FN: 0001386

SENATE RULES COMMITTEE                                    AB 144
Office of Senate Floor Analyses
1020 N Street, Suite 524
(916) 651-1520      Fax: (916) 327-4478

---

## THIRD READING

---

Bill No:      AB 144
Author:       Portantino (D), et al
Amended:      6/1/11 in Senate
Vote:         21

---

SENATE PUBLIC SAFETY COMMITTEE: 4-2, 6/7/11
AYES: Hancock, Liu, Price, Steinberg
NOES: Anderson, Harman
NO VOTE RECORDED: Calderon

SENATE APPROPRIATIONS COMMITTEE: Senate Rule 28.8

ASSEMBLY FLOOR: 46-29, 5/16/11 - See last page for vote

---

**SUBJECT:**    Open Carrying of unloaded handguns

**SOURCE:**     California Police Chiefs Association

---

**DIGEST:**  This bill (1) makes it a misdemeanor punishable by up to six months in jail and a $1,000 fine to openly carry an unloaded handgun on one's person or in a vehicle; (2) makes it a misdemeanor punishable by up to one year in county jail and a $1,000 fine to openly carry an unlawfully possessed unloaded handgun and ammunition in public in an incorporated city; (3) establishes specified exceptions to this prohibition; (4) makes it a misdemeanor, punishable by up to six months in jail and a fine of up to $1,000 for the driver of a vehicle to knowingly allow a person to bring an openly carried, unloaded handgun into the vehicle; and (5) makes conforming and nonsubstantive technical changes to affected statutes.

CONTINUED              AG0022

AB 144
Page 2

**ANALYSIS:**    Existing law defines "handgun" as any "pistol," "revolver," or "firearm capable of being concealed upon the person." (Penal Code Section 16640(a).)

Existing law prohibits carrying a concealed weapon, loaded or unloaded, unless granted a permit to do so. Except as otherwise provided, a person is guilty of carrying a concealed firearm when he/she:

- Carries concealed within any vehicle which is under his/her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

- Causes to be concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

- Carries concealed upon his/her person any pistol, revolver, or other firearm capable of being concealed upon the person. (Penal Code Section 25400(a).)

Existing law provides that carrying a concealed firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or both. However, there are several circumstances in which carrying a concealed weapon may be punishable as a felony or alternate felony-misdemeanor:

- A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law.

- A felony where the firearm is stolen and the person knew, or had reasonable cause to believe, that the firearm was stolen.

- A felony where the person is an active participant in a criminal street gang.

- A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm.

CONTINUED    AG0023

- An alternate felony-misdemeanor where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation.

- An alternate felony-misdemeanor where:

  o Both the concealable firearm and the unexpended ammunition for that firearm are either in the immediate possession of the person or readily available to that person or where the firearm is loaded.

  o The person is not listed with the Department of Justice (DOJ) as the registered owner of the firearm. (Penal Code Section 25400(c).)

Existing law provides a number of exceptions and limitations to the prohibition on carrying a concealed firearm including methods to lawfully carry firearms in a vehicle, a home, or a business, etc. (Penal Code Sections 25600, 25605, 25610, 25505-25595, 25450-25475, 25615-25655, and 26150-26255.)

Existing law authorizes the sheriff of a county, or the chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of specified conditions, and has completed a course of training, as specified, to issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:

- A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

- Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(Penal Code Sections 26150-26255.)

Existing law prohibits the carrying of a loaded firearm on his/her person or in a vehicle while in any public place or on any public street in an incorporated city or a prohibited area of unincorporated territory. The penalty provisions for this prohibition are substantially similar to those

CONTINUED          AG0024

provided in Penal Code Section 25400(c) and provide numerous exceptions and limitation to this prohibition. (Penal Code Section 25850.)

Existing law provides that a firearm shall be deemed to be loaded for the purposes of Penal Code Section 12031 when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm; except that a muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder. (Penal Code Section 16840(b).)

Existing law provides in the Fish and Game Code that it is unlawful to possess a loaded rifle or shotgun in any vehicle or conveyance or its attachments which is standing on or along or is being driven on or along any public highway or other way open to the public. (Fish and Game Code Section 2006.)

Existing law provides that a rifle or shotgun shall be deemed to be loaded for the purposes of this section when there is an unexpended cartridge or shell in the firing chamber but not when the only cartridges or shells are in the magazine.

Existing law provides that carrying a loaded firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or both. However, there are several circumstances in which the penalty may be punishable as a felony or alternate felony-misdemeanor:

- A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law.

- A felony where the firearm is stolen and the person knew or had reasonable cause to believe that the firearm was stolen.

- A felony where the person is an active participant in a criminal street gang.

- A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm.

CONTINUED

AG0025

- An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation.

- An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person is not listed with the DOJ as the registered owner of the firearm.

(Penal Code Section 25858(c).)

Existing law, the "Gun-Free School Zone Act," prohibits a person, without appropriate permission, as specified, from possessing a firearm within an area that the person knew or reasonably should have known was a "school zone," defined as an area in or on the grounds of or within 1,000 feet of the grounds of any public or private K-12 school. (Penal Code Section 626.9.)

Existing law provides that any person who has ever been convicted of a felony and who owns or has in his/her possession or under his/her custody or control a firearm is guilty of a felony, punishable by 16 months, two or three years in prison. (Penal Code Section 29800(b).)

Existing law provides that every person who, except in self-defense, draws or exhibits any firearm in public, loaded or unloaded, in the presence of another person, in a rude, angry or threatening manner is guilty of a misdemeanor and shall be imprisoned for not less than three months nor more than one year in the county jail; fined $1,000; or both. (Penal Code Section 417(a).)

Existing law provides that every person who, except in self-defense, draws or exhibits any firearm, loaded or unloaded, in a rude, angry or threatening manner in public, in the presence of a peace officer, who a reasonable person would know was in the performance of his/her duty, is guilty of an alternate misdemeanor/felony and shall be imprisoned for not less than nine months and up to one year in the county jail or in the state prison for 16 months, two or three years. (Penal Code Section 417(c).)

CONTINUED

AG0026

This bill provides that it shall be a misdemeanor, punishable by up to six months in the county jail, a fine of up to $1,000, or both, for any person to carry an exposed and unloaded handgun outside a vehicle upon his/her person or inside or on a vehicle, whether or not on his/her person, while in:

- A public place or public street in an incorporated city or city and county.

- A public street in a prohibited area of an unincorporated area of a county or city and county.

- A public place in a prohibited area of a county or city and county.

This bill provides that it shall be a misdemeanor punishable by imprisonment in a county jail for up to one year, a fine of up to $1,000, or both, for any person to carry an exposed and unloaded handgun inside or on a vehicle, whether or not on his/her person, while in a public place or public street in an incorporated city or city and county is, if both of the following conditions exist:

- The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

- The person is not in lawful possession of that handgun.

This bill provides that the above-stated provisions shall not preclude prosecution under any other law with a penalty that is greater.

This bill provides that the above-stated provisions are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

This bill provides that, notwithstanding the fact that the term "an unloaded handgun" is used in this section; each handgun shall constitute a separate and distinct offense.

This bill provides that the crime of openly carrying an unloaded handgun does not apply to, or affect, the following:

CONTINUED        AG0027

- The open carrying of an unloaded handgun by any peace officer or by an honorably retired peace officer authorized to carry a handgun, as specified.

- The open carrying of an unloaded handgun by any person authorized to openly carry a loaded handgun, as specified.

- The open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, wholesaling, repairing or dealing in firearms and who is licensed to engaged in that business or an authorized representative of that business.

- The open carrying of an unloaded handgun by duly authorized military or civil organizations while parading or the members thereof when at the meeting places of their respective organizations.

- The open carrying of an unloaded handgun upon the person by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range.

- The open carrying of an unloaded handgun by a licensed hunter while engaged in lawful hunting.

- The open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier or an authorized agent or employee thereof when transported in conformance with applicable federal law.

- The open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while an official parade duty or ceremonial occasions of that organization.

- The open carrying of an unloaded handgun upon the person within a gun show, as specified.

CONTINUED

AG0028

- The open carrying of an unloaded handgun within a school zone, as defined, with the written permission of the school district superintendent, his/her designee, or equivalent school authority.

- The open carrying of an unloaded handgun when in accordance with the provisions relating to the possession of a weapon in a public building or State Capitol.

- The open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest.

- The open carrying of an unloaded handgun incident to loaning, selling, or transferring the same, as specified, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property.

- The open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business which is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

- The open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event when the participant lawfully uses the handgun as part of that production or event or while rehearsing or practicing, or while the participant or authorized employee or agent is at that production event or rehearsal or practice.

- The open carrying of an unloaded handgun upon the person incident to obtaining an identification number or mark assigned for that handgun from the DOJ.

- The open carrying of an unloaded handgun upon the person at any established target range, whether public or private, while the person is using the handgun upon the target range.

- The open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace while he/she is actually engaged in assisting that officer.

CONTINUED

AG0029

- The open carrying of an unloaded handgun upon the person incident to any of the following:

  o Complying with requirements for importing that handgun or curio or relic into California.

  o Reporting disposition of a handgun to DOJ, as specified.

  o The sale or transfer of that firearm to a government entity, as specified.

  o Complying with requirements related to the transfer of a handgun obtained by gift or inheritance.

  o Complying with requirements for taking possession or title of that handgun.

- The open carrying of an unloaded handgun incident to a private party transfer through a licensed firearms dealer.

- The open carrying of an unloaded handgun by a person in the scope and course of training by an individual to become a sworn peace officer.

