KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
  300 South Spring St., Ste. 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-6505
  Fax: (213) 897-1071
  E-mail: jonathan.eisenberg@doj.ca.gov
*Attorneys for Defendant California Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES NICHOLS,<br><br>                  Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,<br><br>                  Defendants. | CV-11-09916 SJO (SS)<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS**<br><br>Date:         N/A<br>Time:        N/A<br>Courtroom:  23 – 3d Flr.<br>Judge:       Hon. Suzanne Segal<br>Trial Date:   Not Set<br>Action Filed: Nov. 30, 2011 |

    Defendant Kamala D. Harris, Attorney General of the State of California (the "Attorney General"), submits the following objections to the Declaration of Charles Nichols in Support of Plaintiff's Motion for a Preliminary Injunction, filed on April 10, 2013.

| | OBJECTIONABLE TESTIMONY | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3-6 | Nichols Decl., ¶ 2, page 2, lines 11-12.<br><br>"I am not prohibited under Federal or California law from receiving or possessing firearms." | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Improper legal opinion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |
| 7-10 | ¶ 3, page 2, lines 14-15.<br><br>"I have violated the laws at issue in the past and have articulated a concrete plan to violate them in the future." | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Improper legal opinion. Fed. R. Evid. 701.<br>☐ Relevance. Fed. R. Evid. 401. | ☐ Sustained<br>☐ Overruled |
| 11-23 | ¶ 4, page 2, lines 17-25.<br><br>"I am presently being prosecuted for openly carrying a firearm in violation of a City of Redondo Beach municipal ordinance even though I was openly carrying the firearm in the beach zone of the city which is exempt from the ordinance (all coastal parklands are exempt by the city's own municipal ordinances) and despite the findings of Magistrate Judge Suzanne Segal and Federal District Court Judge Samuel James Otero that the State of California had preempted local regulations concerning the carrying of firearms. According to the City Attorney whose City Prosecutor reports to him, the city's ban applies to all weapons in all public places of the city." | ☐ Lack of foundation and personal knowledge. (§§ 403, 702.)<br>☐ Improper legal opinion. Fed. R. Evid. 701.<br>☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |
| 24-28 | ¶ 5, pages 2-3, lines 27-28, 1-4.<br><br>"On October 24, 2012 California Superior Court Judge David Sotelo denied my demurrer to the criminal charge stating 'Given the uniqueness of the City of Redondo Beach as (sic) beach community immediately west of cities such | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |

2

| | **OBJECTIONABLE TESTIMONY** | **GROUNDS FOR OBJECTION** | **COURT'S RULING** |
|---|---|---|---|
| 1 2 3 4 5 | as Los Angeles, Compton and Carson, its' (sic) parks on the Pacific Ocean shoreline draw visitors not just (sic) these cities but every county, city and neighborhood.'" | | |
| 6 7 8 9 10 11 12 13 14 15 16 | ¶ 6, page 3, lines 6-12. "The black population of the City of Redondo Beach is 2.8%. Only 25.9% of Compton is white. Only 23.8% of Carson is white. The portions of the City of Los Angeles immediate east of Redondo Beach are similarly predominantly minority. The Cities of Torrance and Lomita which were not mentioned by Judge Sotelo are also immediately to the east of the City of Redondo Beach. Torrance has a black population of 2.7%. Lomita has a black population of 5.3%. These figures were obtained from the U.S. Census website reflecting the 2010 Census." | ☐ Lack of foundation and personal knowledge. (§§ 403, 702.) <br> ☐ Relevance. Fed. R. Evid. 401. <br> ☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained <br> ☐ Overruled |
| 17 18 19 20 21 22 23 24 25 26 27 28 | ¶ 7, page 2, lines 14-23. "On May 21, 2011 I was stopped against my will by Redondo Beach police officers who took my long gun against my clear and vocal refusal to consent to the search. Redondo Beach Police Officer Todd Heywood performed a 'chamber check' to see if the firearm was unloaded pursuant to California Penal Code section 25850 and then subsequently confiscated my firearm carrying case, padlock and key thereby depriving me of my only means of self-defense even though the City of Redondo Beach has been aware since at least December 6, 2011 that I have a documented death threat against me. The unloaded firearm was | ☐ Relevance. Fed. R. Evid. 401. <br> ☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained <br> ☐ Overruled |

