1  T. PETER PIERCE (Bar No. 160408)
   ppierce@rwglaw.com
2  LISA BOND (Bar No. 172342)
   lbond@rwglaw.com
3  RICHARDS, WATSON & GERSHON
    A Professional Corporation
4  355 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3101
5  Telephone: 213.626.8484
   Facsimile: 213.626.0078
6
   Attorneys for Defendant
7  CITY OF REDONDO BEACH

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 CHARLES NICHOLS,                     | Case No. CV-11-9916 SJO (SS)
12           Plaintiff,                 | **REQUEST FOR JUDICIAL NOTICE BY DEFENDANT CITY OF REDONDO BEACH IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS IN THE SECOND AMENDED COMPLAINT; DECLARATION OF T. PETER PIERCE IN SUPPORT**
       vs.                              |
13                                      |
   KAMALA D. HARRIS, Attorney           |
14 General, in her official capacity as |
   Attorney General of California, CITY |
15 OF REDONDO BEACH and DOES 1 to       |
   10,                                  |
16                                      |
           Defendants.                  |
17                                      | Magistrate Judge: Hon. Suzanne H. Segal
18                                      | Date: May 21, 2013
                                        | Time: 10:00 a.m.
19                                      | Ctrm: 23
20                                      | Action Filed: November 30, 2011

21
22
23
24
25
26
27
28

REQUEST FOR JUDICIAL NOTICE BY DEFENDANT CITY OF REDONDO BEACH

R6900-1031\1569711v1.doc

# REQUEST FOR JUDICIAL NOTICE

Defendant City of Redondo Beach (City) requests that the Court take judicial notice of the October 24, 2012 ruling ("Demurrer Denied") of the Superior Court of the State of California, County of Los Angeles, Southwest Judicial District, in Case No. 2SY05163, captioned "People of the State of California v. Charles Nichols". A true and correct certified copy of the ruling is attached hereto as Exhibit A. Declaration of T. Peter Pierce at ¶ 2.

Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201. The attached ruling from a proceeding before the California Superior Court is "directly related" to this case because it reveals the defenses plaintiff has raised in state court.

Dated: May 7, 2013

RICHARDS, WATSON & GERSHON
A Professional Corporation
T. PETER PIERCE
LISA BOND

By: /s/ T. Peter Pierce
T. PETER PIERCE
Attorneys for Defendant
CITY OF REDONDO BEACH

# DECLARATION OF T. PETER PIERCE

I, T. Peter Pierce, declare:

1. I am attorney licensed to practice before this Court and all courts of the State of California. I am a member of the law firm of Richards, Watson & Gershon, counsel of record for defendant City of Redondo Beach and I am one of the attorneys in that firm primarily responsible for representing the City in this case. I have personal knowledge of the matter set forth below.

2. Attached here as Exhibit "A" is a true and correct certified copy of a ruling I obtained from the files of the Superior Court of the State of California, for the County of Los Angeles, on May 6, 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2013

_____
T. Peter Pierce

# EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFRONIA

FOR THE COUNTY OF LOS ANGELES

FILED
LOS ANGELES SUPERIOR COURT
OCT 24 2012
John A. Clarke, Clerk

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) | |
| Plaintiff, ) | Case No. 2SY05163 |
| v. ) | DEMURRER DENIED |
| ) | |
| CHARLES NICHOLS, ) | |
| Defendant ) | |

The City of Redondo Beach ordinance that prohibits a person from carrying a **firearm** "in or into" a Redondo Beach "city park" (R.B.M.C. 4-35.20) is unambiguous and the filed criminal complaint clearly gives defendant Charles Nichols adequate notice of the public offense charged, and that he must defend. The complaint complies with California Penal Code sections 950 and 952. Defendant definitely knows what a firearm is (he staged this event and video-taped himself carrying a shotgun, including his citation by police officers) and he should know what a City of Redondo Beach park is (he selected Veterans Park at the City of Redondo Beach pier and boardwalk for his news-file presentation.). The Motion for Demurrer denied.

Defendant has not met his burden of demonstrating that California general law has preempted the entire field of firearms regulation. "A conflict exists if the local legislation duplicates, contradicts, or enters an area occupied by general law, either expressly or by legislative implication." Great Western Shows, Inc. v. County of Los

Angeles. Local legislation is duplicative of general law when it is coextensive therewith; is contradictory when it is inimical to it; local law enters the area that is fully occupied when the legislature has expressly shown intent to fully occupy the area or has impliedly done so. Since there is no bar to prosecution based on preemption the Motion for Demurrer is denied.

Even though the Second Amendment protects the general right to carry a gun in public, the United States Supreme Court has not recognized that right as stated therein, holding instead—even recently--that the "right secured by the Second Amendment is not unlimited." District of Columbia v. Heller (2008) 554 U.S. 570 The Heller court emphasized that "nothing in [its'] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, . . ." Id. at 627 (emphasis added).

Because the prohibition of carrying a firearm "in or into" a Redondo Beach City park is not a substantial burden on defendant's right to bear arms to defend his hearth, home or self, there is no Second Amendment violation. If there ever was a "sensitive place" that the City of Redondo Beach is permitted to regulate the carrying of firearms--it is its' city parks. Given the uniqueness of the City of Redondo Beach as beach community immediately west of Cities such as Los Angeles, Compton and Carson, its' parks on the Pacific Ocean shoreline draw visitors not just these cities but every county, city and neighborhood inland. There is no Second Amendment violation and the Demurrer is denied.

October 24, 2012

Judge David Sotelo

I HEREBY CERTIFY THAT THIS IS A TRUE, CORRECT, AND COMPLETE COPY OF THE ORIGINAL RECORD IN MY CUSTODY
DATED 05/06/2013
JOHN A. CLARKE, CLERK
SUPERIOR COURT, TORRANCE JUDICIAL DISTRICT
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
BY Michelle Ruther DEPUTY

# PROOF OF SERVICE

I, Clotilde Bigornia, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On May 7, 2013, I served the within document(s) described as:

**REQUEST FOR JUDICIAL NOTICE BY DEFENDANT CITY OF REDONDO BEACH IN SUPPORT OF MOTION TO DISMISS SECOND AND THIRD CLAIMS IN THE SECOND AMENDED COMPLAINT; DECLARATION OF T. PETER PIERCE IN SUPPORT**

on the interested parties in this action as stated below:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278
Tel:   (424) 634-7381

Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel:   (213) 897-6505
Fax:  (213) 897-1071
Email:   jonathan.eisenberg@doj.ca.gov

[ X ]   (BY MAIL) By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth above. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2013, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Clotilde Bigornia

R6900-1031\1549017v1.doc