T. PETER PIERCE (Bar No. 160408)
ppierce@rwglaw.com
LISA BOND (Bar No. 172342)
lbond@rwglaw.com
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone: 213.626.8484
Facsimile: 213.626.0078

Attorneys for Defendant
CITY OF REDONDO BEACH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| CHARLES NICHOLS, | Case No. CV-11-9916 SJO (SS) |
|---|---|
| Plaintiff, | **DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH and DOES 1 to 10, | |
| | Magistrate Judge: Hon. Suzanne H. Segal |
| Defendants. | Date: May 21, 2013<br>Time: 10:00 a.m.<br>Ctrm: 23 |
| | Action Filed: November 30, 2011 |

Defendant City of Redondo Beach (City) objects to the declaration submitted by plaintiff Charles Nichols (plaintiff) in support of his opposition to the City's Motion to Dismiss the Second and Third Claims in the Second Amended Complaint. The facts contained in the declaration may not be considered on a motion to dismiss.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2009); *see also Arpin v. Santa*

*Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss."). Under similar procedural facts, the court in *Schneider v. California Dep't of Corrections*, 151 F.3d 1194 (9th Cir. 1998), explained:

> "The 'new' allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."

*Id.* at 1197, n.1 (italics original).

For these reasons, plaintiff's declaration in support of his opposition, and the additional facts alleged therein, do not raise additional claims for relief and cannot be considered on this motion to dismiss.

Dated: May 7, 2013

RICHARDS, WATSON & GERSHON
 A Professional Corporation
T. PETER PIERCE
LISA BOND

By: _____
T. PETER PIERCE
Attorneys for Defendant
CITY OF REDONDO BEACH

# PROOF OF SERVICE

I, Clotilde Bigornia, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On May 7, 2013, I served the within document(s) described as:

**DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO MOTION TO DISMISS**

on the interested parties in this action as stated below:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278
Tel:   (424) 634-7381

Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel:   (213) 897-6505
Fax:   (213) 897-1071
Email:   jonathan.eisenberg@doj.ca.gov

[ X ]  (BY MAIL) By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth above. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2013, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Clotilde Bigornia

R6900-1031\1549017v1.doc