Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

United States District Court

Central District of California

Charles Nichols,

    PLAINTIFF,

vs.

KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, and DOES 1 to 10,

    Defendants.

Case No.: CV-11-9916 SJO (SS)

(Honorable S. James Otero)

PLAINTIFF'S REPLY TO DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO MOTION TO DISMISS
[Dckt. No. 99]

Date: Vacated
Time: N/A
Courtroom: 23
Magistrate: Hon. Suzanne H. Segal
Trial Date: Not Set
Action Filed: Nov. 30, 2011

    Plaintiff Charles Nichols, In Pro Per, submits this response to DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO MOTION TO DISMISS [Dckt. No. 99].

    DEFENDANT CITY OF REDONDO BEACH (CITY) failed to object to any and all of the 34 numbered paragraphs in Plaintiff's Declaration dated April 29, 2013. Having failed to give a specific objection to any particular paragraph in

1

PLAINTIFF'S REPLY TO DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS

1 | Plaintiff's Declaration and by not challenging any of the facts in Plaintiff's
2 | Declaration then to the extent Plaintiff's Second Amended Complaint must rely
3 | upon the Declaration the court must consider Plaintiff's Declaration.
4 |     "This case comes to us on a motion to dismiss under Federal Rule of Civil
5 | Procedure 12(b)(6). At this stage of the litigation, we would usually be confined to
6 | reviewing the body of Sams' complaint, which did not include copies of the two
7 | subpoenas. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)
8 | (citation omitted). However, we are permitted to consider documents that were not
9 | physically attached to the complaint where the documents' authenticity is not
10 | contested, and the plaintiff's complaint necessarily relies on them. Id. at 688-89
11 | (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)). Because the
12 | subpoenas are critical to Sams' lawsuit, and there is no factual dispute as to their
13 | contents, we may properly consider the appearance and content of the subpoenas at
14 | this stage in the litigation." *Sams v. YAHOO! INC.*, Court of Appeals, 9th Circuit
15 | 2013 Case no. 11-16938, Filed April 15, 2013, Slip. Op. at pgs., 6-7.
16 |     "A complaint should not be dismissed under Rule 12(b)(6) "unless it appears
17 | beyond doubt that the plaintiff can prove no set of facts in support of his claim
18 | which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct.
19 | 99, 101-02, 2 L.Ed.2d 80 (1957)." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d
20 | 696 - Court of Appeals, 9th Circuit 1990 at 699.
21 |     "A district court abuses its discretion by denying leave to amend unless
22 | amendment would be futile or the plaintiff has failed to cure the complaint's
23 | deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. County of*
24 | *Tulare*, 666 F. 3d 631 - Court of Appeals, 9th Circuit 2012 at 636.
25 |     Plaintiff was never formally arrested nor was he cited. Defendant CITY
26 | police officers admitted they had no search warrant and were neither arresting nor
27 | citing Plaintiff and yet they deprived him of his Constitutional Rights on May 21,
28 | 2012. Similarly, they deprived him of his Constitutional Rights on August 7, 2010.

Given that there was no arrest of Plaintiff, lawful or otherwise, CITY is not immune from liability even if Plaintiff had been arrested.

"Under Heck, Smith would be allowed to bring a § 1983 action, however, if the use of excessive force occurred subsequent to the conduct on which his conviction was based. Specifically, Smith would be entitled to proceed below if his conviction were based on unlawful behavior that took place while he stood alone and untouched on his porch — that is, if his unlawful conduct occurred while the officers were attempting to investigate his wife's complaint. In such case, a judgment in Smith's favor would not necessarily conflict with his conviction because his acts of resistance, delay, or obstruction would have occurred while the officers were engaged in the lawful performance of their investigative duties, not while they were engaged in effecting an arrest by the use of excessive force." *Smith v. City of Hemet*, 394 F. 3d 689 - Court of Appeals, 9th Circuit 2005 at 698.

The original criminal complaint was filed on July 13, 2012 after CITY falsely claimed there were ongoing criminal proceedings. The criminal complaint was amended on May 10, 2013. On May 13, 2013 a Los Angeles Superior Court judge issued a court order demanding that CITY return Plaintiff's property "to wit" (see Exhibit 1). Plaintiff went to CITY'S police department, presented the court order and demanded the return of his property the same day. CITY refused to release Plaintiff's property. It would not be futile for Plaintiff to amend.

Dated: May 13, 2013

Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info

PLAINTIFF'S REPLY TO DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 3 2013

JOHN A. CLARKE, CLERK
BY M. MILLIGAN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

PEOPLE OF THE STATE OF CALIFORNIA,                )
                                                  )
                              Plaintiff,          )   Case No. 2SY05163
                                                  )
v.                                                )   **ORDER FOR RETURN**
                                                  )   **OF PROPERTY**
Charles Nichols                                   )
                                                  )
                              Defendant.          )
                                                  )

TO Jos. Leonardi, CHIEF, Redondo Beach POLICE / SHERIFF's DEPARTMENT; AND/OR THEIR REPRESENTATIVES:

GOOD CAUSE HAVING BEEN SHOWN, you are hereby ordered to return the property of Charles Nichols taken on or about May 21, 2012, under reference number 12 3245 to wit:

1) Single shot Harrington & Richardson shotgun
2) Hard-sided carrying case
3) Long gun sling
4) Padlock & key

Dated this 13th day of May, 20 13.

C.L. Taylor (Chet L. Taylor)
JUDGE OF THE SUPERIOR COURT

CHET L. TAYLOR

EXHIBIT 1

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S REPLY TO DEFENDANT CITY OF REDONDO BEACH'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN OPPOSITION TO MOTION TO DISMISS [Dckt. No. 99]** was served via United States Mail, postage prepaid, on this 14 , day of May , 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)