Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

FILED
2013 JUN -3 AM 10: 55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, and DOES 1 to 10,<br><br>　　　　Defendants. | **Case No.: CV-11-9916 SJO (SS)**<br><br>**(Honorable Samuel James Otero)**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT KAMALA D. HARRIS'S OPPOSITION TO PLAINTIFF CHARLES NICHOLS'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: Vacated<br>Time: Vacated<br>Location: United States Courthouse<br>　　312 North Spring Street<br>　　Los Angeles, CA 90012-4701<br>Courtroom: 1 - 2nd Floor<br>Judge: Hon. Samuel James Otero<br>Magistrate: Hon. Suzanne Segal<br>Date Action Filed: November 30, 2011 |

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

In *District of Columbia v. Heller* 554 U.S. 570 [128 S.Ct. 2783; 171 L.Ed.2d 637] (2008) the U.S. Supreme Court clearly stated that "In *Nunn v. State*, 1 Ga. 243, 251 (1846), the Georgia Supreme Court construed the Second Amendment as protecting the "natural right of self-defence" and therefore struck down a ban on carrying pistols openly. Its opinion ***perfectly captured*** the way in which the operative clause of the Second Amendment furthers the purpose announced in the prefatory clause…" (emphasis added) *Heller* at 2809. The "operative clause" of the Second Amendment is "[T]he right of the people to keep and bear arms." To which *Heller* at 2809 added "Likewise, in *State v. Chandler*, 5 La. Ann. 489, 490 (1850), the Louisiana Supreme Court held that citizens had a right to carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations.""

Defendant Harris' opposition to Plaintiff's motion for a Preliminary Injunction against California's Open Carry bans cannot be reconciled with the unequivocal language in *Heller* and its reliance on *Nunn & Chandler*. Neither of these two cases involved the carrying of firearms in one's home, both involved carrying firearms in public. The Heller Court cited *Nunn* three times & *Chandler* twice. Both were cited in the section of *Heller* (III – paragraph 1, 2816-2817) which has been universally cited to uphold restrictions on concealed carry, "presumptively lawful" regulations and the only post-*Heller* Federal Appellate decision involving a challenge to an Open Carry prohibition -- *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) Nos. 12-1788, 12-1269.

"Two years ago, in *District of Columbia v. Heller*, 554 U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), we held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense, **and** we struck down a District of Columbia law that banned the possession of handguns in the home."

1

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

1  *McDonald v. City of Chicago*, ___ U.S. ___ [130 S.Ct. 3020; 177 L.Ed.2d 894] (2010) at 3026 (emphasis added).

**"And"** is a simple grammatical construct understood even by small children. The Heller decision did two things: (1) it held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense and (2) it struck down a District of Columbia law that banned the possession of handguns in the home. Nowhere in either *Heller* or *McDonald* will one find language limiting the right of armed self-defense to the home and Defendant Harris fails to point to any limiting language in either decision. Instead, she conflates *Heller's* restrictions on the carrying of concealed weapons in public to the carrying of arms openly in public – the right *Heller* says is guaranteed by the Constitution and *perfectly captures* the meaning of "[T]he right of the people to keep and bear arms."

Defendant Harris has, from the beginning, attempted to frame Plaintiff's lawsuit as one wherein he seeks to carry a concealed weapon and a permit to do so and continues to do so in her present opposition to Plaintiff's motion for a preliminary injunction as if that were his goal. Plaintiff has always sought to vindicate his right to openly carry firearms for the purpose of self-defense and for other lawful purposes and he has always fully embraced the 19th Century prohibitions on concealed carry in *Heller* and maintains that one does not require a government issued permission slip to exercise his Second Amendment right nor must he give up other enumerated rights (e.g., Fourth Amendment) to exercise his Second Amendment right.

Neither Plaintiff's SAC nor his motion for a Preliminary Injunction implicate concealed carry in any way or for that matter, any of the hundreds of other California gun laws.

