Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

FILED
2013 JUN -3 AM 10: 55
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, and DOES 1 to 10,<br><br>　　　　Defendants. | **Case No.: CV-11-9916 SJO (SS)**<br><br>**(Honorable Samuel James Otero)**<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY TO DEFENDANT KAMALA D. HARRIS'S EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS**<br><br>Date: Vacated<br>Time: Vacated<br>Location: United States Courthouse<br>　　　　312 North Spring Street<br>　　　　Los Angeles, CA 90012-4701<br>Courtroom: 1 - 2nd Floor<br>Judge: Hon. Samuel James Otero<br>Magistrate: Hon. Suzanne Segal<br>Date Action Filed: November 30, 2011 |

Under Federal Rule of Evidence 201, Plaintiff in Pro Per Charles Nichols, requests that the court take judicial notice of certain facts that are relevant to the instant motion of Pro Se Plaintiff Charles Nichols. The Court can properly take judicial notice of the documents appearing on a governmental website, such as the Office of the Attorney General handbook attached to Plaintiff's Opposition. See, e.g., *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D.Cal. Sept. 9, 2008). See also *In re Amgen Inc. Sec. Litig.*, 544 F.Supp.2d 1009, 1023-24 (C.D.Cal.2008) (taking judicial notice of drug labels taken from the FDA's website); *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1024 (N.D.Cal.2005) (taking judicial notice of information posted on a Department of Health and Human Services web site).

"The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201." *SIGNATURE MANAGEMENT TEAM, LLC v. AUTOMATTIC, INC.*, Dist. Court, ND California 2013 (Case no. C-13-80028 RCB. April 22, 2013).

"The Court also takes judicial notice of the existence of the court filing as a matter of public record that is readily verifiable by resort to sources whose accuracy cannot readily be questioned." *SIGNATURE MANAGEMENT TEAM, LLC v. AUTOMATTIC, INC.*, Dist. Court, ND California 2013 (Case no. C-13-80028 RCB. April 22, 2013).

In reply to Defendant Harris' **EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS** (docket #104-5), Plaintiff replies to the Objections and requests the court take judicial notice of:

1. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols Decl., ¶ 2, page 2, lines 11-12. See ¶ 48 of DEFENDANT KAMALA D. HARRIS'S ANSWER TO PLAINTIFF CHARLES NICHOLS'S SECOND AMENDED COMPLAINT (docket #91) where she admits to issuing Plaintiff a Law Enforcement Gun Release" letter (http://ag.ca.gov/firearms/forms/pdf/legr.pdf ) from her California Department of Justice pursuant to California Penal Code section 33855 which states in relevant part: "33855. No law enforcement agency or court that has taken custody of any firearm may return the firearm to any individual unless the following requirements are satisfied: (a) The individual presents to the agency or court notification of a determination by the department pursuant to Section 33865 that the person is eligible to possess firearms." California Penal Code section 33865 states in relevant part: 33865. (a) When the Department of Justice receives a completed application pursuant to Section 33850 accompanied by the fee required pursuant to Section 33860, it shall conduct an eligibility check of the applicant to determine whether the applicant is eligible to possess a firearm. (b) The department shall have 30 days from the date of receipt to complete the background check, unless the background check is delayed by circumstances beyond the control of the department. The applicant may contact the department to inquire about the reason for a delay. (c) If the department determines that the applicant is eligible to possess the firearm, the department shall provide the applicant with written notification that includes the following:" See http://www.leginfo.ca.gov/cgi-bin/displaycode?section=pen&group=33001-34000&file=33850-33895.

2. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols Decl., ¶ 2, page 2, lines 11-12. See ¶ 40 of DEFENDANT KAMALA D. HARRIS'S ANSWER TO

REQUEST FOR JUDICIAL NOTICE AND REPLY TO DEFENDANT HARRIS' EVIDENTIARY OBJECTIONS

PLAINTIFF CHARLES NICHOLS'S SECOND AMENDED COMPLAINT (docket #91) where she admits that the California Department of Justice has one database or more containing information about arrests made for "weapons offenses,"…" Not only can Plaintiff testify to the fact in his declaration, Defendant Harris can verify the fact that Plaintiff is not prohibited from possessing firearms under California state or Federal law. Plaintiff can subpoena her databases which will prove that Plaintiff is not prohibited from possessing firearms. Even a conviction for a violation of the Redondo Beach Municipal ordinance is not a disqualifying misdemeanor. See http://oag.ca.gov/sites/all/files/pdfs/firearms/forms/prohibcatmisd.pdf.

    3. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols Decl., ¶ 3, page 2, lines 14-15. In this Court's ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (docket #82, pg 5, lines 15-16) this court correctly concluded that "Plaintiff need only walk outside his home carrying a loaded firearm to effectuate his plan." Plaintiff can testify to his personal knowledge that he has walked outside of his home carrying loaded and unloaded firearms.

