**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHARLES NICHOLS,                           )   NO. CV 11-9916 SJO (SS)
                                           )
              Plaintiff,                    )
                                           )   **SCHEDULING ORDER**
         v.                                )
                                           )
KAMALA D. HARRIS, et al.,                   )
                                           )
              Defendant.                    )
_____)

     This Order governs discovery and pretrial motions.  The Court will
issue a separate Order governing proceedings related to the Pretrial
Conference, if necessary, after the expiration of the discovery and
motion cut-off dates provided in this Order.

     1.   <u>Discovery and Discovery Cut-Off Date</u>

     All discovery shall be <u>completed</u> on or before **October 31, 2013.**
All discovery must be served in sufficient time in advance of this cut-
off date so that responses will be due, in the normal course, prior to
the **October 31, 2013** discovery cut-off.  No discovery may be taken after

that date without the prior approval of the Court.  Approval will be granted only in exceptional circumstances and upon a showing of good cause.

Discovery taken by oral deposition is complete when questioning ceases.  Discovery taken by written request (deposition upon written questions, interrogatories, requests for production of documents and things, and requests for admission) is complete upon the date when the written response to the request is due, pursuant to the Federal Rules of Civil Procedure.  All depositions of a party shall be scheduled to commence at least fourteen (14) calendar days after service of the Notice of Deposition and at least seven (7) court days before the discovery cut-off date.  The cut-off date for discovery motions is the same deadline as the discovery cut-off date.

Except as otherwise specifically provided in this Order, discovery is governed by the Federal Rules of Civil Procedure and applicable Local Civil Rules of the Court.  <u>Pro se</u> litigants are entitled to discovery to the same extent as are litigants represented by counsel.  The Court may, however, order a complete or partial stay of discovery in appropriate circumstances, including where a defense of qualified immunity is raised.

2.   <u>Motions and Motion Cut-Off Dates</u>

All discovery motions shall be filed and served on or before **October 31, 2013**.  All other motions, including but not limited to motions for summary judgment, shall be filed and served on or before

**November 13, 2013**.  If all parties are represented by counsel, or if a party proceeding pro se is not in custody, the briefing schedule provided in Local Civil Rule 7 shall apply, unless otherwise ordered by the Court.  The moving party shall set the hearing date for Tuesday at 10:00 a.m. in Courtroom 23 no earlier than thirty-five (35) days from the date the motion is served.  If any party to the action is in custody and proceeding pro se, no hearing date shall be set, any opposition to the motion shall be served and filed not later than fourteen (14) days after service of the motion, and any reply shall be filed not later than seven (7) days after service of the opposition, unless otherwise ordered by the Court.  Such motions shall be deemed submitted for decision on the basis of the papers timely filed and without oral argument unless otherwise ordered by the Court.  **Failure to timely file an opposition to a motion may be deemed by the Court to constitute the non-moving party's consent to the granting of the relief sought, pursuant to Local Civil Rule 7-12.**

**THE FACT THAT A MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT IS PENDING BEFORE THE COURT DOES NOT STAY DISCOVERY OR RESULT IN AN AUTOMATIC CONTINUANCE OF ANY OF THE DATES SET IN THIS ORDER.  THE PARTIES ARE ADVISED THAT THEY ARE TO PROCEED WITH DISCOVERY AND ALL OTHER MATTERS PERTAINING TO THE CASE WHILE A MOTION IS PENDING BEFORE THE COURT.  REQUESTS FOR CONTINUANCES OF THE DISCOVERY CUT-OFF DATES OR MOTION CUT-OFF DATES WILL BE STRONGLY DISFAVORED IF IT IS CLEAR TO THE COURT THAT THE PARTIES DID NOT PROCEED TO PROSECUTE OR DEFEND THE CASE WITH DILIGENCE.**

\\
\\

3

In the event Defendants file a summary judgment motion, the Court advises all parties, including Plaintiff, to read and become familiar with Rule 56. This Order includes notice to Plaintiff of the meaning and consequences of summary judgment pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957-58 (9th Cir. 1998).

Generally, summary judgment must be granted when there is no genuine issue of material fact -— that is, if there is no real dispute about any fact that would affect the result of the case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end the case. To oppose a Motion for Summary Judgment, Plaintiff cannot simply rely on what his Complaint states. Instead, Plaintiff's Opposition must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's supporting declarations and evidence and demonstrate that there is a genuine issue of material fact for trial. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial.

Plaintiff is expressly advised that he has the right to submit counter-declarations and any other responsive evidentiary materials to oppose a Motion for Summary Judgment. Plaintiff is further advised that if he fails to rebut Defendant's version of the facts with counter-declarations or other evidence, the Court may accept Defendant's version of the facts as true, and the claims against Defendant may be dismissed without a trial. All declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the declarations.

3.   <u>Deadline For Amending Pleadings or Adding Parties</u>

The deadline for amending pleadings and/or adding parties is **June 28, 2013.**   No further amendments will be permitted after that date without a showing of good cause.

4.   <u>Status Report</u>

Each party shall file and serve a Status Report on or before **August 12, 2013**.  The Status Report shall contain the following information:

A.   A description of the principal legal and factual issues raised in this case;

B.   A summary of the discovery conducted in this case to date and of the status of discovery, including any pending or anticipated discovery disputes and discovery motions, and a summary of any discovery remaining to be completed;

C.   A brief description of any motions remaining to be made and their anticipated filing date(s); <u>if defendant[s] do not intend to file a dispositive motion, defendant[s] shall inform the Court</u>;

D.   The number of anticipated percipient and expert witnesses anticipated to testify at trial;

E.   An estimate of the time likely to be required for trial;

F.   A statement as to whether trial by jury is desired and has been properly requested;

G.   A discussion of the likelihood of settlement and a statement of whether settlement discussions have taken place or are scheduled; and

H.   Any other special factors applicable to the progress of this case.

5.   <u>Compliance with Federal Rules of Civil Procedure and Local Rules of Court</u>

All parties must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, unless otherwise ordered by the Court.   All counsel, and unrepresented parties whether or not in custody, are bound by Federal Rule of Civil Procedure 11.

If a plaintiff is in custody <u>and</u> proceeding <u>pro se</u>, compliance with the following Local Civil Rules is <u>not</u> required, unless otherwise ordered by the Court:  Rule 7-3; Rule 7-14; Rule 7-15; Rule 16-2 (only to the extent that it requires the parties to meet in person); Rule 16-6 (only to the extent that it requires plaintiff to prepare and lodge the Pretrial Conference Order; defendants shall prepare and lodge the Pretrial Conference Order); Rule 26-1; Rule 37-1; Rule 37-2; Rule 37-3; and Rule 65-1 (only to the extent that it requires motions for temporary restraining orders or preliminary injunctions to be set for hearing).

6

Plaintiff must keep the Court advised of his or her current address at all times. **Failure to comply with any of the provisions of this Order may result in a recommendation that this action be dismissed with prejudice.**

     IT IS SO ORDERED.


DATED: June 12, 2013

                                              /S/
                                     SUZANNE H. SEGAL
                                     UNITED STATES MAGISTRATE JUDGE