UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 11-09916 SJO (SS)          DATE: July 18, 2013

TITLE:    Charles Nichols v. Edmund G Brown, Jr., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                            Not Present
Courtroom Clerk                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                 Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR STAY PENDING APPEAL** [Docket No. 116]

This matter is before the Court on Plaintiff Charles Nichols's ("Plaintiff") Ex Parte Application for Stay Pending Appeal ("Application"), filed July 12, 2013. Defendant City of Redondo Beach (the "City") filed an Opposition on July 16, 2013. Defendant Kamala D. Harris ("Harris") filed an Opposition on July 17, 2013. The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** the Application.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court set forth the factual and procedural background of this case in its Order Denying Plaintiff's Motion for a Preliminary Injunction. (*See* Order Den. Pl.'s Mot. for a Prelim. Inj. ("Preliminary Injunction Order") 1-2, ECF No. 108.) The Court incorporates that background here. For the purposes of Plaintiff's Application, the relevant point is that the Court denied Plaintiff's Motion for a Preliminary Injunction, by which Plaintiff sought to enjoin the enforcement of certain California statutes prohibiting the open carrying of firearms during the pendency of this lawsuit. (*See generally* Preliminary Injunction Order.) Plaintiff has since appealed the Preliminary Injunction Order (Pl.'s Notice of Appeal, ECF No. 109), and in the instant Application he seeks to stay this action pending that appeal.

II.   DISCUSSION

    A.   *Ex Parte* Relief

The Court first notes that Plaintiff has not demonstrated that ex parte relief is justified. As a procedural matter, a request for ex parte relief must contain two distinct parts. The first part addresses why the moving party must bypass the regular noticed motion procedures. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The second part

CASE NO.:   CV 11-09916 SJO (SS)                DATE:   July 18, 2013

consists of "papers identical to those that would be filed to initiate a regular noticed motion," except that the papers are "denominated as a 'proposed' motion and they show no hearing date." *Id.* As a substantive matter, the party seeking ex parte relief must show that it will be "irreparably prejudiced" if the underlying motion is heard in accordance with the regular noticed motion procedures. *Mission Power*, 883 F. Supp. at 492. Here, Plaintiff provides no justification for why he could not have sought a stay via a regularly noticed motion. The Court will nevertheless consider the merits of Plaintiff's Application in light of the fact that he is *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers").

B.   Plaintiff's Request for a Stay

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Four factors are considered in determining whether to grant a stay pending an appeal of an interlocutory order: (1) the stay applicant's likelihood to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent the stay; (3) whether the stay would substantially injure other parties; and (4) the public interest. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Nken v. Holder*, 556 U.S. 418, 322 (2009)). "The first two factors . . . are the most critical." *Leiva-Perez*, 640 F.3d at 964. (internal quotation marks and citations omitted). Further, a stay pending appeal is "an exercise of judicial discretion . . . that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (internal quotation marks and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion."[1]  *Id.*

Plaintiff has not established that any of these factors favor granting a stay of this action pending Plaintiff's appeal. To satisfy the first factor, Plaintiff must show that he has raised "serious legal questions" and that "at a minimum, [he] has a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 968. Here, Plaintiff makes only the conclusory assertion that "Plaintiffs' [sic] appeal raises serious questions of constitutional law." (Appl. 4.) While Plaintiff does raise constitutional issues, the Court finds that he has not demonstrated that he has a substantial case

---

[1] Plaintiff cites to *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam), for the proposition that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 58. *Griggs* is inapposite, as "[i]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 11-09916 SJO (SS)                    DATE:  July 18, 2013

for relief on the merits of his arguments for the reasons stated in the Preliminary Injunction Order. Further, Plaintiff has not given the Court any reason to revisit its previous findings.

Second, Plaintiff has not explained how he will suffer irreparable harm if a stay is not issued. Plaintiff states that "a favorable ruling in the Court of Appeals would likely allow Plaintiff to surmount [the City's] municipal ordinances." (Appl. 4.)  As noted by the City, however, Plaintiff did not seek a preliminary injunction of the City's ordinances, and their constitutionality is distinct from the California statutes at issue here.  More specifically, while Plaintiff has mounted a facial challenge to the California statutes that he seeks to invalidate, Plaintiff has challenged the City's ordinances on an as-applied basis, thus raising different legal questions.

Finally, to the extent that the third and fourth factors are relevant, the Court finds that a stay of this action will prejudice the City and Harris by depriving them of the opportunity to have this matter adjudicated in a timely manner, and the public interest will not be served by allowing this action to linger indefinitely.

III.    RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Application.

IT IS SO ORDERED.