```
T. PETER PIERCE (Bar No. 160408)
ppierce@rwglaw.com
LISA BOND (Bar No. 172342)
lbond@rwglaw.com
RICHARDS, WATSON & GERSHON
  A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone: 213.626.8484
Facsimile: 213.626.0078

Attorneys for Defendant
CITY OF REDONDO BEACH
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS,<br><br>      Plaintiff,<br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH and DOES 1 to 10,<br><br>      Defendants. | Case No. CV 11-9916 SJO (SS)<br><br>**STATUS REPORT OF DEFENDANT CITY OF REDONDO BEACH**<br><br>Judge: Hon. S. James Otero<br>Magistrate Judge: Hon. Suzanne H. Segal |

Defendant City of Redondo Beach (City) submits this Status Report in response to the Court's Scheduling Order (Document 107) filed June 12, 2013. The items below appear in the sequence listed in the Scheduling Order (pp. 5-6). This Status Report addresses only the claims asserted against the City; it does not address the claims asserted against the California Attorney General.

    A.    **Description of Principal Legal and Factual Issues**

Redondo Beach Municipal Code Section 4-35.20 prohibits the carrying of firearms in any "park." The term "park" is defined in Section 4-35.01 as "any publicly owned or leased property established, designated, maintained, or otherwise provided by the City for recreational use or enjoyment."

The City seized a firearm carried by plaintiff Charles Nichols (Nichols) on May 21, 2012, and filed against him a misdemeanor complaint with one count alleging a violation of Section 4-35.20. Nichols pled no contest to the charge, after which the California Superior Court found him guilty and convicted him of violating Section 4-35.20.

### 1. Principal Legal Issues

- Under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), does Nichols' conviction preclude him from maintaining this lawsuit?
- Does the Second Amendment to the United States Constitution protect a right openly to carry a firearm in a public park?
- If yes, did the City violate the Second Amendment when it seized Nichols' firearm and prosecuted him for violating Section 4-35.20?
- Did the City violate the Fourth Amendment when it seized Nichols' firearm and prosecuted him for violating Section 4-35.20?
- Does the First Amendment protect a right openly to carry a firearm in a public park to protest a prohibition on carrying firearms in the park?
- Did the City violate the First Amendment when it seized Nichols' firearm and prosecuted him for violating Section 4-35.20?

### 2. Principal Factual Issue

- Was Nichols located in a "park" as defined in Section 4-35.20 when he openly carried a firearm, and the City seized that firearm, on May 21, 2012, or was he instead located on the "beach" as defined in Section 5-8.01(a)(1)?

### B. Summary of Discovery

The City has not conducted any discovery. The City plans to take the

deposition of Nichols if the case is not dismissed in a law and motion proceeding. The City does not plan on conducting any written discovery at this time. If that plan changes, the City anticipates serving limited interrogatories and document demands so that discovery is completed before October 31, 2013.

### C. Motions

The City's Rule 12(b)(6) motion filed April 15, 2013 is pending before the Court. The City's request that the Court abstain from hearing the Second and Third Claims in the Second Amended Complaint is now moot. Nichols pled no contest to violating Section 4-35.20. The California Superior Court found Nichols guilty and convicted him of the violation on May 13, 2013. An appeal from the conviction would not lie, but even if Nichols attempted to appeal, his time for doing so has now expired. With the California state criminal proceedings concluded, there is no longer a basis for this Court to abstain from adjudicating this case.

The remaining parts of the City's Rule 12(b)(6) motion remain for decision. In addition to the grounds asserted in that motion, Nichols' conviction furnishes a new and independent ground for entering judgment in the City's favor: If Nichols were to prevail on any of his claims here, a judgment in his favor would imply the invalidity of his state court conviction. Because that conviction stands, Nichols cannot maintain any claim that, if successful, would imply that the conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). On this basis, the City is entitled to judgment on all of Nichols' claims as a matter of law.

Procedurally, there is some question as to whether the City may file a motion for judgment on the pleadings; the City has not answered the Second Amended Complaint while its Rule 12(b)(6) motion remains pending. The City has not yet filed an answer because it is not clear what the impact of doing so would have on its pending Rule 12(b)(6) motion. It also is not clear whether the City is authorized to

R6900-1031\1600620v1.doc

assert *Heck* in a second Rule 12(b)(6) motion while its first motion remains pending. Accordingly, the City will, at least for now, await the Court's adjudication of the pending Rule 12(b)(6) motion. If a ruling is not forthcoming by early August, the City will then determine how best to bring the *Heck* defense before the Court for adjudication. The City would file any dispositive motion well in advance of the November 13, 2013 filing deadline.

### D. Percipient and Expert Witnesses Testifying at Trial

Percipient – two to three

Expert – none

### E. Time Estimate for Trial

Two to three days.

### F. Trial By Jury or Court

The City requests a Court trial. Nichols timely has requested a trial by jury, but he is entitled to a jury only as to his request for damages; he is not entitled to a jury with respect to his claims for injunctive and declaratory relief.

### G. Settlement Discussions

No settlement discussions have occurred, and none are scheduled. The City's prohibition on carrying firearms in public parks, as applied to Nichols, is either constitutional or it is not. Whether Nichols violated the prohibition was conclusively decided in the state court criminal case. Assuming Nichols even could maintain his federal claims in the face of his conviction, the entire case against the City turns upon the constitutional validity of the prohibition as applied. There is no "middle ground" to explore in settlement.

### H. Other Special Factors

The Court should consider bifurcating the case into liability and damages phases. The liability phase involving the constitutional validity of the City's prohibition as applied to Nichols should be tried to the Court. Only if the City is found liable should the damages phase proceed to trial before the jury Nichols requests.

Dated: July 22, 2013

RICHARDS, WATSON & GERSHON
 A Professional Corporation
T. PETER PIERCE
LISA BOND

By: _____
T. PETER PIERCE
Attorneys for Defendant
CITY OF REDONDO BEACH

R6900-1031\1600620v1.doc

# PROOF OF SERVICE

I, Clotilde Bigornia, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On July 22, 2013, I served the within document(s) described as:

**STATUS REPORT OF DEFENDANT CITY OF REDONDO BEACH**

on the interested parties in this action as stated below:

Charles Nichols
P.O. Box 1302
Redondo Beach, CA 90278
Tel:   (424) 634-7381

[ X ]   (BY MAIL)  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth above. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[ ]   (BY OVERNIGHT EXPRESS MAIL DELIVERY)  By placing the document(s) listed above in a sealed envelope with Express Mail postage thereon fully prepaid, addressed as set forth above, and causing the envelope to be deposited with the United States Postal Service.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 22, 2013, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Clotilde Bigornia

R6900-1031\1549017v2.doc