1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG
   Deputy Attorney General
4  State Bar No. 184162
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 897-6505
6    Fax:  (213) 897-1071
     E-mail: jonathan.eisenberg@doj.ca.gov
7  Attorneys for Defendants California Attorney
   General Kamala D. Harris

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES – SPRING STREET

| | |
|---|---|
| **CHARLES NICHOLS,** <br><br> Plaintiff, <br><br> v. <br><br> **EDMUND G. BROWN, Jr., in his official capacity as Governor of California, KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,** <br><br> Defendants. | CV-11-09916-SJO-(SS) <br><br> **DEFENDANT KAMALA D. HARRIS'S CASE STATUS REPORT** <br><br> Date:  N/A <br> Time:  N/A <br> Courtroom:  23 – 3d Flr. <br> Judge:  Hon. Suzanne H. Segal <br> Trial Date:  Not Set <br> Action Filed: Nov. 30, 2011 |

Defendant Kamala D. Harris, Attorney General of the State of California ("AG Harris"), submits the following case status report, as required by the Court's June 12, 2013, scheduling order:

1

**A.  A description of the principal legal and factual issues raised in this case**

*Pro Se* Plaintiff Charles Nichols ("Nichols") wishes to be able to carry firearms openly in public places in California without being arrested or otherwise subject to law enforcement.  To this end, Nichols has pursued the present lawsuit under the U.S. Constitution's Second Amendment, as well as other laws.

Nichols has stated different (if related) causes of action against the different defendants in the instant case.  Against AG Harris, Nichols has stated a single but multi-pronged cause of action.  Nichols alleges that AG Harris, in her official capacity as California's Attorney General, has violated Nichols's rights under the Second, Fourth, and Fourteenth Amendments of the U.S. Constitution in connection with the enforcement of a group of California statutes (the "California open-carry laws") that, in essence, restrict people from openly carrying firearms in public places.

There do not appear to be many, if any, principal factual issues in Nichols's case against AG Harris.  Nichols does *not* assert that he has had *any* communications or other interaction with AG Harris, or anybody else from the Office of the California Attorney General, that amount to a deprivation of Nichols's alleged open-carry right.  Although Nichols intimates that he has openly carried firearms in public places in California many times over many years, Nichols admits that he has never been arrested for, much less cited for or convicted of, violating any of the California open-carry laws (which do not include a municipal open-carry law that Nichols admitted to violating, by pleading nolo contendere in a criminal case brought by the city prosecutor in Redondo Beach, CA).  Nonetheless, Nichols predicts that if/when, at some undefined time and under undefined circumstances in the future, he openly carries a firearm in a public place in California, he certainly will be arrested and prosecuted by AG Harris (or her successor(s)) under the California open-carry laws.  In this case, however, there are *no* acts, events, or

occurrences involving AG Harris that the Court may analyze or to which the Court may apply laws.

Therefore, Nichols necessarily makes a facial attack on *any* enforcement of the California open-carry laws. The principal substantive legal issues in Nichols's case against AG Harris appear to be the following:

- Whether the Second Amendment confers on individual people a right to carry firearms openly in public places in California. (If there is no such right, then virtually the entirety of Nichols's case fails.)
- If there is such a right, whether the California open-carry laws infringe upon that right. (Analysis of this issue may require the Court to decide what level of Second Amendment scrutiny applies to the laws.)
- Whether the part of the California open-carry laws providing, in essence, that a law-enforcement officer may search a firearm that an individual person openly carries infringes upon that person's Fourth Amendment right to be free from unreasonable searches and seizures.
- Whether California's open-carry laws' authorization of local law-enforcement officials to issue open-carry permits to law-abiding people who live in *low*-population counties, but lack of authorization of local law-enforcement officials to issue open-carry permits to law-abiding people who live in *high*-population counties violates the Fourteenth Amendment equal protection right of people who live in high-population counties and desire open-carry permits and open carrying of firearms.

**B.  A summary of the discovery conducted in this case to date and of the status of discovery, including any pending or anticipated discovery disputes and discovery motions, and a summary of any discovery remaining to be completed**

No discovery has been conducted yet in this case. AG Harris intends to depose Nichols. AG Harris also intends to propound on Nichols some written

3

discovery requests (document requests, interrogatories, and/or requests for admission).

**C.   A brief description of any motions remaining to be made and their anticipated filing date(s)**

AG Harris intends, in approximately mid-August 2013, to move to dismiss the case against her on the pleadings (following the Court's denial of Nichols's application for a preliminary injunction against enforcement of the bulk of the California open-carry laws). Alternatively, AG Harris intends, in approximately November 2013, to move for summary judgment of the case against her.

**D.   The number of anticipated percipient and expert witnesses anticipated to testify at trial**

Percipient – between one and four

Expert – zero or one

**E.   An estimate of the time likely to be required for trial**

Two or three days (assuming no jury trial).

**F.   A statement as to whether trial by jury is desired and has been properly requested**

Nichols seeks a trial by jury. Nichols is not entitled to a trial by jury against AG Harris, given that Nichols is seeking only equitable relief from AG Harris.

**G.   A discussion of the likelihood of settlement and a statement of whether settlement discussions have taken place or are scheduled**

AG Harris believes that there is a low likelihood of settlement, because Nichols is seeking to establish a specific but broad constitutional "open-carry" right about which he has said will not compromise. Settlement discussions have not taken place and are not scheduled.

**H.   Any other special factors applicable to the progress of this case**

Nichols has begun appellate proceedings regarding this Court's July 3, 2013, denial of Nichols's application for a preliminary injunction against enforcement of

1 | the bulk of the California open-carry laws. Nichols unsuccessfully has sought to
2 | stay this case at the trial level while the appeal proceeds. After the Court denied
3 | Nichols's stay request, Nichols told the defendants that he will not be available to
4 | participate in the case at the trial level for three weeks (while he works on the
5 | appeal). Thereafter, Nichols told the defendants that he will request that the
6 | appellate court stay the trial-level proceedings in this case.

Dated: July 29, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant California Attorney General Kamala D. Harris*

# CERTIFICATE OF E-FILING AND SERVICE

Case Name:   *Nichols v. Brown*   No.   **U.S.D.C., C.D. Cal., 11-cv-09916-SJO-SS**

I am 18 years of age or older and not a party to this matter. I am employed in Los Angeles, California, in the Office of the Attorney General, Department of Justice, State of California ("OACG"), which is the office of a member of the California State Bar, at which member's direction the following service is made.

I certify that at least some of the participants in the above-entitled case are registered CM/ECF users.

I hereby certify that, on July 29, 2013, I, assisting Jonathan M. Eisenberg, caused to be electronically filed with the U.S. District Court, Central District of California, Clerk of the Court, through the CM/ECF system, the document with the following title:

**DEFENDANT KAMALA D. HARRIS'S CASE STATUS REPORT**

I further certify that at least some of the participants in the case are not registered CM/ECF users.

On July 29, 2013, I caused to be mailed, by first-class mail, postage prepaid, in the U.S. mail, the foregoing document(s) to the following person(s) at the following address(es):

Charles Nichols
P.O. Box 1302
Redondo Beach, CA  90278

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 29, 2013, at Los Angeles, California.

|  |  |
|---|---|
| A. Artiga | |
| Declarant | Signature |