1  Charles Nichols
2  PO Box 1302
   Redondo Beach, CA 90278
   Voice: (424) 634-7381
3  E-Mail: CharlesNichols@Pykrete.info
   In Pro Per
4
5
6
7

## United States District Court

## Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>PLAINTIFF,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California<br><br>Defendant. | Case No.: CV-11-9916 SJO (SS)<br><br>**PLAINTIFF CHARLES NICHOLS' STATUS REPORT AS PER MAGISTRATE JUDGE SCHEDULING ORDER**<br><br>Date: N/A<br>Time: N/A<br>Judge: Samuel James Otero<br>Location: United States Courthouse<br>312 North Spring Street<br>Los Angeles, CA 90012-4701<br>Courtroom: 1 - 2nd Floor<br>Magistrate: Suzanne H. Segal<br>Courtroom: 23 – 3d Flr.<br>Date Action Filed: November 30, 2011 |

Plaintiff Charles Nichols, In Pro Per, hereby submits his Status Report as per the Scheduling Order of Magistrate Judge Suzanne H. Segal (Dkt #107). Defendants City of Redondo Beach and Does 1 through 10 were voluntarily dismissed, without prejudice, by Plaintiff pursuant to F.R.C.P 41(a)(1)(A)(i) on August 5, 2013. Consequently, this status report is relevant only to Defendant KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California.

### Status Report

**A. A description of the principal legal and factual issues raised in this case;**

Plaintiff contends that California Penal Code §§ 25850, 26350, 26400, 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215 et al violate the Second, Fourth and Fourteenth Amendments to the United States Constitution both facially and as-applied. Plaintiff contends that Open Carry is the right guaranteed by the Constitution and has limited his case only to his right to openly carry loaded and/or unloaded firearms in non-sensitive public places, on his own residential property and in/on a motor vehicle and attached camper or trailer. Plaintiff does not seek to carry a concealed firearm and, in any event, a permit to carry a concealed firearm is not available to Plaintiff nor are licenses to openly carry a firearm, loaded or unloaded. California made it a crime to openly carry a loaded firearm in incorporated cities and in unincorporated county territory where the discharge of a firearm is prohibited in 1967. Licensed hunters are exempt from the ban and are exempt from the two recently enacted bans on openly carrying unloaded firearms in these same non-sensitive public places. The sole and only motivating reason to enact the ban on openly carrying loaded firearms was to disarm minorities who were not breaking any laws and the

ban is disproportionately enforced against minorities by a factor of three to one. Plaintiff further contends that refusal to voluntarily consent to a search does not, in and of itself, constitute "probable cause" for an arrest. Plaintiff contends that the laws at issue cannot withstand any level of scrutiny. California Penal Code §§ 25850, 26350 and 26400 do not contain an exception for self-defense within the body of the statutes. Like the nearly identically worded bans struck down by the Seventh Circuit, the self-defense exception occurs elsewhere in the penal code and is only an affirmative defense which Plaintiff contends, as evidenced by his own prosecution, is not a defense particularly for Plaintiff and similarly situated persons who have to rely on public defenders. Plaintiff contends that the bans on openly carrying firearms are a violation not only of the Federal Constitution but the California constitution and longstanding common-law recognition by the State of California to openly carry firearms for the purpose of self-defense and for other lawful purposes. This is just a brief "description of the principal legal and factual issues raised in this case."

**B. A summary of the discovery conducted in this case to date and of the status of discovery, including any pending or anticipated discovery disputes and discovery motions, and a summary of any discovery remaining to be completed;**

No discovery has been conducted to date. Most of the discovery will be Defendant Harris' own electronic databases and publications which she will no doubt fight. There will be limited third party discovery which Defendant Harris is expected to oppose as well. This will consist of the Los Angeles County Sheriff's department issuance of licenses to carry concealable weapons and its policy of not issuing said licenses which this court is well aware of given that this court was the trial court in *Robert Thomson v. Torrance Police Department, et al*, Case Number: 2:2011cv06154 which is currently on appeal (Case Number: 12-56236). Plaintiff

also intends on submitting as evidence the transcripts of his criminal prosecution by dismissed Defendant City of Redondo Beach.

**C. A brief description of any motions remaining to be made and their anticipated filing date(s); if defendant[s] do not intend to file a dispositive motion, defendant[s] shall inform the Court;**

Plaintiff intends on filing a motion for summary judgment by the November 13, 2013 deadline if Defendant Harris fully complies with Plaintiff's discovery requests.

**D. The number of anticipated percipient and expert witnesses anticipated to testify at trial;**

Plaintiff does not intend to offer expert testimony at any trial in this matter or to call any percipient witnesses.

**E. An estimate of the time likely to be required for trial;**

Given Plaintiff's voluntary dismissal, without prejudice, of Defendant City of Redondo Beach and the Doe defendants, Plaintiff does not anticipate a need for a trial.

**F. A statement as to whether trial by jury is desired and has been properly requested;**

A jury trial has been properly requested but Plaintiff does not foresee a need for a jury trial at this time as the facts should not be in dispute and the remainder of the case involves pure questions of law.

**G. A discussion of the likelihood of settlement and a statement of whether settlement discussions have taken place or are scheduled; and**

Defendant Harris refused to make available licenses to openly carry a loaded handgun for the purpose of self-defense to Plaintiff and similarly situated individuals who live in counties with a population of 200,000 or more persons. Given her stated intent to file a motion for judgment on the pleadings before discovery has even completed and her opposition to granting Plaintiff's declaratory and injunctive relief, Plaintiff does not believe that this case can be settled.

**H. Any other special factors applicable to the progress of this case.**

Defendant Harris has repeatedly sought to delay the progress of Plaintiff's case. She is expected to oppose Plaintiff's discovery requests and object to all factual contentions by Plaintiff.

Dated: August 7, 2013                                    Respectfully submitted,

                                                         By: Charles Nichols
                                                         PLAINTIFF in Pro Per
                                                         PO Box 1302
                                                         Redondo Beach, CA  90278
                                                         Voice: (424) 634-7381
                                                         E-Mail:
                                                         CharlesNichols@Pykrete.info

///
///
///
///

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF CHARLES NICHOLS' STATUS REPORT AS PER MAGISTRATE JUDGE SCHEDULING ORDER** was served via United States Mail, postage prepaid, on this 7th, day of August, 2013; on the following:

KAMALA D. HARRIS
Attorney General of California
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Attorney for Defendant California Attorney General Kamala Harris

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)