1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG
   Deputy Attorney General
4  State Bar No. 184162
     300 South Spring St., Ste. 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 897-6505
6    Fax:  (213) 897-1071
     E-mail:  jonathan.eisenberg@doj.ca.gov
7  *Attorneys for Defendant California Attorney
   General Kamala D. Harris*

8

9             IN THE UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

| 13 | **CHARLES NICHOLS,** | 2:11-cv-09916-SJO-(SS) |
|---|---|---|
| 14 | Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF** |
| 15 | **v.** | **MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C)** |
| 16 | **EDMUND G. BROWN JR., in his official capacity as Governor of** | |
| 17 | **California, KAMALA D. HARRIS, in her official capacity as Attorney** | Date:           Dec. 17, 2013<br>Time:           10:00 a.m. |
| 18 | **General of California, CITY OF REDONDO BEACH, CITY OF** | Crtrm.:        23 – 3rd Flr.<br>Judge:         Hon. Suzanne H. |
| 19 | **REDONDO BEACH POLICE DEPARTMENT, CITY OF** | Segal |
| 20 | **REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and** | Trial Date:    Not Yet Set<br>Action Filed:  Nov. 30, 2011 |
| 21 | **DOES 1 to 10,** | |
| 22 | Defendants. | |

23

24         Under Federal Rule of Evidence 201(c)(2), Defendant Kamala D. Harris,

25  Attorney General of the State of California (the "Attorney General"), requests that

26  the Court take judicial notice of an adjudicative fact in connection with the motion

27  for judgment on the pleadings of the instant case adverse to Plaintiff Charles

28

1   Nichols ("Nichols").

2          The fact is as follows:  in May 2013, Nichols pleaded no contest to a criminal

3   count, and was found guilty and convicted, of violating Redondo Beach Municipal

4   Code Title 4-35.20(a), in an incident that occurred on May 21, 2012.  This fact is

5   reflected on pages 10 and 17-18 of the pleading in this case titled "Opposition of

6   Defendant City of Redondo Beach to Plaintiff's Ex Parte Application for Stay

7   Pending Appeal; Declaration of T. Peter Pierce in Support," and filed herein as

8   Document 119 on July 16, 2013, a true and correct copy of which pleading is

9   attached hereto as Exhibit A.

10         Additionally, attached hereto as Exhibit B is a true and correct copy of the

11  text of California Penal Code section 25850, as downloaded from the Internet site

12  www.leginfo.ca.gov on November 7, 2013.

13         Additionally, attached hereto as Exhibit C is a true and correct copy of the

14  text of California Penal Code sections 26150 through 26225, as downloaded from

15  the Internet site www.leginfo.ca.gov on November 7, 2013.

16         Additionally, attached hereto as Exhibit D is a true and correct copy of the

17  text of California Penal Code section 26350, as downloaded from the Internet site

18  www.leginfo.ca.gov on November 7, 2013.

19         Additionally, attached hereto as Exhibit E is a true and correct copy of the

20  text of California Penal Code section 26350, as downloaded from the Internet site

21  www.leginfo.ca.gov on November 7, 2013.

22

23

24

25

26

27

28

1    These copies of statutes are presented for the Court's ease of reference.

2    Dated:  November 12, 2013                    Respectfully submitted,

3                                                KAMALA D. HARRIS
                                                 Attorney General of California
4                                                MARK R. BECKINGTON
                                                 Supervising Deputy Attorney General
5

6

7     /s/ Jonathan M. Eisenberg_____
      JONATHAN M. EISENBERG
8     Deputy Attorney General
      *Attorneys for Defendant California*
9     *Attorney General Kamala D. Harris*

10         **SUPPORTING DECLARATION OF JONATHAN M. EISENBERG**

11        I, Jonathan M. Eisenberg, declare as follows:

12        1.    I have personal knowledge of the following facts and, if called as a

13   witness, could and would testify competently to the facts.

14        2.    I am an attorney admitted to practice law in California and before the

15   instant Court.  I am a deputy attorney general in the Office of the California

16   Attorney General.  I am one of the attorneys of record for Defendant Kamala D.

17   Harris, Attorney General of the State of California, in the instant lawsuit adverse to

18   Plaintiff Charles Nichols.

19        3.    The pleading marked as Exhibit A herein is a true and correct copy of

20   the pleading filed herein as Document 119.

21        4.    The document marked as Exhibit B herein is a true and correct copy of

22   a document that I downloaded from the Internet site www.leginfo.ca.gov to my

23   work computer at the Office of the California Attorney General on November 7,

24   2013.

25        5.    The document marked as Exhibit C herein is a true and correct copy of

26   a document that I downloaded from the Internet site www.leginfo.ca.gov to my

27   work computer at the Office of the California Attorney General on November 7,

28   2013.

PDF-XChange

Click to buy NOW!

www.docu-track.com

PDF-XChange

Click to buy NOW!

www.docu-track.com

6.      The document marked as Exhibit D herein is a true and correct copy of a document that I downloaded from the Internet site www.leginfo.ca.gov to my work computer at the Office of the California Attorney General on November 7, 2013.

7.      The document marked as Exhibit E herein is a true and correct copy of a document that I downloaded from the Internet site www.leginfo.ca.gov to my work computer at the Office of the California Attorney General on November 7, 2013.

I declare under the penalty of perjury that the foregoing is true and correct and that I signed this document on November 12, 2013, at Los Angeles, California.


 /s/ Jonathan M. Eisenberg
JONATHAN M. EISENBERG



**Exhibit A**

1  T. PETER PIERCE (Bar No. 160408)
   ppierce@rwglaw.com
2  LISA BOND (Bar No. 172342)
   lbond@rwglaw.com
3  RICHARDS, WATSON & GERSHON
    A Professional Corporation
4  355 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3101
5  Telephone: 213.626.8484
   Facsimile: 213.626.0078
6
7  Attorneys for Defendant.
   City of Redondo Beach
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10

11  CHARLES NICHOLS,                    Case No. CV-11-9916 SJO (SS)

12              Plaintiff,              **OPPOSITION OF DEFENDANT
                                        CITY OF REDONDO BEACH TO
13         vs.                          PLAINTIFF'S EX PARTE
                                        APPLICATION FOR STAY
14  KAMALA D. HARRIS, Attorney          PENDING APPEAL; DECLARATION
    General, in her official capacity as OF T. PETER PIERCE IN SUPPORT**
15  Attorney General of California, CITY
    OF REDONDO BEACH and DOES 1 to     Judge:   Hon. S. James Otero
16  10,

17              Defendants.

18         Defendant City of Redondo Beach submits the following memorandum of

19  points and authorities in opposition to the ex parte application for stay pending

20  appeal filed by Plaintiff Charles Nichols:

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

_____
OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH TO PLAINTIFF'S EX PARTE APPLICATION
FOR STAY PENDING APPEAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Preliminary Statement

Defendant City of Redondo Beach (the "City") opposes on the following grounds the ex parte application for a stay pending appeal filed by Plaintiff Charles Nichols ("plaintiff"):

First, plaintiff has not provided an adequate explanation as to why he cannot seek a stay through a noticed motion.

Second, plaintiff cannot show that he would be prejudiced by the noticed motion procedure; his request for a stay has no merit in the first place. Plaintiff appeals from an order denying a preliminary injunction with respect to enforcement of three California statutes. Plaintiff did not seek a preliminary injunction with respect to enforcement of the City's prohibition on firearms in public parks. The constitutional validity of California's statutes is an issue entirely separate from the validity of the City's regulation. This Court may continue to exercise jurisdiction over plaintiff's claims against the City without concern for running afoul of any decision of the Ninth Circuit with respect to enforcement of California law.

Third, still pending before the Court is the City's Motion to Dismiss all of the claims asserted against it in the operative Second Amended Complaint. A stay of the proceedings would prejudice the City by depriving it of the opportunity to have its legal defenses adjudicated now, and would leave the City in legal limbo for the duration of the stay.

