Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>        PLAINTIFF,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California<br><br>        Defendant. | Case No.: CV-11-9916 SJO (SS)<br><br>**DECLARATION OF PLAINTIFF CHARLES NICHOLS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    I, Plaintiff In Pro Per Charles Nichols, declare as follows based on my personal knowledge:

    1. I am a resident of Los Angeles County.

    2. I reside in an incorporated city within Los Angeles County which does not have a chief of police.

Declaration of Charles Nichols          1          Case No.: CV-11-9916 SJO (SS)

3. The front yard fence to my single-family residence facing the street is less than 3.5 feet in height.

4. I am a male.

5. I am 53 years of age.

6. Since this action was first filed on November 30, 2011, Defendant Harris has issued to me two Law Enforcement Gun Release letters authorizing the release of my single-shot shotgun then held by the City of Redondo Beach.

7. Such letters authorizing the release of a firearm can only be issued to persons who are not prohibited from possessing a firearm.

8. I am not prohibited under either California State or Federal law from purchasing or possessing a firearm.

9. I seek to exercise my Second Amendment right to openly carry handguns for the purpose of self-defense and for other lawful purposes, such handguns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited.

10. I seek to exercise my Second Amendment right to openly carry long guns for the purpose of self-defense and for other lawful purposes, such long guns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited.

11. I seek to exercise my Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, in, within and on my motor vehicles, attached camper or trailer in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county

territory where the Open Carry of firearms, both loaded and unloaded, is prohibited in, within and on my motor vehicles, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county.

12. I seek to be free from warrantless searches and seizures of my person and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution when in a non-sensitive public place.

13. I seek to exercise my Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, within the curtilage of my home.

14. I seek to be free from warrantless searches and seizures of my person and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution within the curtilage of my home.

15. It takes several minutes to load a muzzle-loading revolver: to measure the charge, pour it into the chamber of the cylinder, properly seat the ball, ram the ball into the chamber, rotate the cylinder, repeat the process for each cylinder, seal each chamber with grease and cap each chamber.

16. It takes many seconds to load a muzzle-loading long gun.

17. It takes several seconds to load a modern semi-automatic firearm that uses metallic cartridges contained in a magazine.

18. It takes many seconds to load a modern single action revolver that uses metallic cartridges.

19. It takes many seconds to retrieve and load an unloaded modern firearm from a fully enclosed container. It takes many more seconds to unlock the container.

20. Depending upon the distance one has ventured from his motor vehicle, retrieving a firearm from the motor vehicle trunk, assuming the motor vehicle has a trunk, can take a substantial amount of time.

21. An unloaded long gun, inside of a motor vehicle, substantially burdens my right to self-defense.

22. My motor vehicle does not have a trunk.

23. An unloaded firearm, fully encased, in a locked or unlocked container, substantially burdens my right to self-defense.

24. Prior to the enactment of the Mulford Act of 1967 which enacted, in part, former California Penal Code section 12031 which is now codified, in part, as California Penal Code section 25850 a firearm was considered to be loaded only if it had a live round in the firing chamber, or in the case of muzzle-loading firearms, if the firing chamber was uncapped or unprimed.

25. Firearms, which do not have mechanical safeties preventing the accidental discharge of a firearm, are best carried with the firing chamber empty and with live rounds in the cylinder or magazine.

26. I own firearms which do not have firing pin safeties and seek to carry them with an unloaded firing chamber.

27. I seek to openly carry modern firing reproductions of muzzle loading firearms, both loaded and unloaded, in the curtilage of my home, in non-sensitive public places of incorporated cities and in non-sensitive unincorporated county territory where it is prohibited, in and on my motor vehicles and in and on attached campers and trailers for the purpose of self-defense and for other lawful purposes.

28. I received a death threat via email which was reported to both the Attorney General and the Los Angeles Sheriff's department.

29. I attempted to file the police report (Dkt. # 10) which was rejected by this court (Dkt. # 11).

30. I requested both an application and license from the Redondo Beach Chief of Police through his then attorney, the Redondo Beach City Attorney, to openly carry a loaded handgun.

31. The license was refused in an email from the City Attorney citing California law which precludes the issuance of a license to openly carry in counties with a population of 200,000 or more people.

32. Los Angeles County has a population of more than 200,000 people.

33. The conclusion of the Los Angeles Sheriff's Department Sergeant Inge was that someone who threatened to shoot me and called upon others to track me down and do the same was not committing a criminal offense because the email did not use the word "kill."

34. The Attorney General refused to prosecute.

35. I fear arrest, prosecution, fine and imprisonment were I to openly carry a firearm outside of my home. I refrain from doing so but have not completely abstained from doing so.

36. Beginning in January of 2015, I plan on traveling through the state and to visit every incorporated city and every County within the State of California and to openly carry firearms, loaded and unloaded, in non-sensitive public places in those incorporated cities (including the city and county of San Francisco) and unincorporated county territory and to carry them in and on my motor vehicle and in and on an attached camper or trailer.

37. Beginning in January of 2015, I plan on openly carrying firearms, loaded and unloaded, in non-sensitive public places in non-sensitive unincorporated county territory (including the city and county of San Francisco) and to carry them in and on my motor vehicle and in and on an attached camper or trailer.

38. I plan on carrying loaded and unloaded firearms within the curtilage of my home for the purpose of self-defense and for other lawful purposes. It is

impossible to predict when such a need will arise and therefore impossible to articulate a concrete plan.

39. To my knowledge, there are no permits or licenses available to me to carry a loaded or unloaded firearm for the purpose of self-defense and police chiefs and county sheriffs are prevented by state law from issuing licenses to private citizens to openly carry a loaded or unloaded firearm in counties with a population of 200,000 or more persons and such licenses are only theoretically available for handguns and only in those counties with a population of fewer than 200,000 people and are only available in those counties to residents of those counties and are invalid outside of the county of issuance.

40. To my knowledge, cities and counties are free to enact local regulations restricting where and when persons with a CCW license may carry a weapon pursuant to the license even if there is no restriction placed on the license by the county sheriff or police chief that issued the license.

41. It is my understanding that except for certain exceptions, such as travelers while on a journey, carrying a concealed weapon falls outside the scope of the Second Amendment.

42. It is my understanding that I do not satisfy the Los Angeles Sheriff's Department "good cause" requirement for being issued a license to carry a loaded, concealable firearm and concealed carry substantially burdens my ability to defend myself even if I had a concealed carry license.

43. Defendant Harris has never promised to not enforce the laws at issue.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of November, 2013.

_____
Charles Nichols

Declaration of Charles Nichols     6     Case No.: CV-11-9916 SJO (SS)

## CERTIFICATE OF SERVICE

On this, the 8th day of November, 2013, I caused to be served a copy of the foregoing **DECLARATION OF PLAINTIFF CHARLES NICHOLS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT** by US Mail on:


Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-1071 (fax)
jonathan.eisenberg@doj.ca.gov
LEAD ATTORNEY / ATTORNEY TO BE NOTICED representing Kamala D Harris (Defendant).


Executed this the 8th day of November, 2013 by:

_____

Charles Nichols