1 │ Charles Nichols
2 │ PO Box 1302
  │ Redondo Beach, CA  90278
3 │ Voice: (424) 634-7381
  │ E-Mail: CharlesNichols@Pykrete.info
4 │ In Pro Per
5 │
6 │
7 │

8 │ United States District Court

9 │ Central District of California

10 │

11 │ Charles Nichols,                          )   Case No.: CV-11-9916 SJO (SS)
12 │         PLAINTIFF,                         )   **PLAINTIFF NICHOLS' NOTICE**
   │                                            )   **OF LODGING OF PROPOSED**
13 │     vs.                                    )   **ORDER**
14 │ KAMALA D. HARRIS, Attorney                 )   [L.R. 5-4.4 & 56-1]
15 │ General, in her official capacity as       )
16 │ Attorney General of California             )
17 │                                            )   Date:    December 17, 2013
   │                                            )   Time:    10:00 am
18 │         Defendant.                         )   Crtrm:   23 – 3rd Floor
   │                                            )   Magistrate Judge:  Suzanne H. Segal
19 │                                            )   District Judge: S. James Otero
   │                                            )   Trial Date: None
20 │                                            )   Action Filed: November 30, 2011

21 │

22 │ **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

23 │

24 │     PLEASE TAKE NOTICE that pursuant to Local Rules 5-4.4 & 56-1

25 │ Plaintiff Nichols, In Pro Per, has included as an attachment to his Notice of Motion

26 │ and Motion for Partial Summary Judgment and to this Notice of Lodging his

27 │ Proposed Order.

28 │

**Notice of Lodging of Proposed Order - 1 - Charles Nichols v. Edmund G Brown Jr et al**

The most recent Scheduling Order in this case (Dkt., #107) stated on page 3 that "The moving party shall set the hearing date for Tuesday at 10:00 a.m. in Courtroom 23" which is the courtroom of Magistrate Judge Suzanne H. Segal.

28 USC § 636 prohibits magistrate judges from issuing injunctive relief and determining motions for summary judgment and so the Proposed Order lists District Court Judge S. James Otero.

Plaintiff Nichols submits the attached [Proposed Order] and without waiver of his right to later object, move for reconsideration, or otherwise appeal any Order based on his Proposed Order.

Dated: November 8, 2013                    Respectfully submitted,


                                           By: Charles Nichols
                                           PLAINTIFF in Pro Per
                                           PO Box 1302
                                           Redondo Beach, CA  90278
                                           Voice: (424) 634-7381
                                           EMail:CharlesNichols@Pykrete.info

///

1
2
3
4
5
6
7
8              United States District Court
9              Central District of California
10
11  Charles Nichols,                        )  Case No.: CV-11-9916 SJO (SS)
12              PLAINTIFF,                    )  **[PROPOSED] ORDER**
13          vs.                              )
14  KAMALA D. HARRIS, Attorney              )
15  General, in her official capacity as    )
16  Attorney General of California          )
17                                          )
18          Defendant.                      )
19                                          )
20                                          )
21
22              [PROPOSED] ORDER
23      This matter came before the Court on Plaintiff's motion for partial summary
24  judgment.  There being no dispute of material fact, and Plaintiff being entitled to
25  summary judgment as a matter of law, the motion is granted.
26
27      Judgment shall be entered in favor of Plaintiff and against Defendant.
28

[PROPOSED] ORDER                    1                    CV-11-9916 SJO (SS)

1       The Court hereby declares that California Penal Code sections 25850, 26350

2   and 26400 are unconstitutional on their face and as applied to Plaintiff and to

3   persons who are otherwise legally qualified to possess firearms for the purpose of

4   self-defense and for other lawful purposes.

5

6       IT IS ORDERED that California Penal Code sections 25850, 26350 and

7   26400 are declared unconstitutional on their face and as applied to Plaintiff and to

8   persons who are otherwise legally qualified to possess firearms for the purpose of

9   self-defense and for other lawful purposes.

