

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
State Bar No. 184162
300 South Spring St., Ste. 1702
Los Angeles, CA 90013
Telephone: (213) 897-6505
Fax: (213) 897-1071
E-mail: jonathan.eisenberg@doj.ca.gov
*Attorneys for Defendant California Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CHARLES NICHOLS,**

Plaintiff,

**v.**

**EDMUND G. BROWN JR., in his official capacity as Governor of California, KAMALA D. HARRIS, in her official capacity as Attorney General of California, CITY OF REDONDO BEACH, CITY OF REDONDO BEACH POLICE DEPARTMENT, CITY OF REDONDO BEACH POLICE CHIEF JOSEPH LEONARDI and DOES 1 to 10,**

Defendants.

2:11-cv-09916-SJO-(SS)

**STATEMENT OF GENUINE DISPUTES**

Date: N/A
Time: N/A
Crtrm.: 23—3rd Flr.
Judge: Hon. Suzanne H. Segal

Trial Date: Not Yet Set
Action Filed: Nov. 30, 2011

Defendant Kamala D. Harris, Attorney General of California (the “Attorney General”), submits the following statement of genuine disputes in opposition to the motion of Plaintiff Charles Nichols (“Nichols”) for partial summary judgment. L.R. 56-2.



| Nichols's Purported Undisputed Fact | Nichols's Support for Undisputed Fact | Attorney General's Response |
|---|---|---|
| 1. California law bans the Open Carry of loaded firearms in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section. There is no enumerated exemption within this statute. | 1. Cal. Penal Code§ 25850. Exhibit A - Brief Of Respondent California Attorney General Kamala D. Harris- Nichols v. Brown 9th Circuit Court of Appeals No. 13-56203- Appellate Dkt #13. pg 3. Dkt., #96 pg 1, lines 22-23. | -- Item #1 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br>-- **Disputed** that there are no exemptions to California Penal Code section 25850.[1] As this Court in the instant case already found, all the challenged statutes in this case contain numerous exemptions. *Nichols v. Brown*, No. CV 11–09916 SJO (SS), 2013 WL 3368922 at *6 (C.D. Cal. Jul. 3, 2013). |
| 2. California law bans the Open Carry of unloaded handguns in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. There is no enumerated exemption within this statute. A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist: | 2. Cal. Penal Code§ 26350. Exhibit B - Brief Of Respondent California Attorney General Kamala D. Harris- Nichols v. Brown 9th Circuit Court of Appeals No. 13-56203 Appellate Dkt #13. pg 5. Dkt., #96 pg 1, lines 22-23. | -- Item #2 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br>-- **Disputed** that there are no exemptions to Section 26350. As this Court in the instant case already found, all the challenged statutes in this case contain numerous exemptions. *Nichols*, *supra*, 2013 WL 3368922 at *6. |

[1] Hereinafter, "Section" means California Penal Code section.

PDF-XChange Click to buy NOW! www.docu-track.com

| **Nichols's Purported Undisputed Fact** | **Nichols's Support for Undisputed Fact** | **Attorney General's Response** |
|---|---|---|
| (A) The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person. (B) The person is not in lawful possession of that handgun. Otherwise, a violation of this section is a misdemeanor. | | |
| 3. California law bans the Open Carry of unloaded firearms, other than handguns, in any public place or on any public street in an incorporated city outside a vehicle while in the incorporated city or city and county. A violation is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm. Otherwise, a violation of this section is a misdemeanor. There is no enumerated exemption within this statute. | 3. Cal. Penal Code § 26400. Exhibit B - Brief of Respondent California Attorney General Kamala D. Harris - Nichols v. Brown 9th Circuit Court of Appeals No. 13-56203- Appellate Dkt # 13. pg 5. | -- Item #3 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself. -- **Disputed** that there are no exemptions to Section 26400. As this Court in the instant case already found, all the challenged statutes in this case contain numerous exemptions. *Nichols*, *supra*, 2013 WL 3368922 at *6. |
| 4. California law bans the carrying of concealed firearms. There is no enumerated exemption within this statute. | 4. Cal. Penal Code § 25400. | -- Item #4 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself. -- **Disputed** that there are no exemptions to Section 25400. Section 26150 et seq. sets forth the statutory scheme by which a person may apply for and obtain a license to carry a |

