FILED

2013 DEC -9  AM II: 54

CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY: _____

Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>　　　　PLAINTIFF,<br><br>　　vs.<br><br>KAMALA D. HARRIS, Attorney<br><br>General, in her official capacity as<br><br>Attorney General of California<br><br><br>　　　Defendant. | Case No.: CV-11-9916 SJO (SS)<br><br>**PLAINTIFF CHARLES NICHOLS'<br>REPLY TO DEFENDANT HARRIS'<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN OPPOSITION<br>TO PLAINTIFF CHARLES<br>NICHOLS'S MOTION FOR<br>PARTIAL SUMMARY<br>JUDGMENT [Dkt # 140]**<br><br>Date:　　Vacated<br>Time:　　Vacated<br>Crtrm:　23 – 3rd Floor<br>Magistrate Judge:　Suzanne H. Segal<br>District Judge: S. James Otero<br>Trial Date: None<br>Action Filed: November 30, 2011 |

# **TABLE OF CONTENTS**

Table of Authorities...................................................................................ii

INTRODUCTION......................................................................................1

1. PLAINTIFF NICHOLS' OPPOSITION TO DEFENDANT HARRIS'
MEMORANDUM OF POINTS AND AUTHORITIES...................................2

   A. Harris' Introduction.........................................................................2

   B. Harris' Summary of Motion for Partial Summary Judgment...............3

   C. Harris' Texts of Statutes Being Challenged....................................3

   D. Harris' Legal Standards for Summary-Judgment Motions................3

   E. Harris' Argument – I ......................................................................4

   F. Harris' Argument – II.....................................................................5

   G. Harris' Argument – II(A)...............................................................6

   H. Harris' Argument – II(B)...............................................................9

   I. Harris' Argument – II(C)..............................................................11

   J. Harris' Argument – III.................................................................12

   K. Harris' Argument – IV................................................................13

   L. Harris' Argument – V.................................................................15

   M. Harris' Conclusion....................................................................16

CONCLUSION......................................................................................17

# TABLE OF AUTHORITIES

Cases

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 247-48 (1986)............................................................4

*Coleman v. Quaker Oats Co.*
232 F.3d 1271 (9th Cir. 2000) ......................................................4

*Culverson v. State,*
797 P. 2d 238 - Nev: Supreme Court (1990).............................16

*District of Columbia v. Heller*
128 S. Ct. 2783 - Supreme Court (2008)...........................passim

*Drake v. Filko*
724 F.3d 426 (3d Cir. 2013).................................................9, 15

*English v. State,*
35 Tex. 473...........................................................................8

*GeorgiaCarry.Org, Inc. v. Georgia*
687 F.3d 1244 (11th Cir. 2012)...........................................10

*Gillan v. City of San Marino,*
147 Cal. App. 4th 1033 (2007)..........................................14

*Heck v. Humphreys*
512 U.S. 477 (1994)............................................................13

*Hightower v. City of Boston,*

693 F. 3d 61 - Court of Appeals, 1st Circuit (2012)................................7, 10

*Hunter v. Underwood*

471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985)...............................5

*Illinois v. Aguilar*

2013 IL 112116 (Opinion filed September 12, 2013).............................…...11

*Kachalsky v. County of Westchester*

701 F.3d 81 (2d Cir. 2012).........................................................…..passim

*McDonald v. City of Chicago, Ill.,*

130 S. Ct. 3020 - Supreme Court (2010)..........................................passim

*Moore v. Madigan*

(3:11-cv-03134) C.D. Illinois.............................................…..............17

*Moore v. Madigan,*

702 F. 3d 933 - Court of Appeals, 7th Circuit (2012)............................ passim

*Morales v. Sisto,*

Dist. Court, ND California (2012)......................................................16

*Nunn v. State,*

1 Ga. 243, 251 (1846)................................................…................ passim

*Peachlum v. City of York, Penn.,*

333 F.3d 429, 435 (3rd Cir. 2003)..................................................13

*People v. Gonzales,*
71 Cal. 569 (1887)...................................................16

*People v. Willner,*
879 P. 2d 19 - Colo: Supreme Court (1994).............................................16

*Rivera v. Philip Morris, Inc.,*
395 F.3d 1142, 1146 (9th Cir. 2005)..................................................4

*Shepard v. Madigan*
(3:11-cv-00405) S.D. Illinois..................................................17

*Shepard v. Madigan,*
Court of Appeals, 7th Circuit No. 13-2661 (filed November 5, 2013)..............11

*State v. Chandler,*
5 La. Ann. 489, 490 (1850)................................................. passim

*US v. Chovan,*
Court of Appeals, 9th Circuit No. 11-50107 (filed Nov. 18, 2013).............passim

