FILED

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

2013 DEC -9  AM 11: 54

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY: _____

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols,<br><br>            PLAINTIFF,<br><br>      vs.<br><br>KAMALA D. HARRIS, Attorney<br>General, in her official capacity as<br>Attorney General of California<br><br>      Defendant. | Case No.: CV-11-9916 SJO (SS)<br><br>**PLAINTIFF CHARLES NICHOLS'**<br>**REPLY TO DEFENDANT HARRIS'**<br>**STATEMENT OF GENUINE**<br>**DISPUTES [Dkt # 140-1]**<br><br>Date:    Vacated<br>Time:    Vacated<br>Crtrm:   23 – 3rd Floor<br>Magistrate Judge:  Suzanne H. Segal<br>District Judge: S. James Otero<br>Trial Date: None<br>Action Filed: November 30, 2011 |

        Pursuant to the Federal Rules of Civil Procedure and Dkt # 137 Order of this

Court Setting Briefing Schedule on Plaintiff's Motion for Partial Summary

Judgment (Dkt # 131) Plaintiff Charles Nichols, In Pro Per, respectfully submits

the following reply to Defendant Harris' Statement of Genuine Disputes filed on

December 2, 2013 (Dkt # 140-1).  Plaintiff contends that there is no real issue

about the following material facts.

1

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| Nichols' Undisputed Fact | Attorney General's Response | Nichols' Reply |
|---|---|---|
| 1.  California law bans the Open Carry of loaded firearms in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to | -- Item #1 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself. <br> -- Disputed that there are no exemptions to California Penal Code section 25850.1 As this Court in the instant case already found, all the challenged statutes in this case contain numerous exemptions. Nichols v. Brown, No. CV 11–09916 SJO (SS), 2013 WL 3368922 at *6 (C.D. Cal. Jul. 3, 2013). | California Penal Code section 25850 (PC 25850) does not contain any exemptions within the plain-text of the body of the statute. <br> Whatever exemptions there may be in other sections of the California Penal Code cannot be found in PC 25850. <br> The lack of exemptions within PC 25850 does speak for itself. Defendant Harris' Response does not create a triable issue of fact. |

2

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| this section constitutes probable cause for arrest for violation of this section. There is no enumerated exemption within this statute. | | |
| 2. California law bans the Open Carry of unloaded handguns in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. There is no enumerated exemption within this statute. A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand | -- Item #2 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself. <br><br> -- Disputed that there are no exemptions to Section 26350. As this Court in the instant case already found, all the challenged statutes in this case contain numerous exemptions. Nichols, supra, 2013 WL 3368922 at *6. | California Penal Code section 26350 (PC 26350) does not contain any exemptions within the plain-text of the body of the statute. <br><br> Whatever exemptions there may be in other sections of the California Penal Code cannot be found in PC 26350. <br><br> The lack of exemptions within PC 26350 does speak for itself. Defendant Harris' Response does not create a triable issue of fact. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:<br><br>(A) The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.<br><br>(B) The person is not in lawful possession of that handgun.<br><br>Otherwise, a violation of this section is a misdemeanor. | | |
| 3. California law bans the Open Carry of unloaded firearms, other than handguns, in any public place or on any public street in an incorporated city outside a vehicle while in the incorporated city or city and county. A violation is | -- Item #3 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br><br>-- Disputed that there are no exemptions to Section 26400. As this Court in the instant case | California Penal Code section 26400 (PC 26400) does not contain any exemptions within the plain-text of the body of the statute.<br><br>Whatever exemptions there may be in other sections of the California Penal Code cannot be |

4

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm.  Otherwise, a violation of this section is a misdemeanor. There is no enumerated exemption within this statute. | already found, all the challenged statutes in this case contain numerous exemptions. Nichols, supra, 2013 WL 3368922 at *6. | found in PC 26400.  The lack of exemptions within PC 26400 does speak for itself. Defendant Harris' Response does not create a triable issue of fact. |
| 4.  California law bans the carrying of concealed firearms.  There is no enumerated exemption within this statute. | -- Item #4 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself. -- Disputed that there | California Penal Code section 25400 (PC 25400) does not contain any exemptions within the plain-text of the body of the statute.  Whatever exemptions |

