Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

FILED

2014 MAR 31  PM 2: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

United States District Court

Central District of California

| | |
|---|---|
| Charles Nichols, | Case No.: CV-11-9916 SJO (SS) |
| PLAINTIFF, | **PLAINTIFF NICHOLS' OBJECTION AND OPPOSITION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| vs. | |
| KAMALA D. HARRIS, Attorney General, in her official capacity as Attorney General of California | [Dkt #162] |
| | |
| | |
| Defendant. | Date:    NA<br>Time:    NA<br>Crtrm:  1 – 2nd Floor<br>District Judge: S. James Otero<br>Trial Date: None<br>Action Filed: November 30, 2011 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Table of Authorities...................................................................................ii

INTRODUCTION...................................................................................1

LINE ITEM OBJECTIONS AND OPPOSITION TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE.............................3

CONCLUSION.........................................................................................20

i

# TABLE OF AUTHORITIES

Cases

*Arizona v. Hicks,*
480 US 321 - Supreme Court (1987)...................................................18

*Coates v. Cincinnati,*
402 US 611 - Supreme Court (1971)....................................................7

*District of Columbia v. Heller,*
128 S. Ct. 2783 - Supreme Court (2008)........................................ passim

*Florida v. Jardines,*
133 S. Ct. 1409 - Supreme Court (2013)..............................................6

*Hunter v. Underwood,*
471 US 222 - Supreme Court (1985)..................................................16

*Jackson v. City & Cnty. of San Francisco,*
slip op. No. 12-17803 (9th Cir. Mar. 25, 2014)................................ passim

*John Doe No. 1 v. Reed, __ U.S. __,*
130 S. Ct. 2811, 2817 (2010).........................................................5

*McDonald v. City of Chicago, Ill.,*
130 S. Ct. 3020 - Supreme Court (2010)........................................ passim

*Moore v. Madigan,*
702 F. 3d 933 - Court of Appeals, 7th Circuit (2012)..................................7

ii

*Patel v. City of Los Angeles,*
Court of Appeals, 9th Circuit No. 08-56567 en banc (filed Dec. 24 2013)... passim

*People v. Delong,*
11 Cal. App. 3d 786, 791-92 (1970)....................................................17

*Peruta v. County of San Diego,*
__ F.3d __, 2014 WL 555862 (9th Cir. Feb. 13, 2014).............................5,8

*Peruta v. County of San Diego,*
slip op. No. 10-56971 (9th Cir. Feb. 13, 2014)............................... passim

*Shechter v. Comptroller of City of New York,*
79 F. 3d 265 - Court of Appeals, 2nd Circuit (1996)...............................19

*Silvester v Harris,*
2013 WL 6415670 (E.D.Cal. Dec. 9, 2013)...........................................2

*Somers v. Apple, Inc.,*
729 F. 3d 953 - Court of Appeals, 9th Circuit (2013)..............................19

*Thomson v. Torrance Police Department, et al*
Case No. 2:11-cv-06154-SJO-JC.........................................................3

*United States v. Chovan,*
735 F.3d 1127 (9th Cir. 2013)....................................................... passim

*United States v. Fuentes,*

iii

105 F.3d 487, 490 (9th Cir. 1997)...................................................18

*United States v. L. Cohen Grocery Co.,*
255 US 81 – Supreme Court (1921)...................................................7

*United States v. Salerno,*
481 U.S. 739, 745 (1987).................................................7, 8, 17, 20

*United States v. Stevens,*
559 U.S. 460, 472 (2010)...................................................8

Constitutional Provisions
U.S. CONST. amend. II..................................................passim
U.S. CONST. amend. IV.................................................passim
U.S. CONST. amend. XIV................................................passim

Other Authorities
California Penal Code section 171b...................................11
California Penal Code section 626.9...............................10, 11
California Penal Code section 25850............................. passim
California Penal Code section 26350.................................1
California Penal Code section 26400.................................1

Federal Rule of Civil Procedure 8...................................6
Federal Rule of Civil Procedure 12...............................19, 20
Federal Rule of Civil Procedure 56.................................19
Federal Rule of Civil Procedure 73(b)(3)..........................4, 7

iv

Los Angeles County Municipal Code 13.66.010...................................12

Gun Free School Zone Map of Redondo Beach (Exhibit 2-1 of FAC)..... Exhibit A

City of Hermosa Beach Open Carry Map.........................................Exhibit B

City of Manhattan Beach Open Carry Restricted Areas Map..............Exhibit C

Map of The County of Los Angeles............................................Exhibit D

9th Circuit Court of Appeals Order Staying *Peruta v. County of San Diego*,

__ F.3d __, 2014 WL 555862 (9th Cir. Feb. 13, 2014)................................

http://cdn.ca9.uscourts.gov/datastore/general/2014/03/03/10-56971_order.pdf

Florida Department of Agriculture and Consumer Services, Division of Licensing,

Number of Licensees by Type, As of February 28, 2014...............................

http://www.freshfromflorida.com/content/download/7471/118627/Number_of_Lic
ensees_By_Type.pdf

County of Los Angeles Unincorporated Areas.........................................

http://www.lacounty.gov/wps/portal/lac/residents/unincorporated

The Atlantic, September 2011 – The Secret History of Guns by UCLA Law

Professor Adam Winkler...........................................................

http://www.theatlantic.com/magazine/archive/2011/09/the-secret-history-of-
guns/308608/

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the order of the Magistrate Judge (Dkt #162) Charles Nichols, In Pro Per, submits this, his timely Objection and Opposition to the Report and Recommendation (RR) Dkt #162 of the Magistrate Judge (MJ) to the District Court Judge currently assigned to this case - Hon. S. James Otero.  The RR was filed on March 18, 2014 as Dkt #162.

