1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHARLES NICHOLS,                    Case No. CV 11-9916 SJO (SS)

12            Plaintiff,

13       v.                              **ORDER ACCEPTING FINDINGS,**

                                         **CONCLUSIONS AND**
14   KAMALA D. HARRIS, in her
     official capacity as Attorney       **RECOMMENDATIONS OF**
15   General of California,
                                         **UNITED STATES MAGISTRATE JUDGE**
16            Defendant.

17

18

19       Pursuant to 28 U.S.C. § 636, the Court has reviewed the

20   Second Amended Complaint, all the records and files herein, the

21   Report and Recommendation of the United States Magistrate Judge,

22   Plaintiff's Objections, and Defendant's Response to Plaintiff's

23   Objections.   After having made a de novo determination of the

24   portions of the Report and Recommendation to which Objections

25   were directed, the Court concurs with and accepts the findings

26   and conclusions of the Magistrate Judge.   In addition, the Court

27   will address certain arguments raised by Plaintiff in his

28   Objections.

1        Plaintiff asserts that the Ninth Circuit's recent decision

2   in Peruta v. County of San Diego, 742 F.3d 1144 (9th Cir. 2014),

3   has been "stayed" and is neither binding on this Court nor

4   relevant to his claims.  (Obj. at 8).  Plaintiff is mistaken.

5

6        On February 28, 2014, the Ninth Circuit stayed the issuance

7   of the mandate in Peruta pending briefing and a decision on a

8   motion for rehearing en banc.  See Peruta v. County of San Diego,

9   9th Cir. Case No. 10-56971 (Dkt. No. 126, entered Feb. 28, 2014)

10  (order extending time for filing petition for rehearing en banc

11  and staying mandate).  However, entry of the mandate is merely a

12  "ministerial act," White v. Klitzkie, 281 F.3d 920, 924 n.4 (9th

13  Cir. 2002), that "formally marks the end of appellate

14  jurisdiction." Northern California Power Agency v. Nuclear

15  Regulatory Com'n, 393 F.3d 223, 224 (D.C. Cir. 2004) (internal

16  quotation marks omitted).  A panel decision of the Ninth Circuit

17  is binding on lower courts as soon as it is published, even

18  before the mandate issues, and remains binding authority until

19  the decision is withdrawn or reversed by the Supreme Court or an

20  en banc court.  See, e.g., Gonzalez v. Arizona, 677 F.3d 383, 389

21  n.4 (9th Cir. 2012) (en banc) ("[A] published decision of this

22  court constitutes binding authority which 'must be followed

23  unless and until overruled by a body competent to do so.'")

24  (quoting Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001));

25  United States v. Gomez-Lopez, 62 F.3d 304, 306 (9th Cir. 1995)

26  ("The government first urges us to ignore Armstrong since we have

27  stayed the mandate to allow filing of a petition for certiorari;

28  this we will not do, as Armstrong is the law of this circuit.");

1  Castillo v. Clark, 610 F. Supp. 2d 1084, 1122 n.17 (C.D. Cal.

2  2009) ("Although the Ninth Circuit has granted a stay of the

3  mandate in Butler, the panel decision remains the law of the

4  Circuit."). Indeed, three weeks after the stay in Peruta issued,

5  the Ninth Circuit vacated a district court decision in another

6  matter and remanded the case "for further proceedings consistent

7  with Peruta." See Baker v. Kealoha, __ Fed. Appx. __, 2014 WL

8  1087765 at *1 (9th Cir. Mar. 20, 2014). As of the date of this

9  Order, Peruta remains binding precedent on this Court.

10

11      Plaintiff further appears to misinterpret the import of the

12  Peruta court's clarification in footnote 19 that it was not

13  "ruling on the constitutionality of California statutes." (Obj.

