Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
E-Mail: CharlesNichols@Pykrete.info
In Pro Per

United States District Court

Central District of California

| | |
|---|---|
| CHARLES NICHOLS, | Case No.: CV-11-9916 SJO (SS) |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | |
| EDMUND G. BROWN JR., in his official capacity as Governor of California, KAMALA D. HARRIS, in her official capacity as Attorney General of California | |
| Defendants | |

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiff Charles Nichols, pro se plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the order and judgment denying plaintiff's motion for partial summary judgment and granting Defendant Kamala D. Harris' motion for judgment on the pleadings entered in this action on May 1, 2014 (Dkt. Nos. 166, 167) and all interlocutory orders including, but not limited to, those that gave rise

*Notice of Appeal*            1            *Charles Nichols v. Edmund G Brown Jr et al*

to the district court's judgment including, but not limited to, the order dismissing with prejudice Defendant Edmund G. Brown Jr. in his official capacity as Governor of California and dismissing with prejudice Plaintiff Nichols' claims under the California Constitution and state law (Dkt. No. 46).

Dkt. No. 166 is attached as "Exhibit A." Dkt. No. 167 is attached as "Exhibit B." and Dkt. No. 46 is attached as "Exhibit C."

Pursuant to CIRCUIT RULE 3-2(a) no FRAP 12(b) Representation Statement is required.

Dated: May 27, 2014

Respectfully submitted,

By: Charles Nichols
PLAINTIFF in Pro Per
PO Box 1302
Redondo Beach, CA 90278
Voice: (424) 634-7381
EMail: CharlesNichols@Pykrete.info

///

EXHIBIT A
Case No.: CV-11-9916 SJO (SS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHARLES NICHOLS, | Case No. CV 11-9916 SJO (SS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ACCEPTING FINDINGS,** |
| KAMALA D. HARRIS, in her official capacity as Attorney General of California, | **CONCLUSIONS AND** |
| | **RECOMMENDATIONS OF** |
| Defendant. | **UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, Plaintiff's Objections, and Defendant's Response to Plaintiff's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. In addition, the Court will address certain arguments raised by Plaintiff in his Objections.

1

1    Plaintiff asserts that the Ninth Circuit's recent decision
2 in Peruta v. County of San Diego, 742 F.3d 1144 (9th Cir. 2014),
3 has been "stayed" and is neither binding on this Court nor
4 relevant to his claims. (Obj. at 8). Plaintiff is mistaken.
5
6    On February 28, 2014, the Ninth Circuit stayed the issuance
7 of the mandate in Peruta pending briefing and a decision on a
8 motion for rehearing en banc. See Peruta v. County of San Diego,
9 9th Cir. Case No. 10-56971 (Dkt. No. 126, entered Feb. 28, 2014)
10 (order extending time for filing petition for rehearing en banc
11 and staying mandate). However, entry of the mandate is merely a
12 "ministerial act," White v. Klitzkie, 281 F.3d 920, 924 n.4 (9th
13 Cir. 2002), that "formally marks the end of appellate
14 jurisdiction." Northern California Power Agency v. Nuclear
15 Regulatory Com'n, 393 F.3d 223, 224 (D.C. Cir. 2004) (internal
16 quotation marks omitted). A panel decision of the Ninth Circuit
17 is binding on lower courts as soon as it is published, even
18 before the mandate issues, and remains binding authority until
19 the decision is withdrawn or reversed by the Supreme Court or an
20 en banc court. See, e.g., Gonzalez v. Arizona, 677 F.3d 383, 389
21 n.4 (9th Cir. 2012) (en banc) ("[A] published decision of this
22 court constitutes binding authority which 'must be followed
23 unless and until overruled by a body competent to do so.'")
24 (quoting Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001));
25 United States v. Gomez-Lopez, 62 F.3d 304, 306 (9th Cir. 1995)
26 ("The government first urges us to ignore Armstrong since we have
27 stayed the mandate to allow filing of a petition for certiorari;
28 this we will not do, as Armstrong is the law of this circuit.");

1  Castillo v. Clark, 610 F. Supp. 2d 1084, 1122 n.17 (C.D. Cal.
2  2009) ("Although the Ninth Circuit has granted a stay of the
3  mandate in Butler, the panel decision remains the law of the
4  Circuit."). Indeed, three weeks after the stay in Peruta issued,
5  the Ninth Circuit vacated a district court decision in another
6  matter and remanded the case "for further proceedings consistent
7  with Peruta." See Baker v. Kealoha, __ Fed. Appx. __, 2014 WL
8  1087765 at *1 (9th Cir. Mar. 20, 2014). As of the date of this
9  Order, Peruta remains binding precedent on this Court.

11  Plaintiff further appears to misinterpret the import of the
12  Peruta court's clarification in footnote 19 that it was not
13  "ruling on the constitutionality of California statutes." (Obj.
14  at 2) (quoting Peruta, 742 F.3d at 1173 n.19). This footnote is
15  part of the discussion in which the Ninth Circuit explained that
16  because the Second Amendment does not protect any particular mode
17  of carry, a claim that a state must permit a specific form of
18  carry, such as open carry, fails as a matter of law. See id. at
19  1172-73 ("As the California legislature has limited its
20  permitting scheme to concealed carry -- and has thus expressed a
21  preference for that manner of arms-bearing -- a narrow challenge
22  to the San Diego County regulations on concealed carry, rather
23  than a broad challenge to the state-wide ban on open carry, is
24  permissible."). Accordingly, Peruta did not rule on the overall

constitutionality of California statutes because it accepted the lawfulness of California's firearms regime, including the state's preference for concealed carry over open carry. Id. at 1172.

Plaintiff suggests that the Ninth Circuit's recent decision in Jackson v. City and County of San Francisco, __ F.3d __, 2014 WL 1193434 (9th Cir. Mar. 25, 2014), is helpful to his case as he opens his Objections with a lengthy quotation from that decision. (See Obj. at 1-2) (quoting Jackson, 2014 WL 1193434 at *4-5). However, Plaintiff does not explain why the passages he quotes support his claims. The Jackson court found that two San Francisco Police Code regulations that prohibit the unsecured storage of handguns in residences and the sale of "hollow point" ammunition passed constitutional muster. Id. at *1. In the passages quoted by Plaintiff, the court determined that the plaintiff could bring a facial challenge to section 4512, which requires that handguns in residences be stored in a locked container, disabled with an approved trigger lock, or carried on the person over the age of 18, despite the Jackson plaintiff's concession that locked storage is appropriate in some circumstances. Id. at *5. Again, as Plaintiff has failed to articulate in his Objections why he believes Jackson changes the outcome here, the Objections do not alter the Court's ultimate resolution of Plaintiff's claims.

\\
\\

4

Finally, Plaintiff asserts that he does in fact have standing to assert an equal protection challenge to California Penal Code Section 25850 due to its allegedly racist origin and application because contrary to the criminal complaint on which the Magistrate Judge relied, he is not white but of "mixed race" heritage. (Obj. at 16). Plaintiff's equal protection claim still fails, however, because as the Magistrate Judge observed, Plaintiff did not squarely raise a race-based challenge to Section 25850 against the Attorney General. (Report and Recommendation at 26-27).

To state an equal protection claim under section 1983, a plaintiff typically must allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added)). Even liberally construed, the Second Amended Complaint fails to make any connection between Plaintiff's race and the allegedly racist design motivating the passage of the facially race-neutral predecessor to Section 25850. Indeed, the record in this case, including Plaintiff's Second Amended Complaint and Plaintiff's Motion for Partial Summary Judgment, is devoid of any allegation that Plaintiff is a member of a racial minority whose members were the intended target of the legislature's alleged racial animus in enacting the predecessor to Section 25850. Despite three opportunities to state his claims, Plaintiff simply did not raise a race-based Fourteenth Amendment claim in this action.

1 | Assertion of a new claim on summary judgment is improper.
2 | Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).
3 | Accordingly, even if Plaintiff is of "mixed race" heritage, he
4 | may not raise new claims at this late stage of the litigation.

6 | **IT IS ORDERED** that Plaintiff's Motion for Partial Summary
7 | Judgment is DENIED.

9 | **IT IS FURTHER ORDERED** that Defendant's Motion for Judgment
10 | on the Pleadings is GRANTED and that Judgment be entered in favor
11 | of Defendant Kamala D. Harris.

13 | **LET JUDGMENT BE ENTERED ACCORDINGLY.**

15 | DATED: May 1, 2014.

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

6

EXHIBIT B
Case No.: CV-11-9916 SJO (SS)

Case 2:11-cv-09916-SSS-KES   Document 168   Filed 05/27/14   Page 11 of 16   Page
Case 2:11-cv-09916-SJO-SS   Document 167   Filed 05/01/14   Page 1 of 1   Page ID #:2694
ID #:2705

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES NICHOLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California,<br><br>　　　　　Defendant. | Case No. CV 11-9916 SJO (SS)<br><br>**JUDGMENT** |

　　Pursuant to the Court's Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge,

　　IT IS HEREBY ADJUDGED that the above-captioned action is dismissed with prejudice.

*/s/ S. James Otero*

DATED: May 1, 2014.

　　　　　　　　　　　　　　　　S. JAMES OTERO
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

1

EXHIBIT C
Case No.: CV-11-9916 SJO (SS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, in his official capacity as Governor of California, et al.,<br><br>        Defendants. | NO. CV 11-09916 SJO (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint in the above-captioned matter, Plaintiff's Motion for Review of Magistrate Judge's Report and Recommendation, which the Court construes as Objections, Plaintiff's Notice of Errata, the Response of Defendants Gov. Edmund G. Brown, Jr. and Atty. Gen. Kamala D. Harris to Plaintiff's Objections, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, excluding the citation to <u>Oklevueha Native American Church of Hawai'i,</u>

Inc. v. Holder, 719 F. Supp. 2d 1217 (D. Hawaii 2010) on page 15, lines 15-23.

Accordingly, IT IS ORDERED THAT:

1. Plaintiff's claims against Attorney General Kamala D. Harris are DISMISSED WITH LEAVE TO AMEND for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. Plaintiff's claims against Governor Edmund G. Brown, Jr. are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and the Eleventh Amendment.

3. Plaintiff's claims against the City of Redondo Beach and City of Redondo Beach Police Chief Leonardi are DISMISSED WITH LEAVE TO AMEND for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

4. Plaintiff's claims against City of Redondo Beach Police Department are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

5. Plaintiff's Seventh Claim for Relief alleging a violation of state constitutional law is DISMISSED WITH PREJUDICE pursuant to the Eleventh Amendment.

6. If Plaintiff desires to proceed with his claims against Attorney General Harris, City of Redondo Beach, and Police Chief Leonardi, Plaintiff shall file a First Amended Complaint within thirty (30) days of the date of this Order.

The Clerk shall serve copies of this Order by United States mail on Plaintiff and on counsel for Defendants.

DATED: May 7, 2012.

*/s/ S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of plaintiff's **NOTICE OF APPEAL** was served via United States Mail, postage prepaid, on this 27, day of May, 2014 on the following:

Jonathan Michael Eisenberg
Office of the California Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
213-897-6505
213-897-5775 (fax)
jonathan.eisenberg@doj.ca.gov
  Assigned: 01/30/2012
  LEAD ATTORNEY
  ATTORNEY TO BE NOTICED
Representing Kamala D Harris (Defendant) and Edmund G Brown, Jr (Defendant)

Executed this the 27th Day of May, 2014 in Los Angeles County by:

Charles Nichols
Plaintiff, In Pro Per
Case No. CV-11-9916 SJO (SS)