# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                        Date: October 26, 2022

Title: CHARLES NICHOLS v. EDMUND G. BROWN, JR., et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **Order Requiring Parties to File Status Report**

Plaintiff filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983 challenging the constitutionality of seventeen California statutes that regulate the open carry of firearms and the issuance of firearm licenses solely as they relate to open carry. (<u>See</u> Dkt. 83 [Second Amended Complaint or "SAC"].) Plaintiff voluntarily dismissed Defendants City of Redondo Beach and Does 1-10 on August 5, 2013, leaving only his claims against Defendant Rob Bonta[1] in his official capacity as the California Attorney General. (Dkt. 125.)

On June 12, 2013, the Magistrate Judge entered a scheduling order setting case management deadlines, including a discovery cutoff of October 31, 2013. (Dkt. 107.) In November 2013, Plaintiff filed a motion for partial summary judgment (Dkt. 131) and Defendant filed a motion for judgment on the pleadings (Dkt. 129). On March 18, 2014, the Magistrate Judge[2] issued a Report and Recommendation ("R&R") that Plaintiff's motion be denied and Defendant's motion be granted. (Dkt. 162.) On May 1, 2014, the District Judge accepted the

---

[1] When the action was filed, Kamala D. Harris was the California Attorney General. Rob Bonta is hereby substituted under Federal Rule of Civil Procedure 25(d). The Clerk is directed to update the docket accordingly.

[2] Magistrate Judge Segal issued the R&R. On remand, the case has been reassigned to Magistrate Judge Scott due to Judge Segal's retirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES               Date: October 26, 2022
                                                                                              Page 2

R&R and entered judgment for Defendants.  (Dkt. 166, 167.)

Plaintiff appealed.  (Dkt. 168.)  On September 12, 2022, the Ninth Circuit vacated the Court's judgment and remanded the case "for further proceedings consistent with the United States Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___ (2022)."  (Dkt. 180.)

On September 14, 2022, Plaintiff filed a motion in the Ninth Circuit requesting an extension of time to file a petition for rehearing.  Nichols v. Newsom, No. 14-55873 (9th Cir.), Dkt. 143.  As of the date of this order, that motion remains pending in the Ninth Circuit.

IT IS HEREBY ORDERED that, **on or before November 15, 2022**, the parties shall meet and confer and file a joint status report addressing the following questions:

1. Does this Court have jurisdiction to continue proceedings in this case while Plaintiff's motion is pending in the Ninth Circuit?

2. Do the parties wish to conduct any further discovery in this case?  If so, they should propose deadlines for: (a) serving opposing parties with written discovery and deposition notices, (b) commencing depositions, (c) completing all discovery, and (d) filing discovery motions.

3. Do the parties anticipate filing (a) new motions for summary judgment, (b) new motions for judgment on the pleadings, or (c) briefing that supplements the prior motions as to the effect of New York State v. Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___ (2002)?  If so, they should propose a briefing schedule.

4. Without revealing the content of confidential settlement negotiations, what is the status of those negotiations?  Has Plaintiff made a settlement demand and has Defendant responded?  Would the parties be willing to attend a settlement conference with the Magistrate Judge assigned to the case or another Magistrate Judge?

                                                                         Initials of Deputy Clerk JD