1   ROB BONTA
    Attorney General of California
2   MARK R. BECKINGTON
    Supervising Deputy Attorney General
3   LARA HADDAD
    Deputy Attorney General
4   State Bar No. 319630
      300 South Spring Street, Suite 1702
5     Los Angeles, CA 90013-1230
      Telephone: (213) 269-6250
6     Fax: (916) 731-2124
      E-mail: Lara.Haddad@doj.ca.gov
7   *Attorneys for Defendants Gavin Newsom in his*
    *official capacity as Governor of California and Rob*
8   *Bonta in his official capacity as Attorney General of*
    *California[1]*
9
    Charles Nichols
10  PO Box 1302
    Redondo Beach, CA 90278
11  Telephone: (424) 634-7381
    E-mail: CharlesNichols@Pykrete.info
12  *In pro per*

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16

17

18  **CHARLES NICHOLS,**                11-cv-09916-SSS-KES

19                          Plaintiff,   **JOINT STATUS REPORT**

20        v.                            Date:         11/15/2022
                                        Magistrate Judge: The Honorable
21  **EDMUND G. BROWN, Jr., in his**                 Karen E. Scott
    **official capacity as Governor of**
22  **California, KAMALA D. HARRIS,**   Trial Date:
    **Attorney General, in her official** Action Filed: 11/30/2011
23  **Capacity as Attorney General of**
    **California, et al.,**
24
                          Defendants.
25

26

27
    ─────────────────────
28     [1] Each defendant currently holds the position of the former respective named
    defendants. *See* Fed. R. Civ. P. 25(d).

                                   1

Pursuant to this Court's Order requiring the parties to submit a Joint Status Report (ECF 185), Plaintiff and Defendants have met and conferred on the questions posed in that Order, and have set forth their respective positions below.

## I.   PLAINTIFF'S RESPONSES TO COURT'S QUESTIONS

Pursuant to the Order by Magistrate Judge Karen E. Scott of October 26, 2022, [Dkt. 185] requiring the Parties to meet and confer and file a joint status report by November 15, 2022, Charles Nichols, Plaintiff in Pro Per, hereby submits his answers.

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Governor Newsom and Attorney General Bonta are automatically substituted as defendants in this matter in place of their predecessors.

Governor Newsom and Attorney General Bonta are the only two remaining defendants in this lawsuit. The other defendants were dismissed by Plaintiff Nichols, *without prejudice*, pursuant to Federal Rule of Civil Procedure 41(a)(1) on August 5, 2013, Dkt. #125.

The Order stated that the joint status report is to address the following questions:

1. Does this Court have jurisdiction to continue proceedings in this case while Plaintiff's motion is pending in the Ninth Circuit?

2. Do the parties wish to conduct any further discovery in this case? If so, they should propose deadlines for: (a) serving opposing parties with written discovery and deposition notices, (b) commencing depositions, (c) completing all discovery, and (d) filing discovery motions.

3. Do the parties anticipate filing (a) new motions for summary judgment, (b) new motions for judgment on the pleadings, or (c) briefing that supplements the prior motions as to the effect of New York State v. Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___ (2002)? If so, they should propose a briefing schedule.

4. Without revealing the content of confidential settlement negotiations, what is the status of those negotiations? Has Plaintiff made a settlement demand and has Defendant responded? Would the parties be willing to attend a settlement conference with the Magistrate Judge assigned to the case or another Magistrate Judge?

The position of both sides is that *NYSRPA v. Bruen* is dispositive in their favor.  However, the Defendants want this Court to disregard binding precedents, and violate the First Rule of Civil Procedure by delaying a final judgment by this Court for a year or two.  Both sides agree that Plaintiff Nichols has a right protected by the Second Amendment to carry a loaded firearm in public (the Defendants conceded that point on appeal).  But the Defendants position is that there is only a right to carry a handgun concealed.  Their position is that Plaintiff Nichols does not have a right to step even one inch outside the door to his home while openly carrying a loaded firearm for the purpose of self-defense and for other lawful purposes.

The parties disagree on Questions 1 through 3.  The parties are in agreement to Question 4 to the extent that neither side believes that mediation is appropriate in this case.

1    Questions 2 and 3 are inextricably intertwined to Question 1 (jurisdiction).  If

2    this Court does not have jurisdiction then it does not have jurisdiction.

3

4    On appeal, Judge Berzon said as much to the Defendants in oral argument as

5    they tried to defend the dismissal of Plaintiff Nichols claims under the California

6    Constitution for lack of jurisdiction, *with prejudice*.

7

8    Judge Gleason had asked the Defendants if that were appropriate.  After Judge

9    Berzon's statement, the Defendants agreed with the three-judge panel that the

10   district court should not have dismissed Plaintiff Nichols' claims under the

11   California Constitution *with prejudice* and conceded that the three-judge panel did

12   not have jurisdiction to adjudicate Plaintiff Nichols' state laws claims on appeal.

13

14   The district court judge should resolve the jurisdictional issue now before it

15   does anything else.  Anything this Court does without jurisdiction is an abuse of

16   discretion.

17

18   In the "meet and confer" the Defendants, through their attorney, tentatively

19   agreed that the district court has jurisdiction, but their position might change and

20   "would let me know."

21

22   The parties strongly disagree on the scope of that jurisdiction.  If the district

23   court agrees with Plaintiff Nichols that this Court's jurisdiction is constrained by

24   The Mandate Rule and that this Court is bound by 9th circuit court of appeals

25   precedents prohibiting the reopening of discovery, not to mention the 9th circuit en

26   banc precedent regarding concealed carry, then it should not come as a surprise to

27   anyone if the Defendants then argue that this Court does not have jurisdiction.

28

In the "meet and confer" the Defendants' position was that *NYSRPA v. Bruen* **overruled all 9th circuit precedents,** including those that prevent the Defendants from reopening discovery and prevent them from deposing Plaintiff Nichols for a second time.  Bruen overruled the Two-Step test. Clearly, *Bruen* did not overrule the 9th circuit procedural or jurisdictional  precedents.

The Defendants do not deny that the district court accepted Plaintiff Nichols' Second Amended Complaint or that the Court ordered that an Answer be filed. They do not challenge that Plaintiff Nichols has standing (they conceded that on appeal). They do not claim that there are any defects in Plaintiff Nichols' operative complaint (on appeal the Defendants said there were none).

The Defendants do not deny that in this circuit, it is the facts alleged in Plaintiff's complaint that form the basis for this Court's review (subject to The Mandate Rule).  Had there been any defects in his Complaint then Plaintiff could have filed a Rule 15(d) supplemental brief (or Amended Complaint).  Plaintiff Nichols stood on his Complaint then.  Plaintiff Nichols stands by his pleadings now, which is his right.

Instead, the Defendants' position is that *NYSRPA v. Bruen* overruled all of the procedural and jurisdictional precedents this Court is bound by. Just the opposite, instead of overruling them, *Bruen* has placed additional constraints on judges when deciding Second Amendment claims.

Plaintiff Nichols said that if necessary, he would file a writ (to enforce the mandate, among other things).  Plaintiff Nichols had already informed the Defendants (through their attorneys) that he will very likely file a writ with the United States Supreme Court, regardless of whether or not his motion to recall the

mandate is still pending.  It depends largely upon whether or not this Court avoids the mandate, reopens discovery, or sets an unreasonably distant deadline for the Defendants to file their brief on *NYSRPA v. Bruen*. If this Court were to accept the Defendants proposed schedule then there would not be a final judgment in this case until 2024. Plaintiff Nichols filed this lawsuit on November 30, 2011.

In the "meet and confer" the Defendants (through their attorney) conceded that they do not have any evidence in support of California's Open Carry bans.  They stated that they needed time to obtain expert testimony (from law professors and perhaps others).  And yet, in at least three other lawsuits that were vacated and remanded by the 9th circuit court of appeals (pages 19) Defendant Bonta filed his court ordered supplemental brief regarding Bruen in the allotted times.  In a fourth case (an en banc remand), Duncan v. Bonta Case No. 17-cv-1017-BEN-JLB (magazine ban), Defendant Bonta filed a 72 page brief on November 10th that was ordered on September 26th.  But in Nichols v. Newsom, the Defendants say they need an additional year from the remand to obtain evidence they don't have now in a case in which they have already had eleven years to prepare their evidence, and to do so in a manner that is barred by 9th circuit precedents and by *Bruen*.

*Bruen* has already decided that Plaintiff Nichols has a right to carry loaded firearms in public.  The Defendants have already conceded that in their supplemental brief on appeal. The State has already conceded Plaintiff's Open Carry right in *Peruta v. County of San Diego*, 824 F. 3d 919 (9th Cir. 2016) en banc.  The Mandate Rule does not require supplemental briefing.  *This Court can issue its final judgment now.*

**1.  Does this Court have jurisdiction to continue proceedings in this case while Plaintiff's motion is pending in the Ninth Circuit?**

1

2       The district court has limited jurisdiction upon receiving the mandate of an

3   appellate court on September 12, 2022. This Court should issue an order *spreading*

4   *the mandate*.  The jurisdiction of the district court is constrained by The Mandate

5   Rule.  The district court "cannot vary it [the mandate] or examine it for any other

6   purpose than execution." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995).

7

8       For example, Plaintiff Nichols in his operative complaint, the Second

9   Amended Complaint, seeks to enjoin the Defendants from enforcing California

10  Penal Code section 25850 (the Black Panther Party for Self-Defense Loaded Open

11  Carry ban - Mulford Act of 1967) because the law was racially motivated and is

12  disproportionately enforced against minorities (see *Hunter v. Underwood*, 471 U.S.

13  222 (1985)).

14

15      That is a 14th Amendment equal protection violation independent of the

16  Second Amendment.  Although this circuit does not require disproportionate

17  enforcement (see *Pacific Shores Properties v. City of Newport Beach*, 730 F. 3d

18  1142 (2013)) and does not require that a person be of the same race (Underwood

19  was White), the district court cannot engage in constitutional avoidance by not

20  deciding whether or not PC 25850 violates the Second Amendment by instead

21  enjoining enforcement of the statute because the Black Panther Loaded Open Carry

22  ban was racially motivated and is disproportionately enforced against minorities.

23

24      A simpler example is PC 25850 does not have a severability clause.  It is black

25  letter law in both the state and Federal courts that exercising one's Fourth

26  Amendment right by refusing to consent to a search or seizure of one's person or

27  property is not probable cause for arrest (subsection (b) of PC 25850).

28

1    The only ones claiming they have the right to arrest Plaintiff Nichols for

2    exercising his Fourth Amendment right are the Defendants.  Because PC 25850

3    does not have a severability clause, this Court could enjoin PC 25850 in its entirety

4    without considering Plaintiff Nichols' Second Amendment claims.  But that would

5    violate The Mandate Rule, and contrary to the Defendants position stated in the

6    "meet and confer" this Court is bound by The Mandate Rule.

7

8    The district court and the parties are also constrained by the Law of the Case

9    Doctrine.

10

11    In his operative complaint, Plaintiff Nichols alleges that the racially motivated

12    and disproportionately enforced Loaded Open Carry ban fails every level of

13    scrutiny, including rational basis review.

14

15    On appeal, Plaintiff (then Appellant) Nichols dropped his strict scrutiny, race

16    based equal protection claim (E.g., *Hunter v. Underwood*).  He limited his claim on

17    appeal to the rational basis test so that the court of appeals could not engage in

18    constitutional avoidance, or reach his rational basis test challenge unless the court

19    of appeals held that the Loaded Open Carry ban does not violate the Second

20    Amendment. But would then have to decide if racial animus is rational.

21

22    Likewise, the law of the case constrains the Defendants. The Defendants made

23    concessions, waived defenses, and are constrained by Estoppel, and the like, subject

24    to certain exceptions not relevant here.  The district court is also constrained by the

25    Law of the Case Doctrine, and even if those exceptions were applicable in this case,

26    the Law of the Case Doctrine does not permit the district court to evade the

27    mandate issued by the court of appeals, let alone every 9th circuit court of appeals

28    precedent that is binding on this Court.

1

2      The district court is strictly bound by United States Supreme Court and 9th

3    circuit court of appeals published precedents.  Even if Charles Nichols v. Gavin

4    Newsom et al were a recently filed lawsuit that had not gone through the court of

5    appeals, this Court is bound by Ninth Circuit precedents unless that precedent is

6    "effectively overruled," which occurs when "the reasoning or theory of the prior

7    circuit authority is clearly irreconcilable with the reasoning or theory of intervening

8    higher authority." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en

9    banc). "The clearly irreconcilable requirement is a high standard." *Close v.*

10   *Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quotation omitted). "[I]t is not

11   enough for there to be some tension between the intervening higher authority and

12   prior circuit precedent, or for the intervening higher authority to cast doubt on the

13   prior circuit precedent." *Id.*

14

15     Almost invariably, district court judges in this circuit have left it up to the

16   court of appeals to decide whether or not a precedent is "effectively overruled."

17

18     *Bruen* has not "effectively overruled" *District of Columbia v. Heller*, 554 US

19   570 (2008), *McDonald v. City of Chicago, Ill*., 561 US 742 (2010), *US v. Vongxay*,

20   594 F. 3d 1111 (9th Cir. 2010), *Peruta v. County of San Diego*, 824 F. 3d 919, (9th

21   Cir. 2016) en banc, which applied the One-Step test to concealed carry.

22

23     In *Bruen*, the majority opinion stated that its holding was "in keeping with

24   *Heller*." *Bruen*, 142 S. Ct. at 2126.  The "right to carry arms openly: "This is the

25   right guaranteed by the Constitution of the United States, and which is calculated to

26   incite men to a manly and noble defence of themselves, if necessary, and of their

27   country, without any tendency to secret advantages and unmanly assassinations."

28   *Heller* at 2809.  On that point, all four justices in the *Heller* dissents agreed.  The

three-justices in the *Bruen* dissent accepted the *Heller* opinion as Stare Decisis. *Id* at 2177.

*McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) reaffirmed the holding in *Heller* at 2809 that Open Carry is the right guaranteed by the Constitution and that concealed carry is not a right and can be prohibited. Justice Alito in his concurrence to *Bruen* in footnote 3 said of the *Bruen* dissent, "If we put together the dissent in this case and Justice BREYER's *Heller* dissent, States and local governments would essentially be free to ban the possession of all handguns, and it is unclear whether its approach would impose any significant restrictions on laws regulating *long guns*." (italics added). Banning the Open Carry of long guns, both loaded and unloaded, is a significant restriction.

It is impossible to read *Heller*, *McDonald*, or *Bruen* to say that Open Carry can be banned in favor of concealed carry. The National Rifle Association and the Second Amendment Foundation as well as their affiliated organizations such as the now defunct CalGuns Foundation, and the official state organization of the NRA, the California Rifle and Pistol Association started peddling that snake oil shortly after the *Heller* opinion was published. The NYSRPA tried to sell that snake oil in the oral argument in *Bruen*. Justice Kagan asked the NYSRPA's attorney how it is Constitutional to ban Open Carry. The reply was that people today are on a different wavelength. Justice Kagan correctly pointed out that there is no such thing as a different wavelength doctrine of constitutional interpretation. *Bruen* explicitly rejected the different wavelength argument by commanding the One-Step test, and demonstrating its application to the carrying of loaded firearms.

The Defendants know that only concealed carry can be banned. The Defendants know that only concealed carry can be licensed. The Defendants know

that Open Carry is the right protected by the Second Amendment to the United States Constitution, and the Defendants know that Open Carry is the right protected by Article I, Section 1 of the California Constitution.  The Defendants are disregarding their oath to defend both Constitutions in favor of their personal animosity toward the right to keep and bear arms for the purpose of self-defense.

*Bruen* held that the only "reasonable regulation" on the carrying of firearms in public is "States [can] lawfully eliminate one kind of public carry—concealed carry..."  *Bruen* has neither effectively overruled nor created any tension with *Peruta v. San Diego* en banc which held at 942 "[T]hat the Second Amendment does not protect, in any degree, the carrying of concealed firearms by members of the general public."

It is only after the district court has complied with the mandate that it can turn to the claims that can be decided independently of the Second Amendment. At that stage the district court is constrained by the Law of the Case Doctrine.

For example, the court of appeals vacated, in full, the judgment on the pleadings in full even though, as the Defendants (Appellees) argued in their supplemental brief, the court could have affirmed based on anything in the record.

For example, if this court decides to hold that asserting one's Fourth Amendment right constitutes probable cause for arrest (PC 25850(b)) then it will have to justify that holding on other grounds because the court of appeals reversed the judgment of Judge Otero that firearms are no different from crystal meth and people who carry them are no different from dealers in crystal meth, and therefore the American People do not even have a right to possess firearms.

"An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment." *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984), citing *Munoz v. Small Business Administration*, 644 F.2d 1361, 1364 (9th Cir.1981); see also *Lovell v. Chandler*, 303 F.3d 1039, 1049 (9th Cir. 2002).

And so, regardless of what this Court holds in its final judgment, the Court should at a minimum dismiss Plaintiff's state law claims for lack of jurisdiction, and do so without prejudice, so that Plaintiff Nichols may challenge California's Open Carry bans in state court as violating the California Constitution (which guarantees a far greater armed, self-defense right then any Federal court has thus far recognized is protected by the Second Amendment).

This Court should do so even if Plaintiff prevails as there is no Federal live case or controversy requirement in the California courts.  California state courts are free to enjoin the enforcement of laws which the Federal courts have already enjoined from being enforced. This Court should also address and decide in its final judgment the issues the Defendants conceded and waived on appeal.

Plaintiff Nichols specifically raised and challenged the dismissal of the Governor at the initial pleading stage who claimed that he was immune from suit pursuant to the 11th Amendment.

It was black letter law then and now that the governor could not be dismissed at the initial pleading stage, and that the burden was on the governor to prove that he was immune from suit.

1    The governor did not prove that he is immune from suit in the district court,

2    the governor did not do so in the court of appeals.  The governor has the full police

3    power of the county in every county in which he so much as declares a state of

4    emergency for drought. Which he has done repeatedly, for years.

5

6    To have affirmed the dismissal of the governor, the three-judge panel on

7    appeal would have thrown the appeal en banc, and would have created a circuit split

8    with *Kitchen v. Herbert*, 755 F.3d 1193, 1202-1204 (10th Cir. 2014) which held the

9    Utah governor (and attorney general) had enforcement authority under Ex parte

10   Young under the State of Utah analogs to California law, identically worded

11   analogs which did not include California's emergency powers act.

12   Plaintiff Nichols could not find any case law which held, or any Federal Rule

13   that instructs, that a pending motion to recall a mandate deprives this court of

14   jurisdiction, albeit limited jurisdiction.  That said, should a higher court recall the

15   mandate then the district court would not have jurisdiction.  Likewise, a writ that

16   takes jurisdiction from the district court would remove the jurisdiction of the

17   district court.

18

19   **2. Do the parties wish to conduct any further discovery in this case? If so,**

20   **they should propose deadlines for: (a) serving opposing parties with written**

21   **discovery and deposition notices, (b) commencing depositions, (c) completing**

22   **all discovery, and (d) filing discovery motions.**

23

24   The Defendants' (through their attorney) position in the "meet and confer" is

25   that *NYSRPA v. Bruen* overruled all 9th circuit precedents that prohibit this court

26   from reopening discovery and prohibits the Defendants from deposing Plaintiff

27   Nichols for a second time.  Clearly *Bruen* did not overrule any binding 9th circuit

28

precedent.  Plaintiff Nichols informed the Defendants, through their attorney, that he would not seek to reopen discovery, even if it were allowed, which it isn't.

"Discovery is only appropriate where there are factual issues raised..." *Jarvis v. Regan*, 833 F. 2d 149, 155 (9th Circuit 1987).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman*, 727 F.2d at 1482."  *Hal Roach Studios Inc v. Richard Feiner and Company Inc*, 896 F. 2d 1542, 1550 (9th Cir. 1990).

The district court judge granted the Rule 12(c) motion for a judgment on the pleadings on May 1, 2014.  A motion the defendants were precluded from filing had there been any material issues of fact remaining to be resolved.

*New York State Rifle & Pistol Assn., Inc. v. Bruen*, 142 S.Ct. 2111 (2022) forecloses a trial. *Bruen* requires judges to make their final decision based on the pleadings and briefs, without a trial, discovery or an evidentiary record. *Id* at 2164.

Justice Breyer in his dissent at 2164 criticized the six justice majority opinion for deciding the "case on the basis of the pleadings, without the benefit of discovery or an evidentiary record." For "limit[ing] its analysis to focus nearly exclusively on history. It refuses to consider the government interests that justify a challenged gun regulation, regardless of how compelling those interests may be." And For placing the burden on judges to resolve the "historical questions".  *Id* at 2177.

To which the *Bruen* majority responded in footnote 6, "[i]n our adversarial system of adjudication, we follow the principle of party presentation."...Courts are thus entitled to decide a case based on the historical record compiled by the parties.

(internal citation omitted). The historical record in *Bruen* showed that the only "reasonable regulation" on the carrying of firearms in public is "States could lawfully eliminate one kind of public carry—concealed carry..." *Id* at 2150.

The Defendants in this case cited *Bruen* at 2150, unsuccessfully, in their supplemental brief on appeal (Appellate Dkt. #133) claiming that the citation meant the *Bruen* opinion had affirmatively held that California's statewide bans on openly carrying loaded and unloaded rifles, shotguns, and handguns are constitutional. Not forgetting that California's Open Carry bans extend statewide to non-sensitive public places, and only to non-sensitive public places, and only apply to persons who are not prohibited from possessing firearms under state law.

The Open Carry bans apply to all of Plaintiff's private residential property, including the curtilage of his home.

There is no historical record that the Defendants could develop regardless of the amount of time this Court would grant in addition to the eleven years the defendants have already had to develop the evidence required by both the commanded One-Step Test in *Bruen* and the now prohibited Two-step test in *US v. Chovan,* 735 F. 3d 1127 (9th Cir. 2013) at 1137-1142.

In its Civil Standing Order, this Court admonishes the parties "To secure the just, speedy, and inexpensive determination of every action, all counsel are ORDERED to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Fed. R. Civ. P. 1."

Plaintiff has already been deposed.  There is nothing a further deposition of him would reveal or even be admissible consistent with the Mandate in this case (or

consistent with *Bruen*). The Defendants had their "seven hours" (Fed.R.Civ.P. 30(d)(1)). There is nothing written discovery could reveal to the Defendants that would be relevant to this case. Likewise, there is nothing that Plaintiff could obtain by deposing the Defendants or through written discovery that is not precluded by the *Bruen* One-Step test.  The only evidence allowed by *Bruen* is historical evidence but even then, "[T]o the extent later history contradicts what the text says, the text controls." ***Bruen*** at 2137.

It was two and a half years from the date Plaintiff filed his Complaint (November 30, 2011) to his timely notice of appeal (May 27, 2014).  Plaintiff is going to do his part "To secure the just, speedy, and inexpensive determination of every action..." in this case. Plaintiff Nichols again stands by his Second Amended Complaint (his operative complaint), which is his right.  He is not going to seek written discovery or depose the Defendants. It would be inappropriate for him to do so, just as it is inappropriate for this Court to allow the Defendants to do so.

It is now time for this Court to decide (consistent with The Mandate Rule, The Law of the Case Doctrine, Estoppel, and the like) how much additional time (if any) to the eleven years the defendants have already had to compile historical evidence, that does not exist, to submit for this court to decide whether or not the Second Amendment protects the right to keep and bear rifles, shotguns, and handguns (loaded and unloaded) of a type it is legal for Plaintiff Nichols to possess under both state and Federal law, outside the doors to his home, in the curtilage of his home, on his private residential property, in and on his motor vehicle including any attached camper or trailer regardless of whether or not they are used as a temporary or permanent residence, and in all non-sensitive public places.  Both facially, and as-applied to Plaintiff Nichols.

1      However, if this Court truly believes that the Defendants are correct in that

2  *Bruen* held that California's statewide bans on openly carrying loaded and unloaded

3  rifles, shotguns, and handguns for the purpose of self-defense do not violate the

4  Second Amendment (and thereby does not violate the Fourteenth Amendment) then

5  that is a pure question of law that does not require this Court to give the Defendants

6  any time to contrive their non-existent evidence or require supplemental briefing.

7  ***This Court should immediately issue its final judgment in favor of the***

8  ***Defendants'*** Second Amendment defense (*Bruen*) and issue a final judgment on

9  Plaintiff's Fourth and Fourteenth Amendment claims based on the pleadings so that

10  Plaintiff Nichols can file his timely notice of appeal, closely followed by a petition

11  for a writ of certiorari before final judgment.

12

13      Open Carry enhances public safety. *People v. Mitchell*, 209 Cal. App. 4th

14  1364, 1371 (2012). Possession of a firearm is an innocent act unless it is carried

15  concealed.  *People v. Jones*, 278 P. 3d 821 (Cal. Supreme Court 2012) at 356.

16

17      **3.  Do the parties anticipate filing (a) new motions for summary**

18  **judgment, (b) new motions for judgment on the pleadings, or (c) briefing that**

19  **supplements the prior motions as to the effect** *of New York State v. Rifle &*

20  *Pistol Association, Inc. v. Bruen*, **597 U.S. ___ (2002)? If so, they should propose**

21  **a briefing schedule.**

22

23      The Defendants (through their attorney) position in the "meet and confer" is

24  that they are going to file a motion for summary judgment.  Plaintiff Nichols again

25  stated that he does not care if the Defendants file a new motion for a judgment on

26  the pleadings, although he does not see how it (or a motion for summary judgment)

27  is procedurally allowed given the procedural posture of this case and the constraints

28  imposed by The Mandate Rule, and *Bruen*.  In the "meet and confer" Plaintiff

Nichols again stated that he does not care so long as the district court quickly issues its final judgment.  It is Plaintiff Nichols position that this court should strictly adhere to both the mandate and *NYSRPA v. Bruen*'s One-Step test.

*Bruen* has already decided Plaintiffs' Second Amendment claims in favor of Plaintiff Nichols. But if the mandate is construed to require that the Defendants be allowed to file a supplemental brief on *Bruen,* which includes their newly discovered, non-existent, historical evidence (but nothing more) then do so, but don't prejudice Plaintiff by reopening discovery and/or setting a distant deadline.

This Court should consider doing what at least three other district court cases have done in lawsuits challenging California's gun laws where the opinion was vacated by the court of appeals with a mandate stating the same instructions in this case and that is to order supplemental briefing with a deadline of from eight to forty-five days and then decide this case on the briefs, and pleadings.  Or decide it now based on *Bruen* because both sides claim the opinion is dispositive.

It is Plaintiff Nichols' position that *Bruen* does not require him to file anything, not a brief, not a motion, and not evidence.  But Plaintiff Nichols is willing to file a supplemental brief with the same deadline or a reply brief to the state's supplemental brief.  Whichever results in the speediest final judgment by this Court, even if that judgment is in favor of the Defendants.

Plaintiff Nichols, in the "meet and confer," informed the Defendants that he does not have any plans to file either of the above motions. Plaintiff will file writs (if necessary), and possibly a motion for a preliminary and permanent injunction.

1    "The purpose of summary judgment is to avoid unnecessary trials when there
2    is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129
3    (9th Cir.1975), cert. denied, 423 U.S. 1025, 96 472 S.Ct. 469, 46 L.Ed.2d 399
4    (1975)." *Northwest Motorcycle Ass'n v. USDA*, 18 F. 3d 1468, 1472, (9th Circuit
5    1994).

6

7    *Bruen* allows only judges to weigh the *historical* evidence, which the dissent
8    vigorously argued against. *Bruen*, 142 S.Ct. at 2177.  *Bruen* forecloses a motion by
9    either side for summary judgment.  *Bruen* forecloses a trial.  Plaintiff Nichols will
10   not be filing a new motion for summary judgment.

11

12   *Bruen* was decided on the pleadings 142 S.Ct. 2125) which the dissent
13   likewise argued against, "The Court today strikes down that law based only on the
14   pleadings." *Bruen*, 142 S.Ct. 2191. Given that the court of appeals in this case
15   vacated the Rule 12(c) judgment on the pleadings, Plaintiff does not see how this
16   Court can procedurally entertain a new motion for a judgment on the pleadings,
17   new or a motion for summary judgment by the Defendants.

18

19   Plaintiff Nichols proposed the following to the Defendants, they rejected his
20   proposal in the "meet and confer."

21

22   *As to supplemental briefing, the Law of the Case Doctrine includes the*
23   *supplemental briefing of the parties on appeal.  If after reviewing the supplemental*
24   *briefing on appeal (Dkts. #130 & #133) this Court believes that supplemental*
25   *briefing is still necessary and appropriate then Plaintiff has proposed to the*
26   *Defendants that they file their supplemental brief (or dispositive motion) by*
27   *December 31st.  That is three months and nineteen days (110 days) after*
28   *jurisdiction was transferred to the district court.  That is more than reasonable.*

1

2   *Upon receipt of the supplemental briefing (or the Defendant's dispositive*

3   *motion), followed by Plaintiffs reply brief within 21 days (if allowed), this Court*

4   *should immediately take this case under submission for a decision, and then issue*

5   *its final judgment within 120 days (L.R. 83-9.1).*

6

7      Plaintiff Nichols now requests that this Court take notice of the supplemental

8   briefing schedule ordered by the district court in the following cases that were

9   vacated by the 9th circuit court of appeals, accompanied by a *Bruen* mandate in

10  which AG Bonta is also a defendant, and then order the Defendants to file their

11  supplemental brief in no later than 45 days from the filing of this status report.

12

13     Cupp v. Bonta (2:16-cv-00523 - Eastern District of California) - ***Eight day***

14  ***deadline to file supplemental briefs***.  Supplemental briefing ordered on September

15  15, 2022 Order (ECF No. 102). Supplemental brief filed by Attorney General Bonta

16  on September 30, 2022 (ECF No. 105).

17

18     Jones v. Bonta (3:19-cv-01226 - Southern District of California) - **Sixteen day**

19  **deadline to file supplemental briefs.** Supplemental briefing ordered on September

20  14, 2022, Order (ECF No. 92). The parties filed a joint motion to extend the

21  deadline.  The deadline for Attorney General Bonta to file his supplemental briefs

22  was extended to November 7, 2022, (ECF No. 92). Fifty-four days from initial

23  supplemental briefing order.

24

25     Fouts v. Bonta (3:19-cv-01662 - Southern District of California) - **Forty-five**

26  **day deadline** issued on October 17, 2022 (ECF No. 47), "The Defendant shall file

27  any additional briefing that is necessary to decide this case in light of *Bruen* within

28  45 days of this Order."

1

2  **4.  Without revealing the content of confidential settlement negotiations,**

3  **what is the status of those negotiations? Has Plaintiff made a settlement**

4  **demand and has Defendant responded? Would the parties be willing to attend**

5  **a settlement conference with the Magistrate Judge assigned to the case or**

6  **another Magistrate Judge?**

7

8  On this sole question the parties are in agreement – **No!**

9  Charles Nichols v. Gavin Newsom et al., has the unwanted distinction of being

10  the longest litigated Second Amendment lawsuit filed since the *Heller* opinion was

11  published.

12

13  Young v. State of Hawaii (1:12-cv-00336) has the distinction of being the

14  second oldest Second Amendment lawsuit.  Mr. Young reached an undisclosed

15  monetary settlement with the County of Hawaii on November 2, 2022.

16  Unfortunately, Mr. Young's settlement excluded the only injunctive relief he had

17  standing to receive ("shall issue" handgun Open Carry licenses).  Mr. Young's

18  settlement presumably excluded as well a prohibition on the County from enacting

19  additional laws infringing on the Second Amendment.  Indeed, the same night the

20  Hawaii County Council approved the settlement, it amended a "Sensitive Places"

21  bill.

22

23  Given that California law requires the Defendants to enforce and defend

24  California laws, the only thing that the Defendants in this case could do is to

25  acquiesce that California's Open Carry bans violate the Federal Constitution and for

26  this Court to then enter purely prospective injunctive and declaratory relief against

27  the Defendants consistent with the mandate.  In short, No! There have been no

28  settlement negotiations, Plaintiff has not made a settlement demand, Plaintiff is not

1   willing to attend a settlement conference with the magistrate judge, another

2   magistrate judge, or the district court judge.

3

4        At 7:25 PM, November 14, 2022, counsel for the Defendants sent Plaintiff an

5   email stating that they have "additional changes" to their position, and they will

6   send them to Plaintiff on the 15th, the deadline for filing the report.  Plaintiff

7   opposes a stay, the Defendants cite no authority or valid reason for a stay.

8

9   **II.    DEFENDANTS' RESPONSES TO COURT'S QUESTIONS**

10        1.    It appears that this Court has jurisdiction to continue proceedings

11   notwithstanding Plaintiff's motion that is currently pending in the Ninth Circuit.

12   *Nichols v. Brown et al.*, Case No. 14-55873, ECF 143-1.  The district court has

13   jurisdiction after the Ninth Circuit's mandate has issued in a case.  *See Sgaraglino*

14   *v. State Farm Fire and Cas. Co.*, 896 F.2d 420, 421 (9th Cir. 1990) ("Upon

15   issuance of the mandate, the case was returned to the district court's jurisdiction.")

16   While Circuit Rule 41-2 provides that a "mandate will issue 7 days after the time to

17   file a motion for reconsideration expires," the Ninth Circuit has the authority to

18   shorten time to issue any mandate.  Fed. R. App. P. 41(b) ("The court may shorten

19   or extend the time by order.")  Here, the Ninth Circuit's order remanding this case

20   to the District Court states, "This order constitutes the mandate of this court."  ECF

21   180.  Because the Ninth Circuit appears to have shortened the time to issue a

22   mandate by combining the mandate with its order, the court of appeals' mandate

23   returned jurisdiction to this Court, and Plaintiff's motion to recall the mandate does

24   not divest the Court of jurisdiction.  Of course, "a court of appeals always has

25   authority to restore appellate jurisdiction over a case that has been remanded to a

26   district court.  Such authority has regularly been exercised by [the courts of

27   appeals] in granting a motion to recall a mandate in a case remanded to a district

28   court."  *United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996), opinion after

1   reinstatement of appeal, 152 F.3d 88 (2d Cir. 1998).  But until and unless that

2   occurs, the mandate "revest[ed]" jurisdiction in this Court.  *United States v. Cote*,

3   51 F.3d 178, 182 (9th Cir. 1995).[2]

4       However, given the circumstances presented here, Defendants would not

5   oppose a stay of proceedings until the Ninth Circuit rules on Plaintiff's motion, if

6   this Court would prefer to do so.

7   2.    Defendants request expert and fact discovery, as is necessary in this case.

8   Discovery will not be duplicative: previously, Defendants have only deposed

9   Plaintiff, in 2013, and have conducted no expert discovery to date.

10      Contrary to Plaintiff's contentions, expert and factual discovery is vital to

11  evaluating Plaintiff's challenges in this case.  The Supreme Court's decision in *New*

12  *York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2211 (2022),

13  fundamentally altered the legal standard for evaluating Second Amendment

14  challenges to firearms regulations.  In order to comport with *Bruen*, this Court must

15  apply a standard "rooted in the Second Amendment's text, as informed by history,"

16  *id.* at 2116-17, and determine whether "the Second Amendment's plain text"

17  protects the conduct in which the plaintiff wishes to engage, and if it does, then

18  decide whether the regulation "is consistent with this Nation's historical tradition of

19  firearm regulation."  *Id.* at 2126.  In light of the particular claims Plaintiff has raised

20  against the specific statutes challenged in this case, and the need to evaluate the

21  historical record with respect to these laws, this Court should follow "various

22  evidentiary principles and default rules," including "the principle of party

23  presentation."  *Id.* at 2130 n. 6.  Thus, the parties should be permitted to conduct

24

25

26   [2] Defendants have been unable to find a case that holds that a pending motion
to recall a mandate does not disturb jurisdiction in the district court.  But because
27   motions to recall a mandate may be filed under various circumstances and well after
jurisdiction has returned to the district court, Wright & Miller, 16 Fed. Prac. &
28   Proc. § 3938 (3d ed. 2022), there is no reason to deviate from the ordinary mandate
rule jurisdiction revests in the district court.

both fact and expert discovery to develop a factual, legal, and historical record in support of this analysis.

Moreover, because Defendants intend to file a motion for summary judgment, they "should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (finding that the "district court erred in granting summary judgment for appellees without affording plaintiffs-appellants the opportunity to proceed with discovery"). Particularly given *Bruen*'s admonition that lower courts are to follow "evidentiary principles," "default rules," and the "principle of party presentation," Defendants should be given the opportunity to pursue discovery even if Plaintiff does not plan to do so.

Finally, Defendants will have to work with the schedules of any potential experts and meet the demands created by the new standard articulated in *Bruen*, and therefore need enough time to be able to do so. *See*, *e.g.*, *Defense Distributed v. Bonta*, 2022 WL 15524977 (C.D. Cal., October 21, 2022) at *5, n. 9 (In denying preliminary injunction in Second Amendment lawsuit, the Court observed that "there is no possibility this Court would expect Defendants to be able to present the type of historical analysis conducted in *Bruen* on 31 days' notice (or even 54 days' notice).")). Therefore, Defendants propose the following discovery schedule:

- Last Day to Serve Written Discovery and Deposition Notices—May 12, 2023
- Last Day to Serve Opening Expert Reports – May 31, 2023
- Last Day to Serve Rebuttal Expert Reports – June 30, 2023
- Last Day to Serve Sur-Rebuttal Expert Reports – July 31, 2023
- Fact and Expert Discovery Cut Off – August 31, 2023
- Last Day to File Discovery Motions – September 15, 2023

3.      As noted above, Defendants plan on filing a motion for summary judgment. Plaintiff's proposed date, December 31, is not reasonable or feasible given the need for expert discovery.  Indeed, Defendants will need time to retain experts and any experts will also need time to prepare reports on the issues in this case in light of *Bruen*.  Accordingly, Defendants propose the following briefing schedule:

- Last Day to File Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine) – October 13, 2023
- Last Day to File Oppositions to Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine) – November 10, 2023
- Last Day to File Replies in Support of Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine)—November 27, 2023

4.      The parties have not engaged in settlement discussions to date.  Defendants do not think that mediation is appropriate in this case, which brings constitutional challenges to several of the State's laws.

1   Dated:  November 15, 2022            Respectfully submitted,

2                                        ROB BONTA
                                         Attorney General of California
3                                        MARK R. BECKINGTON
                                         Supervising Deputy Attorney General
4

5

6                                        *s/ Lara Haddad*
                                         LARA HADDAD
7                                        Deputy Attorney General
                                         *Attorneys for Defendants Gavin*
                                         *Newsom in his official capacity as*
8                                        *Governor of California and Rob*
                                         *Bonta in his official capacity as*
9                                        *Attorney General of California*

10

11                                       Charles Nichols

12                                       */s/   Charles Nichols*
                                         *In Pro Per*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28