UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                    Date:  December 7, 2022

Title: CHARLES NICHOLS v. GAVIN NEWSOM, et al.[1]

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order re Further Proceedings

**I.   RELEVANT PROCEDURAL HISTORY.**

   **A.   Initial Complaint and Motions to Dismiss.**

In November 2011, Plaintiff Charles Nichols ("Plaintiff") instituted this action under 42 U.S.C. § 1983 challenging the constitutionality of numerous California Penal Code sections[2] that regulate the open carry of firearms and the issuance of firearm licenses for open carry.  (Dkt. 1.)

Defendants successfully moved to dismiss some of Plaintiff's claims.  In relevant part,

---

[1] Robert Bonta, who became California's Attorney General in March 2021, is substituted for Defendant Kamala Harris per Federal Rule of Civil Procedure 25(d).  Gavin Newsom, who became California's Governor in January 2019, is substituted for Defendant Edmund G. Brown, Jr. under the same rule.  The Clerk is directed to update the electronic docket accordingly.

As discussed below in Section II.A.1., Governor Newsom is no longer an active Defendant in this action, but his name remains in the case caption.  See Hoemke v. Macy's W. Stores LLC, No. 20-cv-01317, 2020 WL 5229194 at *1, 2020 U.S. Dist. LEXIS 159850 at *2 (D. Ariz. Sept. 2, 2020) ("'[T]he caption is chiefly for the court's administrative convenience.' … [T]he Court does not generally grant motions to amend the caption of a case each time a defendant is dismissed (e.g., after a defendant succeeds on a Rule 12(b) motion) during the course of litigation, as it would be confusing for the case name to continually change as the litigation unfolds.  Moreover, the caption ought to reflect all parties involved in the action, including those that secure dismissal.") (citation omitted).

[2] Citations to California statutes are to the Penal Code unless otherwise stated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                                    Date: December 7, 2022
Page 2

the Court dismissed Plaintiff's claims against the Governor of California and his claims under the California Constitution based on Eleventh Amendment immunity. (Dkt. 40 at 29-31, 34; Dkt. 46.)

### B.      The 2013 R&R and Judgment.

In March 2013, Plaintiff filed the operative Second Amended Complaint ("SAC"). (Dkt. 83.) The SAC names as defendants the California Attorney General (then Kamala Harris, now Robert Bonta) and the City of Redondo Beach. (Id. ¶¶ 4-5.) Plaintiff later voluntarily dismissed the City of Redondo Beach. (Dkt. 125.)

In November 2013, Plaintiff filed a motion for partial summary judgment. (Dkt. 131.) Defendant Harris filed a motion for judgment on the pleadings. (Dkt. 129.) The previously assigned Magistrate Judge addressed both of these motions in one Report and Recommendation (the "R&R"). (Dkt. 162.)

The R&R characterized the SAC as raising "a single, multi-faceted claim under the Second, Fourth and Fourteenth Amendments." (Id. at 7.) The R&R identified five arguments raised by Plaintiff as to why the challenged statues were unconstitutional, as follows:

| Arguments | Rulings |
|---|---|
| (1) The Second Amendment Argument: Sections 25850, 26350 and 26400[3] violate the Second Amendment, because law-abiding citizens have a right to openly carry firearms, loaded and unloaded, in non-sensitive public places for the purpose of self-defense. (R&R at 10; SAC at 27.) | Because the Second Amendment does not secure the right to a particular *mode* of carry, i.e., open carry, rational basis review applies. Public safety was a rational basis for enacting the challenged statutes. (R&R at 22-23.) |
| (2) The Fourth Amendment Argument: Section 25850(b) violates the Fourth Amendment by authorizing peace officers to | A chamber check is not a "search" because it does not infringe on a reasonable expectation of privacy. Even if it is a search, the Fourth |

---

[3] Section 25850 makes it a crime to carry "a loaded firearm on the person or in a vehicle" in most public places unless the person falls within a statutory exception. Statutory exemptions include persons licensed to carry a concealed weapon, see Section 26010, but do not include persons with a general concern for self-defense.
    Section 26350 makes it a crime to carry "an exposed and unloaded handgun" in most public places. The recognized exceptions do not include general self-defense. See Sections 26361-26392.
    Finally, Section 26400 makes it a crime to carry "an unloaded firearm that is not a handgun." Again, the recognized exceptions do not include general self-defense. See Section 26405.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                                                                           Date: December 7, 2022
                                                                                                                                                      Page 3

| | |
|---|---|
| inspect visible firearms to determine if they are loaded and arrest any person who does not consent to a chamber check, without a warrant. (R&R at 10; SAC at 26.) | Amendment is not implicated because such a search is reasonable. (R&R at 32-35.) |
| (3) The Licensing Equal Protection Argument: Sections 26150 and 26155 violate the Fourteenth Amendment's Equal Protection Clause, because they restrict open carry licenses to counties with populations of less than 200,000 people. (R&R at 11; SAC at 29.) | Because restrictions on issuing licenses for open carry do not violate a fundamental right, rational basis review applies. Public safety was a rational basis for enacting the challenged statutes. (R&R at 42.) |
| (4) The Race-Based Equal Protection Argument: Sections 26150 and 26155 violate the Fourteenth Amendment's Equal Protection Clause, because they have racist origins and application. (R&R at 12 n.10.) | This claim fails because (1) it was not pled in the SAC; and (2) Plaintiff lacks standing, because he is not a member of a protected racial class. (R&R at 12 n.10, 26-28.) |
| (5) The Void-for-Vagueness Argument: Section 25850's prohibition on loaded open carry of weapons is unconstitutionally vague. (R&R at 11; SAC at 28.) | Facial challenges on the ground of unconstitutional vagueness that do not involve the First Amendment are not cognizable. (R&R at 42-43.) |

In May 2014, the District Judge adopted the R&R and entered judgment dismissing the SAC with prejudice. (Dkt. 166, 167.)

      **C.**      **The Appeal.**

Plaintiff appealed. (Dkt. 168 [case no. 14-55873].) The Ninth Circuit stayed the appeal while it considered other cases involving gun rights. (Dkt. 173.)

In July 2022, the Ninth Circuit directed the parties to file supplemental briefs addressing the impact of New York State Rifle & Pistol Assn, Inc. v. Bruen, 597 U.S. __, 140 S. Ct. 1525 (June 23, 2022) ("Bruen"). (Dkt. 179.) Both sides argued that the Ninth Circuit could decide for them as a matter of law based on Bruen. Defendant argued, "[S]tates and local governments may, consistent with he Second Amendment, regulate '*the manner* of public carry,' so long as they generally allow 'law-abiding citizens with ordinary self-defense needs' to carry firearms in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES　　　　　　　　　　　　　　　　Date: December 7, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

public in *some* fashion—and there is no dispute that California permits otherwise-eligible individuals to carry *concealed* firearms in public." Nichols, No. 14-55873, Dkt. 133 at 6.

Defendant also argued, in the alternative, that the Ninth Circuit could "remand this case for further proceedings consistent with Bruen," which "[a]mong other things, … would allow development of the record on the specific question of whether California's restrictions on open carry are 'consistent with the Nation's historical tradition of firearm regulation.'" Nichols, No. 14-55873, Dkt. 133 at 20 (quoting Bruen, 140 S. Ct. at 2127). Defendant argued that it would be "inappropriate to enjoin state law on the basis of a newly applicable legal standard without providing the State the opportunity to develop a record tailored to that new standard." Id. at 8.

After reviewing those briefs, on September 12, 2022, the Ninth Circuit issued a one-page order disposing of the appeal, as follows:

> The district court's judgment is VACATED, and this case is REMANDED to the district court for further proceedings consistent with the United States Supreme Court's decision in [Bruen].
>
> The parties shall bear their own attorney's fees, costs, and expenses. This order constitutes the mandate of this court.

(Dkt. 180.)

On September 14, 2022, two days after the mandate, Plaintiff filed a motion asking the Ninth Circuit to recall the mandate and extend his deadline to petition for rehearing en banc. Nichols, No. 14-55873, Dkt. 143. As of the date of this Order, that motion remains pending.

### D.　**The Status Reports.**

On October 26, 2022, the Magistrate Judge asked the parties to file status reports addressing the effect (if any) of Plaintiff's pending motion to recall the mandate on the district court's jurisdiction and proposing a schedule for future proceedings. (Dkt. 185.) The parties filed a joint status report on November 15, 2022. (Dkt. 189.)

The parties agree that this Court has jurisdiction post-mandate unless/until the Ninth Circuit recalls the mandate or the United States Supreme Court issues a writ of certiorari. (Id. at 13, 22-23.) The Court agrees with this analysis and will proceed under that jurisdiction.

The status report also identified several disputes over what "further proceedings" should occur in the district court, addressed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES				Date: December 7, 2022
								Page 5

## II.    DISPUTED ISSUES.

### A.    The Scope of the Mandate.

The parties agree that on remand, this Court must act within the boundaries of the Ninth Circuit's mandate.  The rule of mandate "provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Stacy v. Colvin, 825 F.3d 563, 568 (9th Cir. 2016) (citation and internal quotation marks omitted).  Under this rule, a district court cannot "revisit its already final determinations unless the mandate allowed it." United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995) (citations omitted).  "Violation of the rule of mandate is a jurisdictional error." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012).  However, "the rule of mandate allows a [trial] court to decide anything not foreclosed by the mandate," and the district court is limited by the Ninth Circuit's remand only "when the scope of the remand is clear." Id. (citations omitted).

Here, the Ninth Circuit vacated the judgment and instructed the district court to conduct "further proceedings consistent" with Bruen.  (Dkt. 180.)  The parties disagree over whether this mandate gives the district court authority to reexamine earlier final orders that have nothing to do with the Second Amendment and therefore cannot be informed by further proceedings consistent with Bruen.

It does not.  Under the plain language of the mandate, the only "further proceedings" authorized are proceedings to re-adjudicate Plaintiff's claims consistent with Bruen.  Bruen concerns the scope of Second Amendment rights.  The district court, therefore, has not been authorized to reexamine the May 2014 order adopting the R&R to the extent it ruled against Plaintiff on issues unrelated to the Second Amendment, i.e., Plaintiff's Fourth Amendment argument, Race-Based Equal Protection argument, and Void-for-Vagueness argument.  The mandate, however, authorizes further proceedings on Plaintiff's Second Amendment argument and Licensing Equal Protection argument, because the district court's prior rulings on those two arguments relied on pre-Bruen Second Amendment jurisprudence.

That said, if Plaintiff pursues an appeal after this Court's further proceedings consistent with Bruen, then he may re-raise any claim or error that the Ninth Circuit declined to address in appeal no. 14-55873.

In considering the scope of the mandate on remand, Plaintiff specifically urges the Court to address the following issues:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                          Date: December 7, 2022
                                                                        Page 6

### 1.     The Identity of the Parties.

Plaintiff originally named both the California Governor and Attorney General in their official capacity. (Dkt. 1.) In May 2012, the district court dismissed all claims against the Governor "with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and the Eleventh Amendment." (Dkt. 46.) This order adopted the reasoning of an earlier R&R that concluded, in relevant part, "because Plaintiff's sole basis for suing [then-Governor] Brown is based on the Governor's general enforcement powers, Plaintiff has failed to show that his injury is 'fairly traceable' to the Governor [and] … therefore fail[ed] to satisfy the second prong of the standing analysis." (Dkt. 40 at 23.)

When Plaintiff filed his notice of appeal, he appealed not only the May 2014 judgment, but also the May 2012 order dismissing the Governor. (Dkt. 168.) As a result, the Governor appeared as an appellee to defend the appeal. Nichols, No. 14-55873, Dkt. 9. Plaintiff argues that now Governor Newsom and Attorney General Bonta are both defendants. (Dkt. 189 at 2.)

The appeal, however, ended when the Ninth Circuit issued its mandate. The May 2012 order dismissing the Governor as a defendant had nothing to do with the Second Amendment, so it falls outside the scope of "further proceedings" under the mandate. Since the district court will not be reexamining that order and Governor Newsom is not sued in the SAC, Governor Newsom is not a defendant in this Court's further proceedings.

### 2.     Claims under the California Constitution.

The original Complaint challenged the constitutionality of various California statutes under the California Constitution. (Dkt. 1 ¶¶ 50-51, 83.) When the district court dismissed all claims against the Governor with prejudice, the dismissal included those claims. (Dkt. 40, 46.)

Plaintiff argues that the district court should not have dismissed his claims based on the California Constitution with prejudice, because he may be able to litigate them in state court. (Dkt. 189 at 4, 12-13.) Again, however, the May 2012 order dismissing the Governor had nothing to do with the Second Amendment, so reexamining it is beyond the scope of the present mandate.

### 3.     Spreading the Mandate.

Plaintiff urges the Court to "issue an order spreading the mandate." (Dkt. 189 at 7.) The Ninth Circuit explains the meaning of this thusly:

> The verb "to spread" as used in connection with mandates is a special judicial

Case 2:11-cv-09916-SSS-KES  Document 190  Filed 12/07/22  Page 7 of 9  Page ID #:2802

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                          Date: December 7, 2022
                                                                                                      Page 7

>     usage, not acknowledged by Webster's Third International Dictionary (1981). In
>     our usage it means to note on the district court case docket that mandate has
>     issued. An order of this court is merely "lodged." According to the online
>     Oxford English Dictionary (2d ed. 1989), at http://www.oed.com … in American
>     usage "to spread" means "to record or enter on a documentary record."

Dils v. Small, 260 F.3d 984, 987 n.1 (9th Cir. 2001).

In the Central District of California, the Clerk's Office has procedures that cause this to be done automatically. Consistent with those procedures, the Ninth Circuit's mandate order has already been filed on this Court's electronic docket. (Dkt. 180.) For these reasons, a separate order spreading the mandate is unnecessary.

### B.     Discovery.

Defendant contends that Bruen "fundamentally altered the legal standard for evaluating Second Amendment challenges to firearms regulations" which makes "expert and factual discovery … vital to evaluating Plaintiff's challenges." (Dkt. 189 at 23.) Defendant requests sufficient time "to conduct both fact and expert discovery to develop a factual, legal, and historical record." (Id. at 24.)

Plaintiff appears to argue, first, that since Defendant previously prevailed on a motion for judgment on the pleadings, the "further proceedings" consistent with Bruen must be limited to reconsideration of Defendant's prior motion, perhaps with supplemental briefing but with no extrinsic evidence. (Id. at 14.) Second, Plaintiff argues that "Bruen requires judges to make their final decision based on the pleadings and briefs, without a trial, discovery or an evidentiary record." (Id.) Third, Plaintiff argues that allowing Defendant more time to present evidence would be futile because "[t]here is no historical record that the Defendants could develop regardless of the amount of time this Court would grant…" (Id. at 15.)

In ordering further proceedings consistent with Bruen, the Ninth Circuit did not limit those proceedings to reconsideration of Defendant's prior motion or a new motion for judgment on the pleadings. The Court agrees with Defendant that an analysis under Bruen generally requires government officials defending firearm regulations to present detailed historical evidence, either via a motion for summary judgment or at trial. For example, the Bruen Court considered laws from medieval times, cited a "scholar who canvassed 19th-century newspapers," and questioned the absence of trial court records "showing the average size of surety postings" under nineteenth century state laws that required persons to post a bond before publicly carrying "a dirk, dagger, sword, pistol, or other offensive and dangerous weapon" under certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES  Date: December 7, 2022
Page 8

circumstances.  See Bruen, 142 S. Ct. at 2139, 2148-49.  The Court will not pre-judge what relevant evidence Defendant might find if given sufficient time.  A schedule that gives Defendant time to engage experts, collect evidence from the historical record, and present that evidence (if undisputed) via a motion for summary judgment is consistent with the Ninth Circuit's mandate.

To the extent Plaintiff argues that "Bruen forecloses a motion by either side for summary judgment" and "forecloses a trial" (Dkt. 189 at 19), the Court disagrees.  Bruen changed the legal test (and thus what constitutes relevant evidence) for determining the scope of Second Amendment rights.  Bruen did not change the Federal Rules of Civil Procedure.  Under those rules, if there is no material, factual dispute, then the Court can decide the case via a motion for summary judgment.  Fed. R. Civ. P. 56.  If there is a material, factual dispute, then a trial is required to resolve it.

Although Bruen itself was an appeal from a denial of a motion to dismiss, the opinion does not foreclose the type of discovery Defendant seeks.  Indeed, in response to the Bruen dissenters' prediction that the "text-and-history test will prove unworkable," in part because it will be difficult for judges to "engage in 'searching history surveys,'" the majority opinion in Bruen noted that courts should "follow the principle of party presentation" and "decide a case based on the historical record compiled by the parties."  Bruen, 142 S. Ct. at 2130 n.6 (citations omitted).  Allowing Defendant to conduct discovery in this case will allow Defendant to compile such a record.  Because it is the government's burden to compile that record, see id. at 2126, it is appropriate to allow Defendant to do so using his requested method.

Plaintiff also argues that Defendant should not be permitted to re-depose him.  (Dkt. 189 at 15-16.)  "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)," to depose a deponent who "has already been deposed." Fed. R. Civ. P. 30(a)(2)(A)(ii).  "A party seeking a court order to extend the time of a deposition must show good cause to justify such an order."  Stonebreaker v. Guardian Life Ins. Co. of Am., No. 11-cv-0797, 2012 U.S. Dist. LEXIS 13307, at *5 (S.D. Cal. Feb. 3, 2012); see also Fed. R. Civ. P. 30(d)(1), advisory committee notes on 2000 amendments ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.").  The Court will not decide at this juncture whether Defendant has "good cause" to re-depose Plaintiff.  If after meeting and conferring the parties cannot agree, Defendant may move to compel Plaintiff's deposition and present arguments and evidence in an attempt to show good cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                      Date: December 7, 2022
                                                                    Page 9

### III.  CONCLUSION.

In light of the foregoing, IT IS HEREBY ORDERED that the parties shall be governed by the following pretrial deadlines.  The Court will separately enter a Case Management and Scheduling Order describing further procedures.[4]

| **Pretrial Deadlines** | **Date** |
|---|---|
| Last Day to Serve Opposing Parties with Interrogatories, Requests for Admission, and Requests for Production of Documents and Things, and Deposition Notices | May 12, 2023 |
| Serve Initial Expert Disclosures | May 31, 2023 |
| Serve Rebuttal Expert Disclosures | June 30, 2023 |
| Serve Sur-Rebuttal Expert Reports | July 31, 2023 |
| Complete Fact and Expert Discovery and File Related Discovery Motions | August 31, 2023 |
| Last Day to File Substantive Motions (such as Motions for Summary Judgment) | October 13, 2023 |

Initials of Deputy Clerk JD

---

[4] If neither party wins summary judgment because there is a material, factual dispute, then the Court will set pre-trial deadlines after announcing its ruling on the motion(s) for summary judgment.