UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:11-cv-09916-SSS-KES<br><br>CASE MANAGEMENT AND<br>SCHEDULING ORDER |

To secure the just, speedy, and inexpensive determination of this action, the Court hereby enters the following Case Management and Scheduling Order ("Order").

## I.
## PRETRIAL DEADLINES

| | |
|---|---|
| File Discovery Status Reports | March 20, 2023 |
| Last Day to Serve Opposing Parties with Interrogatories, Requests for Admission, Requests for Production of Documents and Things, and Deposition Notices | May 12, 2023 |
| Serve Initial Expert Disclosures | May 31, 2023 |
| Serve Rebuttal Expert Disclosures | June 30, 2023 |
| Serve Sur-Rebuttal Expert Reports | July 31, 2023 |
| Complete Fact and Expert Discovery and File Related Discovery Motions | August 31, 2023 |
| Last Day to File Substantive Motions (such as Motions for Summary Judgment) | October 13, 2023 |

## II.
## CASE MANAGEMENT PROCEDURES

**A.      Compliance with Rules**

All parties must comply with the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the Central District of California unless compliance is expressly excused by this Order or another order of the Court.  The parties in this case are excused from complying with Local Rule 16 (governing final pretrial conferences and trial preparation), Local Rule 26-1 (requiring pretrial scheduling conferences), and Local Rules 37 and 45 (requiring use of joint stipulation procedure for filing discovery motions).  The FRCP are available at: https://www.federalrulesofcivilprocedure.org/frcp, and the Local Civil Rules are

available at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

**B.      Plaintiff's Mailing Address**

The mailing address listed in Plaintiff's filings will be presumed correct and may be used to communicate with Plaintiff. Plaintiff must notify the Court immediately if his or her mailing address changes by filing a Notice of Change of Address. Failure to update Plaintiff's mailing address may result in this action being dismissed for failure to prosecute. See Local Rule 41-6 ("If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

**C.      Discovery**

1.      Availability: The parties may commence discovery. Parties may obtain discovery regarding any matter that is: (a) not privileged, (b) relevant to the claims or defenses of any party, and (c) proportional to the needs of the case. See FRCP 26(b)(1). Self-represented litigants are entitled to discovery to the same extent as parties represented by counsel. The Court expects that parties responding to discovery requests drafted by pro se litigants will interpret the requests in a common-sense fashion and provide available, relevant information.

2.      Protective Order: To facilitate the exchange of relevant records that may contain sensitive confidential information (such as medical or financial records), the parties may apply to the Court for a protective order. In drafting a proposed protective order, the parties are encouraged to use as a starting point the example protective order on the Court's website at: http://www.cacd.uscourts.gov/honorable-karen-e-scott.

3.      Preservation: All parties to a lawsuit are obligated to take reasonable steps to keep and preserve all records or other evidence (whether in paper or

electronic form) that may be relevant to the claims or defenses asserted by any party to the lawsuit. Such reasonable steps may include, without limitation, disabling automatic delete functions on email accounts, printing online records that may subsequently become unavailable, preventing the automatic overwriting of surveillance camera footage, and saving voicemail recordings.

4. <u>Discovery Stays</u>: The Court may order a complete or partial stay of discovery in appropriate circumstances. If any party wishes to propose an alternative schedule that involves a discovery stay to promote efficiency, the party may file a motion for stay at any time prior to the discovery cut-off date.

5. <u>Serving Parties with Requests for Discovery</u>: The parties should serve discovery requests on opposing parties as described in FRCP 5. A party may not serve a discovery request by email unless the opposing party has consented to such service. <u>See</u> FRCP 5(b)(2)(E). Discovery requests do not need to be filed with the Court unless they are being used to support or oppose a motion. <u>See</u> Local Rule 26-2.

6. <u>Discovery Cut-Off</u>: The fact and expert discovery cut-off date is **August 31, 2023**. All discovery must be ***completed*** on or prior to the discovery cut-off date. Discovery taken by written requests (such as interrogatories, requests for admissions and requests for the production of documents or things) is considered completed on the date when the written response to the request is due.

7. <u>Interrogatories</u>: All interrogatories shall be served by **May 12, 2023**.

8. <u>Requests for Admission</u>: All requests for admission shall be served by **May 12, 2023**. The subject matter of requests for admission may be deemed "admitted" by a party who fails to serve a timely response. <u>See</u> FRCP 36(a)(3).

9. <u>Requests for Production of Documents or Things ("RFPs")</u>: All RFPs shall be served by **May 12, 2023**. In drafting RFPs, parties should limit their requests to the time periods and subject matters that appear relevant to the claims and defenses in the litigation. Any objections to an RFP must state whether any

responsive materials are being withheld on the basis of that objection. See FRCP 34(b)(2)(C). Relevant, responsive documents that pre-date the filing of the litigation and are withheld on the basis of privilege should be identified in a privilege log. See FRCP 26(b)(5).

10. <u>Non-Party Discovery:</u> Parties proceeding pro se can apply to the Court to issue subpoenas to obtain documents and/or deposition testimony from non-parties following the procedures set forth in FRCP 45. Copies of the Central District of California's standard subpoena forms for civil actions are available on the Court's website at: https://www.cacd.uscourts.gov/court-procedures/forms. If issued by the Court, the subpoena will be stamped by the Clerk and returned to the self-represented party for service in accordance with FRCP 45. Parties seeking discovery via subpoena should note that, even if the Court has granted them leave to proceed in forma pauperis, this does not relieve them of their obligation to pay any witness fees or copying costs that may be required to compensate the non-parties who are subpoenaed.

11. <u>Discovery Status Report:</u> On **March 20, 2023**, each party shall file and serve a discovery status report containing the following information: (a) a statement of the principal issues raised by the case, (b) a summary of what discovery has occurred, and the anticipated schedule for completing future discovery, (c) a list of contemplated motions, and the anticipated dates for filing such motions, (d) the status of settlement negotiations, including whether or not plaintiff has made a settlement demand and defendant has responded with a counteroffer, and (e) if and when the parties would be willing to attend a settlement conference with the Magistrate Judge assigned to the case, or another Magistrate Judge, and (f) any other suggestions the parties may wish to make regarding the management of this action.

**D.     Motions**

1. <u>Pre-Filing Meet-and-Confer Requirements:</u> Parties filing discovery

motions and Defendants filing their *first* motion to dismiss shall comply with Local Rule 7-3. See Local Rule 7-3 (requiring a party filing a motion to discuss the substance of the motion and any potential resolution with opposing counsel at least 7 days before filing the motion). Compliance with Local Rule 7-3 is excused for subsequent motions to dismiss and for all motions for summary judgment.

2. Discovery Motions: All motions related to discovery (such as motions to compel or motions to quash subpoenas) shall be filed and served not later than **August 31, 2023**. For motions involving the self-represented Plaintiff, the Court hereby excuses the moving and responding parties from compliance with Local Rule 37, and instead orders them to comply with Local Rule 7-3. The motion shall describe what efforts were made to resolve the discovery dispute prior to filing the motion. The Court expects the parties to cooperate to resolve discovery disputes reasonably without resorting to filing discovery motions whenever possible. Oppositions to discovery motions should focus on the merits of the discovery dispute rather than perceived defects in the format of the moving papers.

3. Substantive Motions: Any motion directed to the Court's jurisdiction or the merits of any claim or defense (such as a motion to dismiss or a motion for summary judgment) shall be filed and served not later than **October 13, 2023**. Unless otherwise ordered, any opposition to the motion (or a notice of non-opposition) shall be filed and served within **twenty-eight (28) days** of service of the motion, and any reply papers shall be filed and served within **fourteen (14) days** after service of the opposition. The moving party may notice the motion for hearing at least **fifty-six (56) days** after service of the motion, but the Court may elect not to hold oral argument and instead decide the matter on the basis of all timely filed papers. See Local Rule 7-15.

**E.    Settlement Procedures**

1. It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any

reasonable means to accomplish this goal.  See Local Rule 16-15.

    2.      The parties may engage in settlement discussions at any time.  It is the Court's experience that an early, reasonable settlement demand can spur efficient resolution.

    3.      Plaintiff may send Defendants a settlement demand letter marked "confidential."  Any such demands or offers generally may not be used in court to prove or defeat any claims or defenses.  See Fed. R. Evid. 408.[1]

    4.      The Court expects Defendants to treat Plaintiff like a party represented by counsel.  Defendants should respond to any settlement demand letter sent by Plaintiff with either an acceptance, a reasonable counteroffer, or a rejection containing a brief statement of Defendants' reasons for the rejection.

    5.      If the parties would like to engage in an early settlement conference with a Magistrate Judge, then they should alert the Court and the Court will use its best efforts to arrange a conference.

## F. Extensions of Time

To request an extension of time for any of the deadlines set forth in this Order, a party should file a motion demonstrating good cause for the extension. The motion should explain why an extension of time is needed and describe the party's diligent efforts to meet the initial filing deadline.  Such a motion should be filed *before* the deadline has expired.

DATED: December 9, 2023

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge

---

[1] The Federal Rules of Evidence are available at: https://www.uscourts.gov/sites/default/files/Rules%20of%20Evidence.

| Free Legal Help for People without an Attorney | | |
|---|---|---|
| **Los Angeles** | **Santa Ana** | **Riverside** |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012<br><br>*Hours (by appointment only):*<br>Monday, Wednesday, and Friday<br>9:30 am - 12:00 pm and<br>2:00 pm - 4:00 pm<br><br>To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, Ext. 270 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701<br><br>*Hours:*<br>Tuesday 1-4 p.m.<br>Thursday 10 a.m.-12 p.m. and<br>1:30 - 3:30 p.m.<br><br>For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501<br><br>*Hours:*<br>Tuesday and Thursday<br>10 a.m. - 2 p.m.<br><br>For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

Due to the COVID-19 pandemic, the clinics' offices in the federal courthouses may be closed. Any litigant seeking legal services should contact their local clinic to determine whether the clinic is open, or is offering legal advice via phone or email.

Visit the Court's website for further information:
http://prose.cacd.uscourts.gov/federal-pro-se-clinics