1  Charles Nichols
2  PO Box 1302
   Redondo Beach, CA 90278
3  Telephone: (424) 634-7381
   E-mail: CharlesNichols@Pykrete.info
4  *In pro per*

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | **CHARLES NICHOLS,** | Case No.: 11-cv-09916-SSS(SS) |
13 |                      |                               |
   |              Plaintiff, | **PLAINTIFF'S OBJECTIONS TO ORDERS BY THE MAGISTRATE JUDGE [ECF NOS 185, 190, 191]** |
14 |                      |                               |
15 |        v.            |                               |
16 | **Gavin Newsom, in his official capacity as Governor of California, Rob Bonta, in his official Capacity as Attorney General of California,** | Date: 12/16/2022 |
17 |                      | Judge: The Honorable Sunshine Suzanne Sykes |
18 |                      | Trial Date: |
   |              Defendants. | Action Filed: 11/30/2011 |
19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Charles Nichols, In Pro Per, hereby objects to the Orders of the Magistrate Judge: Order Requiring Parties to File Status Report [ECF 185], Order re Further Proceedings [ECF 190], and CASE MANAGEMENT AND SCHEDULING ORDER [ECF 191].

Plaintiff begins his objections by noting that nowhere in any of the orders by the magistrate judge did she inform pro se Plaintiff Nichols that he has a right to object to the orders, let alone the consequences of his failing to object or what the deadlines are, if any, for filing his objections. Absent any instructions, Plaintiff Nichols has consolidated his objections to all three orders of the magistrate judge rather than file three separate, largely duplicative objections.

Plaintiff's threshold objection is that the magistrate judge has absolutely no jurisdiction in this case. She does not have the jurisdiction to issue any order. She does not have jurisdiction to make any conclusions of law. She does not have jurisdiction to issue any finding of fact. She does not have jurisdiction to issue a scheduling order. She has no jurisdiction whatsoever.

The only judge who has jurisdiction in this lawsuit is the district court judge but even then, and contrary to the conclusions of the magistrate judge, the district court judge must strictly comply with the mandate pursuant to The Mandate Rule. The district court "cannot vary it [the mandate] or examine it for any other purpose than execution." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).

The Defendants have taken the position that neither this Court (the district court judge) nor the magistrate judge is bound by The Mandate Rule, The Law of the Case Doctrine, Estoppel, and the like. Why? Because, the Defendants position, without a pinpoint citation (or any citation), is that *New York State Rifle & Pistol*

1  *Association v. Bruen*, 142 S. Ct. 2211 (2022) ("*Bruen*") overruled every binding
2  jurisdictional and procedural law precedent in this circuit, and nationwide.
3      Before this case was briefed and argued on appeal, the State of California had
4  already conceded in the en banc oral argument to *Peruta v. County of San Diego*,
5  824 F. 3d 919 (9th Cir. 2016) that the right to openly carry firearms, including
6  handguns, extends beyond the curtilage of the home into public places.
7      As the prevailing party in that case, Estoppel prohibited the Defendants from
8  taking an inconsistent position in this case (Nichols v. Newsom).  And so, during
9  the oral argument before the three-judge panel, the Defendants argued that
10 *McDonald v. City of Chicago*, 561 U.S. 742 (2010) required that the panel conduct
11 its own historical analysis and then overrule the right to openly carry loaded rifles,
12 shotguns, and handguns which *District of Columbia v. Heller*, 554 U.S. 570 (2008)
13 held was an individual right.
14     As absurd as that sounds, that is what seven members of an en banc panel did
15 in *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021), *vacated* 142 S.Ct. 2895 (2022)
16 albeit limited to small, concealable arms. "We need go no further than this, because
17 the Hawaiʻi firearms licensing scheme Young challenges only applies to "a pistol or
18 revolver and ammunition therefor."" Id at 813.  The en banc majority opinion was
19 written by one of the members of the three-judge panel in this case.  He held that
20 the mere sight of small, concealable arms, including handguns was terrorizing to
21 people, contra *Bruen* at 2142-2153. "The Second Amendment guaranteed to "all
22 Americans" the right to bear commonly used arms in public subject to certain
23 reasonable, well-defined restrictions. *Heller*, 554 U.S. at 581, 128 S.Ct. 2783."
24 *Bruen* at 2156.  All nine justices in *Bruen* were in agreement that *Heller* protects
25 the right to openly carry loaded rifles and shotguns, statewide.
26     *Heller* invalidated District of Columbia laws which prohibited possession of
27 handguns in the home and on private property and also prohibited the carrying of
28 loaded long guns for the purpose of self-defense, and required them to be "unloaded

1  and dissembled or bound by a trigger lock or similar device" unless they are located
2  in a place of business or are being used for lawful recreational activities." Id at
3  2788.
4      The Defendants now argue that although *Bruen* explicitly held that the right in
5  *Heller* was never limited to the home and the right to carry loaded firearms extends
6  to all non-sensitive public places, the *Bruen* opinion somehow entitles them to an
7  additional year or two to prove that the *Bruen* opinion should be overruled.
8      The magistrate judge agreed, and did so without any pinpoint citation to *Bruen*
9  in support of her conclusions of law.  In her scheduling order, the magistrate judge
10 said the Defendants could be entitled to more time than what they asked for [page
11 7, lines 15-20].
12     In addition, the magistrate judge sua sponte concluded that *Bruen* overruled
13 *Ex parte Young*, 209 U.S. 123 (1908) by dismissing the defendant with the greatest
14 enforcement power (Governor Newsom) with prejudice pursuant to the 11th
15 Amendment, paradoxically, because she concluded that the mandate does not allow
16 this Court to reexamine the Order dismissing the Governor.  The magistrate judge
17 conceded that Plaintiff challenged the dismissal with prejudice of the governor, and
18 she concedes that the court of appeals did not affirm the dismissal, or affirm
19 anything raised and argued on appeal.
20     In the case of *Miller v. Bonta*, No.:3:22-cv-01446 (S.D. California), which
21 brings a multifaceted challenge to a California law that shifts all costs and attorney
22 fees to plaintiffs and their attorneys unless they prevail in every claim when
23 challenging a California State law as unconstitutional under the Second
24 Amendment, Defendant Bonta conceded that the law is unconstitutional and refused
25 to enforce it.  Defendant Newsom immediately filed a motion to intervene based in
26 substantial part on Article V, section 1 of the California Constitution.  In his initial
27 Complaint, Plaintiff Nichols pleaded the very same thing in paragraph 5.  On
28 December 9, 2022, Defendant Newsom's motion to intervene was granted.

It was black letter law then and now that a defendant is not to be dismissed at the initial pleading stage. It was black letter law then and now that the party asserting Eleventh Amendment immunity bears the burden of proof. Defendant Newsom cannot meet that burden because his power to enforce the law is greater than that of Defendant Bonta. Governor Newsom did not even take the position that he is not a proper defendant in this case in the joint status report.

When Plaintiff Nichols filed his timely notice of appeal in May of 2014, the Governor in his official capacity was named in that notice. Defendant Newsom was put on notice eleven years ago that the governor's enforcement of California Penal Code section 25850 violates Plaintiff's rights protected by the Federal Constitution. Likewise, the governor was adequately noticed as to Plaintiff's amended claims when Plaintiff's notice of appeal was filed, and again when the appeal became fully briefed, and again when oral argument took place, and every moment since.

> The Mandate stated in relevant part, "The district court's judgment is VACATED, and this case is REMANDED to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ____ (2022). The parties shall bear their own attorney's fees, costs, and expenses. This order constitutes the mandate of this court. VACATED AND REMANDED."

Enjoining state officials (e.g., Defendant Newsom) from enforcing a law they can enforce pursuant to *Ex parte Young* and its progeny when they have properly been put on notice is entirely consistent with both the mandate and with *Bruen*.

"Discovery is only appropriate where there are factual issues raised..." *Jarvis v. Regan*, 833 F. 2d 149, 155 (9th Circuit 1987). The facts in this case are not in dispute. The district court judge granted the Rule 12(c) motion for a judgment on

the pleadings on May 1, 2014. A motion the defendants were precluded from filing had there been any material issues of fact remaining to be resolved.

No facts have changed.  If this Court were not bound by The Mandate Rule or *Bruen*, then the Defendants would be required to file a motion to reopen discovery, and they must show good cause.  They did neither.  But contrary to the position of the Defendants, and contrary to the conclusion of the magistrate judge, this Court is bound by The Mandate Rule, and it is bound by *Bruen*.

The Defendants have had eleven years to compile their evidence.  They conceded in the joint status report that they have no evidence, and no expert witnesses.  "[A]n expert witness cannot give an opinion as to a legal conclusion. *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017).

*Bruen* forecloses a trial.  There is no fact or set of facts that can be submitted to a jury.  For that matter, there is no fact or set of facts that can be submitted to this Court by which this Court can overrule *Bruen*.

In the Attorney General's status report [ECF 130] on page 4, lines 18-19, the Attorney General took the position that Plaintiff "Nichols is not entitled to a trial by jury...given that Nichols is seeking only equitable relief…"

In Plaintiff Nichols status report [ECF 127] on page 4, lines 26-28 he saw no need for a jury trial given that the remainder of the case involved pure questions of law.  Then, as now, all that remains are pure questions of law. Questions of law which *Bruen* has already decided.

In the Attorney General's status report [ECF 130] on page 4, lines 12-13, the Attorney General took the position that she anticipates calling between one and three percipient witnesses and zero or one expert witness. There are no percipient witnesses that the Defendants could have called then or now.  The Attorney General chose to call no witnesses, percipient or expert.  Now the Defendants want a trial to be held sometime in 2024 so that they can have time to obtain one or more expert

6

witnesses to tell this Court why the *Bruen* opinion allows this Court to overrule the *Bruen* opinion, after a trial it cannot conduct, sometime in 2024 or 2025 (or later).

Historical facts are "legislative facts," not "adjudicative facts." Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law. *Moore v. Madigan*, 702 F. 3d 933, 942 (7th Cir. 2012), "Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law." Id.

Illinois law banned the Open Carry of loaded and unloaded rifles, shotguns, and handguns for the core lawful purpose of bearing arms, in case of confrontation, for the purpose of self-defense in incorporated cities towns and villages. The bans did not apply to private property. *Moore* enjoined Illinois' ban on carrying loaded and unloaded firearms outside of the home because the Second Amendment right to bear arms is not limited to the home. *Bruen* at 2135.

Unlike Illinois law, it is a crime for Plaintiff Nichols to step even one-inch outside the doors of his home, into the curtilage of his home, while carrying loaded and unloaded rifles, shotguns, and handguns (openly or concealed) for the core lawful purpose of bearing arms, in case of confrontation, for the purpose of self-defense. The Illinois bans were limited to incorporated cities, towns, and villages. California's bans apply statewide.

The fact is even if this case were not about carrying loaded firearms outside the doors to one's home, which *Bruen* has indisputably held applies statewide, there can be no trial consistent with *Bruen* and the mandate because the only evidence *Bruen* allows consistent with the One-Step test are historical legislative facts, and the only ones who get to decide those facts are judges.

The judges who have the final word on Federal law are the justices of the United States Supreme Court. The justices have already decided in *Heller*, *McDonald*, and *Bruen* that the American People have a right to openly carry loaded and unloaded firearms in the home and in all non-sensitive public places. The six

justices in the *Bruen* majority created a loophole for concealed carry. The three justices in the *Bruen* minority said that they accept the Open Carry right in *Heller* as Stare Decisis. Although Justice Alito in his concurrence questioned the sincerity of the dissent in expressing their support of the right to openly carry loaded rifles and shotguns in public (and possibly to openly carry handguns as well), all nine justices in *Bruen* have concluded that the right to carry arms openly in *Heller* is the right guaranteed by the Constitution of the United States. Id at 2809.

Neither *Bruen* nor the mandate permits this Court to do anything other than to grant declaratory relief, and enjoin enforcement of California laws which infringe on the right of Plaintiff Nichols' and similarly situated individuals to openly carry loaded and unloaded rifles, shotguns, and handguns (openly carried) in the curtilage of his home, on his private residential property, in and on his motor vehicles (including attached campers or trailers), and in all non-sensitive public places.

As to California's licensing laws, Federal judges (unlike California State judges) are not allowed to rewrite laws. If any part of a law is unconstitutional then the role of a Federal judge is to enjoin the enforcement of the law and throw it back to the legislature.

Moreover, the then magistrate judge's scheduling order of June 12, 2013, [ECF 107] gave the State a more than generous five months to complete discovery and file their dispositive motion against Plaintiff Nichols' claims, which were not limited to the Second Amendment. The magistrate judge has now given the Defendants until October 13, 2023, which is thirteen months from the remand. Not forgetting that she indicated she could give them additional time if she wanted to.

*Bruen* held at 2138, "the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." No number of expert witnesses, no mountain of evidence (no matter how persuasive this Court may find it to be), can change the fact that this Court is bound by both *Bruen* and The Mandate Rule.

# CONCLUSION

For the foregoing reasons, Plaintiff's Objections should be sustained in their entirety, and this Court should immediately enjoin the enforcement by the Governor and Attorney General, and grant Plaintiff's declaratory relief, and all other such relief consistent with The Mandate Rule, *Bruen*, and his operative complaint. The views and conclusions of law by the magistrate judge (and any findings of fact) are clearly erroneous, and not simply based on her conclusion that this court is allowed to defy The Mandate Rule, Law of the Case Doctrine, Estoppel, and the like, or that this Court can base its decision on evidence that must be rejected by *Bruen*.

The magistrate judge Orders, conclusions of law, scheduling order, findings of fact, everything, do not contain so much as a fig leaf hiding their injustice and unfairness. Should this Court overrule Plaintiff Nichols' objections then this Court should ask that this case be reassigned, and be reassigned to a district court judge in Los Angeles County in order to avoid waste and duplication, and to preserve the appearance of fairness. Reassigning this case to a court in another county, more than 70 miles away from where Plaintiff Nichols lives, did not bear even a semblance of justice or fairness.

Dated:  December 16, 2022                          Respectfully submitted,

                                                            Charles Nichols

                                                            */s/  Charles Nichols*
                                                            *In Pro Per*