**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:11-cv-09916-SSS-KES | Date: July 25, 2024 |

Title: CHARLES NICHOLS v. ROBERT BONTA, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** Order re Defendant's Motion for Summary Judgment (Dkt. 204) and Notice to Plaintiff of Procedural Rules Requirements

On July 24, 2024, Defendant Bonta filed a motion for summary judgment. (Dkt. 204.) As discussed in the Court's order of December 7, 2022 (Dkt. 190), only claims at issue after the Ninth Circuit remand are the following:

- The Second Amendment Argument: Plaintiff argues that Sections 25850, 26350 and 264003 violate the Second Amendment, because law-abiding citizens have a right to openly carry firearms, loaded and unloaded, in non-sensitive public places for the purpose of self-defense. (See Dkt. 162 at 10 (report & recommendation issued March 18, 2014); Dkt. 83 at 27 (Second Amended Complaint).)

- The Licensing Equal Protection Argument: Plaintiff argues that Sections 26150 and 26155 violate the Fourteenth Amendment's Equal Protection Clause, because they restrict open carry licenses to counties with populations of less than 200,000 people. (See Dkt. 162 at 11; Dkt. 83 at 29.)[1]

---

[1] The Court previously found that the other claims raised in the SAC—summarized in the Court's prior order as the Fourth Amendment Argument, the Race-Based Equal Protection Argument, and the Void-for-Vagueness Argument—are outside the scope of the Ninth Circuit's remand. (See Dkt. 190 at 5.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:11-cv-09916-SSS-KES  Date: July 25, 2024
Page 2

Defendants move for summary judgment on both of these claims. (See Dkt. 204 (notice of motion).)

IT IS HEREBY ORDERED that:

1. The Clerk shall provide Plaintiff with copies of Federal Rule of Civil Procedure 56 and Central District Local Rule 56, which deal with summary judgment motions.[2]

2. Plaintiff shall file his opposition to Defendants' summary judgment motion **on or before Aug. 22, 2024**.

3. Defendants shall file a reply to Plaintiff's opposition **on or before Sept. 5, 2024**.

4. The hearing noticed for September 17, 2024 is **taken off calendar**. The Court[3] will take the motion under submission after receiving Defendant's reply and decide it on the papers without oral argument. See Local Rule 7-15.

**NOTICE OF REQUIREMENTS OF FEDERAL RULE 56 AND LOCAL RULE 56**

A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, usually end your case. Federal Rule of Civil Procedure 56 and Local Rule 56 tell you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine dispute as to any material fact—that is, if there is no real dispute about any fact that would affect the result of your case—and the party who asked for summary judgment is entitled to judgment as a matter of law.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Federal Rule of Civil 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Pursuant to Local Rule 7-9, you must file and serve with your opposing papers your own Memorandum of the Points and Legal Authorities on which you are relying to oppose the

---

[2] Central District Local Rule 56 has been revised, effective June 1, 2023. The Clerk will send Plaintiff the current version. For parties with Internet access, all the Court's Local Rules can be found at: https://www.cacd.uscourts.gov/court-procedures/local-rules/.

[3] Although the hearing was noticed before Judge Sykes, Magistrate Judge Scott will be issuing a report and recommendation on the motion under the referral (Dkt. 3, 184) and General Order 05-07.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:11-cv-09916-SSS-KES  Date: July 25, 2024
Page 3

summary judgment motion.

In addition, pursuant to Local Rule 56-2, you must file and serve with your opposing papers a separate document entitled "Statement of Genuine Disputes," which sets forth concisely all material facts as to which you contend there exists a genuine dispute necessary to be litigated. The Statement of Genuine Disputes should (a) specify, for each of the facts listed as uncontroverted in defendants' "Statement of Uncontroverted Facts," whether you concede that the fact is undisputed, and if not, the evidence which you believe establishes that the fact is disputed, and (b) list all other material facts that you contend are in dispute, and specify for each the evidence which you believe establishes that the fact is in dispute.

**If you fail to file the required Statement of Genuine Disputes as required by Local Rule 56-2, or properly address the moving party's assertion of facts as required by Federal Rule of Civil Procedure 56(c), the Court may consider the facts asserted by the moving party as undisputed for purposes of the motion.**

You should prepare your Statement of Genuine Disputes in the form of a chart. In the first column of the chart, you should list all of the facts identified as uncontroverted by the moving party. In the second column, for each of the moving party's facts, you should state whether you agree that fact is true (if so, say "undisputed"), contend that fact is untrue (if so, say "disputed"), or contend that the fact is partially true and partially false (if so, say "partially disputed"). If you believe one of the moving party's facts is partially true and partially false, then you can explain in the second column which portion you contend is true and which portion you contend is false.

For any fact that you have marked as "undisputed," you do not need to put anything else in the second column. For any fact that you have marked as "disputed," either in whole or in part, in the second column of your Statement of Genuine Disputes, you should state the evidence that tends to disprove the listed fact. That evidence might be your own declaration under penalty of perjury or a document, such as a receipt or medical records. If you signed your complaint under penalty of perjury, then you can cite to your complaint. If, however, you did not sign your complaint under penalty of perjury, then you cannot cite to your complaint.

In addition, if the moving party has failed to identify some facts that you believe are (1) relevant to resolving the case and (2) disputed, then you should list those facts at the end of your Statement of Genuine Disputes under the heading "Other Material Disputed Facts," accompanied by cites to the evidence that you believe shows each fact to be true.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                              Date: July 25, 2024
                                                                                                    Page 4

Here is a short example of what your Statement of Genuine Disputes might look like:

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| 1. On January 1, 2016, Officer Smith conducted a traffic stop involving Plaintiff.<br><br>*Evidence:* Officer Smith's declaration, ¶ 1. | 1. Undisputed. |
| 2. Plaintiff was driving the car.<br><br>*Evidence*: Officer Smith's declaration, ¶ 2. | 2. Undisputed. |
| 3. As he approached the car, Officer Smith told Plaintiff, "Get out of the car."<br><br>*Evidence*: Officer Smith's declaration, ¶ 3. | 3. Disputed.<br><br>Officer Smith never told Plaintiff to get out of the car.<br><br>*Evidence*: Plaintiff's declaration, ¶ 4. (In that paragraph of your declaration, you would say, "Officer Smith never told me to get out of the car.") |
| 4. Plaintiff and the passenger got out of the car.<br><br>*Evidence:* Officer Smith's declaration, ¶ 4. | 4. Partially disputed.<br><br>Plaintiff got out of the car, but the passenger stayed in the car.<br><br>*Evidence*: Plaintiff's declaration, ¶ 5. (In that paragraph of your declaration, you would say, "I got out of the car, but my passenger stayed in the car.") |
| **Other Material Disputed Facts** ||
|  | 5. Officer Smith drew his gun.<br><br>*Evidence:* Plaintiff's declaration, ¶ 3. |

Your Statement of Genuine Disputes, including its list of Other Material Disputed Facts (if any), should be limited to issues of fact (for example: dates, locations, events, statements, what you saw or heard, what injuries were suffered). It should not include opinions or legal

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:11-cv-09916-SSS-KES                                            Date: July 25, 2024
                                                                                                    Page 5

arguments (for example: who you believe is at fault, whether or not someone's conduct violated the Constitution, whether or not you were treated fairly, etc.). Legal issues should be discussed in the Memorandum of Points and Legal Authorities.

Note that, in most lawsuits, there will be some facts that both sides agree are true (for example: the date of the incident, where the defendant works, what someone said, etc.). If you agree that all of the facts listed as uncontroverted by the moving party are true, then your opposition should focus on legal arguments rather than factual arguments.

If the moving party's motion is limited to a particular issue that could cause you to lose the whole case (for example: whether you failed to exhaust your remedies under the Prison Litigation Reform Act, or whether you filed your lawsuit after the statute of limitations expired), then your legal Memorandum of Points and Legal Authorities, Statement of Genuine Disputes, and list of Other Material Disputed Facts should focus on that issue.

Initials of Deputy Clerk jd

Apr. 29, 2002, eff. Dec. 1, 2002; Mar. 27, 2003, eff. Dec. 1, 2003; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Rule 55. Default; Default Judgment**

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 29, 2015, eff. Dec. 1, 2015.)

**Rule 56. Summary Judgment**

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

81            FEDERAL RULES OF CIVIL PROCEDURE            **Rule 56**

  (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

  (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  (1) defer considering the motion or deny it;

  (2) allow time to obtain affidavits or declarations or to take discovery; or

  (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  (1) give an opportunity to properly support or address the fact;

  (2) consider the fact undisputed for purposes of the motion;

  (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

  (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

  (1) grant summary judgment for a nonmovant;

  (2) grant the motion on grounds not raised by a party; or

  (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted

**Rule 57**         FEDERAL RULES OF CIVIL PROCEDURE        82

in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

**Rule 57. Declaratory Judgment**

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 58. Entering Judgment**

(a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
    (1) for judgment under Rule 50(b);
    (2) to amend or make additional findings under Rule 52(b);
    (3) for attorney's fees under Rule 54;
    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
    (5) for relief under Rule 60.

(b) ENTERING JUDGMENT.
    (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
        (A) the jury returns a general verdict;
        (B) the court awards only costs or a sum certain; or
        (C) the court denies all relief.
    (2) *Court's Approval Required.* Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:
        (A) the jury returns a special verdict or a general verdict with answers to written questions; or
        (B) the court grants other relief not described in this subdivision (b).

(c) TIME OF ENTRY. For purposes of these rules, judgment is entered at the following times:
    (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
    (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
        (A) it is set out in a separate document; or
        (B) 150 days have run from the entry in the civil docket.

(d) REQUEST FOR ENTRY. A party may request that judgment be set out in a separate document as required by Rule 58(a).

| Amount of Judgment | Attorneys' Fees Awards |
|---|---|
| $0.01 - $1,000 | 30% with a minimum of $250.00 |
| $1,000.01 - $10,000 | $300 plus 10% of the amount over $1,000 |
| $10,000.01 - $50,000 | $1200 plus 6% of the amount over $10,000 |
| $50,000.01 - $100,000 | $3600 plus 4% of the amount over $50,000 |
| Over $100,000 | $5600 plus 2% of the amount over $100,000 |

This schedule shall be applied to the amount of the judgment exclusive of costs. An attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable.

## F.R.Civ.P. 56.  SUMMARY JUDGMENT

**L.R. 56-1 Documents Required From Moving Party.** A party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. A party seeking summary judgment shall lodge a proposed Judgment; a party seeking partial summary judgment shall lodge a proposed Order.

**L.R. 56-2  Statement of Genuine Disputes of Material Fact by Opposing Party.** Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.

**L.R. 56-3  Determination of Motion.** In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

**L.R. 56-4  Motions Under F.R.Civ.P. 56(d) [ABROGATED].**