Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
424-634-7381
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Nichols,<br><br>              Plaintiff,<br><br>       vs.<br><br>Gavin Newsom (California Governor);<br>Rob Bonta (California Attorney<br>General), in their official capacity.<br>              Defendants. | Case No.: 2:11-cv-09916 SSS(KES)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Judge: The Honorable Sunshine S. Sykes<br>Magistrate Judge: The Honorable Karen E. Scott<br>Trial Date: None set<br>Action Filed: 11/30/2011 |

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Bonta and Governor Newsom are automatically substituted as defendants in this matter in place of their predecessors.

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

Introduction..........................................................................................................1

Background ........................................................................................................2

Argument...........................................................................................................7

Conclusion…………………………………………………………...24

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Baird v. Bonta*,

   81 F. 4th 1036 (9th Cir. 2023) ...................................................................7, 12

*Bauer v. Becerra*,

   858 F. 3d 1216 (9th Cir, 2017) ...........................................................................11

*District of Columbia v. Heller*

   554 US 570 (2008)................................................................................ *passim*

*FT Travel--New York, LLC v. Your Travel Ctr., Inc.,*

   112 F. Supp. 3d 1063 (C.D. Cal. 2015) ...........................................................17

*Jackson v. City and County of San Francisco,*

   746 F. 3d 953 (9th Cir. 2014) ...........................................................................13

*Lara v. COM'R PENNSYLVANIA STATE POLICE,*

   91 F. 4th 122 (3rd Cir. 2024) ...........................................................................15

*McDonald v. City of Chicago*, Ill.,

   561 US 742 (2010)...............................................................................15, 19

*Moore v. Madigan*,

   702 F.3d 933 (7th Cir. 2012) ...........................................................................16

*New York State Rifle & Pistol Assn, Inc. v. Bruen*,

   597 US 1 (2022).................................................................................. *passim*

*Nunn v. State*,

   1 Ga. 243 (1846) ................................................................... 16-17, 22

*People v. Jones*,

   278 P. 3d 821 (2012)...............................................................................14, 18, 23

*People v. Miller*,

   94 Cal. App. 5th 935 (2023) ...........................................................................22

# TABLE OF AUTHORITIES

## (continued)

**Page**

*People v. Mitchell*,
   209 Cal. App. 4th 1364 (2012) ...................................................... 8

*Peruta v. County of San Diego*,
   824 F. 3d 919 (9th Cir. 2016) ............................................... 21-22

*Seven Words LLC v. Network Solutions*,
   260 F. 3d 1089 (9th Cir. 2001) ...................................................... 6

*Stanard v. Dy*,
   88 F. 4th (9th Cir. 2023) ................................................................ 5

*State v. Chandler*,
   5 La.Ann. 489 (1850) .............................................................. 16-17

*US v. Cureton*,
   739 F. 3d 1032 (7th Cir. 2014) .................................................... 15

*US v. Davis*,
   825 F. 3d 1014 (9th Cir. 2016) .................................................... 11

*US v. Tait*,
   202 F. 3d 1320 (11th Cir. 2000) .................................................. 23

*United States v. Rahimi*,
   602 U. S. ____ (2024) ............................................................. 20-23

*Worth v. Jacobson*,
   (No. 23-2248, 8th Cir. July 16, 2024) ......................................... 15

*Wrenn v. Dist. of Columbia*,
   864 F.3d 650 (D.C. Cir. 2017) .................................................... 16

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ...................................................... 17

# TABLE OF AUTHORITIES

## (continued)

Page

**STATUTES**

United States Code, Title 18 § 922(q)(2) ................................................................5

United States Code, Title 18 § 926A ................................................................1, 4

**California Penal Code**

California Penal Code § 171.5 ................................................................1

California Penal Code § 171.7 ................................................................1

California Penal Code § 626.9 ................................................ 1, 4-7, 18, 23-24

California Penal Code § 25850 ................................................................1

California Penal Code § 26350 ................................................1, 10, 18, 23

California Penal Code § 26400 ................................................1, 18, 23

California Penal Code § 26150 ................................................1, 3, 6

California Penal Code § 26155 ................................................................1

California Penal Code § 26162 ................................................................1

California Penal Code § 26165 ................................................................1

California Penal Code § 26170 ................................................................1

California Penal Code § 26175 ................................................................1

California Penal Code § 26180 ................................................................1

California Penal Code § 26185 ................................................................1

California Penal Code § 26190 ................................................................1

California Penal Code § 26200 ................................................................1

California Penal Code § 26202 ................................................................1

California Penal Code § 26205 ................................................................1

California Penal Code § 26210 ................................................................1

California Penal Code § 26215 ................................................................1

# TABLE OF AUTHORITIES

## (continued)

**Page**

California Penal Code § 26220 ........................................................................1

California Penal Code § 26230 ........................................................................1

## OTHER AUTHORITIES

Fed.R.Civ.P. 54(c)........................................................................................5

Senate Bill No. 918 (SB-918), 2021-2022 Reg. Session .........................................4

Senate Bill No. 2 (SB2), 2022-2023 Reg. Session .............................................4, 6

## Introduction

Plaintiff seeks to enjoin the enforcement by Defendants Newsom and Bonta, their officers, agents, servants, employees, and all persons acting in concert with them who receive actual notice of the injunction of California Penal Code sections 171.5, 171.7, 626.9, 25850, 26350, 26400, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, and all other California laws that infringe on his Second Amendment right to openly carry, possess, and transport loaded and unloaded rifles, shotguns, and handguns, intrastate and interstate, and all of the licensing requirements restrictions and prohibitions on Plaintiff obtaining a license to openly carry firearms, as well as the restrictions and prohibitions on Plaintiff openly carrying firearms were he to be issued a license to openly carry firearms, except for the prohibition on issuing a license to those prohibited by Federal law from possessing firearms (i.e., PC26195) which does not apply to Plaintiff, or the laws as they apply to *concealed* carry or *assumed* sensitive places, such as schools and government buildings (the challenged laws have no application in these places).  Plaintiff also seeks declaratory relief, including declaratory relief that he is licensed by the State of California to openly carry rifles, shotguns, and handguns it is legal for him to possess under state and Federal law in his home, loaded and unloaded, statewide, and in the curtilage of his home, on his private residential property, his place of sojourn, in and on his motor vehicle, and in *all* non-sensitive public places, in case of confrontation, for the purpose of self-defense, and for other lawful purposes.

Plaintiff challenges the requirement of a license to *openly* carry firearms, in and of itself, as well as the prohibition on his transportation of unloaded firearms, which he is entitled to do pursuant to 18 U.S. Code § 926A and the Second Amendment to the United States Constitution which section 626.9(c)(2)(a) prohibits Plaintiff from doing.  The Defendants ("the State") argues, contrary to state law and the

Second Amendment that merely openly carrying a firearm or the mere sight of a firearm is threatening, terrorizing, or rude.  Plaintiff seeks a declaration that openly carrying a firearm does not violate California Penal Code section 417, which criminalizes the carrying or display of a firearm in a rude or threatening manner, except in self-defense.  If declaratory relief is unavailable against any and all laws, then he seeks to prospectively enjoin its enforcement as well.

## Background

California law prohibits Plaintiff from carrying loaded and unloaded rifles, shotguns, and handguns in the curtilage of his home, on his private residential property, in and on his motor vehicle, and in *all* non-sensitive public places, in case of confrontation, for the purpose of self-defense, and for other lawful purposes, in violation of the Second Amendment to the United States Constitution which is, in turn, a violation of the Fourteenth Amendment to the United States Constitution.

California law prohibits Plaintiff from obtaining a license to carry a handgun, openly or concealed.  Plaintiff does not seek a concealed carry license. Plaintiff does not seek to carry a concealed weapon for any purpose, anywhere.  Under California law, an unloaded handgun in a fully enclosed locked container is not a violation of California's statewide prohibition on concealed carry (PC25400).

Concealed carry is an act of moral turpitude.  Absent a license to carry a handgun concealed, it is a *crime* of moral turpitude under California law.  Although there were 19th-century exceptions for travelers while on a journey, allowing the carrying of concealed weapons, there is no travelers' exception under California law.   Plaintiff seeks an unrestricted license to openly carry a handgun (excluding schools and government buildings), and to enjoin Governor Newsom and Attorney General Bonta, in their official capacity, from enforcing California laws that

infringe on Plaintiff's Second Amendment right to openly carry loaded and unloaded rifles, shotguns, and handguns in the above-mentioned places, in case of confrontation, for the purpose of self-defense, and for other lawful purposes. California law does not provide for the licensed carrying of loaded and unloaded long guns (e.g., rifles and shotguns) that would allow Plaintiff to openly carry a loaded or unloaded long gun, in case of confrontation, for the purpose of self-defense, and for other lawful purposes, anywhere in the State of California, including the above-mentioned places.

When this action was filed on November 30, 2011, it was legal for Plaintiff to openly carry unloaded long guns, and unloaded handguns, and unloaded handguns in a fully enclosed locked container. The State of California then banned the Open Carry of unloaded handguns and long guns (excluding unloaded antique firearms as antique firearms are defined by Federal law).

Plaintiff filed his operative Second Amended Complaint ("SAC") Dkt. No. 83, which was amended to enjoin the enforcement of California's bans on openly carrying unloaded firearms, in case of confrontation, for the purpose of self-defense, and for other lawful purposes. Plaintiff also sought declaratory relief.

After his SAC was filed, California law was amended to remove the exception for licensed handgun holders, issued pursuant to California Penal Code sections 26150 et seq., to carry handguns, openly or concealed, in schools and on the grounds of a public or private school (places Plaintiff excluded in his SAC). California law prohibiting the Open Carry of unloaded long guns was extended to apply statewide instead of just incorporated cities. The statewide ban on openly carrying unloaded long guns does not apply *inside* of a motor vehicle. Plaintiff resides in an incorporated city. In addition to handguns (antique and modern), State law

prohibits Plaintiff from openly carrying loaded and unloaded long guns (except unloaded antiques), in the curtilage of his home, on his private residential property, and in all non-sensitive public places, in case of confrontation, for the purpose of self-defense, and for other lawful purposes.

On January 1, 2024, California law was amended to prohibit Plaintiff from obtaining a license to carry a handgun, openly or concealed, in Senate Bill 2 ("SB2"). SB2 amended California Penal Code section "PC" 626.9 to prohibit Plaintiff from transporting his handguns, unloaded, in a fully enclosed locked container from his home to his vehicle parked on the street. PC626.9 was amended to prohibit unloaded handguns in a fully enclosed locked container from being carried or transported, except when within a motor vehicle *at all times*.

In Plaintiff's Prayer for Relief at "R" he sought "A Declaration that no license is required to openly carry a firearm for the purpose of self-defense." That PFR applies to all non-sensitive public places, including the 1,000-foot "gun-free" school zones that extend from every public and private school.

In Plaintiff's supplemental brief on appeal, he put the State on notice that "When SB-918 becomes law, it will be a crime for Plaintiff to simply transport any firearm, be it handguns or long guns, modern or antique, loaded or unloaded, through a California Gun-Free School Zone. And that prohibition extends to interstate travel which violates 18 U.S. Code § 926A - Interstate transportation of firearms." Court of Appeals No. 14-55873 ECF #130 at page 2, ¶3.

SB-918 narrowly failed to reach the 2/3 vote in the Senate, which is required for "emergency legislation." After SB-918 failed, the Defendants sponsored and helped write SB2 the following year, which became effective on January 1, 2024.

PC 626.9 was amended to prohibit Plaintiff from transporting his handguns (loaded or unloaded, antique and modern), in a fully enclosed locked container outside the doors to his home, in violation of the Second Amendment and Federal law.  There is no parking on Plaintiff's residential property.  Plaintiff parks his vehicle on public streets.

Defendants were again given notice on April 20, 2023, that Plaintiff was challenging PC626.9 in Plaintiff's answer to the State's First Set of Interrogatories. Plaintiff explicitly stated that he was challenging PC 626.9 in his answer, as well as the loaded and unloaded Open Carry bans, and all of the licensing statutes.

The Defendants' argument that Plaintiff does not challenge California Penal Code section ("PC") 626.9, is false.  Plaintiff did not *explicitly* seek to enjoin enforcement of PC626.9 in his SAC, but he did ask for an application and a license to openly carry a handgun but was denied SAC ¶¶46-47. Nichols' Decl. at 89.

A license to openly carry a handgun would have allowed Plaintiff to openly carry a loaded and unloaded handgun in the curtilage of his home, on his private residential property, in and on his motor vehicle, and within 1,000 feet of every K-12 public and private school (but not in schools or on school grounds), in case of confrontation, for the purpose of self-defense, and for other lawful purposes, without being in violation of PC626.9.

The state license is also an exemption to the Federal law 18 USC §922(q)(2).

Moreover, and not forgetting that since Plaintiff is pro se, his pleadings must be liberally construed (*Stanard v. Dy*, 88 F. 4th (9th Cir. 2023) at footnote 4). Fed.R.Civ.P. 54(c) does not preclude Plaintiff from seeking prospective injunctive

and declaratory relief against PC 626.9 or any other law.  "[E]very final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in its pleadings."..." *Seven Words LLC v. Network Solutions*, 260 F. 3d 1089, 1096 (9th Cir. 2001).

Plaintiff is entitled to keep and bear arms on his private residential property, in and on his motor vehicle, in all non-sensitive places within and without the State of California, in the United States, and to transport those firearms interstate pursuant to Federal law.

SB2 amended other provisions of California law after his SAC was filed to prohibit Plaintiff from openly carrying loaded and unloaded rifles, shotguns, and handguns in the very same non-sensitive places it was legal for him to openly carry (and transport) unloaded firearms (without a license), and would have allowed Plaintiff to openly carry loaded firearms, excluding handgun, within 1,000 feet of public and private schools which requires a license, and Plaintiff seeks an *unrestricted* Open Carry license to openly carry firearms in those now prohibited places.

Licensed and unlicensed hunters are exempt from California's bans on openly carrying loaded and unloaded firearms.   A hunting license is required for hunters to openly carry a firearm in places where hunting is prohibited.  Hunters are required to have a license issued pursuant to PC26150 et seq. to carry a handgun (loaded or unloaded) within 1,000 feet of every K-12 public or private school. PC626.9 does not prohibit hunters or Plaintiff from carrying loaded or unloaded long guns within these 1,000-foot "gun-free" school zones.  However, SB2 amended California law to prohibit Plaintiff, as well as hunters), from possessing, transporting, and carrying all firearms (including antiques) if they have a license to carry a handgun (openly or concealed) issued pursuant to PC26150 et seq.

Prospective Injunctive and/or Declaratory relief against PC 626.9 and every other law that infringes on Plaintiff's Second Amendment rights and/or in violation of Federal law is appropriate (Plaintiff's Prayer for Relief at X).

In short, the only firearms Plaintiff is able to carry without violating California law are unloaded antique long guns, unless he has a license to carry a handgun, openly or concealed, in which case he can neither carry nor possess them or any modern firearm in nearly every populated place, and in many scarcely populated places.

The State's claim that "Plaintiff voluntarily dismissed all defendants except the Attorney General. ECF No. 125" is false on its face. Only the Redondo Beach and Doe Defendants were dismissed (and without prejudice). Plaintiff explicitly stated in his notice of appeal (ECF168) that he was appealing the dismissal of the Governor "and all interlocutory orders, including, but not limited to, those that gave rise to the district court's judgment." In his opening brief, Plaintiff explicitly raised and argued the dismissal of the governor. The Court of Appeals did not affirm the dismissal of the Governor or affirm anything else.

### Argument

California's Open Carry bans are statewide bans.

"A district court should not try to help the government carry its burden by "sift[ing] ... historical materials" to find an analogue. *Id*. at 2150. The principle of party presentation instead requires the court to "rely on the parties to frame the issues for decision." *Baird v. Bonta*, 81 F. 4th 1036, 1041 (9th Cir. 2023)

The State's argument in their defense is both Orwellian and Kafkaesque.

The Defendants make multiple fatal errors. First and foremost, ***the State failed to***

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

***argue that the Open Carry bans are constitutional as-applied to Plaintiff as alleged in his operative complaint***. SAC¶¶8-13, 36, 42-43, 45-47, 49-52, 54, 57-58, 62-69, 84-85, and Plaintiffs Prayer for Relief.  Nichols' Decl. at 90.

Nor did the Defendants argue that the bans are constitutional as-applied to Plaintiff *and* similarly situated individuals.  The State made no mention of Plaintiff's as-applied challenges anywhere in its argument.  Instead, the State limited its argument to a "no set of circumstances" defense of a facial challenge—a facial challenge Plaintiff never made and does not make now. The Governor did not join in the State's motion for summary judgment.  The deadline for the Governor to join or to file a separate dispositive motion has passed.

The State posits "public safety" as the reason for banning Open Carry.  Open Carry enhances public safety because a weapon openly carried allows the weapon bearer to defend himself while at the same time giving fair notice to those around him that he is armed so they may govern themselves accordingly.  *People v. Mitchell*, 209 Cal. App. 4th 1364, 1371 (2012).

Absent from the State's evidence is proof that Open Carry presents a danger to the public.  It is an easy case to make that concealed weapons account for nearly all homicides.  The Raney "expert witness" report is a fantasy about police officers going around murdering people who openly carry firearms.  As Open Carry is prohibited in only a handful of states, if this were true, then the evidence of these murders would be voluminous.  There is no evidence of these widespread murders in the record!  Moreover, police officers are agents of the state.  The state does not have a Second Amendment right.  If police officers are murdering people for exercising a fundamental, enumerated Constitutional right, then the solution is to disarm the police.

1
2
3
4
5
6
7
8
9
10

"In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."" *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 17 (2022) "*Bruen*."

11
12
13
14

"[T]he Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Id* at 28.

15
16
17
18
19

The only arms at issue are rifles, shotguns, and handguns that are legal for Plaintiff to possess under both California state and Federal law.  These are bearable arms, in common use for the purpose of self-defense, which existed at the time of the founding and exist today.

20
21
22
23
24
25
26
27

Not forgetting that *Bruen* at 28 held that all protected arms, including firearms (including handguns) regardless of their overall length, are arms Plaintiff has the right to keep in bear in and about his home and in densely populated places, the burden is on the State to prove that Plaintiff does not have the right to keep and bear loaded and unloaded rifles, shotguns, and handguns in the curtilage of his home, on his private residential property, in and on his motor vehicle, and in *all* non-sensitive public places.

28

The Defendants argue that the burden is on Plaintiff to prove that he has the right

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

to keep and bear arms in these places. *Bruen* unequivocally held that when the plain text of the Second Amendment covers Plaintiff's conduct, the burden of proof is on the government. *Id* at 17-31.

Nowhere in the plain text of the Second Amendment does it state that Plaintiff does not have the right to keep and bear arms firearms in the curtilage of his home, on his private residential property, in and on his motor vehicle, and in *all* non-sensitive public places. Nowhere does the plain text state that Plaintiff must have a license, let alone a license that does not exist either for handguns or long guns.

*Bruen* did not hold or imply that licenses can be required for *Open Carry*, let alone that Open Carry can be banned when Open Carry licenses are non-existent or because concealed carry is allowed. In footnote 9 *Bruen* implied that licenses can be required for *concealed* carry, which is not surprising given *District of Columbia v. Heller*, 554 US 570,626 (2008) and *Bruen* at 54 held *only concealed carry* can be prohibited.

Plaintiff did not challenge the background check requirement. SAC¶85. Not because background checks are constitutional, but because he does not want gang members, violent felons, wife beaters, drunkards, the mentally ill, etc., to be allowed to possess, let alone carry firearms, should he ultimately prevail in his action. Nichols' Decl. at 91.

A license has always been Plaintiffs *alternative* (Nichols Decl. at 91) in case he was unable to obtain unlicensed Open Carry SAC¶85. The State has not proven a national tradition of requiring a license to *openly carry* rifles, shotguns, and handguns within 1,000-feet of K-12 schools or anywhere. For that matter, the State has not proven that there was a national tradition of licensing concealed

carry.  Either issue an Order for Plaintiff to receive an unrestricted license to openly carry a handgun, issue a declaration that he is licensed by the State of California, or enjoin enforcement of California's "gun-free" school zones or do all of the above. This relief is within the scope of Plaintiff's operative complaint and the relief this Court can grant.

The State has already conducted a background check on Plaintiff SAC ¶48. Nichols' Decl. at 92.  Indeed, because most of Plaintiff's handguns are recorded in the Attorney General's Dealer Record of Sale database, the State conducts a continuous background check on Plaintiff.  The State identifies prohibited persons "by cross-referencing the Consolidated Firearms Information System ("CFIS") database of people who possess a firearm, which is generated primarily through DROS reporting, against criminal records, domestic violence restraining order records, and mental health records." *Bauer v. Becerra*, 858 F. 3d 1216, 1219-1220 (9th Cir, 2017).  Nichols' Decl. at 92.

Notwithstanding that Plaintiff, decades ago, took a California hunter safety class, and an Oregon state-mandated safety class to obtain his license to openly carry loaded firearms in the half-dozen home-rule cities in Oregon that required openly carried firearms to be carried unloaded, a safety course does not allow, and is not required for, Plaintiff to possess, transport, or openly carry loaded and unloaded firearms.  *Bruen* did not hold that Plaintiff's Second Amendment right is conditional on his taking a firearms safety class or complying with any of the licensing requirements.

The State is fond of citing concurrences.  This Circuit does not consider concurrences unless the Supreme Court opinion is fractured.  Absent fractured opinions, the majority opinion is controlling.  *US v. Davis*, 825 F. 3d 1014--1017

(9th Cir. 2016).  And even then, only on the "narrowest grounds on which a majority of the justices agreed" *Id* at 1016.

The State opens its argument by intentionally omitting the well-pleaded and argued facts that there are no licenses available by which Plaintiff can openly carry any loaded or unloaded firearm or that the Defendants intentionally amended California law to prohibit Plaintiff from obtaining a concealed carry license or to possess any handgun outside the doors to his home or that he pleaded that he asked for both an application and license to openly carry a handgun SAC¶¶46-47(which Defendant Bonta still has not provided to anyone), and was denied solely because no licenses exist for anyone, including Plaintiff, who resides in a county of 200,000 or more people. There is no evidence the State has granted any Open Carry licenses in the record.  Nichols' Decl. at 93.

Plaintiff is the master of his Complaint, not the Defendants and not this Court. *Baird Supra.*

As Plaintiff explained in his mandatory meet and confer with the state's attorney, Plaintiff challenged the licensing laws and the requirement for a license in the unlikely event that California removed the prohibitions on his obtaining a license to openly carry a handgun or a Court enjoined those prohibitions and restrictions. Those prohibitions remain.

The State's argument that it can require licensed Open Carry but then prohibit Plaintiff from openly carrying loaded and unloaded firearms because no licenses exist is analogous to the sole remaining Plaintiff in *District of Columbia v. Helle*r, 554 US 570 (2008), "*Heller.*"  Except that, Dick Heller *was able to apply* for a registration certificate for a handgun to keep in his home and was *denied*. *Id* at 575.

Unlike Dick Heller, it is impossible for Plaintiff to even apply for a license to carry a handgun, openly or concealed, and no licenses are provided by statute for Plaintiff to openly carry a long gun, in case of confrontation, for the purpose of self-defense. Dick Heller, unlike Plaintiff, was able to openly carry loaded and unloaded firearms in public, including a handgun.

In addition to Plaintiff's as-applied challenges, Plaintiff raised a very narrow facial challenge. Contrary to circuit precedent (*Jackson v. City and County of San Francisco*, 746 F. 3d 953, 961-962 (9th Cir. 2014)), which held that Plaintiffs can bring both facial and as-applied challenges under the Second Amendment, the District Court in its final judgment held that Plaintiff could not challenge the bans as they apply to him, or allow him to make his narrow facial challenge.

The District Court expanded Plaintiff's narrow facial challenge into a "no set of circumstances" challenge. This issue was distinctly raised, and argued extensively on appeal. The Court of Appeals vacated the judgment and all orders of the district court *in full*.

Given that the Defendants have waived defending Plaintiff's as-applied challenges, Plaintiff is entitled to a permanent injunction and declaratory relief against California's Open Carry bans. And so are those who are similarly situated to Plaintiff.

The Defendants have not identified even a single application of California's Open Carry bans that is constitutional as-applied to *anyone*, including plaintiff, let alone a *set of circumstances* where the laws do not violate the Second Amendment.

Persons who are prohibited from possessing firearms cannot be punished for

violating California's bans on carrying firearms (openly or concealed) under California law pursuant to the California Supreme Court opinion in *People v. Jones*, 278 P. 3d 821, 352 (2012).

California's Open Carry bans do not apply to sensitive places, and the Defendants have long since conceded this in their answering brief on appeal.

No license to carry a handgun, openly or concealed, can be issued to anyone in California who is prohibited by state or Federal law from possessing firearms. Although Federal law does not apply to antique firearms, and under Federal law otherwise prohibited persons can be licensed to carry modern rifles, shotguns, and handguns. California law prohibits prohibited persons from possessing firearms and being licensed.

Plaintiff is not prohibited from possessing any firearms under state or Federal law, and as a person who is not prohibited from possessing firearms, Plaintiff does not challenge that prohibition, or any prohibition on the keeping and bearing of arms by prohibited persons, or any California law that applies to *concealed* carry. This is, has always been, and will always be a pure Open Carry lawsuit.

The only persons who can be punished for possessing, carrying, and transporting firearms by the California State laws Plaintiff seeks purely prospective injunctive and declaratory relief against are persons, including Plaintiff, who have the right to keep and bear arms protected by the Second Amendment, in places protected by the Second Amendment, while keeping and bearing firearms protected by the Second Amendment, who commit no crime other than the "*crime*" of keeping and bearing arms protected by the Second Amendment in places protected by the Second Amendment while engaged in Second Amendment protected conduct.

To the extent the Defendants might contrive an application, that application would be a lesser included offense to which California law also prohibits punishment.  In any event, the bans punish only constitutionally protected conduct.  To "punish the mere use, carriage, or possession of a firearm…would run afoul of the Second Amendment." *US v. Cureton*, 739 F. 3d 1032, 1043 (7th Cir. 2014).

*District of Columbia v. Heller*, 554 US 570 (2008), "*Heller*" *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010) "*McDonald*", and *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) "*Bruen*" facially invalidated the challenged laws because when a law punishes only constitutionally protected conduct, the law is facially invalid.  Accord, *Lara v. COM'R PENNSYLVANIA STATE POLICE*, 91 F. 4th 122, 139 (3rd Cir. 2024) (enjoining the enforcement of a ban on 18-to-20-year-olds from openly carrying loaded and unloaded, rifles, shotguns, and handguns outside their homes during a state of emergency, but denying them licenses which would have allowed them to carry handguns *concealed* (cert petition No. 24-93) pending sub nom *Christopher Paris, Commissioner, Pennsylvania State Police, Applicant v. Madison M. Lara, et al.*).  Similarly, *Worth v. Jacobson*, (No. 23-2248, 8th Cir. July 16, 2024) Slip Op at pages 5, and 27 affirmed the district court decision that facially invalidated a Minnesota law that prohibited 18-20 year-olds from obtaining a license to carry a handgun in public (openly and concealed) which, in turn, exempts them from the state's general prohibition on openly carrying loaded long guns in public.  As such, Plaintiff is entitled to prevail on his narrow facial claim as well as the State's contrived facial claim.

Prior to *Bruen*, the 7th Circuit Court of Appeals enjoined the Illinois bans on openly carrying loaded and unloaded rifles, shotguns, and handguns in incorporated cities, towns, and villages.  As per *Heller*, the Court held that Illinois could prohibit

concealed carry.  "[A] state may be able to require "open carry"—that is, require persons who carry a gun in public to carry it in plain view rather than concealed. See *District of Columbia v. Heller*, *supra*, 554 U.S. at 626" *Moore v. Madigan*, 702 F.3d 933, 938 (7th Cir. 2012).  The D.C. Circuit Court of Appeals held that *Heller's* citation to *State v. Chandler*, 5 La.Ann. 489 (1850) "[S]hields a right to open carry" and *Heller's* citation to  *Nunn v. State*, 1 Ga. 243, 251 (1846) held that concealed carry can be prohibited, but Open Carry cannot be prohibited. *Wrenn v. Dist. of Columbia*, 864 F.3d 650, 658 (D.C. Cir. 2017).

Given that neither this Court nor any Court of Appeals has the power or the authority to overrule any United States Supreme Court binding precedent, the State's defense of California's bans on the possession, transportation, and carrying of firearms (openly) fails unless this Court holds that *Bruen* overruled the Open Carry right in *Heller*.

"In *Nunn v. State*, 1 Ga. 243, 251 (1846), the Georgia Supreme Court construed the Second Amendment as protecting the "natural right of self-defence" and therefore struck down a ban on carrying pistols openly. Its opinion perfectly captured the way in which the operative clause of the Second Amendment furthers the purpose announced in the prefatory clause, in continuity with the English right:…

 Likewise, in *State v. Chandler*, 5 La. Ann. 489, 490 (1850), the Louisiana Supreme Court held that citizens had a right to carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations." *Heller* at 612-613.

"Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19[th] century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. See, e. g., Sheldon, in 5 Blume 346; Rawle 123; Pomeroy 152–153; Abbott 333. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. See, e. g., *State v. Chandler*, 5 La. Ann., at 489–490; *Nunn v. State*, 1 Ga., at 251; see generally 2 Kent *340, n. 2; The American Students' Blackstone 84, n. 11 (G. Chase ed. 1884)." *Heller* at 626.

In over twelve and a half years of litigation, the State has never argued that any place in which Plaintiff seeks to openly carry loaded and unloaded rifles, shotguns, and handguns is a sensitive place.  That includes the State's motion for summary judgment.  The Defendants affirmatively waived any sensitive places defense in this lawsuit in its answering brief on appeal (Court of Appeals No. 14-55873 ECF #36-1, pages 2, 4, 6, and 12-13.

In the expectation that the State will, for the first time, argue a "sensitive places" defense in their reply brief, and given that this is the only brief Plaintiff is allowed to file, (Judge Sykes' Civil Standing Order at page 17, ¶2 prohibits "cross motions that seek to adjudicate the same legal issues.")  "[D]istrict court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted); see also *FT Travel--New York, LLC v. Your Travel Ctr., Inc*., 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply.") (collecting cases).

During the 50-minute long, mandatory "meet and confer" the State did not propound any facts, material or otherwise.  In the State's "Statement of Uncontroverted Facts" ECF #206, the State raises 44 "uncontroverted facts."

Plaintiff's residence is undisputed. PC626.9 is disputed. The remaining "facts" are, at best, conclusions of law and not relevant as to whether or not *Bruen* overruled the right to openly carry loaded and unloaded rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense, outside the doors to Plaintiff's home from *Heller* at 592 which *Bruen* held extends to all non-sensitive public places, including densely populated places at 27.  Indeed, *Heller* at 626 only *presumed* that the bearing of arms can be prohibited in sensitive places.  *Bruen* converted this rebuttable presumption into an *assumption* at 30-31.  But none of those *presumed* or *assumed* sensitive places are, or have ever been, at issue in this lawsuit.  If they are, then the burden of proof is on the government.

A license to carry a handgun (openly or concealed) does not allow the license holder to carry (or possess) a handgun (or any firearm) in any school or government building or courthouse or polling place, or legislative assembly.  Neither would enjoining the enforcement of the bans on openly carrying loaded and unloaded firearms allow Plaintiff, or anyone, to possess, let alone carry any firearm (openly or concealed) in any of these places because those places are regulated by different laws.

For example, were a person to unlawfully carry a loaded firearm (openly or concealed) in violation of PC25850 or an unloaded firearm in violation of PC26350 or PC26400 into the Governor's mansion, he would be committing a felony in violation of PC171d and, therefore cannot be punished for violating PC25850 or PC25850, or PC26400 pursuant to *Jones, Supra*. To the extent it could

be construed as a lesser included offence, California law prohibits punishment for lesser included offenses.

The State's "facts' are immaterial and irrelevant.  To the extent that this Court considers them and the "expert witnesses" to be relevant, Fed.R.Civ.P. 702 (as amended) states that the admissibility of expert testimony is an issue for the judge to decide, not a jury.

Plaintiff notes as well that Plaintiff demanded a copy of the transcript for him to review both at the beginning of the deposition and at the end from both the State's attorney and the court reporter.  Plaintiff was never provided with a copy of the transcript or given the opportunity to purchase a copy of the transcript.  When he asked again at the end of the deposition, the court reporter responded to the effect "Why are you asking me?"  Plaintiff began the deposition by objecting to the deposition.  Nowhere in the transcript does his objection appear.  Plaintiff made countless objections that do not appear in the transcript.  The transcript is not "true and correct."

*Heller* at 612-613 held that Open Carry is the right guaranteed by the Constitution, and at 626 held that the 19th-century prohibitions on concealed carry do not violate the Second Amendment.  In so doing, *Heller* held that a series of District of Columbia laws that prohibited the carrying of loaded rifles, shotguns, and handguns "in and about" the home, the possession of modern, functional handguns (D.C. did not ban non-functional antique handguns), and the requirement that firearms be rendered non-functional (unloaded, disassembled, trigger locked) violated the Second Amendment.  *McDonald* applied the Second Amendment right "recognized by *Heller*", against all state and local governments at 791.  At 786, *McDonald* cited *Heller* at 626 (19th-century prohibitions on concealed carry do not

violate the Second Amendment), as did *Bruen* at 21 and significantly at 52. The three-justice dissent at 108, written by Justice Breyer, accepted the Open Carry right from *Heller* as *stare decisis*.

Justice Alito, in his concurrence at 78, footnote 3, questioned whether the dissent's "approach would impose any significant restrictions on laws regulating long guns,"

New York State did not and does not prohibit the Open Carry of loaded and unloaded long guns in public. No license was, or is, required. A New York license to carry a handgun allowed one to carry the handgun concealed. The law did not prohibit the handgun from being carried openly. The same license to carry outside of the home for the purpose of self-defense is the same license the petitioners had for target shooting and hunting. The same license is required for employment-related conduct (*Bruen* at 12), such as by corrections officers and armored car guards.

It was not until after *Bruen* was published did New York Governor Hochul issue an edict that the handguns be carried concealed. That edict does not apply to employment related carrying or to hunters and target shooters. There is no New York State law that explicitly prohibits the Open Carry of a handgun, loaded or unloaded.

The recent United States Supreme Court opinion in *United States v. Rahimi,* 602 U. S. \_\_\_\_ (2024) "*Rahimi*" again cited *Heller* at 626. (Slip Op. at 6 laws that "forbade carrying concealed firearms."). Justice Kavanaugh, in his concurrence, cited *Heller* at 626 multiple times and gave as one of his examples, that *Heller* indicated that: (i) "prohibitions on carrying concealed weapons were lawful…" Slip Op. at 22.

Although the State does not argue that Plaintiff is "irresponsible," the Supreme Court emphatically rejected the government's argument that one "may be disarmed simply because he is not "responsible." *Id* at 17.   Mr. Rahimi was certainly irresponsible and violent, and dangerous to others but even he can only be "temporarily disarmed." *Id* at 17, whereas Plaintiff is permanently disarmed as described above.  Indeed, *Rahimi* recognized that the Second Amendment protects the carrying of "muskets and sabers" (neither is concealable) *Id* at 7.  Nowhere did *Rahimi* hold that those muskets must be carried unloaded.

The State does not challenge the en banc holding in *Peruta v. County of San Diego*, 824 F. 3d 919, 942 (9th Cir. 2016) "that the Second Amendment does not protect, in any degree, the carrying of concealed firearms by members of the general public… If there is such a right, it is only a right to carry a firearm openly…  If there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment."

Plaintiff does not challenge the en banc *Peruta* decision.  As such, there is no live case or controversy regarding *Peruta's* holding, and this Court does not have the authority to overrule an opinion of the Court of Appeals even if there were a live case or controversy.

A post-*Bruen*, published opinion by the California Court of Appeals held, "*Bruen* did not suggest that where a state bans both concealed and open carry (or all carry), the concealed carry provisions are unconstitutional. Rather, *Bruen* quoted a Georgia case explaining that to the extent a statute that prohibited concealed carry also prohibited open carry, it was the open carry provision that conflicted with the

Constitution and was void. (*Id*. at p. [142 S.Ct. at p. 2147], quoting *Nunn v. State*
(1846) 1 Ga. 243, 251.) This conclusion controls the outcome of this case." And it
cited *Peruta*,  *People v. Miller*, 94 Cal. App. 5th 935, 946 (2023).  Defendant
Bonta could have appealed that ruling to both the California and United States
Supreme Courts.  He did not.  Judicial Estoppel applies to the Attorney General.

The State argues that *Bruen* and *Rahimi* held that so long as concealed carry is
allowed, the State can ban the keeping and bearing of all arms that are not
concealable, as well as handguns unless those handguns are carried concealed.
Neither *Bruen* nor *Rahimi* supports the State's frivolous argument.  An argument
belied by *McDonald's*, *Bruen's,* and *Rahimi's* citations to *Heller* at 626, and
*Bruen's* citation to *Nunn* at 54.  The California Court of Appeals in *Miller supra*
relied on *Bruen* in holding that Open Carry is the right guaranteed by the Second
Amendment, and there is no right to concealed carry.

Including its motion and MPA for summary judgment, the State filed 1,994 pages
on July 24th.  Entirely absent from those nearly 2,000 pages is any suggestion that
there was a historical tradition of the United States prohibiting Open Carry or
preferring concealed carry over Open Carry in 1791 or 1868, or even today.

What the filings indicate is that the keeping and Open Carry of long guns and
handguns that are not easily or ordinarily carried concealed are arms protected by
the Second Amendment.  Legislatures and State high courts disagreed as to
whether or not small concealable handguns are arms protected by the Second
Amendment.  *Bruen* ended that question.  Handguns, regardless of whether they
are three-foot long Medieval handguns (*Id* at 43, fn. 10), President Thomas
Jefferson's "Horseman's Pistol" with a 22-inch long barrel, which he carried until
late in life, or "pocket pistols" small enough to fit in the palm of one's hand are

arms protected by the Second Amendment.   *Id* at 48.

The State has not proved that there was a national tradition of requiring licenses to openly carry loaded or unloaded firearms, let alone any of the requirements for obtaining a license to openly carry a firearm.

The State wasted a lot of ink arguing that there is a national tradition of excluding some persons and classes of persons from possessing firearms because Plaintiff does not challenge California's laws prohibiting the possession of firearms by persons who have been convicted of certain crimes (PC29805).  Nor can those persons be punished for possessing or carrying loaded or unloaded firearms in violation of PC 626.9, PC25850, PC26350, or PC26400.  *Jones Supra*.

If Plaintiff were to be convicted of violating the challenged laws, he would lose his right to possess firearms, antique and modern, for ten years pursuant to PC29805. Not even the Federal law in *Rahimi* imposed such a draconian punishment on persons convicted of a felony or state law misdemeanor punishable by more than two years of confinement.  Federal law allows those convicted persons to carry loaded and unloaded antique firearms, as well as modern firearms, loaded and unloaded, if licensed by the state.  *US v. Tait*, 202 F. 3d 1320 , 1325 (11th Cir. 2000).

The State devotes the entirety of Section 2 of its MPA, making a 14th Amendment equal protection argument *independent of* the Second Amendment.  Putting aside its frivolous argument that such claims involving fundamental rights are subject to rational basis review instead of strict scrutiny, and not forgetting that Second Amendment equal protection claims are evaluated under the *Bruen* methodology, this Court does not have jurisdiction to decide any of Plaintiff's claims that don't

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

have a Second Amendment nexus.

This was discussed in the meet and confer.  Plaintiff said that the State was free to waste its allowed page count if it wanted to, and it did.  Plaintiff's equal protection, vagueness, and Fourth Amendment claims must be decided on Second Amendment grounds consistent with *Bruen*.  The Mandate Rule precludes this Court from deciding any of Plaintiff's claims other than on Second Amendment grounds, consistent with *Bruen*.  *Bruen* eliminated the tiers of scrutiny. "Today, we decline to adopt that two-part approach." *Id* at 17.

## Conclusion

The Court should deny the State's motion for summary judgment, allow Plaintiff to file a proposed Order for final judgment, and grant him prospective injunctive and declaratory relief as well as costs and attorney fees he expended in his more than twelve and a half years of litigation.

Should this Court grant the State's motion for summary judgment, it should, at a minimum, permanently enjoin the Defendants from enforcing the amendment to PC626.9 that prohibits Plaintiff from transporting his unloaded handguns in a fully enclosed locked container out of his home and out of the state and back again pursuant to Federal law.

Dated: August 21, 2024                                    Respectfully submitted,

                                                         CHARLES NICHOLS


                                                         /s/ Charles Nichols

                                                         CHARLES NICHOLS

                                                         Plaintiff In Pro Per

# CERTIFICATE OF COMPLIANCE

The undersigned, Charles Nichols, Plaintiff In Pro Per, certifies that this brief contains 24 pages, which complies with the 25 page limit of L.R. 11-6.1 and Section D (page 13) of The Civil Standing Order of Judge Sykes.


Dated: August 21, 2024                                    Respectfully submitted,

                                                          CHARLES NICHOLS


                                                          /s/ Charles Nichols

                                                          CHARLES NICHOLS

                                                          Plaintiff In Pro Per


Certificate of Compliance for PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION

FOR SUMMARY JUDGMENT - Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-

09916 SSS(KES)