1
2
3
4

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
424-634-7381
Plaintiff in Pro Per

5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Charles Nichols,

            Plaintiff,

        vs.

Gavin Newsom (California Governor);
Rob Bonta (California Attorney
General), in their official capacity.

            Defendants.

Case No.: 2:11-cv-09916 SSS(KES)

**DECLARATION OF CHARLES
NICHOLS IN OPPOSITION TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

No hearing scheduled or ordered.

Action Filed: November 30, 2011

Hon. Sunshine Suzanne Sykes

Courtroom 2, 2nd Floor

26
27
28

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General
Bonta and Governor Newsom are automatically substituted as defendants in this
matter in place of their predecessors.

I, Charles Nichols, submit this Declaration in opposition to the Defendants' motion for summary judgment and to enjoin the enforcement against me by Defendants Newsom and Bonta (in their official capacity as governor and attorney general, respectively), their officers, agents, servants, employees, and all persons acting in concert with them who receive actual notice of the injunction of California Penal Code sections 171.5, 171.7, 626.9, 25850, 26350, 26400, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, all of the licensing requirements, restrictions and prohibitions on my obtaining a license to openly carry firearms, as well as the restrictions and prohibitions on my openly carrying firearms were I to be issued a license to openly carry firearms, except for the prohibition on issuing a license to those prohibited by Federal law from possessing firearms (i.e., section 26195) which does not apply to me. I challenge the requirement of a license to openly carry firearms in and of itself, as well as the prohibition on my transportation of unloaded firearms which I am entitled to transport pursuant to 18 U.S. Code § 926A and the Second Amendment to the United States Constitution which section 626.9(c)(2)(a) prohibits. I challenge the state law requirement that firearms be transported unloaded only in a California DOJ lockbox. If the defendants argue, suggest, or imply that merely openly carrying a firearm or the mere sight of a firearm is threatening, terrorizing or rude (which the California Appellate Courts have not so construed), then I seek as well to enjoin California Penal Code section 417 which criminalizes the carrying or display of a firearm in a rude or threatening manner.

I make this declaration of my own personal knowledge and, if called as a witness, could and would testify competently to the truth of the matters set forth herein.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

1

1. I reside in a single family residence located entirely within 1,000 feet of a public elementary school. There is no place to park at my residence. I park my motor vehicle on public streets near my residence. PC626.9, as amended, makes it a crime for me to transport my unloaded handguns, in a fully enclosed locked container from my home to my motor vehicle, and prohibits me from transporting them on foot, and in public and private transit, which I seek to do. California law substantially burdens my right to self-defense. I seek prospective injunctive and declaratory against the governor and attorney general from enforcing California Penal Code 626.9 as-applied to me, as-applied to similarly situated individuals, and facially.

2. I seek to transport my handguns, rifles, and shotguns both intrastate and interstate pursuant to 18 U.S. Code § 926A. I am prohibited from doing so under California law. California law is precluded by Federal law and the Second Amendment. California law substantially burdens my right to self-defense.

3. I seek to openly carry loaded and unloaded rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense, and for other lawful purposes outside of my home, in the curtilage of my home, on my private residential property, in public (including in public places within 1,000 feet of every public and private K-12 school in the state, but not on the grounds of the school, and in all nonsensitive public places in every county and in every city, town, and village in the state. California law substantially burdens my right to self-defense.

4. I own and possesses in California, rifles, shotguns, and handguns not subject to the DROS registration requirement, and not in the DROS database.

5. I own and possess in California more than three handguns.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

6. I own and possesses in California antique and modern firearms.

7. National Firearms Act firearms 26 U.S.C. § 5845(a) are not at issue in this lawsuit. The only firearms at issue are rifles, shotguns, and handguns it is legal for me to possess under state and Federal law.

8. Weapons the State of California has currently defined by statute as "assault weapons" are not at issue in this lawsuit.

9. Prohibitions and regulations of weapons in schools and government buildings are not at issue in this lawsuit.

10. I reside in an incorporated city in the County of Los Angeles California.

11. The front yard fence to my single-family residence facing the street is less than 3.5 feet in height. California law makes it a crime for me to possess (keep) and carry (bear) loaded and unloaded firearms, openly and concealed, in the curtilage of my home and on my private residential property. California law substantially burdens my right to self-defense. California law substantially burdens my right to self-defense.

12. The largest area of curtilage, in terms of length and width, on my property is approximately 25 by 30 feet. This is curtilage, as construed by both this Circuit and the 9th Circuit Court of Appeals.

13. I am a male.

14. I am over 21 years of age.

15. I am of White and Native American descent.

16. By an Act of Congress, all Native Americans are citizens of the United States.

17. Since this action was first filed on November 30, 2011, the Attorney General has issued to me two Law Enforcement Gun Release letters authorizing the release of my single-shot shotgun then held by the City of Redondo Beach.

18. Such letters authorizing the release of a firearm can only be issued to

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

3

persons who are not prohibited from possessing a firearm.

19. I am not prohibited under either California State or Federal law from purchasing or possessing a firearm.

20. I seek to exercise my Second Amendment right to openly carry loaded and unloaded handguns, in case of confrontation, for the purpose of self-defense and for other lawful purposes, such handguns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited. California law prohibits me from doing so. California law substantially burdens my right to self-defense.

21. I seek to exercise my Second Amendment right to openly carry loaded and unloaded long guns, in case of confrontation, for the purpose of self-defense and for other lawful purposes, such long guns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. . California law prohibits me from doing so. California law substantially burdens my right to self-defense.

22. I seek to exercise my Second Amendment right to openly carry firearms, in case of confrontation, for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, in, within and on my motor vehicles, including an attached camper or trailer in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited in, within and on my motor vehicles, in non-sensitive public places within incorporated cities and in non-sensitive places of

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

4

unincorporated county. .  California law prohibits me from doing so. California law substantially burdens my right to self-defense.

23.  I seek to be free from warrantless searches and seizures of my person and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution when in a non-sensitive public place while exercising my Second Amendment right to possess, transport, and openly carry loaded and unloaded firearms, in non-sensitive places, statewide.  California law prohibits me from doing so. California law substantially burdens my right to self-defense.

24.  I seek to exercise my Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, within the curtilage of my home. California law prohibits me from doing so.  California law substantially burdens my right to self-defense.

25.  I seek to be free from warrantless searches and seizures of my person and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution within the curtilage of my home and on my private residential property while exercising my Second Amendment right to keep and bear arms. California law prohibits me from doing so.  California law substantially burdens my right to self-defense.

26.  It takes several minutes to load a muzzle-loading revolver: to measure the charge, pour it into the chamber of the cylinder, properly seat the ball, ram the ball into the chamber, rotate the cylinder, repeat the process for each cylinder, seal each chamber with grease and cap each chamber.

27.  It takes many seconds to load a muzzle-loading long gun.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

28.  It takes several seconds to load a modern semi-automatic firearm that uses metallic cartridges contained in a magazine.

29.  It takes many seconds to load a modern single or double action revolver that uses metallic cartridges.

30.  It takes many seconds to retrieve and load an unloaded modern firearm from a fully enclosed container.  It takes many more seconds to unlock the container, and additional seconds to load the firearm.  In the case of muzzle-loading firearms, it takes much longer.

31.  Depending upon the distance one has ventured from his motor vehicle, retrieving a firearm from the motor vehicle trunk, assuming the motor vehicle has a trunk (my motor vehicle does not), can take a substantial amount of time.  My motor vehicle is registered with the State of California.

32.  An unloaded long gun, inside of a motor vehicle, substantially burdens my right to self-defense.

33.  The California laws that prohibit me, or restrict me from possessing, transporting, and openly carrying loaded and unloaded rifles, shotguns, and handguns in the curtilage of my home, on my private residential property, in and on my motor vehicle, in private and public transit, and in any and all non-sensitive public places, in case of confrontation, for the purpose of self-defense, violates both the Second Amendment, and Federal law. California law prohibits me from doing so.  California law substantially burdens my right to self-defense.

34.  My motor vehicle does not have a trunk.

35.  An unloaded firearm, fully encased, in a locked or unlocked container, substantially burdens my right to self-defense.

36.  An unloaded firearm substantially burdens my right to self-defense.

37.  Prior to the enactment of the Mulford Act of 1967 which enacted, in

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

part, former California Penal Code section 12031 which is now codified, in part, as California Penal Code section 25850 a firearm was considered to be loaded only if it had a live round in the firing chamber, or in the case of muzzle-loading firearms, if the firing chamber was uncapped or unprimed.

38.  The State of California conceded in its answering brief on appeal, and in oral argument on appeal, that a firearm is not loaded unless there is an unexpended cartridge in the firing chamber of the firearm.

39.  Firearms, which do not have safeties preventing the accidental discharge of a firearm, are best carried with the firing chamber empty and with live rounds in the other chambers of the cylinder or magazine.

40.  I own firearms which do not have firing pin safeties and seek to carry them with an unloaded firing chamber.  But for my muzzle-loading firearms, I seek to carry them with powder, shot or ball, and capped.  For my muzzle-loading firearms which have notch safeties in the cylinder, I seek to carry them with all chambers capped, with powder, shot or ball, and with the hammer of the firearms resting seated in the safety notches, which are positioned between each chamber of the firearm.  California law which requires muzzle-loading firearms to be uncapped, violates the Second Amendment and severely burdens my right of self-defense.

41.  I seek to openly carry modern firing reproductions of muzzle loading firearms, both loaded and unloaded, in the curtilage of my home, in non-sensitive public places of incorporated cities and in non-sensitive unincorporated county territory where it is prohibited, in and on my motor vehicles and in and on attached campers and trailers for the purpose of self-defense and for other lawful purposes.  PC626.9 now prohibits me from doing so with all of my handguns, including my antique handguns, outside the doors to my home in violation of the

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

7

Second Amendment and in violation of Federal law regulating the interstate transportation of firearms. California law prohibits me from doing so. California law substantially burdens my right to self-defense.

42. I received a death threat via email which was reported to both the Attorney General and the Los Angeles Sheriff's department.

43. I attempted to file the police report (Dkt. # 10) which was rejected by this court (Dkt. # 11).

44. I requested both an application and license from the Redondo Beach Chief of Police through his then attorney, the Redondo Beach City Attorney, to openly carry a loaded handgun.

45. The license was refused in an email from the City Attorney citing California law which precludes the issuance of a license to openly carry in counties with a population of 200,000 or more people. The City gave no other reason for the denial of my license to openly carry a loaded handgun in public.

46. Los Angeles County has a population of more than 200,000 people.

47. The conclusion of the Los Angeles Sheriff's Department Sergeant Inge was that someone who threatened to shoot me and called upon others to track me down and do the same was not committing a criminal offense because the email did not use the word "kill."

48. The Governor and Attorney General refused to prosecute.

49. I fear arrest, prosecution, fine and imprisonment were I to openly carry a firearm outside of my home or transport a handgun (loaded or unloaded) outside the doors to my home. California law prohibits me from doing so. California law substantially burdens my right to self-defense.

50. I will travel through the state of California to visit every incorporated and unincorporated city and every County within the State of California

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

8

to openly carry rifles, shotguns, and handguns, loaded and unloaded, in non-sensitive public places (which includes the 1,000 foot "gun-free" school zones extending from every K-12 public and private school in the state of California) in those incorporated and unincorporated cities, towns and villages (including the city and county of San Francisco) and unincorporated county territory and to carry them in and on my motor vehicle and in and on an attached camper or trailer, and to transport unloaded handguns, in a fully enclosed locked container, on foot and in and on my motor vehicle, which is a violation of California law. California law prohibits me from doing so. California law substantially burdens my right to self-defense.

51.  As soon as the Defendants are enjoined from enforcing California's laws, I will openly carrying firearms, loaded and unloaded, in the curtilage of my home, on my private residential property, in ad on my motor vehicle, and in allnon-sensitive public places in incorporated cities and in non-sensitive unincorporated county territory (including the city and county of San Francisco), and to carry them in and on my motor vehicle including any attached camper or trailer.  I will also transport, in violation of current California law, unloaded handguns in a fully enclosed locked container, on foot, and in private and public transit, within the 1,000 foot "gun-free" school zones extending from every K-12 public or private school prohibited by PC626.9. California law prohibits me from doing so.  California law substantially burdens my right to self-defense.

52.  I will carry loaded and unloaded firearms within the curtilage of my home for the purpose of self-defense, in case of confrontation, and for other lawful purposes.  California law prohibits me from doing so. California law substantially burdens my right to self-defense.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

9

53.  There are no permits or licenses available to me to carry loaded or unloaded rifles, shotguns, and handguns for the purpose of self-defense anywhere in the State of California, including the curtilage of my home and my private residential property.

54.  Although no license is required to openly carry an unloaded antique rifle, shotgun or handgun in public, it is a crime for me to carry an antique handgun, loaded or unloaded, outside the doors to my home. California law prohibits me from doing so.  California law substantially burdens my right to self-defense.

55.  Police chiefs and county sheriffs are prevented by state law from issuing licenses to private citizens to openly carry a loaded or unloaded firearm in counties with a population of 200,000 or more persons and such licenses are only theoretically available for handguns and only in those counties with a population of fewer than 200,000 people and are only available in those counties to residents of those counties and are invalid outside of the county of issuance.

56.  The California Court of Appeals held that local governments (incorporated cities, towns and villages, and counties, etc.,), are free to enact local regulations restricting and prohibiting where and when persons with a license to carry a concealable firearm *concealed* issued pursuant to California Penal Code section 26150 et seq.,) may carry a *concealed* firearm, even if there is no restriction placed on the license by the county sheriff or police chief that issued the license.

57.  Sheriffs and police chiefs are not restricted by statute from placing time and place restrictions on licenses to carry a concealable firearm issued pursuant to California Penal Code section 26150 et seq.

58.  I fear arrest, prosecution, fine and imprisonment were I to transport my handguns, unloaded and in a fully enclosed locked container because I

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

10

live in a gun-free school zone.  California Penal Code section 626.9 was amended by California Senate Bill 2, which went into effect on January 1, 2024, to make it a crime for me to transport my unloaded handguns within a fully enclosed locked container on foot to my motor vehicle. Governor Newsom and Attorney General Bill sponsored Senate Bill 2 and helped write it.  They both had prior, personal knowledge that I live in a gun-free school zone and their amendment to California Penal Code section 626.9 would make it a crime for me to transport my unloaded firearms, in a fully enclosed locked container, outside of my home in violation of the Second Amendment and in violation of Federal law -- 18 U.S. Code § 926A.

59.  I was never given the opportunity to review and clarify my answers given in my procedurally improper deposition.  Had I been given that opportunity, I would have clarified that just because my operative Complaint did not explicitly seek to enjoin PC626.9, that does not mean that I am  not entitled to prospective injunctive and declaratory relief against the Defendants.  Defendants were placed on notice in 2022, in my supplemental brief on appeal, that I am challenging their prohibition on my transporting firearms  in their amendment to PC626.9, and their introduction of new laws, in addition to amending old laws.  Defendants were again explicitly placed on notice that I am challenging PC626.9 in my answers to Defendants' First Set of Interrogatories. My answers were served on them in April of 2023.  I again told the Defendants' attorney that I am challenging PC626.9 in the mandatory meet and confer.  I reminded her that my operative Complaint (dated March 12, 2013) contains a standalone as-applied to me challenge to PC626.9 (and California's loaded and unloaded open carry bans, and Open Carry licensing laws).  I seek, and am entitled to both Declaratory and

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

11

prospective injunctive relief against Defendants enforcement of PC626.9, and every other California law that infringes on my Second Amendment right and/or is precluded by Federal law.

60. I seek to enjoin the enforcement against me by Defendants Newsom and Bonta (in their official capacity as governor and attorney general, respectively), their officers, agents, servants, employees, and all persons acting in concert with them who receive actual notice of the injunction of California Penal Code sections 171.5, 171.7, 626.9, 25850, 26350, 26400, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, all of the licensing requirements, restrictions and prohibitions on my obtaining a license to openly carry firearms, as well as the restrictions and prohibitions on my openly carrying firearms were I to be issued a license to openly carry firearms, except for the prohibition on issuing a license to those prohibited by Federal law from possessing firearms (i.e., section 26195) which does not apply to me. I challenge the requirement of a license to openly carry firearms in and of itself, as well as the prohibition on my transportation of unloaded firearms which I am entitled to transport pursuant to 18 U.S. Code § 926A and the Second Amendment to the United States Constitution which section 626.9(c)(2)(a) and the above mentioned California laws prohibit. I challenge the state law requirement that firearms be transported unloaded. If the defendants argue, suggest, or imply that merely openly carrying a firearm or the mere sight of a firearm is threatening, terrorizing or rude (which the California Appellate Courts have not so construed), then I seek as well to enjoin California Penal Code section 417 which criminalizes the carrying or display of a firearm in a rude or threatening manner.

61. I am not a British loyalist or one who is notoriously disaffected to the

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

12

cause of America.  I am an American Citizen who seeks to vindicate his rights protected by the Constitution of the United States, as well as those who are similarly situated to me.  It is the Defendants and the California legislators who have violated their oath of office to protect and defend the Constitution of the United States.

62.  I seek to openly carry loaded handguns in a belt holster, and my loaded long guns over my shoulder.

63.  I seek to openly carry unloaded handguns in a belt holster, and my unloaded long guns over my shoulder (or in the crook of my arm with an open breach).

64.  I was never given the opportunity to review and clarify my answers given in my procedurally improper and objected to deposition dated October 24, 2013. This Court gave Defendants two additional opportunities to depose me.  They chose not to. Had I been given the opportunity to review the deposition of 2013, I would have clarified that just because my operative Complaint did not explicitly seek to enjoin PC626.9, I sought declaratory relief and an unrestricted license to openly carry a loaded handgun (which is an exemption to the unloaded handgun Open Carry ban (PC26350) and to PC626.9 and the Federal Gun-Free School Zone Act).  That did not, and does not mean that I am not entitled to prospective injunctive and declaratory relief against the Defendants enforcement of PC626.9.  Defendants were placed on notice in my operative complaint of 2013, my opening brief on appeal filed in November of 2016, again in 2022, in my supplemental brief on appeal, that I am challenging their prohibition on my transporting and carrying of loaded and unloaded firearms prohibited by me when my operative complaint was filed by their amendment to PC626.9, and their introduction of new laws, and in their amending old laws.  Defendants

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

13

were again explicitly placed on notice that I am challenging PC626.9 (and other California laws) in my answers (7-10) to Defendants' First Set of Interrogatories. My answers were served on them in April of 2023. This was before the passage of Senate Bill No. 2, which was again sponsored by the Defendants.  I again told the Defendants' attorney that I am challenging PC626.9 in the mandatory meet and confer.  I reminded her that my operative Complaint (dated March 12, 2013) contains a standalone as-applied to me challenge to PC626.9 (and California's loaded and unloaded open carry bans, and Open Carry licensing laws).  I seek, and am entitled to both Declaratory and prospective injunctive relief against Defendants enforcement of PC626.9, and every other California law that infringes on my Second Amendment right and/or is precluded by Federal law.  Furthermore, the transcript is not a true and correct copy of the deposition.  As I recall, the deposition lasted for more than 5 hours in which I made numerous objections.  These objections due not appear in the transcript.  I objected to the deposition as it began. Had the deposition been filed before the final judgment of May 1, 2014, I would have again objected to the deposition and moved to strike it then. I still have not received a true and correct copy of the transcript.

65.  I reside in Los Angeles County, California which does not have a population of fewer than 200,000 people.

66.  I did not recklessly use, display, or brandish a firearm during my lawful peaceful protest in Redondo Beach, California.

67.  I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, and handguns had California Penal Code section 25850 not been in effect when my civil rights lawsuit was filed on November 30, 2011.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

14

68.  I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, and handguns had I been issued an unrestricted license to openly carry a loaded handgun pursuant to California Penal Code section 26150 et seq. when my civil rights lawsuit was filed on November 30, 2011, with the exception of within schools and on school grounds except for those school grounds which lie beneath highways, freeways, streets, sidewalks, parking lots open to the general public, and bridges.

69.  I am a resident of Los Angeles County, California.

70.  I am not prohibited from possessing, purchasing, receiving, or transferring firearms under state or Federal law.

71.  I possess firearms in my home for the purpose of self-defense and for other lawful purposes.  These firearms do not require a license or any other governmental permission for me to possess.

72.  All of the firearms I possess in the State of California are legal for me to possess in the State of California.  Most, but not all, of my handguns are listed in Defendant Bonta's Dealer Record of Sale "DROS" database.

73.  I intend on transporting my firearms interstate consistent with Federal law but not in a California Department of Justice approved container.

74.  I intend on transporting my unloaded firearms intrastate but not in a California Department of Justice approved container.

75.  I intend on transporting and carrying on foot and by motor vehicle my unloaded firearms that are required to be transported in a fully enclosed locked container everywhere it was legal for me to transport and carry them when my civil rights lawsuit was first filed on November 30, 2011.

76.  If I am not issued an unrestricted, state-wide license to openly carry a loaded and exposed handgun, which is required pursuant to PC 626.9,

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

15

then I intend on openly carrying loaded firearms in gun-free school zones but not in schools or on the grounds of schools except for those school grounds which lie beneath highways, freeways, streets, sidewalks, parking lots open to the general public, and bridges.

77. If I am issued an unrestricted, state-wide license to openly carry a loaded and exposed handgun, then I intend on openly carrying loaded and unloaded firearms in every non-sensitive place where California Senate Bill No. 2 now prohibits those with a license to carry a handgun, openly or concealed, to possess and/or carry firearms, which went became effective on January 1, 2024.

78. In short, I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere I have the right to be that the Defendants have not proven in this action to be a sensitive place.

79. The Defendant's have never raised a "sensitive places" defense since this action was first filed on November 30, 2011, and explicitly stated in their answering brief on appeal (No. 14-55873) that everywhere that I sought to openly carry loaded and unloaded rifles shotguns and handguns are *not* sensitive places.

80. My right to openly carry loaded and unloaded rifles, shotguns, handguns, and all arms protected by the Second Amendment, in case of confrontation, for the purpose of self-defense, and for other lawful purposes applies to me in my home, in the curtilage of my home, on my private residential property, and in all non-sensitive public places.

81. Prior to filing its motion for summary judgment, the State of California argued that if there is a right to bear firearms in public then that right is to openly carry firearms. The State prevailed in its argument before an en banc panel of the 9th Circuit Court of Appeals in 2016. Judicial Estoppel applies to the State of California.

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

16

82.  Defendant Bonta argued before the California Court of Appeals that the Supreme Court did not hold that there is a right to carry concealed weapons, regardless of whether or not the weapons bearer has a license. The California Court of Appeals agreed with Defendant Bonta and held, in a 2023 published opinion, that the United States Supreme Court held that the American People have the right to openly carry firearms in public.  Judicial Estoppel applies to Defendant Bonta.

83.  Were I to possess, transport, or openly carry loaded or unloaded firearms in any of the places where it would have been legal for me to openly carry loaded or unloaded firearms had the Defendants been enjoined from enforcing California Penal Code section 25850, 26350, 26400, and had I been issued the statewide, unrestricted license to openly carry a loaded handgun when my operative complaint was filed in 2013, then I would be arrested, prosecuted, fined, incarcerated, and be prohibited from possessing any firearm for ten years.

84.  I do not have, and never have been issued a license to carry a handgun by California, openly or concealed.

85.  I do not fall within any of the exemptions to California laws which prohibit me from exercising my Second Amendment right outside the doors to my home.

86.  The State conceded in its answering brief to my opening brief on appeal and again in oral argument that a firearm is not loaded unless there is an unexpended cartridge in the firing chamber of the firearm.  The State conceded that mere possession of ammunition or having ammunition attached to a firearm "in any manner" does not constitute a loaded firearm.

87.  With the exception of schools and government buildings, I plan to, and seek to openly carry loaded and unloaded rifles, shotguns, and handguns

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

17

everywhere in California it was legal before the Mulford Act of 1967 became law.

88.  The Mulford Act of 1967 banned loaded Open Carry.  It was already a crime at the time to carry a *concealed* loaded handgun in California without a license.

89.  Although my operative complaint did not *explicitly* seek to enjoin enforcement of California Penal Code section 626.9, I did seek an unrestricted license to openly carry loaded firearms in paragraphs 46 and 47 of my operative complaint.

90.  In addition to my Prayer for Relief against the enforcement of California's Open Carry bans, my operative complaint has many paragraphs were I allege that California's Open Carry bans are unconstitutional *as-applied to me*.  ¶¶8-13, 36, 42-43, 45-47, 49-52, 54, 57-58, 62-69, and 84-85.

91.  I did not challenge the background check requirement except for that in excess of the information necessary for an F.B.I. instant background check at paragraph 85 of my operative complaint.  That was not and is not a concession that the background check is constitutional.  A license was my alternative position in the event I was not able to obtain unlicensed Open Carry.  This is stated in paragraph 85 of my operative complaint.

92.  The State of California had already conducted a background check on me with it provided me with a Law Enforcement Gun Release Letter.  Unless, of course, Defendant Bonta broke the law by not conducting the background check prior to giving me the letter.  Moreover, If the 9th Circuit Court of Appeals is to be believed then Defendant Bonta is running a continuous background check on me.  See *Bauer v. Becerra*, 858 F. 3d 1216, 1219-1220 (9th Cir, 2017).

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

93.  I asked for both an application and a license to openly carry a loaded handgun and was denied both solely because I do not reside in a county with a population of fewer than 200,000 residents.  This is alleged in paragraphs 46-47 of my operative complaint.  There is no evidence in the record of Defendant Bonta approving any application for a license to openly carry a loaded handgun issued pursuant to California Penal Code section 26150 et seq.

94.  I am a natural born person and citizen of the United States and a resident of the State of California and was at all material times a resident of Los Angeles County, California.

95.  Defendant Bonta is the Attorney General of the State of California and he is obligated to supervise his agency and comply with all statutory duties under California Law. He is charged with enforcing and interpreting California Statutes including, but not limited to, California Penal Code Sections 25850, 26350, 26400, 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, and 26215. Defendant Bonta has concurrent prosecutorial jurisdiction with the state's 58 District Attorneys, and he is bound by a duty to seek substantial justice and avoid the filing of criminal charges in which he knows (or should know) are not supported by probable cause.  Defendant Bonta also has an independent duty to disclose information beneficial to the accused and by extension he has a duty to prevent wrongful arrests in the first place when he has the power to do so.  When he deems it advisable or necessary in the public interest, or when directed to do so by the Governor, he shall assist any district attorney in the discharge of his duties, and may, where she deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction. In this respect he has all the powers of a district

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

19

attorney, including the power to issue or cause to be issued subpoenas or other process.  See Article 5, Section 13 of the California Constitution and Cal. Gov't Code §§ 12510, 12511 & 12550.  He is being sued solely in his official capacity and solely for Declarative and/or prospective injunctive relief.

96.  The party asserting Eleventh Amendment immunity bears the burden of proof. Defendant Brown did not present a single iota of proof nor did District Court Judge Otero conduct any inquiry or review of the case law in order to determine whether or not Governor Brown's assertion of Eleventh Amendment immunity was true. Appellant Nichols requested a hearing before the district court judge after the magistrate judge issued her report and recommendation to dismiss Governor Brown in his official capacity with prejudice but the hearing was denied by the district court judge. Defendant Brown simply told the court in his MPA that he has no connection with enforcement of PC25850 other than his being governor and that was that, he was dismissed with prejudice. Under *Ex parte Young*, a state defendant sued in his official capacity must "have some connection with the enforcement" of a challenged provision. *Ex parte Young*, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908). "[T]he Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *LOS ANGELES COUNTY BAR ASS'N v. EU*, 979 F.2d 697, 704 (9th Cir. 1992). A person who openly carries a loaded or unloaded firearm in violation of PC25850, PC26350, PC26400 or PC626.9 is guilty of a misdemeanor. A violation of PC25850 is potentially a felony. A misdemeanor conviction within 1,000 feet of a K-12 public or private school in violation of PC626.9 entails a 10-year loss of the right to even possess a firearm PC29805, as does a violation of PC25850, 26350, and

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

20

PC26400 (effective January 1, 2024).  Such charges would be filed by a county or district attorney under the supervision of the Attorney General. And the Governor could order the Attorney General to assist in such prosecution. California Constitution Article 5, Section 13.  The Governor appoints the Attorney General when a vacancy occurs. California Constitution Article 5, Section 5. The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed. California Constitution Article 5, Section 1. When required by the public interest or directed by the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office. California Constitution Article 5, Section 13. The enforcement power of the Governor and Attorney General is direct and not limited to the authority granted them by the state constitution. California statutory law also provides the direct enforcement connection. The Governor shall supervise the official conduct of all executive and ministerial officers. That includes the Attorney General. GOV12010 The Governor shall see that all offices are filled and their duties performed. If default occurs, he shall apply such remedy as the law allows. That includes the Attorney General. GOV12011 There is no Eleventh Amendment bar and there is no lack of Article III standing against the Governor (or against the Attorney General). See *Kitchen v. Herbert*, 755 F.3d 1193, 1202-1204 (10th Cir. 2014) which held the Utah governor (and attorney general) had enforcement authority under *Ex parte Young* under the State of Utah analogs to California law.  Every time the governor declares a state of emergency, he is vested with the full police power of every county in which his state of emergency applies.  In my notice of appeal, and in my opening brief on appeal, I explicitly challenged the dismissal of the governor in his official capacity in

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

21

addition to all orders of the district court.  The 9th Circuit Court of Appeals vacated the final judgment of the district court in full.  The Court of Appeals did not affirm anything.  The Order of the Court of Appeals pursuant to The Mandate Rule did not give jurisdiction to this court to do anything other than to strictly comply with the mandate, and to not deviate in the slightest from the Order of the Court of Appeals.

97.  Motivated by racial animus, California criminalized the open carriage of loaded rifles, shotguns, and handguns in July of 1967.

98.  When this action was filed, it was not a crime to openly carry unloaded rifles, shotguns and handguns.  A month later, it became a statewide crime in California to openly carry an unloaded handgun.  A year and a month later, it became a crime in California to openly carry an unloaded long gun in incorporated cities.  That ban would subsequently be expanded statewide.

99.  In 2008, the United States Supreme Court held that the right to keep and bear arms is an individual right unconnected to service in a militia.  The Court invalidated District of Columbia laws that prohibited Dick Heller from carrying loaded and unloaded rifles, shotguns, and handguns in his home and on his private residential property.  The Court also invalidated District of Columbia law that required firearms to be rendered non-functional by either being disassembled or unloaded and locked-up, in addition to invalidating a District law that prohibited the possession of handguns, other than non-functional antique handguns.  The Court held that 19th century prohibitions on concealed carry do not violate the Second Amendment.  In 2010, the Court applied the Second Amendment against all state and local government via the Fourteenth Amendment. In 2022, the Court held that the right to keep and bear arms protected by the Second Amendment applies to all public places except for narrowly

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

22

defined "sensitive places."  Methodologically, the Court shifted the burden of proof to the government, in all cases, including assumedly sensitive places.

100.   I am suffering and will continue to suffer actual and concrete constitutional harm by the ongoing violation of my constitutionally protected rights by the Defendants.  I am therefore entitled as a matter of law to permanent injunctive and declaratory relief against enforcement of the laws against me by the Defendants, their successors, officers, agents, employees, and all persons acting in concert with them who receive actual notice of the injunction.

101.   I am physically unable to complete the course of training to obtain a license pursuant to PC26150 et seq.

102.   I am of sound mind.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I signed this declaration on August 21, 2024, in Los Angeles County, California.

Executed this 21st day of August, 2024 in Los Angeles County, California.

/s/ *Charles Nichols*

CHARLES NICHOLS

Plaintiff In Pro Per

DECLARATION OF CHARLES NICHOLS IN OPPOSITION TO DEFENDANTS' MOTION FOR  SUMMARY JUDGMENT – Charles Nichols v. Gavin Newsom et al - Case No.: 2:11-cv-09916 SSS(KES)

23