Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Telephone: (424) 634-7381
E-mail: CharlesNichols@Pykrete.info
*In pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES NICHOLS,**<br><br>Plaintiff,<br><br>**v.**<br><br>**Gavin Newsom, in his official capacity as Governor of California, Rob Bonta, in his official Capacity as Attorney General of California,**<br><br>Defendants. | Case No.: 11-cv-09916-SSS(SS)<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>Date:       04/20/2023<br>Judge:      Sunshine Suzanne Sykes<br>Trial Date:<br>Action Filed: 11/30/2011 |

Propounding parties: Above named Defendants.

Responding party: Above named Plaintiff.

1

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Charles Nichols, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendants' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

By making the accompanying responses and objections to Defendant's interrogatory, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatory, and responses to the interrogatory, to be relevant or material to the subject matter of this action.

Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

# **GENERAL OBJECTIONS**

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all correspondence between the Plaintiff and Defendants via their attorneys, all other information provided by Plaintiff to Defendants, and all information produced by

Plaintiff to Defendant in response to discovery requests of Defendants. All such documents and information will not be produced.

Defendants' interrogatory calls for responses that were provided to them by Plaintiff and/or is already in the Defendants' possession.

To the extent any of Defendants' interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## **OBJECTIONS TO DEFINITIONS**

L.R. 33-2 Answers and Objections. The party answering or objecting to interrogatories shall quote each interrogatory in full immediately preceding the statement of any answer or objection thereto.

**DEFINITIONS**

1. "YOU" and "YOUR" refer to Plaintiff Charles Nichols or anyone acting on his behalf.

1    Plaintiff objects to each instruction, definition, and interrogatory to the extent

2    that it purports to impose any requirement or discovery obligation greater than or

3    different from those under the Federal Rules of Civil Procedure and the applicable

4    Rules and Orders of the Court, and to the Court's lack of jurisdiction.

5

6    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

7    or not reasonably calculated to lead to the discovery of admissible evidence.

8

9    Plaintiff objects to each instruction, definition, document request, and

10    interrogatory to the extent that it seeks documents protected from disclosure by the

11    attorney client privilege, deliberative process privilege, attorney work product

12    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

13    occur, it is inadvertent and shall not constitute a waiver of any privilege.

14

15    Plaintiff objects to each instruction, definition, and interrogatory as overbroad

16    and unduly burdensome to the extent it seeks information that is readily or more

17    accessible to Defendants from Defendants' own files, from documents or

18    information in Defendant's possession, or from documents or information that

19    Plaintiff previously produced to Defendants. Responding to such interrogatories is

20    oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

21    responding to such requests and interrogatory is substantially the same or less for

22    Defendants as for Plaintiff. This objection encompasses, but is not limited to,

23    documents and answers to interrogatories previously produced by Plaintiff to

24    Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

25    correspondence between the Plaintiff and Defendants via their attorneys, all other

26    information provided by Plaintiff to Defendants, and all information produced by

27    Plaintiff to Defendant in response to discovery requests of Defendants. All such

28    documents and information will not be produced.

Defendants' interrogatory calls for responses that were provided to them by Plaintiff and/or is already in the Defendants' possession.

To the extent any of Defendants' interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff objects to Defendants' implication that someone other than Plaintiff is, or may be, acting on Plaintiff's behalf.

3. "DESCRIBE" means state in detail, AND provide ALL supporting facts, descriptions, OR information necessary to fully understand the response to the interrogatory.

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the

1  attorney client privilege, deliberative process privilege, attorney work product

2  doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

3  occur, it is inadvertent and shall not constitute a waiver of any privilege.

4

5  Plaintiff objects to each instruction, definition, and interrogatory as overbroad

6  and unduly burdensome to the extent it seeks information that is readily or more

7  accessible to Defendants from Defendants' own files, from documents or

8  information in Defendant's possession, or from documents or information that

9  Plaintiff previously produced to Defendants. Responding to such interrogatories is

10  oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

11  responding to such requests and interrogatory is substantially the same or less for

12  Defendants as for Plaintiff. This objection encompasses, but is not limited to,

13  documents and answers to interrogatories previously produced by Plaintiff to

14  Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

15  correspondence between the Plaintiff and Defendants via their attorneys, all other

16  information provided by Plaintiff to Defendants, and all information produced by

17  Plaintiff to Defendant in response to discovery requests of Defendants. All such

18  documents and information will not be produced.

19

20  Defendants' interrogatory calls for responses that were provided to them by

21  Plaintiff and/or is already in the Defendants' possession.

22

23  To the extent any of Defendants' interrogatory seek documents or answers that

24  include expert material, including but not limited to survey materials, Plaintiff

25  objects to any such requests and interrogatory as premature and expressly reserves

26  the right to supplement, clarify, revise, or correct any or all responses to such

27  requests, and to assert additional objections or privileges, in one or more

28

1  subsequent supplemental response(s) in accordance with the time period for

2  exchanging expert reports set by the Court.

3

4      Plaintiff's specific response may repeat a general objection for emphasis or

5  some other reason. The failure to include any general objection in any specific

6  response does not waive any general objection to that request. Moreover, Plaintiff

7  does not waive his right to amend his responses.

8

9      The burden lies with the Defendants to formulate their questions precisely.  To

10  the extent Plaintiff is required to provide an answer, the answer need only answer

11  the question asked.

12

13      4. "STATE ALL FACTS" means provide a detailed description of ALL facts

14  surrounding each statement, representation, or contention to which the interrogatory

15  refers.

16

17      Plaintiff objects to each instruction, definition, and interrogatory to the extent

18  that it purports to impose any requirement or discovery obligation greater than or

19  different from those under the Federal Rules of Civil Procedure and the applicable

20  Rules and Orders of the Court, and to the Court's lack of jurisdiction.

21

22      Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

23  or not reasonably calculated to lead to the discovery of admissible evidence.

24

25      Plaintiff objects to each instruction, definition, document request, and

26  interrogatory to the extent that it seeks documents protected from disclosure by the

27  attorney client privilege, deliberative process privilege, attorney work product

28

1    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

2    occur, it is inadvertent and shall not constitute a waiver of any privilege.

3

4        Plaintiff objects to each instruction, definition, and interrogatory as overbroad

5    and unduly burdensome to the extent it seeks information that is readily or more

6    accessible to Defendants from Defendants' own files, from documents or

7    information in Defendant's possession, or from documents or information that

8    Plaintiff previously produced to Defendants. Responding to such interrogatories is

9    oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

10   responding to such requests and interrogatory is substantially the same or less for

11   Defendants as for Plaintiff. This objection encompasses, but is not limited to,

12   documents and answers to interrogatories previously produced by Plaintiff to

13   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

14   correspondence between the Plaintiff and Defendants via their attorneys, all other

15   information provided by Plaintiff to Defendants, and all information produced by

16   Plaintiff to Defendant in response to discovery requests of Defendants. All such

17   documents and information will not be produced.

18

19       Defendants' interrogatory calls for responses that were provided to them by

20   Plaintiff and/or is already in the Defendants' possession.

21

22       To the extent any of Defendants' interrogatory seek documents or answers that

23   include expert material, including but not limited to survey materials, Plaintiff

24   objects to any such requests and interrogatory as premature and expressly reserves

25   the right to supplement, clarify, revise, or correct any or all responses to such

26   requests, and to assert additional objections or privileges, in one or more

27   subsequent supplemental response(s) in accordance with the time period for

28   exchanging expert reports set by the Court.

1    Plaintiff's specific response may repeat a general objection for emphasis or

2    some other reason. The failure to include any general objection in any specific

3    response does not waive any general objection to that request. Moreover, Plaintiff

4    does not waive his right to amend his responses.

5

6    The facts in this case are not in dispute.  Only pure questions of law remain to

7    be decided (subject to The Mandate Rule, etc), The burden lies with the Defendants

8    to formulate their questions precisely.  To the extent Plaintiff is required to provide

9    an answer, the answer need only answer the question asked.

10

11    5. "FIREARM" has the same meaning as given in 18 U.S.C. § 921(a)(3): "(A)

12    any weapon (including a starter gun) which will or is designed to or may readily be

13    converted to expel a projectile by the action of an explosive; (B) the frame or

14    receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D)

15    any destructive device," AND includes, but is not limited to, any handgun or long

16    gun, including pistols, revolvers, shotguns, carbines, AND rifles, including semi-

17    automatic centerfire rifles.

18

19    Plaintiff objects to each instruction, definition, and interrogatory to the extent

20    that it purports to impose any requirement or discovery obligation greater than or

21    different from those under the Federal Rules of Civil Procedure and the applicable

22    Rules and Orders of the Court, and to the Court's lack of jurisdiction.

23

24    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

25    or not reasonably calculated to lead to the discovery of admissible evidence.

26

27    Plaintiff objects to each instruction, definition, document request, and

28    interrogatory to the extent that it seeks documents protected from disclosure by the

1    attorney client privilege, deliberative process privilege, attorney work product

2    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

3    occur, it is inadvertent and shall not constitute a waiver of any privilege.

4

5        Plaintiff objects to each instruction, definition, and interrogatory as overbroad

6    and unduly burdensome to the extent it seeks information that is readily or more

7    accessible to Defendants from Defendants' own files, from documents or

8    information in Defendant's possession, or from documents or information that

9    Plaintiff previously produced to Defendants. Responding to such interrogatories is

10   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

11   responding to such requests and interrogatory is substantially the same or less for

12   Defendants as for Plaintiff. This objection encompasses, but is not limited to,

13   documents and answers to interrogatories previously produced by Plaintiff to

14   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

15   correspondence between the Plaintiff and Defendants via their attorneys, all other

16   information provided by Plaintiff to Defendants, and all information produced by

17   Plaintiff to Defendant in response to discovery requests of Defendants. All such

18   documents and information will not be produced.

19

20       Defendants' interrogatory calls for responses that were provided to them by

21   Plaintiff and/or is already in the Defendants' possession.

22

23       To the extent any of Defendants' interrogatory seek documents or answers that

24   include expert material, including but not limited to survey materials, Plaintiff

25   objects to any such requests and interrogatory as premature and expressly reserves

26   the right to supplement, clarify, revise, or correct any or all responses to such

27   requests, and to assert additional objections or privileges, in one or more

28

1  subsequent supplemental response(s) in accordance with the time period for

2  exchanging expert reports set by the Court.

3

4       Plaintiff's specific response may repeat a general objection for emphasis or

5  some other reason. The failure to include any general objection in any specific

6  response does not waive any general objection to that request. Moreover, Plaintiff

7  does not waive his right to amend his responses.

8

9       The only firearms prohibitions which are at issue in this lawsuit are those

10  which prohibit Plaintiff from keeping and bearing rifles, shotguns, and handguns in

11  non-sensitive public places, and the other non-public places such as Plaintiff's

12  private residential property which the State of California considers to be a "public

13  place".  Flare guns, mufflers, silencers, and other "firearms" are not at issue in this

14  case.

15

16       6. "LAWSUIT" refers to the instant case, Case No. 11-cv-09916 (C.D. Cal.).

17

18       Plaintiff objects to each instruction, definition, and interrogatory to the extent

19  that it purports to impose any requirement or discovery obligation greater than or

20  different from those under the Federal Rules of Civil Procedure and the applicable

21  Rules and Orders of the Court, and to the Court's lack of jurisdiction.

22

23       Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

24  or not reasonably calculated to lead to the discovery of admissible evidence.

25

26       Plaintiff objects to each instruction, definition, document request, and

27  interrogatory to the extent that it seeks documents protected from disclosure by the

28  attorney client privilege, deliberative process privilege, attorney work product

doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all correspondence between the Plaintiff and Defendants via their attorneys, all other information provided by Plaintiff to Defendants, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendants. All such documents and information will not be produced.

Defendants' interrogatory calls for responses that were provided to them by Plaintiff and/or is already in the Defendants' possession.

To the extent any of Defendants' interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

"Lawsuit" refers to the entire case from the date it was first filed, until there is a final disposition by the highest court with jurisdiction.

## OBJECTIONS TO INSTRUCTIONS

1. Respond to the extent possible: Respond completely to each of these interrogatories. If unable to respond completely, respond to the extent possible and specify the reasons for YOUR inability to respond completely, including any privilege claimed AND the basis for the claim of privilege.

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

1    Plaintiff objects to each instruction, definition, and interrogatory as overbroad

2    and unduly burdensome to the extent it seeks information that is readily or more

3    accessible to Defendants from Defendants' own files, from documents or

4    information in Defendant's possession, or from documents or information that

5    Plaintiff previously produced to Defendants. Responding to such interrogatories is

6    oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

7    responding to such requests and interrogatory is substantially the same or less for

8    Defendants as for Plaintiff. This objection encompasses, but is not limited to,

9    documents and answers to interrogatories previously produced by Plaintiff to

10    Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

11    correspondence between the Plaintiff and Defendants via their attorneys, all other

12    information provided by Plaintiff to Defendants, and all information produced by

13    Plaintiff to Defendant in response to discovery requests of Defendants. All such

14    documents and information will not be produced.

15

16    Defendants' interrogatory calls for responses that were provided to them by

17    Plaintiff and/or is already in the Defendants' possession.

18

19    To the extent any of Defendants' interrogatory seek documents or answers that

20    include expert material, including but not limited to survey materials, Plaintiff

21    objects to any such requests and interrogatory as premature and expressly reserves

22    the right to supplement, clarify, revise, or correct any or all responses to such

23    requests, and to assert additional objections or privileges, in one or more

24    subsequent supplemental response(s) in accordance with the time period for

25    exchanging expert reports set by the Court.

26    Plaintiff's specific response may repeat a general objection for emphasis or

27    some other reason. The failure to include any general objection in any specific

28

1   response does not waive any general objection to that request. Moreover, Plaintiff

2   does not waive his right to amend his responses.

3

4        The burden lies with the Defendants to formulate their questions precisely.  To

5   the extent Plaintiff is required to provide an answer, the answer need only answer

6   the question asked.

7

8        2. Interrogatories: Answer each interrogatory based on all information

9   available to YOU as of the date of the answer, including ANY information in

10  YOUR possession, custody, OR control. Each answer should follow immediately

11  after each interrogatory.

12

13       Plaintiff objects to each instruction, definition, and interrogatory to the extent

14  that it purports to impose any requirement or discovery obligation greater than or

15  different from those under the Federal Rules of Civil Procedure and the applicable

16  Rules and Orders of the Court, and to the Court's lack of jurisdiction.

17

18       Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

19  or not reasonably calculated to lead to the discovery of admissible evidence.

20

21       Plaintiff objects to each instruction, definition, document request, and

22  interrogatory to the extent that it seeks documents protected from disclosure by the

23  attorney client privilege, deliberative process privilege, attorney work product

24  doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

25  occur, it is inadvertent and shall not constitute a waiver of any privilege.

26       Plaintiff objects to each instruction, definition, and interrogatory as overbroad

27  and unduly burdensome to the extent it seeks information that is readily or more

28  accessible to Defendants from Defendants' own files, from documents or

1   information in Defendant's possession, or from documents or information that
2   Plaintiff previously produced to Defendants. Responding to such interrogatories is
3   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of
4   responding to such requests and interrogatory is substantially the same or less for
5   Defendants as for Plaintiff. This objection encompasses, but is not limited to,
6   documents and answers to interrogatories previously produced by Plaintiff to
7   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all
8   correspondence between the Plaintiff and Defendants via their attorneys, all other
9   information provided by Plaintiff to Defendants, and all information produced by
10  Plaintiff to Defendant in response to discovery requests of Defendants. All such
11  documents and information will not be produced.

12

13      Defendants' interrogatory calls for responses that were provided to them by
14  Plaintiff and/or is already in the Defendants' possession.

15

16      To the extent any of Defendants' interrogatory seek documents or answers that
17  include expert material, including but not limited to survey materials, Plaintiff
18  objects to any such requests and interrogatory as premature and expressly reserves
19  the right to supplement, clarify, revise, or correct any or all responses to such
20  requests, and to assert additional objections or privileges, in one or more
21  subsequent supplemental response(s) in accordance with the time period for
22  exchanging expert reports set by the Court.

23

24      Plaintiff's specific response may repeat a general objection for emphasis or
25  some other reason. The failure to include any general objection in any specific
26  response does not waive any general objection to that request. Moreover, Plaintiff
27  does not waive his right to amend his responses.

28

1    The burden lies with the Defendants to formulate their questions precisely. To

2    the extent Plaintiff is required to provide an answer, the answer need only answer

3    the question asked.

4

5    With infinite resources, it is hard to conceive of a limit to the information

6    available. But Plaintiff does not have infinite resources. Indeed, Plaintiff's

7    resources are infinitesimal in comparison with the resources available to the

8    Defendants.

9

10    3. Supplementation: Supplement YOUR answers and responses promptly, as

11    required by Federal Rule of Civil Procedure 26(e).

12

13    Plaintiff objects to each instruction, definition, and interrogatory to the extent

14    that it purports to impose any requirement or discovery obligation greater than or

15    different from those under the Federal Rules of Civil Procedure and the applicable

16    Rules and Orders of the Court, and to the Court's lack of jurisdiction.

17

18    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

19    or not reasonably calculated to lead to the discovery of admissible evidence.

20

21    Plaintiff objects to each instruction, definition, document request, and

22    interrogatory to the extent that it seeks documents protected from disclosure by the

23    attorney client privilege, deliberative process privilege, attorney work product

24    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

25    occur, it is inadvertent and shall not constitute a waiver of any privilege.

26

27    Plaintiff objects to each instruction, definition, and interrogatory as overbroad

28    and unduly burdensome to the extent it seeks information that is readily or more

1   accessible to Defendants from Defendants' own files, from documents or

2   information in Defendant's possession, or from documents or information that

3   Plaintiff previously produced to Defendants. Responding to such interrogatories is

4   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

5   responding to such requests and interrogatory is substantially the same or less for

6   Defendants as for Plaintiff. This objection encompasses, but is not limited to,

7   documents and answers to interrogatories previously produced by Plaintiff to

8   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

9   correspondence between the Plaintiff and Defendants via their attorneys, all other

10  information provided by Plaintiff to Defendants, and all information produced by

11  Plaintiff to Defendant in response to discovery requests of Defendants. All such

12  documents and information will not be produced.

13

14      Defendants' interrogatory calls for responses that were provided to them by

15  Plaintiff and/or is already in the Defendants' possession.

16

17      To the extent any of Defendants' interrogatory seek documents or answers that

18  include expert material, including but not limited to survey materials, Plaintiff

19  objects to any such requests and interrogatory as premature and expressly reserves

20  the right to supplement, clarify, revise, or correct any or all responses to such

21  requests, and to assert additional objections or privileges, in one or more

22  subsequent supplemental response(s) in accordance with the time period for

23  exchanging expert reports set by the Court.

24

25      Plaintiff's specific response may repeat a general objection for emphasis or

26  some other reason. The failure to include any general objection in any specific

27  response does not waive any general objection to that request. Moreover, Plaintiff

28  does not waive his right to amend his responses.

1

## <u>OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

2

3      <u>L.R. 33-2 Answers and Objections. The party answering or objecting to</u>

4      <u>interrogatories shall quote each interrogatory in full immediately preceding the</u>

5      <u>statement of any answer or objection thereto.</u>

6

7      Interrogatory No. 1

8      State the city and county in which YOU currently reside.

9

10     Objections and response to Interrogatory No. 1:

11     Plaintiff objects to each instruction, definition, and interrogatory to the extent

12     that it purports to impose any requirement or discovery obligation greater than or

13     different from those under the Federal Rules of Civil Procedure and the applicable

14     Rules and Orders of the Court, and to the Court's lack of jurisdiction.

15

16     Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

17     or not reasonably calculated to lead to the discovery of admissible evidence.

18

19     Plaintiff objects to each instruction, definition, document request, and

20     interrogatory to the extent that it seeks documents protected from disclosure by the

21     attorney client privilege, deliberative process privilege, attorney work product

22     doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

23     occur, it is inadvertent and shall not constitute a waiver of any privilege.

24

25     Plaintiff objects to each instruction, definition, and interrogatory as overbroad

26     and unduly burdensome to the extent it seeks information that is readily or more

27     accessible to Defendants from Defendants' own files, from documents or

28     information in Defendant's possession, or from documents or information that

1   Plaintiff previously produced to Defendants. Responding to such interrogatories is

2   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

3   responding to such requests and interrogatory is substantially the same or less for

4   Defendants as for Plaintiff. This objection encompasses, but is not limited to,

5   documents and answers to interrogatories previously produced by Plaintiff to

6   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

7   correspondence between the Plaintiff and Defendants via their attorneys, all other

8   information provided by Plaintiff to Defendants, and all information produced by

9   Plaintiff to Defendant in response to discovery requests of Defendants. All such

10  documents and information will not be produced.

11

12      Defendants' interrogatory calls for responses that were provided to them by

13  Plaintiff and/or is already in the Defendants' possession.

14

15      To the extent any of Defendants' interrogatory seek documents or answers that

16  include expert material, including but not limited to survey materials, Plaintiff

17  objects to any such requests and interrogatory as premature and expressly reserves

18  the right to supplement, clarify, revise, or correct any or all responses to such

19  requests, and to assert additional objections or privileges, in one or more

20  subsequent supplemental response(s) in accordance with the time period for

21  exchanging expert reports set by the Court.

22

23      Plaintiff's specific response may repeat a general objection for emphasis or

24  some other reason. The failure to include any general objection in any specific

25  response does not waive any general objection to that request. Moreover, Plaintiff

26  does not waive his right to amend his responses.

27

28      "Lawndale, California."

Interrogatory No. 2

If YOU reside in more than one city and county, name all cities and counties in which YOU currently reside.

Objections and response to Interrogatory No. 2:

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to

Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all correspondence between the Plaintiff and Defendants via their attorneys, all other information provided by Plaintiff to Defendants, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendants. All such documents and information will not be produced.

Defendants' interrogatory calls for responses that were provided to them by Plaintiff and/or is already in the Defendants' possession.

To the extent any of Defendants' interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

"I currently reside in only one city and county."

Interrogatory No. 3
State the city and county in which YOU are principally employed.

Objections and response to Interrogatory No. 3:

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all correspondence between the Plaintiff and Defendants via their attorneys, all other information provided by Plaintiff to Defendants, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendants. All such documents and information will not be produced.

24

Defendants' interrogatory calls for responses that were provided to them by Plaintiff and/or is already in the Defendants' possession.

To the extent any of Defendants' interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

"I am retired."

Interrogatory No. 4

If YOU are principally employed in more than one city and county, name all cities and counties in which YOU are principally employed.

Objections and response to Interrogatory No. 4:

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

1    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,
2    or not reasonably calculated to lead to the discovery of admissible evidence.

3

4    Plaintiff objects to each instruction, definition, document request, and
5    interrogatory to the extent that it seeks documents protected from disclosure by the
6    attorney client privilege, deliberative process privilege, attorney work product
7    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff
8    occur, it is inadvertent and shall not constitute a waiver of any privilege.

9

10   Plaintiff objects to each instruction, definition, and interrogatory as overbroad
11   and unduly burdensome to the extent it seeks information that is readily or more
12   accessible to Defendants from Defendants' own files, from documents or
13   information in Defendant's possession, or from documents or information that
14   Plaintiff previously produced to Defendants. Responding to such interrogatories is
15   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of
16   responding to such requests and interrogatory is substantially the same or less for
17   Defendants as for Plaintiff. This objection encompasses, but is not limited to,
18   documents and answers to interrogatories previously produced by Plaintiff to
19   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all
20   correspondence between the Plaintiff and Defendants via their attorneys, all other
21   information provided by Plaintiff to Defendants, and all information produced by
22   Plaintiff to Defendant in response to discovery requests of Defendants. All such
23   documents and information will not be produced.

24

25   Defendants' interrogatory calls for responses that were provided to them by
26   Plaintiff and/or is already in the Defendants' possession.

27

28

To the extent any of Defendants' interrogatory seek documents or answers that
include expert material, including but not limited to survey materials, Plaintiff
objects to any such requests and interrogatory as premature and expressly reserves
the right to supplement, clarify, revise, or correct any or all responses to such
requests, and to assert additional objections or privileges, in one or more
subsequent supplemental response(s) in accordance with the time period for
exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or
some other reason. The failure to include any general objection in any specific
response does not waive any general objection to that request. Moreover, Plaintiff
does not waive his right to amend his responses.

"I am not principally employed."

Interrogatory No. 5
Name all counties in California which you entered in the last year.

Objections and response to Interrogatory No. 5:
Plaintiff objects to each instruction, definition, and interrogatory to the extent
that it purports to impose any requirement or discovery obligation greater than or
different from those under the Federal Rules of Civil Procedure and the applicable
Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,
or not reasonably calculated to lead to the discovery of admissible evidence.

1    Plaintiff objects to each instruction, definition, document request, and
2    interrogatory to the extent that it seeks documents protected from disclosure by the
3    attorney client privilege, deliberative process privilege, attorney work product
4    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff
5    occur, it is inadvertent and shall not constitute a waiver of any privilege.

6

7    Plaintiff objects to each instruction, definition, and interrogatory as overbroad
8    and unduly burdensome to the extent it seeks information that is readily or more
9    accessible to Defendants from Defendants' own files, from documents or
10   information in Defendant's possession, or from documents or information that
11   Plaintiff previously produced to Defendants. Responding to such interrogatories is
12   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of
13   responding to such requests and interrogatory is substantially the same or less for
14   Defendants as for Plaintiff. This objection encompasses, but is not limited to,
15   documents and answers to interrogatories previously produced by Plaintiff to
16   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all
17   correspondence between the Plaintiff and Defendants via their attorneys, all other
18   information provided by Plaintiff to Defendants, and all information produced by
19   Plaintiff to Defendant in response to discovery requests of Defendants. All such
20   documents and information will not be produced.

21

22   Defendants' interrogatory calls for responses that were provided to them by
23   Plaintiff and/or is already in the Defendants' possession.

24

25   To the extent any of Defendants' interrogatory seek documents or answers that
26   include expert material, including but not limited to survey materials, Plaintiff
27   objects to any such requests and interrogatory as premature and expressly reserves
28   the right to supplement, clarify, revise, or correct any or all responses to such

requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

Plaintiff's specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

"I don't remember."

Interrogatory No. 6
Name all counties in California which you currently intend or reasonably expect to enter in the next year.

Objections and response to Interrogatory No. 6:
Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product

1   doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

2   occur, it is inadvertent and shall not constitute a waiver of any privilege.

3

4       Plaintiff objects to each instruction, definition, and interrogatory as overbroad

5   and unduly burdensome to the extent it seeks information that is readily or more

6   accessible to Defendants from Defendants' own files, from documents or

7   information in Defendant's possession, or from documents or information that

8   Plaintiff previously produced to Defendants. Responding to such interrogatories is

9   oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

10  responding to such requests and interrogatory is substantially the same or less for

11  Defendants as for Plaintiff. This objection encompasses, but is not limited to,

12  documents and answers to interrogatories previously produced by Plaintiff to

13  Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

14  correspondence between the Plaintiff and Defendants via their attorneys, all other

15  information provided by Plaintiff to Defendants, and all information produced by

16  Plaintiff to Defendant in response to discovery requests of Defendants. All such

17  documents and information will not be produced.

18

19      Defendants' interrogatory calls for responses that were provided to them by

20  Plaintiff and/or is already in the Defendants' possession.

21

22      To the extent any of Defendants' interrogatory seek documents or answers that

23  include expert material, including but not limited to survey materials, Plaintiff

24  objects to any such requests and interrogatory as premature and expressly reserves

25  the right to supplement, clarify, revise, or correct any or all responses to such

26  requests, and to assert additional objections or privileges, in one or more

27  subsequent supplemental response(s) in accordance with the time period for

28  exchanging expert reports set by the Court.

1    Plaintiff's specific response may repeat a general objection for emphasis or

2    some other reason. The failure to include any general objection in any specific

3    response does not waive any general objection to that request. Moreover, Plaintiff

4    does not waive his right to amend his responses.

5

6    "I don't know."

7

8    Interrogatory No. 7

9    List all sections of the California Penal Code that YOU are challenging as

10    violating the Second Amendment of the U.S. Constitution in this LAWSUIT.

11

12    Objections and response to Interrogatory No. 7:

13    Plaintiff objects to each instruction, definition, and interrogatory to the extent

14    that it purports to impose any requirement or discovery obligation greater than or

15    different from those under the Federal Rules of Civil Procedure and the applicable

16    Rules and Orders of the Court, and to the Court's lack of jurisdiction.

17

18    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

19    or not reasonably calculated to lead to the discovery of admissible evidence.

20

21    Plaintiff objects to each instruction, definition, document request, and

22    interrogatory to the extent that it seeks documents protected from disclosure by the

23    attorney client privilege, deliberative process privilege, attorney work product

24    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

25    occur, it is inadvertent and shall not constitute a waiver of any privilege.

26

27    Plaintiff objects to each instruction, definition, and interrogatory as overbroad

28    and unduly burdensome to the extent it seeks information that is readily or more

1  accessible to Defendants from Defendants' own files, from documents or

2  information in Defendant's possession, or from documents or information that

3  Plaintiff previously produced to Defendants. Responding to such interrogatories is

4  oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

5  responding to such requests and interrogatory is substantially the same or less for

6  Defendants as for Plaintiff. This objection encompasses, but is not limited to,

7  documents and answers to interrogatories previously produced by Plaintiff to

8  Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

9  correspondence between the Plaintiff and Defendants via their attorneys, all other

10 information provided by Plaintiff to Defendants, and all information produced by

11 Plaintiff to Defendant in response to discovery requests of Defendants. All such

12 documents and information will not be produced.

13

14     Defendants' interrogatory calls for responses that were provided to them by

15 Plaintiff and/or is already in the Defendants' possession.

16

17     To the extent any of Defendants' interrogatory seek documents or answers that

18 include expert material, including but not limited to survey materials, Plaintiff

19 objects to any such requests and interrogatory as premature and expressly reserves

20 the right to supplement, clarify, revise, or correct any or all responses to such

21 requests, and to assert additional objections or privileges, in one or more

22 subsequent supplemental response(s) in accordance with the time period for

23 exchanging expert reports set by the Court.

24

25     Plaintiff's specific response may repeat a general objection for emphasis or

26 some other reason. The failure to include any general objection in any specific

27 response does not waive any general objection to that request. Moreover, Plaintiff

28 does not waive his right to amend his responses.

1    "As of this date, my lawsuit challenges California Penal Code sections 626.9,

2    25850, 26350, 26400, 26150, 26155, and all of the ancillary licensing requirements

3    except for the prohibition on issuing licenses to convicted felons and the like."

4

5    Interrogatory No. 8

6    Are YOU challenging California Penal Code section 626.9 in this LAWSUIT?

7

8    Objections and response to Interrogatory No. 8:

9    Plaintiff objects to each instruction, definition, and interrogatory to the extent

10    that it purports to impose any requirement or discovery obligation greater than or

11    different from those under the Federal Rules of Civil Procedure and the applicable

12    Rules and Orders of the Court, and to the Court's lack of jurisdiction.

13

14    Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

15    or not reasonably calculated to lead to the discovery of admissible evidence.

16

17    Plaintiff objects to each instruction, definition, document request, and

18    interrogatory to the extent that it seeks documents protected from disclosure by the

19    attorney client privilege, deliberative process privilege, attorney work product

20    doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

21    occur, it is inadvertent and shall not constitute a waiver of any privilege.

22

23    Plaintiff objects to each instruction, definition, and interrogatory as overbroad

24    and unduly burdensome to the extent it seeks information that is readily or more

25    accessible to Defendants from Defendants' own files, from documents or

26    information in Defendant's possession, or from documents or information that

27    Plaintiff previously produced to Defendants. Responding to such interrogatories is

28    oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

1  responding to such requests and interrogatory is substantially the same or less for

2  Defendants as for Plaintiff. This objection encompasses, but is not limited to,

3  documents and answers to interrogatories previously produced by Plaintiff to

4  Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

5  correspondence between the Plaintiff and Defendants via their attorneys, all other

6  information provided by Plaintiff to Defendants, and all information produced by

7  Plaintiff to Defendant in response to discovery requests of Defendants. All such

8  documents and information will not be produced.

9

10  Defendants' interrogatory calls for responses that were provided to them by

11  Plaintiff and/or is already in the Defendants' possession.

12

13  To the extent any of Defendants' interrogatory seek documents or answers that

14  include expert material, including but not limited to survey materials, Plaintiff

15  objects to any such requests and interrogatory as premature and expressly reserves

16  the right to supplement, clarify, revise, or correct any or all responses to such

17  requests, and to assert additional objections or privileges, in one or more

18  subsequent supplemental response(s) in accordance with the time period for

19  exchanging expert reports set by the Court.

20

21  Plaintiff's specific response may repeat a general objection for emphasis or

22  some other reason. The failure to include any general objection in any specific

23  response does not waive any general objection to that request. Moreover, Plaintiff

24  does not waive his right to amend his responses.

25

26  "Yes, I am challenging California Penal Code section 626.9."

27

28

Interrogatory No. 9

If YOUR response to Interrogatory 8 is in the affirmative, does YOUR COMPLAINT challenge California Penal Code section 626.9?

Objections and response to Interrogatory No. 9:

Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the Court's lack of jurisdiction.

Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendant's possession, or from documents or information that Plaintiff previously produced to Defendants. Responding to such interrogatories is oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Plaintiff to

1   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all
2   correspondence between the Plaintiff and Defendants via their attorneys, all other
3   information provided by Plaintiff to Defendants, and all information produced by
4   Plaintiff to Defendant in response to discovery requests of Defendants. All such
5   documents and information will not be produced.

6

7       Defendants' interrogatory calls for responses that were provided to them by
8   Plaintiff and/or is already in the Defendants' possession.

9

10      To the extent any of Defendants' interrogatory seek documents or answers that
11  include expert material, including but not limited to survey materials, Plaintiff
12  objects to any such requests and interrogatory as premature and expressly reserves
13  the right to supplement, clarify, revise, or correct any or all responses to such
14  requests, and to assert additional objections or privileges, in one or more
15  subsequent supplemental response(s) in accordance with the time period for
16  exchanging expert reports set by the Court.

17

18      Plaintiff's specific response may repeat a general objection for emphasis or
19  some other reason. The failure to include any general objection in any specific
20  response does not waive any general objection to that request. Moreover, Plaintiff
21  does not waive his right to amend his responses.

22

23      "Yes, my operative complaint challenges California Penal Code section
24  626.9"

25

26

27

28

36

1  Interrogatory No. 10

2  If YOUR response to Interrogatory 9 is in the affirmative, identify which

3  COMPLAINT paragraph or paragraphs describes a challenge to California Penal

4  Code section 626.9.

5

6  Objections and response to Interrogatory No. 10:

7  Plaintiff objects to each instruction, definition, and interrogatory to the extent

8  that it purports to impose any requirement or discovery obligation greater than or

9  different from those under the Federal Rules of Civil Procedure and the applicable

10  Rules and Orders of the Court, and to the Court's lack of jurisdiction.

11

12  Plaintiff objects to each interrogatory that is overly broad, unduly burdensome,

13  or not reasonably calculated to lead to the discovery of admissible evidence.

14

15  Plaintiff objects to each instruction, definition, document request, and

16  interrogatory to the extent that it seeks documents protected from disclosure by the

17  attorney client privilege, deliberative process privilege, attorney work product

18  doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff

19  occur, it is inadvertent and shall not constitute a waiver of any privilege.

20

21  Plaintiff objects to each instruction, definition, and interrogatory as overbroad

22  and unduly burdensome to the extent it seeks information that is readily or more

23  accessible to Defendants from Defendants' own files, from documents or

24  information in Defendant's possession, or from documents or information that

25  Plaintiff previously produced to Defendants. Responding to such interrogatories is

26  oppressive, unduly burdensome, and unnecessarily expensive, and the burden of

27  responding to such requests and interrogatory is substantially the same or less for

28  Defendants as for Plaintiff. This objection encompasses, but is not limited to,

1   documents and answers to interrogatories previously produced by Plaintiff to

2   Defendant in the course of Plaintiff's lawsuit, including (but not limited to) all

3   correspondence between the Plaintiff and Defendants via their attorneys, all other

4   information provided by Plaintiff to Defendants, and all information produced by

5   Plaintiff to Defendant in response to discovery requests of Defendants. All such

6   documents and information will not be produced.

7

8   Defendants' interrogatory calls for responses that were provided to them by

9   Plaintiff and/or is already in the Defendants' possession.

10

11   To the extent any of Defendants' interrogatory seek documents or answers that

12   include expert material, including but not limited to survey materials, Plaintiff

13   objects to any such requests and interrogatory as premature and expressly reserves

14   the right to supplement, clarify, revise, or correct any or all responses to such

15   requests, and to assert additional objections or privileges, in one or more

16   subsequent supplemental response(s) in accordance with the time period for

17   exchanging expert reports set by the Court.

18

19   Plaintiff's specific response may repeat a general objection for emphasis or

20   some other reason. The failure to include any general objection in any specific

21   response does not waive any general objection to that request. Moreover, Plaintiff

22   does not waive his right to amend his responses.

23

24   "Complaint paragraphs 4, 7 through 13, 36, 38 through 69, 84, 85.  California

25   Penal Code section 626.9 prohibits me (Plaintiff) from possessing a handgun,

26   except on my personal property, within 1,000 feet of every K-12 public and private

27   school, unless the handgun is unloaded and in a fully enclosed locked container, or

28   I have a license issued pursuant to sections 26150 & 26155. "Sensitive places" such

1  as schools and government buildings lay outside the scope of my operative

2  complaint.  My operative complaint sought a license to openly carry a handgun

3  pursuant to those sections as applied to the 1,000 foot Gun-Free School Zone which

4  extents from every K-12 public and private school.  I excluded carrying in schools,

5  and on school grounds, from my operative complaint.  The California legislature

6  would subsequently amend the law to exclude license holders from carrying in

7  schools and on school grounds.  Paragraph 'P' of the Prayer for Relief in my

8  operative complaint seeks "A Declaration that Open Carry is the right guaranteed

9  by the Constitution in non-sensitive public-places."  Paragraph 'R' seeks "A

10 Declaration that no license is required to openly carry a firearm for the purpose of

11 self-defense."  My operative complaint states multiple paragraphs regarding non-

12 sensitive public places, all of which are at issue in this lawsuit, including the 1,000

13 foot gun-free school zones in California Penal Code section 626.9."

14

15

16

   Dated:  April 20, 2023

17

18                                      __

                                        _____

19

                                        Charles Nichols

20                                      *In Pro Per*

21

22

23

24

25

26

27

28