1  ROB BONTA
   Attorney General of California
2  R. MATTHEW WISE
   Supervising Deputy Attorney General
3  IRAM HASAN
   Deputy Attorney General
4  State Bar No. 320802
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3793
6   Fax:  (415) 703-5480
    E-mail:  Iram.Hasan@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta, in his
   official capacity as California Attorney General*
8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13
   | **CHARLES NICHOLS,** | 2:11-cv-09916-SSS-KES |
14 |---|---|
   | | |
15 | Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
   | v. | |
16 | | |
   | **ROB BONTA, in his official capacity as Attorney General of California,** | Date: To be decided on |
17 | | Time: the papers (see ECF |
   | | Courtroom: No. 211) |
18 | Defendant. | Magistrate Judge: The Honorable Karen E. Scott |
19 | | Trial Date: None Set |
   | | Action Filed: November 30, 2011 |

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1
Argument ............................................................................................................... 2
    I.    California's Open Carry Restrictions Are Constitutionally Sound .................................................................................................... 2
        A.    The Second Amendment's Plain Text Does Not Protect a Right to Openly Carry Firearms Without a License ................... 2
        B.    California's Open Carry Regime Is Consistent with a Long Tradition of Licensing Requirements and Manner of Carry Restrictions ....................................................................... 5
    II.    Plaintiff Has Waived His Fourteenth Amendment Claim .................... 9
    III.    Plaintiff's Opposition Exceeds the Scope of the Ninth Circuit's Mandate ................................................................................................ 11
Conclusion ........................................................................................................... 12
Certificate of Compliance .................................................................................... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Andrews v. State*
   50 Tenn. 165 (Tenn. 1871) ................................................................................ 4

*Atkinson v. Garland*
   70 F.4th 1018 (7th Cir. 2023) ............................................................................ 3

*B&L Prods., Inc. v. Newsom*
   104 F.4th 108 (9th Cir. June 11, 2024) ......................................................... 1, 2

*Baird v. Bonta*
   709 F. Supp. 3d. 1091 (E.D. Cal. 2023) ................................................ 3, 7, 8, 9

*District of Columbia v. Heller*
   554 U.S. 570 (2008) ................................................................................ *passim*

*FCC v. Beach Commc'ns, Inc.*
   508 U.S. 307 (1993) ........................................................................................ 10

*Frey v. Nigrelli*
   661 F. Supp. 3d. 176 (S.D.N.Y. 2023) .............................................................. 5

*Gallinger v. Becerra*
   898 F.3d 1012 (9th Cir. 2018) ......................................................................... 10

*Heinemann v. Satterberg*
   731 F.3d 914 (9th Cir. 2013) ............................................................................ 7

*Jenkins v. Cnty. of Riverside*
   398 F.3d 1093 (9th Cir. 2005) .......................................................................... 9

*McRorey v. Garland*
   99 F.4th 831 (5th Cir. 2024) ............................................................................. 3

*Merrifield v. Locklyer*
   547 F.3d 978 (9th Cir. 2008) .......................................................................... 10

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*
   597 U.S. 1 (2022) .................................................................................... *passim*

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Nordyke v. King*
681 F.3d 1041 (9th Cir. 2012) (en banc) ............................................................. 10

*Nunn v. State*
1 Ga. 243 (Ga. 1846) ............................................................................................ 4

*Olson v. California*
104 F.4th 66 (9th Cir. 2024) ............................................................................ 9, 10

*Parker v. District of Columbia*
478 F.3d 370 (D.C. Cir. 2007) ............................................................................. 4

*Ramirez v. City of Buena Park*
560 F.3d 1012 (9th Cir. 2009) ............................................................................. 5

*Shagoofa v. Eshaqzi*
2024 WL 1600657 (C.D. Cal., Feb 26, 2024) ..................................................... 9

*State v. Jumel*
13 La.Ann. 399 (1858) ......................................................................................... 9

*State v. Reid*
1 Ala. 612 (Ala. 1840) .......................................................................................... 4

*United States v. Rahimi*
144 S.Ct. 1889 (2024) ......................................................................... 3, 6, 8, 10

*Vincent v. Garland*
80 F.4th 1197 (10th Cir. 2023) ............................................................................ 3

# TABLE OF AUTHORITIES
### (continued)

**Page**

**STATUTES**

California Penal Code
 § 626.9 (Gun-Free School Zone Act of 1995) ............................................. 11, 12
 § 25850 .................................................................................................................. 4, 7
 § 26010 ...................................................................................................................... 4
 § 26045 .................................................................................................................. 4, 7
 § 26150 ............................................................................................................ 8, 9, 10
 § 26155 ............................................................................................................ 8, 9, 10
 § 26350 .................................................................................................................. 4, 7
 § 26362 ...................................................................................................................... 4
 § 26400 .................................................................................................................. 4, 7

**CONSTITUTIONAL PROVISIONS**

Second Amendment .................................................................................... *passim*

Fourteenth Amendment ............................................................................. *passim*

**COURT RULES**

Federal Rules of Civil Procedure § 56(e)(2) ............................................................ 7

# INTRODUCTION

Plaintiff Charles Nichols brings a facial challenge to California's restrictions on the open carry of firearms in public places. As set forth in Defendant's motion for summary judgment, California reasonably and lawfully regulates the open carry of firearms, and its laws readily pass Second Amendment scrutiny under both prongs of the *Bruen* analysis. The plain text of the Amendment does not guarantee the right to openly carry firearms without a license, and Plaintiff fails to address, much less satisfy, his burden to show otherwise. *See B&L Prods., Inc. v. Newsom*, 104 F.4th 108, 117 (9th Cir. June 11, 2024) ("a litigant invoking the Second Amendment must first establish that" the Amendment's plain text covers his conduct). Even if Plaintiff had met his burden, Defendant has shown that California's reasonable open carry restrictions are "consistent with the Nation's historical tradition" of regulating the manner of public carry of firearms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17, 70 (2022). Plaintiff does not meaningfully contest this historical evidence or the expert testimony that supports it.

Plaintiff's equal protection claim also fails as a matter of law. Rather than attempt to satisfy his burden to prove that he is part of a disparately treated class or address the applicable standard of review, Plaintiff mistakenly asserts that "Second Amendment equal protection claims are evaluated under the *Bruen* methodology," and that "*Bruen* eliminated tiers of scrutiny." ECF No. 212 at 24. But Plaintiff does not cite any legal authority to support his novel theory for the assessment of equal protection claims—nor could he. Because Plaintiff has failed to satisfy his burden of proof, he has essentially waived his Fourteenth Amendment Equal Protection Clause claim.

Finally, this Court should disregard the remainder of Plaintiff's opposition to Defendant's motion, because it far exceeds the scope of the Ninth Circuit's mandate. Much of the opposition and supporting materials cited by Plaintiff raise

1 issues unrelated to Plaintiff's Second and Fourteenth Amendment claims—which
2 are the only claims subject to this Court's review on remand. Instead, Plaintiff's
3 opposition seeks to expand his requested relief to encompass, for example,
4 California's "sensitive places" restrictions on the public carry of firearms—
5 restrictions that are not challenged in Plaintiff's operative complaint and that have
6 never previously been the subject of the present litigation. This Court should
7 accordingly decline to address Plaintiff's unpled claims, and judgment should be
8 entered in favor of Defendant on Plaintiff's Second and Fourteenth Amendment
9 claims.

## ARGUMENT

**I.  CALIFORNIA'S OPEN CARRY RESTRICTIONS ARE CONSTITUTIONALLY SOUND**

### A. The Second Amendment's Plain Text Does Not Protect a Right to Openly Carry Firearms Without a License

Plaintiff fails to satisfy his burden of proof on his Second Amendment claim at the first step of the *Bruen* analysis. ECF No. 212 at 9-10. "[A] litigant invoking the Second Amendment must first establish that 'the Second Amendment's plain text covers an individual's conduct.'" *B&L Prods., Inc.*, 104 F.4th at 117 (9th Cir. 2024) (quoting *Bruen*, 597 U.S. at 24). And in conducting that first-step inquiry, the Court must consider the conduct in light of not just "the normal and ordinary meaning of the Second Amendment," but also the Amendment's "historical background." *Bruen*, 597 U.S. at 20 (internal quotation marks omitted).

Here, the plain text of the Second Amendment does not presumptively protect Plaintiff's proposed course of conduct—that is, openly carrying firearms in public with no license at all. ECF No. 83 at 27, 30; ECF No. 212 at 1 ("Plaintiff challenges the requirement of a license to *openly* carry firearms"). Far from finding any unfettered right to carry firearms without first obtaining a license to do so, *Bruen* recognized—and implicitly endorsed—"reasonable, well-defined" restrictions on the public carry of firearms that came with "narrow, objective, and

2

definite standards." 597 U.S. at 38 n.9, 70. Indeed, even Plaintiff recognizes that the right to bear arms "is not unlimited," nor is it "a right to keep and carry any weapon whatsoever in any manner whatsoever and for any purpose." ECF No. 212 at 17; *see United States v. Rahimi*, 144 S.Ct. 1889, 1897 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *see also Bruen*, 597 U.S. at 21 (internal citations omitted). And Plaintiff takes no issue with background checks, recognizing that they are needed to ensure that those bearing arms are "law-abiding, responsible citizens." ECF No. 212 at 10; *see Bruen*, 597 U.S. at 38 n.9 (public carry restrictions "designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens'" are consistent with the Second Amendment); *see also McRorey v. Garland*, 99 F.4th 831, 836 (5th Cir. 2024); *Vincent v. Garland*, 80 F.4th 1197, 1201-02 (10th Cir. 2023); *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023).

     Plaintiff nonetheless maintains that the Second Amendment guarantees a right to openly carry firearms for purposes of self-defense without a license, and he relies on *Bruen* and *Heller* to argue that unlicensed open carry is presumptively protected by the text of the Second Amendment at the first step of the *Bruen* analysis. ECF No. 212 at 10. But as discussed below, that contention relies on a misreading of the Supreme Court's precedents.

     As an initial matter, "[t]he Court in *Bruen* did not decide . . . whether the plaintiffs had a right to carry handguns openly or concealed." *Baird v. Bonta*, 709 F. Supp. 3d. 1091, 1125 (E.D. Cal. 2023), appeal pending, No. 24-565 (9th Cir. 2024). Nor, as discussed in Defendant's motion, did it announce a right to openly carry a firearm without a license. ECF No. 205 at 7. Although Plaintiff acknowledges that *Bruen* did not address these issues, he asserts that *Heller* established that "Open Carry cannot be prohibited." ECF No. 212 at 16. But *Heller* did nothing of the sort. As explained in *Heller*, courts have historically struck down "severe restriction[s]" on the carry of firearms for self-defense

3

1  purposes. *Heller*, 554 U.S. at 628-629 (2008) (citing *Parker v. District of*
2  *Columbia*, 478 F.3d 370 (D.C. Cir. 2007); *Nunn v. State*, 1 Ga. 243 (Ga. 1846);
3  *Andrews v. State*, 50 Tenn. 165 (Tenn. 1871); and *State v. Reid*, 1 Ala. 612 (Ala.
4  1840)). The law at issue in *Heller* essentially prohibited the possession of
5  handguns, which "the American people have considered . . . to be the quintessential
6  self-defense weapon," and required "firearms in the home to be kept nonfunctional
7  even when necessary for self-defense." 554 U.S. at 574, 629-630.

8        That law bears no resemblance to the laws at issue here. California Penal
9  Code sections 25850, 26350, and 26400 do not regulate firearms kept in the home.
10  And while those laws broadly prohibit the open carry of firearms in public, there is
11  no dispute that exceptions apply—for example, a person may openly carry in public
12  if he or she possesses an appropriate license to carry the firearm, and a person may
13  openly carry a firearm in public even without a license if he or she reasonably
14  believes it necessary to prevent an immediate and grave danger to any person or
15  property. *See, e.g.*, Cal. Penal Code §§ 26010, 26362, 26045. That *Heller* and
16  some nineteenth century courts struck down laws that were much more restrictive
17  than those at issue here does not support Plaintiff's claim that he has a "right" to
18  openly carry firearms in public without a license. Indeed, *Bruen* explicitly
19  recognized that "the historical evidence from antebellum America [] demonstrates
20  that the manner of public carry was subject to reasonable regulation." 597 U.S. at
21  59 (emphasis omitted). In short, Plaintiff has not shown that his desire to carry a
22  firearm openly in public without first obtaining a license to do so is conduct
23  presumptively protected by the Second Amendment, and Defendant's motion
24  should be granted as to Plaintiff's Second Amendment claim.
25  ///
26  ///
27  ///
28  ///

**B. California's Open Carry Regime Is Consistent with a Long Tradition of Licensing Requirements and Manner of Carry Restrictions**

Even assuming the Second Amendment's plain text presumptively protects a right to openly carry firearms in public without a license, Plaintiff's Second Amendment claim fails at *Bruen*'s second step. California's licensing regime is consistent with our Nation's long tradition of enforcing licensing requirements and regulating "the manner of public carry" of firearms. *Bruen*, 597 U.S. at 59 (emphasis omitted); *see Frey v. Nigrelli*, 661 F. Supp. 3d. 176, 198 (S.D.N.Y. 2023) ("The fact that the manner in which New York allows public carry—concealed rather than open—is not to Plaintiffs' liking does not mean that enforcement against open carry is unconstitutional."). Moreover, as Defendant explained in his motion for summary judgment, California's licensing regime imposes only a minimal burden on the Second Amendment right to publicly carry a firearm—a burden that is justified by the same kinds of concerns that animated historical firearm regulations. *See* ECF No. 205 at 18-20; *see also Bruen*, 597 U.S. at 3 (requiring courts to consider whether a modern restriction "impose[s] a comparable burden on the Second Amendment right of armed self-defense" that "is comparably justified").

In response, Plaintiff does not contest Defendant's position that California's current licensing regime imposes comparable burdens and is based on comparable justifications *vis-a-vis* its historical precursors. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case." (internal quotation marks omitted)). Instead, he argues only that the "State has not proven a national tradition of requiring a license to *openly carry* rifles, shotguns, and handguns within 1,000-feet of K-12 schools or anywhere." ECF No. 212 at 10-11. In drawing this conclusion, Plaintiff nitpicks Defendant's historical analogues and suggests that the

5

only relevant historical periods for this Court's *Bruen* analysis are 1791 and 1868—*i.e.*, when the Second and Fourteenth Amendments were ratified. *Id.* at 22-23.

But Plaintiff's argument is built on a misunderstanding of the requisite historical inquiry. *Bruen*'s second step requires an evaluation of whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Rahimi*, 144 S. Ct. at 1898 (citing *Bruen*, 597 U.S. at 26-31). *Heller* and *Bruen* "were not meant to suggest a law trapped in amber." *Id.* at 1897. The government need only show that "the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'applying faithfully the balance struck by the founding generation to modern circumstances.'" *Id.* at 1898 (citing *Bruen*, 597 U.S. at 29). As a result, the historical precursors "need not be a 'dead ringer' or a 'historical twin'" to the challenged modern law. *Id.* (citing *Bruen*, 597 U.S. at 30). Moreover, when conducting this historical inquiry, the Supreme Court has explained that post-ratification laws and practices are a relevant part of the analysis—that is, the court is not limited to examining laws from just 1791 or 1868. *Id.* at 1900; *id.* at 1917 (Kavanaugh, J. concurring) ("the Framers themselves intended that post-ratification history would shed light on the meaning of vague constitutional text").

Here, as Plaintiff acknowledges, Defendant provided a survey of hundreds of historical laws regulating the public carry of dangerous weapons from before the founding until the 1900s, coupled with expert testimony explaining the significance of these laws in the Nation's tradition of dangerous weapon and firearm regulation. ECF No. 212 at 22-23; RJN, Ex. 34; Decl. Hasan, Ex. 2-3. Plaintiff does not dispute that Defendant's experts are qualified to opine on historical weapons regulations. Nor has Plaintiff introduced evidence refuting the opinions of Defendant's experts. The upshot is that Defendant's historical evidence is uncontested, and the expert's assertions of fact may be "consider[ed] . . . undisputed for purposes of th[is] motion." Fed. R. Civ. P. 56(e)(2); *see also Heinemann v.*

6

1   *Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

2       Defendant's historical evidence is dispositive of *Bruen*'s second step analysis.
3   *See Bruen*, 597 U.S. at 35 (citing approvingly *Heller*'s examination of evidence of
4   "'how the Second Amendment was interpreted from immediately after its
5   ratification through the end of the 19th century'" (quoting *Heller*, 554 U.S. at 605)).
6   Indeed, Defendant's evidence reveals several well-established historical traditions
7   that are directly relevant to this Court's analysis, including licensing requirements
8   (SUF 5-17), restrictions on the open carry of weapons starting from before the
9   founding (SUF 18-30; RJN, Ex. 1-31, 33, 34), and distinctions in the regulation of
10  weapons in urban and rural areas (SUF 31-37). *See also* RJN, Ex. 34 (documenting
11  other types of regulations). And consistent with these historical traditions, the
12  challenged statutes restrict the open carry of firearms in public, while providing for
13  notable exceptions to those restrictions—including, for example, when an
14  individual possesses a valid license to carry firearms in either a concealed or open
15  manner, or in certain cases of emergency. *See* Penal Code §§ 25850, 26350, 26400,
16  26045; *see also* ECF 190 at 2 n.3.

17      *Baird* is particularly instructive concerning this step two analysis. *See* 709 F.
18  Supp. 3d at 1118-39. In that case, the district court examined a similar set of facts
19  and similar Second Amendment claims before concluding that "California does not
20  prevent 'ordinary, law-abiding citizens' from carrying handguns in public for self-
21  defense" because, as discussed, "[p]eople can carry handguns publicly anywhere in
22  California for self-defense if they obtain a permit and if they conceal their weapon."
23  709 F. Supp. 3d at 1139. Moreover, "[w]ith a permit, they can also carry their
24  handguns openly in counties with lower populations, and they can carry weapons
25  openly in emergencies, even without a permit, such as when it is necessary to
26  protect life or property." *Id*. The district court therefore rejected the plaintiffs'
27  argument that "California cannot constitutionally require them to carry handguns in
28  a specific way, namely concealed," finding their position "unpersuasive for the

7

simple reason that American governments have imposed restrictions on how people carry guns since the founding era, as the Supreme Court has twice held." *Id.*; *Bruen*, 597 U.S. at 70 (Second Amendment guaranteed to "all Americans the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions," including limitations on "the manner by which one carried arms"). Plaintiff offers this Court no argument grounded in historical fact that might warrant a different conclusion in this case.

Instead, Plaintiff reads *Bruen* and *Heller* to stand for the proposition that "concealed carry can be prohibited, but Open Carry cannot be prohibited." ECF No. 212 at 16; *see also id.* at 10. But that argument is inconsistent with the guidance offered in *Bruen* and reiterated in *Rahimi*. "[A] challenged regulation that does not precisely match its historical precursors [] 'still may be analogous enough to pass constitutional muster.'" *Rahimi*, 144 S. Ct. at 1898 (quoting *Bruen*, 597 U.S. at 30). The relevant question is whether "the law . . . comport[s] with the principles underlying the Second Amendment." *Id.*; *see also id.* at 1925 (Barrett, J., concurring) ("'Analogical reasoning' under *Bruen* demands a wider lens: Historical regulations reveal a principle, not a mold."). And here, the Supreme Court has already explained that the "principle" to be drawn from the historical sources is that "*the manner* of public carry was subject to reasonable regulation." *Bruen*, 597 U.S. at 59. California's current licensing regime fits comfortably within that historical tradition: The regime allows for the public carry of firearms statewide if an individual has a concealed carry license, and it allows for licensed open carry in certain counties. *See* Cal. Penal Code §§ 26150, 26155.

Nor should this Court attach any constitutional significance to the fact that jurisdictions historically tended to impose greater restrictions on concealed carry than open carry. *See* SUF 25, 26; *see also Bruen*, 597 U.S. at 52-53, n.16. As Defendant's experts explain, the open carry of firearms was not a customary practice for much of the Nation's history due to technology limitations and societal

8

norms. *See* SUF 11. Governments hoping to mitigate the risk of "interpersonal violence" therefore tended to focus their regulatory efforts on "deadly weapons," which were "associate[d] with crime and needless bloodshed," and which generally were synonymous with "'concealed weapons' for the straightforward reason that they were designed to be carried concealed." SUF 41. Today, by contrast, the handgun is "the quintessential self-defense weapon," *Heller*, 554 U.S. at 629, and openly carrying firearms—particularly in densely populated urban areas—"has the potential to create panic and chaos." SUF 42-43; *see also Baird*, 709 F. Supp. 3d at 1138-39. As a result, although California's licensing regime reflects current societal norms, it remains consistent with historical predecessors. After all, both California's current regime and its historical precursors are aimed at the same legislative goal: regulating "*a particular mode* of bearing arms which [was] found dangerous to the peace of society." *State v. Jumel*, 13 La.Ann. 399, 400 (1858).

## II. PLAINTIFF HAS WAIVED HIS FOURTEENTH AMENDMENT CLAIM

Plaintiff fails to satisfy his burden of proof to show that Penal Code sections 26150 and 26155 violate the Fourteenth Amendment's Equal Protection Clause by limiting the issuance of open carry licenses to counties with populations of less than 200,000. *See* ECF No. 190, 211; *see also Olson v. California*, 104 F.4th 66, 77 (9th Cir. 2024) (a plaintiff must show that "a class that is similarly situated has been treated disparately;" and that the challenged law fails the applicable level of scrutiny). Indeed, because Plaintiff does not even attempt to do so, he has waived this claim, and summary judgment should be granted to Defendant on that basis alone. *See* ECF No. 212 at 23-24; *see Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (litigants waive claims by failing to oppose arguments against them at summary judgment); *see also Shagoofa v. Eshaqzi*, 2024 WL 1600657 at *3, *5 (C.D. Cal., Feb 26, 2024) (same).

Regardless, the challenged statutes do not violate the Equal Protection Clause. As set forth in Defendant's motion, ECF No. 205 at 21, rational basis review

9

applies to Plaintiff's claim because the Second Amendment does not guarantee the unlicensed open carriage of a firearm, and thus Plaintiff's proposed conduct does not implicate any fundamental right. *See Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc); *see supra*, pp. 3-10; *Rahimi*, 144 S. Ct. at 1897; *Bruen*, 597 U.S. at 59. Rational basis is a deferential standard under which courts analyze legislation with "a strong presumption of validity." *Olson*, 104 F.4th at 71 (internal citation omitted). "Under rational basis review, [Plaintiff's] claim must be rejected as long as 'there is any reasonably conceivable state of facts that could provide a rational basis' for the challenged law." *Merrifield v. Locklyer*, 547 F.3d 978, 989 (9th Cir. 2008) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

California's licensing regime meets that deferential standard. The Legislature has adopted a reasonable restriction on the open carry of firearms in densely populated counties—a policy choice that is rationally related to the legitimate government purpose of enhancing public safety. *See Gallinger v. Becerra*, 898 F.3d 1012, 1020 (9th Cir. 2018) (holding that restrictions on the concealed carry of firearms on school grounds were rationally related to the state's legitimate goals of ensuring officer safety and protecting public safety). Because Defendant has provided ample, unrefuted evidence demonstrating a rational basis for the population-based licensing restrictions in Penal Code sections 26150 and 26155, the challenged statutes readily satisfy Fourteenth Amendment scrutiny. *See* ECF No. 205 at 21.

Ignoring the governing standard of review, Plaintiff argues that his Fourteenth Amendment equal protection claim must be decided "on Second Amendment grounds" using "the *Bruen* methodology," and that "*Bruen* eliminated tiers of scrutiny" for even Fourteenth Amendment claims. ECF No. 212 at 23, 24. But Plaintiff cites no authority for this proposition, *see id.*, and Defendant is not aware of any post-*Bruen* case jettisoning the usual equal protection analysis in the firearms context. That dearth of authority makes sense: *Bruen*'s only mention of

the Fourteenth Amendment was to state the uncontroversial principle that "individual rights enumerated in the Bill of Rights [are] made applicable against the States through the Fourteenth Amendment." 597 U.S. at 37. *Bruen* thus did not address the Equal Protection Clause at all, and Plaintiff's novel theory of Fourteenth Amendment analysis should be rejected.

### III. PLAINTIFF'S OPPOSITION EXCEEDS THE SCOPE OF THE NINTH CIRCUIT'S MANDATE

All of Plaintiff's remaining arguments should likewise be rejected because they fall outside the scope of the Ninth Circuit's mandate on remand. This Court clarified the scope of the Ninth Circuit's mandate nearly two years ago (*see* ECF No. 190), and again on July 25, 2024 (*see* ECF No. 211 at 1-2). As the Court explained, [u]nder the plain language of the mandate, the only 'further proceedings' authorized are proceedings to re-adjudicate Plaintiff's claims consistent with *Bruen*," which "concerns the scope of Second Amendment rights." ECF No. 190 at 5. Accordingly, the Court identified "Plaintiff's Second Amendment argument and Licensing Equal Protection argument" as the only claims under consideration "because the district court's prior ruling on those two arguments relied on pre-*Bruen* Second Amendment jurisprudence." *Id*.

Despite this Court's clear guidance, Plaintiff's opposition brief far exceeds the scope of the Ninth Circuit's mandate and seeks to expand the scope of his original claims. For example, Plaintiff attempts to bring a so-called "sensitive places" challenge to Penal Code section 626.9, the Gun-Free School Zone Act of 1995. But the second amended complaint did not challenge section 626.9, and Plaintiff testified as much soon after amending his complaint. *See* ECF No. 83 at 36-39; SUF 2; *see also* ECF No. 212-1 at 283, Pl.'s Stmt. Genuine Disputes 174. Moreover, the Ninth Circuit's mandate—and the Court's order regarding the same—did not recognize an as-applied challenge to section 626.9. *See* ECF No. 162 at 5-6, n.4 ("Plaintiff's claims are facial, not 'as applied'"); *see also* ECF Nos.

11

190, 211. Accordingly, the only live issues that remain before this Court are Plaintiff's Second Amendment and Fourteenth Amendment Equal Protection Clause claims.

Finally, there is no merit to Plaintiff's suggestion that the Governor has somehow defaulted on his ability to obtain summary judgment on Plaintiff's claims (*see* ECF No. 212 at 8) because the Governor is not a defendant in this case—and has not been for several years. *See* ECF No. 190 at 6 ("Governor Newsom is not a defendant in this Court's further proceedings" because he "is not sued in the SAC," and the appeal of the May 2012 order dismissing the Governor "ended when the Ninth Circuit issued its mandate.") Accordingly, the Attorney General is the only remaining defendant. *Id.*[1]

## CONCLUSION

This Court should grant Defendant's motion for summary judgment and enter judgment in Defendant's favor.

Dated: October 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

*/s/ Iram Hasan*

IRAM HASAN
Deputy Attorney General
*Attorneys for Defendants*

SA2012104470

---

[1] While Defendant does not address Plaintiff's additional arguments that exceed the scope of the mandate, he reserves the right to do so if the Court chooses to consider those issues.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Rob Bonta, in his official capacity as the Attorney General of California, certifies that this brief contains 3,830 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 4, 2024                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California


                                          */s/ Iram Hasan*
                                          IRAM HASAN
                                          Deputy Attorney General
                                          *Attorneys for Defendants*

13

# CERTIFICATE OF SERVICE

| Case Name: | **Nichols, Charles v. Edmund G. Brown Jr** | No. | **2:11-cv-09916-SSS-KES** |
|---|---|---|---|

I hereby certify that on <u>October 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 4, 2024</u>, at San Francisco, California.

| C. Tobin | /s/C. Tobin |
|---|---|
| Declarant | Signature |

SA2012104470