1  ROB BONTA
   Attorney General of California
2  R. MATTHEW WISE
   Supervising Deputy Attorney General
3  IRAM HASAN
   Deputy Attorney General
4  State Bar No. 320802
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA 94102-7004
   Telephone: (415) 510-3793
6  Fax: (415) 703-5480
   E-mail: Iram.Hasan@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta, in his*
   *official capacity as Attorney General*
8
                 IN THE UNITED STATES DISTRICT COURT
9
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12

| | |
|---|---|
| 13  **CHARLES NICHOLS,** | 2:11-cv-09916-SSS-KES |
| 14  Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF** |
| 15  **v.** | **GENUINE DISPUTES OF MATERIAL FACT** |
| 16 | |
| 17  **ROB BONTA, in his official capacity as Attorney General of California,** | Date:           To be decided on Time:          the papers (*see* ECF Courtroom:      No. 211) |
| 18  Defendant. | Magistrate Judge: The Honorable Karen E. Scott |
| 19 | Trial Date:      None Set Action Filed:    November 30, 2011 |
| 20 | |

21        Pursuant to Local Rule 56-3, Defendant Rob Bonta, in his official capacity as

22  Attorney General of California, submits the following response to Plaintiff's

23  Statement of Genuine Disputes of Material Facts (ECF No. 212-1). Plaintiff's

24  filing included additional items beyond the 44 statements of uncontroverted facts

25  Defendant originally filed in support of his motion for summary judgment,

26  numbered 45 through 197. Defendant's responses to these additional items begin

27  on page 140.

28  ///

| No. | Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Facts and Supporting Evidence |
|---|---|---|
| 1. | Plaintiff Charles Nichols is a resident of the City of Lawndale, California.<br><br>*Evidence*: Hasan Decl., ¶ 2, Ex. 1 at Hasan Decl._11 (Nichols Dep. 145:15). | **Undisputed.** |
| 2. | Plaintiff Charles Nichols does not challenge Penal Code section 626.9, the California Gun Free School Zone Act of 1995.<br><br>*Evidence*: Hasan Decl., ¶ 2, Ex. 1 at Hasan Decl._09 (Nichols Dep. 98:5-7). | **Disputed. Objection and move to strike.** I was never given the opportunity to review and clarify my answers given in my procedurally improper and objected to deposition dated October 24, 2013. This Court gave Defendants two additional opportunities to depose me. They chose not to. Had I been given the opportunity to review the deposition of 2013, I would have clarified that just because my operative Complaint did not explicitly seek to enjoin PC626.9, I sought declaratory relief and an unrestricted license to openly carry a loaded handgun (which is an exemption to the unloaded handgun Open Carry ban (PC26350) and to PC626.9 and the Federal Gun-Free School Zone Act). That did not, and does not mean that I am not entitled to prospective injunctive and declaratory relief against the Defendants enforcement of PC626.9. Defendants were placed on notice in my operative complaint of 2013, my opening brief on appeal filed in November |

of 2016, again in 2022, in my supplemental brief on appeal, that I am challenging their prohibition on my transporting and carrying of loaded and unloaded firearms prohibited by me when my operative complaint was filed by their amendment to PC626.9, and their introduction of new laws, and in their amending old laws. Defendants were again explicitly placed on notice that I am challenging PC626.9 (and other California laws) in my answers (7-10) to Defendants' First Set of Interrogatories. My answers were served on them in April of 2023. This was before the passage of Senate Bill No. 2, which was again sponsored by the Defendants. I again told the Defendants' attorney that I am challenging PC626.9 in the mandatory meet and confer. I reminded her that my operative Complaint (dated March 12, 2013) contains a standalone as-applied to me challenge to PC626.9 (and California's loaded and unloaded open carry bans, and Open Carry licensing laws). I seek, and am entitled to both Declaratory and prospective injunctive relief against Defendants enforcement of PC626.9, and every other California law that infringes on my Second Amendment right and/or is precluded by Federal law. Furthermore, the transcript is not a true and correct copy of the deposition. As I recall, the deposition lasted for more than 5

hours in which I made numerous objections. These objections due not appear in the transcript. I objected to the deposition as it began. Had the deposition been filed before the final judgment of May 1, 2014, I would have again objected to the deposition and moved to strike it then. I still have not received a true and correct copy of the transcript. **Evidence:** Nichols' Decl. at 64. My Objections to and Responses to the Defendants' First Set of Interrogatories filed concurrently with my opposition to the MSJ. My supplemental brief on appeal - Court of Appeals No. 14-55873 ECF #130 at page 2, ¶3. I therefore **Move to Strike** the Deposition. **Objection. Mischaracterization of testimony.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or prohibiting the Open Carry of loaded or unloaded rifles, shotguns or handguns within 1,000 feet of all K-12 public or private schools let alone

| | | |
|---|---|---|
| | | their possession or transport in 1791 or 1868. The Defendants have not made their case despite having more than a decade since my operative Complaint was served on them and filed. **Evidence:** Nichols' Decl. at 64. My Objections to and Responses to the Defendants' First Set of Interrogatories filed concurrently with my opposition to the MSJ. My supplemental brief on appeal - Court of Appeals No. 14-55873 ECF #130 at page 2, ¶3. |

**2. Defendant's Response:**

Plaintiff's operative complaint does not allege a cause of action challenging Penal Code section 626.9. Plaintiff admits in item 184 below that his "operative complaint did not explicitly seek to enjoin enforcement of California Penal Code 626.9[.]" The deposition transcript has been filed concurrently with Defendant's reply brief and this response.

*Evidence*: ECF No. 83.

| 3. | Licensing and registration requirements were commonly and ubiquitously applied to guns and other dangerous weapons.<br><br>*Evidence*: Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._064 (Spitzer Decl. at 32). | **Disputed**. **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, |

transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections

171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing the Open Carry (or possession) of loaded or unloaded rifles, shotguns or handguns in any of the places I seek to carry let alone their possession or transport in 1791 or 1868. Likewise the Defendants have not proven that there was a national tradition of registering rifles, shotguns and handguns in 1791 or 1868  Moreover, there is no license I can obtain that would allow me to transport any, let alone

| | | all, of my handguns outside of my home.  Weapons licensing and registration requirement were and are widespread in America to disarm racial minorities and poor Whites.  I would cite to the record but this Court is not allowed to consider Plaintiff's 14th Amendment claims independent of the Second Amendment pursuant to The Mandate Rule. |
|---|---|---|

**3. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.  Facts and evidence regarding historic weapons regulations are highly relevant to the Second Amendment inquiry.  *United States v. Rahimi*, 144 S. Ct. 1889, 1896 (2024) ("when a firearm regulation is challenged under the Second Amendment, the Government must show that the restriction 'is consistent with the Nation's historical tradition of firearm regulation'") (quoting *New York State Rifle & Pistol Assn. v. Bruen*, 594 U.S. 1, 24 (2022)).  The Second Amendment historical inquiry is not limited to 1791 and 1868.  *Id.* at 1898-99 ("the Second Amendment permits more than just those regulations identical to ones that could be found in 1791"); *see id.* at 1900 (explaining that post-ratification laws and practices are a relevant part of the analysis); *see also id.* at 1917 (Kavanaugh, J. concurring) ("the Framers themselves intended that post-ratification history would shed light on the meaning of vague constitutional text").[1]

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| | | |
|---|---|---|
| 4. | "Weapons licensing or permitting was a widespread and varied regulatory tool utilized in America." | **Disputed**. **Objection and move to strike.** Only facts affecting the outcome of the suit under the |

---

[1] Plaintiff raises essentially the same relevance objection to all of Defendant's remaining statements of uncontroverted facts, through item 44.  To conserve space and make this lengthy document more readable, Defendant will not repeat this response in subsequent items, but asserts that this response to Plaintiff's relevance objection applies to each of Plaintiff's subsequent relevance objections.

| | | Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._49 (Spitzer Decl. at 17). | governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 |

by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have

| | | not proven that there was a national tradition of "licensing or permitting" the Open Carry of loaded or unloaded rifles, shotguns or handguns in any of the places I seek to carry let alone their possession or transport in 1791 or 1868. Moreover, there is no license I can obtain that would allow me to transport any, let alone all, of my handguns outside of my home. Weapons licensing or permitting was a widespread and varied regulatory tool utilized in America to disarm racial minorities and poor Whites. I would cite to the record but this Court is not allowed to consider Plaintiff's 14th Amendment claims independent of the Second Amendment pursuant to The Mandate Rule. |
|---|---|---|

**4. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| 5. | As it evolved, the Nation's historical tradition of regulating weapons and ammunition through licensing regimes represented "a more flexible form of government regulation[.]" Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._50-51 (Spitzer Decl. at 18-19). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant |

| | | |
|---|---|---|
| 1 | | and immaterial as to whether the |
| 2 | | State met its burden consistent with |
| 3 | | *New York State Rifle & Pistol* |
| | | *Assn, Inc. v. Bruen*, 597 US 1 |
| 4 | | (2022) in proving that the |
| 5 | | challenged government laws that |
| | | criminalize Plaintiff's possession, |
| 6 | | transport, and Open Carry of |
| 7 | | loaded and unloaded rifles, |
| | | shotguns and handgun (antique and |
| 8 | | modern) for the purpose of self- |
| 9 | | defense, and other lawful purposes |
| | | in the curtilage of Plaintiff's home, |
| 10 | | on his private residential property, |
| 11 | | in and on his motor vehicle, and in |
| | | all non-sensitive public places |
| 12 | | from *District of Columbia v.* |
| 13 | | *Heller*, 554 US 570 (2008), and |
| | | applied against the state by |
| 14 | | *McDonald v. City of Chicago, Ill.*, |
| 15 | | 561 US 742 (2010), and held to |
| | | apply to all public places in *New* |
| 16 | | *York State Rifle & Pistol Assn, Inc.* |
| 17 | | *v. Bruen*, 597 US 1 (2022), except |
| | | for sensitive places, such as |
| 18 | | schools and government buildings |
| 19 | | (not at issue here), and California's |
| | | other laws preventing Plaintiff |
| 20 | | from openly carrying, transporting, |
| 21 | | and possessing loaded and |
| | | unloaded firearms in the above |
| 22 | | mentioned places, was overruled |
| 23 | | by *Bruen*. Had the enforcement of |
| | | PC25850, PC26350, and PC26400 |
| 24 | | by defendants been enjoined, and |
| 25 | | Plaintiff's declaratory relief been |
| | | granted consistent with his |
| 26 | | operative complaint, including the |
| 27 | | Attorney General being ordered to |
| | | issue Plaintiff an unrestricted |
| 28 | | license to openly carry a loaded |

| | | | handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of "of regulating weapons and ammunition through licensing régimes" in 1791 or 1868. Moreover, the Defendants have not proven that there was a national tradition of licensing, or |

| | | otherwise regulating, "weapons and ammunition" relevant to openly carrying loaded and unloaded rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense. Which is what I seek to do. |
|---|---|---|

**5. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.).

| 6. | At the start of the Revolutionary War, the Continental Congress recommended the disarmament of loyalists and those "notoriously disaffected to the cause of America." *Journals of the Continental Congress 1774-1789* 205 (Worthington Chauncey Ford ed., 1906). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, |
|---|---|---|

in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350,

PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven I am a British loyalist are one who is "notoriously disaffected to the cause of America." I am not a British loyalist or one who is notoriously disaffected to the cause of America. Decl. of Charles Nichols at 61. I am an American Citizen who seeks to vindicate his rights protected by the Constitution of the United States, as well as those who are similarly situated to me. It is the Defendants and the California legislators who have violated their oath of office to protect and defend the Constitution of the United States. It is the Defendants who, like the British Crown, seek to disarm the People of the United States who enacted the Second Amendment right so that The

| | | People can protect themselves from their kind. |
|---|---|---|
| | **6. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56.<br><br>*Evidence: Journals of the Continental Congress 1774-1789* 205 (Worthington Chauncey Ford ed., 1906). | |
| 7. | In 1713, Philadelphia penalized "'firing a Gun without a license,'" and other colonial laws from 1750 imposed criminal penalties on "'shooting . . . guns' or setting off fireworks" without "a 'governor's special license.'" Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._059 (Spitzer Decl. at 27). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New* |

| | | | *York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** I have not |

| | | challenged any California law regulating the discharge of firearms or setting off fireworks without a license. Nevertheless, a single local ordinance from 1713 does not prove that there was a national tradition. Let alone a national tradition of preventing the discharge of a firearm for the purpose of self-defense. Moreover, California law does not prohibit me from discharging a firearm in self-defense. California law prohibits me from possessing, transporting, and carrying firearms (openly and concealed) outside the doors to my home, in case of confrontation, for the purpose of self-defense. *Heller* at 633 rejected laws prohibiting the discharge of firearms as being relevant to the right to keep and bear fully functional (loaded) rifles, shotguns, and handguns (openly carried). |
| --- | --- | --- |
| | **7. Defendant's Response:** Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. *Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.). | |
| 8. | Gunpowder—an item essential to the use of firearms for purposes of self-defense or otherwise—was extensively regulated through licensing.  Hasan Decl., ¶ 3, Ex. 2, Spitzer Decl. at 30. | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not |

be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the

Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** Gun-powder is essential for self-defense. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of gun-powder

| | | |
|---|---|---|
| | | licensing by individuals to purchase or possess gun-powder. Gun-powder licensing is not at issue in the case. I am not required to have a state or Federal license to purchase 19th century gun-powder or modern smokeless gun-powder. *Heller* at 632-633 rejected gun-powder regulations as being relevant to the Second Amendment right to keep and bear loaded rifles, shotguns, and handguns (carried openly). |

**8. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence*: Hasan Decl., Ex. 2 (Spitzer Decl.).

| 9. | Licensing regimes increased in popularity following the Civil War, in part because of the "dramatic rise in the availability" of revolvers, which coincided with "a proliferation of interpersonal violence" in American communities. Hasan Decl., ¶ 4, Ex. 3 at Hasan Decl._389 (Rivas Decl. at 11). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of |

loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150,

| | | 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of requiring licenses to openly carry rifles, shotguns, and handgun, in case of confrontation, for the purpose of self-defense. The handgun that Dick Heller sought to possess was a revolver. |

**9. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but

| | | |
|---|---|---|
| | rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. *Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.). | |
| 10. | Throughout the post-Civil War period, State and local legislatures required residents to acquire licenses after satisfying "review criteria and discretionary judgment of local officials who were empowered to grant carry licenses." Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._51 (Spitzer Decl. at 19). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings |

| | | |
|---|---|---|
| 1 | | (not at issue here), and California's |
| 2 | | other laws preventing Plaintiff |
| 3 | | from openly carrying, transporting, |
| | | and possessing loaded and |
| 4 | | unloaded firearms in the above |
| 5 | | mentioned places, was overruled |
| 6 | | by *Bruen*. Had the enforcement of |
| | | PC25850, PC26350, and PC26400 |
| 7 | | by defendants been enjoined, and |
| 8 | | Plaintiff's declaratory relief been |
| 9 | | granted consistent with his |
| | | operative complaint, including the |
| 10 | | Attorney General being ordered to |
| 11 | | issue Plaintiff an unrestricted |
| 12 | | license to openly carry a loaded |
| | | handgun, then it would not have |
| 13 | | been a crime for Plaintiff to |
| 14 | | possess, transport, or openly carry |
| 15 | | loaded and unloaded rifles, |
| | | shotguns and handguns in the |
| 16 | | places Plaintiff is now prohibited |
| 17 | | by California Penal Code sections |
| 18 | | 171.5, 171.7, 626.9, 25850, 26150, |
| | | 26155, 26162, 26165, 26170, |
| 19 | | 26175, 26180, 26185, 26190, |
| 20 | | 26200, 26202, 26205, 26210, |
| 21 | | 26215, 26220, 26230, et al. The |
| | | State has long since admitted that |
| 22 | | everywhere PC25850, PC26350, |
| 23 | | PC26400, applies, and the 1,000 |
| 24 | | foot "gun-free" school zones |
| | | extending from every K-12 public |
| 25 | | and private school are non- |
| 26 | | sensitive places. **Object as to** |
| 27 | | **Form, Relevance, Calls for a** |
| | | **legal conclusion, Calls for** |
| 28 | | **speculation. Disputed.** The |
| | | relevant dates, in this circuit, for |
| | | deciding Second Amendment |
| | | challenges are 1791 and 1868. |
| | | *Baird v. Bonta*, 81 F. 4th 1036, |

1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of requiring residents to acquire licenses after satisfying "review criteria and discretionary judgment of local officials who were empowered to grant carry licenses," which the Defendants implicitly concede by referring to Reconstruction Era Black Codes that were designed to prohibit Blacks and poor Whites from exercising their Second Amendment right. *Bruen* explicitly held that discretionary licensing violates the Second Amendment. The People of the United States have the right to openly carry everywhere in public, excluding certain "sensitive places" that the government has proven that there was a national tradition in 1791 or 1868, that prohibited firearms in those places. *Bruen* at 11-12, 48, 53-54 [fn 20-21], 61-62, 63 [fn. 27], 68, 70.

**10. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

| | | | |
|---|---|---|---|
| | *Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.). | | |
| 11. | The open carry of firearms was not a customary practice for much of the Nation's history due to technology limitations and societal norms. Hasan Decl., ¶ 4, Ex. 3 at Hasan Decl._381-383, 399-400, 402 (Rivas Decl. at 3-5, 21-22, 24). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff | |

from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep

| | | and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of prohibiting the Open Carry of loaded and unloaded firearms in the places I seek to carry, in case of confrontation, for the purpose of self-defense and for other lawful purposes. Moreover, *Heller* at 613, 626, held that Open Carry is the right guaranteed by the Constitution, and concealed carry is not a right. Accord *Bruen* at 52. *Bruen* explicitly held that the American People have a right to publicly carry all arms protected by the Second Amendment, including firearms, including handguns, and including revolvers (and semiautomatic pistols). *Id* at 71. |

**11. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 3 (Rivas Decl.).

| 12. | Licensing schemes regulating the open carry of weapons became more common over time.  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._051-056, 264-369 (Spitzer Decl. at 19-24, Ex. K). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are |

irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his

operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing the Open Carry of loaded and

| | | unloaded rifles, shotguns, and handguns in 1791 or 1868 (or anytime during the 19th century). Moreover, California law as-applied to me (and those persons similarly situated to me) cannot obtain a license to openly carry any rifle, shotgun, or handgun, anywhere in the State of California, in case of confrontation, for the purpose of self-defense. |
|---|---|---|

**12. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| 13. | A wide range of concealed or public-carry licensing schemes became ubiquitous in the late 1800s. *See, e.g.*, licensing laws from Hawaii, Indiana, Michigan, New Hampshire, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, and South Carolina.  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._038-042 (Spitzer Decl. at 6-10). | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and |
|---|---|---|

unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen.* Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150,

26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** Perhaps restrictions on concealed carry were widespread in the late 1800s (restrictions on concealed carry were widespread throughout the 20th century). Disputed. The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of Open Carry licensing schemes. Moreover, none of these states required licenses or prohibited the Open Carry of rifles, shotguns and handguns in 1791 or 1868. Hawaii did not become a state until 1959. But to the extent latter history contradicts what the

| | | text of the Second Amendment says, the text of the Second Amendment controls. *Bruen* at 36. The Defendants' argument that I can be prohibited from openly carrying loaded and unloaded rifles, shotguns, and handguns because Open Carry licenses do not exist contradicts the text of the Second Amendment. |
|---|---|---|

**13. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| 14. | Jersey City enacted a law in 1873 that "bears great similarity to contemporary gun licensing schemes[,]" permitting its municipal court to grant permits to carry certain weapons and "impose such conditions and restrictions as the court shall deem proper."  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._052 (Spitzer Decl. at 20); Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._421 (Rivas Decl. at 43). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self- |
|---|---|---|

defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210,

26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). The Defendants must prove there was a national historic tradition in 1791 and 1868 that required all citizens of the United States to be licensed before they could openly carry loaded, and unloaded rifles, shotguns, and handguns, in case of

| | | | confrontation, for the purpose of self-defense. They haven't. |
|---|---|---|---|
| | **14. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's experts to provide this testimony.  The experts' testimony is not speculative, but rather based on the experts' undisputed qualifications, the experts' reports, and surveys of historic weapons and firearms laws.<br><br>*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.); *id.*, Ex. 3 (Rivas Decl.). | | |
| 15. | "[P]ermits would not be granted to 'any person until the court is satisfied that such person is temperate, of adult age, and capable of exercising self-control.'"  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._052 (Spitzer Decl. at 21). | | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by |

| | | |
|---|---|---|
| 1 | | *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to** |

40

**Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition that prohibited the Open Carry of rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense, with a permit/license court is satisfied that such person is temperate, of adult age, and capable of exercising self-control. For a person to be deprived permanently or temporarily of his right to keep and bear arms, the Due Process Clause of the Fourteenth Amendment requires that the government prove that an individual can be deprived of his Second Amendment right in both criminal and civil proceedings.

**15. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

| | | | |
|---|---|---|---|
| | *Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.). | | |
| 16. | Municipalities in California, "[o]ne of the earliest proponents of licensing as a way of regulating the carrying of pistols . . . began passing ordinances that provided for licensing in order to carry a pistol in public" after 1866.  Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._420 (Rivas Decl. at 42). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff | |

from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Disputed. Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep

and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). Defendants have not proven that there was a national tradition of licensing Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). Moreover, California did not require a license to openly carry any long gun, and does not do so today. California did not enact its handgun Open Carry licensing law (26150 et seq.,) until the late 20th century. From 1863-1870, California had a statewide prohibition on concealed carry that was substantially amended and then repealed in 1870. In 1917, California enacted a statewide *concealed carry* licensing law. In 1923, California enacted the current *concealed carry* licensing scheme (with irrelevant amendments over time). The Defendants must prove there was a national historic tradition in 1791 and 1868 that required all citizens of the United States to be licensed before they could openly carry loaded, and unloaded rifles, shotguns, and handguns, in case of

| | | confrontation, for the purpose of self-defense. They haven't. |
|---|---|---|
| | **16. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.<br><br>*Evidence:*  Hasan Decl., Ex. 3 (Rivas Decl.). | |
| 17. | Florida adopted a law in 1893 that made it unlawful for any person "to carry around with him on his person and in his manual possession [a] Winchester rifle or other repeating rifle" "without first taking out a license from the County Commissioner of the respective counties."  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._055 (Spitzer Decl. at 23). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by |

| | | |
|---|---|---|
| 1 | | *McDonald v. City of Chicago, Ill.*, |
| 2 | | 561 US 742 (2010), and held to |
| 3 | | apply to all public places in *New* |
| | | *York State Rifle & Pistol Assn, Inc.* |
| 4 | | *v. Bruen*, 597 US 1 (2022), except |
| 5 | | for sensitive places, such as |
| 6 | | schools and government buildings |
| | | (not at issue here), and California's |
| 7 | | other laws preventing Plaintiff |
| 8 | | from openly carrying, transporting, |
| 9 | | and possessing loaded and |
| | | unloaded firearms in the above |
| 10 | | mentioned places, was overruled |
| 11 | | by *Bruen*. Had the enforcement of |
| 12 | | PC25850, PC26350, and PC26400 |
| | | by defendants been enjoined, and |
| 13 | | Plaintiff's declaratory relief been |
| 14 | | granted consistent with his |
| 15 | | operative complaint, including the |
| | | Attorney General being ordered to |
| 16 | | issue Plaintiff an unrestricted |
| 17 | | license to openly carry a loaded |
| 18 | | handgun, then it would not have |
| | | been a crime for Plaintiff to |
| 19 | | possess, transport, or openly carry |
| 20 | | loaded and unloaded rifles, |
| 21 | | shotguns and handguns in the |
| | | places Plaintiff is now prohibited |
| 22 | | by California Penal Code sections |
| 23 | | 171.5, 171.7, 626.9, 25850, 26150, |
| | | 26155, 26162, 26165, 26170, |
| 24 | | 26175, 26180, 26185, 26190, |
| 25 | | 26200, 26202, 26205, 26210, |
| 26 | | 26215, 26220, 26230, et al. The |
| | | State has long since admitted that |
| 27 | | everywhere PC25850, PC26350, |
| 28 | | PC26400, applies, and the 1,000 |
| | | foot "gun-free" school zones |
| | | extending from every K-12 public |
| | | and private school are non- |
| | | sensitive places. **Object as to** |

| | | | |
|---|---|---|---|
| | | | **Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Florida law the Defendants reference was racially motivated, *Watson v. Stone*, 148 Fla. 516, 4 So.2d 700 (1941). The Defendants have not proven that there was a national tradition of licensing the Open Carry of firearms, including repeating, lever action firearms which long predated the enactment of the 14th Amendment in 1868. |

**17. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| | | | |
|---|---|---|---|
| 18. | Laws restricting particular methods of public carry were in effect when the Second and Fourteenth Amendments were ratified, and even before the founding.  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._038-051, | | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are |

058-061, 063-065, 120-122, 126-129, 167-168, 171, 173-177, 179, 181-182, 185-189, 191-193, 195-196, 198-202, 205-206, 210-212, 215-216, 218, 222, 226-228, 232-233, 235, 241, 245-247, 254-256, 261, 265-267, 272-274, 277, 281-282, 289-291, 299, 309-311, 329, 342, 347, 356, 376-377 (Spitzer Decl. at 6-19, 26-29, 31-33; *id.*, Ex. B at 1-3; *id.*, Ex. C at 2-5; *id.*, Ex. E at 2-3, 6, 8-12, 14, 16-17, 20-24, 26-28, 30-31, 33-37, 40-41, 45-47, 50-51, 53, 57, 61-63, 67-68, 70, 76, 80-82, 89-91, 96; *id.*, Ex. K at 1-3, 8-10, 13, 17-18, 25-27, 35, 45-47, 65, 78, 83, 92; *id.*, Ex. M at 1-2); Hasan Decl., ¶ 4, Ex. 3 at Hasan Decl._381, 386-387, 398-399, 402, 405-411, 413, 415-416, 418-419, 421-423 (Rivas Decl. at 3, 8-9, 20-21, 24, 27-33, 35, 37-38, 40-41, 43-45).

irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his

| | | |
|---|---|---|
| 1 | | operative complaint, including the |
| 2 | | Attorney General being ordered to |
| | | issue Plaintiff an unrestricted |
| 3 | | license to openly carry a loaded |
| 4 | | handgun, then it would not have |
| | | been a crime for Plaintiff to |
| 5 | | possess, transport, or openly carry |
| 6 | | loaded and unloaded rifles, |
| | | shotguns and handguns in the |
| 7 | | places Plaintiff is now prohibited |
| 8 | | by California Penal Code sections |
| | | 171.5, 171.7, 626.9, 25850, 26150, |
| 9 | | 26155, 26162, 26165, 26170, |
| 10 | | 26175, 26180, 26185, 26190, |
| | | 26200, 26202, 26205, 26210, |
| 11 | | 26215, 26220, 26230, et al. The |
| 12 | | State has long since admitted that |
| | | everywhere PC25850, PC26350, |
| 13 | | PC26400, applies, and the 1,000 |
| 14 | | foot "gun-free" school zones |
| | | extending from every K-12 public |
| 15 | | and private school are non- |
| 16 | | sensitive places. **Object as to** |
| | | **Form, Relevance, Calls for a** |
| 17 | | **legal conclusion, Calls for** |
| 18 | | **speculation. Disputed.** The |
| | | relevant dates, in this circuit, for |
| 19 | | deciding Second Amendment |
| 20 | | challenges are 1791 and 1868. |
| | | *Baird v. Bonta*, 81 F. 4th 1036, |
| 21 | | 1046 (2023). "[T]he public |
| 22 | | understanding of the right to keep |
| | | and bear arms in both 1791 and |
| 23 | | 1868 was, for all relevant purposes, |
| 24 | | the same with respect to public |
| | | carry." *New York State Rifle &* |
| 25 | | *Pistol Assn, Inc. v. Bruen*, 597 US |
| 26 | | 1, 38 (2022). The Defendants have |
| | | not proven that there was a |
| 27 | | national tradition of licensing or |
| 28 | | banning the Open Carry of arms |

| | | | protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). In 1791, there were no statewide prohibitions on concealed carry. *Bruen* at 36, 58, and 69 "liquidated" concealed carry in a manner that did not conflict with the Open Carry right from *Heller*. *Id* at 54. Plaintiffs have not even proven the much easier to prove national American tradition of restricting *concealed* carry. |
|---|---|---|---|
| | **18. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's experts to provide this testimony.  Fed. R. Evid. 702.  The experts' testimony is not speculative, but rather based on the experts' undisputed qualifications, the experts' reports, and surveys of historic weapons and firearms laws.<br><br>*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.); *id*., Ex. 3 (Rivas Decl.). | | | |
| 19. | The Second Amendment right was understood as "a public allowance," subject to "due restrictions" necessary to protect the peace. Hasan Decl., ¶ 6, Ex. 5 at Hasan Decl._456 (1 Blackstone, *Commentaries on the Laws of England* 139 (1765)). | | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open |

| | | |
|---|---|---|
| 1 | | Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections |

51

171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of Open Carry licensing schemes. But to the extent latter history contradicts what the text of the Second Amendment says, the text of the Second Amendment controls. *Bruen* at 36. The Defendants' argument that I can be prohibited from openly carrying loaded and unloaded rifles, shotguns, and handguns because Open Carry licenses do not exist contradicts the text of the

| | | |
|---|---|---|
| 1 | | Second Amendment. If by "'a public allowance," subject to "due restrictions" necessary to protect the peace"" the Defendants mean the right to keep and bear arms is a government created right and banning Open Carry is reasonable under the police power of the state," bans on Open Carry and licensing of Open Carry were not understood to be a reasonable regulation, and *Heller* at 592 held that the right to keep and (openly) bear arms is a pre-existing right, and not one created by our Federal Constitution or dependent on its existence. Regardless of what *some* may have believed that the right to keep and bear arms was a "public allowance," the right of the individual to openly carry arms is a right that pre- exists the Second Amendment and is a right that does not depend on the existence of the Second Amendment. *Heller* at 592. |

**19. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56.

*Evidence:* Hasan Decl., ¶ 6, Ex. 5 at Hasan Decl._456 (1 Blackstone, *Commentaries on the Laws of England* 139 (1765)).

| | | |
|---|---|---|
| 20. | The public carry of firearms was generally prohibited in populous areas in England before the founding, with limited exceptions for community defense, law enforcement, and the upper class. Henry Summerson, *The Enforcement* | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. |

| | | |
|---|---|---|
| | *of the Statute of Winchester 1285–1327*, 13 J. LEGAL HIST., 232 (1992). | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his |

operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** England had class based distinctions. For example "upper class" men by law or custom, were required to openly carry swords. At times, the possession of certain arms was limited to those with a high annual income. Other arms, such as knives, and cudgels, were not prohibited from being carried in public regardless of class. The possession, use, and carrying of long bows on a weekly basis was required by law. By the 18th century, handguns could be

carried (openly or concealed) by gentlemen. There was no law enforcement, as we know it today (municipal or state police). Laws were enforced by private citizens. That tradition continued in America until the early 20th century, as did private criminal prosecutions which still exists in some states. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national American tradition of prohibiting Open Carry in "populous" areas in the United States *Bruen* at 31, explicitly rejected the notion that firearms (and all arms protected by the Second Amendment) can be prohibited from being carried in the most densely populated place in the United States (Island of Manhattan). England's Game Laws generally prohibited the bearing of arms outside of, not inside of, cities towns and villages. *Heller* at 583 [fn7], but was invoked to disarm Protestants, *Id* at 593. From 1604 until it was repealed in 1825,

England prohibited the *use* of concealed weapons on or about one's person, not the *carrying* of *concealed* weapons. An Act to take away the Benefit of Clergy from some kind of Manslaughter, 1 Jas. 1. c. 8 (1604). Except for the application of the Game Laws to disarm Protestants, it was populous areas (where the game laws did not apply) that one could generally bear arms. But the "fact" posited by the Defendants is irrelevant. The laws of England have no bearing on the American Second Amendment right to openly carry loaded rifles, shotguns, handguns, and all arms protected by the Second Amendment in the home, in the curtilage of one's home, on private property, in and on vehicles, and in all non-sensitive public places. *Heller*, *McDonald*, and *Bruen* affirmatively held that Open Carry is the right guaranteed by the Constitution, which *Rahimi* reaffirmed.

### 20. Defendant's Response:

Plaintiff cites no expert evidence to support his opinion on historic laws, including English Game Laws or the "Act to take away the Benefit of Clergy from some kind of Manslaughter." Fed. R. Civ. P. 56; Fed. R. Evid. 702, 705. Plaintiff is not qualified as an expert to opine on historical laws. Fed. R. Evid. 702. Plaintiff's citation to "Act to take away the Benefit of Clergy from some kind of Manslaughter" does not lead to a law by that name, and Plaintiff does not include a copy of the law with his opposition.

*Evidence*: Henry Summerson, *The Enforcement of the Statute of Winchester 1285–1327*, 13 J. LEGAL HIST., 232 (1992).

| | | | |
|---|---|---|---|
| | *Objections*: (1) Improper expert opinion (Fed. R. Evid. 701, 702); (2) unreliable survey methods and results (Fed. R. Evid. 702); (3) undisclosed data (Fed. R. Evid. 705). | | |
| | 21. | A 1642 provision in the colony of New Netherland (later New York) prohibited the drawing or displaying of knives. Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._043-044 (Spitzer Decl. at 11-12). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools |

and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868.

*Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). I do not seek to openly carry a knife. California state law does not prohibit me from openly carrying knives, or displaying them, or using them in self- defense. The same is true of swords, Tasers, and unloaded antique long guns except, unlike Tasters, I am prohibited from carrying loaded antique long guns (and loaded, and unloaded handguns, antique and modern, and loaded and unloaded long guns that are not antiques). Nor does California require a license for me to carry or display knives. Defendants have not proven that there was a national tradition of licensing the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). A 1642 law from what was then a Dutch colony is irrelevant to the American right to keep and bear arms which Heller, McDonald, and Bruen have well defined.

| | | Open Carry in non-sensitive public places is not on the periphery of the Second Amendment right (or outside the right according to the Defendants), it is the core right. |
|---|---|---|
| **21. Defendant's Response:** Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. *Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.). | | |
| 22. | A 1686 New Jersey law prohibited the wearing of "pistols" and other specified weapons "privately," and also levied penalties for the open carrying of weapons. Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._044 (Spitzer Decl. at 12). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his |

motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850,

PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The New Jersey law was explicitly rejected in *Bruen* at 48-49. The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto).

**22. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but

| | | |
|---|---|---|
| | rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. *Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.). | |
| 23. | Several colonial governments adopted laws that prohibited the carry of firearms because the act was considered to be "in terror of the people." Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._044-045 (Spitzer Decl. at 12-13). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools |

and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868.

*Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). Openly carrying rifles, shotguns, and handguns, was never considered to be in and of itself considered an act in terror of the people. Some, but not all, considered firearms that are easily and ordinarily carried concealed to be "dangerous and unusual weapons." *Bruen* at 45- 46 explicitly rejected the State's position that merely openly carrying firearms is an act of terror. The State made that same argument in the Court of Appeals. An argument that was rejected by a hostile to the Second Amendment three-judge panel. And not forgetting that under California law, the mere carriage of a rifle, shotgun, or handgun (or any arms) is not a violation of California Penal Code section 417.

**23. Defendant's Response:**

| | | | |
|---|---|---|---|
| | | Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.<br><br>*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.). | |
| 24. | Those colonial statutes punished individuals who "'went armed offensively'" in public places like "'fairs,'" "'markets,'" or "'in the presence of the King's Justices.'" Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._045 (Spitzer Decl. at 13 (quoting a 1699 New Hampshire law and a 1795 North Carolina law, and citing similar laws adopted in the 1700s in Virginia and Massachusetts)). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State* | |

*Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The

relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). The Defendants have long since conceded that public places like fairs, and markets are *not* sensitive places. As to carrying "'in the presence of the King's Justices.' California does not have a king, notwithstanding Governor Newsom's aspiration. The Defendants have not identified any California law that makes it a crime for me to openly carry firearms in the presence of a King's ministers but if such a law exists then I seek prospective injunctive and declaratory relief against the Defendants enforcing that law (or laws). I do not seek to carry arms in courtrooms in this action. I explicitly excluded government buildings in my operative complaint.

**24. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 2 (Spitzer Decl.).

| 25. | "[P]ublic-carry restrictions proliferate[d]" in the period after the ratification of the Second Amendment in 1791, most often "proscrib[ing[ the concealed carry of pistols and other small weapons," but certain jurisdictions also imposed restrictions on open carry.  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._039-042 (Spitzer Decl. at 7-10); Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._399, 403-406 (Rivas Decl. at 21 n.58, 25, 25 n.71, 25-26, 26 n.72, 26 n.74, 27 n.75, 27-28). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all |

| | | |
|---|---|---|
| 1 | | public places in *New York State* |
| 2 | | *Rifle & Pistol Assn, Inc. v. Bruen*, |
| 3 | | 597 US 1 (2022), except for |
| | | sensitive places, such as schools |
| 4 | | and government buildings (not at |
| 5 | | issue here), and California's other |
| | | laws preventing Plaintiff from |
| 6 | | openly carrying, transporting, and |
| 7 | | possessing loaded and unloaded |
| | | firearms in the above mentioned |
| 8 | | places, was overruled by *Bruen*. |
| 9 | | Had the enforcement of PC25850, |
| | | PC26350, and PC26400 by |
| 10 | | defendants been enjoined, and |
| 11 | | Plaintiff's declaratory relief been |
| | | granted consistent with his |
| 12 | | operative complaint, including |
| 13 | | the Attorney General being |
| | | ordered to issue Plaintiff an |
| 14 | | unrestricted license to openly |
| 15 | | carry a loaded handgun, then it |
| | | would not have been a crime for |
| 16 | | Plaintiff to possess, transport, or |
| 17 | | openly carry loaded and unloaded |
| | | rifles, shotguns and handguns in |
| 18 | | the places Plaintiff is now |
| 19 | | prohibited by California Penal |
| | | Code sections 171.5, 171.7, |
| 20 | | 626.9, 25850, 26150, 26155, |
| 21 | | 26162, 26165, 26170, 26175, |
| | | 26180, 26185, 26190, 26200, |
| 22 | | 26202, 26205, 26210, 26215, |
| 23 | | 26220, 26230, et al. The State has |
| | | long since admitted that |
| 24 | | everywhere PC25850, PC26350, |
| 25 | | PC26400, applies, and the 1,000 |
| | | foot "gun-free" school zones |
| 26 | | extending from every K-12 public |
| 27 | | and private school are non- |
| | | sensitive places. **Object as to** |
| 28 | | **Form, Relevance, Calls for a** |

**legal conclusion, Calls for speculation. Partially disputed. Admit in part.** First of all, "public carry" historically meant "Open Carry" and "private carry" historically meant "concealed carry." *Bruen* appears to have correctly used the term "private carry" when referring to concealed carry, for example *Id* at 54 "Tennessee's prohibition on carrying "public[ly] or private[ly]" any "belt or pocket pisto[l]…" But *Bruen's* use of the term "Public Carry" is difficult to map. Perhaps this was because the unrestricted handgun carry licenses the Petitioners sought did not prohibit Open Carry. Indeed, the very same license was, and is, the license required for hunting and target shooting. *Bruen* at 12. A New York State handgun license allowed both Open Carry and concealed carry of handguns. New York State did not, and does not require a license to openly carry a loaded or unloaded long gun in public. New York City has its own licensing laws for handguns, rifles, and shotguns. "Proliferate" means to "increase rapidly." Prohibitions or restrictions on the Open Carry of long guns, loaded or unloaded, are virtually nonexistent in American history. When *Bruen* was decided in 2022, only a handful of states generally prohibited Open Carry. A few

states prohibited the carrying of handguns (openly and concealed) that are easily and ordinarily carried concealed but they were outliers and disapproved of by *Bruen* in its citations to *Nunn* at 54 and two late 19th-century cases in *Texas*. *Id* at 64. Neither did prohibitions on concealed carry "proliferate." The first prohibition on concealed carry was Kentucky in 1813, and it was overturned by the State high court in 1822. See *Bruen* fn 16 beginning at 52. By 1868, "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Heller* at 626. More than 76 years passed between the enactment of the Second and Fourteenth Amendments. 76 years is not a *proliferation*. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open

| | | |
|---|---|---|
| | | Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, and 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). |

**25. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's experts to provide this testimony. Fed. R. Evid. 702. The experts' testimony is not speculative, but rather based on the experts' undisputed qualifications, the experts' reports, and surveys of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.); *id*., Ex. 3 (Rivas Decl.).

*Objections*: (1) Plaintiff's statements regarding historic weapons laws, including the historic understanding of certain terms and restrictions on the open carry of weapons, require specialized knowledge within the scope of Rule 702 (Fed. R. Evid. 701); (2) Plaintiff is not qualified as an expert (Fed. R. Evid. 702).

| 26. | In the 1850s, Pennsylvania, Hawaii, and the District of Columbia criminalized the carrying of firearms or other specified deadly weapons, whether they were carried in a concealed manner or openly. Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._410-412 (Rivas Decl. at 32-34). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws |

that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the

| | | |
|---|---|---|
| 1 | | places Plaintiff is now prohibited |
| 2 | | by California Penal Code sections |
| 3 | | 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, |
| 4 | | 26170, 26175, 26180, 26185, |
| 5 | | 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. |
| 6 | | The State has long since admitted |
| 7 | | that everywhere PC25850, PC26350, PC26400, applies, and |
| 8 | | the 1,000 foot "gun-free" school |
| 9 | | zones extending from every K-12 public and private school are non- |
| 10 | | sensitive places. **Object as to** |
| 11 | | **Form, Relevance, Calls for a legal conclusion, Calls for** |
| 12 | | **speculation. Disputed.** The |
| 13 | | relevant dates, in this circuit, for deciding Second Amendment |
| 14 | | challenges are 1791 and 1868. |
| 15 | | *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public |
| 16 | | understanding of the right to keep and bear arms in both 1791 and |
| 17 | | 1868 was, for all relevant |
| 18 | | purposes, the same with respect to |
| 19 | | public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, |
| 20 | | 597 US 1, 38 (2022). The |
| 21 | | Defendants have not proven that there was a national tradition of |
| 22 | | licensing or banning the Open |
| 23 | | Carry of arms protected by the Second Amendment at issue in |
| 24 | | this case (rifles, shotguns, and |
| 25 | | handguns). 1850s, Pennsylvania, Hawaii, and the District of |
| 26 | | Columbia. Do not constitute a national American tradition. |
| 27 | | Hawaii was a territory, and *Bruen* |
| 28 | | at 66-70 rejected territorial laws In |

|  |  | Toto, and rejected isolated state and local laws as establishing a national American tradition. The 1851 "Pennsylvania law" was not a statewide law, it was limited to the Borough of York. I do not know what 1850's District of Columbia law the Defendants are referring to but the District of Columbia did not even generally prohibit the Open Carry of firearms until the late 20th century, and did not require that handguns that were openly carried by licensed until 1943, whatever law the Defendants are referring to either did not prohibit Open Carry by the general public for the purpose of self-defense, or was short lived. |

**26. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.).

*Objections*: (1) Plaintiff's statements regarding historic weapons laws require specialized knowledge within the scope of Rule 702 (Fed. R. Evid. 701); (2) Plaintiff is not qualified as an expert (Fed. R. Evid. 702).

| 27. | States also adopted less direct methods for discouraging the public carry of firearms, like imposing one- or ten-dollar taxes on pistols and other specified weapons. Such laws were enacted in Florida in 1838 and North Carolina in 1850. Hasan | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or |

| | | Decl., ¶ 3, Ex. 2 at Hasan Decl._040 (Spitzer Decl. at 8); Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._414-415 (Rivas Decl. at 36-37). | unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been |

granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** Some states enacted indirect, and direct laws, that were targeted at racial and ethnic groups, and poor Whites. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with

| | | respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). Florida was a territory in 1838, and therefore precluded from consideration by Bruen. *Id*. Likewise, a single state (North Carolina) does not constitute a national tradition. *Id*. |

**27. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's experts to provide this testimony. Fed. R. Evid. 702. The experts' testimony is not speculative, but rather based on the expert's undisputed qualifications, the experts' reports, and surveys of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.); *id*., Ex. 3 (Rivas Decl.).

*Objections*: (1) Plaintiff's statements regarding historic weapons laws require specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701. (2) Plaintiff is not qualified as an expert. *See* Fed. R. Evid. 702.

| 28. | Public-carry restrictions increased in frequency during the Reconstruction era and through the early-20th century. Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._041 (Spitzer Decl. at 9). | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual |

disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and

Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** Some states enacted indirect, and direct laws, that were targeted at racial and ethnic groups, and poor Whites after the Civil War, and additional state enacted restriction on concealed carry. These post 14th Amendment laws lie outside the relevant time frame in this circuit. 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). **Disputed.** The relevant dates, in this circuit, for deciding Second

| | | | Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). |

**28. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.).

| 29. | An 1871 Texas law criminalized the carry of certain weapons "on or about [one's] person, saddle, or in his saddle bags . . . unless for provable self-defense or in service to the government." Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._041 (Spitzer Decl. at 9). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, |

597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry

loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single

| | | |
|---|---|---|
| | | local, or state law (and rejected territorial laws In Toto). *Bruen* at 64—66 explicitly rejected the relevance of the Texas law. The Texas law, like the other State laws and local ordinances cited by the Respondents in *Bruen* did not prove that there was a national tradition of prohibiting the Open Carry of rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense. The 1871 Texas law cited by the Defendants was rejected as an outlier by *Bruen* at 65. |

**29. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. Defendant's evidence includes more than a "single" law restricting the open carry of weapons.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.); Def.'s RJN, Ex. 34 at 4, 30-31, 33-35, 46-47, 57, 65.

| | | |
|---|---|---|
| 30. | An 1875 Arkansas statute and an 1872 Nebraska City ordinance criminalized the carry of pistols and other firearms. Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._041-043 (Spitzer Decl. at 9-10). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State* |

*Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to

possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). The 1875 Arkansas statute applied only to handguns, and was short-lived. About six

| | | | |
|---|---|---|---|
| | | | years later, Arkansas exempted "pistols as are used in the army or navy of the United States," so long as they were carried "uncovered, and in [the] hand." 1881 Ark. Acts p. 191, no. 96, §§ 1, 2. *Bruen* at 69 [fn 5]. A lone Nebraska local ordinance does not constitute a national tradition any more than did the D.C., law in *Heller* or the City ordinance in *McDonald*. |

**30. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. These are not "lone" ordinances, but rather two of several examples included in Defendant's evidence.

*Evidence*: Hasan Decl., Ex. 2 (Spitzer Decl.); *id.* Ex. A-M; Def.'s RJN, Ex. 1-34.

*Objection*: Relevance. Fed. R. Evid. 401.

| | | |
|---|---|---|
| 31. | California's policy choice to allow open-carry licensing in less populated counties fits within a long historical tradition of governments drawing distinctions "about the relative danger of deadly weapons in urban versus rural locales." Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._416 (Rivas Decl. at 38). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that |

| | | |
|---|---|---|
| 1 | | the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, |

shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). The "evidence" cited by the Defendants regarding California's "policy choice" is a lone citation to the Rivas declaration "at 38." Rivas does

| | | |
|---|---|---|
| 1 | | not discuss any policy choice of |
| 2 | | California until page 42, and that |
| 3 | | policy was limited to carrying |
| | | concealed handguns, not the Open |
| 4 | | Carry of handguns, and certainly |
| 5 | | not the Open Carry of long guns. |
| 6 | | *Bruen* at 31 explicitly rejected that |
| | | the Second Amendment the right |
| 7 | | to openly carry loaded rifles, |
| 8 | | shotguns, and handguns (and all |
| 9 | | bearable protected arms), was |
| | | different in densely populated |
| 10 | | rural areas compared to urban |
| 11 | | areas. Moreover, California's |
| 12 | | loaded handgun Open Carry |
| | | licensing laws make no distinction |
| 13 | | between urban and rural areas. |
| 14 | | The statutory dividing line is the |
| 15 | | population of a county. Los |
| | | Angeles County has far more rural |
| 16 | | acreage than most of these "rural" |
| 17 | | counties and it has cities that are |
| 18 | | far less populated (rural) by any |
| | | metric (density or number). Los |
| 19 | | Angeles County has the smallest |
| 20 | | and largest incorporated cities and |
| 21 | | cities with a comparable |
| | | population to every city in a |
| 22 | | county with a population of fewer |
| 23 | | than 200,000 people in this state. |
| 24 | | The incorporated city of Redding |
| | | (Shasta County) with a population |
| 25 | | of 89,861 is not prohibited from |
| 26 | | issuing handgun Open Carry |
| 27 | | licenses. Redding California is not |
| | | some wilderness outpost. Yet |
| 28 | | California City (Kern County) is |
| | | an incorporated city |
| | | encompassing 203 square miles |
| | | but a population of only 14,120 |
| | | people and handgun Open Carry |

| | | licenses are not available there because it does not have a population of fewer than 200,000 people. |
|---|---|---|
| **31. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.<br><br>*Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.). | | |
| 32. | Governments have historically applied stricter requirements concerning the public carry of weapons in more urban centers versus rural locales. Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._416 (Rivas Decl. at 38). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from |

| | | |
|---|---|---|
| 1 | | *District of Columbia v. Heller*, |
| 2 | | 554 US 570 (2008), and applied |
| 3 | | against the state by *McDonald v.* |
| | | *City of Chicago, Ill.*, 561 US 742 |
| 4 | | (2010), and held to apply to all |
| 5 | | public places in *New York State* |
| | | *Rifle & Pistol Assn, Inc. v. Bruen*, |
| 6 | | 597 US 1 (2022), except for |
| 7 | | sensitive places, such as schools |
| | | and government buildings (not at |
| 8 | | issue here), and California's other |
| 9 | | laws preventing Plaintiff from |
| | | openly carrying, transporting, and |
| 10 | | possessing loaded and unloaded |
| 11 | | firearms in the above mentioned |
| | | places, was overruled by *Bruen*. |
| 12 | | Had the enforcement of PC25850, |
| 13 | | PC26350, and PC26400 by |
| | | defendants been enjoined, and |
| 14 | | Plaintiff's declaratory relief been |
| 15 | | granted consistent with his |
| | | operative complaint, including the |
| 16 | | Attorney General being ordered to |
| 17 | | issue Plaintiff an unrestricted |
| | | license to openly carry a loaded |
| 18 | | handgun, then it would not have |
| 19 | | been a crime for Plaintiff to |
| | | possess, transport, or openly carry |
| 20 | | loaded and unloaded rifles, |
| 21 | | shotguns and handguns in the |
| | | places Plaintiff is now prohibited |
| 22 | | by California Penal Code sections |
| 23 | | 171.5, 171.7, 626.9, 25850, |
| | | 26150, 26155, 26162, 26165, |
| 24 | | 26170, 26175, 26180, 26185, |
| 25 | | 26190, 26200, 26202, 26205, |
| | | 26210, 26215, 26220, 26230, et al. |
| 26 | | The State has long since admitted |
| 27 | | that everywhere PC25850, |
| | | PC26350, PC26400, applies, and |
| 28 | | the 1,000 foot "gun-free" school |

zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 31 explicitly rejected that the Second Amendment the right to openly carry loaded rifles, shotguns, and handguns (and all bearable protected arms), was different in rural areas compared to urban areas. The purported evidence by the Defendants is the Rivas declaration at 38. Page 38 is devoted to taxation and makes no mention of "stricter requirements concerning the public carry of weapons in more urban centers versus rural locales," let alone historical requirements in the relevant time frame.

**32. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.).

| 33. | From 1852-1889, Colorado, Idaho, Montana, Arizona, New Mexico, and Wyoming prohibited the concealed carry of weapons in towns and settlements. Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._423 (Rivas Decl. at 45). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 |

(2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a**

**legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). I do not seek to carry any *concealed* weapons, let alone a loaded handgun *concealed*. But even I did, six state laws, enacted in that timeframe does not constitute a national tradition of prohibiting or regulating *concealed* carry. California Penal Code section 26405(c) is an exemption to California's statewide prohibition on the concealed carry of handguns (loaded and unloaded) PC26400. I seek to transport my handguns unloaded and in a container. It is PC626.9 as amended (effective January 1, 22024), that prohibits me from transporting my handguns (loaded and unloaded) from my home to my motor vehicle, and on foot, within 1,000

| | | feet of every K-12 public and private school. New Mexico did not become a state until 1912. Colorado did not become a state until 1876. Idaho did not become a state until 1890. Montana did not become a state until 1889. Arizona did not become a state until 1912. Wyoming did not become a state until 1890. Rivas does not cite the Wyoming concealed carry law but it is presumably a territorial law like the others. *Bruen* at 67 rejected territorial laws as not being instructive. Citing *Heller* at 614. Not forgetting that these were concealed carry laws, they are not instructive as to concealed carry let alone the Open Carry of Rifles, Shotguns, and handguns. |
|---|---|---|
| **33. Defendant's Response:** | | |
| Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws. | | |
| *Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.). | | |
| 34. | Cities and towns located near western railheads prohibited the carrying of any weapons within city and town limits. Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._423 (Rivas Decl. at 45 n.137 (Matt Jancer, *Gun Control is as Old as the Old West*, SMITHSONIAN MAGAZINE (Feb. 5, 2018), https://www.smithsonianmag. | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is |

| | | |
|---|---|---|
| 1 | com/history/gun-control-old-west-180968013/)). | irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted |

license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and

handguns). ). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). *Bruen* at 68 rejected bans on openly carrying loaded rifles, shotguns, and handguns in cities. The sole "evidence" the Defendants put forth in the Rivas declaration is a link to a magazine article. The article does not cite any law, let alone when the law (if it existed) was enacted. The Tombstone local ordinance was a territorial ordinance in a mining town, not a "western railroad" controlled by the Earp brothers who were pimps and criminals with badges. Technically, Wyatt Earp and Doc Holliday did not have badges but both carried firearms in town because Wyatt Earp's brother wore a badge. Assuming that these were complete bans on "the carrying of any weapons within city and town limits," *Bruen* at 68-70 emphatically rejected these types of bans on all public carry and rejected lesser restrictions on public carry.

**34. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

| | | | |
|---|---|---|---|
| | *Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.). | | |
| 35. | Dodge City, Kansas passed an ordinance prohibiting the carrying of any weapons within city and town limits in 1878. Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._423 (Rivas Decl. at 45 n.137 (Matt Jancer, *Gun Control is as Old as the Old West*, SMITHSONIAN MAGAZINE (Feb. 5, 2018), https://www.smithsonianmag.com/history/gun-control-old-west-180968013/)). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from |

openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep

and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* at 65-66, 67, 69 explicitly rejected the notion that the meaning of the Second Amendment depends on a single local, or state law (and rejected territorial laws In Toto). *Bruen* at 68 rejected bans on openly carrying loaded rifles, shotguns, and handguns in cities. Once again, the only proffered evidence by the Defendants is the same magazine article, published in 2018, from the prior "undisputed fact." The article does not cite any law. Assuming that the law was a complete "prohibit[ion on] the carrying of any weapons within city and town limits, *Bruen* at 68-70 emphatically rejected these types of bans on all public carry and rejected lesser restrictions on public carry.

**35. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but

rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:*  Hasan Decl., Ex. 3 (Rivas Decl.).

| 36. | Laws restricting the public carry of weapons often made exceptions for long-distance travelers, who would openly carry because they were vulnerable to attack.  Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._421-423 (Rivas Decl. at 43-45). | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for |

| | | | |
|---|---|---|---|
| 1 | | | sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** Travelers while on a journey were often, but not |

always, exempted from the prohibitions on concealed carry. But "There has been a great difference of opinion on the question." *Heller* at 618.

**Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Heller* at 618 recognized that there "has been a great difference of opinion" on whether or not concealed carry while on a journey was protected by the Second Amendment. This exception for concealed carry for travelers is irrelevant given that California does not exempt travelers while actually on a journey from its statewide prohibition on concealed carry and does not recognize concealed carry permits from out of state residents, not does it allow anyone other than residents of the State of California to obtain a license to carry a concealed handgun, loaded

| | | or unloaded. Moreover, I don't seek to carry a loaded or unloaded handgun *concealed*. I do seek to transport unloaded handguns in a fully enclosed locked container (PC25610) interstate and intrastate, which is an exception to the statewide prohibition on concealed carry (PC25400). But PC626.9(c)(2)(A) was amended effective January 1, 2024, to make it a crime for me to transport my handguns outside of my home in violation of the Second Amendment and Federal law regulating the interstate transportation of firearms. |
|---|---|---|

**36. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.).

| | 37. | The long-distance traveler exception was "closely guarded" by requiring travelers to "check [their] weapons upon arriving to a town or to depart town as soon as [their] business was finished without visiting shops or restaurants." Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._421-422 (Rivas Decl. at 43-44). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, |
|---|---|---|---|

597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry

loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Heller* at 618 recognized that there "has been a great difference of opinion" on whether or not concealed carry

while on a journey was protected by the Second Amendment. The Defendants have not presented evidence that there was a national tradition of banning Open Carry in cities or to check their firearms. Even if they had, *Bruen* at 31 clearly held that firearms and arms protected by the Second Amendment cannot be prohibited in cities. *Heller* at 618 recognized that there "has been a great difference of opinion" on whether or not concealed carry while on a journey was protected by the Second Amendment. This exception for concealed carry for travelers is irrelevant given that California does not exempt travelers while actually on a journey from its statewide prohibition on concealed carry and does not recognize concealed carry permits from out of state residents, not does it allow anyone other than residents of the State of California to obtain a license to carry a concealed handgun, loaded or unloaded. Moreover, I don't seek to carry a loaded or unloaded handgun *concealed*. I do seek to transport unloaded handguns in a fully enclosed locked container (PC25610) interstate and intrastate, which is an exception to the statewide prohibition on concealed carry (PC25400). But PC626.9(c)(2)(A) was amended effective January 1, 2024, to make it a crime for me to transport my handguns outside of my home in

| | | violation of the Second Amendment and Federal law regulating the interstate transportation of firearms. Any law that required one to "check [their] weapons upon arriving to a town or to depart town as soon as [their] business was finished without visiting shops or restaurants." is a complete ban on carrying weapons in town. *Bruen* at 68-70 emphatically rejected these types of bans on all public carry and rejected lesser restrictions on public carry. |
|---|---|---|
| **37. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.<br><br>*Evidence*:  Hasan Decl., Ex. 3 (Rivas Decl.). | | |
| 38. | Licensing schemes adopted in the years immediately following the Civil War relied on criteria that "were generally highly discretionary for the individuals or bodies granting them."  Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._051 (Spitzer Decl. at 19). | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the |

| | | |
|---|---|---|
| 1 | | challenged government laws that |
| 2 | | criminalize Plaintiff's possession, |
| 3 | | transport, and Open Carry of loaded and unloaded rifles, |
| 4 | | shotguns and handgun (antique |
| 5 | | and modern) for the purpose of self-defense, and other lawful |
| 6 | | purposes in the curtilage of |
| 7 | | Plaintiff's home, on his private residential property, in and on his |
| 8 | | motor vehicle, and in all non- |
| 9 | | sensitive public places from *District of Columbia v. Heller*, |
| 10 | | 554 US 570 (2008), and applied |
| 11 | | against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 |
| 12 | | (2010), and held to apply to all |
| 13 | | public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, |
| 14 | | 597 US 1 (2022), except for |
| 15 | | sensitive places, such as schools and government buildings (not at |
| 16 | | issue here), and California's other |
| 17 | | laws preventing Plaintiff from openly carrying, transporting, and |
| 18 | | possessing loaded and unloaded |
| 19 | | firearms in the above mentioned places, was overruled by *Bruen*. |
| 20 | | Had the enforcement of PC25850, |
| 21 | | PC26350, and PC26400 by defendants been enjoined, and |
| 22 | | Plaintiff's declaratory relief been |
| 23 | | granted consistent with his operative complaint, including |
| 24 | | the Attorney General being |
| 25 | | ordered to issue Plaintiff an unrestricted license to openly |
| 26 | | carry a loaded handgun, then it |
| 27 | | would not have been a crime for Plaintiff to possess, transport, or |
| 28 | | openly carry loaded and unloaded |

rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** There were certainly some states and local governments that had highly discretionary licensing schemes. *Bruen* held that discretionary licensing schemes violate the Second Amendment. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open

| | | |
|---|---|---|
| | | Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* held that discretionary licensing schemes violate the Second Amendment. |

**38. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.).

| 39. | In some laws, "no criteria were specified," and thus licenses could be issued (or revoked) "at the pleasure" of the relevant government official. Hasan Decl., ¶ 3, Ex. 2 at Hasan Decl._051 (Spitzer Decl. at 19). | **Partially Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private |

residential property, in and on his
motor vehicle, and in all non-
sensitive public places from
*District of Columbia v. Heller*,
554 US 570 (2008), and applied
against the state by *McDonald v.
City of Chicago, Ill.*, 561 US 742
(2010), and held to apply to all
public places in *New York State
Rifle & Pistol Assn, Inc. v. Bruen*,
597 US 1 (2022), except for
sensitive places, such as schools
and government buildings (not at
issue here), and California's other
laws preventing Plaintiff from
openly carrying, transporting, and
possessing loaded and unloaded
firearms in the above mentioned
places, was overruled by *Bruen*.
Had the enforcement of PC25850,
PC26350, and PC26400 by
defendants been enjoined, and
Plaintiff's declaratory relief been
granted consistent with his
operative complaint, including the
Attorney General being ordered to
issue Plaintiff an unrestricted
license to openly carry a loaded
handgun, then it would not have
been a crime for Plaintiff to
possess, transport, or openly carry
loaded and unloaded rifles,
shotguns and handguns in the
places Plaintiff is now prohibited
by California Penal Code sections
171.5, 171.7, 626.9, 25850,
26150, 26155, 26162, 26165,
26170, 26175, 26180, 26185,
26190, 26200, 26202, 26205,
26210, 26215, 26220, 26230, et al.
The State has long since admitted

that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Partially disputed. Admit in part.** There were certainly some states and local governments that had highly discretionary licensing schemes. *Bruen* held that discretionary licensing schemes violate the Second Amendment. California's licensing scheme, pre and post-*Bruen*, allows the issuing authority to revoke that license at will. It was not until January 1, 2024, did California law (PC26206) provide for an administrative appeal. California law does not provide an administrative appeal for the denial of my being issued a license to openly carry a handgun because no such license is available to me to apply for or obtain. California does not license the carrying of long guns, in case of confrontation, for the purpose of self-defense to me or the general public. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and

| | | |
|---|---|---|
| | | 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). *Bruen* held that discretionary licensing schemes violate the Second Amendment. |

**39. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.

*Evidence:* Hasan Decl., Ex. 2 (Spitzer Decl.).

| 40. | Historically, jurisdictions adopted licensing regimes for reasons of public safety. Hasan Decl. ¶ 3, Ex. 2 at Hasan Decl._049 (Sptizer Decl. at 17); Hasan Decl. ¶ 4, Ex. 3 at Hasan Decl._401 (Rivas Decl. at 23). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's |

| | | |
|---|---|---|
| 1 | | possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn. Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited |

by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). The State's "evidence" is the Sptizer Decl. at 17 and Rivas Decl. at 23. In regards to firearms, Spitzer mentions only *concealable* handguns, not long guns. Similarly, Rivas cites a lone 1881 law in Delaware that prohibited concealed carry and required firearms to be carried in a vertical

| | | |
|---|---|---|
| | | position. Not forgetting that I do not seek to carry concealed weapons, and *Bruen* has already held that concealable handguns are arms protected by the Second Amendment. The Defendants' "evidence" does not establish a national tradition that concealable arms are not protected by the Second Amendment or a national tradition of requiring a firearm to be carried in a vertical position, I seek to openly carry loaded handguns in a belt holster, and my loaded long guns over my shoulder (or with an open breach). Nichols' Decl. at 62. |

**40. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's experts to provide this testimony. Fed. R. Evid. 702. The experts' testimony is not speculative, but rather based on the experts' undisputed qualifications, the experts' reports, and surveys of historic weapons and firearms laws.

*Evidence*: *Hasan* Decl., Ex. 2 (Spitzer Decl.); *id*., Ex. 3 (Rivas Decl.).

| | | |
|---|---|---|
| 41. | Governments hoping to mitigate the risk of "interpersonal violence" tended to focus their regulatory efforts on "deadly weapons," which were "associate[ed] with crime and needless bloodshed," and which generally were synonymous with "'concealed weapons' for the straightforward reason that they were designed to be carried concealed." Hasan Decl. ¶ 4, Ex. 3 at at Hasan Decl._384 (Rivas Decl. at 6). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 |

(2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles,

shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). To the extent the Defendants are suggesting that the concealable firearms at issue in this case (handguns) are not protected by the Second Amendment because they are concealable,

| | | *Bruen* at 32, 48, held explicitly held that handguns, regardless of their overall length or ability to be carried concealed are arms protected by the Second Amendment and held that the American People have the right to carry them in public everywhere except for certain "sensitive places." *Bruen* has already held that concealable handguns are arms protected by the Second Amendment. Moreover, the holding in *Bruen* at 71, was that The People have the right to carry *all arms* protected by the Second Amendment *in public*. Not just concealable arms. |
|---|---|---|
| **41. Defendant's Response:**<br><br>Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and a survey of historic weapons and firearms laws.<br><br>*Evidence:* Hasan Decl., Ex. 3 (Rivas Decl.). | | |
| 42. | The widespread open carry of firearms "would create a highly stressful and unsafe environment for everyone"—particularly in densely populated "urban and suburban communities." Hasan Decl. ¶ 5, Ex. 4 at Hasan Decl._440 (Raney Decl. at 9). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State* |

*Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to

possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation.** Concealed carriers, with few exceptions, despise Open Carry because it holds a mirror up to them showing them to be cowardly, depraved degenerates who seek "secret advantage and unmanly assassination. *Heller* at 613. That can be highly stressful to them. And there are mentally ill people who fear the mere sight of firearms. The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38

(2022). When *Bruen* was decided in 2022, only five states prohibited Open Carry, and those laws were enacted in the 20th and 21st centuries. California did not ban the Open Carry of loaded firearms until July, 1967, and did not prohibit the Open Carry of unloaded handguns until January 1, 2012, and did not prohibit the Open Carry of unloaded long guns until January 1, 2013 (the unloaded Open Carry bans exempt unloaded antiques as defined by Federal law. No state in 1791 or 1868 prohibited the Open Carry of long guns, loaded or unloaded. Those few states that prohibited the carrying of handguns, openly or concealed, in the 19th century were held to be constitutional only as the laws applied to concealed carry. See *Bruen* at 54. The Defendants have not proven that there was a national tradition of prohibiting Open Carry. **Open Carry enhances public safety** because if allows the bearer of the weapon to protect himself, while at the same time giving fair notice to the people around him that he is armed so that they may govern themselves accordingly. But no such opportunity for cautious behavior or self- preservation exists for one encountering the bearer of a concealed weapon. *People v. Mitchell*, 209 Cal. App. 4th 1364 (2012) at 1371. Like the First Amendment, the Second Amendment does not allow a

| | | "Heckler's Veto." *Bruen* at 71 held that all arms protected by the Second Amendment are arms that the American People have a right to carry in public, and in and about the home, which naturally includes arms that are not concealable, or not carried concealed.  To confine the right to openly carry loaded rifles, shotguns, and handguns to the home, "would nullify half of the Second Amendment's operative protections." *Id* at 32. |
|---|---|---|
| **42. Defendant's Response:** Plaintiff cites no evidence to dispute this fact.  Fed. R. Civ. P. 56.  Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony.  Fed. R. Evid. 702.  The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and the expert's specialized knowledge.  *Evidence:*  Hasan Decl., Ex. 4 (Raney Decl.). | | |
| 43. | "The presence of a firearm carried openly" in densely populated urban and suburban communities "has the high potential to create panic and chaos."  Hasan Decl. ¶ 5, Ex. 4 at Hasan Decl._440 (Raney Decl. at 9). | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's |

possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from openly carrying, transporting, and possessing loaded and unloaded firearms in the above mentioned places, was overruled by *Bruen*. Had the enforcement of PC25850, PC26350, and PC26400 by defendants been enjoined, and Plaintiff's declaratory relief been granted consistent with his operative complaint, including the Attorney General being ordered to issue Plaintiff an unrestricted license to openly carry a loaded handgun, then it would not have been a crime for Plaintiff to possess, transport, or openly carry loaded and unloaded rifles, shotguns and handguns in the places Plaintiff is now prohibited

by California Penal Code sections 171.5, 171.7, 626.9, 25850, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, et al. The State has long since admitted that everywhere PC25850, PC26350, PC26400, applies, and the 1,000 foot "gun-free" school zones extending from every K-12 public and private school are non-sensitive places. **Object as to Form, Relevance, Calls for a legal conclusion, Calls for speculation. Disputed.** The relevant dates, in this circuit, for deciding Second Amendment challenges are 1791 and 1868. *Baird v. Bonta*, 81 F. 4th 1036, 1046 (2023). "[T]he public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). The only "evidence" the Defendants' posit is the Raney Decl. at 9, which, argues that the carrying of firearms, openly or concealed, has the *potential* to create panic and chaos. Raney, like the Defendants, do not want

| | | |
|---|---|---|
| 1 | | the American People to carry |
| 2 | | firearms in public, openly or |
| 3 | | concealed. Moreover, Raney's |
| | | "export report" cites no case law |
| 4 | | or authority that there was a |
| 5 | | national tradition of banning the |
| 6 | | Open Carry of rifles, shotguns and |
| | | handguns, in case of |
| 7 | | confrontation, for the purpose of |
| 8 | | self-defense.  The Raney report is |
| 9 | | a fantasy of police officers |
| | | murdering people for merely |
| 10 | | openly carrying a firearm. |
| 11 | | Homicidal ideation is not |
| 12 | | evidence. Nor is it proof that there |
| | | was a national tradition of banning |
| 13 | | Open Carry in the 1791 or 1868. |
| 14 | | Nor is there a national tradition of |
| 15 | | banning Open Carry today. Not |
| | | that a modern tradition is relevant |
| 16 | | to the Second Amendment right as |
| 17 | | it was understood by the Framers |
| 18 | | of the Second Amendment and |
| | | those who enacted it into law. |
| 19 | | "Constitutional rights are |
| 20 | | enshrined with the scope they |
| 21 | | were understood to have when the |
| | | people adopted them." *Heller*, 554 |
| 22 | | U. S., at 634–635 (emphasis |
| 23 | | added). The Second Amendment |
| 24 | | was adopted in 1791; the |
| | | Fourteenth in 1868…." *Bruen* at |
| 25 | | 34.  When *Bruen* was decided in |
| 26 | | 2022, Open Carry was legal in 45 |
| 27 | | states, not counting California |
| | | where unloaded antique firearms |
| 28 | | are exempt from the unloaded |
| | | Open Carry bans, and not |
| | | counting Illinois where the State |
| | | Open Carry ban is limited to |
| | | cities, towns and villages.  A ban |

that was reenacted after it was enjoined by the 7th Circuit Court of Appeals in 2012. *Moore v. Madigan*, 702 F. 3d 933 (7th Cir. 2012). The Defendant's say Open Carry has the high potential to create panic and chaos. Given that Open Carry is legal in nearly every state, and given that the Defendants have had nearly thirteen years to document incidences were merely opening carrying a firearm has resulted in "panic and chaos," but has not submitted even one documented case, the Defendants, their "fact" is purely hypothetical and speculative. No evidence is not evidence. **Open Carry enhances public safety** because if allows the bearer of the weapon to protect himself, while at the same time giving fair notice to the people around him that he is armed so that they may govern themselves accordingly. But no such opportunity for cautious behavior or self- preservation exists for one encountering the bearer of a concealed weapon. *People v. Mitchell*, 209 Cal. App. 4th 1364 (2012) at 1371.

**43. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but rather based on the expert's undisputed qualifications, the expert's report, and the expert's specialized knowledge.

| | | | |
|---|---|---|---|
| | *Evidence:*  Hasan Decl., Ex. 4 (Raney Decl.). | | |
| 44. | "[R]estrictions on the open carry of firearms greatly enhance public safety."  Hasan Decl. ¶ 5, Ex. 4 at Hasan Decl._437 (Raney Decl. at 6). | | **Disputed. Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial as to whether the State met its burden consistent with *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022) in proving that the challenged government laws that criminalize Plaintiff's possession, transport, and Open Carry of loaded and unloaded rifles, shotguns and handgun (antique and modern) for the purpose of self-defense, and other lawful purposes in the curtilage of Plaintiff's home, on his private residential property, in and on his motor vehicle, and in all non-sensitive public places from *District of Columbia v. Heller*, 554 US 570 (2008), and applied against the state by *McDonald v. City of Chicago, Ill.*, 561 US 742 (2010), and held to apply to all public places in *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1 (2022), except for sensitive places, such as schools and government buildings (not at issue here), and California's other laws preventing Plaintiff from |

openly carrying, transporting, and
possessing loaded and unloaded
firearms in the above mentioned
places, was overruled by *Bruen*.
Had the enforcement of PC25850,
PC26350, and PC26400 by
defendants been enjoined, and
Plaintiff's declaratory relief been
granted consistent with his
operative complaint, including the
Attorney General being ordered to
issue Plaintiff an unrestricted
license to openly carry a loaded
handgun, then it would not have
been a crime for Plaintiff to
possess, transport, or openly carry
loaded and unloaded rifles,
shotguns and handguns in the
places Plaintiff is now prohibited
by California Penal Code sections
171.5, 171.7, 626.9, 25850,
26150, 26155, 26162, 26165,
26170, 26175, 26180, 26185,
26190, 26200, 26202, 26205,
26210, 26215, 26220, 26230, et al.
The State has long since admitted
that everywhere PC25850,
PC26350, PC26400, applies, and
the 1,000 foot "gun-free" school
zones extending from every K-12
public and private school are non-
sensitive places. **Object as to
Form, Relevance, Calls for a
legal conclusion, Calls for
speculation. Disputed.** The
relevant dates, in this circuit, for
deciding Second Amendment
challenges are 1791 and 1868.
*Baird v. Bonta*, 81 F. 4th 1036,
1046 (2023). "[T]he public
understanding of the right to keep

and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry." *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 597 US 1, 38 (2022). The Defendants have not proven that there was a national tradition of licensing or banning the Open Carry of arms protected by the Second Amendment at issue in this case (rifles, shotguns, and handguns). Open Carry enhances public safety because if allows the bearer of the weapon to protect himself, while at the same time giving fair notice to the people around him that he is armed so that they may govern themselves accordingly. But no such opportunity for cautious behavior or self-preservation exists for one encountering the bearer of a concealed weapon. *People v. Mitchell*, 209 Cal. App. 4th 1364 (2012) at 1371. Like the First Amendment, the Second Amendment does not allow a "Heckler's Veto." *Bruen* at 71 held that all arms protected by the Second Amendment are arms that the American People have a right to carry in public, and in and about the home, which naturally includes arms that are not concealable, or not carried concealed. To confine the right to openly carry loaded rifles, shotguns, and handguns to the home, "would nullify half of the Second Amendment's operative

| | | |
|---|---|---|
| 1 | | protections." *Id* at 32. The only |
| 2 | | "evidence" the Defendants' posit |
| 3 | | is the Raney Decl. at 6, which, |
| | | argues, in a single sentence, that it |
| 4 | | his opinion that restrictions on |
| 5 | | carrying firearms openly greatly |
| | | enhance public safety. Raney's |
| 6 | | personal opinion and fifty cents |
| 7 | | won't buy a cup of coffee. The |
| 8 | | United States Supreme Court has |
| | | the final say on what the Second |
| 9 | | Amendment means. *Heller* at 612- |
| 10 | | 613, 626 held that Open Carry is |
| | | the right guaranteed by the |
| 11 | | Constitution, and held that the 19[th] |
| 12 | | century prohibitions on concealed |
| 13 | | carry do not violate the Second |
| | | Amendment. *Bruen* at 21, 30, and |
| 14 | | 52 reiterated that holding in |
| 15 | | *Heller*. As did *United States v.* |
| | | *Rahimi*, 602 U. S. _(2024) Slip |
| 16 | | Op. at 6. Accord, Justice |
| 17 | | Kavanaugh in his concurrence at |
| | | 22. Although the Defendants' |
| 18 | | have not argued that I am |
| 19 | | irresponsible *Rahimi* at 17, drove |
| 20 | | a stake through the heart of the |
| | | argument that people can be |
| 21 | | disarmed because they are |
| 22 | | irresponsible. Raney, like the |
| | | Defendants, do not want the |
| 23 | | American People to carry firearms |
| 24 | | in public, openly or concealed. |
| 25 | | Moreover, Raney's "export |
| | | report" cites no case law or |
| 26 | | authority that there was a national |
| 27 | | tradition of banning the Open |
| | | Carry of rifles, shotguns and |
| 28 | | handguns, in case of |
| | | confrontation, for the purpose of |
| | | self-defense. The Raney report is |

137

a fantasy of police officers murdering people for merely openly carrying a firearm. Homicidal ideation is not evidence. **Open Carry enhances public safety** because if allows the bearer of the weapon to protect himself, while at the same time giving fair notice to the people around him that he is armed so that they may govern themselves accordingly. But no such opportunity for cautious behavior or self-preservation exists for one encountering the bearer of a concealed weapon. *People v. Mitchell*, 209 Cal. App. 4th 1364 (2012) at 1371. Like the First Amendment, the Second Amendment does not allow a "Heckler's Veto." *Bruen* at 71 held that all arms protected by the Second Amendment are arms that the American People have a right to carry in public, and in and about the home, which naturally includes arms that are not concealable, or not carried concealed. To confine the right to openly carry loaded rifles, shotguns, and handguns to the home, "would nullify half of the Second Amendment's operative protections." *Id* at 32.

**44. Defendant's Response:**

Plaintiff cites no evidence to dispute this fact. Fed. R. Civ. P. 56. Plaintiff does not challenge the qualifications of Defendant's expert to provide this testimony. Fed. R. Evid. 702. The expert's testimony is not speculative, but

rather based on the expert's undisputed qualifications, the expert's report, and the expert's specialized knowledge.

*Evidence*:  Hasan Decl., Ex. 4 (Raney Decl.).

*Objections*:  (1) Plaintiff's statements regarding how openly carrying firearms impacts public safety require specialized knowledge within the scope of Rule 702 (Fed. R. Evid. 701); (2) Plaintiff is not qualified as an expert (Fed. R. Evid. 702).

**PLAINTIFF'S ADDITIONAL STATEMENTS AND DEFENDANT'S RESPONSES**

|  | Plaintiff's Additional Statements and Supporting Evidence | Defendant's Responses and Supporting Evidence |
|---|---|---|
| 45. | I reside in a single family residence located entirely within 1,000 feet of a public elementary school. There is no place to park at my residence. I park my motor vehicle on public streets near my residence. PC626.9, as amended, makes it a crime for me to transport my unloaded handguns, in a fully enclosed locked container from my home to my motor vehicle, and prohibits me from transporting them on foot, and in public and private transit, which I seek to do. California law substantially burdens my right to self-defense. I seek prospective injunctive and declaratory against the governor and attorney general from enforcing California Penal Code 626.9 as-applied to me, as-applied to similarly situated individuals, and facially. Evidence; Nichols' Decl. at 1. | Item 45 includes Plaintiff's allegations, characterizations of the case, legal arguments, and requests for relief, which are not facts. *See* Fed. R. Civ. P. 56. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 46. | I seek to transport my handguns, rifles, and shotguns both intrastate and interstate pursuant to 18 U.S. Code § 926A. I am prohibited from doing so under California law. California law is precluded by Federal law and the Second Amendment. California law substantially burdens my right to self- defense. Evidence; Nichols' Decl. at 2. | Item 46 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and requests for relief. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 47. | I seek to openly carry loaded and unloaded rifles, shotguns, and | Item 47 is not a fact, but rather Plaintiff's allegations, |

| | | |
|---|---|---|
| | handguns, in case of confrontation, for the purpose of self-defense, and for other lawful purposes outside of my home, in the curtilage of my home, on my private residential property, in public (including in public places within 1,000 feet of every public and private K-12 school in the state, but not on the grounds of the school, and in all nonsensitive public places in every county and in every city, town, and village in the state. California law substantially burdens my right to self- defense. Evidence; Nichols' Decl. at 3. | characterizations of his case and the law, and requests for relief. *See* Fed. R. Civ. P. 56.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 48. | I own and possesses in California, rifles, shotguns, and handguns not subject to the DROS registration requirement, and not in the DROS database. Evidence; Nichols' Decl. at 4. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 49. | I own and possess in California more than three handguns. Evidence; Nichols' Decl. at 5. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 50. | I own and possesses in California antique and modern firearms. Evidence; Nichols' Decl. at 6. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. |

| | | Objection: Relevance. See Fed. R. Evid. 401. |
|---|---|---|
| 51. | National Firearms Act firearms 26 U.S.C. § 5845(a) are not at issue in this lawsuit. The only firearms at issue are rifles, shotguns, and handguns it is legal for me to possess under state and Federal law. Evidence; Nichols' Decl. at 7. | Item 51 is not a fact, but rather Plaintiff's allegations and characterizations of his case and the law. See Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>Objection: Relevance. See Fed. R. Evid. 401. |
| 52. | Weapons the State of California has currently defined by statute as "assault weapons" are not at issue in this lawsuit. Evidence; Nichols' Decl. at 8. | Item 52 is not a fact, but rather Plaintiff's allegations and characterizations of the case. See Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>Objection: Relevance. See Fed. R. Evid. 401. |
| 53. | Prohibitions and regulations of weapons in schools and government buildings are not at issue in this lawsuit. Evidence; Nichols' Decl. at 9. | Item 52 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and requests for relief. See Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>Objection: Relevance. See Fed. R. Evid. 401. |
| 54. | I reside in an incorporated city in the County of Los Angeles California. Evidence; Nichols' Decl. at 10. | Disputed. Plaintiff admitted that he is a resident of the City of Lawndale, California. Lawndale is an incorporated city. |

| | | |
|---|---|---|
| | | *Evidence*:  Hasan Decl., ¶ 2, Ex. 1 at Hasan Decl._11 (Nichols Dep. 145:15); SUF No. 1, *supra*.  City of Lawndale, *History*, https://www.lawndalecity.org/community/history (last visited Sept. 30, 2024). |
| 55. | The front yard fence to my single-family residence facing the street is less than 3.5 feet in height. California law makes it a crime for me to possess (keep) and carry (bear) loaded and unloaded firearms, openly and concealed, in the curtilage of my home and on my private residential property. California law substantially burdens my right to self-defense. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 11. | Item 55 includes Plaintiff's allegations and characterizations of the case, which are not facts. *See* Fed. R. Civ. P. 56.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 56. | The largest area of curtilage, in terms of length and width, on my property is approximately 25 by 30 feet. This is curtilage, as construed by both this Circuit and the 9th Circuit Court of Appeals. Evidence; Nichols' Decl. at 12. | Item 56 includes Plaintiff's allegations and characterizations of his case and the law, which are not facts.  *See* Fed. R. Civ. P. 56.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 57. | I am a male. Evidence; Nichols' Decl. at 13. | Undisputed. |

| | | |
|---|---|---|
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 58. | I am over 21 years of age. Evidence; Nichols' Decl. at 14. | Undisputed.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 59. | I am of White and Native American descent. Evidence; Nichols' Decl. at 15. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 60. | By an Act of Congress, all Native Americans are citizens of the United States. Evidence; Nichols' Decl. at 16. | Item 60 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 61. | Since this action was first filed on November 30, 2011, the Attorney General has issued to me two Law Enforcement Gun Release letters authorizing the release of my single-shot shotgun then held by the City of Redondo Beach. Evidence; Nichols' Decl. at 17. | Undisputed. |
| 62. | Such letters authorizing the release of a firearm can only be issued to persons who are not prohibited from possessing a firearm. Evidence; Nichols' Decl. at 18. | Item 62 is not a fact, but rather Plaintiff's characterization of the law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item. |

| | | |
|---|---|---|
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 63. | I am not prohibited under either California State or Federal law from purchasing or possessing a firearm. Evidence; Nichols' Decl. at 19. | Item 63 is not a fact, but rather Plaintiff's characterization of how the law applies to him. Moreover, there is no evidence in the record regarding Plaintiff's current status as a prohibited person. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 64. | I seek to exercise my Second Amendment right to openly carry loaded and unloaded handguns, in case of confrontation, for the purpose of self-defense and for other lawful purposes, such handguns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 20. | Item 64 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 65. | I seek to exercise my Second Amendment right to openly carry loaded and unloaded long guns, in case of confrontation, for the | Item 65 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal |

| | | |
|---|---|---|
| | purpose of self-defense and for other lawful purposes, such long guns to be openly carried, not encased, both loaded and unloaded, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county territory where the Open Carry of handguns, both loaded and unloaded, is prohibited. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 21. | arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 66. | I seek to exercise my Second Amendment right to openly carry firearms, in case of confrontation, for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, in, within and on my motor vehicles, including an attached camper or trailer in non- sensitive public places within incorporated cities and in non- sensitive places of unincorporated county territory where the Open Carry of firearms, both loaded and unloaded, is prohibited in, within and on my motor vehicles, in non-sensitive public places within incorporated cities and in non-sensitive places of unincorporated county. . California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 22. | Item 66 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 67. | I seek to be free from warrantless searches and seizures of my person | Item 67 is not a fact, but rather Plaintiff's allegations, |

| | | and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution when in a non-sensitive public place while exercising my Second Amendment right to possess, transport, and openly carry loaded and unloaded firearms, in non-sensitive places, statewide. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 23. | characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. The Fourth Amendment is not at issue in this motion. *See* ECF Nos. 190, 211. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 68. | I seek to exercise my Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes, such firearms to be openly carried, not encased, both loaded and unloaded, within the curtilage of my home. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 24. | Item 68 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 69. | I seek to be free from warrantless searches and seizures of my person and property and to be free to refuse to voluntarily consent to unlawful searches and seizures of my person and property pursuant to the Fourth Amendment of the United States Constitution within the curtilage of my home and on my private residential property while exercising my Second Amendment right to keep and bear arms. California law | Item 69 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. The Fourth Amendment is not at issue in this motion. *See* ECF Nos. 190, 211. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. |

| | | prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 25. | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
|---|---|---|---|
| 70. | | It takes several minutes to load a muzzle-loading revolver: to measure the charge, pour it into the chamber of the cylinder, properly seat the ball, ram the ball into the chamber, rotate the cylinder, repeat the process for each cylinder, seal each chamber with grease and cap each chamber. Evidence; Nichols' Decl. at 26. | Plaintiff cites no evidence supporting his description of how a revolver is operated. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objections*: (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 71. | | It takes many seconds to load a muzzle-loading long gun. Evidence; Nichols' Decl. at 27. | Plaintiff cites no evidence supporting his description of how a long gun is operated. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objections*: (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* |

| | | | |
|---|---|---|---|
| | | | Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 72. | It takes several seconds to load a modern semi-automatic firearm that uses metallic cartridges contained in a magazine. Evidence; Nichols' Decl. at 28. | | Plaintiff cites no evidence supporting his description of how a semi-automatic firearm is operated. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. |
| | | | *Objections*:  (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 73. | It takes many seconds to load a modern single or double action revolver that uses metallic cartridges. Evidence; Nichols' Decl. at 29. | | Plaintiff cites no evidence supporting his description of how a revolver is operated.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the |

| | | |
|---|---|---|
| | | record other than Plaintiff's own statement.<br><br>*Objections*:  (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 74. | It takes many seconds to retrieve and load an unloaded modern firearm from a fully enclosed container. It takes many more seconds to unlock the container, and additional seconds to load the firearm. In the case of muzzle-loading firearms, it takes much longer. Evidence; Nichols' Decl. at 30. | Plaintiff cites no evidence supporting his description of how a "modern firearm" is operated.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objections*:  (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |

| 75. | Depending upon the distance one has ventured from his motor vehicle, retrieving a firearm from the motor vehicle trunk, assuming the motor vehicle has a trunk (my motor vehicle does not), can take a substantial amount of time. My motor vehicle is registered with the State of California. Evidence; Nichols' Decl. at 31. | Plaintiff cites no evidence supporting his description of how a "modern firearm" is operated. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. |
|---|---|---|
| | | *Objections*: (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 76. | An unloaded long gun, inside of a motor vehicle, substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 32. | Plaintiff's allegations, characterizations of the case, and legal arguments are not facts. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. |
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 77. | The California laws that prohibit me, or restrict me from possessing, transporting, and openly carrying loaded and unloaded rifles, shotguns, and handguns in the curtilage of my home, on my private residential property, in and on my motor | Plaintiff's allegations, characterizations of the case, and legal arguments are not facts. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. |

| | | |
|---|---|---|
| | vehicle, in private and public transit, and in any and all non-sensitive public places, in case of confrontation, for the purpose of self-defense, violates both the Second Amendment, and Federal law. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 33. | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 78. | My motor vehicle does not have a trunk. Evidence; Nichols' Decl. at 34. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 79. | An unloaded firearm, fully encased, in a locked or unlocked container, substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 35. | Item 79 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 80. | An unloaded firearm substantially burdens my right to self- defense. Evidence; Nichols' Decl. at 36. | Item 80 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |

| 81. | Prior to the enactment of the Mulford Act of 1967 which enacted, in part, former California Penal Code section 12031 which is now codified, in part, as California Penal Code section 25850 a firearm was considered to be loaded only if it had a live round in the firing chamber, or in the case of muzzle-loading firearms, if the firing chamber was uncapped or unprimed. Evidence; Nichols' Decl. at 37. | Item 81 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 82. | The State of California conceded in its answering brief on appeal, and in oral argument on appeal, that a firearm is not loaded unless there is an unexpended cartridge in the firing chamber of the firearm. Evidence; Nichols' Decl. at 38. | Item 82 is not a fact, but rather Plaintiff's characterization of arguments the State made in an appellate proceeding related to this case. The referenced arguments speak for themselves. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 83. | Firearms, which do not have safeties preventing the accidental discharge of a firearm, are best carried with the firing chamber empty and with live rounds in the other chambers of the cylinder or magazine. Evidence; Nichols' Decl. at 39. | Plaintiff cites no evidence supporting his statement regarding firearm safety. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.

*Objections*: (1) Relevance (*see* Fed. R. Evid. 401); (2) Plaintiff is not qualified as an expert (*see* Fed. R. Evid. 702); (3) Plaintiff's statement is based on |

| | | |
|---|---|---|
| | | scientific, technical, or other specialized knowledge within the scope of Rule 702 that he is not qualified to provide (*see* Fed. R. Evid. 701, 702); (4) speculative testimony (*see* Fed. R. Evid. 702); (5) undisclosed data (*see* Fed. R. Evid. 705). |
| 84. | I own firearms which do not have firing pin safeties and seek to carry them with an unloaded firing chamber. But for my muzzle-loading firearms, I seek to carry them with powder, shot or ball, and capped. For my muzzle-loading firearms which have notch safeties in the cylinder, I seek to carry them with all chambers capped, with powder, shot or ball, and with the hammer of the firearms resting seated in the safety notches, which are positioned between each chamber of the firearm. California law which requires muzzle-loading firearms to be uncapped, violates the Second Amendment and severely burdens my right of self-defense. Evidence; Nichols' Decl. at 40. | Item 84 includes Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 85. | I seek to openly carry modern firing reproductions of muzzle loading firearms, both loaded and unloaded, in the curtilage of my home, in non-sensitive public places of incorporated cities and in non-sensitive unincorporated county territory where it is prohibited, in and on my motor vehicles and in and on attached campers and trailers for the purpose of self-defense and for other lawful purposes. PC626.9 now prohibits me from doing so with all | Item 85 is not a fact, but rather Plaintiff's allegations, characterizations of the case, requests for relief, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | of my handguns, including my antique handguns, outside the doors to my home in violation of the Second Amendment and in violation of Federal law regulating the interstate transportation of firearms. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 41. | |
| 86. | I received a death threat via email which was reported to both the Attorney General and the Los Angeles Sheriff's department. Evidence; Nichols' Decl. at 42. | Disputed.  Plaintiff admitted that the Los Angeles County Sheriff's department determined that what Plaintiff claimed was a death threat did not meet the definition of a death threat. ECF No. 140-1 at 9; *see* No. 91 below.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |
| 87. | I attempted to file the police report (Dkt. # 10) which was rejected by this court (Dkt. # 11). Evidence; Nichols' Decl. at 43. | Item 87 is not a fact, but Plaintiff's characterization of decisions made by this Court. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  Any referenced court decisions speak for themselves.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |
| 88. | I requested both an application and license from the Redondo Beach Chief of Police through his then attorney, the Redondo Beach City Attorney, to openly carry a loaded handgun. Evidence; Nichols' Decl. at 44. | Defendant does not dispute that this statement is consistent with Plaintiff's deposition testimony. Decl. Hasan, Ex. 1 at Hasan Decl_010-011 (Nichols Dep. at 144:23-145:2). |

| | | |
|---|---|---|
| 89. | The license was refused in an email from the City Attorney citing California law which precludes the issuance of a license to openly carry in counties with a population of 200,000 or more people. The City gave no other reason for the denial of my license to openly carry a loaded handgun in public. Evidence; Nichols' Decl. at 45. | Defendant does not dispute that this statement is generally consistent with Plaintiff's deposition testimony. Decl. Hasan, Ex. 1 at Hasan Decl_010-011 (Nichols Dep. at 144:17-145:18). |
| 90. | Los Angeles County has a population of more than 200,000 people. Evidence; Nichols' Decl. at 46. | Undisputed. |
| 91. | The conclusion of the Los Angeles Sheriff's Department Sergeant Inge was that someone who threatened to shoot me and called upon others to track me down and do the same was not committing a criminal offense because the email did not use the word "kill." Evidence; Nichols' Decl. at 47. | Defendant does not dispute that this statement is consistent with a statement Plaintiff made in a previous statement of uncontroverted facts. *See* ECF No. 140-1. However, Defendant is unable to determine if he disputes this statement because it is unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 92. | The Governor and Attorney General refused to prosecute. Evidence; Nichols' Decl. at 48. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. Defendant notes that the Governor and Attorney General do not typically prosecute individual crimes. |

| | | |
|---|---|---|
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 93. | I fear arrest, prosecution, fine and imprisonment were I to openly carry a firearm outside of my home or transport a handgun (loaded or unloaded) outside the doors to my home. California law prohibits me from doing so. California law substantially burdens my right to self- defense. Evidence; Nichols' Decl. at 49. | Item 93 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 94. | I will travel through the state of California to visit every incorporated and unincorporated city and every County within the State of California to openly carry rifles, shotguns, and handguns, loaded and unloaded, in non-sensitive public places (which includes the 1,000 foot "gun-free" school zones extending from every K- 12 public and private school in the state of California) in those incorporated and unincorporated cities, towns and villages (including the city and county of San Francisco) and unincorporated county territory and to carry them in and on my motor vehicle and in and on an attached camper or trailer, and to transport unloaded handguns, in a fully enclosed locked container, on foot and in and on my motor vehicle, which is a violation of California law. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 50. | Item 94 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |

| 95. | As soon as the Defendants are enjoined from enforcing California's laws, I will openly carrying firearms, loaded and unloaded, in the curtilage of my home, on my private residential property, in ad on my motor vehicle, and in all non-sensitive public places in incorporated cities and in non-sensitive unincorporated county territory (including the city and county of San Francisco), and to carry them in and on my motor vehicle including any attached camper or trailer. I will also transport, in violation of current California law, unloaded handguns in a fully enclosed locked container, on foot, and in private and public transit, within the 1,000 foot "gun-free" school zones extending from every K- 12 public or private school prohibited by PC626.9. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 51. | Item 95 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 96. | I will carry loaded and unloaded firearms within the curtilage of my home for the purpose of self-defense, in case of confrontation, and for other lawful purposes. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 52. | Item 96 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 97. | There are no permits or licenses available to me to carry loaded or unloaded rifles, shotguns, and | Item 98 is not a fact, but rather Plaintiff's allegations, characterizations of the case, |

| | | |
|---|---|---|
| | handguns for the purpose of self-defense anywhere in the State of California, including the curtilage of my home and my private residential property. Evidence; Nichols' Decl. at 53. | and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. However, Defendant notes that Penal Code sections 26155 allows qualified residents residing in counties with populations of 200,000 persons or more to apply for permits to carry concealed firearms, including pistols, revolvers, or other firearms capable of being concealed upon the person. |
| 98. | Although no license is required to openly carry an unloaded antique rifle, shotgun or handgun in public, it is a crime for me to carry an antique handgun, loaded or unloaded, outside the doors to my home. California law prohibits me from doing so. California law substantially burdens my right to self-defense. Evidence; Nichols' Decl. at 54. | Item 98 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 99. | Police chiefs and county sheriffs are prevented by state law from issuing licenses to private citizens to openly carry a loaded or unloaded firearm in counties with a population of 200,000 or more persons and such licenses are only theoretically available for handguns and only in those counties with a population of fewer than 200,000 people and are only available in those counties to residents of those counties and are invalid outside of the county of | Item 99 is not a fact, but rather Plaintiff's characterization of a law. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. |

| | | |
|---|---|---|
| | issuance. Evidence; Nichols' Decl. at 55. | |
| 100. | The California Court of Appeals held that local governments (incorporated cities, towns and villages, and counties, etc.,), are free to enact local regulations restricting and prohibiting where and when persons with a license to carry a concealable firearm concealed issued pursuant to California Penal Code section 26150 et seq.,) may carry a concealed firearm, even if there is no restriction placed on the license by the county sheriff or police chief that issued the license. Evidence; Nichols' Decl. at 56. | Item 100 is not a fact, but rather Plaintiff's characterization of unspecified case law. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 101. | Sheriffs and police chiefs are not restricted by statute from placing time and place restrictions on licenses to carry a concealable firearm issued pursuant to California Penal Code section 26150 et seq. Evidence; Nichols' Decl. at 57. | Item 101 is not a fact, but rather Plaintiff's characterization of a law. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 102. | I fear arrest, prosecution, fine and imprisonment were I to transport my handguns, unloaded and in a fully enclosed locked container because I live in a gun-free school zone. California Penal Code section 626.9 was amended by California Senate Bill 2, which went into effect on January 1, 2024, to make it a crime for me to transport my unloaded handguns within a fully enclosed locked container on foot to my motor vehicle. Governor Newsom and Attorney General Bill sponsored | Item 102 is not a fact, but rather Plaintiff's allegations, legal arguments, and characterizations of this case, certain laws, and the legislative history associated with certain laws. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | Senate Bill 2 and helped write it. They both had prior, personal knowledge that I live in a gun-free school zone and their amendment to California Penal Code section 626.9 would make it a crime for me to transport my unloaded firearms, in a fully enclosed locked container, outside of my home in violation of the Second Amendment and in violation of Federal law – 18 U.S. Code § 926A. Evidence; Nichols' Decl. at 58. | |
| 103. | I was never given the opportunity to review and clarify my answers given in my procedurally improper deposition. Had I been given that opportunity, I would have clarified that just because my operative Complaint did not explicitly seek to enjoin PC626.9, that does not mean that I am not entitled to prospective injunctive and declaratory relief against the Defendants. Defendants were placed on notice in 2022, in my supplemental brief on appeal, that I am challenging their prohibition on my transporting firearms in their amendment to PC626.9, and their introduction of new laws, in addition to amending old laws. Defendants were again explicitly placed on notice that I am challenging PC626.9 in my answers to Defendants' First Set of Interrogatories. My answers were served on them in April of 2023. I again told the Defendants' attorney that I am challenging PC626.9 in the mandatory meet and confer. I reminded her that my | Item 103 is not a fact, but rather Plaintiff's allegations, characterizations of the case, and legal arguments, which are not facts. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. Defendant is filing a full copy of the deposition transcript concurrently with this statement and Defendant's reply in support of his motion for summary judgment. Moreover, Plaintiff's operative complaint does not state a cause of action regarding Penal Code section 626.9. *See* ECF No. 83; SUF No. 2, *supra*.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |

| | | | |
|---|---|---|---|
| | | operative Complaint (dated March 12, 2013) contains a standalone as-applied to me challenge to PC626.9 (and California's loaded and unloaded open carry bans, and Open Carry licensing laws). I seek, and am entitled to both Declaratory and prospective injunctive relief against Defendants enforcement of PC626.9, and every other California law that infringes on my Second Amendment right and/or is precluded by Federal law. Evidence; Nichols' Decl. at 59. | |
| | 104. | I seek to enjoin the enforcement against me by Defendants Newsom and Bonta (in their official capacity as governor and attorney general, respectively), their officers, agents, servants, employees, and all persons acting in concert with them who receive actual notice of the injunction of California Penal Code sections 171.5, 171.7, 626.9, 25850, 26350, 26400, 26150, 26155, 26162, 26165, 26170, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, 26215, 26220, 26230, all of the licensing requirements, restrictions and prohibitions on my obtaining a license to openly carry firearms, as well as the restrictions and prohibitions on my openly carrying firearms were I to be issued a license to openly carry firearms, except for the prohibition on issuing a license to those prohibited by Federal law from possessing firearms (i.e., section 26195) which does not apply to me. I challenge the requirement of a license to openly carry firearms in | Item 104 is not a fact, but rather contains Plaintiff's allegations, characterizations of this case, requests for relief, and legal arguments.  *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. Defendant notes, however, that the scope of the Ninth Circuit's mandate has already been defined. *See* ECF Nos. 190, 211.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | and of itself, as well as the prohibition on my transportation of unloaded firearms which I am entitled to transport pursuant to 18 U.S. Code § 926A and the Second Amendment to the United States Constitution which section 626.9(c)(2)(a) and the above mentioned California laws prohibit. I challenge the state law requirement that firearms be transported unloaded. If the defendants argue, suggest, or imply that merely openly carrying a firearm or the mere sight of a firearm is threatening, terrorizing or rude (which the California Appellate Courts have not so construed), then I seek as well to enjoin California Penal Code section 417 which criminalizes the carrying or display of a firearm in a rude or threatening manner. Evidence; Nichols' Decl. at 60. | |
| 105. | I am not a British loyalist or one who is notoriously disaffected to the cause of America. I am an American Citizen who seeks to vindicate his rights protected by the Constitution of the United States, as well as those who are similarly situated to me. It is the Defendants and the California legislators who have violated their oath of office to protect and defend the Constitution of the United States. Evidence; Nichols' Decl. at 61 | Item 105 contains Plaintiff's allegations, characterizations of the case, and legal arguments, which are not factual statements.  *See* Fed. R. Civ. P. 56.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.  However, Defendant disputes that he has "violated [his] oath of office to protect and defend the Constitution of the United States." |

| | | |
|---|---|---|
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 106. | I seek to openly carry loaded handguns in a belt holster, and my loaded long guns over my shoulder. Evidence; Nichols' Decl. at 62. | Item 106 is not a fact, but rather Plaintiff's allegations and requests for relief. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 107. | I seek to openly carry unloaded handguns in a belt holster, and my unloaded long guns over my shoulder (or in the crook of my arm with an open breach). Evidence; Nichols' Decl. at 63. | Item 107 is not a fact, but rather Plaintiff's allegations and requests for relief. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 108. | The State filed a Statement of Genuine Disputes. Evidence; Docket #140-1 | Undisputed.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 109. | The State concurred with the Report and Recommendation of the magistrate judge which held that there were no material facts in dispute. Evidence; Docket #164. | Item 109 is not a fact, but rather Plaintiff's characterization of statements or arguments made in documents filed in this matter. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 110. | Plaintiff's Statement of Uncontroverted Facts stated 136 facts. Evidence; Docket #136 | Undisputed. |

| | | |
|---|---|---|
| | | *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 111. | It is a crime to carry a concealed firearm in California. Evidence; Cal. Penal Code section 25400. | Item 111 is not a fact, but rather Plaintiff's characterization of a law. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself, and Defendant notes that Penal Code section 25400 does not apply to individuals with valid licenses to carry firearms, among other exceptions. |
| 112. | It is a crime to carry a loaded firearm in public. Evidence; Cal. Penal Code section 25850. | Item 112 is not a fact, but rather Plaintiff's characterization of a law. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself, and Defendant notes that Penal Code section 25850 does not apply to individuals with valid licenses to carry firearms, among other exceptions. |
| 113. | The California Court of Appeals has construed "public" to include the curtilage of Plaintiff's home and his private residential property. Evidence; *People v. Overturf*, 64 Cal. App. 3d 1 (Cal. App. 1976); *People v. Strider*, 177 Cal.App.4th 1393 (Cal. Ct. App. 2009). | Item 113 is not a fact, but rather Plaintiff's characterization of a case and how it applies to him. *See* Fed. R. Civ. P. 56. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited case speaks for itself.

*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 114. | The California Supreme Court held that persons prohibited from possessing firearms cannot be | Item 114 is not a fact, but rather Plaintiff's characterization of a case. In the absence of a factual |

| | | |
|---|---|---|
| | punished for carry loaded firearms or carrying concealed firearms or for carrying an unregistered firearm or for carrying an unregistered firearm in public. Evidence; *People v. Jones*, 278 P. 3d 821 (Cal. 2012). | statement, Defendant is unable to state whether he disputes this item. The cited case speaks for itself. |
| 115. | An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other. Evidence; Cal. Penal Code section 654. | Item 115 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 116. | A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:<br>(A)   A public place or public street in an incorporated city or city and county.<br>(B)   A public street in a prohibited area of an unincorporated area of a county or city and county.<br>(C)   A public place in a prohibited area of a county or city and county.<br>(2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following: | Item 116 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself. |

166

| | | |
|---|---|---|
| | (A)  A public place or public street in an incorporated city or city and county.<br>(B)  A public street in a prohibited area of an unincorporated area of a county or city and county.<br>(C)  A public place in a prohibited area of a county or city and county. Evidence; Cal. Penal Code section 26350. | |
| 117. | A person is guilty of carrying an unloaded firearm that is not a handgun when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in any of the following areas:<br>(1)  An incorporated city or city and county.<br>(2)  A public place or a public street in a prohibited area of an unincorporated area of a county. Evidence; Cal. Penal Code section 26400. | Item 117 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself. |
| 118. | Unloaded antique firearms are exempt from Penal Code sections 26350 and 26400. Evidence; Cal. Penal Code section 16520. | Item 118 is not a fact, but rather Plaintiff's characterization of certain laws.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited laws speak for themselves. |
| 119. | Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while engaged in hunting or while transporting that handgun when going to or returning from that hunting expedition. Evidence; Cal. Penal Code section 26366. | Item 119 is not a fact, but rather Plaintiff's characterization of certain laws.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited laws speak for themselves. |

| 120. | Section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun by a licensed hunter while engaged in hunting or while transporting that firearm when going to or returning from that hunting expedition. Evidence; Cal. Penal Code section 26405. | Item 120 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves. |
|---|---|---|
| 121. | Section 25850 does not apply to in a permitted hunting area or traveling to or from a permitted hunting area and carrying a valid California permit or license to hunt. Evidence; Cal. Penal Code section 26060. | Item 121 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves. |
| 122. | Nothing in Section 25850 shall prevent any person from carrying a loaded firearm in an area within an incorporated city while engaged in hunting, provided that the hunting at that place and time is not prohibited by the city council. Evidence; Cal. Penal Code section 26040. | Item 122 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves. |
| 123. | It is a crime to possess a handgun within 1,000 feet of every K-12 public and private school. Evidence; Cal. Penal Code section 626.9. | Item 123 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 124. | Governor Newsom and Attorney General Bonta sponsored Senate Bill | Item 124 is not a fact, but rather Plaintiff's characterization of a |

---

[2] The numbering in the chart Plaintiff filed in ECF No. 212-1 reverts back to 110 starting with this item. Because this number should have been 120, Defendant is correctly renumbering Plaintiff's statements and Defendant's corresponding responses from this point forward to avoid confusion.

| | | No. 2 that went into effect on January 1, 2024, which amended PC 626.9(c)2(A) to make it a crime for Plaintiff and similarly situated individuals to carry unloaded handguns in a fully enclosed locked container to his motor vehicle parked on the street. Evidence; Cal. Senate Bill No. 2. Nichols Decl. 1. | law and its legislative history. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law and its legislative history speak for themselves.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 125. | I seek prospective injunctive and declaratory relief against the enforcement of PC 626.9 Evidence; Nichols Decl. 1. | Item 125 is not a fact, but rather Plaintiff's request for relief. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 126. | PC 626.9 conflicts with 18 U.S. Code § 926A which regulates the interstate transportation of firearms. Evidence; Nichols Decl. 2. | Item 126 is not a fact, but rather Plaintiff's characterization of a law and his legal argument. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 127. | Antiques are not exempt from PC 626.9 under California law. Evidence; Cal. Penal Code section 626.9. | Item 127 is not a fact, but rather Plaintiff's characterization of a law. The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 128. | The California Court of Appeals construed the private property exemption in 626.9 to not apply to | Item 128 is not a fact, but rather Plaintiff's characterization of a case. In the absence of a factual |

| | | |
|---|---|---|
| | private property with public easements. Evidence; *People v. Tapia*, 29 Cal. Rptr. 3d (2005). | statement, Defendant is unable to state whether he disputes this item. The cited case speaks for itself. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 129. | A license to carry a handgun issued pursuant to PC 26150 et seq., is an exemption to the 1,000 foot "gun-free" school zones that extend 1,000 feet from every public and private school but is not an exemption to carrying firearms in schools or on school grounds. Evidence; Cal. Penal Code section 626.9. | Item 129 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 130. | Plaintiff does not reside in a county with fewer than 200,000 people. Evidence; Nichols' Decl. at 65. | Undisputed. |
| 131. | PC 26150 et seq., prohibits plaintiff from being issued a license to openly carry a handgun. Evidence; PC 26150 et seq. | Item 131 is not a fact, but rather Plaintiff's characterization of a law and how it applies to him. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself. |
| 132. | Senate Bill No. 2 added a retroactive statute which prohibits Plaintiff from ever obtaining a concealed firearm license in addition to prohibiting him for life from obtaining a license to openly carry a loaded handgun and from renewing a license to carry a handgun, openly or concealed, in California. Evidence; Senate Bill No. 2. Cal. Penal Code section 26202. | Item 132 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves. |
| 133. | Plaintiff did not recklessly use, display, or brandish a firearm during | To the extent this item includes any facts, Defendant is unable to |

| | | his lawful peaceful protest in Redondo Beach, California. Evidence; Nichols' Decl. at 66. | determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
|---|---|---|---|
| 134. | | California Senate Bill No. 2 amended Sections 171b, 171d, 171.5, 171.7, 626.9, 25610, 25850, 26150, 26155, 26165, 26170, 26175, 26185, 26190, 26195, 26200, 26205, 26210, 26220, 26225, 29805, and 30370 of, to add Sections 25350, 26162, 26206, 26230, and 26235 to, and repealed and added Section 26202 of, the Penal Code, relating to firearms. Evidence; Cal. Senate Bill No. 2. | Undisputed.  The cited laws speak for themselves.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 135. | | Senate Bill No. 2 added misdemeanor convictions for violating PC 25850, 26350, 26400 to its list of persons prohibited from possessing firearms for 10 years, PC 29805. Evidence; Senate Bill No. 2. Cal. Penal Code section 29805. | Item 135 is not a fact, but rather Plaintiff's characterization of certain laws.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited laws speak for themselves.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 136. | | A misdemeanor violation of PC 626.9 likewise results in a 10 year prohibition on possessing firearms. Evidence; Cal. Penal Code section 626.9. | Item 136 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| 137. | It is now unlawful for any person to knowingly possess any firearm in any building, real property, or parking area under the control of an airport, except as provided for in subdivision (b), (c), or (e) of Section 26230. Evidence; Cal. Senate Bill No. 2. Cal. Penal Code section 171.5 | Item 137 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 138. | It is now unlawful for Plaintiff to possess a firearm in a public transit facility. "Public transit facility" means any land, building, or equipment, or any interest therein, including any station on a public transportation route, to which access is controlled in a manner consistent with the public transit authority's security plan, whether or not the operation thereof produces revenue, that has as its primary purpose the operation of a public transit system or the providing of services to the passengers of a public transit system. A public transit system includes the vehicles used in the system, including, but not limited to, motor vehicles, streetcars, trackless trolleys, buses, light rail systems, rapid transit systems, subways, trains, or jitneys, that transport members of the public for hire. Evidence; Senate Bill No. 2. Cal. Penal Code section 171.7. | Item 138 is not a fact, but rather Plaintiff's characterization of certain laws and how they apply to him. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 139. | Section 26150 of the Penal Code was amended to read:<br>(a)    When a person applies for a new license or license renewal to carry a pistol, revolver, or other | Item 139 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this |

| | |
|---|---|
| firearm capable of being concealed upon the person, the sheriff of a county shall issue or renew a license to that person upon proof of all of the following:<br>(1)   The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.<br>(2)   The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.<br>(3)   The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business. Prima facie evidence of residency within the county or a city within the county includes, but is not limited to, the address where the applicant is registered to vote, the applicant's filing of a homeowner's property tax exemption, and other acts, occurrences, or events that indicate presence in the county or a city within the county is more than temporary or transient. The presumption of residency in the county or city within the county may be rebutted by satisfactory evidence that the applicant's primary residence is in another county or city within the county. | item.  The cited law speaks for itself.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |

(4)    The applicant has completed a course of training as described in Section 26165.

(5)    The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued.

(b) The sheriff shall issue or renew a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) (1) Nothing in this chapter shall preclude the sheriff of the county from entering into an agreement with the chief or other head of a municipal police department of a city to process all applications for licenses, renewals of licenses, or amendments to licenses pursuant to this chapter, in lieu of the sheriff.

(2) This subdivision shall only apply to applicants who reside within the city in which the chief or other head of the municipal police department has agreed to process applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter. Evidence;

174

| | | Senate Bill No. 2. Cal. Penal Code section 26150. | |
|---|---|---|---|
| | 140. | Section 26155 of the Penal Code is amended to read: 26155. (a) When a person applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county shall issue or renew a license to that person upon proof of all of the following:<br>(1)  The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.<br>(2)  The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.<br>(3)  The applicant is a resident of that city or city and county. Prima facie evidence of residency within the county or a city within the county includes, but is not limited to, the address where the applicant is registered to vote, the applicant's filing of a homeowner's property tax exemption, and other acts, occurrences, or events that indicate presence in the county or a city within the county is more than temporary or transient. The presumption of residency in the county or city within the county may be rebutted by satisfactory evidence that the applicant's primary | Item 140 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |

residence is in another county or city within the county.

(4)   The applicant has completed a course of training as described in Section 26165.

(5)   The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued.

(b) The chief or other head of a municipal police department shall issue or renew a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) Nothing in this chapter shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter. Evidence; Senate Bill No. 2. Cal. Penal Code section 26155.

| 141. | Section 26165 of the Penal Code was amended to read: 26165. (a) For new license applicants, the course of training for issuance of a license under Section 26150 or 26155 may be any course acceptable to the licensing authority that meets all of the following minimum criteria:<br>(1)    The course shall be no less than 16 hours in length.<br>(2)    The course shall include instruction on firearm safety, firearm handling, shooting technique, safe storage, legal methods to transport firearms and securing firearms in vehicles, laws governing where permit holders may carry firearms, laws regarding the permissible use of a firearm, and laws regarding the permissible use of lethal force in self- defense.<br>(3)    The course shall include a component, no less than one hour in length, on mental health and mental health resources.<br>(4)    Except for the component on mental health and mental health resources, the course shall be taught and supervised by firearms instructors certified by the Department of Justice pursuant to Section 31635, or in a manner to be prescribed by regulation.<br>(5)    The course shall require students to pass a written examination to demonstrate their understanding of the covered topics.<br>(6)    The course shall include live-fire shooting exercises on a firing range and shall include a demonstration by the applicant of | Item 141 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

safe handling of, and shooting proficiency with, each firearm that the applicant is applying to be licensed to carry.

(b)   A licensing authority shall establish, and make available to the public, the standards it uses when issuing licenses with regards to the required live-fire shooting exercises, including, but not limited to, a minimum number of rounds to be fired and minimum passing scores from specified firing distances.

(c)   Notwithstanding subdivision (a), the licensing authority may require a community college course certified by the Commission on Peace Officer Standards and Training, up to a maximum of 24 hours, but only if required uniformly of all license applicants without exception.

(d)   For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than eight hours, and shall satisfy the requirements of paragraphs (2) to (6), inclusive, of subdivision (a). No course of training shall be required for any person certified by the licensing authority as a trainer for purposes of this section, in order for that person to renew a license issued pursuant to this chapter.

(e) The applicant shall not be required to pay for any training courses prior to the initial determination of whether the applicant is a disqualified person pursuant to paragraph (1) of

| | | | |
|---|---|---|---|
| 1<br>2 | | subdivision (d) of Section 26202. Evidence; Senate Bill No. 2. Cal. Penal Code section 26165. | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | 142. | Section 26170 of the Penal Code is amended to read: 26170. (a) Upon proof of all of the following, the sheriff of a county, or the chief or other head of a municipal police department of any city or city and county, shall issue to an applicant a new license or license renewal to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person:<br>(1)  The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.<br>(2)  The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.<br>(3)  The applicant has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 by that sheriff or that chief of police or other head of a municipal police department.<br>(4)  The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued, or, the applicant is authorized to carry a firearm that is registered to the agency for which the licensee has been deputized or appointed to serve as a peace officer. | Item 142 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | (b)    Direct or indirect fees for the issuance of a license pursuant to this section may be waived.<br>(c)    The fact that an applicant for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 shall be considered only for the purpose of issuing a license pursuant to this section, and shall not be considered for the purpose of issuing a license pursuant to Section 26150 or 26155. Evidence; Senate Bill No. 2. Cal. Penal Code section 26170. | |
| 143. | Section 26175 of the Penal Code was amended to read: 26175. (a) (1) (A) Applications for licenses and applications for amendments to licenses under this chapter shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.<br>(B) Upon the effective date of the act that added this subparagraph, the Attorney General may issue forms to be used for applications for licenses and applications for amendments to licenses under this chapter, in conformance with the act that added this subparagraph, to be used until 60 days after the effective date of the act that added this subparagraph.<br>(2) The Attorney General shall convene a committee composed of one representative of the California State Sheriffs' Association, one representative of the California | Item 144 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

Police Chiefs Association, and one representative of the Department of Justice to review, and, as deemed appropriate, revise the standard application form for licenses prescribed by the Attorney General pursuant to paragraph (1). If the committee does not release a revised application form by 60 days after the effective date of the act that added subparagraph (B) of paragraph (1), the Attorney General has the sole authority to revise the standard application form for licenses. After the initial revised application is issued, if one of the committee's members concludes that further revisions are necessary, that member shall notify the other members of the committee, and the committee shall revise the application within three months of the notification. If the committee fails to release a revised application within that time, the Attorney General has the sole authority to revise the standard application form for licenses.

(3) (A) The Attorney General shall develop a uniform license that may be used as indicia of proof of licensure throughout the state.

(B) The Attorney General shall approve the use of licenses issued by local agencies that contain all the information required in subdivision (i), including a recent photograph of the applicant, and are deemed to be in substantial compliance with standards developed by the committee described in subparagraph (C), if developed, as

they relate to the physical dimensions and general appearance of the licenses. The Attorney General shall retain exemplars of approved licenses and shall maintain a list of agencies issuing local licenses. Approved licenses may be used as indicia of proof of licensure under this chapter in lieu of the uniform license developed by the Attorney General.

(C) A committee composed of two representatives of the California State Sheriffs' Association, two representatives of the California Police Chiefs Association, and one representative of the Department of Justice shall convene to review and revise, as the committee deems appropriate, the design standard for licenses issued by local agencies that may be used as indicia of proof of licensure throughout the state, provided that the design standard meets the requirements of subparagraph (B). If the committee does not issue a design standard by 60 days after the effective date of the act that added subparagraph (B) of paragraph (1), the Attorney General has the sole authority to set the design standard for licenses issued by local agencies that may be used as indicia of proof of licensure throughout the state, provided that the design standard meets the requirements of subparagraph (B). After the initial design standard is issued, if one of the committee's members concludes that further revisions are necessary, that member

shall notify the other members of the committee, and the committee shall revise the design standard within three months of the notification. If the committee fails to release a design standard within that time, the Attorney General has the sole authority to revise the design standard for licenses issued by local agencies that may be used as indicia of proof of licensure throughout the state.

(b) The application shall include a section summarizing the requirements of state law that result in the automatic denial of a license.

(c) (1) The standard application form for licenses described in subdivision (a) shall require information from the applicant, including, but not limited to, the name, occupation, residence, and business address of the applicant, the applicant's age, height, weight, color of eyes and hair, the applicant's prior detentions, arrests, and criminal convictions, whether the applicant has been the subject of an order listed in paragraph (3) of subdivision (a) of Section 26202 or a valid restraining, protective, or stay-away order issued by an out-of-state jurisdiction pursuant to laws concerning domestic violence, family law, protection of children or elderly persons, stalking, harassment, witness intimidation, or firearm possession, whether the applicant has previously been taken into custody as a danger to self or others under Section 5150 or Part 1.5

(commencing with Section 5585) of Division 5 of the Welfare and Institutions Code, assessed under Section 5151 of the Welfare and Institutions Code, admitted to a mental health facility under Section 5151 or 5152 of the Welfare and Institutions Code, or certified under Section 5250, 5260, or 5270.15 of the Welfare and Institutions Code, whether any licensing authority in this state or elsewhere has previously denied the applicant a license to carry a firearm or revoked such a license for any reason, the names and contact information of three persons willing to serve as references for the applicant, at least one of whom must be a person described in subdivision (b) of Section 273.5, if applicable, and at least one of whom must be the applicant's cohabitant, if applicable, and other information sufficient to make a determination of whether the applicant is a disqualified person pursuant to Section 26202.

(2)   In lieu of residence or business addresses, an applicant who participates in the program described in Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code may provide the address designated to the applicant by the Secretary of State.

(3)   In lieu of a residence, an applicant who falls within the categories described in subdivision (c) of Section 26220 may provide a business address or an alternative

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mailing address, such as a post office box.

(d) Completed applications for licenses shall be filed in writing and signed by the applicant, and contain all information required by the application, as determined by the licensing authority.

(e)    Applications for amendments to licenses shall be filed in writing and signed by the applicant, and shall state what type of amendment is sought pursuant to Section 26215 and the reason for desiring the amendment.

(f)    The forms shall contain a provision whereby the applicant attests to the truth of statements contained in the application.

(g)    An applicant shall not be required to complete any additional application or form for a license, except to clarify or interpret information provided by the applicant on the standard application form.

(h)    The standard application form described in subdivision (a) is deemed to be a local form expressly exempt from the requirements of the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

(i)    (1) As of 60 days after the effective date of the act that added subparagraph (B) of paragraph (1) of subdivision (a), a license issued upon the application shall set forth the licensee's full name, driver's license

or identification number, Criminal Identification and Information number, occupation, residence and business address, the licensee's date of birth, height, weight, and color of eyes and hair, and indicate the type of license issued as it relates to Section 26220, including license issuance and expiration date, and shall, in addition, contain the licensee's fingerprints, a picture of the licensee, and a description of the weapon or weapons authorized to be carried, detailing the name of the manufacturer, the model, the serial number, and the caliber. The license issued to the licensee may be laminated. Prior to 60 days after the effective date of the act that added subparagraph (B) of paragraph (1) of subdivision (a), any license issued upon the application shall take the form of the uniform license developed by the Attorney General and used as indicia of proof of licensure throughout the state immediately prior to the effective date of the act that added this paragraph.

(2) In lieu of residence or business addresses, a licensee who participates in the program described in Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code may provide the address designated to the applicant by the Secretary of State. Upon termination from the program described in Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the

| | | |
|---|---|---|
| | Government Code, the licensee shall comply with Section 26210.<br>(3) In lieu of a residence address, a licensee who falls within the categories described in subdivision (c) of Section 26220 may provide a business address or an alternative mailing address, such as a post office box. Upon termination from the category described in subdivision (c) of Section 26220, the licensee shall comply with Section 26210. Evidence; Senate Bill No. 2. Cal. Penal Code section 26175. | |
| 144. | Cal. Penal Code section 26180 states: (a) Any person who files an application required by Section 26175 knowing that any statement contained therein is false is guilty of a misdemeanor.<br>(b)    Any person who knowingly makes a false statement on the application regarding any of the following is guilty of a felony:<br>(1)    The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to this article.<br>(2)    A criminal conviction.<br>(3)    A finding of not guilty by reason of insanity.<br>(4)    The use of a controlled substance.<br>(5)    A dishonorable discharge from military service.<br>(6)    A commitment to a mental institution.<br>(7)    A renunciation of United States citizenship. Evidence; Cal. Penal Code section 26180. | Item 144 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

| 145. | Section 26185 of the Penal Code was amended to read: 26185. (a) (1) Upon issuance of the notice described in paragraph (1) of subdivision (d) of Section 26202, the licensing authority shall submit to the Department of Justice fingerprint images and related information required by the Department of Justice for each applicant applying for a new license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, pursuant to subdivision (u) of Section 11105. The Department of Justice shall provide a state or federal response to the licensing authority, pursuant to subdivision (l) of Section 11105 of the Penal Code. (2) Upon receipt of the fingerprints of an applicant for a new license, as well as the fee as prescribed in Section 26190, the department shall promptly furnish the forwarding licensing authority information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. The department shall make this determination in a manner to be prescribed through regulations. If the department is unable to ascertain the final disposition of an arrest or criminal charge, the outcome of the mental health treatment or evaluation, or the applicant's eligibility to possess, receive, own, or purchase a firearm, the department shall notify the forwarding licensing authority. For each applicant for a new license, the | Item 145 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself. *Objection*: Relevance. *See* Fed. R. Evid. 401. |

department shall also promptly furnish the forwarding licensing authority a criminal history report pertaining to the applicant.

(3) No new license shall be issued by any licensing authority unless the report described in paragraph (2) confirms the applicant's eligibility to possess, receive, own, or purchase a firearm.

(b) (1) For each applicant for a renewal license, upon issuance of the notice described in paragraph (1) of subdivision (d) of Section 26202, the licensing authority shall submit to the department the renewal notification described in paragraph (1) of subdivision (d) of Section 26202, in a manner and format prescribed by the department.

(2) For each renewal notification submitted to the department in accordance with paragraph (1) on or after September 1, 2026, the licensing authority shall also submit to the department fingerprint images and related information required by the department for each applicant applying for a renewal license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, pursuant to subdivision (u) of Section 11105. The department shall then provide a state or federal response to the licensing authority, pursuant to subdivision (l) of Section 11105.

(c) (1) For each applicant for a renewal license, upon receipt by the department of the renewal notification as prescribed in

subdivision (b), as well as the fee as prescribed in Section 26190, the department shall determine whether the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2)   For each applicant for a renewal license whose renewal notification is submitted to the department prior to September 1, 2026, the department shall determine whether the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm and notify the forwarding licensing agency in a manner to be prescribed through regulations.

(3)   For each applicant for a renewal license whose renewal notification is submitted to the department on or after September 1, 2026, upon receipt of the applicant's fingerprints, the department shall promptly furnish the forwarding licensing authority information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. The department shall make this determination in a manner to be prescribed through regulations. If the department is unable to ascertain the final disposition of an arrest or criminal charge, the outcome of the mental health treatment or evaluation, or the applicant's eligibility to possess, receive, own, or purchase a firearm, the department shall notify the

| | | | |
|---|---|---|---|
| | | forwarding licensing authority. For each applicant for a renewal license, the department shall also promptly furnish the forwarding licensing authority a criminal history report pertaining to the applicant. (d)   For any renewal license applicant referred to the department prior to the effective date of the act that added this subdivision, the department may use any method authorized through regulations implementing this section to determine if the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. (e)   As used in this section, "licensing authority" means a sheriff of a county, or the chief or other head of a municipal police department of any city or city and county. Evidence; Senate Bill No. 2. Cal. Penal Code section 26185. | |
| | 146. | Section 26190 of the Penal Code was amended to read: 26190. (a) (1) An applicant for a new license or for the renewal of a license shall pay at the time of filing the application a fee determined by the Department of Justice. The fee shall not exceed the application processing costs of the Department of Justice for the direct costs of furnishing the information and report required by Section 26185. (2)   After the department establishes fees sufficient to reimburse the department for processing costs, fees charged shall | Item 146 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself. *Objection*: Relevance.  *See* Fed. R. Evid. 401. |

increase at a rate not to exceed the legislatively approved annual cost-of-living adjustments for the department's budget.

(3)   The officer receiving the application and the fee shall transmit the fee, with the fingerprints, if required, to the Department of Justice in accordance with Section 26185.

(b) (1) The licensing authority of any city, city and county, or county shall charge an additional fee in an amount equal to the reasonable costs for processing the application for a new license or a license renewal, issuing the license, and enforcing the license, including any required notices, excluding fingerprint and training costs, and shall transmit the additional fee, if any, to the city, city and county, or county treasury.

(2) The first 50 percent of this additional local fee may be collected upon filing of the initial or renewal application. The balance of the fee shall be collected only upon issuance of the license.

(c)   These local fees may be increased to reflect increases in the licensing authority's reasonable costs, as described in paragraph (1) of subdivision (b). In no case shall the local fees exceed the reasonable costs to the licensing authority, as described in paragraph (1) of subdivision (b).

(d)   (1) In the case of an amended license pursuant to Section 26215, the licensing authority of any city, city and county, or county may

charge a fee in an amount not to exceed the reasonable costs to process the amended license. In no case shall the amount charged to the applicant for the amended license exceed the reasonable costs to the licensing authority.

(2)   This fee may be increased at a rate to reflect increases in the licensing authority's reasonable costs, as described in paragraph (1) of subdivision (d). In no case shall this fee exceed the reasonable costs to the licensing authority, as described in paragraph (1).

(3)   The licensing authority shall transmit the fee to the city, city and county, or county treasury.

(e) (1) If a psychological assessment on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist acceptable to the licensing authority. The applicant may be charged for the actual cost of the assessment. In no case shall the amount charged to the applicant for the psychological assessment exceed the reasonable costs to the licensing authority.

(2) Additional psychological assessment of an applicant seeking license renewal shall be required only if there is compelling evidence of a public safety concern to indicate that an assessment is necessary. The applicant may be charged for the actual cost of the assessment. In no case shall the cost of psychological assessment exceed the reasonable costs to the licensing authority.

| | | | |
|---|---|---|---|
| | | Evidence; Senate Bill No. 2. Cal. Penal Code section 26190. | |
| 147. | | Section 26200 of the Penal Code was amended to read:<br><br>26200. (a) While carrying a firearm as authorized by a license issued pursuant to this chapter, a licensee shall not do any of the following:<br>(1)   Consume an alcoholic beverage or controlled substance as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code.<br>(2)   Be in a place having a primary purpose of dispensing alcoholic beverages for onsite consumption.<br>(3)   Be under the influence of any alcoholic beverage, medication, or controlled substance as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code.<br>(4)   Carry a firearm not listed on the license or a firearm for which they are not the recorded owner. This paragraph does not apply to a licensee who was issued a license pursuant to Section 26170, in which case they may carry a firearm that is registered to the agency for which the licensee has been deputized or appointed to serve as a peace officer, and the licensee carries the firearm consistent with that agency's policies.<br>(5)   Falsely represent to a person that the licensee is a peace officer.<br>(6)   Engage in an unjustified display of a deadly weapon.<br>(7)   Fail to carry the license on their person. | Item 147 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

|  |  |  |
|---|---|---|
|  | (8)  Impede a peace officer in the conduct of their activities. (9)  Refuse to display the license or to provide the firearm to a peace officer upon demand for purposes of inspecting the firearm. (10) Violate any federal, state, or local criminal law. (b)  In addition to the restrictions and conditions listed in subdivision (a), a license issued pursuant to this chapter may also include any reasonable restrictions or conditions that the licensing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which a licensee may carry a pistol, revolver, or other firearm capable of being concealed upon the person. (c)  Any restrictions imposed pursuant to subdivision (b) shall be indicated on any license issued. (d)  A licensee authorized to carry a firearm pursuant to this chapter shall not carry more than two firearms under the licensee's control at one time. Evidence; Senate Bill No. 2. Cal. Penal Code section 26200. |  |
| 148. | Section 26205 of the Penal Code was amended to read: 26205. (a) Unless otherwise specified in subdivision (b), the licensing authority shall give written notice to the applicant indicating if the license under this chapter is approved or denied. The licensing authority shall give this notice within 120 days of receiving the completed application for a new license, or 30 days after receipt of | Item 148 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself. *Objection*: Relevance.  *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| | the information and report from the Department of Justice described in paragraph (2) of subdivision (a) of Section 26185, whichever is later. The licensing authority shall give this notice within 120 days of receiving the completed application for a license renewal.<br>(b) In determining whether to approve or deny an application for a new license or a license renewal the licensing authority shall apply the statutory requirements in effect as of the date the licensing authority received the completed application for a new license or a license renewal, except for the requirements in former paragraph (2) of subdivision (a) of Sections 26150, 26155, and 26170. For applications for a new license submitted prior to the effective date of the act that added this subdivision, the licensing authority shall give written notice to the applicant indicating if the license under this chapter is approved or denied within 120 days of receiving the completed application, or 30 days after receipt of the information and report from the Department of Justice described in paragraph (2) of subdivision (a) of Section 26185, whichever is later.<br>(c) If the license is denied, the notice shall state which requirement was not satisfied. Evidence; Senate Bill No. 2. Cal. Penal Code section 26205. | |
| 149. | Section 26210 of the Penal Code was amended to read: | Item 149 is not a fact, but rather Plaintiff's characterization of a |

26210. (a) When a licensee under this chapter has a change of address, the license shall be amended to reflect the new address and a new license shall be issued pursuant to subdivision (b) of Section 26215.

(b)    The licensee shall notify the licensing authority in writing within 10 days of any change in the licensee's place of residence, and within 10 days of receiving that notice, the licensing authority shall notify the Department of Justice of the change in a licensee's place of residence.

(c)    If both of the following conditions are satisfied, a license to carry a concealed handgun may not be revoked solely because the licensee's place of residence has changed to another county:

(1)    The licensee has not breached any of the conditions or restrictions set forth in the license or imposed in accordance with Section 26200.

(2)    The licensee has not become prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(d) Notwithstanding subdivision (c), if a licensee's place of residence was the basis for issuance of a license, any license issued pursuant to Section 26150 or 26155 shall expire 90 days after the licensee moves from the county of issuance.

(e) If the license is one to carry loaded and exposed a pistol, revolver, or other firearm capable of being concealed upon the person, the license shall be revoked immediately

law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.

*Objection*: Relevance. *See* Fed. R. Evid. 401.

| | | | |
|---|---|---|---|
| | | upon a change of the licensee's place of residence to another county. Evidence; Senate Bill No. 2. Cal. Penal Code section 26210. | |
| | 150. | Cal. Penal Code section 26215 states: (a) A person issued a license pursuant to this article may apply to the licensing authority for an amendment to the license to do one or more of the following:<br>(1)   Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon the person.<br>(2)   Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.<br>(3)   If the population of the county is less than 200,000 persons according to the most recent federal decennial census, authorize the licensee to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.<br>(4) Change any restrictions or conditions on the license, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person.<br>(b)   If the licensing authority amends the license, a new license shall be issued to the licensee reflecting the amendments.<br>(c)   An amendment to the license does not extend the original expiration date of the license and the | Item 150 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |

| | | | |
|---|---|---|---|
| | | license shall be subject to renewal at the same time as if the license had not been amended.<br>(d)   An application to amend a license does not constitute an application for renewal of the license. Evidence; Senate Bill No. 2. Cal. Penal Code section 26215. | |
| | 151. | Section 26220 of the Penal Code was amended to read: 26220. (a) Except as otherwise provided in this section and in subdivision (c) of Section 26210, a license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed two years from the date of the license. (b) If the licensee's place of employment or business was the basis for issuance of a license pursuant to Section 26150, the license is valid for any period of time not to exceed 90 days from the date of the license, unless the license was issued pursuant to subdivision (d). The license shall be valid only in the county in which the license was originally issued. The licensee shall give a copy of this license to the licensing authority of the city, county, or city and county in which the licensee resides. The licensing authority that originally issued the license shall inform the licensee verbally and in writing in at least 16-point type of this obligation to give a copy of the license to the licensing authority of the city, county, or city and county of residence. Any application to renew or extend the validity of, or reissue, the license | Item 151 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |

may be granted only upon the concurrence of the licensing authority that originally issued the license and the licensing authority of the city, county, or city and county in which the licensee resides.

(c)    A license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed three years from the date of the license if the license is issued to any of the following individuals:

(1)    A judge of a California court of record.

(2)    A full-time court commissioner of a California court of record.

(3)    A judge of a federal court.

(4)    A magistrate of a federal court.

(d) A license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed four years from the date of the license if the license is issued to a custodial officer who is an employee of the sheriff as provided in Section 831.5, except that the license shall be invalid upon the conclusion of the person's employment pursuant to Section 831.5 if the four-year period has not otherwise expired or any other condition imposed pursuant to this article does not limit the validity of the license to a shorter time period.

(e) A license issued pursuant to Section 26170 to a peace officer appointed pursuant to Section 830.6 is valid for any period of time not to exceed four years from the date of the license, except that the license shall be invalid upon the conclusion

| | | |
|---|---|---|
| | of the person's appointment pursuant to Section 830.6 if the four-year period has not otherwise expired or any other condition imposed pursuant to this article does not limit the validity of the license to a shorter time period. Evidence; Senate Bill No. 2. Cal. Penal Code section 26220. | |
| 152. | Section 26162 was added to the Penal Code, to read: 26162. (a) Prior to the issuance of a license, renewal of a license, or amendment to a license, each licensing authority with direct access to the designated Department of Justice system shall determine if the applicant is the recorded owner of the particular pistol, revolver, or other firearm capable of being concealed upon the person reported in the application for a license or the application for the amendment to a license under this chapter.<br>(b) An agency with direct access to the designated Department of Justice system shall confirm the applicant's information with firearm ownership maintained in the system. An agency without access to the system shall confirm this information with the sheriff of the county in which the agency is located. Evidence; Senate Bill No. 2. Cal. Penal Code section 26162. | Item 152 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 153. | Section 26230 was added to the Penal Code, to read: 26230. (a) A person granted a license to carry a pistol, revolver, or other firearm capable of being | Item 153 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this |

201

| | |
|---|---|
| concealed upon the person pursuant to Section 26150, 26155, or 26170 shall not carry a firearm on or into any of the following:<br>(1)    A place prohibited by Section 626.9.<br>(2)    A building, real property, or parking area under the control of a preschool or childcare facility, including a room or portion of a building under the control of a preschool or childcare facility. Nothing in this paragraph shall prevent the operator of a childcare facility in a family home from owning or possessing a firearm in the home if no child under child care at the home is present in the home or the firearm in the home is unloaded, stored in a locked container, and stored separately from ammunition when a child under child care at the home is present in the home so long as the childcare provider notifies clients that there is a firearm in the home.<br>(3)    A building, parking area, or portion of a building under the control of an officer of the executive or legislative branch of the state government, except as allowed pursuant to paragraph (2) of subdivision (b) of Section 171c.<br>(4)    A building designated for a court proceeding, including matters before a superior court, district court of appeal, or the California Supreme Court, parking area under the control of the owner or operator of that building, or a building or portion of a building under the control of the | item.  The cited law speaks for itself.<br><br>*Objection*: Relevance.  *See* Fed. R. Evid. 401. |

Supreme Court, unless the person is a justice, judge, or commissioner of that court.

(5) A building, parking area, or portion of a building under the control of a unit of local government, unless the firearm is being carried for purposes of training pursuant to Section 26165.

(6) A building, real property, and parking area under the control of an adult or juvenile detention or correctional institution, prison, or jail.

(7) A building, real property, and parking area under the control of a public or private hospital or hospital affiliate, mental health facility, nursing home, medical office, urgent care facility, or other place at which medical services are customarily provided.

(8) A bus, train, or other form of transportation paid for in whole or in part with public funds, and a building, real property, or parking area under the control of a transportation authority supported in whole or in part with public funds.

(9) A building, real property, and parking area under the control of a vendor or an establishment where intoxicating liquor is sold for consumption on the premises.

(10) A public gathering or special event conducted on property open to the public that requires the issuance of a permit from a federal, state, or local government and sidewalk or street immediately adjacent to the public gathering or special event but

is not more than 1,000 feet from the event or gathering, provided this prohibition shall not apply to a licensee who must walk through a public gathering in order to access their residence, place of business, or vehicle.

(11) A playground or public or private youth center, as defined in Section 626.95, and a street or sidewalk immediately adjacent to the playground or youth center.

(12) A park, athletic area, or athletic facility that is open to the public and a street or sidewalk immediately adjacent to those areas, provided this prohibition shall not apply to a licensee who must walk through such a place in order to access their residence, place of business, or vehicle.

(13) Real property under the control of the Department of Parks and Recreation or Department of Fish and Wildlife, except those areas designated for hunting pursuant to Section 5003.1 of the Public Resources Code, Section 4501 of Title 14 of the California Code of Regulations, or any other designated public hunting area, public shooting ground, or building where firearm possession is permitted by applicable law.

(14) Any area under the control of a public or private community college, college, or university, including, but not limited to, buildings, classrooms, laboratories, medical clinics, hospitals, artistic venues, athletic fields or venues, entertainment

venues, officially recognized
university-related organization
properties, whether owned or leased,
and any real property, including
parking areas, sidewalks, and
common areas.

(15) A building, real property, or
parking area that is or would be used
for gambling or gaming of any kind
whatsoever, including, but not
limited to, casinos, gambling
establishments, gaming clubs, bingo
operations, facilities licensed by the
California Horse Racing Board, or a
facility wherein banked or
percentage games, any form of
gambling device, or lotteries, other
than the California State Lottery, are
or will be played.

(16) A stadium, arena, or the real
property or parking area under the
control of a stadium, arena, or a
collegiate or professional sporting or
eSporting event.

(17) A building, real property, or
parking area under the control of a
public library.

(18) A building, real property, or
parking area under the control of an
airport or passenger vessel terminal,
as those terms are defined in
subdivision

(a) of Section 171.5.

(19) A building, real property, or
parking area under the control of an
amusement park.

(20) A building, real property, or
parking area under the control of a
zoo or museum.

(21) A street, driveway, parking
area, property, building, or facility,

owned, leased, controlled, or used by a nuclear energy, storage, weapons, or development site or facility regulated by the federal Nuclear Regulatory Commission.

(22) A church, synagogue, mosque, or other place of worship, including in any parking area immediately adjacent thereto, unless the operator of the place of worship clearly and conspicuously posts a sign at the entrance of the building or on the premises indicating that license holders are permitted to carry firearms on the property. Signs shall be of a uniform design as prescribed by the Department of Justice and shall be at least four inches by six inches in size.

(23) A financial institution or parking area under the control of a financial institution.

(24) A police, sheriff, or highway patrol station or parking area under control of a law enforcement agency.

(25) A polling place, voting center, precinct, or other area or location where votes are being cast or cast ballots are being returned or counted, or the streets or sidewalks immediately adjacent to any of these places.

(26) Any other privately owned commercial establishment that is open to the public, unless the operator of the establishment clearly and conspicuously posts a sign at the entrance of the building or on the premises indicating that license holders are permitted to carry firearms on the property. Signs shall

be of a uniform design as prescribed by the Department of Justice and shall be at least four inches by six inches in size. (27)  Any other place or area prohibited by other provisions of state law.

(28)  Any other place or area prohibited by federal law.

(29)  Any other place or area prohibited by local law.

(b)   Notwithstanding subdivision (a), except under paragraph (21) or (28) of subdivision (a), a licensee may transport a firearm and ammunition within their vehicle so long as the firearm is locked in a lock box, as defined in subdivision (y) of Section 4082 and subdivision (b) of Section 4094 of Title 11 of the California Code of Regulations, and the lock box is a firearm safety device, as defined in Section 16540, that is listed on the department's Roster of Firearm Safety Devices Certified for Sale pursuant to Sections 23650 and 23655. Nothing in this subdivision is intended to preempt local laws placing more restrictive requirements upon the storage of firearms in vehicles.

(c)   Notwithstanding subdivision (a), except under paragraph (21) or (28) of subdivision (a), a licensee prohibited from carrying a concealed firearm into the parking area of a prohibited location specified in subdivision (a) shall be allowed to:

(1)   Transport a concealed firearm or ammunition within a vehicle into or out of the parking area so long as the firearm is locked in a lock box.

(2)   Store ammunition or a firearm within a locked lock box and out of plain view within the vehicle in the parking area. Nothing in this paragraph is intended to preempt local laws placing more restrictive requirements upon the storage of firearms in vehicles.

(3)   Transport a concealed firearm in the immediate area surrounding their vehicle within a prohibited parking lot area only for the limited purpose of storing or retrieving a firearm within a locked lock box in the vehicle's trunk or other place inside the vehicle that is out of plain view.

(d) For purposes of subdivision (c), a lock box is an item as defined in subdivision (b) of Section 4082 and subdivision (y) of Section 4094 of Title 11 of the California Code of Regulations, which is a firearm safety device, as defined in Section 16540, that is listed on the Department's Roster of Firearm Safety Devices Certified for Sale pursuant to Sections 23650 and 23655.

(e)   Except in the places specified in paragraph (14) of subdivision (a), a licensee shall not be in violation of this section while they are traveling along a public right-of-way that touches or crosses any of the premises identified in subdivision (a) if the concealed firearm is carried on their person in accordance with the provisions of this act or is being transported in a vehicle by the licensee in accordance with all other

| | | | |
|---|---|---|---|
| | | applicable provisions of law. Nothing in this section allows a person to loiter or remain in a place longer than necessary to complete their travel.<br>(f)    Nothing in this section shall prohibit the carrying of a firearm where it is otherwise expressly authorized by law. Evidence; Senate Bill No. 2. Cal. Penal Code section 26230. | |
| | 154. | Section 26202 of the Penal Code was rewritten to read:<br>(a)    Unless a court makes a contrary determination pursuant to Section 26206, an applicant shall be deemed to be a disqualified person and cannot receive or renew a license pursuant to Section 26150, 26155, or 26170 if the applicant:<br>(1)    Is reasonably likely to be a danger to self, others, or the community at large, as demonstrated by anything in the application for a license or through the investigation described in subdivision (b), or as shown by the results of any psychological assessment, including, but not limited to, the assessment described in subdivision (e) of Section 26190.<br>(2)    Has been convicted of contempt of court under Section 166.<br>(3)    Has been subject to any restraining order, protective order, or other type of court order issued pursuant to the following statutory provisions, unless that order expired or was vacated or otherwise canceled more than five years prior to the | Item 154 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |

licensing authority receiving the completed application:

(A)   Section 646.91 or Part 3 (commencing with Section 6240) of Division 10 of the Family Code.

(B)   Part 4 (commencing with Section 6300) of Division 10 of the Family Code.

(C)   Sections 136.2 and 18100.

(D)   Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure.

(E)   Section 213.5, 304, 362.4, 726.5, or 15657.03 of the Welfare and Institutions Code.

(4)   In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been convicted of an offense listed in Section 422.6, 422.7, 422.75, or 29805.

(5)   Has engaged in an unlawful or reckless use, display, or brandishing of a firearm.

(6)   In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been charged with any offense listed in Section 290, 667.5, 1192.7, 1192.8, or 29805 that was dismissed pursuant to a plea or dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

(7)   In the five years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been committed to or incarcerated in county jail or state prison for, or on probation, parole, post release

community supervision, or mandatory supervision as a result of, a conviction of an offense, an element of which involves controlled substances, as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code, or alcohol.

(8)  Is currently abusing controlled substances, as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code, or alcohol.

(9)  In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has experienced the loss or theft of multiple firearms due to the applicant's lack of compliance with federal, state, or local law regarding storing, transporting, or securing the firearm. For purposes of this paragraph, "multiple firearms" includes a loss of more than one firearm on the same occasion, or the loss of a single firearm on more than one occasion.

(10) Failed to report a loss of a firearm as required by Section 25250 or any other state, federal, or local law requiring the reporting of the loss of a firearm.

(b) In determining whether an applicant is a disqualified person and cannot receive or renew a license in accordance with subdivision (a) of this section, the licensing authority shall conduct an investigation that meets all of the following minimum requirements:

(1) An in-person interview with the applicant. For renewal applications,

the licensing authority may elect to forgo this requirement.

(2) In-person, virtual, or telephonic interviews with at least three character references, at least one of whom must be a person described in subdivision (b) of Section 273.5, if applicable, and at least one of whom must be the applicant's cohabitant, if applicable. For renewal applications, the licensing authority may elect to forgo this requirement.

(3)    A review of publicly available information about the applicant, including publicly available statements published or posted by the applicant.

(4)    A review of all information provided in the application for a license.

(5)    A review of all information provided by the Department of Justice in accordance with subdivision (a) of, paragraph (2) of subdivision (b) of, and paragraph (3) of subdivision (c) of Section 26185, as well as firearms eligibility notices or any other information subsequently provided to the licensing authority regarding the applicant.

(6)    A review of the information in the California Restraining and Protective Order System accessible through the California Law Enforcement Telecommunications System.

(c)    In determining whether an applicant is a disqualified person and cannot receive or renew a license in accordance with subdivision (a),

nothing in this section precludes the licensing authority from engaging in investigative efforts in addition to those listed in subdivision (b).

(d)    Within 90 days of receiving the completed application for a new license or a license renewal, the licensing authority shall give written notice to the applicant of the licensing authority's initial determination, based on its investigation thus far, of whether an applicant is a disqualified person pursuant to Section 26150, 26155, or 26170 as follows:

(1)    If the licensing authority makes an initial determination that, based on its investigation thus far, the applicant is not a disqualified person, the notice shall inform the applicant to proceed with the training requirements specified in Section 26165. The licensing authority shall then submit the applicant's fingerprints or the renewal notification to the Department of Justice in accordance with Section 26185.

(2) If, within 90 days of receiving the completed application for a new license or a license renewal, the licensing authority determines that the applicant is a disqualified person, the notice shall inform the applicant that the request for a license has been denied, state the reason as to why the determination was made, and inform the applicant that they may request a hearing from a court, as outlined in Section 26206. A licensing authority providing notice

| | | | |
|---|---|---|---|
| | | under this paragraph informing the applicant that the request for a license has been denied satisfies the requirement to provide notice of a denial of a license pursuant to Section 26205. <br> (e) The prohibitions listed in subdivision (a) shall apply whether or not the relevant conduct, order, conviction, charge, commitment, or other relevant action took place or was issued or entered before the effective date of the act that added this subdivision. Evidence; Senate Bill No. 2. Cal. Penal Code section 26202. | |
| | 155. | Section 25850 of the Penal Code was amended to read: 25850. (a) A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city, city and county, or in any public place or on any public street in a prohibited area of an unincorporated area of a county or city and county. <br> (b) In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section | Item 155 is not a fact, but rather Plaintiff's characterization of a law. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law speaks for itself. <br><br> *Objection*: Relevance. *See* Fed. R. Evid. 401. |

constitutes probable cause for arrest for violation of this section.

(c)    Carrying a loaded firearm in violation of this section is punishable, as follows:

(1)    Where the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

(2)    Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3)    Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the California Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4)    Where the person is not in lawful possession of the firearm, or is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(5) Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision

(h) of Section 1170, or by imprisonment in a county jail not to

exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6)   Where the person is not listed with the Department of Justice pursuant to Section 11106 as the recorded owner of the handgun, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment.

(7)   In all cases other than those specified in paragraphs (1) to (6), inclusive, as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d) (1) Every person convicted under this section who has previously been convicted of an offense enumerated in Section 23515, or of any crime made punishable under a provision listed in Section 16580, shall serve a term of at least three months in a county jail, or, if granted probation or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned for a period of at least three months.

(2) The court shall apply the three-month minimum sentence except in unusual cases where the interests of justice would best be served by granting probation or suspending the

imposition or execution of sentence
without the minimum imprisonment
required in this section or by
granting probation or suspending the
imposition or execution of sentence
with conditions other than those set
forth in this section, in which case,
the court shall specify on the record
and shall enter on the minutes the
circumstances indicating that the
interests of justice would best be
served by that disposition.

(e)    A violation of this section that
is punished by imprisonment in a
county jail not exceeding one year
shall not constitute a conviction of a
crime punishable by imprisonment
for a term exceeding one year for the
purposes of determining federal
firearms eligibility under Section
922(g)(1) of Title 18 of the United
States Code.

(f)    Nothing in this section, or in
Article 3 (commencing with Section
25900) or Article 4 (commencing
with Section 26000), shall preclude
prosecution under Chapter 2
(commencing with Section 29800) or
Chapter 3 (commencing with Section
29900) of Division 9 of this title,
Section 8100 or 8103 of the Welfare
and Institutions Code, or any other
law with a greater penalty than this
section.

(g)    Notwithstanding paragraphs (2)
and (3) of subdivision (a) of Section
836, a peace officer may make an
arrest without a warrant:

(1)    When the person arrested has
violated this section, although not in
the officer's presence.

| | | |
|---|---|---|
| | (2)  Whenever the officer has reasonable cause to believe that the person to be arrested has violated this section, whether or not this section has, in fact, been violated. (h) A peace officer may arrest a person for a violation of paragraph (6) of subdivision (c), if the peace officer has probable cause to believe that the person is carrying a handgun in violation of this section and that person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the recorded owner of that handgun. Evidence; Senate Bill No. 2. Cal. Penal Code section 25850. | |
| 156. | Cal. Penal Code section 26350 states: (a)  (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following: (A)  A public place or public street in an incorporated city or city and county. (B)  A public street in a prohibited area of an unincorporated area of a county or city and county. (C)  A public place in a prohibited area of a county or city and county. (2) A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her | Item 156 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself. |

person, while in or on any of the following:

(A)   A public place or public street in an incorporated city or city and county.

(B)   A public street in a prohibited area of an unincorporated area of a county or city and county.

(C) A public place in a prohibited area of a county or city and county.

(b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2) A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A)   The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B)   The person is not in lawful possession of that handgun.

(c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law.

| | | However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.<br>(d) Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section. Evidence; Cal. Penal Code section 26350. | |
| 157. | Cal. Penal Code section 26400 states: (a) A person is guilty of carrying an unloaded firearm that is not a handgun when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in any of the following areas:<br>(1)    An incorporated city or city and county.<br>(2)    A public place or a public street in a prohibited area of an unincorporated area of a county.<br>(b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.<br>(2) A violation of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm. | Item 157 is not a fact, but rather Plaintiff's characterization of a law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  The cited law speaks for itself. |

| | | | |
|---|---|---|---|
| | | (c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section. (2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision. (d) Notwithstanding the fact that the term "an unloaded firearm that is not a handgun" is used in this section, each individual firearm shall constitute a distinct and separate offense under this section. Evidence; Cal. Penal Code section 26400. | |
| | 158. | I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, and handguns had California Penal Code section 25850 not been in effect when my civil rights lawsuit was filed on November 30, 2011. Evidence; Nichols' Decl. at 67. | Item 158 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. *See* Fed. R. Evid. 401. |
| | 159. | I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, | Item 159 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit. In the absence of a factual statement, Defendant is |

| | | | |
|---|---|---|---|
| | | and handguns had I been issued an unrestricted license to openly carry a loaded handgun pursuant to California Penal Code section 26150 et seq. when my civil rights lawsuit was filed on November 30, 2011, with the exception of within schools and on school grounds except for those school grounds which lie beneath highways, freeways, streets, sidewalks, parking lots open to the general public, and bridges. Evidence; Nichols' Decl. at 68. | unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| | 160. | I reside in Los Angeles County, California which does not have a population of fewer than 200,000 people. Evidence; Nichols' Decl. at 65. | Undisputed. |
| | 161. | I did not recklessly use, display, or brandish a firearm during my lawful peaceful protest in Redondo Beach, California. Evidence; Nichols' Decl. at 66. | Item 161 is not a fact, but rather Plaintiff's statement regarding alleged past conduct. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| | 162. | I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, and handguns had California Penal Code section 25850 not been in effect when my civil rights lawsuit was filed on November 30, 2011. Evidence; Nichols' Decl. at 67. | Item 162 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |

| | | |
|---|---|---|
| 163. | I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere it would have been legal for me to openly carry loaded and unloaded rifles, shotguns, and handguns had I been issued an unrestricted license to openly carry a loaded handgun pursuant to California Penal Code section 26150 et seq. when my civil rights lawsuit was filed on November 30, 2011, with the exception of within schools and on school grounds except for those school grounds which lie beneath highways, freeways, streets, sidewalks, parking lots open to the general public, and bridges. Evidence; Nichols' Decl. at 68. | Item 163 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance.  *See* Fed. R. Evid. 401. |
| 164. | I am a resident of Los Angeles County, California. Evidence; Nichols' Decl. at 69. | Undisputed. |
| 165. | I am not prohibited from possessing, purchasing, receiving, or transferring firearms under state or Federal law. Evidence; Nichols' Decl. at 70. | Disputed.  There is no evidence in the record regarding Plaintiff's current eligibility to possess a firearm. |
| 166. | I possess firearms in my home for the purpose of self-defense and for other lawful purposes. These firearms do not require a license or any other governmental permission for me to possess. Evidence; Nichols' Decl. at 71. | Item 166 contains Plaintiff's characterization of how the law applies to him and his firearms.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. *Objection*: Relevance.  *See* Fed. R. Evid. 401. |
| 167. | All of the firearms I possess in the State of California are legal for me to possess in the State of California. | Item 167 contains Plaintiff's characterization of how the law applies to him and his firearms. |

| | | |
|---|---|---|
| | Most, but not all, of my handguns are listed in Defendant Bonta's Dealer Record of Sale "DROS" database. Evidence; Nichols' Decl. at 72. | To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 168. | I intend on transporting my firearms interstate consistent with Federal law but not in a California Department of Justice approved container. Evidence; Nichols' Decl. at 73. | Item 168 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 169. | I intend on transporting my unloaded firearms intrastate but not in a California Department of Justice approved container. Evidence; Nichols' Decl. at 74. | Item 169 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |
| 170. | I intend on transporting and carrying on foot and by motor vehicle my unloaded firearms that are required to be transported in a fully enclosed locked container everywhere it was legal for me to transport and carry them when my civil rights lawsuit was first filed on November 30, 2011. Evidence; Nichols' Decl. at 75. | Item 170 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. *Objection*: Relevance. *See* Fed. R. Evid. 401. |

| 171. | If I am not issued an unrestricted, state-wide license to openly carry a loaded and exposed handgun, which is required pursuant to PC 626.9, then I intend on openly carrying loaded firearms in gun-free school zones but not in schools or on the grounds of schools except for those school grounds which lie beneath highways, freeways, streets, sidewalks, parking lots open to the general public, and bridges. Evidence; Nichols' Decl. at 76. | Item 171 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
|---|---|---|
| 172. | If I am issued an unrestricted, state-wide license to openly carry a loaded and exposed handgun, then I intend on openly carrying loaded and unloaded firearms in every non-sensitive place where California Senate Bill No. 2 now prohibits those with a license to carry a handgun, openly or concealed, to possess and/or carry firearms, which went became effective on January 1, 2024. Evidence; Nichols' Decl. at 77. | Item 172 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 173. | I intend on openly carrying loaded and unloaded rifles, shotguns, and handguns everywhere I have the right to be that the Defendants have not proven in this action to be a sensitive place. Evidence; Nichols' Decl. at 78. | Item 173 is not a fact, but rather Plaintiff's statement regarding acts he apparently intends to commit in the future.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| 174. | The Defendant's (sic)have never raised a "sensitive places" defense since this action was first filed on November 30, 2011, and explicitly | Item 174 is not a fact, but rather Plaintiff's legal argument and characterization of Defendants' filings in this case, which speak |

| | | | |
|---|---|---|---|
| | | stated in their answering brief on appeal (No. 14-55873) that everywhere that I sought to openly carry loaded and unloaded rifles shotguns and handguns are not sensitive places. Evidence; Nichols' Decl. at 79. | for themselves.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item, but notes that Plaintiff's SAC does not raise a claim regarding Penal Code section 626.9, as Plaintiff himself admits.  ECF No. 83; *see* No. 184, below.  And a sensitive places challenge is not within the scope of the Ninth Circuit's mandate.  ECF Nos. 190, 211.  Accordingly, Defendant did not need to "raise[] a 'sensitive places' defense[.]"  *Objection*:  Relevance.  *See* Fed. R. Evid. 401. |
| | 175. | My right to openly carry loaded and unloaded rifles, shotguns, handguns, and all arms protected by the Second Amendment, in case of confrontation, for the purpose of self-defense, and for other lawful purposes applies to me in my home, in the curtilage of my home, on my private residential property, and in all non- sensitive public places. Evidence; Nichols' Decl. at 80. | Item 175 is not a fact, but rather Plaintiff's characterization of his case and the law.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  Any referenced laws speak for themselves. |
| | 176. | Prior to filing its motion for summary judgment, the State of California argued that if there is a right to bear firearms in public then that right is to openly carry firearms. The State prevailed in its argument before an en banc panel of the 9th Circuit Court of Appeals in 2016. Judicial Estoppel applies to the State | Item 176 is not a fact, but rather Plaintiff's characterization of arguments made in this case and this case's procedural history.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  Any referenced arguments and the procedural history speak for themselves. |

| | | of California. Evidence; Nichols' Decl. at 81. | *Objection*: Relevance. Fed. R. Evid. 401. |
|---|---|---|---|
| 177. | | Defendant Bonta argued before the California Court of Appeals that the Supreme Court did not hold that there is a right to carry concealed weapons, regardless of whether or not the weapons bearer has a license. The California Court of Appeals agreed with Defendant Bonta and held, in a 2023 published opinion, that the United States Supreme Court held that the American People have the right to openly carry firearms in public. Judicial Estoppel applies to Defendant Bonta. Evidence; Nichols' Decl. at 82. | Item 177 is not a fact, but rather appears to be Plaintiff's characterization of arguments and rulings made in a state court case. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. Any referenced arguments and court decisions speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 178. | | Were I to possess, transport, or openly carry loaded or unloaded firearms in any of the places where it would have been legal for me to openly carry loaded or unloaded firearms had the Defendants been enjoined from enforcing California Penal Code section 25850, 26350, 26400, and had I been issued the statewide, unrestricted license to openly carry a loaded handgun when my operative complaint was filed in 2013, then I would be arrested, prosecuted, fined, incarcerated, and be prohibited from possessing any firearm for ten years. Evidence; Nichols' Decl. at 83. | Item 178 is not a fact, but rather Plaintiff's allegations, statement regarding acts he apparently intends to commit, and characterizations of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 179. | | I do not have, and never have been issued a license to carry a handgun by California, openly or concealed. Evidence; Nichols' Decl. at 84. | Defendant is unable to state if he disputes this item because there is no evidence in the record regarding whether Plaintiff currently or previously |

| | | | |
|---|---|---|---|
| | | | possessed a license to carry a firearm, openly or concealed. (*See* Dep. Tr. at 75:3-10 (Plaintiff refusing to answer whether he has ever applied for a license to carry a firearm, openly or concealed).) Regardless, Plaintiff's claims are facial, not as-applied. ECF Nos. 108 at 4, 162 at 5-6 & n.4. *Objection*: Relevance. Fed. R. Evid. 401. |
| 180. | I do not fall within any of the exemptions to California laws which prohibit me from exercising my Second Amendment right outside the doors to my home. Evidence; Nichols' Decl. at 85. | | Item 180 is not a fact, but rather Plaintiff's characterization of how the law applies to him. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. However, Defendant does not dispute that there are exceptions to California's public carry restrictions. Moreover, Plaintiff's claims are facial, not as-applied. ECF Nos. 108 at 4, 162 at 5-6 & n.4. *Objection*: Relevance. Fed. R. Evid. 401. |
| 181. | The State conceded in its answering brief to my opening brief on appeal and again in oral argument that a firearm is not loaded unless there is an unexpended cartridge in the firing chamber of the firearm. The State conceded that mere possession of ammunition or having ammunition attached to a firearm "in any manner" does not constitute a loaded | | Item 181 is not a fact, but rather Plaintiff's characterization of arguments Defendant made in an appellate proceeding associated with this case. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The referenced arguments speak for themselves. |

| | | |
|---|---|---|
| | firearm. Evidence; Nichols' Decl. at 86. | *Objection*: Relevance. Fed. R. Evid. 401. |
| 182. | With the exception of schools and government buildings, I plan to, and seek to openly carry loaded and unloaded rifles, shotguns, and handguns everywhere in California it was legal before the Mulford Act of 1967 became law. Evidence; Nichols' Decl. at 87. | Item 182 is not a fact, but rather Plaintiff's allegations, statements regarding acts he apparently intends to commit, and characterizations of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 183. | The Mulford Act of 1967 banned loaded Open Carry. It was already a crime at the time to carry a concealed loaded handgun in California without a license. Evidence; Nichols' Decl. at 88. | Item 183 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited law and any other referenced laws speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 184. | Although my operative complaint did not explicitly seek to enjoin enforcement of California Penal Code section 626.9, I did seek an unrestricted license to openly carry loaded firearms in paragraphs 46 and 47 of my operative complaint. Evidence; Nichols' Decl. at 89. | Item 184 is not a fact, but rather Plaintiff's allegations and characterizations of his SAC. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 185. | In addition to my Prayer for Relief against the enforcement of California's Open Carry bans, my | Item 185 is not a fact, but rather Plaintiff's characterization of his claims in this case. In the |

| | | | |
|---|---|---|---|
| | | operative complaint has many paragraphs were I allege that California's Open Carry bans are unconstitutional as-applied to me. ¶¶8-13, 36, 42-43, 45-47, 49-52, 54, 57-58, 62-69, and 84-85. Evidence; Nichols' Decl. at 90. | absence of a factual statement, Defendant is unable to state whether he disputes this item.  *Objection*:  Relevance.  Fed. R. Evid. 401. |
| | 186. | I did not challenge the background check requirement except for that in excess of the information necessary for an F.B.I. instant background check at paragraph 85 of my operative complaint. That was not and is not a concession that the background check is constitutional. A license was my alternative position in the event I was not able to obtain unlicensed Open Carry. This is stated in paragraph 85 of my operative complaint. Evidence; Nichols' Decl. at 91. | Item 186 is not a fact, but rather Plaintiff's characterization of his claims in this case.  In the absence of a factual statement, Defendant is unable to state whether he disputes this item.  *Objection*:  Relevance.  Fed. R. Evid. 401. |
| | 187. | The State of California had already conducted a background check on me with it provided me with a Law Enforcement Gun Release Letter. Unless, of course, Defendant Bonta broke the law by not conducting the background check prior to giving me the letter. Moreover, If the 9th Circuit Court of Appeals is to be believed then Defendant Bonta is running a continuous background check on me. See *Bauer v. Becerra*, 858 F. 3d 1216, 1219-1220 (9th Cir, 2017). Evidence; Nichols' Decl. at 92. | Item 187 includes Plaintiff's characterization of the law.  The referenced laws and cases speak for themselves.  To the extent this item includes any facts, Defendant is unable to determine if he disputes them because Plaintiff does not specify the dates of any alleged background checks.  *Objection*:  Relevance.  Fed. R. Evid. 401. |
| | 188. | I asked for both an application and a license to openly carry a loaded handgun and was denied both solely because I do not reside in a county | Defendant disputes the first sentence in item 188.  Plaintiff testified that he requested an application to apply for an open |

| | | | |
|---|---|---|---|
| | | with a population of fewer than 200,000 residents. This is alleged in paragraphs 46-47 of my operative complaint. There is no evidence in the record of Defendant Bonta approving any application for a license to openly carry a loaded handgun issued pursuant to California Penal Code section 26150 et seq. Evidence; Nichols' Decl. at 93. | carry license in Redondo Beach, not that he actually submitted an application. Decl. Hasan, Ex. 1 at Hasan Decl._010-011 (Nichols Dep. at 144:17-145:2). Plaintiff also testified that his request was rejected because he was not a resident of the City of Redondo Beach, where he sought to apply for an open-carry license. *Id.* at Hasan Decl._011 (Nichols Dep. at 145:7-15). The rest of item 188 is not a fact, but rather Plaintiff's characterization of the record, which speaks for itself. Defendant also notes that Plaintiff's claim is facial, not as-applied. ECF Nos. 108 at 4, 162 at 5-6 & n.4.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| | 189. | I am a natural born person and citizen of the United States and a resident of the State of California and was at all material times a resident of Los Angeles County, California. Evidence; Nichols' Decl. at 94. | Undisputed that Plaintiff is a resident of the State of California and the County of Los Angeles.<br><br>The rest of item 189 includes statements that are unsupported by any evidence in the record, other than Plaintiff's own statement, and Defendant is therefore unable to state whether he disputes these statements.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| | 190. | Defendant Bonta is the Attorney General of the State of California | Undisputed that Defendant Rob Bonta is currently the Attorney |

| | | |
|---|---|---|
| 1 | and he is obligated to supervise his agency and comply with all statutory duties under California Law. He is charged with enforcing and interpreting California Statutes including, but not limited to, California Penal Code Sections 25850, 26350, 26400, 26150, 26155, 26165, 26175, 26180, 26185, 26190, 26200, 26202, 26205, 26210, and 26215. Defendant Bonta has concurrent prosecutorial jurisdiction with the state's 58 District Attorneys, and he is bound by a duty to seek substantial justice and avoid the filing of criminal charges in which he knows (or should know) are not supported by probable cause. Defendant Bonta also has an independent duty to disclose information beneficial to the accused and by extension he has a duty to prevent wrongful arrests in the first place when he has the power to do so. When he deems it advisable or necessary in the public interest, or when directed to do so by the Governor, he shall assist any district attorney in the discharge of his duties, and may, where she deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction. In this respect he has all the powers of a district attorney, including the power to issue or cause to be issued subpoenas or other process. See Article 5, Section 13 of the California Constitution and Cal. Gov't Code §§ 12510, 12511 & | General of the State of California and that Plaintiff is only suing him in his official capacity.<br><br>The rest of item 190 is not a fact, but rather Plaintiff's characterization of certain laws and Defendant's authority in his role as Attorney General. The cited laws, and any referenced rules and laws regarding the Attorney General's Authority, speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |

| | | | |
|---|---|---|---|
| | | 12550. He is being sued solely in his official capacity and solely for Declarative and/or prospective injunctive relief. Evidence; Nichols' Decl. at 95. | |
| | 191. | The party asserting Eleventh Amendment immunity bears the burden of proof. Defendant Brown did not present a single iota of proof nor did District Court Judge Otero conduct any inquiry or review of the case law in order to determine whether or not Governor Brown's assertion of Eleventh Amendment immunity was true. Appellant Nichols requested a hearing before the district court judge after the magistrate judge issued her report and recommendation to dismiss Governor Brown in his official capacity with prejudice but the hearing was denied by the district court judge. Defendant Brown simply told the court in his MPA that he has no connection with enforcement of PC25850 other than his being governor and that was that, he was dismissed with prejudice. Under Ex parte Young, a state defendant sued in his official capacity must "have some connection with the enforcement" of a challenged provision. Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908). "[T]he Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *LOS ANGELES* | Item 191 is not a fact, but rather Plaintiff's characterization of arguments made by certain parties, court decisions, and the procedural history in this case, all of which speak for themselves. This item also includes Plaintiff's characterization of certain laws and cases. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The cited laws and cases speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |

*COUNTY BAR ASS'N v. EU*, 979 F.2d 697, 704 (9th Cir. 1992). A person who openly carries a loaded or unloaded firearm in violation of PC25850, PC26350, PC26400 or PC626.9 is guilty of a misdemeanor. A violation of PC25850 is potentially a felony. A misdemeanor conviction within 1,000 feet of a K-12 public or private school in violation of PC626.9 entails a 10-year loss of the right to even possess a firearm PC29805, as does a violation of PC25850, 26350, and PC26400 (effective January 1, 2024). Such charges would be filed by a county or district attorney under the supervision of the Attorney General. And the Governor could order the Attorney General to assist in such prosecution. California Constitution Article 5, Section 13. The Governor appoints the Attorney General when a vacancy occurs. California Constitution Article 5, Section 5. The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed. California Constitution Article 5, Section 1. When required by the public interest or directed by the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office. California Constitution Article 5, Section 13. The enforcement power of the Governor and Attorney General is direct and not limited to the authority granted them by the state constitution. California

statutory law also provides the direct enforcement connection. The Governor shall supervise the official conduct of all executive and ministerial officers. That includes the Attorney General. GOV12010 The Governor shall see that all offices are filled and their duties performed. If default occurs, he shall apply such remedy as the law allows. That includes the Attorney General. GOV12011 There is no Eleventh Amendment bar and there is no lack of Article III standing against the Governor (or against the Attorney General). See *Kitchen v. Herbert*, 755 F.3d 1193, 1202-1204 (10th Cir. 2014) which held the Utah governor (and attorney general) had enforcement authority under Ex parte Young under the State of Utah analogs to California law. Every time the governor declares a state of emergency, he is vested with the full police power of every county in which his state of emergency applies. In my notice of appeal, and in my opening brief on appeal, I explicitly challenged the dismissal of the governor in his official capacity in addition to all orders of the district court. The 9th Circuit Court of Appeals vacated the final judgment of the district court in full. The Court of Appeals did not affirm anything. The Order of the Court of Appeals pursuant to The Mandate Rule did not give jurisdiction to this court to do anything other than to strictly comply with the mandate, and to not deviate in the slightest from the

| | | Order of the Court of Appeals. Evidence; Nichols' Decl. at 96. | |
|---|---|---|---|
| | 192. | Motivated by racial animus, California criminalized the open carriage of loaded rifles, shotguns, and handguns in July of 1967. Evidence; Nichols' Decl. at 97. | Item 192 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The referenced laws speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| | 193. | When this action was filed, it was not a crime to openly carry unloaded rifles, shotguns and handguns. A month later, it became a statewide crime in California to openly carry an unloaded handgun. A year and a month later, it became a crime in California to openly carry an unloaded long gun in incorporated cities. That ban would subsequently be expanded statewide. Evidence; Nichols' Decl. at 98. | Item 193 is not a fact, but rather Plaintiff's characterization of certain laws. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. The referenced laws speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| | 194. | In 2008, the United States Supreme Court held that the right to keep and bear arms is an individual right unconnected to service in a militia. The Court invalidated District of Columbia laws that prohibited Dick Heller from carrying loaded and unloaded rifles, shotguns, and handguns in his home and on his private residential property. The Court also invalidated District of Columbia law that required firearms to be rendered non-functional by either being disassembled or unloaded and locked-up, in addition | Item 194 is not a fact, but rather Plaintiff's characterization of Supreme Court cases. In the absence of a factual statement, Defendant is unable to state whether he disputes this item. Those cases speak for themselves.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |

| | | | |
|---|---|---|---|
| 1 | | to invalidating a District law that prohibited the possession of handguns, other than non-functional antique handguns. The Court held that 19th century prohibitions on concealed carry do not violate the Second Amendment. In 2010, the Court applied the Second Amendment against all state and local government via the Fourteenth Amendment. In 2022, the Court held that the right to keep and bear arms protected by the Second Amendment applies to all public places except for narrowly defined "sensitive places." Methodologically, the Court shifted the burden of proof to the government, in all cases, including assumed sensitive places. Evidence; Nichols' Decl. at 99. | |
| 15 | 195. | I am suffering and will continue to suffer actual and concrete constitutional harm by the ongoing violation of my constitutionally protected rights by the Defendants. I am therefore entitled as a matter of law to permanent injunctive and declaratory relief against enforcement of the laws against me by the Defendants, their successors, officers, agents, employees, and all persons acting in concert with them who receive actual notice of the injunction. Evidence; Nichols' Decl. at 100. | Item 195 is not a fact, but rather Plaintiff's allegations, requests for relief, and legal arguments. In the absence of a factual statement, Defendant is unable to state whether he disputes this item.<br><br>*Objection*: Relevance. Fed. R. Evid. 401. |
| 25 | 196. | I am physically unable to complete the course of training to obtain a license pursuant to PC26150 et seq. Evidence; Nichols' Decl. at 101. | Plaintiff is not qualified to make this statement as a lay person. There is no evidence in the record evaluating Plaintiff's physical health or opining on |

237

| | | | |
|---|---|---|---|
| | | | Plaintiff's physical ability to complete the course of training described in Penal Code section 26165. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objections*: (1) Improper opinion by a lay witness (Fed. R. Evid. 701, 702); (2) undisclosed data (Fed. R. Evid. 703, 705); (3) Relevance (Fed. R. Evid. 401). |
| 197. | I am of sound mind. Evidence; Nichols' Decl. at 102. | | Plaintiff is not qualified to make this statement as a lay person. There is no expert evidence in the record addressing Plaintiff's mental state. To the extent this item includes any facts, Defendant is unable to determine if he disputes them because they are unsupported by any evidence in the record other than Plaintiff's own statement.<br><br>*Objections*: (1) Improper opinion by a lay witness (Fed. R. Evid. 701, 702); (2) undisclosed data (Fed. R. Evid. 703, 705); (3) Relevance (Fed. R. Evid. 401). |

///

///

///

1  Dated:  October 4, 2024                    Respectfully submitted,

2                                             ROB BONTA
                                              Attorney General of California
3                                             R. MATTHEW WISE
                                              Supervising Deputy Attorney General
4

5                                             */s/ Iram Hasan*

6                                             IRAM HASAN
                                              Deputy Attorney General
7                                             *Attorneys for Defendant Rob Bonta*
                                              *in his official Capacity as Attorney*
8                                             *General of California*

9  SA2012104470

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name: **Nichols, Charles v. Edmund G. Brown Jr**  No. **2:11-cv-09916-SSS-KES**

I hereby certify that on <u>October 4, 2024,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 4, 2024,</u> at San Francisco, California.

|  |  |
| --- | --- |
| C. Tobin | */s/C. Tobin* |
| Declarant | Signature |

SA2012104470