UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 2:11-cv-09916-SSS-KES                                Date: May 7, 2025

Title: CHARLES NICHOLS v. ROBERT BONTA, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** Order STAYING Case for Ninth Circuit Decision in <u>Baird v. Bonta</u>, No. 24-565

## I. BACKGROUND

In <u>Baird v. Bonta</u>, 709 F. Supp. 3d 1091 (E.D. Cal. Dec. 29, 2023), the U.S. District Court for the Eastern District of California decided a case very similar to this one. The plaintiffs "brought [a] facial constitutional challenge to … California firearm laws under the Second Amendment." <u>Id.</u> at 1093. The plaintiffs argued that: (1) "it is unconstitutional for California to impose criminal liability on people who carry firearms in public," i.e., that "the Second Amendment prohibits California from requiring licenses"; and (2) "California cannot constitutionally require people to conceal any firearms they carry in public in counties with populations larger than 200,000…." <u>Id.</u> at 1099; <u>see also id.</u> at 1094 (discussing California Penal Code sections 25850 and 26350).

In December 2023, the district court upheld the laws. <u>Id.</u> at 1119-40. The plaintiffs have appealed, and as of the date of this order, that appeal remains pending in the U.S. Court of Appeals for the Ninth Circuit. <u>Baird v. Bonta</u>, No. 24-565 (9th Cir.). The case has been ripe for decision since July 23, 2024, when appellants submitted a reply brief. <u>Id.</u>

Plaintiff in this case is raising essentially the same arguments as the plaintiffs in <u>Baird</u>. The SAC alleges that California Penal Code sections 25850, 26350, and 26400 violate the Second Amendment "to the extent they prevent private citizens who are not otherwise barred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:11-cv-09916-SSS-KES                                            Date: May 7, 2025
                                                                                                       Page 2

from exercising their Second Amendment right … from openly carrying firearms in non-sensitive public places, loaded and unloaded, for the purpose of self-defense and other lawful purposes." (Dkt. 83 at 27-29 ¶¶ 57-63 (Second Amended Complaint).)[1]

Indeed, the government relies extensively on the Baird decision in its summary judgment briefing. (See, e.g., Dkt. 205 at 21, 25-28 (memorandum); Dkt. 218 at 8, 12-14 (reply).) The government also relies on many of the same expert witnesses as in that case. See Baird, 709 F.Supp.3d at 1101-02 ("In addition to its citations to historical statutes, the state relies on the opinions of three historians and a retired law enforcement officer": Robert Spitzer, Ph.D., Brennan Rivas, Ph.D., Saul Cornell, Ph.D., and retired police chief Kim Raney); (Dkt. 207-2 (expert report and declaration from Dr. Spitzer), Dkt. 207-3 (expert report and declaration from Dr. Rivas); Dkt. 207-4 (expert report and declaration from Chief Raney).

For the reasons discussed below, it is appropriate to stay these proceedings to await the Ninth Circuit's decision in Baird.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). A district court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." In re PG&E Corp. Sec. Litig., 100 F.4th 1076, 1085 (9th Cir. 2024) (citation omitted).

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" Id. (citations omitted).

## III. DISCUSSION

The final factor weighs in favor of a stay because, as noted above, Plaintiff's Second Amendment arguments are virtually identical to the arguments raised in Baird. Applying the test established by the Supreme Court in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1

---

[1] The Court is not intending to summarize the entire Second Amended Complaint in this order. The Court recognizes that the summary judgment briefing contains disputes about the scope of Plaintiff's claims. However, his Second Amendment claims are undoubtedly very similar to the claims at issue in Baird.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:11-cv-09916-SSS-KES	Date: May 7, 2025
	Page 3

(2022) is a complex and novel area of the law that has been rapidly developing and changing over the last few years. Having further guidance from the Ninth Circuit about how to apply the Bruen test to very similar claims—based on briefing by counseled parties and multiple amicus curiae briefs—will likely clarify the questions of law.

The Court recognizes that this case has been pending for many years, and that the parties seek an expeditious resolution. The Court recently issued an order under Local Rule 83-9.2 stating that its intended decision date was May 30, 2025. (Dkt. 225.) However, given the similarities between the claims and arguments at issue, the Ninth Circuit's decision in Baird is likely to directly affect the outcome of this case. If this Court issues a decision with reasoning that is inconsistent with the Ninth Circuit's reasoning in deciding the Baird appeal, that could result in another reversal and remand to this Court, ultimately causing further delays.

Additionally, the first and second factors set forth above do not greatly weigh against granting a stay. First, a stay is unlikely to "dramatically postpone the timeline of this case" because, as noted above, the appellate briefing in Baird is complete and the case is ripe for review. See, e.g., Peck v. Cnty. of Orange, 528 F. Supp. 3d 1100, 1107 (C.D. Cal. 2021) (staying case pending appellate ruling on qualified immunity issue, reasoning in part that "appellate briefs are due in the next few months"). Second, "because fact and expert discovery are already closed, [Plaintiff's] discovery rights will not be frustrated by a stay." Id.

**IV.	CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. In the interests of efficiency and judicial economy, this case is **stayed** until the Ninth Circuit issues a decision in Baird v. Bonta, No. 24-565.

2. Within 90 days after the date of this order or within 14 days after the Ninth Circuit issues a decision in Baird, whichever occurs first, the parties shall file a joint status report.

Initials of Deputy Clerk jd