Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Telephone: (424) 262-7137
E-mail: CharlesNichols@Pykrete.info
*In pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES NICHOLS,** | Case No.: 11-cv-09916-SSS(SS) |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR CLARIFICATION OF ORDER [ECF NO 229]** |
| v. | |
| **Gavin Newsom, in his official capacity as Governor of California, Rob Bonta, in his official Capacity as Attorney General of California,** | Judge: The Honorable Sunshine Suzanne Sykes<br>Trial Date:<br>Action Filed: 11/30/2011 |
| Defendants. | |

1

PLAINTIFF'S REQUEST FOR CLARIFICATION OF ORDER [ECF NO 229]

Plaintiff is appreciative of the time he was given by this Court to study Fed. R. Civ. P 72(a) and Local Rule 72-2.1. However, after extensively researching their application in this district, and generally Fed. R. Civ. P 72(a) in the other districts of California, Plaintiff does not understand this Court's Order (ECF #229). Consequently, without understanding the Order, he cannot comply with the Order.

Plaintiff's understanding is that, in the normal case, if all parties have consented to proceed before a magistrate judge, and a party contemplates filing a motion to stay, then the moving party would first have to meet and confer with opposing counsel in a good-faith effort to eliminate the necessity of filing the motion with the magistrate judge.

If the meet and confer were unsuccessful, then the moving party would file a notice of motion and motion giving notice to the opposing counsel, along with a memorandum of points and authorities upon which he, the moving party, will rely and the evidence upon which he will rely on in support of his motion.

The magistrate judge would then set a briefing schedule. Opposing counsel would then file his opposition to the motion to stay, after which the moving party would file his response in opposition to the motion.

The magistrate judge would then decide whether or not to hold a hearing. Once the magistrate judge has issued her decision, the losing party would then file his Fed. R. Civ. P 72(a) with the district court judge for her to review and decide. Rarely does a hearing take place.

However, none of that occurred in this case, and this is not a typical case. Even if all parties had jointly requested a stay, The Mandate Rule would prohibit this Court from granting the stay.

The magistrate judge is not a party to this case. There is no party to notice to defend a stay. A stay no party asked for or wants. Indeed, as the magistrate judge stated in her Order staying this case (ECF #227), "The Court recognizes that this case has been pending for many years, and that the parties seek an expeditious

resolution. The Court recently issued an order under Local Rule 83-9.2 stating that its intended decision date was May 30, 2025." Dkt. 225

    Plaintiff could not find any case in which the parties filed a joint request with the Chief Judge of the District pursuant to local rule 83-9.4; the district court judge set an intended decision date (ECF #225), the magistrate judge (or the district court judge) then stayed the case, let alone ordered an *indefinite stay*.

    The magistrate judge issued an indefinite stay that none of the parties requested and none of the parties wanted. She did so without explaining how she has the jurisdiction to issue any stay, let alone an indefinite stay two and a half years after this case was remanded with an Order to act on the mandate of the appellate court, without variance or examination, only execution.

    Including the cover sheet, Plaintiff filed a twenty-page opposition, in full, to the sua sponte Order of the magistrate judge (ECF #228). This Court (the District Court judge) then issued its Order (ECF #229), construing, for the first time in thirteen and a half years of litigation, a filing as a request for review under Federal Rule of Civil Procedure 72(a), coupled with an order to "file a noticed motion for review, designating the specific portions of the ruling objected to and stating the grounds for the objection..."

    The Order of the magistrate judge consisted of just two parts:

    1. In the interests of efficiency and judicial economy, this case is stayed until the Ninth Circuit issues a decision in Baird v. Bonta, No. 24-565.

    2. Within 90 days after the date of this order or within 14 days after the Ninth Circuit issues a decision in Baird, whichever occurs first, the parties shall file a joint status report.

    Part Two is contingent on Part One. Overruling the indefinite stay the magistrate judge imposed in Part One makes Part Two unreachable.

1    The magistrate judge closed her Order by stating, "...because fact and expert
2  discovery are already closed, [Plaintiff's] discovery rights will not be frustrated by
3  a stay."
4    Plaintiff never sought discovery from the Defendants.  Why would he?
5  Plaintiff does not seek to keep or bear arms in any place or manner or for any
6  purpose other than was raised and arguerd in his appeal.
7    The parties cannot relitigate any fact or issue that was previously considered
8  by the three-judge panel of the Court of Appeals.  "On remand, a trial court can
9  only consider any issue not expressly or impliedly disposed of on appeal." *Vizcaino*
10 *v. U.S. Dist. Ct. for W. Dist. of Washington*, 173 F.3d 713, 719 (9th Cir. 1999)
11 (internal quotation marks and citation omitted), opinion amended on denial of reh'g
12 sub nom. *In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999).
13   It is telling that the magistrate judge does not believe that allowing the
14 Defendants to continue to deprive Plaintiff of his right to keep and bear arms for an
15 indefinite number of years in addition to the thirteen and a half years since this
16 lawsuit was filed is a hardship or inequity to Plaintiff.
17   The magistrate judge does not even say that the resolution of Mr. Baird's
18 purely facial appeal, an appeal limited only to handguns and only to PC 26850 and
19 PC 26350, *will be dispositive* of Plaintiff's as applied and facial claims.  She
20 speculates that it is "likely" to clarify the questions of law despite the limited
21 jurisdiction of the Court of Appeals in the Baird case.
22   The questions of law have already been decided by the United States Supreme
23 Court and, as to concealed carry in this Circuit, by an en banc panel of the 9th
24 Circuit Court of Appeals.  An en banc panel decision which no party in this case or
25 Mr. Baird's case challenged or challenges.
26   What the magistrate judge wants is to stay this case until the 9th Circuit Court
27 of Appeals issues a decision conflicting with both higher Courts, and conflicting
28

with the Open Carry victories in the 3rd and 8th Circuit Courts of Appeal or until Plaintiff is unable to prosecute his case.

A decision in Baird v. Bonta would be, under the law of this Circuit, immediately binding on every district court. But then so is The Mandate Rule, the Law of the Case, and every other binding Supreme Court and 9th Circuit precedent.

Having refused to comply with The Mandate Rule, and everything else, why should anyone expect this Court to immediately comply with a favorable to Plaintiff decision by the Baird v. Bonta panel?

It does not take a crystal ball to predict that, should Mr. Baird prevail, this Court will stay this case pending the disposition of the inevitable en banc panel decision, and then it will further stay this case pending the final disposition of the petition for writ of certiorari with the United States Supreme Court. It did so before.

The magistrate judge places great stock in "multiple Amicus Curiae briefs but does not explain why she does. There are only two filed in Mr. Baird's appeal. Both were filed in support of Mr. Baird.

The brief by Gun Owners of California, Inc., et al. focuses on California's handgun licensing laws, which are not at issue in the appeal, and argues that California's bans on openly carrying loaded and unloaded handguns infringes on Mr. Baird's militia right under the Second Amendment. A claim that neither Mr. Baird nor Plaintiff Nichols ever raised. Not in the district court and not on appeal.

The brief by the Mountain State Legal Foundation argues that courts are criticizing, and not faithfully applying, NYSRPA v. Bruen. True, but irrelevant to the sole issue raised in Mr. Baird's opening brief, which is "Whether California Penal Code sections 25850 and 26350, which criminalize the open carriage of handguns for self-defense, violate the Second Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

But even then, only facially because, unlike Plaintiff Nichols, Mr. Baird did not in his operative complaint and does not, on appeal, challenge the bans as they apply to him.

Neither does Mr. Baird seek a license, challenge California's licensing laws, or seek to openly carry, or even possess, handguns within 1,000 feet of any K-12 public or private school, or possess, let alone openly carry, long guns.

But the purpose of this request for clarification isn't to reargue Plaintiff's filed opposition to the stay (ECF #228).

If this Court believes that it is not bound by The Mandate Rule, the Law of the Case, or any binding Supreme Court or 9th Circuit Court of Appeals decision then it should say so and explain why for the benefit of the reviewing courts.

If this Court wants Plaintiff to file a notice of motion and motion, it should tell him who to notice.  Surely, it can't be the magistrate judge who is noticed.  If this Court wants to conduct a hearing, Plaintiff should be informed as to who will be defending the Order of the magistrate judge.

If this Court orders the defendants to defend the stay, the Defendants should be limited to defending the Order of the magistrate judge as if it were the Defendants' memorandum of points and authorities.

Finally, if a hearing is to take place, then Plaintiff should be allowed to participate remotely, and electronically via text, as he frequently loses his voice these days, and travel has become difficult.

Dated:  June 15, 2025                                Respectfully submitted,

                                                     Charles Nichols

                                                     /s/   Charles Nichols
                                                     *In Pro Per*

**CERTIFICATE OF SERVICE**

Case Name: Charles Nichols v. Gavin Newsom et al No. 2:11-cv-09916-SSS-KES

I hereby certify that on June 15, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFF'S REQUEST FOR CLARIFICATION OF ORDER [ECF NO 229]**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 15, 2025, at Los Angeles County, California.

| | |
|---|---|
| <u>Charles Nichols</u> | <u>/s/Charles Nichols</u> |
| Declarant | Signature |