Rob Bonta
Attorney General of California
R. Matthew Wise
Supervising Deputy Attorney General
Kristi A. Hughes
Deputy Attorney General
State Bar No. 235943
　600 West Broadway, Suite 1800
　San Diego, CA 92101
　Telephone: (619) 321-5428
　Fax: (916) 732-7920
　E-mail: Kristi.Hughes@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES NICHOLS,**<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>　　　　　　　　　Defendant. | 2:11-cv-09916-SSS-KES<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REVIEW OF ORDER STAYING CASE [ECF NO. 230]**<br><br>Date:　　　　July 18, 2025<br>Time:　　　　2:00 p.m.<br>Courtroom:　6D<br>Judge:　　　Hon. Sunshine Suzanne Sykes<br>Magistrate:　Hon. Karen E. Scott<br>Trial Date:　None Set<br>Action Filed: November 30, 2011 |

# INTRODUCTION

On May 7, 2025, the Court ordered this case stayed pending the Ninth Circuit's decision in *Baird v. Bonta*, Ninth Circuit Case No. 24-565. *See* ECF No. 227 (Magistrate's Order staying case). Plaintiff Charles Nichols objected to the stay, and on June 27, 2025, the Court construed his subsequent request for clarification as a motion for review, directing Defendant Attorney General Bonta to file any opposition to the stay. *See* ECF No. 232 (Court's Order setting briefing schedule). Defendant files this response to the Court's Order to note his position that granting a stay is both within the Court's inherent power to control its docket and appropriate given the circumstances here.

# ARGUMENT

In his Second Amended Complaint, Plaintiff challenges various California statutes generally criminalizing the open carriage of unlicensed firearms in public places, *see* California Penal Code sections 25850, 26350, and 26400, as well as statutes that restrict open-carry licenses to counties with populations of fewer than 200,000 people, *see* California Penal Code sections 26150 and 26155. *See* ECF No. 83 (Complaint), at 36-38. In other words, Plaintiff broadly challenges California's licensing scheme for the open carriage of firearms.

As the magistrate judge noted, *Baird v. Bonta* also addresses certain California statutes governing the open carriage of firearms. *See* ECF No. 227 at 1 (citing 709 F. Supp. 3d 1091 (E.D. Cal. 2023)). Although the issues raised in this case are not co-extensive with the issues raised in *Baird*, *Baird* nevertheless raises the common issue of whether the Second Amendment is consistent with California Penal Code sections 26350 and 26850, which, together, ban open carriage of firearms in public with certain exceptions. *See Baird v. Bonta*, Ninth Cir. Case No. 24-565, ECF No. 11.1 (Appellant's Opening Brief). *Baird* is now on appeal and is currently pending in the Ninth Circuit. *See* Ninth Cir. Case No. 24-565. The case is fully briefed and was argued before a three-judge panel on June 24, 2025. *See id.*, ECF No. 41.

In its Order staying this case, the Court recognized that the case has been pending for many years and that the parties seek an expeditious resolution. *See* Order, ECF No. 227, at 3. But the Court also acknowledged the "similarities between the claims and arguments at issue" in this case and *Baird*, noting that the resolution of *Baird* was "likely to directly affect the outcome of this case." *Id.* at 3. Further, because *Baird* is fully briefed and this case's discovery phase is closed, the Court concluded that the possibility of damage or hardship from briefly staying the case was low. *Id.*

Defendant agrees that a stay is proper to await the Ninth Circuit's decision in *Baird*. Courts have "inherent authority to stay federal proceedings pursuant to [their] docket management powers," and may enter a stay when it is "efficient" for the docket and fair for the parties. *See, e.g.*, *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citations omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."). This inherent power includes granting a stay of the case "pending resolution of independent proceedings which bear upon the case," *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), although judicial efficiency, by itself, is not enough to grant a stay. *See PG&E*, 100 F.4th at 1085. Instead, courts must weigh judicial efficiency by accounting for the benefit of simplifying or clarifying the issues and balancing the possible damage from granting the stay against the hardship any party may suffer from not granting a stay. *See id.*

Here, in light of the procedural posture of this case and the similarity of some of the issues in this case and *Baird*, the Court should stay the case pending the Ninth Circuit's decision in *Baird*. On the one hand, any possible damage to Plaintiff is insignificant. While this case has been pending for many years, resolution is imminent—discovery is closed, summary judgment briefing is complete, and the

Court has indicated a decision is forthcoming on Defendant's pending motion for summary judgment. *See* ECF No. 225 (indicating, before issuing stay, intended decision date of May 30, 2025). In addition, the stay will be limited in scope, as a decision in *Baird* is also forthcoming now that argument is complete. Plaintiff argues that he will suffer harm from waiting an additional period for a decision because he will be deprived of his right to bear arms during the stay. *See* ECF No. 230 (Plaintiff's Request for Clarification), at 5. But given the state of the litigation, the Court is well situated to rule quickly on the pending motion after the Ninth Circuit issues a decision in *Baird*, minimizing any potential harm to the Plaintiff.

In contrast, staying the case until the Ninth Circuit issues a decision in *Baird* promotes judicial efficiency. Again, Plaintiff challenges California's statutory scheme governing open carriage of firearms in public, as does Baird. Even though the legal issues presented are not identical, a decision from the Ninth Circuit may narrow or clarify the issues here. *See PG&E*, 100 F.4th at 1086 (noting that issues in related proceeding need not be "controlling" on the district court to warrant a stay).

In short, the Court is well within its inherent authority to grant a stay pending a disposition in *Baird*. The stay will likely be of limited duration, minimizing any hardship to Plaintiff. And the stay would allow this Court to consider new and potentially relevant Ninth Circuit authority in its ruling on the pending summary judgment motion.

## CONCLUSION

The Court should stay this case pending the Ninth Circuit's disposition in *Baird v. Bonta*.

3

| | | |
|---|---|---|
| 1 | Dated: July 3, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | MATTHEW WISE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | ***/s/ Kristi A. Hughes*** |
| 7 | | KRISTI A. HUGHES<br>Deputy Attorney General<br>*Attorneys for Defendant*<br>*Attorney General Rob Bonta* |
| 8 | | |
| 9 | SA2012104470 | |
| 10 | 85227461 | |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for, Defendant Attorney General Rob Bonta, certifies that this brief contains 980 words, which:

✓ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: July 3, 2025                              Respectfully submitted,

                                                 ROB BONTA
                                                 Attorney General of California


                                                 */s/ Kristi A. Hughes*
                                                 KRISTI A. HUGHES
                                                 Deputy Attorney General
                                                 *Attorneys for Defendant*
                                                 *Attorney General Rob Bonta*

# CERTIFICATE OF SERVICE

Case Name: __Nichols, Charles v. Edmund G. Brown Jr__   No. __2:11-cv-09916-SSS-KES__

I hereby certify that on <u>July 3, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REVIEW OF ORDER STAYING CASE [ECF NO. 230]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 3, 2025</u>, at San Diego, California.

Andersen Seng
Declarant

Signature

SA2012104470
85227476