Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Telephone: (424) 262-7137
E-mail: CharlesNichols@Pykrete.info
*In pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES NICHOLS,**<br><br>Plaintiff,<br><br>v.<br><br>**Gavin Newsom, in his official capacity as Governor of California, Rob Bonta, in his official Capacity as Attorney General of California,**<br><br>Defendants. | Case No.: 11-cv-09916-SSS(SS)<br><br>**PLAINTIFF'S REPLY TO ECF NOS 232 AND 234**<br><br>Date:          7/13/2025<br>Judge:        The Honorable Sunshine Suzanne Sykes<br>Trial Date:<br>Action Filed: 11/30/2011 |

# ARGUMENT

The threshold question before this Court is whether or not it has jurisdiction to issue any stay, let alone an *indefinite* stay.

Plaintiff argued and again argues here that this Court does not have jurisdiction to stay this case. The Defendants' in their Response [ECF No, 234] waived any argument regarding The Mandate Rule, which deprives this Court of jurisdiction to enter a stay.

"A party may raise jurisdictional challenges any time during the proceedings. *Kipperman v. Academy Life Insurance Co.*, 554 F.2d 377 (9th Cir. 1977)." *May Dept. Store v. Graphic Process Co.*, 637 F. 2d 1211 (9th Cir. 1980)

The jurisdiction of the district court is constrained by The Mandate Rule. The district court "cannot vary it [the mandate] or examine it for any other purpose than execution." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995).

The district court's actions on remand should not be inconsistent with the letter or the spirit of the mandate from the appellate court. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)).

Pursuant to The Mandate Rule, this Court only has jurisdiction to execute the mandate. *This Court does not have jurisdiction to stay the execution of the mandate.*

On the first page of their terse three-page Response [ECF No. 234], the Defendants concede that "the issues raised in this case are not co-extensive with the issues raised in Baird…"

"[C]laims are not coextensive because they answer different questions and turn on different considerations." *SIINO v. FORESTERS LIFE INSURANCE AND ANNUITY CO.*, 133 F. 4th 936, 944 (9th Cir. 2025).

*Baird v. Bonta*, Ninth Circuit Case No. 24-565 at appellate ECF 11.1, page 2, presents a single, purely facial issue:

1  "Whether California Penal Code sections 25850 and 26350, which criminalize the open carriage of handguns for self-defense, violate the Second Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment."

Indeed, Attorney General Bonta in the oral argument to *Baird v. Bonta*, Ninth Cir. Case No. 24-565 conceded at 33:20 that private persons, such as Plaintiff Nichols, a resident of Los Angeles County, California, cannot obtain a license to openly carry firearms.  Defendant Bonta argued that, "One could imagine a different claim, brought by a different plaintiff, that specifically challenged the geographic restriction on the availability of Open Carry licenses,  That's not Mr. Baird, that's not the claim that he has brought before the Court."

https://www.youtube.com/watch?v=l9iriT-uSOM Last visited 7/13/2025.

That claim is *explicitly* before this Court:

"This case involves a second important constitutional principle that neither the state nor its local governments can deny a license to PLAINTIFF or similarly situated persons to openly carry a loaded firearm in non-sensitive public places based on the population of the county in which a person who is not prohibited from possessing a firearm resides or because he resides in a city or county within the state in which state law does not provide for the issuance of a license to openly carry a loaded firearm in non-sensitive public places."  Plaintiff Nichols' Second Amended Complaint ("SAC") at ¶13.  See also SAC at ¶¶9-10.

Cognizant of the fact that his lawsuit was filed in a Circuit that is openly hostile to the Second Amendment Right of the People to Keep and Bear Arms, Plaintiff explicitly sought (and seeks) a license to openly carry his firearms in "[T]he curtilage of his home…" should the Courts ultimately conclude that the Second Amendment right to keep and bear arms is limited to the home. SAC at ¶67.

But Plaintiff did not limit his operative complaint to the curtilage of his home. Plaintiff sought (and seeks) an unrestricted license to "[T]o carry firearms openly in

non-sensitive public places and those places which PLAINTIFF submits are not public places, sensitive or otherwise, such as the curtilage of his home, within his motor vehicle including within any attached campers or trailers regardless of whether or not they are being used as a residence." *Id*.

And unlike Mr. Baird, who explicitly cabined his case to handguns, Plaintiff Nichols explicitly sought (and seeks) to enjoin Defendants from enforcing laws that prohibit him from openly carrying loaded and unloaded rifles, shotguns, and handguns, in case of confrontation, for the purpose of self-defense, and for other lawful purposes, in non-sensitive public places, SAC at ¶9, ¶49.

Nor does Mr. Baird seek to openly carry his handguns within 1,000 feet of the grounds of any K-12 public or private school, which he is prohibited doing under both state and Federal law without a license, or a Declaration that he is licensed or a Declaration that no license is required or enjoining the enforcement of the State of California's Gun-Free School Zone Act of 1995 (California Penal Code section 626.9) or Federal law 18 U.S. Code § 922(q)(2)(a).

Federal law exempts private property. See 18 U.S. Code § 922(q)(2)(b). The California Court of Appeals invalidated the private property exemption to PC626.9 in *People v. Tapia*, 29 Cal. Rptr. 3d 158 (2005) at 163-164. Given that Plaintiff Nichols residence is approximately 800 feet from a public K-12 school, he is prohibited from possessing, let alone carrying his handguns outside the doors to his home, in the curtilage of his home, on his private residential property, and prohibited from transporting them to any place within or without the State of California. See PC626.9(c) (2) (A) requiring that "When the firearm is an unloaded pistol, revolver, or other firearm capable of being concealed on the person is within a locked container in a motor vehicle or is within the locked trunk of a motor vehicle *at all times*." (italics added).

California Penal Codes sections 25850, 26350, 26400 prohibit Plaintiff from carrying loaded firearms outside the doors to his home, and prohibit him from

openly carrying unloaded rifles, shotguns, and handguns outside the doors to his home. See *People v. Overturf*, 64 Cal. App. 3d 1, 6 (1976), *People v. Strider*, 177 Cal.App.4th 1393, 1407-1408 (2009). The first holding that one can "have" but not *carry* a firearm on private property even if that property is "surrounded by fencing," the latter holding that because the yard was fenced, it was not a "public place," provided that the fence presented a "considerable challenge" to entry by the public. It is undisputed that Plaintiff's private, residential property is not enclosed by such a fence or other substantial barrier to entry by the public.

Absent a license, or an appropriately worded declaration, or an injunction, Plaintiff Nichols is prohibited from possessing, let alone openly carrying loaded or unloaded firearms in the curtilage of his home, on his private residential property, in and on his motor vehicle, and in non-sensitive public places "[S]uch as public streets, sidewalks, shopping centers, parking lots, piers, open spaces…" SAC ¶57, which include the 1,000 foot gun-free school zones that extend from the grounds of every public and private school ¶9, ¶84. Places the Defendants have long since explicitly conceded are non-sensitive public both in its Answering brief on appeal, and by waiver, both on appeal and in the district court.

The Defendants concede on page 2 of their Response that "[J]udicial efficiency, by itself, is not enough to grant a stay. See *PG&E*, 100 F.4th at 1085."

The Defendants argue, "Instead, courts must weigh judicial efficiency by accounting for the benefit of simplifying or clarifying the issues and balancing the possible damage from granting the stay against the hardship any party may suffer from not granting a stay. See *id*."

"[A] violation of a fundamental right is sufficient to show irreparable harm. *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). Even a brief violation is sufficient. *Baird*, 81 F.4th at 1040. And it is generally recognized that there is no adequate remedy at law to rectify a constitutional injury. See *Edmo v. Corizon, Inc.*, 935 F.3d 757, 798 (9th Cir. 2019).

1    The Defendants' argument on page 2 of its Response that "any possible damage to Plaintiff is insignificant" is frivolous on its face and contrary to established circuit precedent.  The damage [Prejudice] to Plaintiff Nichols is not a deposition he never sought.  The damage is the ongoing violation of Plaintiff Nichols' constitutionally protected right to keep and bear arms outside the doors to his home for which Plaintiff seeks purely prospective injunctive and declaratory relief.

Notwithstanding that Judge N. Randy Smith stated in the oral argument that the Court may infer an as applied challenge based solely on a Declaration Mr. Baird filed in the district court, and despite Mr. Baird not raising an as applied challenge in either his operative complaint or in the argument section of his opening brief on appeal, in each paragraph of Plaintiff Nichols' operative complaint where he claims that California's Open Carry bans are facially invalid, he also claims that they are invalid as applied to Plaintiff Nichols, a private person.  See SAC ¶¶57, 62-65, and 69.

Even if the mandate did not prohibit this Court from staying this case, Defendants' argument on page 2 that "resolution is imminent" is likewise frivolous.

The magistrate judge imposed an *indefinite* stay.

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd*., 593 F. 2d 857, 864 (9th Cir. 1979).  The Defendants have not shown that the other proceedings will be "concluded within a reasonable time."  Plaintiff has shown that they will not.

*Peruta v. San Diego* No. 10-56971 was "ripe for review" on September 6, 2011.  A case that challenged the "good cause" requirement for obtaining a license to carry a loaded handgun concealed, and nothing else.  The three-judge panel did not issue its decision until February 13, 2014.  Two years, five months, and seven

days after the appeal was "ripe for review." The three-judge panel opinion was vacated and reheard en banc. There was not a final, appealable judgment by the 9th Circuit Court of Appeals until August 15, 2016, [ECF 347], four years, eleven months, and ten days, after the case was first argued and submitted for a decision.

Likewise, *Young v. Hawaii* No, 12-17808 was first argued and submitted for a decision on February 12, 2018. Mr. Young did not obtain a final, appealable judgment until March 24, 2021, which was two years, three months, and thirteen days after his appeal was "ripe for review." Mr. Young explicitly forfeited any challenge to the en banc holding in *Peruta v. County of San Diego*, 824 F.3d 919, 942 ["If there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment."].). Mr. Young sought a license to openly carry a handgun in public. On August 1, 2022, the Clerk for the Supreme Court of the United States emailed the 9th Circuit Court of Appeals a copy of its certified judgment in favor of Mr. Young.

Instead of complying with the Order of the Supreme Court vacating the en banc panel opinion and remanding for proceedings consistent with *Bruen*, the panel threw the case back to the district court and issued its mandate on August 29, 2022.

That was three years, eight months and eighteen days after Mr. Young's case was "ripe for review," and nine years, eight months, and sixteen days after Mr. Young filed his notice of appeal.

*Peruta* and *Young* were argued in Plaintiff's objection to the sua sponte stay by the magistrate judge [ECF 228]. The Defendants do not dispute that the stay would likely last years beyond the nearly three years since the mandate was issued here. Instead, they argue that the decision in *Baird* is imminent. The Defendants have no way of knowing this unless they have engaged in improper ex parte communications with all three judges on the *Baird* panel.

7

PLAINTIFF'S REPLY TO ECF NOS 232 AND 234

1    There is no time limit imposed on the *Baird v. Bonta* panel to issue its opinion.
2    "The stay entered in this case [Charles Nichols v. Gavin Newsom et al] is indefinite
3    because its end date is triggered by the occurrence of an external event that is not
4    time limited." *In re PG&E Corp. Securities Litigation*, 100 F. 4th 1076, 1084 (9th
5    Cir. 2024).
6       Plaintiff's case was remanded on September 12, 2022 [ECF 180]. The
7    mandate was clear and as unambiguous as The Mandate Rule. Instead of
8    complying with The Mandate Rule, this Court issued three stays, and multiple
9    orders, all without jurisdiction.
10      This Court is bound by 9th Circuit Court of Appeals published opinions,
11   including *Peruta* (en banc) and U.S. Supreme Court precedents, The Mandate Rule,
12   and the Law of the Case Doctrine are included in those binding precedents,
13      The parties disagree on whether or not this Court is bound by The Mandate
14   Rule, the Law of the Case Doctrine, and binding Supreme Court and 9th Circuit
15   Court of Appeals published precedents [ECF 189]. Plaintiff's position is that this
16   Court is bound; the Defendant's position is that this Court is not.
17      Jurisdiction to enter the stay is the first question this Court must answer.
18   Plaintiff Nichols raised the jurisdictional bar in his opposition [ECF 228], in his
19   request for clarification [ECF 230], and again here. The Defendants have cited no
20   case or authority as to why this Court has jurisdiction to enter a stay. It is not the
21   role of this Court to correct the defects in the Defendants' argument.
22      Affirming the stay places Plaintiff Nichols "effectively out of court," and even
23   though "litigation may eventually resume," that does not deprive the Court of
24   Appeals from having jurisdiction. *In re PG&E* at 1084.
25      The "Defendants do not articulate any prejudice that they will suffer from
26   having to continue litigating this case." *Id* at 1087.
27      If this Court affirms the stay, it "should state its findings and explain why a
28   stay promotes "a just and efficient determination of th[is] case." *Id* at 1088.

Constitutional infringement pushes the balance of equities in Plaintiff's favor. See *Baird*, 81 F.4th at 1044 (a plaintiff who can show a statute violates the Constitution will also usually show that both public interest and balance of equities favor an injunction). "[I]t is always in the public interest to prevent the violation of a party's constitutional rights". *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)

## CONCLUSION

For the foregoing reasons, Plaintiff's Objection to the stay should be sustained, and this Court should immediately enjoin the enforcement of the challenged laws by the Governor, Attorney General, and all their respective officers, agents, servants, employees and attorneys, and any person in active concert or participation with them who receive actual notice of this Court's Order; and grant Plaintiff's declaratory relief, and all other such relief consistent with The Mandate Rule, *Bruen*, Plaintiff's operative complaint, Federal Rule of Civil Procedure 54(c), and "Such other and further relief as this Court may deem appropriate." SAC, Prayer for Relief "X" at page 39.

Dated: July 13, 2025                    Respectfully submitted,

                                        Charles Nichols

                                        */s/   Charles Nichols*
                                        *In Pro Per*