UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:11-cv-09916-SSS-KES | Date | July 23, 2025 |
| Title | *Charles Nichols v. Edmund G Brown Jr et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW [DKT. 230]**

Before the Court is a Motion for Review ("Motion") of Magistrate Judge Scott's order staying the present case (the "Order") filed by Plaintiff Charles Nichols. [Dkt. 230].[1] Defendant Robert Bonta opposes disturbing Judge Scott's order. [Dkt. 234]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **DENIES** Nichols' Motion. [Dkt. 230].

## I.  BACKGROUND

On May 7, 2025, Judge Scott stayed this case pending the Ninth Circuit's decision in *Baird v. Bonta*, Ninth Circuit Case No. 24-565. [Dkt. 227]. Judge Scott found Nichols raised similar arguments as at issue in *Baird*, namely a Second Amendment challenge to California's open-carry laws. [*Id.* at 1–2]. The Order also noted the government relied extensively on *Baird* in its summary judgment briefing. [*Id.* at 2]. Weighing judicial efficiency, possible damages, and hardship

---

[1] The Court construed Nichols' request for clarification as a motion for review. [Dkt. 232].

to parties, Judge Scott found a stay appropriate. [*Id*. at 3]. Nichols now moves the district court for review of the Order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a party appearing in front of a magistrate judge to file objections to an order on nondispositive matters for the district court's review. The district court will only set aside the magistrate judge's disposition if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Local Rule 72-2.1 additionally provides that any party objecting must designate the specific portions of the ruling objected to and state the grounds for the objection.

## III.   DISCUSSION

Nichols seeks review of the Order because, he argues, no party requested a stay, and *Baird* is not dispositive to his claims. [Dkt. 230 at 2, 4]. However, both arguments fail. First, the court has the "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). This "bestows courts with the power to consider stays *sua sponte*," or on the court's own motion and without request of a party. *Lamin v. Jaddou*, No. 2:24-CV-03772-MCS-MAR, 2024 WL 4720927, at *2 (C.D. Cal. Sept. 3, 2024) (citation omitted).

Second, *Baird* need not be dispositive for a stay to be issued. Instead, a stay is appropriate when a court weighs judicial efficiency, possible damages, and hardship to parties, the three factors courts in the Ninth Circuit consider when issuing a docket management stay, and the court concludes a stay is both efficient and fair. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). Judge Scott did precisely this. [*See* Dkt. 230 at 2]. Here, the Order found *Baird* will likely affect the outcome of this case such that a stay benefits judicial economy, and possible damages and prejudice to parties was minimal. [Dkt. 230 at 3]. As such, it is not clearly erroneous or contrary to law for Judge Scott to issue a stay pending the decision in *Baird*. Further, Defendants agrees this case should be stayed. [Dkt. 234].

Accordingly, the Court **DENIES** Nichols' Motion. [Dkt. 230].

**IT IS SO ORDERED.**