Charles Nichols
2215 Artesia Blvd. #1302
Redondo Beach, CA 90278
CharlesNichols@Pykrete.info
(424) 262-7137



FILED
CLERK, U.S. DISTRICT COURT

10/22/2025

CENTRAL DISTRICT OF CALIFORNIA
BY:      JD      DEPUTY

Honorable Sherilyn Peace Garnett
First Street U.S. Courthouse, Los Angeles
Courtroom 5C, 5th Floor
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

October 18, 2025

RE: *United States v. Los Angeles County Sheriff's Department* 2:25-cv-09323-SPG-ADSx District Court, C.D. California and ***Charles Nichols v. Edmund G Brown Jr. et al.*, 2:11-cv-09916-SSS-KES** District Court, C.D. California,
United States Notice of Related Case ECF #3

Dear Ms. Gomez:

The Plaintiff in the above entitled case filed its notice of related cases (Dkt. #3) on September 30, 2025 in which it identified *California Rifle and Pistol Association, Incorporated et al v. Los Angeles County Sheriffs Department et al.*, 2:23-cv-10169-SPG-ADS as a related case pursuant to Local Rule 83-1.3.1, even though "This case, however, does not name the State of California as a defendant and does not involve private plaintiffs." The Plaintiff states in its Prayer for Relief on page 9 of its operative complaint, paragraph 36, part c (ECF #1), that it seeks, in relevant part, "A permanent injunction prohibiting Defendants from implementing California law and regulations governing the issuance of concealed carry licenses, including, but not limited to, Cal. Penal Code §§ 26150-26235..."

Likewise, in ***Charles Nichols v. Edmund G Brown Jr. et al.*, 2:11-cv-09916-SSS-KES**, District Court, C.D. California, Plaintiff Charles Nichols, a private person, seeks a permanent injunction against the State of California from enforcing, "*including, but not limited to, Cal. Penal Code §§ 26150-2623*." These statutes govern the issuance of licenses to carry *concealable* firearms, both openly and concealed. The statutes do not have a severability clause (Governor Newsom and

1

California Attorney General Bonta, in their official capacity, are the named defendants). As Federal judges do not have the authority to rewrite laws, a permanent injunction in either my lawsuit or the lawsuit filed by the United States would apply to the Defendants in *California Rifle and Pistol Association, Incorporated et al v. Los Angeles County Sheriffs Department et al.*

On October 1, 2025, I emailed the two attorneys of record for the United States informing them of my related case. As of this writing, they have not responded or filed an amendment to their notice of related cases.

Plaintiff Nichols' lawsuit was filed 14 years ago, on November 30, 2011. On September 12, 2022, the United States Court of Appeals reversed the judgment of the district court in favor of the State of California, and remanded "to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ___ (2022)." *Charles Nichols v. Gavin Newsom et al.*, No. 14-55873. (ECF #180).

After the State's motion for summary judgment was fully briefed, the parties filed two joint requests for a decision on the State's motion (ECF #222 & #223). The first was filed with the district court judge pursuant to the local rules. She did not comply. And so, pursuant to the local rules, the parties filed a joint request with the Chief Judge for the Central District of California (ECF #223), after which the district court issued an intended decision date of May 30, 2025 (ECF #225).

On May 7, 2025, the magistrate judge issued a sua sponte, indefinite stay pending the "Ninth Circuit Decision in *Baird v. Bonta*, No. 24-565" (ECF #227), to which I objected. On July 23, 2025, the district court judge denied my objection to the indefinite stay. A stay the court does not have jurisdiction to impose. (ECF #237).

I will be filing a request for reassignment. The district court took the position that it is not bound by The Mandate Rule, the Law of the case doctrine, and is not bound by any 9th Circuit Court of Appeals or Supreme Court decision, which was the position argued by the Defendants in the joint status report of November 15, 2022, (ECF #189) filed after the case was remanded (ECF #180).

Sincerely,

*Charles Nichols*

Charles Nichols

Charles Nichols
2215 Artesia Blvd #1302
Redondo Beach, CA 90278

KES
Santa Ana

Honorable Sherilyn Peace Garnett
First Street U.S. Courthouse, Los Angeles
Courtroom 5C, 5th Floor
350 W. 1st Street, Suite 4311
Los Angeles, CA 90012-4565

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 23 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION     BY DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 22 2025
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

LOS ANGELES CA 900
20 OCT 2025 PM 8 L

90012-456424


