Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Telephone: (424) 262-7137
E-mail: CharlesNichols@Pykrete.info
*In pro per*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES NICHOLS,**<br>Plaintiff,<br>**v.**<br>**Gavin Newsom in his official capacity as Governor of California, Rob Bonta, Attorney General, in his official Capacity as Attorney General of California, et al.,**<br>Defendants. | 11-cv-09916-SSS-KES<br>**PLAINTIFF'S STATUS REPORT**<br>Date: 1/27/2026<br>District Court Judge: The Honorable Sunshine S. Sykes<br>Magistrate Judge: The Honorable Karen E. Scott<br>Trial Date: N/A<br>Action Filed: 11/30/2011 |

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Bonta and Governor Newsom are automatically substituted as defendants in this matter in place of their predecessors.

Plaintiff Charles Nichols, In Pro Per, submits this status report to alert the Court to the Ninth Circuit's recent decision in *Baird v. Bonta*, No. 24-565, 2026 WL 17404 (9th Cir. Jan. 2, 2026), holding that California's ban on openly carrying loaded rifles, shotguns, and handguns (California Penal Code section 25850) and California's ban on openly carrying unloaded handguns (California Penal Code section 26350) facially violate the Second Amendment.

A panel decision of the Ninth Circuit is binding on lower courts as soon as it is published, even before the mandate issues, and remains binding authority until the decision is withdrawn or reversed by the Supreme Court or an en banc court. See, e.g., *Gonzalez v. Arizona*, 677 F.3d 383, 389 n. 4 (9th Cir.2012) (en banc) ("[A] published decision of this court constitutes binding authority which `must be followed unless and until overruled by a body competent to do so.'") (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir.2001)); *United States v. Gomez-Lopez*, 62 F.3d 304, 306 (9th Cir.1995) ("The government first urges us to ignore Armstrong since we have stayed the mandate to allow filing of a petition for certiorari; this we will not do, as Armstrong is the law of this circuit."); *Castillo v. Clark*, 610 F.Supp.2d 1084, 1122 n. 17 (C.D.Cal.2009) ("Although the Ninth Circuit has granted a stay of the mandate in *Butler* [*v. Curry*, 528 F.3d 624 (9th Cir.2008) ] the panel decision remains the law of the Circuit."). Indeed, three weeks after the stay in *Peruta v. County of San Diego*, 742 F. 3d 1144 (9th Cir. 2014) issued, the Ninth Circuit vacated a district court decision in another matter and remanded the case "for further proceedings consistent with *Peruta*." See *Baker v. Kealoha*, 564 Fed.Appx. 903, 905, 2014 WL 1087765 at *1 (9th Cir. Mar. 20, 2014). As of the date of this filing, *Baird* remains binding precedent on this Court, and on Federal courts in the 9th Circuit.

Given that *Baird* is binding on this Court, this Court must immediately deny the Defendants' motion for summary judgment.

Although my challenge to California's licensing laws was in the alternative, I have thoroughly studied the opinion in *Baird* in the hope of finding some path by which I could obtain a license to openly carry a handgun issued pursuant to California Penal Code sections 26150 et seq. *Baird* forecloses any as-applied or facial challenge that would extend the availability of handgun Open Carry licenses to counties with a population of 200,000 or more people.

Nonetheless, Plaintiff preserves, for the purpose of appeal, his challenges to California's licensing scheme.

Effective January 1, 2026, there was a change to at least one law I seek to enjoin that prohibited the possession of firearms on public transit. And there may be others that are amended or currently preliminary or permanently enjoined from being enforced.

I will need to go through all of the statutes I sought to enjoin that are listed in my opposition to the Defendants' motion for summary judgment, and then extract those that apply solely to me and that are not licensing laws, or laws that apply solely to those with a license issued pursuant to PC 26150 et seq. After that, I will file and lodge a proposed order for purely prospective injunctive and declaratory relief for this Court to sign.

In addition to the two California Penal Code sections *Baird* already invalidated, my proposed order will seek purely prospective injunctive and declaratory relief against the Defendants enforcement of California's laws which prohibit me from openly carrying loaded and unloaded firearms in the curtilage of my home, on my private residential property, in and on my motor vehicle, including any attached camper or trailer, regardless of whether or not the camper or trailer is used as my primary or temporary residence and in all nonsensitive public places.

This necessitates purely prospective injunctive and declaratory relief against California Penal Code section 626.9, which not only prohibits me from carrying loaded and unloaded firearms in all of the above mentioned places, and where the

law prohibits me from transporting unloaded handguns, in a fully enclosed locked container, to and from my motor vehicle, and on foot, everywhere within 1,000 feet of the grounds of every K-12 public and private school, including the K-12 public school that lies approximately 800 feet from my residence.

In short, I seek to openly carry loaded and unloaded firearms in every place I have a right to be, in case of confrontation, for the purpose of self-defense, and for other lawful purposes, in all nonsensitive public places, and to transport my firearms unloaded, in a container of my choosing, intrastate, and to transport them interstate pursuant to Federal law, and to do so without a license.

The above should not be construed as a waiver of any claim, issue or argument made by me in what is now my 15th year of litigation against the enforcement of California's Open Carry bans. Nor should the above be construed as a concession by me that any California (or Federal) gun law is constitutional, especially those that were never at issue in my lawsuit.

///

///

///

Dated: January 27, 2026

Respectfully submitted,

Charles Nichols

*/s/ Charles Nichols*
*Plaintiff In Pro Per*