- The open carrying of an unloaded handgun in the course and scope of training to in order to be licensed to carry a concealed weapon.

- The open carrying of an unloaded handgun at the request of a sheriff or chief or other head of a municipal police department.

- The open carrying of an unloaded handgun upon the person within a place of business, within a place of residence, or on private property if done with the permission of the owner or lawful possessor of the property.

- The open carrying of an unloaded handgun upon the person when all of the following conditions are satisfied:

  o The open carrying occurs at an auction or similar event of a nonprofit or mutual benefit corporation event where firearms are auctioned or otherwise sold to fund activities.

CONTINUED          AG0030

o The unloaded handgun is to be auctioned or otherwise sold for the nonprofit public benefit mutual benefit corporation.

o The unloaded handgun is delivered by a licensed dealer.

- The open carrying of an unloaded handgun by a person authorized to carry a handgun in the State Capitol or residences of the Governor or other constitutional officers.

- The open carrying of an unloaded handgun by authorized public transit officials, as specified.

- The open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying the handgun is in lawful possession of that handgun.

- The carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

This bill provides that the "Gun Free School Zones Act" described above does not apply to or affect the following persons:

- A security guard authorized to openly carry an unloaded handgun pursuant to the provisions of this bill.

- An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to the provisions of this bill.

This bill provides that it shall be a misdemeanor, punishable by up to 6 months in county jail, a fine of up to $1,000, or both, for a driver of any motor vehicle or the owner of any motor vehicle, whether or not the owner of the vehicle is occupying the vehicle, to knowingly permit any other person to carry into or bring into the vehicle an openly carried unloaded handgun, as specified.

This bill makes conforming and nonsubstantive technical changes.

Related/Prior Legislation

CONTINUED          AG0031

AB 1934 (Saldana, 2010) passed the Senate Floor (21-16) on August 31, 2010. This bill died on Assembly Concurrence; AB 98 (Cohn, 2005) was held on Suspense in the Assembly Appropriations Committee; AB 2501(Horton, 2004) failed passage in the Assembly Public Safety Committee; AB 2828 (Cohn, 2004) failed passage in the Assembly Public Safety Committee

**FISCAL EFFECT**:  Appropriation: No   Fiscal Com.: Yes   Local: Yes

**SUPPORT**:  (Verified  6/28/11)

California Police Chiefs Association (source)
Brady Campaign to Prevent Gun Violence (California Chapters)
City of Beverly Hills
City of Los Angeles
City of West Hollywood
Coalition Against Gun Violence
Friends Committee on Legislation
Legal Community Against Violence
Los Angeles Sheriff's Department
Peace Officers Research Association of California

**OPPOSITION**:  (Verified  6/28/11)

California Rifle and Pistol Association
California Right To Carry
Capitol Resource Family Impact
Contra Costa Open Carry
Diablo Valley Gun Works
Gun Owners of California
National Rifle Association
Open Carry Organization
Redline Ballistic
Responsible Citizens of California
South Bay Open Carry

**ARGUMENTS IN SUPPORT**:   According to the author's office, the absence of a prohibition on "open carry" has created an increase in problematic instances of guns carried in public, alarming unsuspecting individuals and causing issues for law enforcement.  Simply put, open carry creates a potentially dangerous situation for the Citizens of California.

CONTINUED          AG0032

Often, when an individual is openly carrying a firearm, law enforcement is called to the scene with few details other than one or more armed individuals are present at a location.

In these tense situations, the slightest wrong move by the gun-carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation the practice of "open carry" creates an unsafe environment for all parties involved; the officer, the gun-carrying individual, and for any other people who happen to be in the line of fire.

Additionally, the increase in "open carry" calls placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways.

**ARGUMENTS IN OPPOSITION:**   The National Rifle Association and the California Rifle and Pistol Association state:

> By denying individuals the ability to carry an unloaded firearm, SB 144 directly violates the constitutional right to keep and bear arms for self-defense. We urge you to oppose this attack on the rights of the law abiding population to carry a firearm in case of a self-defense emergency should they so choose.

> In addition, we write to notify you that the problems facing SB 144 are compounded by the current state of California's concealed carry weapons (CCW) permitting system. Should AB 144 pass, it will wreak havoc on California's CCW permitting system. In most areas of California, CCW permits are rarely issued, and are usually reserved for those with political clout and the wealthy elite. Because of this reality, "open carrying" is the only method available to the overwhelming majority of law-abiding individuals who wish to carry a firearm for self-defense. Accordingly, by banning the open carrying of even unloaded firearms, SB 144 effectively shuts the door on the ability of law-abiding Californians to carry a firearm for self-defense at all.

**ASSEMBLY FLOOR:**
AYES: Alejo, Allen, Ammiano, Atkins, Beall, Block, Blumenfield, Bonilla, Bradford, Brownley, Buchanan, Butler, Charles Calderon, Campos,

CONTINUED    AG0033

Carter, Cedillo, Chesbro, Davis, Dickinson, Eng, Feuer, Fong, Fuentes, Furutani, Gatto, Gordon, Hall, Hayashi, Hill, Hueso, Huffman, Lara, Bonnie Lowenthal, Ma, Mitchell, Monning, Pan, V. Manuel Pérez, Portantino, Skinner, Solorio, Swanson, Wieckowski, Williams, Yamada, John A. Pérez

NOES: Achadjian, Bill Berryhill, Conway, Cook, Donnelly, Fletcher, Beth Gaines, Garrick, Grove, Hagman, Halderman, Harkey, Roger Hernández, Huber, Jeffries, Jones, Knight, Logue, Mansoor, Miller, Morrell, Nestande, Nielsen, Olsen, Perea, Silva, Smyth, Valadao, Wagner

NO VOTE RECORDED: Galgiani, Gorell, Mendoza, Norby, Torres


RJG:do  6/28/11   Senate Floor Analyses

SUPPORT/OPPOSITION:   SEE ABOVE

**** **END** ****

**SENATE COMMITTEE ON PUBLIC SAFETY**
Senator Loni Hancock, Chair
2011-2012 Regular Session

A
B

1
4
4

AB 144 (Portantino)
As Amended June 1, 2011
Hearing date: June 7, 2011
Business and Professions Code and
Penal Code
SM:dl

## OPEN CARRYING OF UNLOADED HANDGUNS

### HISTORY

Source:         California Police Chiefs Association

Prior Legislation:   AB 1934 (Saldana) - 2010, died on Assembly Concurrence
                     AB 98 (Cohn) - 2005, held on Suspense in Assembly Appropriations
                     AB 2501(Horton) - 2004, failed passage in Assembly Public Safety
                     AB 2828 (Cohn) - 2004, failed passage in Assembly Public Safety

Support:        Brady Campaign to Prevent Gun Violence (California Chapters); City of Beverly
                Hills; City of Los Angeles; City of West Hollywood; Coalition Against Gun
                Violence; Friends Committee on Legislation; Legal Community Against Violence;
                Los Angeles Sheriff's Department; Peace Officers Research Association of
                California (PORAC); over 200 individual citizens

Opposition:     California Rifle and Pistol Association; Capitol Resource Family Impact; Diablo
                Valley Gun Works; Gun Owners of California; National Rifle Association;
                Responsible Citizens of California; 20 individual citizens

Assembly Floor Vote: Ayes 46 - Noes 29

---

### KEY ISSUES

SHOULD IT BE A MISDEMEANOR PUNISHABLE BY UP TO SIX MONTHS IN COUNTY
JAIL AND A $1,000 FINE TO OPENLY CARRY AN UNLOADED HANDGUN ON ONE'S
PERSON OR IN A VEHICLE?

(Continued)

---

(More)

SHOULD IT BE A MISDEMEANOR PUNISHABLE BY UP TO ONE YEAR IN COUNTY
JAIL AND A $1,000 FINE TO OPENLY CARRY AN UNLAWFULLY POSSESSED
UNLOADED HANDGUN AND AMMUNITION IN PUBLIC IN AN INCORPORATED
CITY?

SHOULD SPECIFIED EXCEPTIONS TO THIS PROHIBITION BE ESTABLISHED?

SHOULD IT BE A MISDEMEANOR, PUNISHABLE BY UP TO SIX MONTHS IN JAIL
AND A FINE OF UP TO $1,000 FOR THE DRIVER OF A VEHICLE TO KNOWINGLY
ALLOW A PERSON TO BRING AN OPENLY CARRIED, UNLOADED HANDGUN INTO
THE VEHICLE?

## *PURPOSE*

*The purpose of this bill is to (1) make it a misdemeanor punishable by up to 6 months in jail
and a $1,000 fine to openly carry an unloaded handgun on one's person or in a vehicle; (2)
make it a misdemeanor punishable by up to one year in county jail and a $1,000 fine to openly
carry an unlawfully possessed unloaded handgun and ammunition in public in an
incorporated city; (3) establish specified exceptions to this prohibition; (4) make it a
misdemeanor, punishable by up to six months in jail and a fine of up to $1,000 for the driver
of a vehicle to knowingly allow a person to bring an openly carried, unloaded handgun into
the vehicle; and (5) make conforming and nonsubstantive technical changes to affected
statutes.*

Existing law defines "handgun" as any "pistol," "revolver," or "firearm capable of being
concealed upon the person." (Penal Code § 16640(a).)[1]

Existing law prohibits carrying a concealed weapon, loaded or unloaded, unless granted a permit
to do so.  Except as otherwise provided, a person is guilty of carrying a concealed firearm when
he or she:

- Carries concealed within any vehicle which is under his or her control or direction any
  pistol, revolver, or other firearm capable of being concealed upon the person;
- Causes to be concealed within any vehicle in which the person is an occupant any pistol,
  revolver, or other firearm capable of being concealed upon the person; or,

---

[1] SB 1080, Chap. 711, Stats. 2010, and SB 1115, Chap. 178, Stats. 2010, recast and renumbered most statutes
relating to deadly weapons without any substantive change to those statutes. Those changes will become operative
January 1, 2012.  All references to affected code sections will be to the revised version unless otherwise indicated.

(More)

- Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person. (Penal Code § 25400(a).)

Existing law provides that carrying a concealed firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or both. However, there are several circumstances in which carrying a concealed weapon may be punishable as a felony or alternate felony-misdemeanor:

- A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law;
- A felony where the firearm is stolen and the person knew, or had reasonable cause to believe, that the firearm was stolen;
- A felony where the person is an active participant in a criminal street gang;
- A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm;
- An alternate felony-misdemeanor where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation; and,
- An alternate felony-misdemeanor where:
  - Both the concealable firearm and the unexpended ammunition for that firearm are either in the immediate possession of the person or readily available to that person or where the firearm is loaded; and,
  - The person is not listed with the Department of Justice (DOJ) as the registered owner of the firearm. (Penal Code § 25400(c).)

Existing law provides a number of exceptions and limitations to the prohibition on carrying a concealed firearm including methods to lawfully carry firearms in a vehicle, a home, or a business, etc. (Penal Code §§ 25600, 25605, 25610, 25505-25595, 25450-25475, 25615-25655, and 26150-26255.)

Existing law authorizes the sheriff of a county, or the chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of specified conditions, and has completed a course of training, as specified, to issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:

- A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.
- Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(Pen Code § 26150-26255.)

(More)

Existing law prohibits the carrying of a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or a prohibited area of unincorporated territory. The penalty provisions for this prohibition are substantially similar to those provided in Penal Code Section 25400(c) and provide numerous exceptions and limitation to this prohibition. (Penal Code § 25850.)

Existing law provides that a firearm shall be deemed to be loaded for the purposes of Penal Code Section 12031 when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm; except that a muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder. (Penal Code § 16840(b).)

Existing law provides in the Fish and Game Code that it is unlawful to possess a loaded rifle or shotgun in any vehicle or conveyance or its attachments which is standing on or along or is being driven on or along any public highway or other way open to the public. (Fish and Game Code § 2006.)

Existing law provides that a rifle or shotgun shall be deemed to be loaded for the purposes of this section when there is an unexpended cartridge or shell in the firing chamber but not when the only cartridges or shells are in the magazine. (Id.)

Existing law provides that carrying a loaded firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or both. However, there are several circumstances in which the penalty may be punishable as a felony or alternate felony-misdemeanor:

- A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law;
- A felony where the firearm is stolen and the person knew or had reasonable cause to believe that the firearm was stolen ;
- A felony where the person is an active participant in a criminal street gang;
- A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm;
- An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation.
- An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person is not listed with the DOJ as the registered owner of the firearm.

(Penal Code § 25858(c).)

(More)

AB 144 (Portantino)
Page 5

Existing law, the "Gun-Free School Zone Act," prohibits a person, without appropriate permission, as specified, from possessing a firearm within an area that the person knew or reasonably should have known was a "school zone," defined as an area in or on the grounds of or within 1,000 feet of the grounds of any public or private K-12 school. (Penal Code § 626.9.)

Existing law provides that any person who has ever been convicted of a felony and who owns or has in his or her possession or under his or her custody or control a firearm is guilty of a felony, punishable by 16 months, 2 or 3 years in prison. (Penal Code § 29800(b).)

Existing law provides that every person who, except in self-defense, draws or exhibits any firearm in public, loaded or unloaded, in the presence of another person, in a rude, angry or threatening manner is guilty of a misdemeanor and shall be imprisoned for not less than three months nor more than one year in the county jail; fined $1,000; or both. (Penal Code § 417(a).)

Existing law provides that every person who, except in self-defense, draws or exhibits any firearm, loaded or unloaded, in a rude, angry or threatening manner in public, in the presence of a peace officer, who a reasonable person would know was in the performance of his or her duty, is guilty of an alternate misdemeanor/felony and shall be imprisoned for not less than nine months and up to one year in the county jail or in the state prison for 16 months, 2 or 3 years. (Penal Code § 417(c).)

This bill provides that it shall be a misdemeanor, punishable by up to 6 months in the county jail, a fine of up to $1,000, or both, for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person or inside or on a vehicle, whether or not on his or her person, while in:

- A public place or public street in an incorporated city or city and county.
- A public street in a prohibited area of an unincorporated area of a county or city and county.
- A public place in a prohibited area of a county or city and county.

This bill provides that it shall be a misdemeanor punishable by imprisonment in a county jail for up to one year, a fine of up to $1,000, or both, for any person to carry an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in a public place or public street in an incorporated city or city and county is, if both of the following conditions exist:

- The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.
- The person is not in lawful possession of that handgun.

This bill provides that the above-stated provisions shall not preclude prosecution under any other law with a penalty that is greater.

(More)

AG0039

This bill provides that the above-stated provisions are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

This bill provides that, notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a separate and distinct offense.

This bill provides that the crime of openly carrying an unloaded handgun does not apply to, or affect, the following:

- The open carrying of an unloaded handgun by any peace officer or by an honorably retired peace officer authorized to carry a handgun, as specified;
- The open carrying of an unloaded handgun by any person authorized to openly carry a loaded handgun, as specified;
- The open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, wholesaling, repairing or dealing in firearms and who is licensed to engaged in that business or an authorized representative of that business;
- The open carrying of an unloaded handgun by duly authorized military or civil organizations while parading, or the members thereof when at the meeting places of their respective organizations;
- The open carrying of an unloaded handgun upon the person by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range;
- The open carrying of an unloaded handgun by a licensed hunter while engaged in lawful hunting;
- The open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier or an authorized agent or employee thereof when transported in conformance with applicable federal law;
- The open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while an official parade duty or ceremonial occasions of that organization;
- The open carrying of an unloaded handgun upon the person within a gun show, as specified;
- The open carrying of an unloaded handgun within a school zone, as defined, with the written permission of the school district superintendent, his or her designee, or equivalent school authority;

(More)

- The open carrying of an unloaded handgun when in accordance with the provisions relating to the possession of a weapon in a public building or State Capitol;
- The open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest;
- The open carrying of an unloaded handgun incident to loaning, selling, or transferring the same, as specified, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property;
- The open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business which is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training;
- The open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event when the participant lawfully uses the handgun as part of that production or event or while rehearsing or practicing, or while the participant or authorized employee or agent is at that production event or rehearsal or practice;
- The open carrying of an unloaded handgun upon the person incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice (DOJ);
- The open carrying of an unloaded handgun upon the person at any established target range, whether public or private, while the person is using the handgun upon the target range.
- The open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace while he or she is actually engaged in assisting that officer;
- The open carrying of an unloaded handgun upon the person incident to any of the following:

  o Complying with requirements for importing that handgun or curio or relic into California;
  o Reporting disposition of a handgun to DOJ, as specified;
  o The sale or transfer of that firearm to a government entity, as specified;
  o Complying with requirements related to the transfer of a handgun obtained by gift or inheritance;
  o Complying with requirements for taking possession or title of that handgun;

- The open carrying of an unloaded handgun incident to a private party transfer through a licensed firearms dealer;

(More)

- The open carrying of an unloaded handgun by a person in the scope and course of training by an individual to become a sworn peace officer;
- The open carrying of an unloaded handgun in the course and scope of training to in order to be licensed to carry a concealed weapon;
- The open carrying of an unloaded handgun at the request of a sheriff or chief or other head of a municipal police department;
- The open carrying of an unloaded handgun upon the person within a place of business, within a place of residence, or on private property if done with the permission of the owner or lawful possessor of the property;
- The open carrying of an unloaded handgun upon the person when all of the following conditions are satisfied:

  o The open carrying occurs at an auction or similar event of a nonprofit or mutual benefit corporation event where firearms are auctioned or otherwise sold to fund activities.
  o The unloaded handgun is to be auctioned or otherwise sold for the nonprofit public benefit mutual benefit corporation.
  o The unloaded handgun is delivered by a licensed dealer.

- The open carrying of an unloaded handgun by a person authorized to carry a handgun in the State Capitol or residences of the Governor or other constitutional officers;
- The open carrying of an unloaded handgun by authorized public transit officials, as specified;
- The open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying the handgun is in lawful possession of that handgun;
- The carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

This bill provides that the "Gun Free School Zones Act" described above does not apply to or affect the following persons:

- A security guard authorized to openly carry an unloaded handgun pursuant to the provisions of this bill;
- An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to the provisions of this bill.

This bill provides that it shall be a misdemeanor, punishable by up to 6 months in county jail, a fine of up to $1,000, or both, for a driver of any motor vehicle or the owner of any motor vehicle, whether or not the owner of the vehicle is occupying the vehicle, to knowingly permit any other person to carry into or bring into the vehicle an openly carried unloaded handgun, as specified.

(More)

AG0042

<u>This bill</u> makes conforming and nonsubstantive technical changes.

### *RECEIVERSHIP/OVERCROWDING CRISIS AGGRAVATION*

For the last several years, severe overcrowding in California's prisons has been the focus of evolving and expensive litigation. As these cases have progressed, prison conditions have continued to be assailed, and the scrutiny of the federal courts over California's prisons has intensified.

On June 30, 2005, in a class action lawsuit filed four years earlier, the United States District Court for the Northern District of California established a Receivership to take control of the delivery of medical services to all California state prisoners confined by the California Department of Corrections and Rehabilitation ("CDCR"). In December of 2006, plaintiffs in two federal lawsuits against CDCR sought a court-ordered limit on the prison population pursuant to the federal Prison Litigation Reform Act. On January 12, 2010, a three-judge federal panel issued an order requiring California to reduce its inmate population to 137.5 percent of design capacity -- a reduction at that time of roughly 40,000 inmates -- within two years. The court stayed implementation of its ruling pending the state's appeal to the U.S. Supreme Court.

On May 23, 2011, the United States Supreme Court upheld the decision of the three-judge panel in its entirety, giving California two years from the date of its ruling to reduce its prison population to 137.5 percent of design capacity, subject to the right of the state to seek modifications in appropriate circumstances.

In response to the unresolved prison capacity crisis, in early 2007 the Senate Committee on Public Safety began holding legislative proposals which could further exacerbate prison overcrowding through new or expanded felony prosecutions.

<u>This bill</u> does not appear to aggravate the prison overcrowding crisis described above.

### COMMENTS

1. <u>Need for This Bill</u>

According to the author:

> The absence of a prohibition on "open carry" has created an increase in problematic instances of guns carried in public, alarming unsuspecting individuals and causing issues for law enforcement. Simply put, open carry creates a potentially dangerous situation for the Citizens of California.

(More)

Often, when an individual is openly carrying a firearm, law enforcement is called to the scene with few details, other than one or more armed individuals are present at a location.

In these tense situations, the slightest wrong move by the gun-carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation the practice of "open carry" creates an unsafe environment for all parties involved; the officer, the gun-carrying individual, and for any other people who happen to be in the line of fire.

Additionally, the increase in "open carry" calls placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways.

2.  Background – The "Open Carry Movement" in California

California has some of the nation's strictest regulations regarding gun ownership. One practice that has remained unregulated is carrying an unconcealed, unloaded handgun. In 2004 and 2005, and then again last year there were unsuccessful attempts to prohibit this practice. (AB 2828 (Cohn) (2004); AB 2501 (Horton) (2004); AB 98 (Cohn) (2005), AB 1934 (Saldana) (2010).) A new movement to promote the open carrying of firearms in California and around the country has heightened debate around the issue, as reported in the New York Times:

For years, being able to carry a concealed handgun has been a sacred right for many gun enthusiasts. In defending it, Charlton Heston, the actor and former president of the National Rifle Association, used to say that the flock is safer when the wolves cannot tell the difference between the lions and the lambs. But a grass-roots effort among some gun rights advocates is shifting attention to a different goal: exercising the right to carry unconcealed weapons in the 38 or more states that have so-called open-carry laws allowing guns to be carried in public view with little or no restrictions. The movement is not only raising alarm among gun control proponents but also exposing rifts among gun rights advocates.

The call for gun owners to carry their guns openly in the normal course of business first drew broad attention last summer, when opponents of the Obama administration's health care overhaul began appearing at town-hall-style meetings wearing sidearms. But in recent weeks, the practice has expanded as gun owners in California and other states that allow guns to be openly carried have tested the law by showing up at so-called meet-ups, in which gun owners appear at Starbucks, pizza parlors and other businesses openly bearing their weapons.

(More)

AG0044

"Our point is to do the same thing that concealed carriers do," said Mike Stollenwerk, a co-founder of OpenCarry.org, which serves as a national forum. "We're just taking off our jackets."

The goal, at least in part, is to make the case for liberalized concealed weapon laws by demonstrating how uncomfortable many people are with publicly displayed guns. The tactic has startled many business owners like Peet's Coffee and Tea and California Pizza Kitchen, which forbid guns at their establishments. So far, Starbucks has resisted doing the same. (*Locked, Loaded, and Ready to Caffeinate*, New York Times, March 7, 2010. http://www.nytimes.com/2010/03/08/us/08guns.html?pagewanted=print.)

3.   Is Banning Open Carrying of Handguns Unconstitutional?

The Second Amendment to the United States Constitution states, "A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed". (U.S. Const., Second Amend.)  For many years, courts have wrestled with the question of whether the Second Amendment protects the individual's right to own a weapon.  In *United States vs. Cruikshank* (1875) 92 U.S. 542, the Supreme Court held that the Second Amendment guaranteed states the right to maintain militias but did not guarantee to individuals the right to possess guns.  Subsequently, in *United States vs. Miller* (1939), the Court upheld a federal law banning the interstate transportation of certain firearms.  Miller, who had been arrested for transporting a double-barreled sawed-off shotgun from Oklahoma to Arkansas, claimed the law was a violation of the Second Amendment.

The Court rejected Miller's argument, stating:

In the absence of any evidence tending to show that possession or use of a "shotgun having a barrel of less than eighteen inches in length" at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument.  Certainly it is not within judicial notice that this weapon is any part of the ordinary military equipment or that its use could contribute to the common defense. (*United States* v. *Miller*, 307 U.S. 174, 178 (1939).)

For many years following the Supreme Court's decision in *United States vs. Miller*, the orthodox opinion among academics and federal appeals courts alike was that the Second Amendment to the United States Constitution did not protect possession of firearms unrelated to service in the lawfully established militia. (Merkel, *Parker v. District of Columbia and the Hollowness of the Originalist Claims to Principled Neutrality*, 18 Geo. Mason U. Civil Right L. Journal, 251, 251.)

(More)

That changed in June 2008, when the United States Supreme Court ruled in *District of Columbia vs. Heller* that a District of Columbia complete ban on possession of a handgun in the home was an unconstitutional violation of the Second Amendment. (*District of Columbia v. Heller* (2008) 128 S. Ct. 2783, 2797.) After a lengthy discussion of the historical context and meaning of the Second Amendment, the Court stated:

> Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation. This meaning is strongly confirmed by the historical background of the Second Amendment. We look to this because it has always been widely understood that the Second Amendment, like the First and Fourth Amendments, codified a pre-existing right. The very text of the Second Amendment implicitly recognizes the pre-existence of the right and declares only that it 'shall not be infringed.' As we said in *United States v. Cruikshank* [citation omitted] '[t]his is not a right granted by the Constitution. Neither is it in any manner dependent upon that instrument for its existence. The Second Amendment declares that it shall not be infringed ...' " (*Heller* at 2797.)

However, in the *Heller* decision, the Supreme Court also stated:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. n26

> FOOTNOTES
> n26 We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive. (*District of Columbia v. Heller*, 128 S. Ct. 2783, 2816-2817 (2008), citations omitted.)

Therefore, while the *Heller* decision established that the right to own a firearm is a personal right, not one limited to ownership while serving in a "well-regulated militia," it also held that the government may place reasonable restrictions on that right such as restricting "carrying

(More)

firearms in sensitive places." It is not clear whether the Supreme Court would include in its list of lawful regulatory measures prohibiting the open carrying of unloaded handguns in public.

IS A BAN ON OPEN CARRYING OF HANDGUNS IN PUBLIC CONSTITUTIONAL?

4.  Arguments in Support

The Peace Officer Research Association of California states:

> The practice by individuals and organizations to "openly carry" firearms in public places in order to challenge law enforcement and firearm statutes in California is increasing in frequency. While PORAC understands that most of these open carry demonstrations are being done by law abiding citizens, it places law enforcement and the public in a precarious and possibly dangerous situation. Most often, law enforcement is called to the scene based on a citizen or merchant complaint. When the officer arrives at the scene, it is their obligation to question those persons carrying the firearms and to inquire as to whether the firearm is loaded. Until that officer has physically seen if the firearm is loaded, that officer must assume that their lives and the lives of those around them may be in danger.

> Again, these situations are potentially dangerous and should not occur in a public place wherein any number of things could go wrong. We believe this bill will be very helpful in preventing these potentially unsafe incidents from happening.

5.  Arguments in Opposition

The National Rifle Association and the California Rifle and Pistol Association state:

> By denying individuals the ability to carry an unloaded firearm, SB 144 directly violates the constitutional right to keep and bear arms for self-defense. We urge you to oppose this attack on the rights of the law abiding population to carry a firearm in case of a self-defense emergency should they so choose.

> In addition, we write to notify you that the problems facing SB 144 are compounded by the current state of California's concealed carry weapons (CCW) permitting system. Should AB 144 pass, it will wreak havoc on California's CCW permitting system. In most areas of California, CCW permits are rarely issued, and are usually reserved for those with political clout and the wealthy elite. Because of this reality, "open carrying" is the only method available to the overwhelming majority of law-abiding individuals who wish to carry a firearm for self-defense. Accordingly, by banning the open carrying of even unloaded firearms, SB 144 effectively shuts the door on the ability of law-abiding Californians to carry a firearm for self-defense at all.

**************

ASSEMBLY THIRD READING
AB 144 (Portantino and Ammiano)
As Amended May 2, 2011
Majority vote

| PUBLIC SAFETY | 5-2 | APPROPRIATIONS | 12-5 |
|---|---|---|---|

Ayes: Ammiano, Cedillo, Hill, Mitchell, Yamada

Ayes: Fuentes, Blumenfield, Bradford, Charles Calderon, Campos, Davis, Gatto, Hall, Hill, Lara, Mitchell, Solorio

Nays: Knight, Hagman

Nays: Harkey, Donnelly, Nielsen, Norby, Wagner

SUMMARY: Makes it a misdemeanor for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county. Specifically, this bill:

1) Makes it a misdemeanor punishable by imprisonment in the county jail not to exceed six months, by a fine not to exceed $1,000, or by both a fine and imprisonment for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person, or when that person carries and exposed and unlocked handgun inside or on a vehicle, whether or not is in on his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county.

2) Makes the crime of openly carrying an unloaded handgun punishable by imprisonment in the county jail not to exceed one year, or by a fine not to exceed $1,000, or by that fine and imprisonment if the handgun and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not the registered owner of the firearm.

3) States that the sentencing provisions of this prohibition shall not preclude prosecution under other specified provisions of law with a penalty that is greater.

4) Provides that the provisions of this prohibition are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

5) States that notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a separate and distinct offense.

6) States that the open carrying of an unloaded handgun does not apply to the carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

AG0048

7) Provides that the crime of openly carrying an unloaded handgun does not apply to, or affect, the following:

  a) The open carrying of an unloaded handgun by any peace officer or by an honorably retired peace officer authorized to carry a handgun;

  b) The open carrying of an unloaded handgun by any person authorized to carry a loaded handgun;

  c) The open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, wholesaling, repairing or dealing in firearms and who is licensed to engaged in that business or an authorized representative of that business;

  d) The open carrying of an unloaded handgun by duly authorized military or civil organizations while parading, or the members thereof when at the meeting places of their respective organizations;

  e) The open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range;

  f) The open carrying of an unloaded handgun by a licensed hunter while engaged in lawful hunting;

  g) The open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier or an authorized agent or employee thereof when transported in conformance with applicable federal law;

  h) The open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while an official parade duty or ceremonial occasions of that organization;

  i) The open carrying of an unloaded handgun within a gun show;

  j) The open carrying of an unloaded handgun within a school zone, as defined, with the written permission of the school district superintendent, his or her designee, or equivalent school authority;

  k) The open carrying of an unloaded handgun when in accordance with the provisions relating to the possession of a weapon in a public building or State Capitol;

  l) The open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest;

  m) The open carrying of an unloaded handgun incident to loaning, selling, or transferring the same, so long as that handgun is possessed within private property and the possession and

carrying is with the permission of the owner or lessee of that private property;

n) The open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business which is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training;

o) The open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event when the participant lawfully uses the handgun as part of that production or event or while the participant or authorized employee or agent is at that production event;

p) The open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice (DOJ);

q) The open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace while he or she is actually engaged in assisting that officer;

r) The open carrying of an unloaded handgun incident to a private party transfer through a licensed firearms dealer;

s) The open carrying of an unloaded handgun by a person in the scope and course of training by an individual to become a sworn peace officer;

t) The open carrying of an unloaded handgun in the course and scope of training to in order to be licensed to carry a concealed weapon;

u) The open carrying of an unloaded handgun at the request of a sheriff or chief or other head of a municipal police department;

v) The open carrying of an unloaded handgun within a place of business, within a place of residence, or on private property if done with the permission of the owner or lawful possessor of the property; and,

w) The open carrying of an unloaded handgun when all of the following conditions are satisfied:

   i) The open carrying occurs at an auction or similar event of a nonprofit or mutual benefit corporation event where firearms are auctioned or otherwise sold to fund activities;

   ii) The unloaded handgun is to be auctioned or otherwise sold for the nonprofit public benefit mutual benefit corporation;

   iii) The unloaded handgun is delivered by a licensed dealer;

AG0050

    iv) The open carrying of an unloaded handgun does not apply to person authorized to carry handguns in the State Capitol or residences of the Governor or other constitutional officers; and,

    v) The open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying the handgun is the registered owner of the handgun.

8) Makes conforming and nonsubstantive technical changes.

FISCAL EFFECT: According to the Assembly Appropriations Committee, unknown, likely minor, non-state-reimbursable local law enforcement and incarceration costs, offset to a degree by increased fine revenue.

COMMENTS: According to the author, "The absence of a prohibition on 'open carry' has created an increase in problematic instances of guns carried in public, alarming unsuspecting individuals causing issues for law enforcement.

"Open carry creates a potentially dangerous situation. In most cases when a person is openly carrying a firearm, law enforcement is called to the scene with few details other than one or more people are present at a location and are armed.

"In these tense situations, the slightest wrong move by the gun carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal. In this situation, the practice of 'open carry' creates an unsafe environment for all parties involved: the officer, the gun-carrying individual, and for any other individuals nearby as well.

"Additionally, the increase in "open carry" calls placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways."

Please see the policy committee for a full discussion of this bill.

Analysis Prepared by:    Gregory Pagan / PUB. S. / (916) 319-3744

FN: 0000523

Date of Hearing:    May 4, 2011

## ASSEMBLY COMMITTEE ON APPROPRIATIONS
### Felipe Fuentes, Chair

### AB 144 (Portantino) – As Amended:  May 2, 2011

Policy Committee:  Public Safety                     Vote:    5-2

Urgency:  No        State Mandated Local Program: Yes        Reimbursable:    No

## SUMMARY

This bill makes it a misdemeanor to carry an exposed and unloaded handgun in a public place
('open carry').  Specifically,  this bill:

1)  Makes it a misdemeanor punishable  by up to six months  in county jail and/or a fine of up to
    $1,000, to carry an exposed and unloaded  handgun while in a public place.

2)  Creates a lengthy  series of exceptions to the prohibition on open carry, including  peace
    officers, range shooting, hunters engaged in lawful hunting, incidental transport, gun shows,
    entertainment  props, etc.

3)  Makes a series of conforming  and nonsubstantive  changes.

## FISCAL EFFECT

Unknown, likely minor, non-state-reimbursable  local law enforcement and incarceration costs,
offset to a degree by increased fine revenue.

## COMMENTS

1)  Rationale.  The author and proponents contend the absence of a prohibition on open carry has
    created a surge in problematic  instances of guns carried in public, alarming  people and
    causing issues for law enforcement.  According to the author:

    "Open carry creates a potentially dangerous situation.  In most cases when a person is openly
    carrying a firearm, law enforcement  is called to the scene with few details other than one or
    more people are present at a location  and are armed.

    "In these tense situations,  the slightest  wrong move by the gun carrier could be construed  as
    threatening  by the responding  officer, who may feel compelled  to respond in a manner that
    could be lethal.  In this situation, the practice of 'open carry' creates an unsafe environment
    for all parties involved:  the officer, the gun-carrying  individual, and for any other individuals
    nearby as well.

    "Additionally,  the increase in 'open carry' calls placed to law enforcement has taxed
    departments  dealing with under-staffing and cutbacks due to the current fiscal climate in
    California, preventing  them from protecting the public in other ways."

AG0052

2) <u>Current law</u> specifies that carrying a loaded gun or a concealed gun is generally a misdemeanor, punishable by up to one year in a county jail and/or a fine of up to $1,000. There are circumstances, however, where the penalty may be a wobbler if the offender has a specified prior conviction.

3) <u>Supporters,</u> including the Police Chiefs Association, the Peace Officer Research Association of CA (PORAC), the CA chapters of the Brady Campaign to Prevent Gun Violence, and the Legal Community Against Violence, contend that in recent years, members of the so-called 'open carry movement' have held open carry events in public places such as coffee shops, restaurants, and public parks. Open carry intimidates the public, wastes law enforcement resources, and increases the potential for death and injury.

According to the Legal Community Against Violence, "Although California law requires openly carried firearms to remain unloaded, this does little to improve public safety, since state law also permits the carrying of ammunition. The ability to carry firearms and ammunition makes the distinction between loaded and unloaded weapons almost meaningless, as open carry advocates have boasted about their abilities to load their weapons in a matter of seconds."

4) <u>Opponents,</u> including various gun owner organizations, contend this bill is part of a continuing effort to disarm the public. According to the Gun Owners of California in their opposition to a similar bill last year, "We believe that a ban on 'open carrying' of unloaded handguns will bring a chilling effect on the constitutional rights of all citizens. Since the Second Amendment includes both the right to keep and bear arms, the government of California is going to have to come to grips as to how bearing will take place. As long as Carry Concealed Weapons Permits (CCWs) are not available to the vast majority of law-abiding citizens in California, the only other option is open carry.

"The argument that citizens legally expressing their rights causes some to be intimidated or uncomfortable is a vapid excuse for curtailing both the First and Second Amendment rights of any citizen. It may make some people feel uncomfortable or intimidated to hear someone espousing communist or nazi or racist beliefs in the public square, but as long as they are not breaking the law by exercising their hate-filled beliefs into actual subversion of the country, their rights of free speech, no matter how detestable, are protected even if it makes some people uncomfortable. That is freedom!"

5) <u>Similar legislation,</u> AB 1934 (Saldana), 2010, passed the Assembly 46-30, passed the Senate 21-16, and died on the Assembly floor on concurrence when the 2009-10 session expired.

<u>Analysis Prepared by:</u>    Geoff Long / APPR. / (916) 319-2081

AG0053

Date of Hearing:    April 12, 2011
Chief Counsel:    Gregory Pagan

ASSEMBLY COMMITTEE ON PUBLIC SAFETY
Tom Ammiano, Chair

AB 144 (Portantino) – As Introduced: January 13, 2011

SUMMARY:   Makes it a misdemeanor for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county.   Specifically, this bill:

1)  Makes it a misdemeanor punishable by imprisonment in the county jail not to exceed six months, by a fine not to exceed $1,000, or by both a fine and imprisonment for any person to carry an exposed and unloaded handgun outside a vehicle upon his or her person while in any public place or on any public street in an incorporated city, or in any public place or public street in a prohibited area of an unincorporated county.

2)  Makes the crime of openly carrying an unloaded handgun punishable by imprisonment in the county jail not to exceed one year, or by a fine not to exceed $1,000, or by that fine and imprisonment if the handgun and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not the registered owner of the firearm.

3)  States that the sentencing provisions of this prohibition shall not preclude prosecution under other specified provisions of law with a penalty that is greater.

4)  Provides that the provisions of this prohibition are cumulative, and shall not be construed as restricting the application of any other law.  However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

5)  States that notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a separate and distinct offense.

6)  Provides that the crime of openly carrying an unloaded handgun does not apply to, or affect, the following:

    a)  The open carrying of an unloaded handgun by any peace officer or by an honorably retired peace officer authorized to carry a handgun;

    b)  The open carrying of an unloaded handgun by any person authorized to carry a loaded handgun;

    c)  The open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, wholesaling, repairing or dealing in firearms and who is

AG0054

licensed to engaged in that business or an authorized representative of that business;

d) The open carrying of an unloaded handgun by duly authorized military or civil organizations while parading, or the members thereof when at the meeting places of their respective organizations;

e) The open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range;

f) The open carrying of an unloaded handgun by a licensed hunter while engaged in lawful hunting;

g) The open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier or an authorized agent or employee thereof when transported in conformance with applicable federal law;

h) The open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while an official parade duty or ceremonial occasions of that organization;

i) The open carrying of an unloaded handgun within a gun show;

j) The open carrying of an unloaded handgun within a school zone, as defined, with the written permission of the school district superintendent, his or her designee, or equivalent school authority;

k) The open carrying of an unloaded handgun when in accordance with the provisions relating to the possession of a weapon in a public building or State Capitol;

l) The open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest;

m) The open carrying of an unloaded handgun incident to loaning, selling, or transferring the same, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property;

n) The open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business which is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training;

o) The open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event when the participant lawfully uses the handgun as part of that production or event or while the participant or authorized employee or

agent is at that production event;

p) The open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice (DOJ);

q) The open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace while he or she is actually engaged in assisting that officer; or,

r) The open carrying of an unloaded handgun incident to a private party transfer through a licensed firearms dealer;

s) The open carrying of an unloaded handgun by a person in the scope and course of training by an individual to become a sworn peace officer;

t) The open carrying of an unloaded handgun in the course and scope of training to in order to be licensed to carry a concealed weapon;

u) The open carrying of an unloaded handgun at the request of a sheriff or chief or other head of a municipal police department;

v) The open carrying of an unloaded handgun within a place of business, within a place of residence, or on private property if done with the permission of the owner or lawful possessor of the property;

w) The open carrying of an unloaded handgun when all of the following conditions are satisfied:

   i) The open carrying occurs at an auction or similar event of a nonprofit or mutual benefit corporation event where firearms are auctioned or otherwise sold to fund activities.

   ii) The unloaded handgun is to be auctioned or otherwise sold for the nonprofit public benefit mutual benefit corporation.

   iii) The unloaded handgun is delivered by a licensed dealer.

   iv) The open carrying of an unloaded handgun does not apply to person authorized to carry handguns in the State Capitol or residences of the Governor or other constitutional officers.

   v) The open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying the handgun is the registered owner of the handgun.

7) The offense of openly carrying an unloaded handgun if all of the following apply:

a) The handgun is carried on a public street or in a public place in a prohibited area of an unincorporated area of a county that is less than 200,000 persons, as specified.

b) The person carrying the handgun is the registered owner of the handgun.

c) The area where that person is carrying that handgun is not a public street or a public place in a prohibited area of an unincorporated territory of a county where that unincorporated area is completely bordered by an incorporated city.

8) Makes conforming and nonsubstantive technical changes.

EXISTING LAW:

1) Defines "handgun" as any "pistol," "revolver," or "firearm capable of being concealed upon the person." [Penal Code Section 12001(a)(2).]

2) Provides, except as otherwise provided, that a person is guilty of carrying a concealed firearm when he or she:

a) Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person;

b) Causes to be concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person; or,

c) Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person. [Penal Code Section 12025(a).]

3) Provides that carrying a concealed firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or by both the fine and imprisonment. However, there are six circumstances where the penalty may be punishable as a felony or alternate felony-misdemeanor:

a) A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law;

b) A felony where the firearm is stolen and the person knew, or had reasonable cause to believe, that the firearm was stolen;

c) A felony where the person is an active participant in a criminal street gang;

d) A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm;

e) An alternate felony-misdemeanor where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation; and,

f) An alternate felony-misdemeanor where:

AG0057

    i)   Both the concealable firearm and the unexpended ammunition for that firearm are either in the immediate possession of the person or readily available to that person or where the firearm is loaded; and,

    ii)   The person is not listed with the DOJ as the registered owner of the firearm. [Penal Code Section 12025(b).]

4) Provides a number of exceptions and limitations to the prohibition on carrying a concealed firearm including methods to lawfully carry firearms in a vehicle, a home, or a business, etc. (Penal Code Sections 12025.5, 12026, 12026.1, 12026.2, 12027, and 12050.)

5) Defines a "loaded firearm" as "when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm; except that a muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder." [Penal Code Section 12031(g).]

6) Prohibits the carrying of a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or a prohibited area of unincorporated territory. The penalty provisions for this prohibition are substantially similar to those provided in Penal Code Section 12025(b) and provide numerous exceptions and limitation to this prohibition. (Penal Code Section 12031.)

7) Provides that carrying a loaded firearm is generally a misdemeanor, punishable by up to one year in a county jail; by a fine of up to $1,000; or by both the fine and imprisonment. However, there are six circumstances where the penalty may be punishable as a felony or alternate felony-misdemeanor:

    a)   A felony where the person has previously been convicted of any felony or of any crime made punishable by the Dangerous Weapons Control Law;

    b)   A felony where the firearm is stolen and the person knew or had reasonable cause to believe that the firearm was stolen;

    c)   A felony where the person is an active participant in a criminal street gang;

    d)   A felony where the person is not in lawful possession of the firearm, as defined, or the person is within a class of persons prohibited from possessing or acquiring a firearm;

    e)   An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person has been convicted of a crime against a person or property or of a narcotics or dangerous drug violation.

    f)   An alternate felony-misdemeanor punishable by imprisonment in the state prison; by imprisonment in a county jail not to exceed one year; by a fine not to exceed $1,000; or by both that imprisonment and fine where the person is not listed with the DOJ as the

AG0058

registered owner of the firearm.  [Penal Code Section 12031(b).]

8) Prohibits a person, without appropriate permission, as specified, from possessing a firearm within an area that the person knew or reasonably should have known was a "school zone", defined as an area in or on the grounds of or within 1,000 feet of the grounds of any public or private K-12 school.  (Penal Code Section 629.9.)

9) Provides that any person who has ever been convicted of a felony and who owns or has in his or her possession or under his or her custody or control a firearm is guilty of a felony, punishable by 16 months, 2 or 3 years in prison.  [Penal Code Section 12021(b).]

10) Provides that every person who, except in self-defense, draws or exhibits any firearm in public, loaded or unloaded, in the presence of another person, in a rude, angry or threatening manner is guilty of a misdemeanor and shall be imprisoned for not less than three months nor more than one year in the county jail; fined $1,000; or both.  [Penal Code Section 417(a).]

11) Provides that every person who, except in self-defense, draws or exhibits any firearm, loaded or unloaded, in a rude, angry or threatening manner in public, in the presence of a peace officer, who a reasonable person would know was in the performance of his or her duty, is guilty of an alternate misdemeanor/felony and shall be imprisoned for not less than nine months and up to one year in the county jail or in the state prison for 16 months, 2 or 3 years.  [Penal Code Section 417(c).]

FISCAL EFFECT:  Unknown

COMMENTS:

1) Author' Statement:  According to the author, "The absence of a prohibition on 'open carry' has created an increase in problematic instances of guns carried in public, alarming unsuspecting ting individuals causing issues for law enforcement.

"Open carry creates a potentially dangerous situation.  In most cases when a person is openly carrying a firearm, law enforcement is called to the scene with few details other than one or more people are present at a location and are armed.

"In these tense situations, the slightest wrong move by the gun carrier could be construed as threatening by the responding officer, who may feel compelled to respond in a manner that could be lethal.  In this situation, the practice of 'open carry' creates an unsafe environment for all parties involved:  the officer, the gun-carrying individual, and for any other individuals nearby as well.

"Additionally, the increase in 'open carry' calls has placed to law enforcement has taxed departments dealing with under-staffing and cutbacks due to the current fiscal climate in California, preventing them from protecting the public in other ways."

2) Argument in Support:  According to the Legal Community Against Violence, "Over the past two years, members of the so-called 'open carry movement' have held numerous carrying events in public places like coffee shops, restaurants, and public parks.  These events have shocked Californians statewide, because the open carrying of handguns creates serious public

AG0059

safety concerns. Open carrying intimidates the public, wastes law enforcement resources, and presents opportunities for injury and death due to the accidental or intentional use of firearms. This conduct needlessly increases the likelihood that everyday interpersonal conflicts will turn into deadly shootouts.

"Open carrying poses particular challenges for law enforcement officers who must respond to 911 calls from concerned citizens about people carrying guns in public. A state issued by the San Mateo County Sheriff's Office described the significant dangers that open carrying creates:

" 'Open carry create a potentially very dangerous situation. When police are called to a "man with a gun" call they typically are responding to a situation about which they have few details other than that one or more people are present at a location and are armed. . . . Consequently, the law enforcement response is one of "hypervigilant urgency" in order to protect the public from an armed threat. Should the gun carrying person fail to comply with a law enforcement instruction or move in a way that could be construed as threatening, the police are forced to respond in kind for their own protection. . . . Simply put, it is not recommended to open carry firearms.'

"Although California law requires openly carried firearms to remain unloaded, this does little to improve public safety, since state law also permits the carrying of ammunition. The ability to carry firearms and ammunition makes the distinction between loaded and unloaded weapons almost meaningless, as open carry advocates have boasted about their abilities to load their weapons in a matter of seconds."

3) Argument in Opposition: According to the National Rifle Association, "Should AB 144 pass, it will wreak havoc on CA's California's concealed weapons (CCW) permitting system. In most areas of California, CCW permits are rarely issued, and are a usually reserved for those with political clout and the wealthy elite. Because of this reality, 'open carrying' is the only method available to the overwhelming majority of law-abiding individuals who wish to carry a firearm for self-defense. Accordingly, by banning the open carrying of even unloaded firearms, AB 144 effectively shuts the door on the ability of law-abiding Californians to carry a firearm for self-defense at all.

"In fact, a recent 9th Circuit District Court decision expressly relied on the ability to 'open carry' as the basis for its decision to uphold the government's current policy denying CCW application unless the applicant demonstrates some special need or 'good cause' beyond that of general self-defense.

"In that case, *Peruta v. County of San Diego*, several Plaintiffs challenged the government's CCW permitting scheme. The suit alleged that the permitting scheme violated the Second Amendment because CCW applications are typically denied where the applicant identifies only a generalized self-defense need as the 'good cause' required by Cal. Pen. Code section 12050. And even though the Second Amendment requires the government to afford law abiding citizens the ability to 'bear' or 'carry' firearms for self-defense – without discretion as to who may be qualified to exercise that right – the Court ruled that the County's policy of requiring specific threats of harm, as opposed to general 'self-defense' need, did not violate the Second Amendment because the state *already* authorizes constitutional means of carrying a firearm for self-defense. That means of carry is found in section 12031, which permits the

AG0060

carrying of an unloaded firearm that may be loaded by the individual in a self-defense emergency.

" '[A]s a practical matter, should the need for self-defense arise, nothing in section 12031[(j)] restricts the open carry of unloaded firearms and ammunition for instant loading.' ... 'As a consequence, the Court declines to assume that section 12031 places an unlawful burden on the right to carry a firearm for self-defense...'"

" '(Order Denying Plaintiff's Motion for Partial Summary Adjudication and Granting Defendant's Motion for Summary Judgment at 8:8-10, 8:21-22, *Peruta v. County of San Diego*, No. 09-2371 (S.D. Cal. 2010).'

"If not for the lawful ability to openly carry a firearm that may be loaded for self-defense, the County's entire CCW scheme of requiring 'good cause' beyond that of self-defense would have been ruled unconstitutional in *Peruta*."

## REGISTERED SUPPORT / OPPOSITION:

### Support

California Chapters of the Brady Campaign to Prevent Gun Violence
California Police Chiefs Association, Inc.
City of West Hollywood
Friends Committee on Legislation of California
Legal Community Against Violence
Peace Officer Research Association of California

### Opposition

Bay Area Open Carry Movement
California Rifle and Pistol Association
Californians for Natural Rights
Capitol Resource Family Impact
Contra Costa Open Carry
Gun Owners of California
Intelligent Recycling Solutions
National Rifle Association
Responsible Citizens of California
South Bay Open Carry
131 private individuals

Analysis Prepared by:    Gregory Pagan / PUB. S. / (916) 319-3744

*California*
LEGISLATIVE INFORMATION

**AB-144 Firearms.** (2011-2012)

**SECTION 1.** Section 7574.14 of the Business and Professions Code is amended to read:

**7574.14.** This chapter shall not apply to the following:

(a) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in ~~a~~ *any* calendar month.

(b) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(c) A charitable philanthropic society or association incorporated under the laws of this state that is organized and duly maintained for the public good and not for private profit.

(d) Patrol special police officers appointed by the police commission of ~~a~~ *any* city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(e) An attorney at law in performing his or her duties as an attorney at law.

(f) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(g) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(h) ~~A~~ *Any.* bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(i) A person engaged solely in the business of securing information about persons or property from public records.

(j) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt such a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(k) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may

AG0062

not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 4 of Title 4 of Part 6 of the Penal Code, ~~may not carry an unloaded firearm that is not a handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26405) of Chapter 7 of Division 5 of Title 4 of Part 6 of the Penal Code,~~ and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Sections 25450 to 25475, inclusive, of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(l) A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(m) ~~A~~ *Any* savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(n) ~~A~~ *Any* secured creditor engaged in the repossession of the creditor's collateral and ~~a~~ *any* lessor engaged in the repossession of leased property in which it claims an interest.

(o) A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(p) An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses ~~a~~ *any* deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(q) An armored contract carrier operating armored vehicles pursuant to the authority of the Department of the California Highway Patrol or the Public Utilities Commission, or an armored vehicle guard employed by an armored contract carrier.

**SEC. 2.** Section 7582.2 of the Business and Professions Code is amended to read:

7582.2. This chapter does not apply to the following:

(a) A person who does not meet the requirements to be a proprietary private security officer, as defined in Section ~~7574.01,~~ *7574.1,* and is employed exclusively and regularly by ~~an~~ *any* employer who does not provide contract security services for other entities or persons, in connection with the affairs of the employer only and where there exists an employer-employee relationship if that person at no time carries or uses ~~a~~ *any* deadly weapon in the performance of his or her duties. For purposes of this subdivision, "deadly weapon" is defined to include ~~an~~ *any* instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, ~~a~~ *any* dirk, dagger, pistol, revolver, or any other firearm, ~~a~~ *any* knife having a blade longer than five inches, ~~a~~ *any* razor with an unguarded ~~blade,~~ *blade* and ~~a~~ *any* metal pipe or bar used or intended to be used as a club.

(b) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(c) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(d) A charitable philanthropic association duly incorporated under the laws of this state that is organized and maintained for the public good and not for private profit.

(e) Patrol special police officers appointed by the police commission of a *any* city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(f) An attorney at law in performing his or her duties as an attorney at law.

(g) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(h) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(i) A *Any* bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of the Currency of the United States.

(j) A person engaged solely in the business of securing information about persons or property from public records.

(k) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(l) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, ~~may not carry an unloaded firearm that is not a handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26405) of Chapter 7 of Division 5 of Title 4 of Part 6 of the Penal Code,~~ and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6 of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(m) A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(n) A *Any* savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(o) A *Any* secured creditor engaged in the repossession of the creditor's collateral and a *any* lessor engaged in the repossession of leased property in which it claims an interest.

(p) A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

AG0064

(q) A security guard employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses a *any* deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(r) The changes made to this section by the act adding this subdivision during the 2005–06 Regular Session of the Legislature shall apply as follows:

(1) On and after July 1, 2006, to a person hired as a security officer on and after January 1, 2006.

(2) On and after January 1, 2007, to a person hired as a security officer before January 1, 2006.

SEC. 3. *Section 626.92 is added to the Penal Code, to read:*

626.92. *Section 626.9 does not apply to or affect any of the following:*

*(a) A security guard authorized to openly carry an unloaded handgun pursuant to Chapter 6 (commencing with Section 26350) of Division 5 of Title 4 of Part 6.*

*(b) An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to Section 26361.*

SEC. 4. Section 16520 of the Penal Code is amended to read:

16520. (a) As used in this part, "firearm" means a *any* device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an *any* explosion or other form of combustion.

(b) As used in the following provisions, "firearm" includes the frame or receiver of the weapon:

(1) Section 16550.

(2) Section 16730.

(3) Section 16960.

(4) Section 16990.

(5) Section 17070.

(6) Section 17310.

(7) Sections 26500 to 26588, inclusive.

(8) Sections 26600 to 27140, inclusive.

(9) Sections 27400 to 28000, inclusive.

(10) Section 28100.

(11) Sections 28400 to 28415, inclusive.

(12) Sections 29010 to 29150, inclusive.

(13) Sections 29610 to 29750, inclusive.

(14) Sections 29800 to 29905, inclusive.

AG0065

(15) Sections 30150 to 30165, inclusive.

(16) Section 31615.

(17) Sections 31705 to 31830, inclusive.

(18) Sections 34355 to 34370, inclusive.

(19) Sections 8100, 8101, and 8103 of the Welfare and Institutions Code.

(c) As used in the following provisions, "firearm" also includes a *any* rocket, rocket propelled projectile launcher, or similar device containing an *any* explosive or incendiary material, *material* whether or not the device is designed for emergency or distress signaling purposes:

(1) Section 16750.

(2) Subdivision (b) of Section 16840.

(3) Section 25400.

(4) Sections 25850 to 26025, inclusive.

(5) Subdivisions (a), (b), and (c) of Section 26030.

(6) Sections 26035 to 26055, inclusive.

(d) As used in the following provisions, "firearm" does not include an unloaded antique firearm:

(1) Subdivisions (a) and (c) of Section 16730.

(2) Section 16550.

(3) Section 16960.

(4) Section 17310.

(5) Chapter 6 (commencing with Section 26350) of Division 5 of Title 4.

(6) Chapter 7 (commencing with Section 26400) of Division 5 of Title 4.

(7) *(6)* Sections 26500 to 26588, inclusive.

(8) *(7)* Sections 26700 to 26915, inclusive.

(9) *(8)* Section 27510.

(10) *(9)* Section 27530.

(11) *(10)* Section 27540.

(12) *(11)* Section 27545.

(13) *(12)* Sections 27555 to 27570, inclusive.

(14) *(13)* Sections 29010 to 29150, inclusive.

(e) As used in Sections 34005 and 34010, "firearm" does not include a destructive device.

(f) As used in Sections 17280 and 24680, "firearm" has the same meaning as in Section 922 of Title 18 of the United States Code.

(g) As used in Sections 29010 to 29150, inclusive, "firearm" includes the unfinished frame or receiver of a weapon that can be readily converted to the functional condition of a finished frame or receiver.

SEC. 5. Section 16750 of the Penal Code is amended to read:

16750. (a) As used in Section 25400, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner

or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(b) As used in Article 2 (commencing with Section 25850), Article 3 (commencing with Section 25900), and Article 4 (commencing with Section 26000) of Chapter 3 of Division 5 of Title 4, *and* Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, and Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

SEC. 6. Section 16850 of the Penal Code is amended to read:

16850. As used in Sections 17740, 23925, 25105, 25205, and 25610, in Article 3 (commencing with Section 25505) of Chapter 2 of Division 5 of Title 4, *and* in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, and in Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, "locked container" means a secure container that is fully enclosed and locked by a padlock, keylock, combination lock, or similar locking device. The term "locked container" does not include the utility or glove compartment of a motor vehicle.

*SEC. 7. Section 16950 is added to the Penal Code, to read:*

*16950. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed to be carried openly or exposed if the handgun is not carried concealed within the meaning of Section 25400.*

*SEC. 8. Section 17040 is added to the Penal Code, to read:*

*17040. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "public place" has the same meaning as in Section 25850.*

*SEC. 9. Section 17295 is added to the Penal Code, to read:*

*17295. For purposes of Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed "unloaded" if it is not "loaded" within the meaning of subdivision (b) of Section 16840.*

*SEC. 10. Section 17512 is added to the Penal Code, to read:*

*17512. It is a misdemeanor for a driver of any motor vehicle or the owner of any motor vehicle, whether or not the owner of the vehicle is occupying the vehicle, to knowingly permit any other person to carry into or bring into the vehicle a firearm in violation of Section 26350.*

*SEC. 11. Section 25590 is added to the Penal Code, to read:*

*25590. Section 25400 does not apply to, or affect, the transportation of a firearm by a person if done directly between any of the places set forth below:*

*(a) A place where the person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25400.*

*(b) A place where that person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25850, or a place where the prohibition set forth in subdivision (a) of Section 25850 does not apply.*

*(c) A place where that person may carry a firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 26350, or a place where the prohibition set forth in subdivision (a) of Section 26350 does not apply.*

SEC. 12. Section 25595 of the Penal Code is amended to read:

25595. This article does not prohibit or limit the otherwise lawful carrying of a firearm in accordance with the provisions listed in Section 16580.

**SEC. 13.** Section 25605 of the Penal Code is amended to read:

25605. (a) Section 25400 and Chapter 6 (commencing with Section 26350) of Division 5 shall not apply to or affect any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, who carries, either openly or concealed, anywhere within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident, any handgun.

(b) No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, to purchase, own, possess, keep, or carry, either openly or concealed, a handgun within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

(c) Nothing in this section shall be construed as affecting the application of Sections 25850 to 26055, inclusive.

**SEC. 14.** Chapter 6 (commencing with Section 26350) is added to Division 5 of Title 4 of Part 6 of the Penal Code, to read:

*CHAPTER 6. Openly Carrying an Unloaded Handgun*
*Article 1. Crime of Openly Carrying an Unloaded Handgun*
26350. (a) (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A) A public place or public street in an incorporated city or city and county.

(B) A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2) A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A) The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B) The person is not in lawful possession of that handgun.

(c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

AG0068

(2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d) Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section.

### Article 2. Exemptions

26361. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any peace officer or any honorably retired peace officer if that officer may carry a concealed firearm pursuant to Article 2 (commencing with Section 25450) of Chapter 2, or a loaded firearm pursuant to Article 3 (commencing with Section 25900) of Chapter 3.

26362. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person to the extent that person may openly carry a loaded handgun pursuant to Article 4 (commencing with Section 26000) of Chapter 3.

26363. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, importing, wholesaling, repairing, or dealing in firearms and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while engaged in the lawful course of the business.

26364. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a duly authorized military or civil organization, or the members thereof, while parading or while rehearsing or practicing parading, when at the meeting place of the organization.

26365. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range.

26366. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while engaged in hunting or while transporting that handgun when going to or returning from that hunting expedition.

26367. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier, or by an authorized agent or employee thereof, when transported in conformance with applicable federal law.

26368. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or a nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while on official parade duty or ceremonial occasions of that organization or while rehearsing or practicing for official parade duty or ceremonial occasions.

26369. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6.

26370. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a school zone, as defined in Section 626.9, with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority.

26371. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun when in accordance with the provisions of Section 171b.

26372. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest.

26373. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to loaning, selling, or transferring that handgun in accordance with Article 1 (commencing with Section 27500) of Chapter 4 of Division 6, or in accordance with any of the exemptions from Section 27545, so long as that

handgun is possessed within that private property or is on that private property with the permission of the owner or lessee of that private property.

26374. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business that is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

26375. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event.

26376. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice pursuant to Section 23910.

26377. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun at any established target range, whether public or private, while the person is using the handgun upon the target range.

26378. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace, while the person is actually engaged in assisting that officer.

26379. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to any of the following:

(a) Complying with Section 27560 or 27565, as it pertains to that handgun.

(b) Section 28000, as it pertains to that handgun.

(c) Section 27850 or 31725, as it pertains to that handgun.

(d) Complying with Section 27870 or 27875, as it pertains to that handgun.

(e) Complying with Section 27915, 27920, or 27925, as it pertains to that handgun.

26380. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become a sworn peace officer as part of a course of study approved by the Commission on Peace Officer Standards and Training.

26381. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become licensed pursuant to Chapter 4 (commencing with Section 26150) as part of a course of study necessary or authorized by the person authorized to issue the license pursuant to that chapter.

26382. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to and at the request of a sheriff or chief or other head of a municipal police department.

26383. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when done within a place of business, a place of residence, or on private property, if done with the permission of a person who, by virtue of subdivision (a) of Section 25605, may carry openly an unloaded handgun within that place of business, place of residence, or on that private property owned or lawfully possessed by that person.

26384. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun if all of the following conditions are satisfied:

(a) The open carrying occurs at an auction or similar event of a nonprofit public benefit or mutual benefit corporation, at which firearms are auctioned or otherwise sold to fund the activities of that corporation or the local chapters of that corporation.

AG0070

(b) The unloaded handgun is to be auctioned or otherwise sold for the benefit of a public or mutual benefit corporation.

(c) The unloaded handgun is to be delivered by a person licensed pursuant to, and operating in accordance with, Sections 26700 to 26925, inclusive.

26385. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to paragraph (3) of subdivision (b) of Section 171c.

26386. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to Section 171d.

26387. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to subparagraph (F) of paragraph (1) subdivision (c) of Section 171.7.

26388. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun on publicly owned land, if the possession and use of a handgun is specifically permitted by the managing agency of the land and the person carrying that handgun is in lawful possession of that handgun.

26389. Section 26350 does not apply to, or affect, the carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

SEC. 15. No reimbursement is required by this act pursuant to Section 6 of Article XIIIB of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIIIB of the California Constitution.

AG0071

*California*
LEGISLATIVE INFORMATION

## AB-144 Firearms. (2011-2012)

Senate:                    1st   Cmt   2nd   3rd   2nd   3rd   Pass        Chp

Assembly: 1st   Cmt   2nd   3rd   Pass                              Pass

| Bill Status | |
|---|---|
| Measure: | AB-144 |
| Lead Authors: | Portantino (A) , Ammiano (A) |
| Principal Coauthors: | - |
| Coauthors: | De León (S) , Huffman (A) , Swanson (A) |
| Topic: | Firearms. |
| 31st Day in Print: | 02/13/11 |
| Title: | An act to amend Sections 7574.14 and 7582.2 of the Business and Professions Code, and to amend Sections 16520, 16750, 16850, 25595, and 25605 of, to add Sections 626.92, 16950, 17040, 17295, 17512, and 25590 to, and to add Chapter 6 (commencing with Section 26350) to Division 5 of Title 4 of Part 6 of, the Penal Code, relating to firearms. |
| House Location: | Secretary of State |
| Chaptered Date: | 10/09/11 |
| Last Amended Date: | 06/01/11 |

| Type of Measure |
|---|
| Inactive Bill – Chaptered |
| Majority Vote Required |
| Non-Appropriation |
| Fiscal Committee |
| State-Mandated Local Program |
| Non-Urgency |
| Non-Tax levy |

| Last 5 History Actions | |
|---|---|
| Date | Action |
| 10/09/11 | Chaptered by Secretary of State – Chapter 725, Statutes of 2011. |
| 10/09/11 | Approved by the Governor. |
| 09/21/11 | Enrolled and presented to the Governor at 3:30 p.m. |
| 09/09/11 | Senate amendments concurred in. To Engrossing and Enrolling. (Ayes 48. Noes 30. Page 3208.). |
| 09/09/11 | In Assembly. Concurrence in Senate amendments pending. |

AG0072