3

| OBJECTIONABLE TESTIMONY | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| also seized during the course of a peaceful protest. The protest was coordinated with the Redondo Beach City Attorney and Police Chief in advance." | | |
| ¶ 8, pages 3-4, lines 27-28,1-2. I sustained a severe back injury in a riding accident in August of 2002 leaving me partially disabled. I am not physically able to defend myself other than with a firearm. Current California law prevents me from openly carrying a firearm in case of confrontation for the purpose of self-defense. This includes self-defense with a less-lethal Taser which California defines as a 'firearm.'" | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Improper legal opinion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 9, page 4, lines 4-8. "This leaves under California law the only means of self-defense; a knife openly carried. However, some California cities such as the City of Redondo Beach and the City of Los Angeles have made it a crime to openly carry a knife which leaves me completely defenseless in those communities even if I were physically able to defend myself with a knife." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Improper legal opinion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 10, page 4, lines 10-13. "California law prohibits the issuance of licenses to openly carry a handgun to counties with a population of fewer than 200,000 people. These licenses are only theoretically available to residents of those counties and are only valid within the county within which they are issued." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Improper legal opinion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |

| OBJECTIONABLE TESTIMONY | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶ 11, page 4, lines 20-22. "I asked for an application and license to openly carry a loaded handgun from the Redondo Beach police chief who denied my request citing California Penal Code section 26155 through his then attorney, the City Attorney for Redondo Beach." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |
| ¶ 12, page 4, lines 20-22. "My public defender has stated in open court that he cannot provide me with a competent defense. The presiding judge, 'Chet' Taylor did not replace my public defender." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |
| ¶ 13, page 4, lines 24-27. The only motion to dismiss the criminal case against me filed by my public defender referenced but a single sentence from Assembly Bill 1527, a 15-page bill which made it a crime to openly carry an unloaded long gun in incorporated cities. The motion is based on state preemption." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |
| ¶ 14, page 5, lines 1-4. "The sections of the California Penal code alone regulating the possession, use and carrying of weapons is over 200 pages long. Given that the municipal ordnance I am being charged with violating bans all weapons, a proper preemption motion would have been significantly longer." | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Improper legal opinion. Fed. R. Evid. 701.<br>☐ Relevance. Fed. R. Evid. 401. | ☐ Sustained<br>☐ Overruled |
| ¶ 15, page 5, lines 6-13. "My public defender has thus far refused to file a motion based on the First and Second Amendments to the US | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Improper legal opinion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |

| OBJECTIONABLE TESTIMONY | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| Constitution saying that he and his office (the Los Angeles County Public Defenders Office) does not believe that the Second Amendment is a fundamental right despite the U.S. Supreme Court, Federal Courts and California's own state courts saying that the Second Amendment is a fundamental right. And despite the fact that prior to the Heller decision, the California Supreme court had recognized the carrying of firearms as a fundamental right, albeit one subject to rational review, since 1924." | ☐ Relevance. Fed. R. Evid. 401.<br>☐ Hearsay. Fed. R. Evid. 802. | |
| ¶ 16, page 5, lines 15-17. "My own personal experience has proven that California police, prosecutors and judges do not obey their own laws. I cannot receive a fair trial. My only recourse is through the Federal courts." | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Relevance. Fed. R. Evid. 401. | ☐ Sustained<br>☐ Overruled |
| ¶ 17, page 5, lines 19-20. | ☐ Lack of foundation and personal knowledge. Fed. R. Evid. 602.<br>☐ Lack of authentication. Fed. R. Evid. 901. | ☐ Sustained<br>☐ Overruled |

Dated: May 2, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant California Attorney General Kamala D. Harris*