Plaintiff's motion for a Preliminary Injunction explicitly states that his challenge is both facial and as-applied. Defendant Harris falsely claims that Plaintiff's motion is a purely facial challenge and despite having been given two

opportunities to file an opposition giving even one example of how any of the laws Plaintiff's seeks to presently enjoin can be constitutionally applied, has failed to contrive even one example where they might be.

      Defendant Harris cannot because the California Supreme Court in 2012 has precluded their application as a separate included offense to any infraction, misdemeanor or felony and clearly stated that possession of a firearm is in itself an innocent act. Unlike the laws at issue in *Heller* and *McDonald* which could have been applied to convicted felons. Despite that, both were struck down as facially unconstitutional. The laws that Plaintiff presently seeks to enjoin penalize only constitutionally protected conduct. Unless and until the California legislature modifies Penal Code section 654 *People v. Jones*, 278 P. 3d 821 - Cal: Supreme Court 2012; 54 Cal.4th 350 (2012); 142 Cal. Rptr. 3d 561 remains binding. Similarly, *US v. Fuentes*, 105 F. 3d 487 - Court of Appeals, 9th Circuit (1997) remains binding and Defendant Harris cites no post-*Fuentes* authority saying that refusal to consent to a search in itself constitutes probable cause for an arrest.

      Defendant Harris continues to be dismissive of an as-applied challenge referenced in Plaintiff's motion for a preliminary injunction -- the death threat against Plaintiff. When Plaintiff received the death threat two months before filing his initial Complaint in Federal Court he attempted to report it to the Los Angeles County Sheriff's Department (LASD) which, at first, refused to make a report. Plaintiff emailed excerpts of the two page death threat to Defendant Harris' Department of Victim Services. Her response, including the excerpts, is attached as Exhibit 1. After Plaintiff went to the press, the LASD finally filed an incident report, no thanks to Defendant Harris, but the LASD ultimately came to the bizarre conclusion that someone who emailed a ranting two page threat threatening to shoot Plaintiff and calling upon others to do the same did not constitute a criminal threat because the person who made the threat did not use the word "kill."

Defendant Harris has the power and authority of every District Attorney to prosecute but refused to prosecute the perpetrator of the death threat against Plaintiff while at the same time admitting in her Answer to Plaintiff's SAC that she enforces the state laws which prevent Plaintiff from bearing arms in public.

This court is well aware that the LASD rarely issues concealed carry permits to members of the general public and even then only with documented threats of violence to which the LASD has concluded the death threat against Plaintiff is not one. The LASD is also precluded by state law from issuing Open Carry licenses. As this court correctly noted, Plaintiff violates the law by merely stepping foot outside his door onto his own property with a loaded firearm. The same is true if Plaintiff's firearm is unloaded. The only defense to carrying a loaded firearm in public is an affirmative defense which does not preclude arrest, prosecution, fine and imprisonment.

Defendant Harris falsely claims that Plaintiff alleges that he was cited by the City of Redondo Beach in his FAC. Plaintiff's SAC is the only Complaint to which Defendant Harris has filed an Answer. She is well aware from the pleadings that Plaintiff was never cited nor formally arrested, the prosecution was terminated on May 13, 2013, a Los Angeles Superior Court judge issued a court order requiring that Defendant City of Redondo Beach return Plaintiff's firearm and other valuable property and that Defendant City of Redondo Beach has defied the court order. Defendant City of Redondo Beach has also averred in its filings that it will continue to enforce its municipal ordinance despite being duplicative (preempted by state law) which is unlawful behavior to which Defendant Harris admits to taking no corrective action in her Answer to Plaintiff's SAC.

Defendant Harris chides Plaintiff for not filing a preliminary injunction against former Penal Code section 12031 which was enacted when he was seven years old (repealed and recodified in part effective January 1, 2012) as well as the ban on openly carrying an unloaded handgun (AB 144 - effective January 1, 2012)

and the subsequent ban on openly carrying unloaded long guns (AB 1527 - effective January 1, 2013) and cites *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F. 2d 1374 - Court of Appeals, 9th Circuit (1985) as grounds for denying Plaintiff's preliminary injunction. Unlike *Oakland Tribune*, Plaintiff challenged California Penal Code section 25850 before it went into effect believing it would render Penal Code section 26350 unenforceable to which subsequent actions by Defendant City of Redondo Beach and this court's Order (docket #82) proves was a mistaken assumption on his part (coupled with the false claim by National Rifle Association attorney Carl Michel that he was going to file a lawsuit against PC 26350). Plaintiff then wrote and filed his SAC on March 29, 2013 which was shortly followed by his notice of motion and motion for a Preliminary Injunction on April 10, 2013, to which Defendant Harris was given ample time to prepare for a hearing (since vacated). Plaintiff is proceeding pro se without the benefit of an attorney, unlike Defendant Harris who has virtually unlimited resources at her disposal. Given Plaintiff's extremely limited resources, his motion for a preliminary injunction was filed as soon as was humanly possible. Plaintiff opposes Defendant Harris' Opposition in its entirety as it is impossible to counter every point raised in the 5 pages allotted to Plaintiff for this Reply.

Dated: June 2, 2013

Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info

///

5

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

**Subject:** Re: Email to the Victims Services Coordinator
**From:** "VictimServices VictimServices" <VictimServices@doj.ca.gov>
**Date:** Fri, Sep 16, 2011 10:11 am
**To:** <CharlesNicholsXR@Pykrete.info>

Mr. Nichols:
Did you contact the service area in which they directed you to contact? Also, if you believe that law enforcement has failed to carry out their duties, you can file a complaint with the agency and also the grand jury.

>>> "CharlesNicholsXR@Pykrete.info" <CharlesNicholsXR@Pykrete.info> 09/07/11 10:10 PM >>>
Name: Charles Nichols
Address: PO BOX 1302
City: Redondo Beach
State: California
Zip: 90278
Phone Number: 4246347381
Email: CharlesNicholsXR@Pykrete.info

Message: I received a threatening email from a prominent Republican political figure but the Los Angeles County Sheriff's department refuses to let me file a report.

The email, which he also cc'd to an email list with potentially hundreds of subscribers contained specific threats, such as:

"Nichols, you just messed with the wrong people..."

"...should cause you to be very afraid..."

"When you can't go to sleep at night, when you hear noises around your house, when you find yourself constantly looking in the rear view mirror..."

"...fatal attraction..."

"Your rendezvous with justice, Nichols, is on the horizon."

"He lives in Redondo Beach so be on the lookout for his smarmy ass."

"You are now on my radar; abandon your disgusting power grab or face the reality that even God won't be able to help you when the gates of hell open up and the smell of gunpowder fills the air around you. As Robert Duvall said in Apocalypse Now, "I
love the smell of napalm in the morning."

"And by the way, Nichols, don't take anything I have said here as a threat, because it is not intended as such in any way. It is a PROMISE..."

"Hey Nichols, your world is about to crash all around you because you're messing with us."

"Hell hath no fury like a bunch of guys and gals with guns scorned!!"

Deputy Duarte of the Los Angeles County Sheriff's station in Lawndale asked me if I was involved in the Open Carry movement, to which I replied in the affirmative.

Does being an Open Carry advocate mean I am not entitled to file a complaint for someone making terrorist threats against me?

Or are political supporters of Los Angeles County District Attorney Steve Cooley exempt from criminal prosecution?

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S REPLY TO DEFENDANT KAMALA D. HARRIS'S OPPOSITION TO PLAINTIFF CHARLES NICHOLS'S MOTION FOR PRELIMINARY INJUNCTION** was served via United States Mail, postage prepaid, on this 2 , day of  June , 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)