    4. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols ¶ 4, page 2, lines 17-25. Plaintiff's prosecution is a matter of public record. His criminal case number is 2SY05163 which can be viewed online at a government website (https://www.lasuperiorcourt.org/OnlineServices/criminalindex/). The Redondo Beach Municipal Code sections are available online through a link at the City of Redondo Beach government website http://www.redondo.org/ under "In the City->Municipal Code & Charter). The REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (docket # 40, pg 24, lines 18-21; pg 25, lines 1-13) state that the City of Redondo Beach is preempted from making its

1  own laws regulating the carrying of firearms. Defendant City of Redondo Beach
2  in its MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
3  DEFENDANT CITY OF REDONDO BEACH'S MOTION TO DISMISS
4  THE SECOND AND THIRD CLAIMS IN THE SECOND AMENDED
5  COMPLAINT, OR, IN THE ALTERNATIVE, IN SUPPORT OF MOTION FOR
6  MORE DEFINITE STATEMENT (docket #90) on page 1, lines 8-16 states that its
7  municipal ordinance duplicates state law which is one of the definitions of
8  preemption. Plaintiff has already provided a video to the Court of City Attorney
9  Michael Webb stating that the Redondo Beach Municipal Ordinance Plaintiff is
10 currently being prosecuted for allegedly violating applies to all public places in the
11 city. Plaintiff can obviously bring a copy of the video when he testifies to his
12 Declaration and can file another copy with the court if need be.
13     5. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
14 DECLARATION OF CHARLES NICHOLS Nichols ¶ 5, pages 2-3, lines 27-28,
15 1-4. The denial of Plaintiff's demurrer is a matter of public record. Plaintiff can
16 bring a copy of the demurrer should he be required to testify.
17     6. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
18 DECLARATION OF CHARLES NICHOLS Nichols ¶ 6, page 3, lines 6-12. The
19 population of every city and county as well as its racial composition as well as a
20 host of other demographic data is available online at the United States Census
21 website -> http://quickfacts.census.gov/qfd/states/06000.html.
22     7. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
23 DECLARATION OF CHARLES NICHOLS Nichols ¶ 7, page 2, lines 14-23.
24 Plaintiff has already submitted a video proving the facts and provided extensive
25 emails in his FAC and can bring copies to testify if need be or can resubmit as
26 evidence if need be.
27     8. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
28

1 DECLARATION OF CHARLES NICHOLS Nichols ¶ 8, pages 3-4, lines 27-28,1-2. Plaintiff's severe back injury is easily verifiable with X-Rays and an MRI at Defendant Harris' expense. This court has already concluded that by merely stepping outside of my home I am in violation of the law. "We have no qualms about concluding that the Taser's cartridge chambers are "barrels" within the ordinary meaning of the term, and consequently that the Taser is a firearm within section 12031, subdivision (a)." *People v. Heffner*, 70 Cal. App. 3d 643 - Cal: Court of Appeal, 2nd Appellate Dist., 1st Div. 1977 at 649. (PC 12031(a) was subsequently renumbered to PC 12031(a)(1) the latter of which was repealed and codified as PC 25850(a)).

9. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols ¶ 9, page 4, lines 4-8. An openly carried knife is legal under California law, see *People v. Mitchell*, 209 Cal. App. 4th 1364 (Cal. App. 4th Dist. 2012). Redondo Beach Municipal Code 4-35.20(a) can be viewed online by following the link above in (4). It states "It shall be unlawful for any person to use, carry, fire or discharge any firearm, air gun, paint gun, BB gun, slingshot, archery device of any kind, or any other form of weapon across, in or into a park. This subsection shall not apply to law enforcement officers." It clearly states "any form of weapon" and knives are weapons. Given that Plaintiff is being prosecuted for violating the ordinance in a location of the city exempted by various of its own municipal code sections including Section 5-8.01(a)(1) it is factual, not a legal opinion and certainly relevant. The City of Los Angeles Municipal Code has since 1987 prohibited the Open Carry of knives (http://clkrep.lacity.org/onlinedocs/1984/84-0247_ORD_162837_09-16-1987.pdf) see also (http://clkrep.lacity.org/onlinedocs/1984/84-0247_ORD_162995_12-02-1987.pdf).

10. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO

1 DECLARATION OF CHARLES NICHOLS Nichols ¶ 10, page 4, lines 10-13.
2 Plaintiff has already requested judicial notice for the statutes pertaining to
3 California's licensing scheme for openly carried, loaded handguns. In the no doubt
4 forlorn hope that this will preclude any future frivolous filings from the defendants,
5 Plaintiff requests this court take judicial notice of the California Penal Code.
6 http://www.leginfo.ca.gov/.html/pen_table_of_contents.html

7     11. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
8 DECLARATION OF CHARLES NICHOLS Nichols ¶ 11, page 4, lines 20-22.
9 The denial letter from the City of Redondo Beach was contained in Plaintiff's
10 FAC. Plaintiff can provide a copy of the letter.

11     12. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
12 DECLARATION OF CHARLES NICHOLS Nichols ¶ 12, page 4, lines 20-22.
13 Transcripts of the court proceeding are a matter of public record and can be
14 provided to this court. The fact that Plaintiff's public defender was not replaced
15 can be verified by simply consulting Plaintiff's criminal court docket at
16 https://www.lasuperiorcourt.org/OnlineServices/criminalindex.

17     13. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
18 DECLARATION OF CHARLES NICHOLS Nichols ¶ 13, page 4, lines 24-27.
19 These are a matter of public record and copies can be provided of Plaintiff's public
20 defenders lone motion to dismiss as well as transcripts of the court proceedings.

21     14. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO
22 DECLARATION OF CHARLES NICHOLS Nichols ¶ 14, page 5, lines 1-4. This
23 court no doubt has a copy of West's California Penal Code 2012 edition. PART 6.
24 CONTROL OF DEADLY WEAPONS begins on page 1439 and ends on page
25 1641 which is over 200 pages. PART 6 is by no means inclusive off all California
26 code statutes regulating the possession, use and carrying of weapons. There are
27 other sections in the penal code as well as extensive sections in the Business &
28 Profession Code as well as the Health & Welfare Code. Not to mention the

REQUEST FOR JUDICIAL NOTICE AND REPLY TO DEFENDANT HARRIS' EVIDENTIARY OBJECTIONS

California Fish & Game Code (http://www.leginfo.ca.gov/.html/fgc_table_of_contents.html). Quoting one line from a 15 page bill (AB 1527) when Plaintiff's public defender had the entire bill and all of the California Code sections preempting the Redondo Beach Municipal ordinance, a proper preemption motion would have been significantly longer.

15. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols ¶ 15, page 5, lines 6-13. The criminal court docket is available online (see above). It will show but one motion to dismiss. The motion is a matter of public record. Plaintiff's Marsden Motion in which evidence was submitted verifying his Declaration can be obtained via subpoena. Plaintiff's Marsden Motion was denied, Superior Court Judge Chet Taylor saying that Plaintiff's public defender is not required to file any motions based on the Federal Claims raised in Plaintiff's Federal lawsuit or any other state or Federal Claims as well. As to the lone motion, a copy can be provided. By the time this court reads this instant response, an online check of his criminal court docket will prove that there were no further motions to dismiss filed. Plaintiff will either be at trial before a jury or have been convicted by the time this response is read.

16. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols ¶ 16, page 5, lines 15-17. What other recourse is there for Plaintiff than through the Federal Courts? Plaintiff is being prosecuted for violating a municipal ordinance the prosecution for the City of Redondo Beach finally conceded is unconstitutional under state law but whines that it would be unfair to dismiss the criminal charge against him because the City is prohibited from prosecuting him for violating the current long gun Open Carry ban because his protest on May 21, 2012 was legal at the time? The judge agreed and refused to dismiss the criminal charge! The Attorney General has refused to intervene. See ¶¶36, 37, 38, 50, 51 and 52 of DEFENDANT KAMALA D.

HARRIS'S ANSWER TO PLAINTIFF CHARLES NICHOLS'S SECOND AMENDED COMPLAINT (docket #91).

17. In response to Defendant Harris' EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS Nichols ¶ 17, page 5, lines 19-20. "To the best of my knowledge, the exhibits are true and correct." And, as Plaintiff stated in the first paragraph of his Declaration "I make this declaration of my own personal knowledge and if called as a witness I could and would testify competently to the truth of the matters set forth herein."

Plaintiff can provide a copy of all the evidence required to support his Declaration given sufficient time to procure the transcripts, write and submit the subpoenas, obtain and prepare copies of his criminal court docket and filings. Plaintiff, if called as a witness, Plaintiff could and would testify competently to the truth of the matters set forth herein." Plaintiff believes that he has responded to every objection raised by Defendant Harris, any omissions were unintentional and Plaintiff will gladly respond to any omissions. Plaintiff refutes, objects to and denies every objection made by Defendant Harris in her EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS.

Dated: June 2, 2013                                    Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info

///

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REPLY TO DEFENDANT KAMALA D. HARRIS'S EVIDENTIARY OBJECTIONS TO DECLARATION OF CHARLES NICHOLS** was served via United States Mail, postage prepaid, on this _2_, day of June_, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorneys for Defendant California Attorney General Kamala Harris

AND

T. PETER PIERCE
LISA BOND
AARON C. O'DELL
RICHARDS WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Attorney for Defendants:
CITY OF REDONDO BEACH and DOES 1 to 10

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)