Fourth, well after the City filed its Motion to Dismiss, plaintiff pled no contest to a misdemeanor criminal complaint filed against him in California state court arising from the same course of conduct underlying his claims against the City here. After researching the potential impact of that plea on plaintiff's claims here, the City has concluded that it has additional grounds to move for judgment against plaintiff. The City is drafting a detailed Rule 7-3 pre-meeting letter to plaintiff in an effort to



RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH TO PLAINTIFF'S EX PARTE APPLICATION FOR STAY PENDING APPEAL
R6900-1031\1599195v2.doc

1   convince him to dismiss his claims against the City in the wake of his plea in state

2   court.  A stay by this Court would further prejudice the City by depriving it of an

3   opportunity to obtain a resolution on the merits now.

4          In summary, the City's continued efforts to obtain a favorable judgment

5   should not be derailed by an appeal that has nothing to do with plaintiff's claims

6   against the City.

7

8   **II.     The Ex Parte Application Should Be Denied Because Plaintiff Has Not**

9   **        Adequately Explained Why A Noticed Motion Would Be Ineffective.**

10         The Court's Initial Standing Order advises:  "Ex parte applications are

11  discouraged.  *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F.Supp. 488

12  (C.D.Cal. 1995) [*Mission Power*]."  (Standing Order, p. 12, lines 1-2).  "Many ex

13  parte motions are denied, not because the underlying request is unwarranted, but

14  because the papers do not show that bypassing the regular noticed motion procedure

15  is necessary."  *Mission Power*, 883 F.Supp. at 492.  Plaintiff has not explained why

16  his request for a stay cannot be accommodated through a regularly noticed motion.

17  There is no reason why plaintiff cannot file a noticed motion and set it for hearing in

18  advance of the September 4 deadline for the filing of the answering brief in the Ninth

19  Circuit, which will be months in advance of the Ninth Circuit deciding the appeal.

20  The ex parte application should be denied for this reason alone.

21

22  **III.    The Ex Parte Application Should Be Denied Because Plaintiff Has Not**

23  **        Shown Irreparable Prejudice.**

24         Plaintiff must show (1) he "will be irreparably prejudiced if the underlying

25  motion is heard according to regular noticed motion procedures"; and (2) he "is

26  without fault in creating the crisis that requires ex parte relief."  *Mission Power,* 883

27  F.Supp. at 492.  Plaintiff fails to satisfy the first factor, rendering superfluous any

28  discussion of the second.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-2-

1    "To show irreparable prejudice, it will usually be necessary to refer to the
2    merits of the accompanying proposed motion, because if it is meritless, failure to
3    hear it cannot be prejudicial." *Mission Power*, 883 F.Supp. at p. 492. Plaintiff
4    contends that this Court, by continuing to assert jurisdiction over plaintiff's claims
5    against the City, could interfere with the Ninth Circuit's jurisdiction over plaintiff's
6    pending appeal. Plaintiff is mistaken. This Court refused to enjoin enforcement of
7    California statutes on the ground that plaintiff was not likely to succeed on his *facial*
8    challenges to those statutes under the Second, Fourth and Fourteenth Amendments.
9    (*See* Order, Document 109, at pp. 4-10). The statutes, collectively, prohibit the
10   carrying of loaded and unloaded firearms, including handguns, in public places. The
11   *facial* validity of those statutes has nothing to do with plaintiff's *as-applied*
12   challenges to the City's regulation under the Second, Fourth and Fourteenth
13   Amendments. (*See* Second Amended Complaint, Document 83, at ¶¶ 45, 70-82).
14   The City criminally prosecuted plaintiff for violating the City's prohibition on
15   firearms in public parks. (*See* Exhibit "A" attached, Declaration of T. Peter Pierce at
16   ¶ 2; *See also* Second Amended Complaint, Document 83, at ¶ 45). Plaintiff has not
17   shown that the validity of the City's enforcement will be affected by the Ninth
18   Circuit's decision on the facial validity of California law.

19   To the extent plaintiff tries to state a facial Second Amendment claim against
20   the City, he does not show that this Court, by retaining jurisdiction over that claim,
21   would interfere with the Ninth Circuit's jurisdiction. Nor could he show that. A
22   ruling by this Court upholding the City's regulation under the Second Amendment
23   would not interfere with a Ninth Circuit ruling striking down one of the challenged
24   California statutes on that ground. More importantly, for the reasons stated in this
25   Court's order denying a preliminary injunction, it is highly unlikely that the Ninth
26   Circuit would invalidate any of the state statutes.

27   Separately and independently, plaintiff recently pled no contest in California
28   state court to violating the City's prohibition on firearms in public parks. (*See*

-3-
OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH TO PLAINTIFF'S EX PARTE APPLICATION
FOR STAY PENDING APPEAL
R6900-1031\1599195v2.doc

Case 2:11-cv-00916-SSS-SS   Document 129-2   Filed 11/12/13   Page 10 of 39   Page
ID #:1893
Case 2:11-cv-00916-SSS-SS   Document 119   Filed 07/16/13   Page 5 of 39   Page ID #:890

1    Exhibit "B" attached at p. 7; Pierce decl. at ¶ 3). Accordingly, he was found guilty of

2    the misdemeanor charge, and convicted. (*See* Exhibit "B" attached at pp. 7-8; Pierce

3    decl. at ¶ 3). The City is preparing a letter to plaintiff, under Local Rule 7-3,

4    explaining that plaintiff's conviction forecloses his claims against the City under

5    *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994),

6    and its progeny. Plaintiff's claims against the City are now foreclosed *regardless of*

7    *the Ninth Circuit's decision in the pending appeal* involving California law. Unless

8    plaintiff agrees to dismiss his claims against the City in the Rule 7-3 process, the

9    City soon will be filing a motion for judgment on the pleadings or for summary

10   judgment. The pending appeal should not derail that motion.

11

12                                      **IV.   Conclusion**

13             For all of the foregoing reasons, the Court should deny plaintiff's ex parte

14   application.

15

16   Dated:  July 16, 2013              RICHARDS, WATSON & GERSHON
                                         A Professional Corporation
17                                      T. PETER PIERCE
                                        LISA BOND
18

19
                                        By: _____
20                                          T. PETER PIERCE
                                            Attorneys for Defendant
21                                          City of Redondo Beach

22

23

24

25

26

27

28



OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH TO PLAINTIFF'S EX PARTE APPLICATION
FOR STAY PENDING APPEAL
R6900-1031\1599195v2.doc



# DECLARATION OF T. PETER PIERCE

I, T. Peter Pierce, declare:

1.  I am an attorney admitted to practice before this Court and licensed to practice in all courts of the State of California.  I am one of the attorneys responsible for representing defendant City of Redondo Beach in this case.  I have personal knowledge of the matters in this declaration.

2.  Attached here as Exhibit "A" is a true and correct certified copy of the operative charging complaint filed in *People v. Charles Nichols*, which I obtained from the California Superior Court.

3.  Attached here as Exhibit "B" is a true and correct certified copy of the complete docket sheet in *People v. Charles Nichols*, which I obtained from the California Superior Court.  I have drawn a box around the parts of the docket sheet on pages 7 and 8 recounting Mr. Nichols' plea of no contest, the California Superior Court's finding of guilt, and its conviction of Mr. Nichols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2013 at Los Angeles, California.

T. Peter Pierce

OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH TO PLAINTIFF'S EX PARTE APPLICATION FOR STAY PENDING APPEAL

R6900-1031\1599195v2.doc

Case 2:11-cv-09916-SSS-KES    Document 129-2    Filed 11/12/13   Page 12 of 39   Page
Case 2:11-cv-09916-SJO-SS   Document 119   Filed 07/16/13   Page 7 of 18   Page ID #:1895
ID #:1895

# EXHIBIT A

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, SOUTHWEST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA

COURT CASE # 2SY05163

**FILED**

LOS ANGELES SUPERIOR CO

V.

PLAINTIFF

COMPLAINT - MISDEMEANOR/ INFRACTION

1st.

MAY 1 0 2013

DEFENDANT

**CHARLES ERWIN NICHOLS**
**16810 HAWTHORNE BLVD.**
**LAWNDALE, CA 90260**

" AMENDED COMPLAINT"
"MODIFY WORDING IN CT1"

CLARKE, CLERK

BY M. MILLIGAN, DEPUTY

| DOB **03-12-60** | SEX **M** | HAIR **BRO** | EYES **BLU** | HGT **5'2"** | WGT **250** | RACE **W** |
|---|---|---|---|---|---|---|

OPR LIC # **N6978836** ST **CA**

LPD/DR **12-3245**
SOC SEC

MAIN NUMBER
VEH LIC ST

CII **M91667305**
FBI

ARRESTED CHGS **4-35.20(a) RBMC**

BKG NUMBER
DATE OF ARREST **MAY 21, 2012**
AKA

CITE # **FOR LETTER**

OCA # **CA0195600**
VIO CITY REDONDO BEACH

FIRST MID LAST SFX

The undersigned declarant and complainant states that he is informed and believes and upon such information and belief declares that on or about **MAY 21, 2012** the above named Defendant, at and in the Southwest Judicial District in the County of Los Angeles, State of California, committed the crime(s) of:

### COUNT 1

A misdemeanor violation of the **Redondo Beach Municipal Code Section 4-35.20(a),** in that the above named Defendant did carry a weapon across, in, or into a park.

I declare under penalty of perjury that the foregoing is true and correct. Executed on **MAY 09, 2013** in the County of Los Angeles, State of California

Declarant and Complainant

Investigating Agency: Redondo Beach Police Department

THIS VERIFIED COMPLAINT INCORPORATES BY REFERENCE THE POLICE REPORT DR # **12-3245** B# **FOR LETTER** DK/ DA/BM

**PURSUANT TO PENAL CODE SECTION 1054.3 THE PEOPLE HEREBY MAKE AN INFORMAL REQUEST FOR DISCOVERY TO BE DISCLOSED BY THE DEFENDANT AND HIS/HER ATTORNEY TO THE PEOPLE WITHIN 15 DAYS OF THE RECEIPT OF THIS COMPLAINT.**

# EXHIBIT B

Case 2:11-cv-09916-SSS-KES Document 129-2 Filed 11/12/13 Page 15 of 39 Page
ID #:1898
Case 2:11-cv-09916-SJO-SS Document 119 Filed 07/16/13 Page 10 of 18 Page ID
#:1898



SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 2SY05163                                        PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA     VS.      CURRENT DATE 07/15/13
DEFENDANT 01:  CHARLES ERWIN NICHOLS
LAW ENFORCEMENT AGENCY EFFECTING ARREST: REDONDO BEACH POLICE DEPT.

BAIL: APPEARANCE   AMOUNT    DATE     RECEIPT OR  SURETY COMPANY   REGISTER
       DATE      OF BAIL   POSTED   BOND NO.                      NUMBER

CASE FILED ON 07/13/12.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 05/21/12 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 4-35.20(A) RBM MISD
NEXT SCHEDULED EVENT:
 07/25/12   830 AM  ARRAIGNMENT   DIST TORRANCE COURTHOUSE DEPT 005


ON 07/25/12 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005


CASE CALLED FOR ARRAIGNMENT
PARTIES: DAVID SOTELO (JUDGE)  PATRICIA SOTO  (CLERK)
THE            CELIA BERNAL       (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY MICHAEL F SISSON PRIVATE
... COUNSEL
DEFENDANT APPEARING BY COUNSEL PURSUANT TO PENAL CODE SECTION 977 ET SEQ, BY
 MICHAEL F SISSON PRIVATE COUNSEL
 DEMURRER TO COMPLAINT FILED BY THE CITY OF REDONDO BEACH FILED.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
   08/22/12   830 AM  ARRAIGNMENT AND PLEA   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 08/17/12 AT  830 AM :

 DEFENDANT CHARLES NICOLS DEMURRER TO COMPLAINT.
 COURT ORDERS AND FINDINGS:
 -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

NEXT SCHEDULED EVENT:
 08/22/12   900 AM  MOTION   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE.


ON 08/22/12 AT  900 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR MOTION
PARTIES: DAVID SOTELO (JUDGE)  PATRICIA SOTO  (CLERK)
               CELIA BERNAL       (REP)  SYDNE S. MICHEL  ()
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY MICHAEL F SISSON PRIVATE
   COUNSEL
DEFENDANT APPEARING BY COUNSEL PURSUANT TO PENAL CODE SECTION 977 ET SEQ, BY
   MICHAEL F SISSON PRIVATE COUNSEL
 MOTION CONTINUED UNTIL 09/13/2012.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
   09/13/12   830 AM  ARRAIGNMENT AND PLEA   DIST TORRANCE COURTHOUSE DEPT 005


1

Case 2:11-cv-09916-SSS-KES   Document 129-2   Filed 11/12/13   Page 16 of 39   Page
Case 2:11-cv-09916-SJO-SS   Document 119   Filed 07/16/13   Page 11 of 16   Page ID #:1932
ID #:1899

PDF-XChange
Click to buy NOW!
www.docu-track.com

PDF-XChange
Click to buy NOW!
www.docu-track.com

CASE NO. 2SY05163                          PAGE NO.   2
DEF NO.  01                                DATE PRINTED 07/15/13


CUSTODY STATUS: RELEASED ON OWN RECOGNIZANCE


ON 09/13/12 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR ARRAIGNMENT AND PLEA
PARTIES: DAVID SOTELO (JUDGE)  PATRICIA SOTO  (CLERK)
              CELIA BERNAL       (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MICHAEL F SISSON PRIVATE
  COUNSEL
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  09/27/12   830 AM  ARRAIGNMENT AND PLEA   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 09/27/12 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR ARRAIGNMENT AND PLEA
PARTIES: DAVID SOTELO (JUDGE)  PATRICIA SOTO  (CLERK)
              CELIA BERNAL       (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MICHAEL F SISSON PRIVATE
  COUNSEL
  CASE IS TAKEN UNDER SUBMISSION.  RULING ON MOTION IS CONTINUED.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  10/24/12   830 AM  MOTION   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 10/24/12 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005


CASE CALLED FOR MOTION
PARTIES: DAVID SOTELO (JUDGE)  PATRICIA SOTO  (CLERK)
              CELIA BERNAL  (REP)     SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MICHAEL F SISSON PRIVATE
  COUNSEL
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 4-35.20(A) RBM.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
  DEMURRER IS DENIED.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
12/11/12   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 11/07/12 AT  800 AM :

  PAYMENT OF $1.50 RECEIVED FOR PHOTOCOPIES.



Case 2:11-cv-09916-SSS-KES   Document 129-2   Filed 11/12/13   Page 17 of 39   Page
Case 2:11-cv-09916-SJO-SS   Document 119   Filed 07/16/13   Page 12 of 18   Page ID #:196
ID #:1900

CASE NO. 2SY05163                          PAGE NO.   3
DEF NO.  01                                DATE PRINTED 07/15/13

  RECEIPT # SBA468645008
  MATTER REMAINS ON CALENDAR FOR PRETRIAL HEARING DUE ON
  12/11/12 DEPT. 5.
PRETRIAL HEARING


ON 12/11/12 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR PRETRIAL HEARING
PARTIES: CHET L. TAYLOR (JUDGE)  SHIRLEY LINARES  (CLERK)
              WILLIAM BARNES      (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY MICHAEL F SISSON PRIVATE
  COUNSEL
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  01/14/13   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005
DAY 00 OF 30


CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 01/14/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR PRETRIAL HEARING
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
              WILLIAM BARNES      (REP)    SYDNE S. MICHEL  (CP)
PUBLIC DEFENDER APPOINTED.  JOHN MATTINGLY - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  ATTORNEY MICHAEL SISSON IS RELIEVED.

  NOTICE OF ASSESSMENT OF APPOINTED COUNSEL REGISTRATION FEE PER
  987.5 SIGNED AND FILED
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
02/25/13   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005
DAY 00 OF 30


CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 01/30/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
              WILLIAM BARNES      (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS  NOT PRESENT IN COURT, BUT REPRESENTED BY JOHN MATTINGLY DEPUTY
  PUBLIC DEFENDER
DEFENDANT APPEARING BY COUNSEL PURSUANT TO PENAL CODE SECTION 977 ET SEQ, BY
  JOHN MATTINGLY DEPUTY PUBLIC DEFENDER
  ORDER TO PREPARE TRANSCRIPT SIGNED.
NEXT SCHEDULED EVENT:
  02/25/13   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005


ON 02/25/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR PRETRIAL HEARING

Case 2:11-cv-09916-SSS-KES Document 129-2 Filed 11/12/13 Page 18 of 39 Page
Case 2:11-cv-09916-SJO-SS Document 119 Filed 07/16/13 Page 13 of 18 Page ID #:1901
ID #:1901



CASE NO. 2SY05163
DEF NO. 01

PAGE NO.    4
DATE PRINTED 07/15/13

PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
               WILLIAM BARNES        (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  03/18/13   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005
DAY 00 OF 30

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 03/18/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR PRETRIAL HEARING
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
               WILLIAM BARNES        (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC

  DEFENDER
  OPPOSITION TO DEFENSE MOTION TO CONTINUE FILED.


  DEFENSE MOTION FOR CONTINUANCE DENIED WITHOUT PREJUDICE.
NEXT SCHEDULED EVENT:
  04/03/13   830 AM  PRETRIAL HEARING   DIST TORRANCE COURTHOUSE DEPT 005
DAY 15 OF 30

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 04/03/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR PRETRIAL HEARING
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
               CARMEN J. GARROD        (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
NEXT SCHEDULED EVENT:
  04/16/13   830 AM  TRIAL/OR MOTION   DIST TORRANCE COURTHOUSE DEPT 005
DAY 28 OF 30

NEXT SCHEDULED EVENT:
  BY STIPULATION CAUSE CONTINUED TO
  04/18/13   830 AM  JURY TRIAL    DIST TORRANCE COURTHOUSE DEPT 005
DAY 30 OF 30


ON 04/05/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR TRIAL/OR MOTION
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
               WILLIAM BARNES        (REP)  SYDNE S. MICHEL  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  4/16/13 AND 4/18/13 DATES ARE VACATED.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:

4


Case 2:11-cv-09916-SSS-KES Document 129-2 Filed 11/12/13 Page 19 of 39 Page
Case 2:11-cv-09916-SJO-SS Document 119 Filed 07/16/13 Page 14 of 18 Page ID #:1902
ID #:1902

CASE NO. 2SY05163                                    PAGE NO.   5
DEF NO.  01                                          DATE PRINTED 07/15/13

:UPON MOTION OF DEFENDANT
  04/30/13   830 AM  JURY TRIAL   DIST TORRANCE COURTHOUSE DEPT 005
DAY 00 OF 10


ON 04/11/13 AT 1000 AM  IN TORRANCE COURTHOUSE DEPT REU

CASE CALLED FOR 987.8 - ATTORNEY FEES PAYMENT
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE      (REP)  MELANIE CHAVIRA  ()
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  PAYMENT RECEIVED FROM GC SERVICES FOR THE OUTSTANDING APPOINTED
  COUNSEL REGISTRATION FEE IN THE AMOUNT OF $50.00 ON INVOICE
  #04132161.
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED



ON 04/30/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

  NUNC PRO TUNC ORDER PREPARED. IT APPEARING TO THE COURT THAT THE MINUTE ORDER
  IN THE ABOVE ENTITLED ACTION DOES NOT PROPERLY REFLECT THE COURT'S ORDER. SAID
  MINUTE ORDER IS AMENDED NUNC PRO TUNC AS OF THAT DATE.  ALL OTHER ORDERS ARE
TO REMAIN IN FULL FORCE AND EFFECT. DETAILS LISTED AT END OF THIS MINUTE ORDER.
CASE CALLED FOR JURY TRIAL
PARTIES: CHET L. TAYLOR (JUDGE)  VIKKI JOHNSON  (CLERK)
              WILLIAM BARNES      (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  PEOPLE'S OPPOSITION TO MOTION TO DISMISS FILED AND SET FOR
  04-30-13 IN DEPT. 5.

  MOTION TO DISMISS AND MARSDEN CONTINUED TO 05-03-13 IN DEPT. 5.

*****NO NUNC PRO TUNC ORDER REQUIRED*****
NEXT SCHEDULED EVENT:
  05/03/13   830 AM  MOTION   DIST TORRANCE COURTHOUSE DEPT 005

DAY 03 OF 10

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 05/03/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR MOTION
PARTIES: CHET L. TAYLOR (JUDGE)  VIKKI JOHNSON  (CLERK)
              WILLIAM BARNES      (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  OUT OF THE PRESENCE OF THE PEOPLE, WITH THE COURT STAFF ONLY,
  THE DEFENDANT'S MARSDEN MOTION IS HEARD AND DENIED.
  THE COURT ORDERS THE NOTES OF THE REPORTER SEALED AND NOT TO
  BE TRANSCRIBED UNLESS ORDERED BY THE COURT.

  DEFENDANT'S MOTION TO DISMISS IS ARGUED AND DENIED.

Case 2:11-cv-09916-SJO-SS   Document 119   Filed 07/16/13   Page 15 of 18   Page ID #:1903

CASE NO. 2SY05163
DEF NO.  01

PAGE NO.   6
DATE PRINTED 07/15/13

  THIS MATTER IS CONTINUED FOR JURY TRIAL TO 05/08/2013.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  05/08/13   830 AM  JURY TRIAL   DIST TORRANCE COURTHOUSE DEPT 005
DAY 08 OF 10

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 05/06/13 AT  800 AM :

  PAYMENT OF $25.00 RECEIVED FOR CERTIFICATION.
  RECEIPT # SBA468645008.
  MATTER REMAINS ON CALENDAR FOR JURY TRIAL DUE ON 5/8/13 DEPT. 5.
JURY TRIAL



ON 05/08/13 AT  800 AM :

  $25.00 PAID FOR CERTIFICATION. RECEIPT#SBA500815010.
JURY TRIAL


ON 05/08/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR JURY TRIAL
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
                WILLIAM BARNES      (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  05/10/13   830 AM  JURY TRIAL   DIST TORRANCE COURTHOUSE DEPT 005
DAY 08 OF 10


CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 05/10/13 AT  830 AM  IN TORRANCE COURTHOUSE DEPT 005

  NUNC PRO TUNC ORDER PREPARED. IT APPEARING TO THE COURT THAT THE MINUTE ORDER
  IN THE ABOVE ENTITLED ACTION DOES NOT PROPERLY REFLECT THE COURT'S ORDER. SAID
  MINUTE ORDER IS AMENDED NUNC PRO TUNC AS OF THAT DATE.  ALL OTHER ORDERS ARE
  TO REMAIN IN FULL FORCE AND EFFECT. DETAILS LISTED AT END OF THIS MINUTE ORDER.
CASE CALLED FOR JURY TRIAL
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
                CHRISTINE CHEATHAM        (REP)  MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
  DEFENDER
  MATTER IS CALLED FOR JURY TRIAL.

  DEFENDANT'S MOTION TO DISMISS BECAUSE PROSECUTION VIOLATES
  RIGHT GUARANTEED BY THE BILL OF RIGHTS IS HEARD, ARGUED AND



Case 2:11-cv-09916-SJO-SS Document 129-2 Filed 11/12/13 Page 21 of 39 Page
Case 2:11-cv-09916-SJO-SS Document 119 Filed 07/16/13 Page 16 of 18 Page ID #:1904
ID #:1904

PAGE NO.   7
DATE PRINTED 07/15/13

CASE NO. 2SY05163
DEF NO.  01

DENIED.

DEFENDANT'S MOTION TO CONTINUE IS DENIED.

A PANEL OF 30 PROSPECTIVE JURORS IS BROUGHT INTO THE COURTROOM
AND IS GIVEN THE PERJURY ADMONISHMENT REGARDING QUALIFICATIONS.

VOIR DIRE COMMENCES.

THE JURORS ARE ADMONISHED, EXCUSED, AND ORDERED TO RETURN ON
MAY 13, 2013 AT 11:00 A.M.

TRIAL IS RECESSED TO THE DATE AND TIME SHOWN BELOW.
COURT ORDERS AND FINDINGS:
-THE INITIAL JURY PANEL IS ADMONISHED.

 -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:

 05/13/13  1100 AM  JURY TRIAL    DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 05/13/13 AT 1100 AM  IN TORRANCE COURTHOUSE DEPT 005

CASE CALLED FOR JURY TRIAL
PARTIES: CHET L. TAYLOR (JUDGE)  MICHELLE MILLIGAN  (CLERK)
         CARMEN J. GARROD  (REP)     MELANIE CHAVIRA  (CP)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN MATTINGLY DEPUTY PUBLIC
 DEFENDER
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
 WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY COURT AND TRIAL BY JURY
   CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
   SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
   AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE

   COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
   THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
   EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
   SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
 THE COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND
   EXPLICITLY MADE; COUNSEL JOINS IN THE WAIVERS
THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 01 AND PLEADS
 NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION
 4-35.20(A) RBM IN COUNT 01.  THE COURT FINDS THE DEFENDANT GUILTY.



7

Case 2:11-cv-09916-SSS-KES Document 129-2 Filed 11/12/13 Page 22 of 39 Page
Case 2:11-cv-09916-SJO-SS Document 119 Filed 07/16/13 Page 17 of 18 Page ID #:19
ID #:1905



CASE NO. 2SY05163
DEF NO. 01

PAGE NO.   8
DATE PRINTED 07/15/13

COUNT (01) : DISPOSITION: CONVICTED   
COURT ACCEPTS PLEA
    PEOPLE VS. WEST.
NEXT SCHEDULED EVENT:
    SENTENCING
    DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
    WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
    JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
    FOR A PERIOD OF 003 YEARS UNDER THE FOLLOWING TERMS AND CONDITIONS:
    PAY A FINE OF $150.00
        PLUS A STATE PENALTY FUND ASSESSMENT OF $420.00
    PLUS $30.00 CRIMINAL FINE SURCHARGE (PURSUANT TO 1465.7 P.C.)
        $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
        $30.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)
        $30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)

    DEFENDANT TO PAY FINE TO THE COURT CLERK
    DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $120.00 TO THE COURT
        TOTAL DUE: $820.00
    IN ADDITION:
    -OBEY ALL LAWS AND ORDERS OF THE COURT.
    -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
        UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
        DEFENDANT AGREES TO ABIDE BY SAME.
    SENTENCE AND ORDER GRANTING SUMMARY PROBATION SIGNED AND FILED.

    DEFENDDANT REFUSES COMMUNITY SERVICE.

    DO NOT COMMIT THE SAME OR ANY SIMILAR OFFENSE.
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
    09/13/13   830 AM  FINES/FEES   DIST TORRANCE COURTHOUSE DEPT 005

CUSTODY STATUS: ON PROBATION



ON 05/13/13 AT 1130 AM  IN TORRANCE COURTHOUSE DEPT CLK

CASE CALLED FOR FINES/FEES
PARTIES: NONE (JUDGE)  NONE  (CLERK)
                NONE       (REP)  NONE  (DDA)
DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
    DEFENDANT APPEARS IN PRO PER
PAYMENT IN THE AMOUNT OF $820.00 PAID ON 05/13/13 RECEIPT # SBA468645011
NEXT SCHEDULED EVENT:
PROBATION IN EFFECT
NEXT SCHEDULED EVENT:
    PROCEEDINGS TERMINATED

CUSTODY STATUS: ON PROBATION.

05/17/13  ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
            JUSTICE

Case 2:11-cv-09916-SSS-KES   Document 129-2   Filed 11/12/13   Page 23 of 39   Page
ID #:1906
Case 2:11-cv-09916-SJO-SS   Document 119   Filed 07/16/13   Page 18 of 18   Page ID #:1907



1

# PROOF OF SERVICE

2

3        I, Clotilde Bigornia, declare:

4        I am a resident of the state of California and over the age of eighteen years and
not a party to the within action.  My business address is 355 South Grand Avenue,
5   40th Floor, Los Angeles, California 90071-3101.  On July 16, 2013, I served the
within document(s) described as:

6

7        **OPPOSITION OF DEFENDANT CITY OF REDONDO BEACH
TO PLAINTIFF'S EX PARTE APPLICATION FOR STAY
PENDING APPEAL; DECLARATION OF T. PETER PIERCE IN
8        SUPPORT**

9   on the interested parties in this action as stated below:

10
         Charles Nichols
11       P.O. Box 1302
         Redondo Beach, CA 90278
12       Tel:   (424) 634-7381

13   [ X ]   (BY OVERNIGHT EXPRESS MAIL DELIVERY)  By placing the
         document(s) listed above in a sealed envelope with Express Mail postage
14       thereon fully prepaid, addressed as set forth above, and causing the envelope
         to be deposited with the United States Postal Service.
15

16       I certify that I am employed in the office of a member of the bar of this Court
at whose direction the service was made.

17       Executed on July 16, 2013, at Los Angeles, California.

18       I declare under penalty of perjury that the foregoing is true and correct.

19

20                                              _____
                                                Clotilde Bigornia
21

22

23

24

25

26

27

28



R6900-1031\1549017v1.doc



**Exhibit B**

# PENAL CODE
# SECTION 25850

25850.  (a) A person is guilty of carrying a loaded firearm when the
person carries a loaded firearm on the person or in a vehicle while
in any public place or on any public street in an incorporated city
or in any public place or on any public street in a prohibited area
of unincorporated territory.
    (b) In order to determine whether or not a firearm is loaded for
the purpose of enforcing this section, peace officers are authorized
to examine any firearm carried by anyone on the person or in a
vehicle while in any public place or on any public street in an
incorporated city or prohibited area of an unincorporated territory.
Refusal to allow a peace officer to inspect a firearm pursuant to
this section constitutes probable cause for arrest for violation of
this section.
    (c) Carrying a loaded firearm in violation of this section is
punishable, as follows:
    (1) Where the person previously has been convicted of any felony,
or of any crime made punishable by a provision listed in Section
16580, as a felony.
    (2) Where the firearm is stolen and the person knew or had
reasonable cause to believe that it was stolen, as a felony.
    (3) Where the person is an active participant in a criminal street
gang, as defined in subdivision (a) of Section 186.22, under the
Street Terrorism Enforcement and Prevention Act (Chapter 11
(commencing with Section 186.20) of Title 7 of Part 1), as a felony.
    (4) Where the person is not in lawful possession of the firearm,
or is within a class of persons prohibited from possessing or
acquiring a firearm pursuant to Chapter 2 (commencing with Section
29800) or Chapter 3 (commencing with Section 29900) of Division 9 of
this title, or Section 8100 or 8103 of the Welfare and Institutions
Code, as a felony.
    (5) Where the person has been convicted of a crime against a
person or property, or of a narcotics or dangerous drug violation, by
imprisonment pursuant to subdivision (h) of Section 1170, or by
imprisonment in a county jail not to exceed one year, by a fine not
to exceed one thousand dollars ($1,000), or by both that imprisonment
and fine.
    (6) Where the person is not listed with the Department of Justice
pursuant to Section 11106 as the registered owner of the handgun, by
imprisonment pursuant to subdivision (h) of Section 1170, or by
imprisonment in a county jail not to exceed one year, or by a fine
not to exceed one thousand dollars ($1,000), or both that fine and
imprisonment.
    (7) In all cases other than those specified in paragraphs (1) to
(6), inclusive, as a misdemeanor, punishable by imprisonment in a
county jail not to exceed one year, by a fine not to exceed one
thousand dollars ($1,000), or by both that imprisonment and fine.
    (d) (1) Every person convicted under this section who has
previously been convicted of an offense enumerated in Section 23515,
or of any crime made punishable under a provision listed in Section
16580, shall serve a term of at least three months in a county jail,
or, if granted probation or if the execution or imposition of
sentence is suspended, it shall be a condition thereof that the
person be imprisoned for a period of at least three months.

   (2) The court shall apply the three-month minimum sentence except
in unusual cases where the interests of justice would best be served
by granting probation or suspending the imposition or execution of
sentence without the minimum imprisonment required in this section or
by granting probation or suspending the imposition or execution of
sentence with conditions other than those set forth in this section,
in which case, the court shall specify on the record and shall enter
on the minutes the circumstances indicating that the interests of
justice would best be served by that disposition.
   (e) A violation of this section that is punished by imprisonment
in a county jail not exceeding one year shall not constitute a
conviction of a crime punishable by imprisonment for a term exceeding
one year for the purposes of determining federal firearms
eligibility under Section 922(g)(1) of Title 18 of the United States
Code.
   (f) Nothing in this section, or in Article 3 (commencing with
Section 25900) or Article 4 (commencing with Section 26000), shall
preclude prosecution under Chapter 2 (commencing with Section 29800)
or Chapter 3 (commencing with Section 29900) of Division 9 of this
title, Section 8100 or 8103 of the Welfare and Institutions Code, or
any other law with a greater penalty than this section.
   (g) Notwithstanding paragraphs (2) and (3) of subdivision (a) of
Section 836, a peace officer may make an arrest without a warrant:
   (1) When the person arrested has violated this section, although
not in the officer's presence.
   (2) Whenever the officer has reasonable cause to believe that the
person to be arrested has violated this section, whether or not this
section has, in fact, been violated.
   (h) A peace officer may arrest a person for a violation of
paragraph (6) of subdivision (c), if the peace officer has probable
cause to believe that the person is carrying a handgun in violation
of this section and that person is not listed with the Department of
Justice pursuant to paragraph (1) of subdivision (c) of Section 11106
as the registered owner of that handgun.

---



**Exhibit C**

# PENAL CODE
# SECTION 26150-26225

26150.  (a) When a person applies for a license to carry a pistol,
revolver, or other firearm capable of being concealed upon the
person, the sheriff of a county may issue a license to that person
upon proof of all of the following:
   (1) The applicant is of good moral character.
   (2) Good cause exists for issuance of the license.
   (3) The applicant is a resident of the county or a city within the
county, or the applicant's principal place of employment or business
is in the county or a city within the county and the applicant
spends a substantial period of time in that place of employment or
business.
   (4) The applicant has completed a course of training as described
in Section 26165.
   (b) The sheriff may issue a license under subdivision (a) in
either of the following formats:
   (1) A license to carry concealed a pistol, revolver, or other
firearm capable of being concealed upon the person.
   (2) Where the population of the county is less than 200,000
persons according to the most recent federal decennial census, a
license to carry loaded and exposed in only that county a pistol,
revolver, or other firearm capable of being concealed upon the
person.


26155.  (a) When a person applies for a license to carry a pistol,
revolver, or other firearm capable of being concealed upon the
person, the chief or other head of a municipal police department of
any city or city and county may issue a license to that person upon
proof of all of the following:
   (1) The applicant is of good moral character.
   (2) Good cause exists for issuance of the license.
   (3) The applicant is a resident of that city.
   (4) The applicant has completed a course of training as described
in Section 26165.
   (b) The chief or other head of a municipal police department may
issue a license under subdivision (a) in either of the following
formats:
   (1) A license to carry concealed a pistol, revolver, or other
firearm capable of being concealed upon the person.
   (2) Where the population of the county in which the city is
located is less than 200,000 persons according to the most recent
federal decennial census, a license to carry loaded and exposed in
only that county a pistol, revolver, or other firearm capable of
being concealed upon the person.
   (c) Nothing in this chapter shall preclude the chief or other head
of a municipal police department of any city from entering an
agreement with the sheriff of the county in which the city is located
for the sheriff to process all applications for licenses, renewals
of licenses, and amendments to licenses, pursuant to this chapter.


26160.  Each licensing authority shall publish and make available a

written policy summarizing the provisions of Section 26150 and
subdivisions (a) and (b) of Section 26155.


26165.  (a) For new license applicants, the course of training for
issuance of a license under Section 26150 or 26155 may be any course
acceptable to the licensing authority, shall not exceed 16 hours, and
shall include instruction on at least firearm safety and the law
regarding the permissible use of a firearm.
     (b) Notwithstanding subdivision (a), the licensing authority may
require a community college course certified by the Commission on
Peace Officer Standards and Training, up to a maximum of 24 hours,
but only if required uniformly of all license applicants without
exception.
     (c) For license renewal applicants, the course of training may be
any course acceptable to the licensing authority, shall be no less
than four hours, and shall include instruction on at least firearm
safety and the law regarding the permissible use of a firearm. No
course of training shall be required for any person certified by the
licensing authority as a trainer for purposes of this section, in
order for that person to renew a license issued pursuant to this
article.
     (d) The applicant shall not be required to pay for any training
courses prior to the determination of good cause being made pursuant
to Section 26202.


26170.  (a) Upon proof of all of the following, the sheriff of a
county, or the chief or other head of a municipal police department
of any city or city and county, may issue to an applicant a license
to carry concealed a pistol, revolver, or other firearm capable of
being concealed upon the person:
     (1) The applicant is of good moral character.
     (2) Good cause exists for issuance of the license.
     (3) The applicant has been deputized or appointed as a peace
officer pursuant to subdivision (a) or (b) of Section 830.6 by that
sheriff or that chief of police or other head of a municipal police
department.
     (b) Direct or indirect fees for the issuance of a license pursuant
to this section may be waived.
     (c) The fact that an applicant for a license to carry a pistol,
revolver, or other firearm capable of being concealed upon the person
has been deputized or appointed as a peace officer pursuant to
subdivision (a) or (b) of Section 830.6 shall be considered only for
the purpose of issuing a license pursuant to this section, and shall
not be considered for the purpose of issuing a license pursuant to
Section 26150 or 26155.


26175.  (a) (1) Applications for licenses, applications for
amendments to licenses, amendments to licenses, and licenses under
this article shall be uniform throughout the state, upon forms to be
prescribed by the Attorney General.
     (2) The Attorney General shall convene a committee composed of one
representative of the California State Sheriffs' Association, one
representative of the California Police Chiefs Association, and one
representative of the Department of Justice to review, and as deemed

CA Codes (pen:26150-26225)                                                        Page 3 of 8
Case 2:11-cv-09916-SSS-KES     Document 129-2     Filed 11/12/13     Page 30 of 39     Page
ID #:1913

appropriate, revise the standard application form for licenses. The
committee shall meet for this purpose if two of the committee's
members deem that necessary.
    (b) The application shall include a section summarizing the
statutory provisions of state law that result in the automatic denial
of a license.
    (c) The standard application form for licenses described in
subdivision (a) shall require information from the applicant,
including, but not limited to, the name, occupation, residence, and
business address of the applicant, the applicant's age, height,
weight, color of eyes and hair, and reason for desiring a license to
carry the weapon.
    (d) Applications for licenses shall be filed in writing and signed
by the applicant.
    (e) Applications for amendments to licenses shall be filed in
writing and signed by the applicant, and shall state what type of
amendment is sought pursuant to Section 26215 and the reason for
desiring the amendment.
    (f) The forms shall contain a provision whereby the applicant
attests to the truth of statements contained in the application.
    (g) An applicant shall not be required to complete any additional
application or form for a license, or to provide any information
other than that necessary to complete the standard application form
described in subdivision (a), except to clarify or interpret
information provided by the applicant on the standard application
form.
    (h) The standard application form described in subdivision (a) is
deemed to be a local form expressly exempt from the requirements of
the Administrative Procedure Act (Chapter 3.5 (commencing with
Section 11340) of Part 1 of Division 3 of Title 2 of the Government
Code).
    (i) Any license issued upon the application shall set forth the
licensee's name, occupation, residence and business address, the
licensee's age, height, weight, color of eyes and hair, and the
reason for desiring a license to carry the weapon, and shall, in
addition, contain a description of the weapon or weapons authorized
to be carried, giving the name of the manufacturer, the serial
number, and the caliber. The license issued to the licensee may be
laminated.


26180.  (a) Any person who files an application required by Section
26175 knowing that any statement contained therein is false is guilty
of a misdemeanor.
    (b) Any person who knowingly makes a false statement on the
application regarding any of the following is guilty of a felony:
    (1) The denial or revocation of a license, or the denial of an
amendment to a license, issued pursuant to this article.
    (2) A criminal conviction.
    (3) A finding of not guilty by reason of insanity.
    (4) The use of a controlled substance.
    (5) A dishonorable discharge from military service.
    (6) A commitment to a mental institution.
    (7) A renunciation of United States citizenship.


26185.  (a) (1) The fingerprints of each applicant shall be taken
and two copies on forms prescribed by the Department of Justice shall

forwarded to the department.
    (2) Upon receipt of the fingerprints and the fee as prescribed in
Section 26190, the department shall promptly furnish the forwarding
licensing authority a report of all data and information pertaining
to any applicant of which there is a record in its office, including
information as to whether the person is prohibited by state or
federal law from possessing, receiving, owning, or purchasing a
firearm.
    (3) No license shall be issued by any licensing authority until
after receipt of the report from the department.
    (b) Notwithstanding subdivision (a), if the license applicant has
previously applied to the same licensing authority for a license to
carry firearms pursuant to this article and the applicant's
fingerprints and fee have been previously forwarded to the Department
of Justice, as provided by this section, the licensing authority
shall note the previous identification numbers and other data that
would provide positive identification in the files of the Department
of Justice on the copy of any subsequent license submitted to the
department in conformance with Section 26225 and no additional
application form or fingerprints shall be required.
    (c) If the license applicant has a license issued pursuant to this
article and the applicant's fingerprints have been previously
forwarded to the Department of Justice, as provided in this section,
the licensing authority shall note the previous identification
numbers and other data that would provide positive identification in
the files of the Department of Justice on the copy of any subsequent
license submitted to the department in conformance with Section 26225
and no additional fingerprints shall be required.


26190.  (a) (1) Each applicant for a new license or for the renewal
of a license shall pay at the time of filing the application a fee
determined by the Department of Justice. The fee shall not exceed the
application processing costs of the Department of Justice for the
direct costs of furnishing the report required by Section 26185.
    (2) After the department establishes fees sufficient to reimburse
the department for processing costs, fees charged shall increase at a
rate not to exceed the legislatively approved annual cost-of-living
adjustments for the department's budget.
    (3) The officer receiving the application and the fee shall
transmit the fee, with the fingerprints if required, to the
Department of Justice.
    (b) (1) The licensing authority of any city, city and county, or
county may charge an additional fee in an amount equal to the actual
costs for processing the application for a new license, including any
required notices, excluding fingerprint and training costs, but in
no case to exceed one hundred dollars ($100), and shall transmit the
additional fee, if any, to the city, city and county, or county
treasury.
    (2) The first 20 percent of this additional local fee may be
collected upon filing of the initial application. The balance of the
fee shall be collected only upon issuance of the license.
    (c) The licensing authority may charge an additional fee, not to
exceed twenty-five dollars ($25), for processing the application for
a license renewal, and shall transmit an additional fee, if any, to
the city, city and county, or county treasury.
    (d) These local fees may be increased at a rate not to exceed any
increase in the California Consumer Price Index as compiled and
reported by the Department of Industrial Relations.

CA Codes (pen:26150-26225)                                    Page 5 of 8
Case 2:11-cv-09916-SSS-KES    Document 129-2    Filed 11/12/13    Page 32 of 39    Page
ID #:1915

(e) (1) In the case of an amended license pursuant to Section
26215, the licensing authority of any city, city and county, or
county may charge a fee, not to exceed ten dollars ($10), for
processing the amended license.
    (2) This fee may be increased at a rate not to exceed any increase
in the California Consumer Price Index as compiled and reported by
the Department of Industrial Relations.
    (3) The licensing authority shall transmit the fee to the city,
city and county, or county treasury.
    (f) (1) If psychological testing on the initial application is
required by the licensing authority, the license applicant shall be
referred to a licensed psychologist used by the licensing authority
for the psychological testing of its own employees. The applicant may
be charged for the actual cost of the testing in an amount not to
exceed one hundred fifty dollars ($150).
    (2) Additional psychological testing of an applicant seeking
license renewal shall be required only if there is compelling
evidence to indicate that a test is necessary. The cost to the
applicant for this additional testing shall not exceed one hundred
fifty dollars ($150).
    (g) Except as authorized pursuant to this section, no requirement,
charge, assessment, fee, or condition that requires the payment of
any additional funds by the applicant, or requires the applicant to
obtain liability insurance, may be imposed by any licensing authority
as a condition of the application for a license.


26195.  (a) A license under this article shall not be issued if the
Department of Justice determines that the person is prohibited by
state or federal law from possessing, receiving, owning, or
purchasing a firearm.
    (b) (1) A license under this article shall be revoked by the local
licensing authority if at any time either the local licensing
authority is notified by the Department of Justice that a licensee is
prohibited by state or federal law from owning or purchasing
firearms, or the local licensing authority determines that the person
is prohibited by state or federal law from possessing, receiving,
owning, or purchasing a firearm.
    (2) If at any time the Department of Justice determines that a
licensee is prohibited by state or federal law from possessing,
receiving, owning, or purchasing a firearm, the department shall
immediately notify the local licensing authority of the
determination.
    (3) If the local licensing authority revokes the license, the
Department of Justice shall be notified of the revocation pursuant to
Section 26225. The licensee shall also be immediately notified of
the revocation in writing.


26200.  (a) A license issued pursuant to this article may include
any reasonable restrictions or conditions that the issuing authority
deems warranted, including restrictions as to the time, place,
manner, and circumstances under which the licensee may carry a
pistol, revolver, or other firearm capable of being concealed upon
the person.
    (b) Any restrictions imposed pursuant to subdivision (a) shall be
indicated on any license issued.

26202.  Upon making the determination of good cause pursuant to
Section 26150 or 26155, the licensing authority shall give written
notice to the applicant of the licensing authority's determination.
If the licensing authority determines that good cause exists, the
notice shall inform the applicants to proceed with the training
requirements specified in Section 26165. If the licensing authority
determines that good cause does not exist, the notice shall inform
the applicant that the request for a license has been denied and
shall state the reason from the department's published policy,
described in Section 26160, as to why the determination was made.


26205.  The licensing authority shall give written notice to the
applicant indicating if the license under this article is approved or
denied. The licensing authority shall give this notice within 90
days of the initial application for a new license or a license
renewal, or 30 days after receipt of the applicant's criminal
background check from the Department of Justice, whichever is later.
If the license is denied, the notice shall state which requirement
was not satisfied.


26210.  (a) When a licensee under this article has a change of
address, the license shall be amended to reflect the new address and
a new license shall be issued pursuant to subdivision (b) of Section
26215.
   (b) The licensee shall notify the licensing authority in writing
within 10 days of any change in the licensee's place of residence.
   (c) If both of the following conditions are satisfied, a license
to carry a concealed handgun may not be revoked solely because the
licensee's place of residence has changed to another county:
   (1) The licensee has not breached any of the conditions or
restrictions set forth in the license.
   (2) The licensee has not become prohibited by state or federal law
from possessing, receiving, owning, or purchasing a firearm.
   (d) Notwithstanding subdivision (c), if a licensee's place of
residence was the basis for issuance of a license, any license issued
pursuant to Section 26150 or 26155 shall expire 90 days after the
licensee moves from the county of issuance.
   (e) If the license is one to carry loaded and exposed a pistol,
revolver, or other firearm capable of being concealed upon the
person, the license shall be revoked immediately upon a change of the
licensee's place of residence to another county.


26215.  (a) A person issued a license pursuant to this article may
apply to the licensing authority for an amendment to the license to
do one or more of the following:
   (1) Add or delete authority to carry a particular pistol,
revolver, or other firearm capable of being concealed upon the
person.
   (2) Authorize the licensee to carry concealed a pistol, revolver,
or other firearm capable of being concealed upon the person.
   (3) If the population of the county is less than 200,000 persons

CA Codes (pen:26150-26225)                                    Page 7 of 8
Case 2:11-cv-09916-SSS-KES    Document 129-2    Filed 11/12/13    Page 34 of 39    Page
ID #:1917

cording to the most recent federal decennial census, authorize the
licensee to carry loaded and exposed in only that county a pistol,
revolver, or other firearm capable of being concealed upon the
person.
    (4) Change any restrictions or conditions on the license,
including restrictions as to the time, place, manner, and
circumstances under which the person may carry a pistol, revolver, or
other firearm capable of being concealed upon the person.
    (b) If the licensing authority amends the license, a new license
shall be issued to the licensee reflecting the amendments.
    (c) An amendment to the license does not extend the original
expiration date of the license and the license shall be subject to
renewal at the same time as if the license had not been amended.
    (d) An application to amend a license does not constitute an
application for renewal of the license.


26220.  (a) Except as otherwise provided in this section and in
subdivision (c) of Section 26210, a license issued pursuant to
Section 26150 or 26155 is valid for any period of time not to exceed
two years from the date of the license.
    (b) If the licensee's place of employment or business was the
basis for issuance of a license pursuant to Section 26150, the
license is valid for any period of time not to exceed 90 days from
the date of the license. The license shall be valid only in the
county in which the license was originally issued. The licensee shall
give a copy of this license to the licensing authority of the city,
county, or city and county in which the licensee resides. The
licensing authority that originally issued the license shall inform
the licensee verbally and in writing in at least 16-point type of
this obligation to give a copy of the license to the licensing
authority of the city, county, or city and county of residence. Any
application to renew or extend the validity of, or reissue, the
license may be granted only upon the concurrence of the licensing
authority that originally issued the license and the licensing
authority of the city, county, or city and county in which the
licensee resides.
    (c) A license issued pursuant to Section 26150 or 26155 is valid
for any period of time not to exceed three years from the date of the
license if the license is issued to any of the following
individuals:
    (1) A judge of a California court of record.
    (2) A full-time court commissioner of a California court of
record.
    (3) A judge of a federal court.
    (4) A magistrate of a federal court.
    (d) A license issued pursuant to Section 26150 or 26155 is valid
for any period of time not to exceed four years from the date of the
license if the license is issued to a custodial officer who is an
employee of the sheriff as provided in Section 831.5, except that the
license shall be invalid upon the conclusion of the person's
employment pursuant to Section 831.5 if the four-year period has not
otherwise expired or any other condition imposed pursuant to this
article does not limit the validity of the license to a shorter time
period.
    (e) A license issued pursuant to Section 26170 to a peace officer
appointed pursuant to Section 830.6 is valid for any period of time
not to exceed four years from the date of the license, except that
the license shall be invalid upon the conclusion of the person's

appointment pursuant to Section 830.6 if the four-year period has not
otherwise expired or any other condition imposed pursuant to this
article does not limit the validity of the license to a shorter time
period.


26225.  (a) A record of the following shall be maintained in the
office of the licensing authority:
    (1) The denial of a license.
    (2) The denial of an amendment to a license.
    (3) The issuance of a license.
    (4) The amendment of a license.
    (5) The revocation of a license.
    (b) Copies of each of the following shall be filed immediately by
the issuing officer or authority with the Department of Justice:
    (1) The denial of a license.
    (2) The denial of an amendment to a license.
    (3) The issuance of a license.
    (4) The amendment of a license.
    (5) The revocation of a license.
    (c) (1) Commencing on or before January 1, 2000, and annually
thereafter, each licensing authority shall submit to the Attorney
General the total number of licenses issued to peace officers
pursuant to Section 26170, and to judges pursuant to Section 26150 or
26155.
    (2) The Attorney General shall collect and record the information
submitted pursuant to this subdivision by county and licensing
authority.



**Exhibit D**

# PENAL CODE
# SECTION 26350

26350.  (a) (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:
   (A) A public place or public street in an incorporated city or city and county.
   (B) A public street in a prohibited area of an unincorporated area of a county or city and county.
   (C) A public place in a prohibited area of a county or city and county.
   (2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:
   (A) A public place or public street in an incorporated city or city and county.
   (B) A public street in a prohibited area of an unincorporated area of a county or city and county.
   (C) A public place in a prohibited area of a county or city and county.
   (b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.
   (2) A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:
   (A) The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.
   (B) The person is not in lawful possession of that handgun.
   (c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.
   (2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.
   (d) Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section.

---



**Exhibit E**

CA Codes (pen:26400)                                                    Page 1 of 1
Case 2:11-cv-09916-SSS-KES    Document 129-2    Filed 11/12/13    Page 39 of 39   Page
                                    ID #:1922

# PENAL CODE
# SECTION 26400

26400.  (a) A person is guilty of carrying an unloaded firearm that
is not a handgun in an incorporated city or city and county when that
person carries upon his or her person an unloaded firearm that is
not a handgun outside a vehicle while in the incorporated city or
city and county.
    (b) (1) Except as specified in paragraph (2), a violation of this
section is a misdemeanor.
    (2) A violation of subdivision (a) is punishable by imprisonment
in a county jail not exceeding one year, or by a fine not to exceed
one thousand dollars ($1,000), or by both that fine and imprisonment,
if the firearm and unexpended ammunition capable of being discharged
from that firearm are in the immediate possession of the person and
the person is not in lawful possession of that firearm.
    (c) (1) Nothing in this section shall preclude prosecution under
Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing
with Section 29900) of Division 9, Section 8100 or 8103 of the
Welfare and Institutions Code, or any other law with a penalty
greater than is set forth in this section.
    (2) The provisions of this section are cumulative and shall not be
construed as restricting the application of any other law. However,
an act or omission punishable in different ways by different
provisions of law shall not be punished under more than one
provision.
    (d) Notwithstanding the fact that the term "an unloaded firearm
that is not a handgun" is used in this section, each individual
firearm shall constitute a distinct and separate offense under this
section.