10

11      IT IS FURTHER ORDERED that California Penal Code sections 25850,

12  26350 and 26400 are declared to infringe on the fundamental rights of Plaintiff and

13  to persons who are otherwise legally qualified to possess firearms for the purpose

14  of self-defense and for other lawful purposes and violate (a) The Second

15  Amendment right to openly carry a firearm for the purpose of self-defense and for

16  other lawful purposes; (b) The Fourth Amendment Right to be free from unlawful

17  detention, arrest, prosecution, imprisonment or search of a person and seizure of a

18  firearm when openly carried in non-sensitive public places; (c) The Substantive

19  Due Process and Fourteenth Amendment rights to life, liberty and property and to

20  equal protection.

21

22      IT IS FURTHER ORDERED that the court declares that Penal Code section

23  25850: produces disproportionate effects along racial lines; has a racially

24  disproportionate impact and racially discriminatory intent or purpose; and that

25  racial discrimination has been shown to have been a substantial or motivating

26  factor behind enactment of the law and that Defendant has not met its burden to

27  demonstrate that the law would have been enacted without this factor.

28

IT IS FURTHER ORDERED that the court declares that: Penal Code section 25850 is invalid in that and to the extent that it is applied to prohibit private citizens who are otherwise qualified to possess firearms from openly carrying loaded firearms for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places.

IT IS FURTHER ORDERED that the court declares that Penal Code section 26350 is invalid in that and to the extent that it is applied to prohibit private citizens who are otherwise qualified to possess firearms from openly carrying unloaded handguns for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places.

IT IS FURTHER ORDERED that the court declares that Penal Code section 26400 is invalid in that and to the extent that it is applied to prohibit private citizens who are otherwise qualified to possess firearms from openly carrying unloaded firearms that are not handguns for the purpose of self-defense on their own property, in their vehicles and in non-sensitive public places.

IT IS FURTHER ORDERED that the court declares that: unlicensed Open Carry for the purpose of self-defense in non-sensitive public places is the right guaranteed by the Constitution; that firearms openly carried which do not have live ammunition in the firing chamber are unloaded and that possession of matching ammunition with an openly carried unloaded firearm does not make the firearm "loaded" regardless of whether or not the ammunition is attached in any way to the firearm; that no license is required to openly carry a firearm for the purpose of self-defense in non-sensitive public places; that private residential property is not a public place and is not a sensitive public place regardless of whether or not the property is fully or partially enclosed by a fence or barrier, or completely

unenclosed; that a private motor vehicle and any attached campers or trailers are not public places and that fully functional loaded firearms may be carried therein and that they do not have to be encased or otherwise enclosed in a container, locked or otherwise, nor must they be carried unloaded.

IT IS FURTHER ORDERED that Defendant, their agents, servants, officers, employees, and attorneys, and all persons acting in participation or concert with them or under their direction or command, who receive actual notice of the injunction, are permanently enjoined from enforcing or applying California Penal Code sections 25850, 26350 and 26400 including any implementing regulations and/or statutes, against Plaintiff and against any person under their jurisdiction or command, and from taking any actions whatsoever, or permitting any person or entity to take any action whatsoever that in any way affects, impedes, interferes with Plaintiff and any person who is legally able to posses a firearm and they are further ORDERED to immediately suspend and discontinue any investigation, or other proceeding, that may have been commenced under California Penal Code sections 25850, 26350 and 26400 and/or their implementation on or prior to the date of this order.

IT IS FURTHER ORDERED that Plaintiff shall recover his cost of suit herein, including but not limited to attorney fees pursuant to 42 U.S.C. § 1988, to the extent allowed by law.

**IT IS SO ORDERED.**

Dated:_____          HONORABLE JUDGE SAMUEL JAMES OTERO
                                           UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

On this, the 8th day of November, 2013, I caused to be served a copy of the foregoing **PLAINTIFF NICHOLS' NOTICE OF LODGING OF PROPOSED ORDER** by US Mail on:


Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-1071 (fax)
jonathan.eisenberg@doj.ca.gov
LEAD ATTORNEY / ATTORNEY TO BE NOTICED representing Kamala D Harris (Defendant).


Executed this the 8th day of November, 2013 by:

Charles Nichols