PDF-XChange Click to buy NOW! www.docu-track.com

| Nichols's Purported Undisputed Fact | Nichols's Support for Undisputed Fact | Attorney General's Response |
|---|---|---|
| | | concealed firearm. |
| 5. California law theoretically provides for the entirely discretionary issuance of a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person where the population of the county is less than 200,000 persons according to the most recent federal decennial census. | 5. Cal. Penal Code § 26150 through 26225, inclusive. | -- Item #5 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br>-- **Disputed** that California law "provides for the entirely discretionary issuance of a license to carry…" Sections 26150, 26155, 26195, and 26200 set forth the rules for the granting or denial of such licenses. |
| 6. California law theoretically provides for the entirely discretionary issuance of a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, loaded or unloaded. A person must be a resident of the city, city and county, or county unless the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business. | 6. Cal. Penal Code§ 26150 through 26225, inclusive. | -- Item #6 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br>-- **Disputed** that California law "provides for the entirely discretionary issuance of a license to carry…" Sections 26150, 26155, 26195, and 26200 set forth the rules for the granting or denial of such licenses. |
| 55. Comparing 2000 to 2003: • The proportion of males charged with PC section 12031 resulting in felony-level filings increased 6. 7 percentage points (from 55.6 percent to 62.3 percent); misdemeanor-level filings for males decreased identically.• The proportion of females charged with PC section 12031 resulting in felony-level filings decreased 2.5 percentage points (from 45.7 percent to 43.2 percent); misdemeanor-level filings for females increased | 55. Exhibit E- Concealable Firearms Charges in California 2003 – Attorney General - Department of Justice Publication - pg 15. | -- **Disputed** that the ratio of male persons who violated Section 12031 to male persons charged with violating Section 12031 at the felony level was higher than the ratio of female persons who violated Section 12031 to female persons charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that Nichols appears to be |





| Nichols's Purported Undisputed Fact | Nichols's Support for Undisputed Fact | Attorney General's Response |
|---|---|---|
| identically. | | trying to make. |
| 56. From 2000 through 2003, the vast majority of persons charged with PC section 12031 were male, and males were proportionately more likely to be filed on at the felony level than females. | 56. Exhibit E - Concealable Firearms Charges in California 2003 – Attorney General - Department of Justice Publication- pg 15. | -- **Disputed** that the ratio of male persons who violated Section 12031 to male persons charged with violating Section 12031 at the felony level was higher than the ratio of female persons who violated Section 12031 to female persons charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that Nichols appears to be trying to make. |
| 57. When charged with PC section 12031, blacks were proportionately most likely to be filed on at the felony level, followed by Hispanics, other race/ethnic groups, and whites. This pattern exists throughout the period shown. | 57. Exhibit E- Concealable Firearms Charges in California 2003 - Attorney General -Department of Justice Publication- pg 16. | -- **Disputed** that the ratio of African-American persons who violated Section 12031 to African-American persons charged with violating Section 12031 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Section 12031 to people from other racial-ethnic groups charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that Nichols appears to be trying to make. |
| 66. The vast majority of persons charged with either former PC section 12025 or former PC section 12031 were male. | 66. Exhibit E - Concealable Firearms Charges in California 2003 – Attorney General- Department of Justice Publication- pg 2. | -- **Disputed** that the ratio of male persons who violated Sections 12025 or 12031 to male persons charged with violating Sections 12025 or 12031 was higher than the ratio of female persons who violated Sections 12025 or 12031 to female |

PDF-XChange Click to buy NOW! www.docu-track.com

| **Nichols's Purported Undisputed Fact** | **Nichols's Support for Undisputed Fact** | **Attorney General's Response** |
|---|---|---|
| | | persons charged with violating Sections 12025 or 12031. There is no pertinent evidence presented of the underlying point that Nichols appears to be trying to make. |
| 67. When charged with either PC section 12025 or PC section 12031, blacks were proportionately the most likely race/ethnic group to be filed on at the felony level; whites were proportionately the least likely race/ethnic group to be filed on at the felony level. | 67. Exhibit E - Concealable Firearms Charges in California 2003 – Attorney General- Department of Justice Publication- pg 2. | -- **Disputed** that the ratio of African-American persons who violated Sections 12025 or 12031 to African-American persons charged with violating Sections 12025 or 12031 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Sections 12025 or 12031 to people from other racial-ethnic groups charged with violating Sections 12025 or 12031 at the felony level. |
| 68. When charged with PC section 12025, blacks were proportionately most likely to be filed on at the felony level, followed by Hispanics, other race/ethnic groups, and whites. This pattern exists throughout the period shown. | 68. . Exhibit E – Concealable Firearms Charges in California 2003- Attorney General- Department of Justice Publication- pg 6. | -- **Disputed** that the ratio of African-American persons who violated Section 12025 to African-American persons charged with violating Section 12025 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Section 12025 to people from other racial-ethnic groups charged with violating Section 12025 at the felony level. |
| 78. The Attorney General admits to instructing all issuing authorities in California not to issue a license to openly carry a handgun to PLAINTIFF and similarly situated individuals | 78. Answer to Sec. Am. Complaint 12. | -- **Disputed** that the Attorney General instructed anyone not to issue a firearms license to Nichols. The Attorney General's answer to the operative |

PDF-XChange Click to buy NOW! www.docu-track.com



| Nichols's Purported Undisputed Fact | Nichols's Support for Undisputed Fact | Attorney General's Response |
|---|---|---|
| on page 1 of her "STANDARD APPLICATION FOR LICENSE TO CARRY A CONCEALED WEAPON (CCW)" prepared by the Attorney General pursuant to California Penal Code section 2617 5 which also provides for her to revise the application form. DEFENDANT HARRIS has refused to either create or revise the application form to accommodate PLAINTIFF'S and similarly situated individuals Second Amendment right to openly carry a loaded firearm in public for the purpose of self-defense and other lawful purposes. | | complaint, which answer Nichols cites, speaks for itself. -- Further disputed that the Attorney General makes any discretionary decisions about the substance of California firearms law by merely fulfilling her obligations with respect to preparing firearms license forms. |
| 89. The "good cause" requirement of the Los Angeles Sheriffs Department is intended to dramatically restrict the number of persons who are secretly armed within the county. In 2011, there was an average of approximately 400 existing concealed permits that were issued by the LASD in a county of some 1 0 million people. | 89. Exhibit H. Decl., of Los Angeles County Under Sheriff Paul Tanaka- Thomson v. Torrance Police Department and the Los Angeles County Sheriffs Department- Dkt #37-1, Case# CV 11-06154 (SJO) weapons (JCx), Judge Otero Presiding- 10-11 | -- **Disputed**. The Los Angeles County Sheriff's Department's ("LACSD"'s) policy regarding concealed weapons licenses is publicly available and does not state or indicate an intent "to dramatically restrict the number of persons who are secretly armed within the county." See Exh. B to Eisenberg Decl. Also, Paul Tanaka is not an employee of LACSD; there is no reason to believe that Mr. Tanaka is presently authorized to state LACSD policy on any matter. See Exh. C to Eisenberg Decl. |
| 99. Plaintiff Nichols seeks to exercise his Second Amendment right to openly carry handguns for the purpose of self-defense and for other lawful purposes, such handguns to be openly | 99. Nichols Decl., 9 | -- **Disputed.** Nichols plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in |




| **Nichols's Purported Undisputed Fact** | **Nichols's Support for Undisputed Fact** | **Attorney General's Response** |
|---|---|---|
| carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. | | at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. |
| 100. Plaintiff Nichols seeks to exercise his Second Amendment right to openly carry long guns for the purpose of self-defense and for other lawful purposes, such long guns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. | 100. Nichols Decl., 10 | -- **Disputed.** Nichols plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. |
| 101. Plaintiff Nichols seek to exercise his Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, in, within and on his motor vehicles, attached camper or trailer in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited in, within and on his motor vehicles, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated counties. | 101. Nichols Decl., 11 | -- **Disputed.** Nichols plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. |
| 111. An unloaded long gun, | 111. Nichols Decl., 21 | -- **Disputed.** It is |

PDF-XChange Click to buy NOW! www.docu-track.com

PDF-XChange Click to buy NOW! www.docu-track.com

| **Nichols's Purported Undisputed Fact** | **Nichols's Support for Undisputed Fact** | **Attorney General's Response** |
| --- | --- | --- |
| inside of a motor vehicle, substantially burdens Plaintiff Nichols' right to self-defense. | | unclear what if any effect an unloaded long gun, by itself, has on Nichols's ability to defend himself. |
| 113. An unloaded firearm, fully encased, in a locked or unlocked container, substantially burdens Plaintiff Nichols' right to self-defense. | 113. Nichols Decl., 23 | -- **Disputed.** It is unclear what if any effect an unloaded firearm, by itself, has on Nichols's ability to defend himself. |
| 118. Plaintiff Nichols received a death threat via email which was reported to both the Attorney General and the Los Angeles Sheriffs department. | 118. Nichols Decl., 28 | -- **Disputed**. As Nichols has admitted, LACSD determined that what Nichols claims was a death threat did not meet the definition of a death threat. See item #123, below. |
| 123. The conclusion of the Los Angeles Sheriffs Department Sergeant Inge was that someone who threatened to shoot Plaintiff Nichols and called upon others to track him down and do the same was not committing a criminal offense because the email did not use the word "kill." | 123. Nichols Decl., 133 | (No response. This item is reprinted in reference to the above-given discussion of item #118.) |

Dated: December 2, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant California Attorney General Kamala D. Harris*