*US v. Fuentes,*
105 F. 3d 487 - Court of Appeals, 9th Circuit (1997)...................................14

*United States v. Mahin*
668 F.3d 119 (4th Cir. 2012)..................................................10

*United States v. Masciandaro*
638 F.3d 458 (4th Cir. 2011)............................................................10

*United States v. Salerno,*
481 US 739 - Supreme Court (1987)......................................................15

*United States v. Vongxay*
594 F.3d 1111 (9th Cir. 2010)...........................................................9,15

*Williams v. State*
10 A.3d 1167, 1177 (Md. 2011)...........................................................10

*Woollard v. Gallagher*
712 F.3d 865 (4th Cir. 2013)............................................................7,9

Constitutional Provisions
U.S. CONST. amend. II................................................... passim
U.S. CONST. amend. IV................................................... passim
U.S. CONST. amend. XIV.................................................. passim

Other Authorities
F.R.C.P 1..................................................................17

Statutes
California Penal Code section 626.9....16
California Penal Code section 12031 (repealed)....12
California Penal Code section 25850....passim
California Penal Code section 26350....passim

California Penal Code section 26361....13

California Penal Code section 26391....13

California Penal Code section 26400....passim

California Penal Code section 26450....13

Pursuant to the Federal Rules of Civil Procedure and Dkt # 137 Order of this Court Setting Briefing Schedule on Plaintiff's Motion for Partial Summary Judgment (Dkt # 131) Plaintiff Charles Nichols, In Pro Per, respectfully submits the following reply to Defendant Harris' Memorandum Of Points And Authorities In Opposition To Plaintiff Charles Nichols's Motion For Partial Summary Judgment filed on December 2, 2013 (Dkt # 140).

## INTRODUCTION

Defendant Harris attempts to sidestep the recently decided case of *US v. Chovan*, Court of Appeals, 9th Circuit No. 11-50107 (filed Nov. 18, 2013) in a footnote on page 16 of her memorandum of points and authorities.

The fact remains that the 9th Circuit has now adopted the "historical analysis" advocated by Plaintiff Nichols:

> "The first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." . . . If the challenged regulation burdens conduct that was within the scope of the Second Amendment as historically understood, then we move to the second step of applying an appropriate form of means-end scrutiny." *Chovan* Slip Op., at pg., 13.

The "Two-Step Second Amendment inquiry" *Chovan* at Slip Op., pg., 18 does not require that the burden be "substantial." All that is required is that the challenged regulation (in this case bans) "[B]urden conduct that was within the scope of the Second Amendment as historically understood..." *Chovan* id., 13.

Like the 7th Circuit Court of Appeals which struck down identical laws in Illinois, this court should be:

> "[D]isinclined to engage in another round of historical analysis to determine whether eighteenth-century America understood the Second Amendment to include a right to bear guns outside the home. The Supreme Court has decided that the amendment confers a right to bear arms for self-defense, which is as important outside the home as inside." *Moore v. Madigan*, 702 F. 3d 933 - Court of Appeals, 7th Circuit (2012) at 942.

1

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

Moreover, this Court has the opportunity to preserve California's presumptively lawful regulations on the carrying of firearms concealed by striking down California's bans on openly carrying loaded and unloaded firearms.

It is well briefed and undisputed that striking down the three California Penal Code sections which ban the Open Carry of loaded and unloaded firearms will not preclude the enforcement of a myriad of Federal and California laws including those which prohibit the possession or bearing of arms by those who fall outside the scope of the Second Amendment (e.g., convicted felons and the mentally ill) or preclude the enforcement of a myriad of Federal and California laws regulating the possession or bearing of "dangerous and unusual" weapons. Nor will striking down these three bans in any way preclude the enforcement of the laws regulating the possession and bearing of arms in presumptively "sensitive places" (e.g., schools and government buildings).

Striking down these three Open Carry bans (California Penal Code sections 25850, 26350 and 26400) will enable Plaintiff Nichols to possess and openly carry firearms in the curtilage of his home which Plaintiff Nichols submits is part of his home, in and on his motor vehicle and attached campers or trailer, and in non-sensitive public places. Defendant Harris and this Court have pointed out that hunters are exempt from the Open Carry bans and neither this Court nor Defendant Harris has argued that public places where hunters are exempted from the bans at issue are "sensitive places" under *District of Columbia v. Heller* 128 S. Ct. 2783 - Supreme Court (2008).

## 1. PLAINTIFF NICHOLS' OPPOSITION TO DEFENDANT HARRIS' MEMORANDUM OF POINTS AND AUTHORITIES

### A. Harris' Introduction

Plaintiff Nichols seeks "[T]o carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their

2

country, without any tendency to secret advantages and unmanly assassinations.'"'

*Heller* at 2809.  It is the United States Supreme Court in *Heller* which cited the case law from the "antebellum South" *Nunn v. State*, 1 Ga. 243, 251 (1846) and *State v. Chandler*, 5 La. Ann. 489, 490 (1850).  Case law which *Heller* at 2809 says "perfectly captured" the meaning of the right to "bear arms."

 *Heller*, *McDonald v. City of Chicago*, Ill., 130 S. Ct. 3020 - Supreme Court (2010) and *US v. Chovan*, Court of Appeals, 9th Circuit No. 11-50107 (filed Nov. 18, 2013) are all binding on this Court.  Stare Decisis compels this Court to grant Plaintiff Nichols' motion for partial summary judgment.

### B. Harris' Summary of Motion for Partial Summary Judgment

 The racist intent of the 1967 ban on openly carrying loaded firearms has been an integral part of Plaintiff's 14th Amendment claims since he first filed his Complaint two years ago.  This court shifted the burden of proof onto Plaintiff Nichols which he has more than met.  The legislative record and the excerpts of the Mulford Act of 1967 of which the Loaded Open Carry ban was a part, prove that the sole motivating factor was to disarm minorities who were not breaking any law.  The disproportionate enforcement of the Loaded Open Carry ban is proven by Defendant Harris' own publications which have also been submitted into the record.  California's licensing scheme is not at issue in the present motion for PARTIAL summary judgment.

### C. Harris' Texts of Statutes Being Challenged

 Defendant Harris admits that there are only three statutes at issue in this present motion for partial summary judgment.  California's Open Carry bans codified as California Penal Code sections 25850, 26350 and 26400.

### D. Harris' Legal Standards for Summary-Judgment Motions

 A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. "A mere scintilla of evidence supporting the nonmoving party's position is insufficient:" the moving party will win summary judgment unless there is "evidence on which a jury could reasonably find for the non-moving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005)

Defendant Harris has not presented specific facts showing that there is a genuine issue for trial. Defendant Harris has not even presented a "scintilla of evidence" supporting her purported disputes with Plaintiff's Statement of Uncontroverted Facts. There are no remaining triable issues of fact. Plaintiff Nichols has met his initial burden, he is legally entitled to judgment in his favor as a matter of law.

### E. Harris' Argument – I

Plaintiff Nichols 14th Amendment suspect classification claim has been present since his initial Complaint was filed on November 30, 2011 and has always been asserted. The suspect classification claim has been extensively argued. Defendant Harris' citation to *Coleman* is without merit.

Defendant Harris has had more than sufficient time to mount a defense. She cannot because the legislative record which she herself has entered into evidence, coupled with Plaintiff's evidence leaves no doubt as to the racist intent of the California legislature in enacting California's ban on openly carrying loaded

4

firearms in public. It was the legislature's sole motivation. Nor can she show that there has not been disproportionate enforcement of the 1967 Loaded Open Carry ban, her own publications, which she says "speak for themselves" prove the disproportionate enforcement of the laws.

Defendant Harris argues that amending the ban to provide for felony as well as misdemeanor punishment somehow negates the racist intent of the California legislature in enacting the ban in the first place. This is analogous to arguing that adding the punishment of breaking the ankles of a runaway slave to a statute which initially provided only for whipping somehow cures the Constitutional defects which are part and parcel of the California ban on openly carrying loaded firearms.

Plaintiff Nichols has made his case even if suspect classifications based on race were subject to "rational review" which they are not. Given that suspect classifications based on race are subject to "strict scrutiny" the burden of proof is on Defendant Harris to prove, under *Hunter v. Underwood*, that the ban would have otherwise been enacted. Under *Hunter* at 225, Plaintiff Nichols was only required to "prove by a preponderance of the evidence that racial discrimination was a substantial or motivating factor..." In this case, Plaintiff Nichols has far exceeded the "preponderance" threshold. Plaintiff Nichols has not made a "generalized" charge of racism. His charge is specific and proven under any level of judicial scrutiny.

**F. Harris' Argument – II**

Defendant Harris cites no F.R.C.P which requires that Plaintiff Nichols' argument appear in any specific order. It is not Plaintiff Nichols' interpretation that the Second Amendment guarantees the private right to bear arms openly, that is the interpretation of the United States Supreme Court in *Heller* and incorporated to all states and local governments in *McDonald*. An interpretation which is binding on this Court in evaluating the constitutionality of the three Open Carry bans at issue in the present motion for partial summary judgment.

5

### G. Harris' Argument – II(A)

Defendant Harris' citation "*Heller* expressly stated that the Second Amendment right is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose" is fatal to her case.  She deliberately omits the following qualification to that sentence immediately following "For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. See, e.g., *State v. Chandler*, 5 La. Ann., at 489-490; *Nunn v. State*, 1 Ga., at 251; see generally 2 Kent *340, n. 2; The American Students' Blackstone 84, n. 11 (G. Chase ed. 1884)."

There are only two ways in which one can bear arms, openly or concealed.  Every post-*Heller* Federal Court of Appeals which has published a concealed carry decision has concluded that concealed carry falls outside of the scope of the Second Amendment.  This leaves the *Heller* Court's citation to *Nunn* and *Chandler* which both held that Open Carry, and not concealed carry, is the right guaranteed by the Constitution and are the two 19th Century cases which the *Heller* court said perfectly captures the meaning of the right to "bear arms."

Nowhere in *Heller* or *McDonald* has, or can, Defendant Harris point to any section which limits the right to "bear arms" to the interior of one's home.  "To speak of "bearing" arms within one's home would at all times have been an awkward usage. A right to bear arms thus implies a right to carry a loaded gun outside the home." *Moore v. Madigan*, 702 F. 3d 933 - Court of Appeals, 7th Circuit (2012).

As has been previously briefed, Defendant Harris' reliance on *Kachalsky* is also fatal. "This appeal presents a single issue: Does New York's handgun licensing scheme violate the Second Amendment by requiring an applicant to demonstrate "proper cause" to obtain a license to carry a concealed handgun in public?" *Kachalsky* at 83.  New York, unlike California, does not ban the Open

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

Carry of long guns (loaded or unloaded) and New York's ban on the Open Carry of handguns was not at issue in *Kachalsky*.

Plaintiff Nichols has always argued that under *Heller*, there is no right to generally carry weapons concealed in public. Concealed carry simply is not at issue in this case. Plaintiff's case is a pure Open Carry case.

Defendant Harris would have this Court accept two denials of writs of certiorari in which, despite Harris' claim to contrary, the Supreme Court could not have decided "the open carry question." *Kachalsky*, as noted above, was a pure concealed carry case and *Heller* has already held that prohibitions on concealed carry are presumptively lawful. There was nothing new for the *Heller* Court to decide, Stare Decisis applied to *Kachalsky*. Likewise in *Woollard*. The Plaintiffs did not seek to carry handguns openly, they sought permits which would have enabled them to carry handguns concealed.

> "Finally, because Maryland's law operates without distinction between the concealed and open carrying of handguns, confusing questions as to the manner in which Woollard might exercise his rights are avoided. Petitioners would assert that the Legislature may determine the manner in which handguns are carried, ***but that issue is absent here***." *Woollard* Petition for certiorari pg., 39. Emphasis added.

*Woollard*, just as did *Hightower v. City of Boston*, 693 F. 3d 61 - Court of Appeals, 1st Circuit (2012), was a failed end run around *Heller's* approval of concealed carry prohibitions. *Woollard* was a case out of Maryland which like New York, does not prohibit the Open Carry of long guns (loaded or unloaded). It is undisputed that California bans the Open Carry of long guns, loaded and unloaded.

In footnote 3 on pg., 10 Defendant Harris, for the first time, puts forth the absurd proposition that there was no right to bear arms in 19th Century America. She cites two recent revisionist articles and references two local gun bans in Dodge City Kansas and Tombstone Arizona. What Defendant Harris' fails to note is that Dodge City had a "deadline" which ran through the center of town (the railroad

7

tracks).  On one side of the deadline everyone who wasn't a resident of the town was forbidden entry without permission.  Those who were granted permission to cross the deadline did have to check their firearms.  Coincidently, Wyatt Earp was formally an assistant marshal in Dodge City.  He was also a pimp.  In July 1878, after being fined $20 and spending the night in jail for "slapping a muscular prostitute named Frankie Bell" he shortly thereafter left town.  The short-lived Tombstone Ordinance No. 9 (effective April 19, 1881) did not ban the carrying of firearms, it required a permit to do so.  As Wyatt Earp was part of the gang which ran Tombstone, he attempted to enforce the ordinance on three rival gang members which resulted in the infamous "Gunfight at the O.K. Corral."

*English v. State*, 35 Tex. 473 involved the Texas Act of April 12, 1871 which prohibited, in certain cases, the carrying of pistols and not long guns. California bans the carrying of both handguns and long guns, loaded and unloaded. Moreover, the Texas Act was enacted by a reconstruction era legislature.  The State of Texas was occupied by Union forces and the Texas legislature was comprised of Radical Unionists.  It is telling that Defendant Harris would have this court rely on a law imposed by an occupying government on a conquered people.

This is what Defendant Harris hangs her hat on to support her brand new proposition that the right to bear arms was not historically recognized.  Despite *Heller* and *McDonald* clearly concluding the opposite.  The *Heller* Court dismissed a far more extensive list of historical ordinances at 2819-2821 and again in *McDonald* at 3048.

Equally telling is the bald contempt Justice Walker, who wrote the decision in *English*, had for personal liberty: "It is useless to talk about personal liberty being infringed by laws such as that under consideration.  The world has seen too much licentiousness cloaked under the name of natural or personal liberty; natural and personal liberty are exchanged, under the social compact of states, for civil liberty." *English* at 477.

8

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

### H. Harris' Argument – II(B)

Defendant Harris makes much of the fact that the 9th Circuit Court of Appeals has never before heard a challenge to California's Open Carry bans. Her citation to *Vongxay* does not aid her case. *Vongxay* argued that the *Heller* decision was limited to the right to keep arms in one's home and everything else in *Heller* was "orbiter dicta." The *Vongxay* court disagreed and applied *Heller* at 2816-2817 to *Vongxay* which involved carrying a concealed loaded handgun in public by a convicted felon. Plaintiff Nichols asks for this Court to apply the same section of *Heller* (2816-2817) which held that Open Carry is the right guaranteed by the Constitution and strike down California's Open Carry bans.

Defendant Harris argues "the overwhelming majority of the other federal appellate courts that have considered the open-carry question (or a related question) have interpreted *Heller* and *McDonald* as recognizing only a narrow right to keep an operable handgun in the home for self-defense."

There has been only one Federal Appellate Court to consider the "open-carry" question and that was the 7th Circuit Court of Appeals in *Moore* which struck down bans identical to the ones presently at issue. *Woollard* itself ducked the Second Amendment. "Because we disagree with the court's conclusion that the good-and-substantial-reason requirement cannot pass constitutional muster, we reverse the judgment without needlessly demarcating the reach of the Second Amendment." *Woollard* at 868. *Woollard*, as previously briefed here and elsewhere, was limited to handguns and limited to permits which would have allowed the plaintiffs, if successful, to carry loaded handguns concealed. Which is the manner of carry they extensively argued for in their pleadings.

*Kachalsky* has already been briefed above and elsewhere. Suffice it to say *Kachalsky* was a pure concealed carry of handguns case. Open Carry was simply not at issue. *Drake v. Filko* is a mirror image of *Kachalsky*. The Plaintiffs sought a permit to carry handguns concealed. The Plaintiff's did not challenge New Jersey's

9

ban on openly carrying handguns, the permit requirement or the prohibition on openly carrying loaded long guns.  New Jersey, unlike California, does not prohibit the Open Carry of unloaded long guns.  A dispositive element in both *Kachalsky* and *Filko* was the "duty to retreat" in public in New York and New Jersey.  As has previously been briefed, there is not now and never has been a duty to retreat in California either in public or in one's home.  There is no lesser right to self-defense in public in California and self-defense is the "central component" of the Second Amendment right according to both *Heller* and *McDonald*. *Hightower* has been extensively briefed.  *GeorgiaCarry.Org, Inc. v. Georgia* has always been a bewildering citation by Defendant Harris as Plaintiff Nichols has never argued that he has a right to carry firearms on another persons private property without their consent and Defendant Harris has never argued that the inside of a Church is a public place where the three Open Carry bans at issue apply.  *Mahin* was another 4th Circuit decision which completely ducked the Second Amendment question.  Ducking a question is not the same thing as deciding the question. *Booker* did not conclude that the scope of the Second Amendment was limited to the interior of one's home.  It was a case involving possession of a firearm (in the home) by a person convicted of misdemeanor domestic violence. *Masciandaro* was another 4th Circuit case which ducked the Second Amendment question.  Notably, it applied intermediate scrutiny not because their was a prohibition on the Open Carry of firearms loaded or unloaded at the park but because the law required firearms inside of the vehicle, which may have been in a "sensitive place" under *Heller* be unloaded.  Masciandaro's handgun was both loaded and concealed. *Williams v. State* was another concealed carry case out of Maryland.  In any event the "gravamen" of the Second Amendment is self-defense and that right is not limited to the home. Maryland, unlike California, does not ban the Open Carry of long guns, loaded or unloaded, in public.

10

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

1    Defendant Harris continues to belittle the only Federal Appellate Court

2  which has considered Open Carry – *Moore*, which struck down the Illinois bans on

3  carrying loaded and unloaded firearms in public.  A decision which the Illinois

4  Supreme Court unanimously endorsed in *Illinois v. Aguilar* 2013 IL 112116

5  (Opinion filed September 12, 2013).  *Moore*, in striking down the Illinois bans, did

6  not say that Illinois could require firearms be carried concealed.  *Moore* did not say

7  that Illinois could choose between carrying firearms openly or concealed.  *Moore*

8  at 938 said "And a state may be able to require "open carry" — that is, require

9  persons who carry a gun in public to carry it in plain view rather than concealed.

10  See *District of Columbia v. Heller*, supra, 554 U.S. at 626, 128 S.Ct. 2783; James

11  Bishop, Note, "Hidden or on the Hip: The Right(s) to Carry After *Heller*," 97

12  Cornell L.Rev. 907, 920-21 (2012)."  The Moore citation points directly to *Nunn*

13  and *Chandler* and *Heller's* finding that Open Carry is the right guaranteed by the

14  Constitution and its admonition that prohibitions on concealed carry are

15  presumptively lawful.

16    Defendant Harris fancifully speculates that the *Moore* Court would uphold

17  the identical California laws because Illinois now provides for the "shall-issue" of

18  permits to carry handguns concealed (she fails to mention that a permit also

19  provides for the carrying of a handgun partially concealed).  "What the state has

20  done about the interim regime for concealed carry may be good or bad,

21  constitutional or unconstitutional… We do not mean to belittle the plaintiffs'

22  complaint about delays built into the new law. But if they don't like the new law,

23  and wish to invalidate it, they must bring a new suit." *Shepard v. Madigan*, Court

24  of Appeals, 7th Circuit No. 13-2661 (filed November 5, 2013).

25    It is of course undisputed that there is no legal means for Plaintiff Nichols to

26  carry a concealed, loaded handgun even if he so desired, which he adamantly does

27  not.

28  **I.  Harris' Argument – II(C)**

11

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

This Court made many errors in its denial of Plaintiff Nichols' preliminary injunction, not the least was its conflating presumptively lawful prohibitions on concealed carry with the right guaranteed by the Second Amendment – Open Carry.  Plaintiff's preliminary injunction is now on appeal and is a matter for the 9th Circuit Court of Appeals to decide.

What this Court did not have at the time it denied Plaintiff Nichols' preliminary injunction is a 9th Circuit framework for deciding the constitutionality of laws in a Second Amendment context.  Now it does have such a framework and as luck would have it, the 9th Circuit in *Chovan* adopted the historical analysis advocated by Plaintiff Nichols.

Defendant Harris is now left with the insurmountable burden of proving that there was historically no right to bear arms.  She must prove that there was not historically a right to keep and carry firearms in the curtilage of one's home.  She must prove that there was no right to bear arms in non-sensitive public places and she must prove that there was not historically a right to carry arms by travelers.

Secondly, this Court is required to apply a level of scrutiny based upon the burden and that burden need not be "substantial" as was the case in the vacated *Nordyke* decision Defendant Harris was so found of.

Of course a ban is obviously a "substantial burden" and as was the case of *Heller*, *McDonald* and *Moore*, bans do not require this court to determine a level of scrutiny – bans, particularly of a fundamental enumerated right, are always unconstitutional regardless of the level of scrutiny.

**J. Harris' Argument – III**

It has been argued ad nauseam that the exceptions in former California Penal Code section 12031 do not appear within the plain text of the partially recodified PC 25850.  Those exceptions which formally existed have now been scattered throughout the penal code.  Likewise, it is apparent to anyone who can read that there are no exceptions within the plain text of PC 26350 and PC 26400.

12

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

1    Defendant Harris herself in her brief states that "Sections 26361 to 26391

2 contain the exemptions…Section 26450 contains the exemptions…" pg., 17 lines

3 13-14.  Sections 26361, 26391, 26450 are not sections 25850, 26350 and 26400.

4    Plaintiff Nichols has extensively argued why the lack of exceptions within

5 the plain text of California Penal Code sections 25850, 26350 and 26400 are in and

6 of itself fatal to these bans.  Those arguments need not be repeated here.

7    Defendant Harris seems to be suffering from the delusion that Plaintiff

8 Nichols has to be charged and convicted before challenging the bans before this

9 court can make a ruling "about the constitutional sufficiency of the self-defense

10 exceptions."

11    This court held that "Moreover, absent a promise by Harris not to prosecute,

12 Plaintiff has shown the possibility of prosecution and "even the remotest threat of

13 prosecution" has been deemed sufficient. *Peachlum v. City of York*, Penn., 333

14 F.3d 429, 435 (3rd Cir. 2003)" Dkt #82, pg., 6 lines 2-5.  Plaintiff has already

15 briefed the 9th Circuit precedents which came to the same conclusion.

16 **K.  Harris' Argument – IV**

17    As had been previously briefed, *Heck v. Humphreys* does not bar injunctive

18 relief and it certainly cannot bar injunctive relief against California's Open Carry

19 bans which Defendant Harris concedes that Plaintiff Nichols has never been

20 charged or convicted of violating.  Defendant Harris' citation to *Heck* is farcical.

21    Defendant Harris claims "[I]t remains the case that a person who openly

22 carries a firearm in a public place in California, in a county, such as Los Angeles

23 County, of more than 200,000 people, and not in the category of people exempt

24 from the open-carry laws, is committing a crime. Hence a peace officer seeing a

25 person openly carry the firearm in a public place necessarily has probable cause to

26 search the firearm to see if it is loaded."

27    What happened to all of the purported exemptions to the bans Defendant

28 Harris has touted?  How can a licensed hunter who is either hunting or traveling to

or from a hunting expedition and who is purportedly exempt from the three bans be committing a crime?  What about all of the special interest categories of persons, such as lawyers, exempted from the unloaded Open Carry bans?  What about the Open Carry of antique firearms which are purportedly exempt from the bans?

But Defendant Harris purposely dodges the point.  California Penal Code section 25850(b) does not say that openly carrying a firearm constitutes probable cause for an arrest.  It does not say that openly carrying a firearm constitutes probable cause for a search.  Its fatal constitutional defect is that it makes the mere refusal to consent to a search "probable cause" for an arrest.

That is unquestionably foreclosed by *US v. Fuentes*, 105 F. 3d 487 - Court of Appeals, 9th Circuit (1997) at 490.  "His refusal by itself does not give rise to reasonable suspicion or probable cause. Mere refusal to consent to a stop or search does not give rise to reasonable suspicion or probable cause. People do not have to voluntarily give up their privacy or freedom of movement, on pain of justifying forcible deprivation of those same liberties if they refuse."

This is not just a nuance.  PC 25850(b), if allowed to stand, renders the Fourth Amendment meaningless.

Defendant Harris citation to Lopez does not aid her argument "[u]nder the Fourth Amendment, a warrantless arrest requires probable cause..."

As pointed out, PC 25850(b) does not say that openly carrying a firearm constitutes probable cause, it is one's refusal to voluntarily consent which creates the "probable cause" under PC 25850(b).

Defendant Harris references *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1044 (2007) without quoting any section of the decision.  *Gillian* did not involve firearms or a refusal to consent to a search. Its relevance is known to none but Defendant Harris.

It is curious that Defendant Harris wasted so much ink defending the actions of the Redondo Beach defendants who were voluntarily dismissed from this action,

14

without prejudice by Plaintiff. The best one might infer from her rambling is that

somehow Plaintiff only has an as-applied challenge within the City of Redondo

Beach. As this Court noted, all Plaintiff need do is to step outside his home to be

in violation of the law. Plaintiff Nichols does not reside in the City of Redondo

Beach. For that matter, Plaintiff Nichols has an as-applied challenge to the Open

Carry bans in the curtilage of his home as well as in all public places where the

bans apply to Plaintiff Nichols as well as to in or on his motor vehicle, etc.

Absent additional circumstances which in and of themselves constitute

probable cause for an arrest. The mere refusal to voluntarily consent to a search,

absent any other circumstances, never constitutes probable cause for an arrest.

PC 25850(b) is unconstitutional, not only as-applied to Plaintiff Nichols but

facially even under *Salerno*'s "no set of circumstances test." A test rejected by

*Heller*, *McDonald* and *Moore* and a test never adopted by any 9th Circuit Court of

Appeals decision involving the Second Amendment from *Vongxay* to *Chovan* or

every Second Amendment case between the two.

**L. Harris' Argument – V**

Procedurally, Plaintiff Nichols did not cite the "entirety of *Heller*'s

syllabus." A syllabus cannot itself be cited. However, one is free to separately cite

the same sections of the *Heller* decision which are contained in the syllabus and to

argue that those citable sections of the decision were held by the *Heller* Court.

To remind this Court and Defendant Harris who is unclear about why the

fact there is no "duty to retreat" in California is significant. Both *Kachalsky* and

*Drake* relied on New York's and New Jersey's "duty to retreat" in public in

finding that there was a lesser right to self-defense in public than in the home and

therefore upheld the handgun laws at issue in those two cases.

Plaintiff Nichols right to self-defense is as strong outside his home as in his

home, which Plaintiff contends includes the curtilage of his home. The California

courts have always held that there is no "duty to retreat" in public places where

15

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

1  Plaintiff has a right to be.  Unlike New York and New Jersey, that has always been
2  the case in California.  See SUF 134 & 135 which Defendant Harris does not
3  dispute.

4  *People v. Gonzales*, 71 Cal. 569, 577 (1887). "A man who expects to be
5  attacked is not always compelled to employ all the means in his power to avert the
6  necessity of self-defense before he can exercise the right of self-defense. For one
7  may know that if he travels along a certain highway he will be attacked by another
8  with a deadly weapon, and be compelled in self-defense to kill his assailant, and
9  yet he has the right to travel that highway, and is not compelled to turn out of his
10 way to avoid the expected unlawful attack." Cited in *Morales v. Sisto*, Dist. Court,
11 ND California 2012; *People v. Willner*, 879 P. 2d 19 - Colo: Supreme Court
12 (1994); *Culverson v. State*, 797 P. 2d 238 - Nev: Supreme Court (1990).

13 Defendant Harris' mind may be "murky" but California case law on the right
14 to stand one's ground is voluminous.

15 **M. Harris' Conclusion**

16 This action originally filed by Plaintiff Nichols' over two years ago on
17 November 30, 2011 has never sought a radical change to everyday life as
18 Defendant Harris contends.  There are hundreds of unconstitutional gun laws
19 which Plaintiff Nichols could have challenged which have a far greater scope that
20 the Open Carry bans currently at issue.  Consider the scope of the relief requested.
21 If Plaintiff Nichols is granted his entire prayer for relief and the Open Carry bans
22 are struck down in their entirety he still will not be able to openly carry a loaded or
23 unloaded firearm in any public place except where hunters are now exempted from
24 the bans at issue.  Overturning the unloaded Open Carry bans restores the status
25 quo which existed on January 1st of this year and last.  Overturning the Loaded
26 Open Carry ban enacted in 1967 does not even come close to enabling Plaintiff to
27 openly carry a firearm in places where it was legal to openly carry loaded firearms
28 the day before the ban went into effect.  California Penal Code section 626.9 will

16

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

the law. Plaintiff will not be able to carry a loaded firearm within 1,000 feet of a K-12 public or private school or to even openly carry an unloaded handgun in a public place within 1,000 feet of a K-12 public or private school without permission from the school, or a permit to openly carry a handgun which is not available in counties with a population of 200,000 or more people and is not available at all to Plaintiff Nichols as he does not reside in a county with a population of fewer than 200,000 people.

That said, Plaintiff Nichols is hopeful that overturning these Open Carry bans will sow the seeds of radical change in California. Plaintiff Nichols believes that should the Open Carry movement become successful it may result in the greatest dissolution of government power since the collapse of the Soviet Union.

From Plaintiff Nichols perspective, that would be a good thing.

## CONCLUSION

Federal Rules of Civil Procedure – Rule 1. Scope and Purpose:

"These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Plaintiff Nichols has been denied a "just, speedy, and inexpensive determination" of his action in the proceedings to date. Two years ago he filed his initial complaint which had every element contained in *Shepard v. Madigan* (3:11-cv-00405 S.D. Illinois) and *Moore v. Madigan* (3:11-cv-03134 C.D. Illinois) which were consolidated on appeal in *Moore v. Madigan*, 702 F. 3d 933 - Court of Appeals, 7th Circuit (2012) which resulted in the overturning of Illinois bans which are virtually identical to the bans at issue in this case. The district court in *Moore* took less than nine months to reach a decision and the district court in *Shepard* took just over ten months.

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

1    Plaintiff Nichols is entitled to judgment in his favor as a matter of law.
2    California's Open Carry bans cannot survive any level of scrutiny, not even
3    rational review.

4        Plaintiff Nichols has proven his case and he stands by his Complaint.  He is
5    entitled to a speedy, appealable decision from this court.

6        The Second Amendment's contours are drawn by the Constitution and not
7    by the Congress, the California Legislature, local governments or even by the
8    courts.

9    "We know of no other enumerated constitutional right whose core protection
     has been subjected to a freestanding "interest-balancing" approach. The very
10   enumeration of the right takes out of the hands of government—even the
11   Third Branch of Government—the power to decide on a case-by-case basis
     whether the right is really worth insisting upon. A constitutional guarantee
12   subject to future judges' assessments of its usefulness is no constitutional
13   guarantee at all. Constitutional rights are enshrined with the scope they were
     understood to have when the people adopted them, whether or not future
14   legislatures or (yes) even future judges think that scope too broad." *District
15   of Columbia v. Heller*, 128 S. Ct. 2783 - Supreme Court (2008) at 2821.

20   Dated: December 8, 2013                Respectfully submitted,

22                                          By: Charles Nichols
                                            PLAINTIFF in Pro Per
23                                          PO Box 1302
                                            Redondo Beach, CA  90278
24                                          Voice: (424) 634-7381
                                            EMail:CharlesNichols@Pykrete.info

27   ///

Plaintiff's Reply To Defendant Harris' Memorandum of Points & Authorities

## CERTIFICATE OF SERVICE

On this, the 8th day of November, 2013, I caused to be served a copy of the foregoing **PLAINTIFF CHARLES NICHOLS' REPLY TO DEFENDANT HARRIS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF CHARLES NICHOLS'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt # 140]** by US Mail on:


Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-1071 (fax)
jonathan.eisenberg@doj.ca.gov
LEAD ATTORNEY / ATTORNEY TO BE NOTICED representing Kamala D Harris (Defendant).


Executed this the 8th day of December, 2013 by:


Charles Nichols