5

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| | are no exemptions to Section 25400. Section 26150 et seq. sets forth the statutory scheme by which a person may apply for and obtain a license to carry a concealed firearm. | there may be in other sections of the California Penal Code cannot be found in PC 25400.<br><br>The lack of exemptions within PC 26400 does speak for itself. Defendant Harris' Response does not create a triable issue of fact. |
| 5. California law theoretically provides for the entirely discretionary issuance of a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person where the population of the county is less than 200,000 persons according to the most recent federal decennial census. | -- Item #5 is not an asserted fact, but rather a statement of what a law supposedly means. The cited law speaks for itself.<br>-- Disputed that California law "provides for the entirely discretionary issuance of a license to carry…" Sections 26150, 26155, 26195, and 26200 set forth the rules for the granting or denial of such licenses. | It is undisputed that a license to openly carry a firearm (loaded or unloaded) cannot be issued to Plaintiff Nichols because he resides in a county of 200,000 or more persons. Were a County Sheriff or Police Chief to issue an Open Carry license to Plaintiff Nichols it would be invalid under state law. California's licensing scheme is "may issue." Defendant Harris' Response does not create a triable issue of fact. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| 1 | 6. California law | -- Item #6 is not an | This court upheld the |
| 2 | theoretically provides for | asserted fact, but rather | Los Angeles County |
| 3 | the entirely discretionary | a statement of what a | policy restricting the |
| 4 | issuance of a license to | law supposedly means. | issuance of permits to |
| 5 | carry a pistol, revolver, or | The cited law speaks for | carry handguns (and other |
| 6 | other firearm capable of | itself. | concealable firearms) in |
| 7 | being concealed upon the | -- Disputed that | the case of ROBERT |
| 8 | person, loaded or | California law "provides | THOMSON v. |
| 9 | unloaded.  A person must | for the entirely | TORRANCE POLICE |
| 10 | be a resident of the city, | discretionary issuance | DEPARTMENT and |
| 11 | city and county, or county | of a license to carry…" | LOS ANGELES |
| 12 | unless the applicant's | Sections 26150, 26155, | COUNTY SHERIFFS |
| 13 | principal place of | 26195, and 26200 set | DEPARTMENT; Case |
| 14 | employment or business | forth the rules for the | Number: 2:2011cv06154; |
| 15 | is in the county or a city | granting or denial of | Filed: July 26, 2011; |
| 16 | within the county and the | such licenses. | Court:California Central |
| 17 | applicant spends a | | District Court; Presiding |
| 18 | substantial period of time | | Judge: S. James Otero to |
| 19 | in that place of | | which this court said: |
| 20 | employment or business. | | "Section 12050 gives |
| 21 | | | "extremely broad |
| 22 | | | discretion to the sheriff |
| 23 | | | concerning the |
| 24 | | | issuance of concealed |
| 25 | | | weapons licenses and |
| 26 | | | explicitly grants |
| 27 | | | discretion to the issuing |
| 28 | | | officer to |

7

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

1    issue or not issue a

2    license to applicants

3    meeting the minimum

4    statutory requirements."

5    (See Thomson v.

6    Torrance Dkt # 70, pg 3).

7    The policy of the Los

8    Angeles Sheriff's

9    Department was stated by

10   this court as follows:

11   "LASD defines "good

12   cause" as requiring an

13   applicant to show:

14   convincing evidence of a

15   clear and present danger

16   to life or of great bodily

17   harm to the applicant, his

18   spouse or dependent

19   child, which cannot be

20   adequately dealt with by

21   existing law enforcement

22   resources and which

23   danger cannot be

24   reasonably avoided by

25   alternative measures, and

26   which danger would be

27   significantly mitigated by

28   the applicant's carrying of

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | a concealed firearm."<br>Supra pg. 4.<br>Defendant Harris'<br>Response does not create<br>a triable issue of fact. |
|---|---|---|
| 55.  Comparing 2000 to 2003:<br>■ The proportion of males charged with PC section 12031 resulting in felony-level filings increased 6.7 percentage points (from 55.6 percent to 62.3 percent); misdemeanor-level filings for males decreased identically.<br>■ The proportion of females charged with PC section 12031 resulting in felony-level filings decreased 2.5 percentage points (from 45.7 percent to 43.2 percent); misdemeanor-level filings for females increased identically. | -- Disputed that the ratio of male persons who violated Section 12031 to male persons charged with violating Section 12031 at the felony level was higher than the ratio of female persons who violated Section 12031 to female persons charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that Nichols appears to be trying to make. | In Defendant Harris' Answer to Plaintiff Nichols' operative Second Amended Complaint (SAC) at ¶ 39 she stated "Answering enumerated paragraph 39, the Attorney General admits that the Office of the Attorney General publishes California crime statistics information, which publications speak for themselves." Plaintiff Nichols' SAC clearly lists Concealable Firearms Charges in California 2003 which is an Attorney General Department of Justice Publication.  This item #55 quotes that |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | publication verbatim and the entire publication was submitted as "Exhibit E" to Plaintiff's Motion for Partial Summary Judgment. Defendant Harris offers no evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |
|---|---|---|
| 56.  From 2000 through 2003, the vast majority of persons charged with PC section 12031 were male, and males were proportionately more likely to be filed on at the felony level than females. | -- Disputed that the ratio of male persons who violated Section 12031 to male persons charged with violating Section 12031 at the felony level was higher than the ratio of female persons who violated Section 12031 to female persons charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that | As in Item # 55, Item #56 quotes Defendant Harris' own Department of Justice publication and Defendant Harris does not provide any evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | Nichols appears to be trying to make. | |
|---|---|---|
| 57.  When charged with PC section 12031, blacks were proportionately most likely to be filed on at the felony level, followed by Hispanics, other race/ethnic groups, and whites. This pattern exists throughout the period shown. | -- Disputed that the ratio of African-American persons who violated Section 12031 to African-American persons charged with violating Section 12031 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Section 12031 to people from other racial-ethnic groups charged with violating Section 12031 at the felony level. There is no pertinent evidence presented of the underlying point that Nichols appears to be trying to make. | As in Items # 55 & 56, Item #57 quotes Defendant Harris' own Department of Justice publication and Defendant Harris does not provide any evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |
| 66.  The vast majority of persons charged with either former PC section 12025 or former PC | -- Disputed that the ratio of male persons who violated Sections 12025 or 12031 to male | As in Items # 55, 56 &57, Item #66 quotes Defendant Harris' own Department of Justice |

11

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| section 12031 were male. | persons charged with violating Sections 12025 or 12031 was higher than the ratio of female persons who violated Sections 12025 or 12031 to female | publication and Defendant Harris does not provide any evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |
| 67.  When charged with either PC section 12025 or PC section 12031, blacks were proportionately the most likely race/ethnic group to be filed on at the felony level; whites were proportionately the least likely race/ethnic group to be filed on at the felony level. | -- Disputed that the ratio of African-American persons who violated Sections 12025 or 12031 to African-American persons charged with violating Sections 12025 or 12031 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Sections 12025 or 12031 to people from other racial-ethnic groups charged with violating Sections 12025 or 12031 at the felony level. | As in Items # 55, 56, 57 65 & 66, Item #67 quotes Defendant Harris' own Department of Justice publication and Defendant Harris does not provide any evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| 68. When charged with PC section 12025, blacks were proportionately most likely to be filed on at the felony level, followed by Hispanics, other race/ethnic groups, and whites. This pattern exists throughout the period shown. | -- Disputed that the ratio of African-American persons who violated Section 12025 to African-American persons charged with violating Section 12025 at the felony level was higher than the ratio of people from other racial-ethnic groups who violated Section 12025 to people from other racial-ethnic groups charged with violating Section 12025 at the felony level. | As in Items # 55, 56, 57 65, 66 & 67, Item #68 quotes Defendant Harris' own Department of Justice publication and Defendant Harris does not provide any evidence to dispute her own publication(s). Defendant Harris' Response does not create a triable issue of fact. |
| 78. The Attorney General admits to instructing all issuing authorities in California not to issue a license to openly carry a handgun to PLAINTIFF and similarly situated individuals on page 1 of her "STANDARD APPLICATION FOR | -- Disputed that the Attorney General instructed anyone not to issue a firearms license to Nichols. The Attorney General's answer to the operative complaint, which answer Nichols cites, speaks for itself. -- Further disputed that the Attorney General | It is undisputed that Defendant's Harris' own "Standard Application for License to Carry Concealed Weapon (CCW) states that licenses to openly carry a handgun are not available to Plaintiff Nichols and similarly situated individuals who reside in |

13

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| LICENSE TO CARRY A CONCEALED WEAPON (CCW)" prepared by the Attorney General pursuant to California Penal Code section 26175 which also provides for her to revise the application form. DEFENDANT HARRIS has refused to either create or revise the application form to accommodate PLAINTIFF'S and similarly situated individuals Second Amendment right to openly carry a loaded firearm in public for the purpose of self-defense and other lawful purposes. | makes any discretionary decisions about the substance of California firearms law by merely fulfilling her obligations with respect to preparing firearms license forms. | counties with a population of 200,000 or more people, that the application is prepared by the Attorney General and that she has the authority to revise the application and that no license can be issued by a chief of police or county sheriff without her prior approval.  That said, California's licensing scheme is not at issue in Plaintiff Nichols' motion for partial summary judgment.  Defendant Harris' Response does not create a triable issue of fact. |
| 89.  The "good cause" requirement of the Los Angeles Sheriff's Department is intended to dramatically restrict the | -- Disputed. The Los Angeles County Sheriff's Department's ("LACSD"'s) policy regarding concealed | Defendant Harris does not speak for the Los Angeles County Sheriff's Department and she makes no claim that she |

14

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

number of persons who are secretly armed within the county. In 2011, there was an average of approximately 400 existing concealed weapons permits that were issued by the LASD in a county of some 10 million people.

weapons licenses is publicly available and does not state or indicate an intent "to dramatically restrict the number of persons who are secretly armed within the county." See Exh. B to Eisenberg Decl. Also, Paul Tanaka is not an employee of LACSD; there is no reason to believe that Mr. Tanaka is presently authorized to state LACSD policy on any matter. See Exh. C to Eisenberg Decl.

is the author of the LASD policy or is authorized to speak on behalf of the LASD. Neither has Defendant Harris submitted any evidence to contradict the sworn declaration by Paul Tanaka submitted in Thomson v. Torrance, Supra and attached as an exhibit to Plaintiff Nichols' motion for partial summary judgment.

Nor does Plaintiff Nichols' seek a license to carry concealed in either his SAC or present motion.

Even if the LASD were to change its stated policy, which it hasn't, and agree to issue a license to carry a handgun concealed to Plaintiff Nichols, Plaintiff Nichols does not seek to

15

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| | | carry a weapon concealed and his complaint is not limited to the carrying of handguns.<br><br>Defendant Harris' Response does not create a triable issue of fact. |
| 99. Plaintiff Nichols seeks to exercise his Second Amendment right to openly carry handguns for the purpose of self-defense and for other lawful purposes, such handguns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. | -- Disputed. Nichols plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. | Nowhere in any of Plaintiff Nichols' Complaints including his operative Second Amended Complaint, nor in his present motion for partial summary judgment does Plaintiff Nichols challenge the constitutionality of any laws which apply to schools. California's so called "Gun Free School Zone Act of 1995" codified as California Penal Code section 626.9 (PC 626.9) is not at issue in this case and an injunction against the three Open Carry bans which are at issue would |

16

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| | | not preclude enforcement of PC 626.9. |
| | |   The constitutionality of PC 626.9 will be up to some other court to decide. |
| | |   That said, Plaintiff Nichols does not plan to challenge the presumptively lawful regulations on the carrying of firearms "in or on" school grounds or in government buildings. |
| | |   Defendant Harris' Response does not create a triable issue of fact. |
| 100.  Plaintiff Nichols seeks to exercise his Second Amendment right to openly carry long guns for the purpose of self-defense and for other lawful purposes, such long guns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public | -- Disputed. Nichols plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. | Nowhere in any of Plaintiff Nichols' Complaints including his operative Second Amended Complaint, nor in his present motion for partial summary judgment does Plaintiff Nichols challenge the constitutionality of any laws which apply to |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. | | schools. California's so called "Gun Free School Zone Act of 1995" codified as California Penal Code section 626.9 (PC 626.9) is not at issue in this case and an injunction against the three Open Carry bans which are at issue would not preclude enforcement of PC 626.9.<br><br>The constitutionality of PC 626.9 will be up to some other court to decide.<br><br>That said, Plaintiff Nichols does not plan to challenge the presumptively lawful regulations on the carrying of firearms "in or on" school grounds or in government buildings.<br><br>Defendant Harris' Response does not create a triable issue of fact. |
| 101. Plaintiff Nichols | -- Disputed. Nichols | Nowhere in any of |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| seek to exercise his Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, in, within and on his motor vehicles, attached camper or trailer in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited in, within and on his motor vehicles, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated counties. | plans to mount a legal challenge to enforcement of California's law prohibiting open carrying of firearms in at least one category of sensitive public places, public schools. See Exh. D to Eisenberg Decl. | Plaintiff Nichols' Complaints including his operative Second Amended Complaint, nor in his present motion for partial summary judgment does Plaintiff Nichols challenge the constitutionality of any laws which apply to schools.  California's so called "Gun Free School Zone Act of 1995" codified as California Penal Code section 626.9 (PC 626.9) is not at issue in this case and an injunction against the three Open Carry bans which are at issue would not preclude enforcement of PC 626.9.

  The constitutionality of PC 626.9 will be up to some other court to decide.

  That said, Plaintiff Nichols does not plan to |

| | | challenge the presumptively lawful regulations on the carrying of firearms "in or on" school grounds or in government buildings. Defendant Harris' Response does not create a triable issue of fact. |
|---|---|---|
| 111.  An unloaded long gun, inside of a motor vehicle, substantially burdens Plaintiff Nichols' right to self-defense. | -- Disputed. It is unclear what if any effect an unloaded long gun, by itself, has on Nichols's ability to defend himself. | It is self-evident that an unloaded long gun inside of a motor vehicle is of no use to Plaintiff while he is outside of his motor vehicle.  Indeed, leaving a long gun unattended in his motor vehicle would be an invitation to thieves.  It is self-evident that an unloaded long gun inside of a motor vehicle even when Plaintiff Nichols is present inside of the motor vehicle is for all intents and purposes useless for his defense against an attacker. Defendant Harris' |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | Response does not create a triable issue of fact. |
|---|---|---|
| 113. An unloaded firearm, fully encased, in a locked or unlocked container, substantially burdens Plaintiff Nichols' right to self-defense. | -- Disputed. It is unclear what if any effect an unloaded firearm, by itself, has on Nichols's ability to defend himself. | It is self-evident that an unloaded firearm, fully encased, in a locked or unlocked container, inside of a motor vehicle is of no use to Plaintiff while he is outside of his motor vehicle. Indeed, leaving a firearm in his motor vehicle would be an invitation to thieves. It is self-evident that an unloaded long gun inside of a motor vehicle even when Plaintiff Nichols is present inside of the motor vehicle is for all intents and purposes useless for his defense against an attacker. Defendant Harris' Response does not create a triable issue of fact. |
| 118. Plaintiff Nichols received a death threat via email which was | -- Disputed. As Nichols has admitted, LACSD determined that | This court has a copy of the police incident report filed as Dkt # 10. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

| | | |
|---|---|---|
| reported to both the Attorney General and the Los Angeles Sheriff's department. | what Nichols claims was a death threat did not meet the definition of a death threat. See item #123, below. | Plaintiff submitted that a threat to shoot him and calling on others to "track him down" and shoot him constitutes a death threat despite the conclusion of the Los Angeles County Sheriff's Department to the contrary.  As such, Plaintiff is ineligible for a license to carry a concealable weapon, openly or concealed.  Defendant Harris' Response does not create a triable issue of fact. |
| 123.  The conclusion of the Los Angeles Sheriff's Department Sergeant Inge was that someone who threatened to shoot Plaintiff Nichols and called upon others to track him down and do the same was not committing a criminal offense because the email did not use the word | (No response. This item is reprinted in reference to the above-given discussion of item #118.) | Defendant Harris' non-response ("No response") does not create a triable issue of fact. |

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

1 "kill."

22 Dated: December 8, 2013                    Respectfully submitted,

24                                             By: Charles Nichols
25                                             PLAINTIFF in Pro Per
                                               PO Box 1302
26                                             Redondo Beach, CA 90278
                                               Voice: (424) 634-7381
27                                             EMail:CharlesNichols@Pykrete.info

28 ///

23

Plaintiff's Reply To Defendant Harris' Statement Of Genuine Disputes

## CERTIFICATE OF SERVICE

On this, the 8th day of November, 2013, I caused to be served a copy of the foregoing **PLAINTIFF CHARLES NICHOLS' REPLY TO DEFENDANT HARRIS' STATEMENT OF GENUINE DISPUTES [Dkt # 140-1]** by US Mail on:


Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-1071 (fax)
jonathan.eisenberg@doj.ca.gov
LEAD ATTORNEY / ATTORNEY TO BE NOTICED representing Kamala D Harris (Defendant).

Executed this the 8th day of December, 2013 by:

Charles Nichols