## INTRODUCTION

As a threshold matter the Magistrate Judge (MJ) and Defendant Harris' "[A]rgument reflects a misunderstanding of the Supreme Court's jurisprudence. Facial challenges are disfavored for two reasons. First, when considering "complex and comprehensive legislation," we may not "resolve questions of constitutionality with respect to each potential situation that might develop," especially when the moving party does not demonstrate that the legislation "would be unconstitutional in a large fraction of relevant cases." *Gonzales v. Carhart*, 550 U.S. 124, 167–68 (2007) (internal quotation omitted). Second, facial challenges "often rest on speculation." *Wash. State Grange*, 552 U.S. at 450. Consequently, "they raise the risk of premature interpretations of statutes on the basis of factually barebones records," and "threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner inconsistent with the Constitution." Id. at 450–51. [Plaintiff Nichols'] facial challenge to section[s] [PC 25850, 26350 and 26400] raises neither concern. First, [these] section[s]...[are] not an example of "complex and comprehensive legislation" which may be constitutional in a broad swath of cases. Either [they are a] permissible burden on the Second Amendment right to "keep and bear arms" or [they are] not. Second, unlike the voting scheme at issue in *Washington State Grange*, the constitutionality of [these] section[s]...does not turn on how [Defendant Harris] chooses to enforce [them]. [Each] statute constitutes a flat

1  prohibition on keeping [and bearing arms]…in [the curtilage of Plaintiff's home, in

2  or on his motor vehicle, in or on any attached camper or trailer, and in public

3  places]. On [their] face, [they do] not give courts the opportunity to construe the

4  prohibition[s] narrowly or accord the prohibition[s] "a limiting construction to

5  avoid constitutional questions." Id. at 450."" *Jackson v. City & Cnty. of San*

6  *Francisco*, slip op. No. 12-17803 (9th Cir. Mar. 25, 2014) at pgs 13-14.

7       "Heller indicated that the Second Amendment does not preclude certain

8  "longstanding prohibitions" and "presumptively lawful regulatory measures," such

9  as "prohibitions on carrying concealed weapons…" *Jackson* at pg 8.

10      The MJ construed dicta in a non-binding, as-applied, and currently stayed

11  decision (*Peruta v. County of San Diego*, slip op. No. 10-56971 (9th Cir. Feb. 13,

12  2014)) which explicitly stated that it was not "ruling on the constitutionality of

13  California statutes." Id at [fn 19] to mean that Open Carry, even in Plaintiff's

14  home, falls outside of the scope of the Second Amendment and therefore "rational

15  review" applies to Plaintiff's Second Amendment and equal protection challenges.

16  As the citations to *Jackson* above clearly prove, the MJ and Defendant Harris are

17  clearly in error.

18      "When a statute burdens a fundamental right or targets a suspect class, that

19  statute receives heightened scrutiny under the Fourteenth Amendment's Equal

20  Protection Clause." *Silveira v. Lockyer*, 312 F.3d 1052, 1087 (9th Cir. 2002).

21  Statutes that infringe on fundamental rights are subject to strict scrutiny review…

22  Id. at 1087." *Silvester v Harris*, 2013 WL 6415670 (E.D.Cal. Dec. 9, 2013).

23      "A regulation that threatens a core Second Amendment right is subject to

24  strict scrutiny…" *Silvester v Harris*, 2013 WL 6415670 (E.D.Cal. Dec. 9, 2013).

25      Plaintiff, of course, has plead separate as-applied challenges including to his

26  home, in and on his motor vehicles and in and on any attached camper or trailer as

27  well as numerous others and implicit categorical challenges to the three bans.  The

28  report and recommendation (RR) of the MJ is rife with errors.  Plaintiff will

---

*__Objection & Opposition to Report & Rec__* **- 2 - Charles Nichols v. Edmund G Brown Jr et al**

1  attempt to refute as many as he can in the very limited number of pages allowed in
2  this, his objection and opposition to the RR of the MJ.

3      Furthermore, it is an uncontroverted, undisputed fact that "concealed carry
4  substantially burdens Plaintiff Nichols' ability to defend himself even if he had a
5  concealed carry license." SUF 132. Likewise, "It takes several minutes to load a
6  muzzle-loading revolver" SUF 105 and "It takes many seconds to load a muzzle-
7  loading long gun." SUF 106. Los Angeles County has not changed its CCW
8  policy in light of *Peruta*. Plaintiff Nichols is still not eligible for a CCW license.
9  The Los Angeles County Sheriff does not believe that Peruta is binding and the 9th
10  Circuit Court of Appeals has stayed the appeal of *Thomson v. Torrance Police*
11  *Department, et al* Case No. 2:11-cv-06154-SJO-JC Appellate Case No. 12-56236,
12  pending "a mandate in Peruta v. County of San Diego, 10-5697…" A case in
13  which this very court upheld the highly restrictive CCW policy of the Sheriff.

14      California's "regulatory" scheme taken as a whole has resulted in the
15  destruction of Plaintiff's Second Amendment right to keep and bear arms in the
16  State of California. Granting Plaintiff's MPSJ will partially restore those rights.

17      Mere refusal to "voluntarily" consent to a search in and of itself never
18  constitutes grounds for an arrest. California's "regulatory" scheme is violative of
19  the Fourth Amendment as well. And, of course, a criminal statute enacted based
20  solely on race, even though the language is "race neutral," is facially
21  unconstitutional under the 14th Amendment to the US Constitution.

22

23  ## LINE ITEM OBJECTIONS AND OPPOSITION TO THE REPORT AND
24  ## RECOMMENDATION OF THE MAGISTRATE JUDGE

25      The objections and opposition stated in the Introduction are fully
26  incorporated here, by reference. The format is RR:page #,beginning line # hyphen
27  ending line #. Eg., RR:1,1-3 means page 1, lines 1-3. Multiple pages and line

28

*Objection & Opposition to Report & Rec* - 3 - Charles Nichols v. Edmund G Brown Jr et al

1  numbers are separated with a semicolon. This court should not construe any

2  omission by Plaintiff as a consent to any findings of fact or conclusion of law.

3      RR:1,18-21 – Plaintiff Nichols filed a declination to proceed before the MJ

4  (Dkt. # 16). Defendant Harris did not consent to proceed before the MJ as well,

5  pursuant to 28 U.S.C. § 636. For this reason and for the good cause reasons and/or

6  extraordinary circumstances shown below, or on its own, this court should vacate

7  its referral to Magistrate Judge Segal for further proceedings (Dkt. #108) pursuant

8  to Federal Rule of Civil Procedure 73(b)(3).

9      RR:1,22-28;2,1-28;3,1-11;4,1-6;5,1-5 – The procedural statement of the MJ

10 is incomplete and thus inaccurate. This court has access to all of the filings in this

11 case and it is those full and complete filings, including Plaintiff's objections and

12 the FRCP, FRAP and case law cited in those and this filing that this court should

13 rely upon.

14     RR:3 [fn 1] – "substantively similar" is not the same thing as identical.

15 Defendant Harris filed a second, untimely opposition which the MJ has relied upon

16 in her RR which has prejudiced Plaintiff Nichols. The objection should be granted.

17     RR:3-4 [fn 2] – This court never ruled on the Redondo Beach Defendants

18 filings following Plaintiff's FAC to which Defendant Harris filed a RJN, they

19 remain in dispute. Plaintiff Nichols did not plead nolo contendere to carrying a

20 weapon into a park. According to the city's own municipal code, the protest took

21 place in a location of the city exempted from the "park" ban and the city's own

22 definition of park. That is abundantly clear in Plaintiff's SAC. The MJ is making

23 incorrect findings of fact based on documents filed by a party which was

24 voluntarily dismissed (without prejudice), documents which contain many factual

25 errors, documents which were and are in dispute and which contain personal

26 information which was required to be redacted before filing. These records are rife

27 with errors; they are mistaken in even the simplest of facts (e.g., Plaintiff's height

28 and race). Defendant Harris' RJN should be denied.

*Objection & Opposition to Report & Rec - 4 - Charles Nichols v. Edmund G Brown Jr et al*

RR:5,1-6;5 [fn 4];6,1-2 – Plaintiff's SAC raises as-applied as well as facial challenges and should this court rely on *John Doe No. 1 v. Reed*, __ U.S. __, 130 S. Ct. 2811, 2817 (2010), implicitly categorical challenges as well.

What can be more as-applied to Plaintiff then once Plaintiff Nichols steps outside the door to his home into the curtilage of his home with a loaded or unloaded firearm (other than an antique unloaded firearm) he is in violation of the three laws at issue in his MPSJ even if he does not step one foot outside the curtilage of his home?

Plaintiff has bent over backwards to limit his case to an extremely narrow challenge, unlike *Peruta v. County of San Diego*, __ F.3d __, 2014 WL 555862 (9th Cir. Feb. 13, 2014), should it ever become a binding precedent, invalidates prohibitions on Open Carry, both loaded and unloaded, in far more places than Plaintiff Nichols' MPSJ or SAC seeks.

RR:6,3-17;[fn 5] – The MJ is improperly assuming facts from documents which are in dispute and to which the MJ improperly overruled Plaintiff's filed objection.

RR:7,19-28;8,1-10 – Plaintiff's challenge to California's licensing scheme is in the alternative.  Should Plaintiff prevail in his MPSJ and other claims against Defendant Harris, she can go home and this case be closed without this court having to consider Plaintiff's alternate challenges to the licensing scheme.

RR:8,10-16;9,1-10;10,1-10 – The MJ falsely claims "[T]he only provisions specifically relating to open carry that the SAC squarely addresses concern the population cap on counties that may issue open carry licenses."  The claim is ludicrous and the law is not based on any degree of rural versus urban population density.  This fact was also in the pleadings. Plaintiff's SAC and pleadings speak for themselves.

RR:10,11-23;11,1-28 – Plaintiff's claims are far more numerous and detailed than the "four" truncated, fragmented claims the MJ purports.  Stare Decisis

*Objection & Opposition to Report & Rec - 5 - Charles Nichols v. Edmund G Brown Jr et al*

1 dictates that those rights are guaranteed to Plaintiff in his home and the US

2 Supreme Court has held "[T]he curtilage of the house…enjoys protection as part of

3 the home itself." *Florida v. Jardines*, 133 S. Ct. 1409 - Supreme Court (2013) at

4 1414. As such, the three laws at issue deny these rights to Plaintiff Nichols in his

5 home and are therefore unconstitutional on their face.

6 RR:11 [fn 9] – F.R.C.P 8(a), (a)(2) and (a)(3) states that a pleading (SAC)

7 "[M]ust contain… a short and plain statement of the claim showing that the pleader

8 is entitled to relief; and (3) a demand for the relief sought, which may include

9 relief in the alternative or different types of relief. Plaintiff Nichols filed such a

10 SAC and Defendant Harris filed her Answer to his SAC. Neither the SAC nor

11 Answer is the place where the merits of the case are argued. Defendant Harris and

12 Plaintiff Nichols have argued vagueness in the pleadings far more extensively than

13 the MJ states in [fn 9] which need not be repeated here.

14 RR:12,1-12 – A motion for partial summary judgment is exactly that –

15 Partial. On a procedural note, Plaintiff's Notice of Motion and Motion for Partial

16 Summary Judgment was not limited to the Notice of Motion and the attached

17 memorandum of points and authorities. Therefore Plaintiff's claims are properly

18 before this court via his MPSJ.

19 RR [fn 10] – Plaintiff has always alleged a Fourteenth Amendment

20 challenge to PC 25850 based on race, a suspect classification requiring strict

21 scrutiny. In his SAC not only is race alleged but Plaintiff references publications

22 by Defendant Harris "The documents also contain breakdowns of arrests by race

23 which shows that racial minorities are disproportionately arrested." In her Answer

24 to the SAC, Defendant Harris did not dispute the allegations. Indeed, she said the

25 publications speak for themselves. Defendant Harris acknowledged her defeat on

26 this Fourteenth Amendment allegation when she tried to defend the racist intent of

27 the legislation by arguing that the Second Amendment condones race based

28 criminal bans on the bearing of arms – "Some scholars even posit that the

1   Founding Fathers championed the Second Amendment, which Nichols invokes as
2   a weapon against allegedly racist laws, to try to legitimize Southern citizen "slave
3   patrols" that terrorized enslaved African-Americans, and thereby to entice
4   Southern states to support the U.S. Constitution." *Defendant Harris' MPA in*
5   *opposition to Plaintiff Nichols' MPSJ* at page 14, lines 12-16. Dkt #140.

6       RR:12,13-23;13,1-11 – In the literally hundreds of pages of Plaintiff's MPSJ
7   including exhibits attached and by reference the MJ purports to only find "three
8   general arguments." That is outrageous. This court should vacate its referral to
9   Magistrate Judge Segal for further proceedings (Dkt. #108) pursuant to Federal
10  Rule of Civil Procedure 73(b)(3) and disregard the RR filed by the MJ.

11      RR [fn 11] – The MJ says she is confused as to why the lack of self-defense
12  exceptions in the "plain text" of the three bans at issue in and of themselves
13  warrant their being overturned despite Plaintiff's extensive arguments as to
14  "Why?" in the pleadings. Perhaps this short explanation will suffice? From
15  *United States v. L. Cohen Grocery Co.*, 255 US 81 - Supreme Court (1921) to
16  *Coates v. Cincinnati*, 402 US 611 - Supreme Court (1971) to *District of Columbia*
17  *v. Heller*, 128 S. Ct. 2783 - Supreme Court (2008) to *McDonald v. City of Chicago,*
18  Ill., 130 S. Ct. 3020 - Supreme Court (2010) the US Supreme Court has struck
19  down laws because they were facially invalid for exactly that kind of defect.

20      RR:15, 1-24 – Plaintiff has already stated the standards for an MPSJ in his
21  MPSJ.

22      RR:15,28-28;16,1-28;17,1-9 – Plaintiff has already objected to the RR
23  allowing the RJN and explained the effect and consequences of the MJ doing so.

24      RR:17,10-28;18:1-7 – Plaintiff's facial challenge has been extensively
25  argued in the pleadings. *Heller, McDonald, Moore* were all facial challenges
26  under the Second Amendment which succeeded in overturning laws which were
27  not invalid in the interpretation of *Salerno* of the MJ. Indeed, Plaintiff's Notice of
28  Supplemental Authority to *Patel v. City of Los Angeles*, Court of Appeals, 9th

*Objection & Opposition to Report & Rec - 7 - Charles Nichols v. Edmund G Brown Jr et al*

1   Circuit No. 08-56567 en banc (filed Dec. 24 2013) should have clarified that

2   *Salerno's* "no set of circumstances" does not mean what the MJ thinks it means.

3   *Jackson*, as noted, permits facial challenges far less encompassing than this court's

4   and the MJ interpretation of "facial."

5          The citation to *United States v. Stevens*, 559 U.S. 460, 472 (2010) does not

6   support the RR as the bans at issue prohibit only constitutionally protected conduct

7   by only those persons who fall within the scope of the Second and Fourth

8   Amendment protections and clearly "lacks any 'plainly legitimate sweep.'" Id.

9          RR:18:8-28 – Plaintiff never contended that the Second Amendment confers

10  a "blanket right."

11         RR:19:1-26 – *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) is the

12  binding prior panel decision on Plaintiff's MPSJ and is binding on all subsequent

13  9th Circuit decisions until overruled en banc or by the US Supreme Court.

14         RR:19-20 [fn 12] – Wrong!  The *Chovan* court held that where the person

15  falls outside of the scope of the Second Amendment, intermediate scrutiny applies

16  in some cases and "[T]hat rational basis review is not appropriate. See *Heller*, 554

17  U.S. at 628 n. 27, 128 S.Ct. 2783 ("If all that was required to overcome the right to

18  keep and bear arms was a rational basis, the Second Amendment would be

19  redundant with the separate constitutional prohibitions on irrational laws, and

20  would have no effect.")…we reject rational basis review and conclude that some

21  sort of heightened scrutiny must apply." Id at 1137.  Plaintiff Nichols is not a

22  prohibited person.  At a minimum, strict scrutiny applies to all of his claims.

23         RR:20:1-23 – Neither Defendant Harris nor Plaintiff Nichols filed a notice

24  of supplemental authority to *Peruta v. County of San Diego*, __ F.3d __, 2014 WL

25  555862 (9th Cir. Feb. 13, 2014).  Neither Plaintiff Nichols nor Harris' attorney

26  believes that *Peruta* is currently binding on Plaintiff Nichols' case at this time.

27  The order staying the mandate was filed on February 28, 2014.

28  http://cdn.ca9.uscourts.gov/datastore/general/2014/03/03/10-56971_order.pdf

---

*Objection & Opposition to Report & Rec - 8 - Charles Nichols v. Edmund G Brown Jr et al*

RR:21:1-28;22,1-22; [fn 14] – In the highly unlikely case that *Peruta* ever becomes binding on Plaintiff Nichols' case, the decision is anything but "fatal" to the Second Amendment parts of Plaintiff's case.

The *Peruta* Court explicitly said that it was NOT upholding the constitutionality of any state law. "The dissent curiously misinterprets our opinion as ruling on the constitutionality of California statutes. We decline to respond to its straw-man arguments." Id at [fn 19].

"[I]f a challenged law does not implicate a core Second Amendment right, or does not place a substantial burden on the Second Amendment right, we may apply intermediate scrutiny. See, e.g., *Chovan*, 735 F.3d at 1138–39; cf. *Heller v. District of Columbia* (Heller II), 670 F.3d 1244, 1257 (D.C. Cir. 2011) ("[A] regulation that imposes a substantial burden upon the core right of self-defense protected by the Second Amendment must have a strong justification, whereas a regulation that imposes a less substantial burden should be proportionately easier to justify.")." *Jackson v. San Francisco*, slip op. No. 12-17803 (9th Cir. Mar. 25, 2014) at pg 12.

The challenged bans and California's overall "regulatory" scheme implicate core Second Amendment rights and place a substantial burden on the Second Amendment right, therefore intermediate scrutiny is not allowed in this case even if Defendant Harris had met her intermediate scrutiny burden as defined in *Chovan* which she clearly did not.

The carrying of long guns was not at issue in *Peruta*. Indeed, not only was the carrying of long guns never mentioned in the case, the decision presumed that long guns did not exist. Under California law it is legal to openly carry unloaded antique handguns and long guns (which include modern firing reproductions) in all incorporated cities, counties and "city and county" as they are exempt from the unloaded Open Carry bans.

"[T]he carrying of concealed weapons may be absolutely prohibited without the infringement of any constitutional right, while a statute forbidding the bearing

1  of arms openly would be such an infringement." *Peruta v. County of San Diego*,
2  slip op. No. 10-56971 (9th Cir. Feb. 13, 2014) at pg 26.

3      "To be clear, we are not holding that the Second Amendment requires the
4  states to permit concealed carry." *Peruta v. County of San Diego*, slip op. No. 10-
5  56971 (9th Cir. Feb. 13, 2014) at pg 61.

6      The "preference" of the California Legislature is that firearms be carried
7  openly without a permit as even an antique handgun carried concealed requires a
8  permit with few exceptions the *Peruta* court found to not be meaningful.

9      As has been previously briefed, there is a blanket ban on concealed carry
10 throughout the state of California, even in one's home. Concealed carry is by
11 statutory exception. There is no analogous ban for Open Carry. Open Carry is by
12 default legal everywhere throughout the state of California. At issue in this case
13 are those parts of incorporated cities and unincorporated county territory where
14 hunters are exempt from the bans and, of course, Plaintiff Nichols' private
15 residence and motor vehicles. That is hardly a "broad challenge" into which the
16 MJ thinks she can inflate Plaintiff's case.

17     It is the *Peruta* case which was broad. Had the *Peruta* court (more likely
18 law clerks) bothered to read the *Peruta* Appellants Opening Brief, they would have
19 discovered in that brief that appellants "warned" the court that failure to grant the
20 relief the plaintiffs requested would result in invalidating California Penal Code
21 section 626.9 (PC 626.9) the California Gun-Free School Zones Act of 1995.

22     Although the manner of carrying a concealable firearm is restricted to either
23 concealed or Open Carry, the holder of a CCW license is exempt from the PC
24 626.9 prohibitions on the carrying of firearms, not just concealable ones. See PC
25 626.9(c)(4). Not only is the holder of a CCW permitted to carry a loaded or
26 unloaded handgun (concealed or openly depending upon his license) he can openly
27 carry long guns on every California State university and college campus and within

28

*Objection & Opposition to Report & Rec - 10 - Charles Nichols v. Edmund G Brown Jr et al*

1,000 feet of a K-12 public or private school regardless of whether or not they are located within an incorporated city or an unincorporated county.

Given that Plaintiff Nichols does not have a CCW, he is restricted to openly carrying unloaded long guns in the K-12 school zones in unincorporated county territory and unloaded antique long guns in the K-12 school zones in incorporated cities. Outside of those restricted areas he is free to openly carry an unloaded antique handgun and unloaded antique long gun in incorporated cites as well and in unincorporated county territory.  In unincorporated county territory where the discharge of a firearm is prohibited, Plaintiff Nichols can openly carry an unloaded long-gun, including within 1,000 feet of a K-12 public or private school pursuant to PC 626.9.

A CCW holder is also exempt from the prohibitions on carrying a concealable loaded weapon in most of California's state and local government buildings. See PC 171b which includes the unloaded Open Carry of handguns and long guns as that was one of the exemptions to AB 144 & AB 1527.  Loaded handguns must still be carried in a manner pursuant to the CCW license (concealed or openly) and PC 171b.

Schools and government buildings are "sensitive places" under Heller where the bearing of arms can be prohibited.  Had PC 626.9 been at issue in this case, Defendant Harris would undoubtedly have argued that the 1,000 feet from a K-12 public or private school are sensitive places as well.

Should the *Peruta* decision ever become binding, the *Peruta* Court, in addition to an "opposite world" reading of Heller's embracement of the long-standing prohibitions on concealed carry, results in the "shall-issue" of CCWs enabling virtually everyone to carry loaded concealed firearms and long guns very nearly everywhere in the state.  Florida, with half the population of California, has over 1.2 million CCW licenses issued as of 2/28/2014 ->

1  http://www.freshfromflorida.com/content/download/7471/118627/Number_of_Lic
2  ensees_By_Type.pdf

3      Perhaps the MJ overlooked the Gun-Free School Zone Map of the City of
4  Redondo Beach which was included in the pleadings?  No matter, it is attached to
5  this document as Exhibit A as are the "Open Carry" maps from the City of
6  Hermosa Beach (Exhibit B) -> http://www.hermosabch.org/index.aspx?page=200
7  and the City of Manhattan Beach (Exhibit C) ->
8  http://www.citymb.info/home/showdocument?id=7103

9      These cities have relatively few K-12 schools and no university or college
10 campuses and yet one can plainly see that there is very little public place left where
11 one can carry even an unloaded antique handgun without a CCW whereas those
12 with a CCW can carry a modern loaded firearm virtually everywhere.

13     If this court believes that *Peruta* is binding, that the state must permit the
14 carrying of loaded firearms but is allowed to determine the manner of carrying of
15 firearms in public then let us take a look at the ramifications in a County that is not
16 fully incorporated – Los Angeles County – Exhibit D ->
17 http://ceo.lacounty.gov/forms/08%20Map%20&%20Cities.pdf

18     More than 65 percent of Los Angeles County -- 2,653.5 square miles --  is
19 unincorporated.  1 million people live in those areas ->
20 http://www.lacounty.gov/wps/portal/lac/residents/unincorporated

21     "Los Angeles County Municipal Code 13.66.010 Use of weapons permitted
22 when.
23 This chapter, except as otherwise provided in this Part 1, does not prohibit the
24 discharge of any rifle, shotgun, pistol, revolver or firearm of any kind, or the
25 shooting of any arrow or other missile, when necessary so to do to protect life or
26 property, or to destroy or kill any predatory or dangerous animal.
27 (Ord. 7730 § 1, 1960: Ord. 7381 § 1 (part), 1958: Ord. 1769 Art. 3 § 302, 1929.)"

28

*Objection & Opposition to Report & Rec - 12 - Charles Nichols v. Edmund G Brown Jr et al*

1    Take a look at Exhibit D. If *Peruta* is binding on this case then it becomes
2  legal to openly carry loaded and unloaded handguns and long guns without a
3  permit in all of those unincorporated areas shaded gray (as described above).  One
4  of those gray areas is just a few blocks from where Plaintiff Nichols lives which
5  was mentioned in the pleadings.  *Peruta* magnifies that particular 14th Amendment
6  equal protection claim of Plaintiff 1 million fold in Los Angeles County alone.
7  Contrary to the conclusion of the MJ that Second Amendment equal protection
8  claims are subject to rational review, they are subject to strict scrutiny pursuant to
9  *Chovan*.  Of course, crossing an invisible line just a few blocks from his home on
10 one side of which it is legal to openly carry a loaded, modern firearm and on the
11 other side (where Plaintiff lives) being restricted to carrying an unloaded antique
12 does not survive rational review, even if *Heller, McDonald, Chovan, Peruta* or
13 *Jackson* allowed rational review which they clearly do not.

14    It is obvious that *Peruta* brought the "broad based" challenge, not Plaintiff
15 Nichols.

16    *Peruta* did not apply *Chovan's* historical analysis and by doing so created an
17 in-circuit split as well as a circuit split with every single Federal Court which has
18 had a concealed carry case come before it, not to mention every single state court
19 of appeals. "Rather than employing the straightforward methodology prescribed by
20 *Chovan*, the majority wanders off in a different labyrinthian path, both in its
21 analysis of the Second Amendment right at issue and its analysis of the
22 government regulation in question. In doing so, it conflicts with the instruction of
23 the Supreme Court, the holdings of our sister circuits, and our own circuit
24 precedent." *Peruta* slip op. No. 10-56971 (9th Cir. Feb. 13, 2014) at 101
25 (THOMAS, Circuit Judge, dissenting).

26    The *Peruta* Court itself acknowledges that those 19th Century cases stood for
27 the proposition that concealed carry fell outside the scope of the Second
28 Amendment at the time of ratification of the 14th Amendment.  *Peruta*

---

*Objection & Opposition to Report & Rec* - **13** - **Charles Nichols v. Edmund G Brown Jr et al**

1   reinterpreted those decisions to apply to what it perceived to be a modern

2   preference for the concealed carry of handguns over the open carry of handguns in

3   California.

4        "California, through its legislative scheme, has taken a different course than

5   most nineteenth-century state legislatures, expressing a preference for concealed

6   rather than open carry." *Peruta* slip op. No. 10-56971 (9th Cir. Feb. 13, 2014) at

7   55-56.  That "legislative scheme" is of course very recent as the bans on openly

8   carrying unloaded, modern firearms did not go into effect until January 1st of

9   2012/2013.  It has already been plead that at the time of ratification of the 14th

10  Amendment, California had a blanket ban on the carrying of concealed weapons

11  excepting no one, not even police, except for travelers while actually on a journey.

12       This Court is bound under *Heller, McDonald* and the prior panel decision in

13  *Chovan* as to what the Framers of the Second and Fourteenth Amendment

14  understood the Second Amendment right to mean.

15       The Second Amendment, as historically understood, did not stand for the

16  proposition that there was only a right to carry weapons concealed and *Peruta*,

17  unlike the MJ, did not reach that conclusion.

18       RR:23,1-6 – Nowhere does the *Peruta* Court say that rational basis review

19  applies to any law under the Second Amendment.  At several points it states that

20  rational review cannot, per Heller, be applied "Excluding, of course, rational basis

21  review. See *Heller*, 554 U.S. at 628 n.27." *Peruta* slip op. No. 10-56971 (9th Cir.

22  Feb. 13, 2014) at fn 14.  *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012) involved

23  the unloaded open carry of firearms, modern and antique, without a permit in a

24  government building on the Alameda County Fairgrounds.  During the final en

25  banc hearing the County of Alameda "discovered" an exception to its ordinance

26  allowing the open carrying of unloaded firearms at that location without a permit.

27  Defendant Harris has not "discovered" any exception other than the "grave,

28

*Objection & Opposition to Report & Rec - 14 - Charles Nichols v. Edmund G Brown Jr et al*

1    immediate danger" exception which the *Peruta* court said failed to pass

2    constitutional muster.

3         Plaintiff Nichols is not seeking to carry any firearm in any government

4    building and is prevented from carrying loaded firearms and unloaded modern

5    firearms in even the curtilage of his home.

6         RR:23,6-25 – Given that *Heller*, *McDonald*, *Chovan* and even *Peruta* all

7    reject "rational review" it is not necessary to respond to the Constitutionally

8    precluded rational basis review the MJ now undertakes except to say that Plaintiff

9    has argued in his SAC and other pleadings that the challenged laws do not survive

10   even the rational basis test.

11        RR:23 [fn 15] – That should be construed as granting Defendant Harris'

12   objections to Plaintiff's notices of supplemental authority to which Plaintiff here

13   again objects.

14        RR:24,1-28;25,1-16;26,1-8 – The *Peruta* Court did NOT find that Open

15   Carry is Constitutionally illegal in California as previously noted.  The MJ applies

16   rational review which is precluded as noted above, precluded even by *Peruta*

17   which the MJ believes is a silver bullet against Plaintiff's case.

18        RR:25 [fn 17] – As even the *Peruta* court acknowledged these "exceptions"

19   do not pass constitutional muster.  "Thus, the question is not whether the California

20   scheme (in light of San Diego County's policy) allows some people to bear arms

21   outside the home in some places at some times; instead, the question is whether it

22   allows the typical responsible, law-abiding citizen to bear arms in public for the

23   lawful purpose of self-defense. The answer to the latter question is a resounding

24   "no." *Peruta* slip op. No. 10-56971 (9th Cir. Feb. 13, 2014) at 49.

25        RR:26 [fn 18]  A criminal law being race-neutral in the plain text reading

26   does NOT mean that it is constitutional.  This point was extensively argued in the

27   pleadings.  The sole motivating factor in enacting the law was race. Defendant

28   Harris conceded that point when she argued "Some scholars even posit that the

---

*Objection & Opposition to Report & Rec* - 15 - Charles Nichols v. Edmund G Brown Jr et al

1  Founding Fathers championed the Second Amendment, which Nichols invokes as
2  a weapon against allegedly racist laws, to try to legitimize Southern citizen "slave
3  patrols" that terrorized enslaved African-Americans, and thereby to entice
4  Southern states to support the U.S. Constitution." *Defendant Harris' MPA in*
5  *opposition to Plaintiff Nichols' MPSJ* at page 14, lines 12-16. Dkt #140.

6      This court will no doubt divine some other motive not reflected either in the
7  legislative record or the extensive excerpts from the bill which enacted the ban
8  Plaintiff Nichols submitted into the record and incorporated by reference in his
9  MPSJ.  In which case, Plaintiff Nichols has already proven by more than a
10  preponderance of the evidence "that racial discrimination was a substantial or
11  motivating factor in the adoption of [PC 25850]" *Hunter v. Underwood*, 471 US
12  222 - Supreme Court (1985) at 225 and that Defendant Harris has failed to submit
13  even the slightest shred of "evidence that the same decision would have resulted
14  had the impermissible purpose not been considered." 730 F. 2d, at 617." Id at 225.

15      RR:26, 9-25;27,1-15 – As previously noted, and extensively argued in the
16  pleadings, Plaintiff Nichols has always asserted a 14th Amendment challenge.  It
17  has been argued since his case was first filed and the allegations are both in his
18  SAC and in his MPSJ.

19      RR:27,16-28;28,1-28;29,1-23;30,1-3 – There are no doubt many reasons
20  why this court is not allowed to take judicial notice of documents which are in
21  dispute and presume facts from those disputed documents.  This case is one of
22  those reasons.  The MJ presumes that Plaintiff Nichols is "White" when he is in
23  fact of mixed race and Plaintiff has already proven by more than a preponderance
24  of the evidence that PC 25850 is disproportionately enforced against all minorities
25  be they "Black," "Hispanic" or "Other".  Plaintiff will file a declaration stating that
26  he is of mixed race which will satisfy any standing defect perceived by the MJ.

27      RR:29 [fn 19] The evidence that Plaintiff Nichols has submitted clear and
28  convincing evidence that race was the sole motivating factor.  What more is he

*Objection & Opposition to Report & Rec - 16 - Charles Nichols v. Edmund G Brown Jr et al*

1   required to submit?  To this day, race is the acknowledged motivating factor in the

2   enactment of the ban as UCLA Law Professor Adam Winkler so eloquently

3   described here -> http://www.theatlantic.com/magazine/archive/2011/09/the-

4   secret-history-of-guns/308608/

5        RR:30,4-18;31-35,1-24 – The MJ now attempts to erase the Fourth

6   Amendment from the Constitution relying primarily on *People v. Delong*, 11 Cal.

7   App. 3d 786, 791-92 (1970) and, of course, *Salerno*, ignoring Plaintiff's in-home,

8   motor vehicle and firearms Plaintiff is still not prohibited from carrying in public

9   challenges to the laws, to name a few.

10       In *Delong*, "Appellant was not charged with violation of any firearm statute,

11  but with the possession of marijuana." Id at 790.  Possession of marijuana was

12  illegal in 1970.  *Delong* also said "Since the statutes relating to inspection of the

13  firearms are essentially the same, it is not necessary to discuss the applicability of

14  the one or the other of the statutes."  Putting aside the 4[th] Amendment infirmities of

15  this 44 year old decision, the right to keep and bear arms is fundamental.

16  Marijuana possession is not or at least was not at the time.  Fourth Amendment

17  cases are fact-based.  This differentiates *Delong* from Plaintiff's case.

18       Given that the MJ is allowed an unlimited number of pages to make her case

19  and Plaintiff is limited to 20 in this objection, he refers this court to his notice of

20  supplemental authority regarding *Patel v. City of Los Angeles*, Court of Appeals,

21  9th Circuit No. 08-56567 (filed December 24, 2013) Dkt # 150 which has attached

22  a true and complete copy of the decision.  Plaintiff also refers this court to the

23  pleadings in his case in which the distinctions, which the MJ conveniently omits in

24  her RR, are well pleaded.

25       More importantly, the MJ misstates Plaintiff's challenges to PC25850(b).  It

26  is the mere refusal to "voluntarily consent" to the search which results in the

27  criminal conduct and the violation of the 4th Amendment, even in places where

28  Plaintiff submits he has an undisputed right to carry a firearm, such as his home

*Objection & Opposition to Report & Rec - 17 - Charles Nichols v. Edmund G Brown Jr et al*

and in those public places where the carrying of at least some firearms (antiques) is not prohibited. It is this which makes this subsection facially invalid under *Fuentes*, *Patel*, and *Arizona v. Hicks*, 480 US 321 - Supreme Court (1987) to name but a few.

Perhaps a Norman Rockwell example will simplify things for this court? Suppose Plaintiff Nichols is setting on his front porch in a rocking chair with a single barrel, single shot shotgun in his lap and perhaps the obligatory hound-dog is asleep at his side. A police officer passing by sees Plaintiff, enters his yard, which the California Courts have construed to be a "public place" and demands that Plaintiff hand over his shot-gun for inspection to see if it is loaded. Plaintiff inquires of the police officer if he has a warrant, probable cause or any exigent circumstance? The police officer says he does not and does not need any of the above because PC 25850(b) "authorizes" him to inspect the firearm to see if it is loaded and if plaintiff does not "voluntarily" consent to the search and seizure of his firearm then he will be arrested. If Plaintiff says he will not consent to the search and seizure he is in violation of the law even if he says he will not physically resist the police officer from taking the firearm from his person.

And don't forget, this particular subdivision does not require that police officers inspect every firearm they see, it leaves police officers with the unbridled discretion of choosing whom they will and will not search. As the record shows, by a three to one margin they choose minorities over Whites, which was the sole purpose of the subdivision in the first place.

RR:35,25-28;36,1-3 – Defendant Harris has failed to raise any triable issues of fact but if this court adopts certain sections of the RR hostile to Plaintiff's case then it appears that a jury trial will be necessary. For example, the MJ claims she is unable to discern a racial motivation for enacting the Black Panther Loaded Open Carry ban. Plaintiff is certain that a racially representative jury from the County of Los Angeles will find the racist intent of PC 25850 invisible to the MJ.

*Objection & Opposition to Report & Rec* **- 18 - Charles Nichols v. Edmund G Brown Jr et al**

1    RR:36-44 -  There are several procedural bars to this court accepting the RR,

2  not the least of which are: Defendant Harris has filed two concurrent oppositions to

3  Plaintiff Nichols' Motion for Partial Summary Judgment (MPSJ); the Complaint

4  raises issues of fact which if proved (before a jury trial if need be) would support

5  the granting of the relief requested by Plaintiff (regardless of whether or not this

6  court believes Plaintiff will succeed at trial);  the uncontested factual allegations

7  compel a denial of Defendant Harris' MJP and compel granting Plaintiff Nichols'

8  MPSJ; matters outside of the pleadings were presented to the MJ by Defendant

9  Harris and to which the MJ relied upon in reaching her conclusions; if not

10  excluded by this court, Harris' MJP is converted into a Rule 56 Motion for

11  Summary Judgment;  FRCP 12(d) provides that when a court converts a MJP into

12  a MSJ it shall provide "all parties…reasonable opportunity to present all the

13  material that is pertinent to the motion."; failure to provide actual notice of the

14  courts intent to convert the MJP prejudices Plaintiff Nichols; This court "must

15  "draw all reasonable inferences in favor of the non-movant" in addressing a Rule

16  12(c) motion, *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), cert. denied, ___

17  U.S. ___, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994), and "[t]his standard is `applied

18  with particular strictness when the plaintiff complains of a civil rights violation,'"

19  id." *Shechter v. Comptroller of City of New York*, 79 F. 3d 265 - Court of Appeals,

20  2nd Circuit (1996) at 270.

21    "To survive a motion to dismiss, a complaint must contain sufficient factual

22  matter, accepted as true, to `state a claim to relief that is plausible on its face.'"

23  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

24  (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is facially plausible

25  "when the plaintiff pleads factual content that allows the court to draw the

26  reasonable inference that the defendant is liable for the misconduct alleged." Id. at

27  678, 129 S.Ct. 1937." *Somers v. Apple, Inc.*, 729 F. 3d 953 - Court of Appeals, 9th

28  Circuit (2013) at 959-960.

1        This is not the first Rule 12 motion to come before this court and this court
2   is well aware of the legal requirements for granting a Rule 12 motion.  In her 44
3   page RR the MJ fails to state why any perceived defects cannot be cured by
4   amendment, supplemental pleadings or declarations.  For that reason alone, the
5   MJP and the dismissal with prejudice must be denied.
6        The MJ improperly converted Plaintiff's MPSJ into a solely facial MSJ and
7   continued her analysis based on a misinterpretation of *Peruta* applying "rational
8   review" and a broader interpretation of *Salerno* than Patel allows and which
9   *Jackson* now forbids.

## CONCLUSION

11       Because of the reasons stated above and herein this court is compelled to:
12  disregard the Report and Recommendation by the Magistrate Judge, deny the MJP
13  by Defendant Harris and to grant Plaintiff Nichols' motion for partial summary
14  judgment.  This court should hold that Plaintiff has a right to openly carry loaded
15  & unloaded firearms, both antique and modern, in those places where Plaintiff is
16  not prohibited from openly carrying unloaded antiques and hunters are exempt.

18       "Constitutional rights are enshrined with the scope they were understood to
19  have when the people adopted them, whether or not future legislatures or (yes)
20  even future judges think that scope too broad." *Heller* at 2821.

22  Dated: March 28, 2014           Respectfully submitted,

23

24                          By: Charles Nichols
                        PLAINTIFF in Pro Per
25                          PO Box 1302
                        Redondo Beach, CA  90278
26                          Voice: (424) 634-7381
                        EMail:CharlesNichols@Pykrete.info

28  ///

*Objection & Opposition to Report & Rec - 20 - Charles Nichols v. Edmund G Brown Jr et al*

"EXHIBIT A"



EXHIBIT A

"EXHIBIT B"



City of *Hermosa Beach*

# Open Carry Map

EXHIBIT B

# "EXHIBIT C"



"EXHIBIT D"

## Map of The County of Los Angeles



# The 88 Cities in the County of Los Angeles

| City Name | Supervisorial District | City Name | Supervisorial District |
|---|---|---|---|
| Agoura Hills | 3 | La Verne | 5 |
| Alhambra | 5 | Lawndale | 2 |
| Arcadia | 5 | Lomita | 4 |
| Artesia | 4 | Long Beach | 4 |
| Avalon | 4 | Los Angeles | 2,4 |
| Azusa | 1 | Lynwood | 2 |
| Baldwin Park | 1 | Malibu | 3 |
| Bell | 1 | Manhattan Beach | 4 |
| Bell Gardens | 1 | Maywood | 1 |
| Bellflower | 4 | Monrovia | 5 |
| Beverly Hills | 3 | Montebello | 1 |
| Bradbury | 5 | Monterey Park | 1 |
| Burbank | 5 | Norwalk | 4 |
| Calabasas | 3 | Palmdale | 5 |
| Carson | 2 | Palos Verdes Estates | 4 |
| Cerritos | 4 | Paramount | 4 |
| Claremont | 1 | Pasadena | 5 |
| Commerce | 1 | Pico Rivera | 1 |
| Compton | 2 | Pomona | 1 |
| Covina | 5 | Rancho Palos Verdes | 4 |
| Cudahy | 1 | Redondo Beach | 4 |
| Culver City | 2 | Rolling Hills | 4 |
| Diamond Bar | 4 | Rolling Hills Estates | 4 |
| Downey | 4 | Rosemead | 1 |
| Duarte | 5 | San Dimas | 5 |
| El Monte | 1 | San Fernando | 3 |
| El Segundo | 4 | San Gabriel | 5 |
| Gardena | 2 | San Marino | 5 |
| Glendale | 5 | Santa Clarita | 5 |
| Glendora | 5 | Santa Fe Springs | 4 |
| Hawaiian Gardens | 4 | Santa Monica | 3 |
| Hawthorne | 2 | Sierra Madre | 5 |
| Hermosa Beach | 4 | Signal Hill | 4 |
| Hidden Hills | 3 | South El Monte | 1 |
| Huntington Park | 1 | South Gate | 1 |
| Industry | 1 | South Pasadena | 5 |
| Inglewood | 2 | Temple City | 5 |
| Irwindale | 1 | Torrance | 4 |
| La Canada-Flintridge | 5 | Vernon | 1 |
| La Habra Heights | 4 | Walnut | 1 |
| Lakewood | 4 | West Covina | 1 |
| La Mirada | 4 | West Hollywood | 3 |
| Lancaster | 5 | Westlake Village | 3 |
| La Puente | 1 | Whittier | 4 |

## CERTIFICATE OF SERVICE

On this, the 31th day of March, 2014, I caused to be served a copy of the foregoing **PLAINTIFF NICHOLS' OBJECTION AND OPPOSITION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [Dkt #162]** by US Mail on:

Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-1071 (fax)
jonathan.eisenberg@doj.ca.gov
LEAD ATTORNEY / ATTORNEY TO BE NOTICED representing Kamala D Harris (Defendant).

Executed this the 31th day of March, 2014 in Los Angeles County by:

Charles Nichols