14  at 2) (quoting Peruta, 742 F.3d at 1173 n.19). This footnote is

15  part of the discussion in which the Ninth Circuit explained that

16  because the Second Amendment does not protect any particular mode

17  of carry, a claim that a state must permit a specific form of

18  carry, such as open carry, fails as a matter of law. See id. at

19  1172-73 ("As the California legislature has limited its

20  permitting scheme to concealed carry -- and has thus expressed a

21  preference for that manner of arms-bearing -- a narrow challenge

22  to the San Diego County regulations on concealed carry, rather

23  than a broad challenge to the state-wide ban on open carry, is

24  permissible."). Accordingly, Peruta did not rule on the overall

25

26

27

28

1

2   constitutionality of California statutes because it accepted the

3   lawfulness of California's firearms regime, including the state's

4   preference for concealed carry over open carry.  Id. at 1172.

5

6       Plaintiff suggests that the Ninth Circuit's recent decision

7   in Jackson v. City and County of San Francisco, __ F.3d __, 2014

8   WL 1193434 (9th Cir. Mar. 25, 2014), is helpful to his case as he

9   opens his Objections with a lengthy quotation from that decision.

10  (See Obj. at 1-2) (quoting Jackson, 2014 WL 1193434 at *4-5).

11  However, Plaintiff does not explain why the passages he quotes

12  support his claims.  The Jackson court found that two San

13  Francisco Police Code regulations that prohibit the unsecured

14  storage of handguns in residences and the sale of "hollow point"

15  ammunition passed constitutional muster.  Id. at *1.  In the

16  passages quoted by Plaintiff, the court determined that the

17  plaintiff could bring a facial challenge to section 4512, which

18  requires that handguns in residences be stored in a locked

19  container, disabled with an approved trigger lock, or carried on

20  the person over the age of 18, despite the Jackson plaintiff's

21  concession that locked storage is appropriate in some

22  circumstances.  Id. at *5.  Again, as Plaintiff has failed to

23  articulate in his Objections why he believes Jackson changes the

24  outcome here, the Objections do not alter the Court's ultimate

25  resolution of Plaintiff's claims.

26  \\

27  \\

28

4

1    Finally, Plaintiff asserts that he does in fact have
2 standing to assert an equal protection challenge to California
3 Penal Code Section 25850 due to its allegedly racist origin and
4 application because contrary to the criminal complaint on which
5 the Magistrate Judge relied, he is not white but of "mixed race"
6 heritage.  (Obj. at 16).   Plaintiff's equal protection claim
7 still fails, however, because as the Magistrate Judge observed,
8 Plaintiff did not squarely raise a race-based challenge to
9 Section 25850 against the Attorney General.   (Report and
10 Recommendation at 26-27).

11

12    To state an equal protection claim under section 1983, a
13 plaintiff typically must allege that "'defendants acted with an
14 intent or purpose to discriminate against the plaintiff based
15 upon membership in a protected class.'"  Furnace v. Sullivan, 705
16 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington,
17 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added)).   Even
18 liberally construed, the Second Amended Complaint fails to make
19 any connection between Plaintiff's race and the allegedly racist
20 design motivating the passage of the facially race-neutral
21 predecessor to Section 25850.   Indeed, the record in this case,
22 including Plaintiff's Second Amended Complaint and Plaintiff's
23 Motion for Partial Summary Judgment, is devoid of any allegation
24 that Plaintiff is a member of a racial minority whose members
25 were the intended target of the legislature's alleged racial
26 animus in enacting the predecessor to Section 25850.  Despite
27 three opportunities to state his claims, Plaintiff simply did not
28 raise a race-based Fourteenth Amendment claim in this action.

Assertion of a new claim on summary judgment is improper. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Accordingly, even if Plaintiff is of "mixed race" heritage, he may not raise new claims at this late stage of the litigation.

   **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is DENIED.

   **IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings is GRANTED and that Judgment be entered in favor of Defendant Kamala D. Harris.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 1, 2014.

_S. James Otero_
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE